IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONRAD SMITH, | |
| and | |
| DANNY McELROY | |
| and | Civil Action No.  1:21-cv-02265-APM |
| BYRON EVANS | |
| and | |
| GOVERNOR LATSON, | |
| and | |
| MELISSA MARSHALL | |
| and | |
| MICHAEL FORTUNE | |
| and | |
| JASON DEROCHE | |
| **Plaintiffs**, | |
| v. | |
| DONALD J. TRUMP,  "*solely in his personal capacity*" | |
| and | |
| DONALD J. TRUMP FOR PRESIDENT, INC.<br>c/o Bradley T. Crate (Treasurer) | |
| and | |
| STOP THE STEAL L.L.C.<br>c/o George B. Coleman | |
| and | |

ALI ALEXANDER, a/k/a
Ali Abdul Razaq Akbar, a/k/a Ali Abdul Akbar

    and

BRANDON J. STRAKA

    and

ROGER J. STONE, JR.

    and

PROUD BOYS, an unincorporated association

    and

PROUD BOYS INTERNATIONAL, L.L.C.
c/o Jason L. Van Dyke

    and

ENRIQUE TARRIO

    and

ETHAN NORDEAN

    and

JOSEPH R. BIGGS

    and

ZACHARY REHL

    and

CHARLES DONOHOE

    and
DOMINIC J. PEZZOLA

    and

OATH KEEPERS

c/o Christopher R. Grobl, Esq.

    and

STEWART RHODES
    and

THOMAS E. CALDWELL
    and

JESSICA WATKINS

    and

KELLY MEGGS

    and

ALAN HOSTETTER

    and

RUSSELL TAYLOR

    and

ERIK SCOTT WARNER

    and

FELIPE ANTONIO "TONY" MARTINEZ

    and

DEREK KINNISON

    and

RONALD MELE

    and

JOHN DOES 1-10,
              **Defendants.**

## **DEFENDANT ZACHARY REHL'S MOTION FOR STAY**

Comes now the Defendant Zachary Rehl, by counsel, and hereby moves the Court to order a stay of this case.  Although counsel is not privy to the status of every Defendant, Zachary Rehl and apparently nearly all of the individual Defendants in this case are facing criminal prosecution for the same matters, and many of those Defendants are still incarcerated in pre-trial detention.

Those Defendants face the risk of waiving their Fifth Amendment rights against self-incrimination including in answering discovery by way of interrogatories or depositions. Furthermore, those still in pre-trial detention like Zachary Rehl are hindered from accessing any records physical or electronic while locked up.

It is always unfortunate (that is difficult) in that any statement advantageous or disadvantageous to a criminal defendant or seemingly neutral may risk a waiver of the Fifth Amendment right against self-incrimination.  Counsel had worked very hard to file an Answer to the 71 page complaint speaking from counsel's knowledge, research, and investigation without having to have Zachary Rehl make any statement of personal knowledge.  In some cases, Rehl's blanket denials may seem strange but counsel could not admit and deny pieces of the allegations of a paragraph without drawing on statements from Rehl under criminal prosecution.  In other cases, Rehl's denials are overbroad.  When no longer facing prosecution or risking a waiver of his Fifth Amendment rights, Rehl would want to amend his Answer to be more precise.  This is in part because the paragraphs of the Complaint are frequently very long compound paragraphs covering lots of issues.

Also, perhaps to the Plaintiffs' benefit, the U.S. Attorney's Office and the Federal Bureau of Investigation are still reviewing and processing mountains of video recordings, social media

posts, and other data, but and slowly releasing this in batches. But the Government is holding back some of this material under a Protective Order. After trial or for other reasons over time, more and more of this material will become publicly available. Thus it may benefit both or either "side" in this multi-party litigation if material is released publicly and available after a trial.

The group in which Zachary Rehl has been charged, the *USA v. Nordean* group, is currently scheduled for trial on May 18, 2022.

THEREFORE, Defendant Zachary Rehl requests that as to him (and others who may join or seem right in the judgment of the Court) the case be stayed including all pending deadlines.

It is possible that after hearing argument all around the Court could decide to allow discovery and/or dispositive pre-trial motions by the other Defendants who are not facing the constraints of facing a criminal trial limiting their ability to disclose or make statements and to participate in this case.

It is possible that counsel for Zachary Rehl could participate in proceedings such as the Federal Rules of Civil Procedure Rule 26 consultation if that would not require either the participation of incarcerated Defendants or requiring Defendants facing criminal trial to speak from personal knowledge.

Dated:  October 4, 2021  RESPECTFULLY SUBMITTED
ZACHARY REHL, *By Counsel*

Jonathon A. Moseley, Esq.

USDCDC Bar No. VA005
Virginia State Bar No. 41058

>Mailing address only:
>5765-F Burke Centre Parkway, PMB #337
>Burke, Virginia 22015
>Telephone:  (703) 656-1230
>Facsimile:  (703) 997-0937
>Contact@JonMoseley.com
>Moseley391@gmail.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that on October 4, 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participant(s).  From my review of the PACER / ECF docket records for this case that the following attorneys will receive notice through the ECF system of the U.S. District Court for the District of Columbia. A copy will also be sent by email.

>Mr. Damon Hewitt, Esq.
>Jon Greenbaum, Esq., D.C. Bar No. 489887
>Edward G. Caspar, Esq., D.C. Bar No. 1644168
>David Brody, Esq., D.C. Bar No. 1021476
>Arusha Gordon, Esq., D.C. Bar No. 1035129
>Noah Baron, D.C. Esq., Bar No. 1048319
>Adonne Washington Esq.,
>Lawyers' Committee for Civil Rights Under Law
>1500 K Street N.W., Suite 900
>Washington, DC 20005
>Tel: (202) 662-8300
>jgreenbaum@lawyerscommittee.org
>dhewitt@lawyerscommittee.org
>ecaspar@lawyerscommittee.org
>dbrody@lawyerscommittee.org
>agordon@lawyerscommittee.org
>nbaron@lawyerscommittee.org
>awashington@lawyerscommittee.org
>Legal Co-Counsel for Plaintiffs

Mr. Robert C Buschel, Esq.
BUSCHEL & GIBBONS, P.A.
501 East Las Olas Boulevard, Suite 304
Fort Lauderdale, Florida 33301
954-530-5748
Buschel@bglaw-pa.com
Legal Counsel for Defendant Roger Stone

>Although undersigned counsel should not presume
>to decide for other co-Defendants who their legal

6

counsel should be or will be, outside of this filing counsel will email a copy of this pleading to counsel for other named Defendants if they can be determined.

Jonathon A. Moseley, Esq.