# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CONRAD SMITH,

     and

DANNY McELROY

     and                             Civil Action No.  1:21-cv-02265-APM

BYRON EVANS

     and

GOVERNOR LATSON,

     and

MELISSA MARSHALL

     and

MICHAEL FORTUNE

     and

JASON DEROCHE

                 **Plaintiffs**,

     v.

DONALD J. TRUMP,  *"solely in his personal capacity"*

     and

DONALD J. TRUMP FOR PRESIDENT, INC.
c/o Bradley T. Crate (Treasurer)

     and

STOP THE STEAL L.L.C.
c/o George B. Coleman

     and

ALI ALEXANDER, a/k/a
Ali Abdul Razaq Akbar, a/k/a Ali Abdul Akbar

    and

BRANDON J. STRAKA

    and

ROGER J. STONE, JR.

    and

PROUD BOYS, an unincorporated association

    and

PROUD BOYS INTERNATIONAL, L.L.C.
c/o Jason L. Van Dyke

    and

ENRIQUE TARRIO

    and

ETHAN NORDEAN

    and

JOSEPH R. BIGGS

    and

ZACHARY REHL

    and

CHARLES DONOHOE

    and

DOMINIC J. PEZZOLA

    and

OATH KEEPERS
c/o Christopher R. Grobl, Esq.

     and

STEWART RHODES
     and

THOMAS E. CALDWELL
     and

JESSICA WATKINS

     and

KELLY MEGGS

     and

ALAN HOSTETTER

     and

RUSSELL TAYLOR

     and

ERIK SCOTT WARNER

     and

FELIPE ANTONIO "TONY" MARTINEZ

     and

DEREK KINNISON

     and

RONALD MELE

     and

JOHN DOES 1-10,
                  **Defendants.**

## [PROPOSED] ORDER UPON ZACHARY REHL'S
## RULE 12 MOTION TO STRIKE IMPROPER MATERIAL

WHEREAS, the Accused ZACHARY REHL, by counsel, came before the Court for hearing upon his Motion to Strike Impertinent Matter pursuant to Federal Rule of Civil Procedure 12(f), filed on October 7, 2021, which is opposed by the Plaintiffs, and

WHEREAS the motion came before the Court for hearing on _____, and

WHEREAS the Court has heard and considered the pleadings and argument of counsel, including counsel for ZACHARY REHL and the Plaintiffs, and

WHEREFORE, it is hereby ORDERED and ADJUDGED that the plaintiffs _____ shall _____ [or] _____ need not unless they deem it desirable to them  Amend their Complaint , and accordingly leave of Court to Amend is hereby granted to the Plaintiffs, including to

A.   Remove references to the Klu Klux Klan Act as likely to be prejudicial to the Defendants and instead cite to the relevant codified statutes that they wish to base their claims upon.  If this requires splitting their counts into additional counts leave for doing so is granted.

B.   Remove references to the Klu Klux Klan as likely to be prejudicial to the Defendants, unless counsel has a credible, reliable factual basis for alleging that a Defendant is a member of the Klu Klux Klan, supporter, or promoter.

C.   Remove references to racism or White supremacy concerning a Defendant if the sole basis for the allegation is that other people

4

support the Defendant outside of that Defendant's control.  Support
that might be based upon other, unrelated issues cannot substantiate
racism or White supremacy of a Defendant who did not invite or
control the support by other people.

D.  Remove references to racism or White supremacy or the race of any
voter or city population or of any law enforcement officer if the
sole basis for the allegation is that voters or residence of a city
happen to be of a certain race but counsel has no credible, reliable,
good faith basis for alleging that any Defendant actually acted
towards any person *because of* their race.  References that people or
populations *happened to be* of a certain race, but race is not the
reason for the Defendant's actions or statements are likely to be
unfairly prejudicial to the Defendants.

E.  Remove references to racism or White supremacy if the sole basis
for accusing one or more of the Defendants is the opinions of other
persons or organizations.  Statements of government officials,
elected officials, or agencies prior to these Defendants becoming
controversial as part of the 2020 Presidential election as of March
1, 2020, shall not be considered as being during the heat of the
Presidential election.

F.  Remove references to racism or White supremacy or the race of any
voter or city population or of any law enforcement officer
concerning any action or statement of a Defendant where the only

reference to race is supplied solely by the interpretation of the Plaintiffs.

G. Remove references to racism or White supremacy or the race of any voter or city population or of any law enforcement officer involving an incident where there is no credible, reliable, good faith basis for believing that the Defendant who is being accused actually knew the race of a police officer or voter or population.

H. Remove references to racism or White supremacy or the race of any voter or city population or of any law enforcement officer concerning specific Defendants for whom there is no credible, reliable, good faith basis for accusing specific Defendants of any racist or White supremacist actions, statements, or espoused beliefs held by other Defendants or other persons.  If there is a good faith, credible, reliable basis for accusing one Defendant other Defendants shall not be grouped in purely by association alone.

I. Remove references to racism or White supremacy if based solely on the beliefs, actions, or group affiliations of other people who are not Defendants in this case, that is accusing these Defendants of the logical issue of "guilt by association" (which in this context means association within an argument; this does not restrain allegation of actual membership in a racist or White supremacist organization if counsel has a good faith basis for the allegation).

J. Ensure that any claim of the use of a racial slur is grounded in a

credible, reliable, good faith basis known to the Plaintiffs' counsel that the incident occurred.

K.  Remove references to racism or White supremacy of a law enforcement officer whose race was not evident because of wearing riot gear or other type of helmet and/or masks.

**SO ORDERED**


Dated: _____          _____
                                    TIMOTHY J. KELLY
                                    United States District Judge