IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMITH, et al., Plaintiffs,<br><br>vs<br><br>TRUMP, et al., Defendants. | Civil Action No. 1:21-cv-02265-APM<br><br>**DEFENDANT RUSSELL B. TAYLOR'S MOTION TO STAY PROCEEDINGS** |

## DEFENDANT RUSSELL B. TAYLOR'S MOTION AND

## REQUEST FOR STAY

Defendant Russell B. Taylor ("Mr. Taylor") is currently facing criminal prosecution arising from the same facts and circumstances that Plaintiffs' have alleged as the basis for their claims in this matter. (See *United States of America v. Hostetter* et al, Case No. 1:21-cr-00392-RCL). Accordingly, Mr. Taylor is not able to respond to this parallel civil litigation during the pendency of the criminal prosecution and to require him to do so would improperly place him in a position of choosing between his Fifth Amendment right against self-incrimination and his fundamental due process right to defend himself in the instant litigation. Accordingly, Mr. Taylor requests this Court stay the instant litigation pending resolution of his criminal prosecution.

## FACTUAL BACKGROUND

Mr. Taylor is the subject of a criminal indictment, dated June 9, 2021, charging him with violations of the United States Code all arising from alleged activities leading up to, and including, the events of January 6, 2021 at the United States Capital as follows:

1

1. 18 U.S.C. 1512(k) (Conspiracy to Obstruct Official Proceeding)
2. 18 U.S.C. 1512 (c) (2) (Conspiracy to Obstruct Official Proceeding and Aiding and Abetting)
3. 18 U.S.C. 231 (a)(3) (Obstruction of law Enforcement During Civil Disorder and Aiding and Abetting)
4. 18 U.S.C. 1752 (a)(1), (b)(1)(A) (Restricted Building of Grounds)
5. 18 U.S.C. 1752 (a)(1), (b)(1)(A) (Restricted Building of Grounds)
6. 40 U.S.A. 5104 (e)(1)(A) Unlawful Possession of a Dangerous Weapons on Capital Grounds)

While discussions with the U.S Attorney's office are ongoing in regard to his criminal case, the matter is not yet resolved, and no trial date has been set in that matter. Mr. Taylor has filed, contemporaneous with this Motion to Stay, a general denial and answer to plaintiff's complaint. However, as stated in Mr. Taylor's Answer, he is unable to fully respond to the Complaint until the criminal matter is resolved.

## LAW AND ANALYSIS

I. **THIS COURT HAS THE INHERENT AUTHORITY TO GRANT THE RELIEF REQUESTED.**

In *Landis v. North America Co.*, 229 U.S. 248 (1936), the Supreme Court confirmed that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Id. at 254; see also Am. Postal Workers Union v. U.S. Postal Serv., 422 F.Sup.2d 240, 248 (D.D.C. 2006) ("It is clear that 'courts possess the inherent authority to stay

proceedings in the interests of judicial economy and efficiency.'" (quoting <u>Landis</u>, 229 U.S. at 254-55).

Given the Courts discretion to stay civil proceedings in the interests of justice, the Court might also look to the needs of the plaintiff in determining if a stay would serve those interests. Four basic elements are generally viewed as guiding this analysis.  1) The relationship between the criminal case and the civil case,  2) the burden upon the Court, 3) the hardships or inequalities the parties would face if a motion was granted, and 4) the duration of the requested stay.1

1) The facts of the civil case and the criminal case are nearly identical in terms of potential liability.  Indeed, a conviction in the criminal case would go a great distance in the determination and outcome of plaintiff's case.  There is no scenario whereby the two cases could be viewed in any manner except through the exact same lens of facts, discovery, and the evaluation and presentation of the case.

2) The current criminal case of Mr. Taylor, before Judge Royce Lamberth, is extensive given its massive amount of discovery, potential motions, and obvious complications. As this Court is well aware, more than 600 separate individuals have been charged with criminal indictments as a result of the January 6, 2021 events. The Governments has untold numbers of attorneys, staff, agents and others working on the management and prosecution of these criminal cases. In their own words they have declared this the "largest case in the history of the United States of America." Even now they fairly

---

1 *Sipper*, 869 F. Supp. 2d at 116; *see also Horn v. Dist. of Columbia*, 210 F.R.D. 13, 15 (D.D.C. 2002)

proclaim the ongoing difficulties of the production of discovery.   Waiting until the Government has produced proper criminal discovery does not seem an unfair request in order to allow Mr. Taylor a proper defense in this civil action. To do otherwise would mean that nearly every motion, discovery request, deposition, interrogatory, or other procedural activities would be first proceeded by a defense motion to stay that individual act due to the effects it would have on the defendants' rights in his criminal case.[2]

3) While the Court must balance the needs of the Plaintiff in making its determination, one question it could consider is the failure of the Plaintiff to serve the lead defendant, Donald J. Trump. Instead, they appear to have primarily served those who are in custody or have limited means of defense. Certainly, any claims for immediacy would be better served once they themselves have served all the named parties. It is understandable that sometimes plaintiffs cannot find and serve potential defendants – but former President Trump does not appear to be the type of potential defendant that is secreted away from the public nor the process server. This too is a factual reality that just speaks for itself.

4) Counsel for co-defendant Norden eloquently expressed a need for a stay of only 90 days. This, however, appears significantly too short a time for Mr. Taylor. Mr. Taylor's criminal case did not begin until June of 2021. He has only begun to receive his discovery.   No trial date has been set. It is expected that should a trial become necessary a fall 2022 date is most likely. The only logical recourse is to stay this matter until his

---

[2] Mr. Taylor is aware that this Court has extensive knowledge of the nature of the January 6 cases from its handling of other criminal matters arising from this event. We see no reason to discuss the detailed nature of the complications of those cases knowing that this Court is fully versed in the variables directly related to this matter.

criminal case is resolved.

A criminal case can basically only resolve in one of three ways 1) the government dismisses their charges, 2) a defendant pleads guilty or 3) the case goes to litigation, meaning motions and a trial. Unless this matter was dismissed, either other result is a clear boon to the plaintiff. A conviction of any type not only advances their case significantly but also provides for the potential of restitution. In the event of an acquittal, after a trial, at a minimum the plaintiff is given an entire road map and transcript of the defense.3

Awaiting the outcome of the criminal case holds no disadvantage to the plaintiff unless there is some belief that the government is going to suddenly change course and dismiss these cases, or they have such limited belief in their case and the governments skill at prosecution that they believe a not guilty verdict looms on the horizon.

## II. A STAY OF THE CIVIL PROCEEDING IS NECESSARY TO PRESERVE FUNDAMENTAL RIGHTS AND PRIVILEGES.

As set forth, a stay is necessary to protect Mr. Taylor's fundamental rights and privileges. The criminal proceedings against Mr. Taylor are extensive in their scope of discovery, weighty in the nature of the potential outcome, and highly visible in terms of public viewing and media attention. Currently no trial date has been set and the parties as still working through proverbial Himalayan Mountains of evidence from the events of January 6, 2021.

## III. CONCLUSION

Moving Party Russell B. Taylor respectfully requests that this Court stay the instant civil litigation, including all deadlines and disclosure requirements, during the pendency of his

---

3 For example: In the case of the People of the State of California vs. Orenthal James Simpson the not guilty verdict did not hamper the civil findings of liability against said defendant. Given the plaintiff confidence in their own case why would they be concerned of awaiting the outcome of the criminal case in order to protect and preserve justice.

criminal prosecution or at a minimum util March 1, 2022 at which time this matter can be updated and revisited.

Dated October 13, 2021

        Respectfully Submitted,
        Law Offices of Dyke Huish

        _____
        Dyke E. Huish
        Law Offices of Dyke Huish

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 13, 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participant(s). From my review of the PACER / ECF docket records for this case that the following attorneys will receive notice through the ECF system of the U.S. District Court for the District of Columbia. A copy will also be sent by email.

Jon Greenbaum, Esq., D.C. Bar No. 489887
Edward G. Caspar, Esq., D.C. Bar No. 1644168
David Brody, Esq., D.C. Bar No. 1021476
Noah Baron, D.C. Esq., Bar No. 1048319
Lawyers' Committee for Civil Rights Under Law
1500 K Street N.W., Suite 900
Washington, DC 20005
Tel: (202) 662-8300
jgreenbaum@lawyerscommittee.org
ecaspar@lawyerscommittee.org
dbrody@lawyerscommittee.org
nbaron@lawyerscommittee.org
*Legal Co-Counsel for Plaintiffs*

Mr. Robert C Buschel, Esq.
BUSCHEL & GIBBONS, P.A.
501 East Las Olas Boulevard, Suite 304
Fort Lauderdale, Florida 33301
954-530-5748
Buschel@bglaw-pa.com

Grant J. Smith
STRATEGYSMITH, P.A.
401 East Las Olas Boulevard, Suite 130-120
Fort Lauderdale, FL 33301
954-328-9064
gsmith@strategysmith.com
*Legal Counsel for Defendant Roger Stone*

Juli Zsuzsa Haller
LAW OFFICES OF JULIA HALLER
601 Pennsylvania Avenue, NW Suite 900, S. Building
Washington, DC 20036
202-352-2615
hallerjulia@outlook.com
*representing   KELLY MEGGS (Defendant)*

Stephen R. Klein
BARR & KLEIN PLLC
1629 K Street NW, Ste. 300
Washington, DC 20006
202-804-6676
steve@barrklein.com
*representing   BRANDON J. STRAKA (Defendant)*

Jonathon Alden Moseley
JONATHAN MOSELEY ATTORNEY AT LAW
5765-F Burke Centre Parkway #337
Burke, VA 22015
703-656-1230 / 703-997-0937 (fax)
contact@jonmoseley.com
*representing*   ZACHARY REHL (Defendant)

Nicholas D. Smith
DAVID B. SMITH, PLLC
7 East 20th Street
Suite 4r
New York, NY 10003
917-902-3869
nds@davidbsmithpllc.com
*representing*   FELIPE ANTONIO MARTINEZ, (Defendant) and ETHAN NORDEAN (Defendant)

　　　　　　　　　　　　　　　　　　　　　　　　*/s/Dyke E. Huish*_____
　　　　　　　　　　　　　　　　　　　　　　　　Dyke Huish
　　　　　　　　　　　　　　　　　　　　　　　　The Law Office of Dyke
　　　　　　　　　　　　　　　　　　　　　　　　26161 Marguerite Parkway
　　　　　　　　　　　　　　　　　　　　　　　　Suite B
　　　　　　　　　　　　　　　　　　　　　　　　Mission Viejo, California 92692
　　　　　　　　　　　　　　　　　　　　　　　　949-837-8600
　　　　　　　　　　　　　　　　　　　　　　　　huishlaw@mac.com