**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

CONRAD SMITH, et al.

Plaintiffs

v.

DONALD J. TRUMP, et al.

Defendants.

Civil Action No. 21-cv-02265(APM)

---

**MOTION TO STAY**

Defendant, Derek Kinnison, through undersigned counsel, respectfully moves for a stay of those proceedings relating to himself in the above captioned case until the conclusion of the parallel criminal matter. If this action is not stayed, Mr. Kinnison will be forced to defend himself simultaneously in the parallel criminal and civil proceedings prejudicing his ability to fully and fairly defend himself in both.

The factors that courts in this jurisdiction look to in determining whether to grant a stay all strongly favor granting one here. First, the criminal and civil case overlap extensively in facts. The seven Plaintiffs in this case are potential witnesses in the criminal case. Second, a stay until the completion of the criminal case will not prejudice Plaintiffs and instead will benefit the ultimate resolution of this action by more quickly preserving evidence. Third, without a stay, the public interest in ensuring an effective and efficient resolution of Mr. Kinnison's pending criminal case will be negatively impacted. Statements or representations through counsel that Mr. Kinnison makes in this civil action become discoverable in the criminal action and may result in delays.

Fourth, Mr. Kinnison will be prejudiced in his ability to effectively litigate this case because of Fifth Amendment concerns against self-incrimination in the criminal case. Fifth, the Court's interest is served by granting the stay as it will allow the efficient use of resources and avoid needless litigation over discovery and privilege issues, which will be resolved at the conclusion of the criminal trial.

## I. FACTUAL BACKGROUND

Mr. Kinnison is currently facing criminal charges in this district court for five felonies, where the maximum penalty is 20 years. *See US v. Kinnison, 21-cr-00392-RCL*. That case, like the one before this Court, stems from the January 6, 2021 events in Washington DC, surrounding the 2020 Presidential Election. Plaintiffs in this case are seven US Capitol Police officers. Their lawsuit is brought against Mr. Kinnison and includes all five co-defendants in the criminal case.

## II. ARGUMENT

### A. Standard to Stay Proceedings

Courts enjoy broad discretion to "grant or deny stays so as to 'coordinate the business of the court efficiently and sensibly.'" *McSurely v. McClellan*, 426 F.2d 664, 671 (D.C. Cir. 1970) (footnote omitted). The Supreme Court has recognized the authority of district courts to "defer[] civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seem[] to require such action." *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970) (noting that such requests may come from the prosecution or defense in the criminal matter).

"Courts are afforded this discretion because the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in [federal criminal procedural rules]. . . , expose the defense's theory to the

prosecution in advance of trial, or otherwise prejudice the criminal case." *Estate of Gaither v. District of Columbia*, 2005 WL 3272130 *3 (D.D.C. 2005) (citations omitted).

As this Court found in *Estate of Gaither*,

> In determining whether to stay a civil proceeding pending the outcome of a related criminal proceeding, courts within this Circuit have customarily weighed the following factors: (1) the interests of the plaintiff in proceeding with the civil litigation as balanced against the prejudice to them if it is delayed; (2) the public interest in the pending civil and criminal investigation; (3) the interests of and burdens on the defendant; (4) the interest of persons not parties to the civil litigation; and (5) the convenience of the court in the management of its cases and the efficient use of judicial resources.

2005 WL 3272130 at *3; *see also*, *Doe v. Sipper*, 869 F.Supp. 2d 113, 116 (D.D.C. 2012) (while noting the factors serve "only as a 'rough guide'" formulating factors as "1) the relationship between the civil and criminal proceedings; 2) the burden on the court; 3) the hardships or inequalities the parties would face if a stay was granted; and 4) the duration of the requested stay"). "The court must make such determinations in the light of the particular circumstances of the case." *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980).

**B. A Stay is Necessary in this Case to Avoid Interference with the Criminal Prosecution of Mr. Kinnison**

**1. Mr. Kinnison's Criminal Case and Plaintiffs' Civil Case are Directly and Inextricably Related**

Courts have found that the most significant factor in determining whether to grant a stay is the extent to which the civil and criminal cases are related. *See Doe v. Sipper*, 869 F.Supp.2d 113, 116 (D.D.C. 2012) (*citing Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F.Supp.2d 523, 528 (D.N.J. 1998)). Furthermore, a criminal case, post-indictment, presents a much stronger case for a stay to be granted in the related civil case. *Id*. (citations omitted).

Plaintiffs' complaint makes plain that the criminal and civil case are directly and inextricably related because they have some of the same witnesses, the same common facts, and require resolution of the same central issues. First, witnesses in this action appear to be some of the same in the criminal matter. For example, Plaintiffs bring their action against Mr. Kinnison for allegedly planning aspects of the January 6, 2021 events, marching in protest and eventually attacking Plaintiffs. In the criminal matter, Mr. Kinnison faces charges for planning and conspiring with five co-defendants various aspects of the January 6, 2021 events, entering restricted areas of the Capitol grounds, and engaging in disruptive and disorderly conduct of government business.

Second, all of Plaintiffs' claims are directly related to January 6, 2021 events and both the criminal court and this Court will be called to determine the same critical issues surrounding Mr. Kinnison's planning, involvement and extent of his participation in the January 6, 2021 events. Third, Plaintiffs bring claims for conspiracy to interfere with civil rights, failure to prevent conspiracy to interfere with civil rights, violation with DC bias-related crimes act, battery, assault and negligence. While these allegations have additional elements not at direct issue in the criminal case, each of these allegations hinge on the exact issue in Mr. Kinnison's criminal case, i.e., his planning and involvement in the January 6, 2021 events which allegedly led to the legal injuries suffered by the Plaintiffs in this case.

**2. Plaintiffs' Interest in Proceeding with the Civil Litigation Before Completion of the Criminal Trial is Minimal and the Stay Will Not Prejudice Them**

Plaintiffs also will not be prejudiced by granting a stay in this case. The criminal case will address the central issues which are also involved in this civil case, i.e. Mr. Kinnison's planning, involvement and extent of his participation in the January 6, 2021 events. A guilty verdict in his

criminal case will conclusively establish Mr. Kinnison's responsibility to Plaintiffs in this civil case. *See* Restatement (Second) Judgments § 85 ("[W]here the person harmed by the conduct that was criminally prosecuted then brings an action for civil redress against the wrongdoer for the consequences of the conduct . . . it is now settled that [issue] preclusion should apply. . . "). In short, there is a more efficient way for Plaintiffs' claims to be resolved, at least in part, than by ensuring that this civil case does not interfere with the criminal proceeding.

Furthermore, Plaintiffs' case is not yet ready to proceed. Mr. Kinnison was recently served and has not yet filed an answer or response. A check of this Court's CM/ECF shows that as of the filing of this Motion to Stay, not all 25 defendants have entered appearances, let alone answer the Complaint. Therefore, it does not appear that Plaintiffs will be able to successfully move their case forward at this point even without the stay. Furthermore, even with the civil case stayed, the criminal trial will serve to preserve evidence for use in this civil action since presumably some of the same witnesses will testify before discovery could commence in this case. This will also likely aid the resolution of this action by serving to streamline discovery. *See, e.g., Bridgeport Harbour Place I, LLC v. Ganim*, 269 F.Supp.2d 6, 9 (D.Conn.2002); *Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F.Supp. 1134, 1140 (S.D.N.Y.1995); *Rosenthal v. Giuliani*, 2001 WL 121944 (S.D.N.Y. Feb. 9, 2001); *Warren v. Geller*, 2013 WL 145688 *10 (E.D.La. 2013); *Aluminum Bahrain B.S.C. v. Dahleh*, 2012 WL 5305167 *2 (W.D.Pa. 2012).

**3. The Public's Interest in the Criminal Trial is Protected by Granting the Stay**

The public's interest favors implementing a stay in this matter. As courts have recognized:

> There is a clear-cut distinction between private interests in civil litigation and the public interest in a criminal prosecution, between a civil trial and a criminal trial . . . . The very fact that there is a clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first. Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.

*Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962), *cert. denied*, 371 U.S. 955 (1963).[1] In deciding a motion for a stay of civil proceedings pending disposition of a criminal prosecution on related matters, "a judge should be sensitive to the difference in the rules of discovery in civil and criminal cases." *Id*.

Here, the civil case will most likely generate discoverable information in the criminal case and create new requirements for the prosecution team. These impacts to the prosecution team include the need to monitor and review all developments and filings and rulings in the civil case, thereby detracting from the prosecutors' ability to solely focus on prosecution efforts. Discoverable matters in the civil case could lead to delays in the criminal case to allow the criminal defense team to assess the newly discovered information.

Given the public profiles of some of other defendants in this case, discovery or disclosure of information here could harm the public's interest in ensuring a fair and expeditious criminal proceeding. Information discovered in the civil case, if made public, has the possibility to taint

---

[1] This case has been consistently cited with approval. *See e.g., Gordon v. FDIC*, 427 F.2d 578, 580 n.5 (D.C. Cir. 1970); *McSurely v. McClellan, supra*, 426 F.2d at 671 n.49; *Founding Church of Scientology of Washington, D.C., Inc. v. Kelley*, 77 F.R.D. 378, 380-812 and n.4 & 5 (D.D.C. 1977); *Capital Engineering & Mfg. Co., Inc. v. Weinberger*, 695 F. Supp. 36, 41 (D.D.C. 1988).

the jury pool in the criminal case prior to the start of trial or in the midst of trial. This could lead to problems in voir dire and possible future delays of the criminal case.

**4. Granting the Requested Stay Would Benefit the Interests of Justice**

The Court's interest in effectively managing this case and efficiently using its resources will be best served by a stay in this matter.

As mentioned above, civil discovery in this matter would only benefit from allowing Mr. Kinnison's criminal matter to proceed first. The availability of the trial transcripts, exhibits and other evidence, would make for a clear record of witness testimony. Furthermore, Mr. Kinnison's criminal case will likely narrow issues conclusively for this Court's determination. *See* Restatement (Second) Judgments § 85. Additionally, this Court will likely not have to resolve issues of claimed privileges by Mr. Kinnison. *See Aluminum Bahrain B.S.C. v. Dahleh*, 2012 WL 5305167 *2 (W.D.Pa. 2012) (recognizing that criminal defendants will be able to candidly participate in the discovery process following the criminal trial).

**CONCLUSION**

For the foregoing reasons, Mr. Kinnison requests this Court stay the proceedings in this civil matter to include his obligation to answer until the completion of the proceedings in his criminal case. The relevant factors all weigh in favor of granting this request.

Date: October 16, 2021 Respectfully submitted,

By: /s/
Nicolai Cocis
*[*Pro hac vice application forthcoming]*

**Certificate of Service**

I hereby certify that on October 16, 2021, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel and registered parties.

By: /s/ Nicolai Cocis

Nicolai Cocis
25026 Las Brisas Rd.
Murrieta, CA 92562

Tel: (951) 695-1400
nic@cocislaw.com

*Counsel to Derek Kinnison*

*[*Pro hac vice application forthcoming]*