## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CONRAD SMITH,

    and

DANNY McELROY

    and

BYRON EVANS

    and

GOVERNOR LATSON

    and

MELISSA MARSHALL

    and

MICHAEL FORTUNE

    and

JASON DEROCHE

            **Plaintiffs,**

v.

DONALD J. TRUMP, *"solely in his personal capacity"*

    and

DONALD J. TRUMP FOR PRESIDENT, INC.
c/o Bradley T. Crate (Treasurer)

    and

Civil Action No.  1:21-cv-02265-APM



RECEIVED
Mail Room

OCT - 8 2021

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

STOP THE STEAL L.L.C.
c/o George B. Coleman

and

ALI ALEXANDER, a/k/a
Ali Abdul Akbar, a/k/a Ali Abdul Akbar

and

BRANDON J. STRAKA

and

ROGER J. STONE, Jr.

and

PROUD BOYS, an unincorporated
association
and

ENRIQUE TARRIO

and

ETHAN NORDEAN

and

JOSEPH R. BIGGS

and

ZACHARY REHL

and

CHARLES DONOHOE

and

DOMINIC J. PEZZOLA

and

OATH KEEPERS
c/o Christopher R. Grobl, Esq.

and

STEWART RHODES

and

THOMAS E. CALDWELL

and

JESSICA WATKINS

and

KELLY MEGGS

and

ALAN HOSTETTER

and

RUSSELL TAYLOR

and

ERIK SCOTT WARNER

and

FELIPE ANTONIO "TONY" MARTINEZ

and

DEREK KINNISON

and

RONELA MELE

and

JOHN DOES 1-10,
                              **Defendants.**

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant, Thomas E. Caldwell, acting *pro se*, hereby answers the

Complaint of Plaintiffs Conrad Smith, et. al. ("Plaintiffs") and asserts his

Affirmative Defenses as follows:

### Response to Complaint

1. Denied in part.  The Defendant lacks sufficient knowledge as to Plaintiffs' employment.  Defendant admits nothing in this paragraph.

2. Denied.

3. Denied.

4. Denied.  This paragraph is filled with disgusting, race-baiting lies.

5. Denied.

6. Denied.

7. Denied.

8. Denied in part.  Defendant is aware, however, that there were individuals who breached the Capitol on January 6th, 2021.  Defendant did not enter the Capitol and did not conspire with anyone to do so.

9. Defendant lacks sufficient knowledge of what President Trump did or did not do on January 6, 2021.  Defendant denies other allegations.

10. Denied as to the Defendant.  Denied as to allegations of racism, which are disgusting and beneath to dignity of the attorneys who filed this suit. Defendant lacks sufficient knowledge as to what other co-defendants did or did not do on January 6, 2021.

11. Defendant lacks sufficient knowledge to admit or deny allegations.

12. Defendant lacks sufficient knowledge to admit or deny.

13. Defendant lacks sufficient knowledge to admit or deny.

14. Defendant lacks sufficient knowledge to admit or deny.

15. Defendant lacks sufficient knowledge to admit or deny.

16. Defendant lacks sufficient knowledge to admit or deny.

17. Defendant lacks sufficient knowledge to admit or deny.

18. Defendant lacks sufficient knowledge to admit or deny.

19. Defendant lacks sufficient knowledge to admit or deny.

20. Defendant lacks sufficient knowledge to admit or deny.

21. Defendant lacks sufficient knowledge to admit or deny.

22. Defendant lacks sufficient knowledge to admit or deny.

23. Defendant lacks sufficient knowledge to admit or deny.

24. Defendant lacks sufficient knowledge to admit or deny.

25. Defendant lacks sufficient knowledge to admit or deny.

26. Defendant lacks sufficient knowledge to admit or deny.

27. Defendant lacks sufficient knowledge to admit or deny.

28. Defendant lacks sufficient knowledge to admit or deny.

29. Defendant lacks sufficient knowledge to admit or deny.

30. Defendant lacks sufficient knowledge to admit or deny.

31. Defendant lacks sufficient knowledge to admit or deny.

32. Defendant lacks sufficient knowledge to admit or deny.

33. Defendant lacks sufficient knowledge to admit or deny.

34. Defendant lacks sufficient knowledge to admit or deny

35. Admitted as to corporate HQ and approximate membership.  Denied in part—To Defendant's knowledge, the Oath Keepers do not peddle conspiracy theories and are not preparing for a civil war.

36. Admitted.

37. Admitted in part in that Defendant's residence is correctly stated.  Denied in part—the Defendant has never entered the U.S. Capitol and did not conspire with anyone to attack the Capitol on January 6th.

38. Admitted.

39. Defendant lacks sufficient knowledge to admit or deny.

40. Defendant lacks sufficient knowledge to admit or deny.

41. Defendant lacks sufficient knowledge to admit or deny.

42. Defendant lacks sufficient knowledge to admit or deny.

43. Defendant lacks sufficient knowledge to admit or deny.

44. Defendant lacks sufficient knowledge to admit or deny.

45. Defendant lacks sufficient knowledge to admit or deny.

46. Defendant lacks sufficient knowledge to admit or deny.

47. Denied.

48. Denied.

49. Denied.

50. Denied.  The 2020 election was rigged in the sense that Democrats used COVID as an excuse to liberalize voter laws to allow things like mail-in voting.  There was cheating that happened in the 2020 election.  The major media outlets gave President Trump 99% negative coverage and censored negative stories against Joe Biden.

51. Denied.

52. Defendant lacks sufficient knowledge to admit or deny.

53. Denied.  Mail in voting and absentee voting were used by the Democratic Party to cheat.

54. Denied.

55. Denied as to claims that Trump made false claims.  Defendant lacks sufficient knowledge to admit or deny as to the balance of paragraph.

56. Denied.  President Trump never encouraged violence against Democrats.

57. Defendant lacks sufficient knowledge to admit or deny.  However, Defendant finds it disgusting that Plaintiffs single out protesters by race.

58. Denied.  Plaintiffs' race-baiting allegations are disgusting.  President Trump never espoused white supremacy.

59. Denied.  President Trump never encouraged anyone to use "force, threats or intimidation."

60. Defendant lacks sufficient knowledge to admit or deny.

61. Defendant lacks sufficient knowledge to admit or deny.

62. Defendant lacks sufficient knowledge to admit or deny.

63. Defendant lacks sufficient knowledge to admit or deny.

64. Denied.  Also, this paragraph states opinions, not facts.

65. Defendant lacks sufficient knowledge to admit or deny.

66. Defendant lacks sufficient knowledge to admit or deny.

67. Denied as to the allegation that blacks were targeted by Trump and Guiliani, which is another baseless, race-baiting lie by Plaintiffs.

68. Denied.  No buildings were attacked by Trump supporters.  Defendant lacks sufficient knowledge as to the balance of the paragraph.

69. Denied.

70. Denied.

71. Denied.

72. Defendant lacks sufficient knowledge to admit or deny.  Also, this paragraph is loaded with opinions.

73. Defendant lacks sufficient knowledge to admit or deny.

74. Denied as to the characterization that officials were intimidated or threatened.

75. Denied.  In fact, the only "violence" at this march was by an Antifa members.

76. Defendant lacks sufficient knowledge to admit or deny.

77. Defendant lacks sufficient knowledge to admit or deny.

78. Defendant lacks sufficient knowledge to admit or deny.

79. Admitted.

80. Denied.

81. Denied.

82. Denied.  Also, Defendant lacks sufficient knowledge about the activities of Trump, Meggs, and Stone to make an admission or denial.

83. Admitted.

84. Admitted as to content of Trump's tweets.  Denied as to opinions stated by Plaintiffs.

85. Denied.

86. Defendant lacks sufficient knowledge to admit or deny.

87.  Defendant lacks sufficient knowledge to admit or deny.

88.  Defendant lacks sufficient knowledge to admit or deny.  However, Defendant was aware that many individuals and groups made plans to attend the January 6th protest.

89.  Denied.  Also, Defendant's quote is taken out of context, as he was referring to Antifa.

90.  Defendant lacks sufficient knowledge to admit or deny.

91.  Defendant lacks sufficient knowledge to admit or deny.  However, Defendant does recall that President Trump advertised the January 6th rally.

92.  Defendant lacks sufficient knowledge to admit or deny.  However, Defendant was aware that President Trump was not happy with the election outcome.

93.  Denied.

94.  Defendant lacks sufficient knowledge to admit or deny.

95.  Defendant lacks sufficient knowledge to admit or deny.  However, Defendant is aware that multiple groups and individuals were encouraging attendance at the January 6th event.

96.  Denied in part; admitted in part.  Defendant denies that there was any type of coordinated attack, which is a complete lie.  Defendant did communicate with others about attending January 6th Trump speech and march.

97. Defendant lacks sufficient knowledge to admit or deny.  Defendant was not a member of the Oath Keepers and therefore was not privy to their specific plans.  However, Defendant was aware that Oath Keepers and others planned on wearing defensive helmets and other, legal, gear in Washington, D.C. as protection against violent Antifa members.

98. Denied as to claim that an "attack" was planned.  Also, Defendant lacks sufficient knowledge as to what others were doing to make an admission or denial.

99. Denied.  Caldwell never discussed attacking the Capitol.  Also, Defendant lacks sufficient knowledge as to what other co-defendants were saying, doing, or planning as outlined in this paragraph to make an admission or denial.

100.     Denied in part, admitted in part.  The Oath Keepers had at least one QRF, which they had used on multiple occasions at multiple past events around the country.  However, the purpose of the QRF, as Defendant understood it, was as an extraction team in case violent Antifa members attacked Trump supporters.  There was no intent to attack the Capitol with weapons or a QRF.  Defendant broke no laws and was unarmed while in Washington, D.C.

101.    Denied.  The Defendant did not move through DC incognito.  As to

other Defendants, the Defendant lacks sufficient knowledge to make an

admission or denial.

102.    Denied.

103.    Defendant lacks sufficient knowledge to admit or deny.

104.    Defendant lacks sufficient knowledge to admit or deny.

105.    Defendant lacks sufficient knowledge to admit or deny.

106.    Defendant lacks sufficient knowledge to admit or deny.

107.    Defendant lacks sufficient knowledge to admit or deny.  However,

Defendant is aware that a number of speakers were unhappy and encouraged

others to protest.

108.    Defendant lacks sufficient information to admit or deny.  However,

Defendant is aware that Trump made a speech and was unhappy with the

election results.

109.    Defendant lacks sufficient knowledge to admit or deny.  However,

Defendant is aware that Trump encouraged his supporters to march to the

Capitol.  Plaintiffs filing is misleading as it cut out of the speech excerpt the

part where Trump told supporters to "peacefully protest."

110.    Defendant lacks sufficient knowledge to admit or deny.  Defendant is

aware that Trump encouraged his supporters to protest near the Capitol.

Defendant is unaware of any overt or covert attempts by Trump to encourage violence.

111.     Defendant lacks sufficient knowledge to admit or deny.

112.     Defendant lacks sufficient knowledge to admit or deny.  Also, this paragraph is virtually all opinion.

113.     Denied.

114.     Denied.

115.     Admitted in part, denied in part.  Defendant admits accuracy of the first and second sentences.  Balance of paragraph is denied.

116.     Defendant lacks sufficient knowledge to admit or deny.  The Defendant only had a cell phone on him and no other communications equipment.

117.     Denied.

118.     Denied.  Defendant denies that he ever entered the Capitol or assisted anyone in entering the Capitol.  The Defendant lacks sufficient knowledge about the actions of co-defendants to make an admission or denial.  Also, this paragraph again takes the Defendant's social media post out of context. Defendant never entered the Capitol.  Defendant's second social media post is taken out of context.  Defendant did not participate in the breach of the Capitol and did not go in the Capitol.

119.     Denied specifically as to the Defendant.  Defendant lacks sufficient

knowledge as to other defendants to make an admission or denial.

120.     Denied as to the characterization that the protesters were "attackers."

Defendant admits that others entered the Capitol, and some did so in a non-

peaceful manner.  Defendant lacks sufficient knowledge as to any weapons

or gear others were equipped with that day.

121.     Defendant lacks sufficient knowledge to admit or deny.  However,

Defendant became aware at some point that the Electoral College process

was delayed because others breached the Capitol.

122.     Defendant lacks sufficient knowledge to admit or deny.  Also, the

bulk of this paragraph states opinion, not facts.  Defendant does not know

what others said as they entered the Capitol as he never entered the Capitol.

123.     Denied.  Plaintiffs repeat the lie that white supremacy was behind

January 6th.  Also, three is no corroborative evidence that racial slurs were

used against anyone.  Defendant is unaware of anyone engaging in racist

behavior on January 6th, and Defendant certainly did not.  Defendant admits

that some unknown officers engaged with protesters but cannot speak to who

did what, who was injured, etc.  Defendant vehemently denies that he

assaulted anyone, including law enforcement.

124.    Defendant lacks sufficient knowledge to admit or deny.  However, Defendant is aware that a small percentage of protesters were disrespectful to law enforcement and that some officers became entangled in confrontations.

125.    Defendant lacks sufficient knowledge to admit or deny.

126.    Defendant lacks sufficient knowledge to admit or deny.  However, after the fact, Defendant read in charging documents that members of Oath Keepers entered the Capitol.  Defendant did not see this happen because he was on the opposite side of the Capitol

127.    Defendant lacks sufficient knowledge to admit or deny.

128.    Defendant lacks sufficient knowledge as to the extent and types of damages that were done in the U.S. Capitol;  however, this paragraph is clearly an exaggeration.  Also, the portrait of Rep. Lewis was apparently knocked off of an easel, not torn to shreds, and was put back up on the easel the next day according to reports.  Defendant is aware that some who entered the Capitol did damage to doors and windows, and that tear gas that was deployed caused other damage.  Defendant did not enter the Capitol and never cause any damage in Washington.

129.    Denied.  The Defendant and other defendants never tried to arrest, assault, or kill members of Congress.

130.    Denied in that the Defendants did not search for or seek out members of Congress.  Defendant admits that law enforcement took steps to protect members of Congress, but lacks sufficient knowledge as to which officers were involved to make an admission or denial.  The Defendant did not enter the Capitol and never tried to assault anyone.

131.    Denied in that Plaintiffs' again take Defendant's social media posts out of context.  Defendant's post about the Proud Boys was an observation. Again, Defendant did not breach the Capitol.  Defendant lacks sufficient knowledge as to what other defendants said, did, or believed to make an admission or denial.

132.    Defendant lacks sufficient knowledge to admit or deny.

133.    Denied.  The Defendant did not act at Trump's direction and did not attack the Capitol. Admitted that one reason why Defendant came to Washington was because Trump made an appeal to his supporters.

134.    Defendant lacks sufficient knowledge to admit or deny.  The Defendant was not an "attacker" of anything remotely close to that characterization.

135.    Defendant lacks sufficient knowledge to admit or deny.

136.     Denied.  Nobody to Defendant's knowledge tried to kill Vice-
President Pence.  Also, since Defendant has never been inside the Capitol,
he lacks knowledge as to what was said in the Capitol on January 6th.

137.     Defendant lacks sufficient knowledge to admit or deny.

138.     Defendant lacks sufficient knowledge to admit or deny.

139.     Defendant lacks sufficient knowledge to admit or deny.

140.     Defendant lacks sufficient knowledge to admit or deny.  However,
Defendant is aware that many police officers protected the Capitol and
members of Congress and that there was damage done to the Capitol.

141.     Denied.

142.     Denied.  Also, this paragraph states an opinion, not a fact.  Defendant
lacks sufficient knowledge as to Trump's statements to make an admission
or denial.

143.     Defendant lacks sufficient knowledge to admit or deny.  Also,
Plaintiffs take Defendant's purported social media post, apparently said in
jest, out of context.

144.     Admitted.

145.     Defendant lacks sufficient knowledge to admit or deny.  Also,
Defendant denies that he was responsible for injuring any police officers.

146.     Defendant lacks sufficient knowledge to admit or deny.  Also,

Defendant denies that he was responsible for injuring any police officers.

147.     Defendant lacks sufficient knowledge to admit or deny.  Also,

Defendant denies that he was responsible for injuring any police officers.

148.     Defendant lacks sufficient knowledge to admit or deny.  Also, despite

multiple videos being taken on cell phones and other devices with

interactions with police on January 6th, Plaintiffs and Government

prosecutors have yet to provide corroborative evidence of the alleged "racial

slurs."  Also, Defendant denies that he was responsible for injuring any

police officers.

149.     Defendant lacks sufficient knowledge to admit or deny.  Also,

Defendant denies that he was responsible for injuring any police officers.

150.     Defendant lacks sufficient knowledge to admit or deny.  Also, despite

multiple videos being taken on cell phones and other devices with

interactions with police, Plaintiffs and Government prosecutors have yet to

provide corroborative evidence of the alleged "racial slurs."  Also,

Defendant denies that he was responsible for injuring any officers.

151.     Defendant lacks sufficient knowledge to admit or deny.  Also,

Defendant denies that he was responsible for injuring any police officers.

152.     Denied.

153.     Denied.

154.     Denied.

155.     Denied.

156.     Denied.

157.     Denied.

158.     Denied.

159.     Denied.

160.     Denied.

161.     Denied.

162.     Denied.

163.     Denied.

164.     Denied.  Also, this paragraph is mostly opinion, not fact.

165.     Denied.  Also, this paragraph is mostly opinion, not fact.

166.     Denied.

167.     Denied.

168.     Denied.

169.     Denied.

170.     Denied.

171.     Denied.

172.     Denied.

173.     Denied.

174.     Admitted, as Defendant agrees that politically motivated violence in
general is a bad thing.  Denied as to balance of paragraph.

175.     Denied.

176.     Denied.

177.     Denied.

178.     Denied.

179.     Denied.

180.     Denied.

181.     Denied.

182.     Denied.

183.     Denied.

184.     Denied.

185.     Denied.

186.     Denied.

187.     Denied.

188.     Denied.

189.     Denied.

190.     Denied.

191.     Denied.

192.     Denied.

193.     Denied.

194.     Denied.

195.     Denied.

196.     Denied.

197.     Denied.  Defendant, however, is aware that some police officers incurred injuries on January 6th.

198.     Denied.

199.     Denied.

200.     Denied.

201.     Denied.  Defendant, however, is aware that some police officers incurred injuries on January 6th.

202.     Denied.

203.     Denied.

204.     Admitted as to the cited statute.  Denied that Defendants violated the statute.

205.     Denied.  Defendant, however is aware that some police officers incurred injuries on January 6th.

206.     Denied.

207.     Denied.

208.    Denied.

## Prayer for Relief

WHEREFORE, the Defendant denies that Plaintiffs are entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following Paragraph 206, including subparts A-F, and respectfully requests that the Court dismiss the Complaint in its entirety and enter judgment in its favor and against the Plaintiffs.

The final paragraph also requires no response.  The to the extent that a responsive pleading is required, Defendant denies that Plaintiff is entitle to a jury trial.

## Affirmative Defenses

First Defense—The Complaint fails to state a claim against Defendant upon which relief may be granted.

Second Defense—Upon information and belief, Plaintiffs claims are barred, in whole or in part, based upon the doctrines of accord and satisfaction, release waiver, and estoppel.

Third Defense—Upon information and belief, Plaintiffs claims are barred, in whole or in part, by Plaintiffs' failure to take reasonable steps to mitigate their claims of damages, the existence of such damages being hereby denied.

Fourth Defense—Plaintiffs' punitive damages claims are barred because the Defendant did not act with malice or with reckless indifference to the protected rights of the Plaintiffs.

Fifth Defense—Upon information and belief, Plaintiffs claims are barred as they have sought compensation under workers' compensation laws for police, or under union contracts, which bar outside recovery.

Sixth Defense—Plaintiffs' allegations against Defendant are frivolous on their face and should be dismissed with prejudice as a matter of law.

Seventh Defense—Plaintiffs' claims against Defendant are barred as their Complaint alleges that President Trump directed Defendant and others to engage in behavior outlined in the Complaint. As such, President Trump and the Defendants have immunity from suit.

Eighth Defense—The Court lacks subject matter jurisdiction over this matter as Plaintiffs' damages do not exceed $75,000. Also, alleged violations of federal law alleged by Plaintiffs do not apply to Defendant.

Ninth Defense—The Court does not have personal jurisdiction over Defendant.

Tenth Defense—Proper venue for this matter is the Western District of Virginia.

Eleventh Defense—Assumption of Risk by Plaintiffs, as police assume many risks by the nature of their work.

Twelfth Defense—Defendant's actions were protected by the First Amendment of the Constitution.

Respectfully submitted,

Thomas E. Caldwell, *Pro Se*
274 Wadesville Road
Berryville, VA 22611
(540) 303-3956
Redstart11@gmail.com

Dated:  October 6, 2021

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 6, 2021 I emailed and mailed a copy of the foregoing Answer to Plaintiffs' Complaint to Counsel of Record via the email addresses for counsel stated on the Complaint and by mail to Lawyers' Committee for Civil Rights Under Law, 1500 K Street N.W., Suite 900, Washington, D.C. 20005.

Thomas E. Caldwell, Defendant

Parties served:

Damon Hewitt, Esq.
Jon Greenbaum, Esq.
Edward G. Caspar, Esq.
David Brody, Esq.
Arusha Gordon, Esq.
Noah Baron, Esq.
Adonne Washington, Esq.
Lawyers' Committee for Civil Rights Under Law
1500 K Street, N.W., Suite #900
Washington, D.C. 20005
Tel: (202) 662-8300
jgreenbaum@lawyerscommittee.org
dhewitt@lawyerscommittee.org
ecaspar@lawyerscommittee.org
dbrody@lawyerscommittee.org
agordon@lawyerscommitte.org
nbaron@lawyerscommittee.org
awashington@lawyerscommittee.org
Legal Co-Counsel for Plaintiffs

_____

Mr. Robert C. Buschel, Esq.
501 E. Las Olas Blvd., Suite #304
Ft. Lauderdale, FL 33301
(954) 530-5748
buschel@bglaw-pa.com
Counsel for Roger Stone
Mr. Jonathan Mosely
5765-F Burke Center Pkwy., PMB #337
Burke, VA 22015
(703) 656-1230
contact@JonMoseley.com
Moseley391@gmail.com
Counsel for Zachary Rehl

Other defendants will be served via email about retention of counsel.