UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SMITH, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:21-cv-2265-APM |
| TRUMP, et al., | ) |
| Defendants. | ) |

**DEFENDANT FELIPE ANTONIO MARTINEZ'S MOTION FOR CLARIFICATION REGARDING THE CONSOLIDATED BRIEFING SCHEDULE**

Defendant Martinez, through his undersigned counsel, files this motion for clarification regarding the consolidated briefing schedule set by the Court on October 25.

On October 22, Plaintiffs filed a motion for a consolidated briefing schedule. ECF No. 59. They notified the Court that Plaintiffs had yet to complete service on a number of the 25 Defendants, including Martinez. Yet they asked the Court to set a November 12 deadline for all Defendants, including those who had not been served, to file any responses to the Complaint, including answers or Rule 12 motions. *Id.* Plaintiffs' motion omitted information that would have been material to the Court's consideration. As a result, Plaintiffs improperly persuaded the Court to enter a briefing schedule in tension with Rule 12.

On October 5, Plaintiffs' counsel spoke with undersigned counsel to Martinez. Because Martinez had yet to be served, Plaintiffs' counsel inquired whether his counsel would waive service of process. Fed. R. Civ. P. 4(d). When Martinez's counsel hesitated, Plaintiffs' counsel warned that if Martinez did not agree to waive service, he would be responsible for Plaintiffs' expenses in effecting service, but that if he agreed, Martinez would have 60 days to

1

file a response to the Complaint. Fed. R. Civ. P. 12(a)(1)(A)(ii). Martinez's counsel then orally agreed to waiver. At this point, however, Plaintiffs' counsel indicated he would have to speak to his colleagues about the matter and that Plaintiffs would have to send the waiver form in writing.

The following day, October 6, Martinez emailed Plaintiffs to request the waiver form and also notified Plaintiffs that the judge presiding over his parallel January 6 criminal case, Judge Lamberth, had indicated in a hearing that morning that this civil case should likely be stayed pending resolution of the parallel criminal matter. Plaintiffs' counsel replied that he had not actually requested a waiver as to Martinez because, although he had verbally requested it on October 5 and Martinez had accepted, "such a request must be made in writing." Martinez's counsel advised Plaintiffs' that he did not regard this as appropriate litigation practice and that Martinez, an itinerant pipelayer with little resources, needed more time to respond to the Complaint.

As explained above, on October 22, Plaintiffs then asked the Court for a November 12 response deadline notwithstanding that they had yet to serve Martinez. They did not advise the Court that they had orally offered a service-waiver option to Martinez, which would give him 60 days to respond to the Complaint and then had withdrawn it.

After the Court granted Plaintiffs' consolidated briefing request, on October 27 Plaintiffs served a written waiver request on Martinez—the request Plaintiffs' counsel previously said they had withdrawn. In accordance with Rule 12, it represents that Martinez may serve an answer or a motion under Rule 12 within 60 days from October 27. Exh. 1.

The basic fairness embodied in Rule 4(d) and Rule 12(a)(1)(A)(ii) is that if a defendant agrees to help the plaintiff avoid service expenses, no matter how frivolous the allegations,[1] the defendant is entitled to 60 days to respond to the complaint.  Plaintiffs' counsel undermined that balance by orally offering service waiver to Martinez, withdrawing the offer, asking the Court for a tight briefing deadline, and then remaking the service waiver offer after the Court had set a case-wide briefing schedule in conflict with Rule 12(a)(1)(A)(ii).  That is inappropriate.

Martinez moves the Court to clarify that he is entitled to 60 days from October 27 to file a response to Plaintiffs' Complaint.   Fed. R. Civ. P. 12(a)(1)(A)(ii); Exh. 1.  This is also another reason why the criminal defendants' motions to stay the case for 90 days should be granted.

Dated: October 29, 2021	Respectfully submitted,

/s/ Nicholas D. Smith
Nicholas D. Smith (D.C. Bar No. 1029802)
7 East 20th Street
New York, NY 10003
Phone: (917) 902-3869
nds@davidbsmithpllc.com

*Counsel to Felipe Martinez*

**Certificate of Service**

I hereby certify that on the 29th day of October, 2021, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

> Edward G. Caspar
> LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
> 1500 K Street, NW
> Suite 900

---

[1] The Complaint alleges that Martinez entered the Capitol Building on January 6.  A search of the public criminal docket would have revealed to Plaintiffs that even the government concedes he did not enter the building.

3

    Washington, DC 20005
    202-662-8390
    Email: ecaspar@lawyerscommittee.org

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

    /s/ Nicholas D. Smith
    Nicholas D. Smith (D.C. Bar No. 1029802)
    7 East 20th Street
    New York, NY 10003
    Phone: (917) 902-3869
    nds@davidbsmithpllc.com

    *Counsel to Felipe Martinez*