IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONRAD SMITH, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> Defendants. | Civil Action No. 1:21-CV-02265-APM |

**PLAINTIFFS' RESPONSE TO DEFENDANT MARTINEZ'S MOTION FOR CLARIFICATION**

Defendant Martinez moves the Court to clarify the date by which he must respond to the Complaint. It is clear from Rule 4, however, that Defendant Martinez has 60 days to respond from October 27, 2021, which is the date Plaintiffs asked him to waive service. *See* Fed. R. Civ. P. 4(d)(3). As the Docket itself reflects, Defendant Martinez's response to the Complaint is due December 26, 2021.[1] *See* ECF 65 (Docket entry for Martinez Waiver of Service).

The Court's October 24 scheduling order applies to Defendants who have "yet to answer or otherwise respond to the Complaint," Minute Order (Oct. 24, 2021), and this necessarily applies only to Defendants who have been served. As Plaintiffs noted in their motion for a consolidated briefing schedule, Plaintiffs still are working to complete service on several Defendants, and "[p]ursuant to Federal Rule of Civil Procedure 4(m), Plaintiffs must complete service on these remaining Defendants *by November 23, 2021*, and Plaintiffs expect to show good

---

[1] If Plaintiffs file an amended complaint on December 3 per the Court's October 24 Order, Defendant Martinez's response to the amended complaint also will be due December 26, 2021. *See* Fed. R. Civ. P. 15(a)(3) (concerning time to respond to an amended complaint).

cause for any inability to complete service as to any Defendant *and to seek additional time to complete service*." ECF 59, at 2 (emphasis added). As the October 24 scheduling order directs responses by November 12, and as it is clear that some Defendants may not even be served by November 12, the October 24 scheduling order cannot be read to apply to all Defendants, but only to those that have been served.

In view of the very clear application of the Federal Rules and the Court's October 24 scheduling order, there is no need for any clarification of the Order. The few Defendants who have not yet been served process will be subject to a different briefing schedule than that ordered by the Court on October 24, 2021.

Though not relevant to the determination of Defendant Martinez's response date, Plaintiffs take exception to Defendant Martinez's baseless accusations of improper conduct before the Court. ECF 64, at 1-2. Defendant Martinez accuses Plaintiffs' counsel of "improperly persuad[ing]" the Court to enter a briefing schedule inconsistent with Rule 12 by "omit[ing] information that would have been material to the Court's consideration." *Id.* at 1. As explained above, however, the schedule ordered by the court is consistent with Rule 12 and Rule 4 because it necessarily applies only to Defendants who had been served, and as Defendant Martinez acknowledges in his motion, Plaintiffs "notified the Court that Plaintiffs had yet to complete service" on a number of Defendants. *Id.* Defendant's statements that Plaintiffs' counsel somehow withheld information from the Court and improperly persuaded the Court of anything are manifestly false. Defendant Martinez also groundlessly asserts that Plaintiffs' request that his client waive service of process was part of a scheme to subject him to the October 24 scheduling order, notwithstanding the clear language of the Plaintiffs' motion for a briefing schedule, the Order, and Rule 4 as set out above. *See id.* at 1-2. Plaintiffs note that Defendant Martinez did not

attempt to confer with Plaintiffs' counsel before filing his motion, as required by Local Rule 7(m), and that if he did, this motion may not have been necessary.

As there is no need to clarify the Court's October 24 scheduling order, and for the foregoing reasons, Plaintiffs submit that Defendant Martinez's motion should be denied.

Respectfully submitted,

/s/ Edward G. Caspar
Jon Greenbaum, D.C. Bar No. 489887
Edward G. Caspar, D.C. Bar No. 1644168
David Brody, D.C. Bar No. 1021476
Arusha Gordon, D.C. Bar No. 1035129
Adonne Washington, *pro hac vice*
Lawyers' Committee for Civil Rights Under Law
1500 K Street N.W., Suite 900
Washington, D.C. 20005
Tel: (202) 662-8390
jgreenbaum@lawyerscommittee.org
ecaspar@lawyerscommittee.org
dbrody@lawyerscommittee.org
agordon@lawyerscommittee.org
awashington@lawyerscommittee.org

***Counsel for Plaintiffs***

### CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5, a copy of the foregoing filing is being served electronically on those parties who have appeared and registered with the Court's ECF system. Plaintiffs are serving remaining defendants via first class mail or other permitted means.

/s/ Edward G. Caspar
Edward G. Caspar