UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SMITH, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:21-cv-2265-APM |
| TRUMP, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT FELIPE ANTONIO MARTINEZ'S REPLY TO PLAINTIFFS' RESPONSE TO HIS MOTION FOR CLARIFICATION REGARDING THE CONSOLIDATED BRIEFING SCHEDULE**

Plaintiffs have filed a response to Defendant Martinez's motion for clarification regarding the consolidated briefing schedule set by the Court on October 25. ECF No. 66. The Court's consolidated scheduling order states, "*Any Defendant* who has yet to answer or otherwise respond to the Complaint shall do so by November 12, 2021" (emphasis added).[1] Although the response deadlines under Rule 12 fall after that date for a majority of the Defendants whom Plaintiffs chose to sue, Plaintiffs say it is already clear that the Court's "consolidated" briefing schedule only applies to the minority for whom that schedule comports with Rule 12. ECF No. 66, p. 1.

It is not clear. And the fault lies with Plaintiffs, not with the Court. The stated purpose of Plaintiffs' motion for a "consolidated" briefing schedule was to "simplify briefing and maximize efficiency for all parties and the Court." ECF No. 59, p. 1. It was not apparent even then how that goal would be furthered by setting a consolidated answer/motion-to-dismiss deadline that falls before the Rule 12 deadlines for a majority of the Defendants. But, as

---

[1] The Court granted Plaintiffs' motion for a consolidated briefing schedule three days after it was filed and before any opposition was submitted.

1

Martinez's motion for clarification brings to the Court's attention, the problem was worse than that.

Plaintiffs' briefing schedule motion made the following representation: "Plaintiffs continue to work expeditiously to complete service on the following Defendants: Martinez. . . ." *Id.*, p. 2. In fact, as Martinez's motion states, before Plaintiffs made that representation on October 22 they had asked Martinez's counsel in early October to waive service, counsel agreed, and then Plaintiffs withdrew their offer—realizing that Rule 12 would give Martinez 60 days to respond to the Complaint, a deadline falling after November 12. Plaintiffs did not advise the Court in their motion for a November 12 answer/motion-to-dismiss deadline that at least one Defendant would likely have a Rule 12 deadline falling over a month after that date. Then, after securing the November 12 date, Plaintiffs served a formal service-waiver demand on Martinez— the one they had previously withdrawn so as not to interfere with their "consolidated" briefing motion.

That information would have been material to the Court's consideration of Plaintiffs' motion, as it was considering the appropriate initial consolidated deadline for answers/motions to dismiss. Had the Court known that Defendants like Martinez would be waiving service of process and entitled to a 60-day response period under Rule 12, it may not have set a November 12 deadline for "any Defendant who has yet to answer or otherwise respond to the Complaint." Since a majority of the Defendants had not been served by the time of Plaintiffs' scheduling motion, it is difficult to see how consolidating answers/motions to dismiss only for the minority share "simplify[ies] briefing and maximize[s] efficiency for *all parties and the Court*." ECF No. 59, p. 1 (Plaintiffs' motion for consolidated briefing schedule) (emphasis added).

That information is also material to the Court's consideration of the criminal Defendants' motions to stay the case for 90 days in light of their parallel criminal cases. In opposition to those motions, Plaintiffs say it is imperative that Defendants like Nordean respond to the Complaint by November 12, that the Court and Plaintiffs simply cannot allow three months' time to pass. Yet even as they made that argument, Plaintiffs knew that Defendants like Martinez, who had yet to be served, could not be made to respond to the Complaint until late December at the earliest.

Plaintiffs chose to name numerous Defendants who are also defendants in parallel criminal proceedings, unlike in the other civil actions against the former president concerning January 6. Plaintiffs had been unable to serve a majority of them by the time of their motion for a consolidated briefing schedule. Before filing their scheduling motion, Plaintiffs were informed by counsel to multiple Defendants, including Martinez and Nordean, that the Defendants needed more time to respond to their Complaint due to the burdens and expenses of their criminal cases and their lack of resources. Ignoring all of this, Plaintiffs' counsel requested a November "consolidated" briefing schedule for a minority of monied Defendants and withheld relevant service of process information from their request.[2]

Martinez requests that the Court clarify that the October 25 briefing schedule does not apply to him. He also moves the Court to grant the criminal Defendants' motions to stay for 90 days, which will have no impact on Plaintiffs' case against the noncriminal Defendants, and later set a consolidated briefing schedule for the criminal defendants.

---

[2] Plaintiffs say Martinez's counsel did not confer with them before filing this motion. Martinez's counsel conferred multiple times with Plaintiffs about the infeasibility and unfairness of a November 12 "consolidated" briefing schedule as to the criminal Defendants.

Dated: October 30, 2021                    Respectfully submitted,

*/s/ Nicholas D. Smith*
Nicholas D. Smith (D.C. Bar No. 1029802)
7 East 20th Street
New York, NY 10003
Phone: (917) 902-3869
nds@davidbsmithpllc.com

*Counsel to Felipe Martinez*

### Certificate of Service

I hereby certify that on the 30th day of October, 2021, I filed the foregoing response under seal with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

*/s/ Nicholas D. Smith*
Nicholas D. Smith (D.C. Bar No. 1029802)
7 East 20th Street
New York, NY 10003
Phone: (917) 902-3869
nds@davidbsmithpllc.com

*Counsel to Felipe Martinez*