IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMITH, et al., Plaintiffs,<br><br>vs<br><br>TRUMP, et al., Defendants. | Civil Action No. 1:21-cv-02265-APM<br><br>**DEFENDANT RUSSELL B. TAYLOR'S REPLY TO PLAINTIFF'S OPPOSTION TO STAY PROCEEDINGS** |

### DEFENDANT RUSSELL B. TAYLOR'S REPLY TO PLAINTTIF'S OPPOSTION TO MOTION AND REQUEST FOR STAY PROCEEDINGS

At the outset, Taylor again reaffirms his request for a stay to March 1, 2022 for all proceedings. However, in the alternative, Mr. Taylor would agree with the request of co-defendant Nordean who seeks only a 90-day stay should the Court feel that a 90-day number is more appropriate than a fixed date of March 1, 2022.

The pleadings in this case demonstrate a possible desire to grandstand with arguments that sound more like they are written for a media audience rather than for this Court. Accordingly, Moving Party will attempt to drive straight to the point underlying the Motion to Stay. Mr. Taylor does not seek to avoid the implications of either the instant case nor the related criminal matter; he only seeks fairness in being able to preserve first his Constitution Rights in his Criminal Case and then his legal rights in the defense of this case. The brief stay requested, will afford an opportunity to evaluate the complexities of how to protect the first and properly respond to the second. It will also ensure the most efficient and expeditious handling of both matters.

Mr. Taylor (and his counsel) face what is essentially a two-front assault in the form of the criminal case, brought on behalf of the United States of America, and the equally challenging Civil case brought by Plaintiffs. Both cases directly mirror one another and any and all actions in one will immediately have a consequence in the other. Certainly, this Court, in its wisdom and

1

experience can understand the difficulty of being forced to litigate these cases at the same time, and can appreciate the delay and additional expense that will accrue in the Civil Case without the requested relief.

Again, Mr. Taylor does not seek a stay to limit the Civil Case from proceeding, but only to make sure that he is afforded an opportunity to defend himself appropriately in both matters. The Criminal Case, which is set before Judge Lamberth, is progressing as both the Governments Attorneys and Counsel work to resolve many pretrial issues, especially that of ongoing discovery.  However, as we can assume this Court is well aware, there is a massive volume of ongoing discovery with regular updates provided by the Government, who is working diligently to produce all of its evidence.   We would note that the Government has been very conscientious in their duties, but even the near infinite resources of the United States of America cannot make this process move any faster.   It is not unreasonable to allow Mr. Taylor and the Government a moment to work through these issues as both parties seek fairness and justice in the Criminal Case. Why now should this Civil matter take an immediate precedence over the Constitutional duties being diligently performed at this very moment?   Mr. Taylor suggests that a pause to catch up, and return his focus to the Criminal Case first, is not too much of an ask.

Mr. Taylor also agrees it to be well settled law that when a Civil and Criminal Case conflict "The court, in its sound discretion, must assess and balance the nature and substantiality of the injustices claimed on either side."  Certainly, the Court has understood that "there may be cases where the requirement that a criminal defendant participate in a civil action, at peril of being denied some portion of his worldly goods, violates concepts of elementary fairness in view of the defendant's position in an inter-related criminal prosecution. On the other hand, the fact that a man is indicted cannot give him a blank check to block all civil litigation on the same or related underlying subject matter. Justice is meted out in both civil and criminal litigation. The overall interest of the courts that justice be done may very well require that the compensation and remedy due a civil plaintiff should not be delayed (and possibly denied)." *Gordon v. Federal Deposit Insurance Corp.*, 427 F.2d 578, 580 (D.C. Cir. 1970).

Mr. Taylor does not seek a blank check of extended time or a permanent pass.   He merely seeks reasonable time in this matter. In fact, there is a strong desire to immediately respond to the many inaccuracies, insults, and exaggerations in the Plaintiff's initial papers, but

right now there is a Constitutional dilemma; fight the Civil Case (which is strictly about money) and run the risk of damaging the Criminal Case (which is about liberty) or hold your response to the Civil Case in order to properly manage your Criminal Rights at the risk of irreparably damaging that case? Who has the wisdom to decide this impossible challenge?   To make such a choice feels like the stretching room in Disney's Haunted Mansion where "there are no windows and no doors" - how does one find a way out?   The answer, you take a moment to evaluate the aspects of both cases and then properly respond. That is not too much to ask.

### PLAINTTIFF'S CLAIMS OF IMMEDIATE HARM

Plaintiff suggests that a Stay would damage their case.   Let us address their contention:

- Plaintiff argues the need to immediately preserve evidence. The existence of the Criminal Case renders this argument meritless. It is difficult to imagine that the criminal investigation did not uncover, marshal, and preserve, all relevant evidence. Tellingly, plaintiff's do not cite what evidence they claim might be lost as the result of a stay. More than 10,000 hours of video have already been preserved. Plaintiff should be well aware of the massive investigation being conducted by numerous agencies and one must assume they have already compiled their own library of evidence. For example, they should know that the F.B.I. executed warrants on Mr. Taylor and seized all potential his digital devices and other evidence. As to Mr. Taylor there is no potential loss of digital evidence, that we are aware of, that is not already in the possession of the Government. They certainly cannot be seeking Mr. Taylor's testimony at this time for this would obviously require a stay and end their entire opposition to this request.   The reality is 180 degrees from what Plaintiff's are claiming.   The work being done by the parties in the Criminal Case will significantly lessen the discovery burden on the Civil Case litigants and this Court.

- Plaintiff claims that a stay will hamper the "pursuit of justice and accountability for those responsible for the harms done to them." This claim also rings hollow. The stay requested will not change in any way the claims asserted in the Civil Action. The best indicator of Plaintiff's true belief regarding the immediacy of this matter is to look at the time

between January 6 and filing, and the delay between filing and service of the complaint. If there was some exigent need for this matter to be heard sooner than later, it is reasonable to assume that Plaintiff would have ensured that service was affected sooner rather than the later dates for service they selected.

Additionally, the Court should note the following.

- In addition to his 5th Amendment rights, Mr. Taylor is unable to respond to any request for Discovery as he cannot divulge or include the protected information that has been given to him by the Government in the Criminal Case.

- Plaintiff argues they have 25 Defendant's and likely over a hundred people to interview. Certainly nothing in a stay prevents them from conducting interviews of consenting individuals. Nothing prevents them from gathering information in informal methods. However, we address only Mr. Taylor in this opposition and his Constitutional needs in this moment.

- Plaintiff mentions three other lawsuits that could have an impact on this case. While this may be true for some other co-defendants, Mr. Taylor is not a party to those cases. Hence, this argument fails.

- Plaintiffs contend that a stay will cost them additional money. By definition a stay means that the work can stop. How can there be an expense if the work stops? This argument is also disingenuous.

- Plaintiff contends they are bringing this case in part "to help ensure that what took place on January 6 never happens again." They argue that external parties such as American Citizens and the residents of the District of Columbia have a compelling interest in seeing justice. While potentially telling as to Plaintiff's true motivation with the filing and prosecution of this case, this claim should be rejected. Plaintiffs are seeking money damages in the Civil Case. The only parties to this litigation are the named plaintiffs and

the named defendants. Mr. Taylor is the subject of a criminal prosecution and it is the proper role of the Government in that case to advance the interests of the United States and its residents. Does Plaintiff actually argue they can somehow protect America from Mr. Taylor better than the Government? Such nonsense does not warrant a response.

- Plaintiff contends that staying this matter against some and not others will cause a series of problems as some defendants have criminal cases and others do not. It appears that Plaintiff choose to file against each of these individuals, and then selectively serve those defendants they knew to be indigent, in custody, visible in the media, or otherwise legally vulnerable. Then they choose to include the former President of the United States and a few of his political allies in the same complaint. While we agree that the events of January 6 may be the same general event, clearly the situation between nearly everyone in their complaint is different.

- Plaintiff claims they need to discover potential "Doe's" to be included in their case. Certainly, in the next few months, during a stay, they could look to the already 700 named individuals who have been charged by the Government. This information is public and open to all.

- Plaintiff claims a need for speed in the civil case. However, it bears repeating, that Plaintiffs waited more than more than six months after nearly every person named had either been charged or was thrust into the national news to bring their lawsuit, and then delayed months again before service. Why now is it now that time is such a critical factor that the Constitutional Rights of Mr. Taylor should be set aside? Once again, the Plaintiff's feigned demand for speed is disingenuous.

Case 1:21-cv-02265-APM   Document 69   Filed 11/01/21   Page 6 of 8

**MR. TAYLOR'S NEED FOR A STAY**

Plaintiff also contends that Mr. Taylor has not shown substantial reason for a stay as a result of his criminal case.   Mr. Taylor submits the following in response:

1. Mr. Taylor has been charged in multiple serious criminal charges by the United States of America in Case Number 1:21-cr-00392 now pending in front of Judge Royce Lamberth. This case was filed in June of 2021.   (Exhibit 1 Criminal Indictment)
2. The Government has begun its production of evidence and has indicated that the complexities of the discovery are beyond substantial. Counsel for Mr. Taylor is in receipt of some, but not all discovery.   This includes thousands of hours of video and audio recordings, interviews, unexamined digital devices and other types of evidence.   Counsel has only begun to be able to understand the criminal case and is in the process of evaluating potential motions and overall strategy.
3. Mr. Taylor is currently evaluating all course of action within the Criminal Case; however, the emergence of the Civil Case and its potential ramifications have made this a "Hobosn Choice," you now cannot resolve nor act in either case without an immediate and potentially damming reaction in the other. Again, Mr. Taylor does not seek to eliminate this eventual dilemma but only be permitted time to analyze it and then make a well-considered and reasonable response.
4. Plaintiff's case is strictly about money.   The Criminal Case is about liberty and Constitutional Rights. This alone is reason enough for a brief stay.
5. Should the Court choose not to stay the proceedings against Mr. Taylor, it is submitted that every single procedural duty, rule, motion or request will require a motion from Mr. Taylor to stay said act. Mr. Taylor submits it would be reasonable to stay proceedings now and allow us to report the status of the case in late February to determine the case needs at that time. Counsel for Mr. Taylor will of course agree to meet and confer with Plaintiff's counsel to better understand issues that may arise in the interim.

6

I.      CONCLUSION

In conclusion, Mr. Taylor suggests the old adage of "Res Ipsa Loquitor" applies here as the need for a brief stay "speaks for itself." It would not be an exaggeration to say that this Court, who is handling numerous January 6 cases, understands fully the complexities of the mixture of these two cases.

Moving Party Russell B. Taylor respectfully requests that this Court stay the instant civil litigation, including all deadlines and disclosure requirements, during the pendency of his criminal prosecution until March 1, 2022 at which time this matter can be updated and revisited.

Dated October 31, 2021

> Respectfully Submitted,
> Law Offices of Dyke Huish
>
> _____
> Dyke E. Huish
> Law Offices of Dyke Huish

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 1, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

_/s/Dyke E. Huish_____
Dyke Huish
