IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONRAD SMITH, et al.; | Case No. 1:21-CV-02265-APM |
| *Plaintiffs,* | **MOTION TO DISMISS** |
| v. | (Oral Hearing Requested) |
| DONALD J. TRUMP, et al., | |
| *Defendants.* | |

## <u>DEFENDANT RONALD MELE'S MOTION TO DISMISS</u>

Defendant Ronald Mele respectfully moves to dismiss the above-captioned action in its entirety and all counts in the Complaint (ECF No.1) (hereinafter "Compl.") by Plaintiffs Conrad Smith, Danny McElroy, Byron Evans, Governor Latson, Melissa Marshall, Michael Fortune, and Jason Deroche pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction and/or Plaintiffs' failure to state a claim against Mr. Mele upon which relief can granted.

<u>Attorney for Defendant,  Ronald Mele</u>
Steven C. Bailey (CA SBN 146382)
BAILEY & ROMERO
2535 Kettner Blvd, Ste. 2A1
San Diego, CA 92101
(530) 212-3407
Steven@stevencbailey.org

MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1), (6)

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ ii

INTRODUCTION ....................................................................................................... 1

BACKGROUND .......................................................................................................... 2

ARGUMENT ................................................................................................................ 3

   I. Plaintiffs' Lack Standing to Sue Pursuant to Rule12(b)(1) ...................................... 3

      a. Plaintiffs lack standing to sue under a 42 U.S.C. § 1985(1) conspiracy and
         failure to prevent a 1985(1) conspiracy under 42 U.S.C. § 1986 (Counts I
         and II) ........................................................................................................ 4

      b. Plaintiffs lack standing to sue under the D.C. Bias-Related Crimes Act
         (Count III) ................................................................................................. 5

      c. Plaintiffs lack standing to sue under Assault and Battery (Counts IV and V) .............. 6

      d. Plaintiffs lack standing to sue under Negligence (Count VI) ........................................ 7

   II. Plaintiffs' Fail to State a Claim for Relief Pursuant to Rule 12(b)(6) ................................... 8

      a. Legal Standard .......................................................................................... 8

      b. Plaintiffs plead insufficient facts to establish a 42 U.S.C. § 1985(1)
         conspiracy (Count I) .................................................................................. 9

      c. Plaintiffs plead insufficient facts to establish that Ronald Mele failed to
         prevent a 1985(1) conspiracy under 42 U.S.C. § 1986 (Count II) .............................. 11

      d. Plaintiffs plead insufficient facts to establish claims under the D.C. Bias-
         Related Crimes Act (Count III) ................................................................... 12

      e. Plaintiffs plead insufficient facts to establish claims of Battery and Assault
         (Counts IV and V) .................................................................................... 14

      g. Plaintiffs fail to plead sufficient facts to establish a claim of Negligence
         (Count VI) ................................................................................................ 16

CONCLUSION............................................................................................................ 17

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................ 8, 11

*Atherton v. D.C. Off. of Mayor*, 567 F.3d 672 (D.C. Cir. 2009) ........................................ 11

*Banneker Ventures, LLC v. Graham*, 798 F.3d 1119 (D.C. Cir. 2015) ............................ 4

*Barr v. Clinton*, 370 F.3d 1196 (D.C. Cir. 2004) ............................................................... 9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................ 8, 9

\* *Black Lives Matter D.C. v. Trump*, No. 20-CV-1469, 2021 WL 2530722 (D.D.C. June 21, 2021) ................................................................................................................................ 12

*EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, (D.C. Cir. 1997) .................. 9

\* *Estate of Boyland v. United States Dep't of Agric.*, 913 F.3d 117 (D.C. Cir. 2019) ........ 4, 7

*Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246 (2009) ............................................. 9

*Graves v. United States*, 961 F. Supp. 314 (D.D.C. 1997) ............................................... 10

*Halberstam v. Welch*, 705 F.2d 472 (D.C. Cir. 1983) ....................................................... 15, 16

*Hall v. Clinton*, 285 F.3d 74 (D.C. Cir. 2002) .................................................................. 9

*Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192 (D.C. Cir. 1992) ....................................... 4

*Kowal v. MCI Comm'ns Corp.*, 16 F. 3d 1271 (D.C. Cir. 1994) ....................................... 8, 9

\* *Kurd v. Republic of Turkey*, 374 F. Supp. 3d 37 (D.D.C. 2019) ..................................... 7, 13, 14

\* *Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992) ............................................................... 3, 4

*Marusa v. District of Columbia*, 484 F.2d 828 (D.C. Ct. App. 1973) ............................. 16

*McCracken v. Walls-Kaufman*, 717 A.2d 346 (D.C. Ct. App. 1998) ............................... 16

*Moore v. Castro*, 192 F. Supp. 3d 18 (D.D.C. 2016) ......................................................... 12

*Morgan v. District of Columbia*, 550 F. Supp. 465 (D.D.C. 1982) .................................. 10

*Nanko Shipping, Guinea v. Alcoa, Inc.*, 330 F. Supp. 3d 439 (D.D.C. 2018) ................. 10

*Papasan v. Allain*, 478 U.S. 265 (1986) ............................................................................ 8

*Ray v. Proxmire*, 581 F.2d 998 (D.C. Cir. 1978) .............................................................. 16

*Susan B. Anthony List v. Driehaus*, 573 U.S. 149 (2014) ................................................ 3

*U.S. v. Mele, 21-CR-00392-RCL* ........................................................................... 1

**Statutes**

18 U.S.C. § 201 (1976) ........................................................................... 20

∗ 42 U.S.C §1985 ........................................................................... 5, 8, 13, 15, 16

∗ 42 U.S.C §1986 ........................................................................... 5, 8, 15, 16

D.C. Code § 22-1322 ........................................................................... 16, 17

D.C. Code § 22-3152(1) ........................................................................... 9

D.C. Code § 22-3704(a) ........................................................................... 9, 10, 17

D.C. Code §§ 22-3153 ........................................................................... 9

D.C. Code §22-1322 ........................................................................... 9

D.C. Code §22-303 ........................................................................... 9

**Other Authorities**

Black's Law Dictionary (11th ed. 2019) ........................................................................... 17

Buildings & Grounds | Architect of the Capitol (aoc.gov);
    https://www.aoc.gov/explore-capitol-campus/buildings-grounds ........................................... 6

**Rules**

Fed. R. Civ. P. 12 ........................................................................... 7, 12

**Constitutional Provisions**

U.S. CONST., ART. III ........................................................................... 7

## INTRODUCTION

Plaintiffs allege, without factual grounds, that Ronald Mele and other Defendants conspired to use force, intimidation, and threats to prevent the Biden Harris administration from taking office, to prevent Congress from counting the electoral votes, and to prevent the Capitol Police from carrying out their lawful duties, all while being pervaded with racism and white supremacy.

The object of this lawsuit is to further divide this nation by racial ethnicity and political affiliation through Plaintiffs' use of inflammatory language, continually referring to 42 U.S.C §§1985, 1986 as the Ku Klux Klan Act, pleading each Plaintiffs' racial ethnicity, yet failing to do the same for each Defendant, and mentioning the word white supremacy a grand total of fifteen times. The Plaintiffs go above and beyond to create a narrative of racism.

Additionally, the complaint is rife with false, misleading, and embellished allegations that are conclusory and wholly deficient of facts that state a claim for relief. The Complaint shrewdly enmeshes all Defendants' statements, social media postings, messages, communications, etc. in an attempt to create an impression of collusion, conspiracy, aiding, abetting, and some sort of planned attack as a common thread between all twenty-five Defendants, including the former President Trump, all of whom have only one thing in common, being in Washington D.C. on January 6, 2021.

Last, Mr. Mele is currently facing criminal charges in this district court, stemming from the events alleged to have occurred on January 6, 2021, in Washington D.C. *See U.S. v. Mele, 21-CR-00392-RCL*. Since Plaintiffs have failed to sufficiently plead subject matter jurisdiction, and have failed to state a claim upon which relief can be granted, the Complaint and all counts against Mr. Mele must be dismissed.

MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1), (6)

## BACKGROUND

This lawsuit arises out of the events that occurred in Washington D.C., in the areas around the United States Capitol, and the United States Capitol Building on January 6, 2021. (Compl. at ¶ 2). On this date Plaintiffs were stationed at the United States Capitol Building as United States Capitol Police Officers. (Compl. at ¶ 1). The Plaintiffs allege that Ronald Mele "is a resident of Temecula and a member of the Three Percenters..." (Compl. at ¶ 43) which is factually correct. However, the Plaintiffs mislead the Court when it states "[h]e breached the United States Capitol on January 6, 2021." *Id.* In making this statement, the Plaintiffs fail to distinguish that the U.S. Capitol "consists of the U.S. Capitol building," several other buildings, "...and over 270 acres of grounds."[1]

The Complaint goes on to allege, "[d]efendants conspired to use force, intimidation, and threats to prevent Joe Biden and Kamala Harris from taking office, to prevent Congress from counting the electoral votes... to prevent the Capitol Police from carrying out their lawful duties" (Compl. at ¶ 5) and that, "Defendants' actions violated the federal Ku Klux Klan Act, the D.C. Bias-Related Crimes Act, and other laws." (Compl. at ¶ 3.) Further conclusory allegations made by the Plaintiffs claim that "[d]efendants planned and coordinated among themselves and with others to come to Washington, D.C., and violently attack the United States Capitol and the law enforcement officers defending it." (Compl. at ¶ 6) wherein, "[d]efendants' conspiratorial acts directly resulted in violence against the Capitol and the police officers who defended it, including Plaintiffs...and caused millions of dollars of damage to the Capitol Building and grounds..." (Compl. at ¶¶ 8, 10).

The Plaintiffs also allege that Mr. Mele's several chats, messages, social media posts, and

---

[1] Buildings & Grounds | Architect of the Capitol (aoc.gov); https://www.aoc.gov/explore-capitol-campus/buildings-grounds

videos claim that he "brought gear such as medical kits, radios, bear spray, knives, plates, flags, goggles, and helmets, " "Stormed the Capitol", "rented an SUV because he needed room for the gear" all to provoke and aid in a violent mass attack  the Capitol and those protecting it, all in order to support President Trump. (Compl. at ¶¶ 1, 93, 95, 123, 129, 131.) However, every single allegation made in the complaint regarding Mr. Mele is either a half-truth or embellished, and based upon the half-truths and embellished allegations, Plaintiffs have brought a total of six claims against Mr. Mele.

However, even in light of these minor allegations, and mainly legal conclusions, Plaintiffs lack standing to bring their claims and none of the six causes of action state a claim upon which relief can be granted. Therefore, Plaintiffs have met neither standard and the Court should dismiss the Complaint and each claim against Mr. Mele.

## ARGUMENT

### I. Plaintiffs' Lack Standing to Sue Pursuant to Rule12(b)(1)

The Court should dismiss Plaintiffs' claims against Ronald Mele under Rule 12(b)(1) for lack of jurisdiction. "Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.' U.S. CONST., ART. III, § 2." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014). "The doctrine of standing gives meaning to these constitutional limits by 'identify[ing] those disputes which are appropriately resolved through the judicial process.'" *Id. (quoting Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)) (original quotation marks and alterations). To establish standing, "a plaintiff must show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision.'" *Id.* (quoting *Lujan*, 504 U.S. at 560). It is the plaintiffs' burden to establish that the Court has subject matter

MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1), (6)

jurisdiction. *Lujan*, 504 U.S. at 561. When considering whether it has jurisdiction, the Court must accept "the allegations of the complaint as true." *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015) (citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)).

To show an "injury in fact," a complainant must allege an injury that is "concrete and particularized" and "actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan*, 504 U.S. at 560. "The injury must also be 'fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.'" *Estate of Boyland v. United States Dep't of Agric.*, 913 F.3d 117, 123 (D.C. Cir. 2019), *cert. denied sub nom. Estate of Boyland v. Dep't of Agric.*, 140 S. Ct. 947 (2020) (quoting *Lujan*, 504 U.S. at 560).

Here, the Plaintiffs have not alleged facts that, even if true, would show their injuries were "fairly traceable" to Mr. Mele. The only factual allegation regarding Mr. Mele is that he "arriv[ed] January 5 [in Washington D.C.]" (Compl. at ¶ 131.) Beyond that, the Plaintiffs offer nothing but legal conclusions.

    a.    **Plaintiffs lack standing to sue under a 42 U.S.C. § 1985(1) conspiracy and failure to prevent a 1985(1) conspiracy under 42 U.S.C. § 1986 (Counts I and II)**

In Count I, the Plaintiffs generally allege that the Defendants conspired to deprive them of their civil rights and in Count II, that the defendants failed to prevent others from so conspiring. (*Id.* at ¶¶ 153, 154, 155, 160, 161, 164.) But again, there are no factual allegations specific to Mr. Mele.

The Plaintiffs allege that Mr. Mele, and several other Defendants planned and coordinated among themselves to come to Washington D.C. and "violently attack the Capitol" through traditional and social media (*id.* at ¶¶ 5,6), and planned to employ force, intimidation,

and threats to overturn the outcome of the election (*id.* at ¶¶ 53, 62). But the Plaintiffs do not describe any actual meetings or discussions Mr. Mele attended, or any other facts that suggest he participated in or knew about the alleged conspiracy.

As a result, the injuries the Plaintiffs allege in Counts I and II are not "fairly traceable" to Mr. Mele, and the Court should dismiss Counts I and II against Mr. Mele for lack of standing.

**b.     Plaintiffs lack standing to sue under the D.C. Bias-Related Crimes Act (Count III)**

In Count III, Plaintiffs claim that Mr. Mele violated the D.C. Bias-Related Crimes Act via an "'intentional act that demonstrates an accused's prejudice based on the actual or perceived…political affiliation of a victim[.]'" (Compl. at ¶168) (quoting D.C. Code § 22-3704(a)). Moreover, they allege they incurred injuries "'as a result of'" such acts. *Id.* They allege that the intentional acts in question were terrorism, rioting and inciting to riot, and destruction of property under D.C. law, respectively. (Compl. at ¶169) (citing D.C. Code §§ 22-3153, 22-1322, 22-303). The Plaintiffs again claim that these occurred via conspiracy, against which Mr. Mele reiterates his argument that the Plaintiffs' have failed to properly allege any conspiracy on his part. *See supra* part I(a); *See infra* II(b); *cf.* Compl. at 64-66 (¶¶176, 179, 183). They also claim Mr. Mele engaged in these acts directly, but do not state a claim under any of these statutes much less establish them as intentional or designated acts that give rise to a claim under the Bias-Related Crime Act ("D.C. Bias Act").

Even construed at its broadest, the Plaintiffs fail to allege a causal connection under the Bias Act for either destruction of property under D.C. Code section 22-303 or under the Anti-Terrorism Act in D.C. Code section 22-3152(1). To bring an action under the D.C. Bias Act, one must be injured as "*a result* of an intentional act[.]" D.C. Code 22-3704(a) (emphasis added). Under the Anti-Terrorism Act, the Plaintiffs' allegations of terrorism are only in regard to

property damage. (Compl. at ¶176) (citing D.C. Code § 22-3153(i), (l)). Likewise, they allege destruction of property specifically as an intentional act. (*Id.* at ¶183). As to themselves, the Plaintiffs only allege injury to their persons. (*Id.* at ¶¶ 143-149). They do not allege that any of these injuries occurred via property damage, such as while trying to extinguish a fire set to destroy property or the like.

There is no causal connection between property damage and the Plaintiffs' injuries. The Plaintiffs' may respond that, as to the Anti-Terrorism Act, biased destruction of property caused intimidation or coercion of a unit of government which, somehow, caused their personal injuries. *See id.* at (¶¶177-178). Temporally speaking, this makes no sense, and the *actus reus* for the intentional act remains destruction of property, which must cause the injury. D.C. Code § 22-3704(a). In any event, the Plaintiffs' have not alleged Mr. Mele engaged in any destruction of property whatsoever, and thus they cannot proceed with these claims as intentional acts under the D.C. Bias-Related Crimes Act.

None of the injuries claimed by the individual plaintiffs in Count III is "fairly traceable" to Mr. Mele, and the Court should dismiss Count III against Mr. Mele for lack of standing.

c.     **Plaintiffs lack standing to sue under Assault and Battery (Counts IV and V)**

In Counts IV and V, Plaintiffs allege that Mr. Mele aided and abetted the alleged assaults and batteries against them and conspired to commit them, respectively. (Compl. at ¶¶186, 188, 192, 194). Mr. Mele re-alleges that the Plaintiffs have not adequately pled that he was part of a conspiracy. *See supra* part I(a); *See infra* II(b); (*cf.* Compl. at ¶¶188, 194). This leaves aiding and abetting assault and battery, for which Plaintiffs also fail to establish that the Court has subject matter jurisdiction.

"In order to be liable for aiding and abetting, Plaintiffs must have alleged that (1) the

party or parties Defendants aided committed [assault or] battery, (2) Defendants were generally aware of their role in the tortious activity, and (3) Defendants knowingly and substantially assisted in the battery." *Kurd v. Republic of Turkey*, 374 F. Supp. 3d 37, 50 (D.D.C. 2019). The Plaintiffs each allege exposure to pepper spray and other noxious gasses as harmful or offensive contacts, each allege apprehension of imminent harmful or offensive contacts, and some allege additional harmful or offensive contacts. *See* Compl. at 54-57 (¶¶143-149). However, the Plaintiffs have failed to allege facts to show their injuries were "fairly traceable" to Mr. Mele when Plaintiffs do not describe any action of Mr. Mele, and in fact their direct claims here are against John Doe defendants (Compl. at ¶¶185, 191), which is the result of the independent action of some third party not before the court. *Estate of Boyland*, 913 F.3d at 123 (D.C. Cir. 2019), *cert. denied sub nom. Estate of Boyland v. Dep't of Agric.*, 140 S. Ct. 947 (2020) (quoting *Lujan*, 504 U.S. at 560).

As a result, the injuries the Plaintiffs allege in Counts IV and V are not "fairly traceable" to Mr. Mele, and the Court should dismiss Counts IV and V against him for lack of standing.

### d.    Plaintiffs lack standing to sue under Negligence (Count VI)

In Count VI, the Plaintiffs allege negligence, which is based off a supposed "duty to act reasonably and conform to the standards of conduct set out in criminal statutes." (Compl. at ¶197). The Plaintiffs then cite three different criminal laws that Mr. Mele was allegedly negligent in violating, (*Id.* at ¶¶198-203), for which Plaintiffs fail to establish that the Court has subject matter jurisdiction.

The Plaintiffs have failed to allege facts to show their injuries were "fairly traceable" to Mr. Mele when Plaintiffs describe actions of physical violence, riots, and attacks wholly "hypothetical and conjectural" (*Lujan*, 504 U.S. at 560.) by Mr. Mele's alleged mere presence

"at the steps next to the Upper West Terrace[.]" (*Id.* at ¶¶123,129).

None of the injuries claimed by the individual plaintiffs in Count VI is "fairly traceable" to Mr. Mele, and the Court should dismiss Count VI against him for lack of standing.

All in all, the Court should dismiss all Counts against Mr. Mele for lack of standing under Rule 12(b)(1).

## II. Plaintiffs' Fail to State a Claim for Relief Pursuant to Rule 12(b)(6)

### a.    Legal Standard

In order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must allege sufficient factual allegations that, if accepted as true, would state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Although a complaint need not contain detailed factual allegations, it must allege enough facts to raise a plaintiff's claims beyond the level of speculation, and must "nudge" the claims "across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alterations in original). Further, the court "need not accept inferences drawn by [the] plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Comm'ns Corp.*, 16 F. 3d 1271, 1276 (D.C. Cir. 1994).

When a claim is challenged under Rule 12(b)(6), the Court presumes that all well-pleaded allegations are true, resolves all reasonable doubts and inferences in the pleader's favor, and views the pleading in the light most favorable to the non-moving party. *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 249 (2009); *Twombly*, 550 U.S. at 555; *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624-25 n.3 (D.C. Cir. 1997); *Kowal*, 16 F.3d at 1276.

      b.      **Plaintiffs plead insufficient facts to establish a 42 U.S.C. § 1985(1) conspiracy (Count I)**

The Plaintiffs bring their first claim under 42 U.S.C. § 1985(1), conspiracy to interfere with civil rights:

> If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties.

*See* Compl. at ¶ 152. The Plaintiffs' count fails to state a claim against Mr. Mele under this statute because they fail to allege a conspiracy involving Mr. Mele.

"Among other things, section 1985 plaintiffs must allege the elements of civil conspiracy, including: 'an agreement to take part in an unlawful action or a lawful action in an unlawful manner.'" *Barr v. Clinton*, 370 F.3d 1196, 1200 (D.C. Cir. 2004) (quoting *Hall v. Clinton*, 285 F.3d 74, 83 (D.C. Cir. 2002)). The Plaintiffs simply allege in this count that "TRUMP agreed with...MELE" and "HOSTETTER, TAYLOR, WARNER, MARTINEZ, KINNISON and MELE agreed with each other", while claiming that details of an agreement to take part in an unlawful action or a lawful action in an unlawful manner lie somewhere in the 150 paragraphs

preceding the counts of their complaint. (Compl. at ¶155a, i). But there are no details whatsoever to support these claims.

"To allege a conspiracy, the plaintiff must present factual allegations to provide plausible support that 'defendants manifested the specific intent to agree to participate in a concerted effort to deprive someone of their civil rights based on a racially discriminatory motive.'" *Nanko Shipping, Guinea v. Alcoa, Inc.*, 330 F. Supp. 3d 439, 450 (D.D.C. 2018) (citing *Morgan v. District of Columbia*, 550 F. Supp. 465, 470 (D.D.C. 1982)). This requires "more than just conclusory allegations of an agreement," and must include "a factual basis for events, conversations, or documents that indicate an agreement between defendants to violate his rights." *Nanko Shipping, Guinea*, 330 F. Supp. 3d at 450.

The Plaintiffs offer nothing more than conclusory allegations of an agreement. Plaintiffs simply state, that Mr. Mele, and several other Defendants conspired with each other to accomplish the objectives detailed in this complaint. (Compl. at ¶ 155.) Plaintiffs make no distinctions among the "defendants;" a group that includes a broad range of people, from the former President of the United States to political groups and organizations and other unnamed defendants. The Plaintiffs do not identify an actual meeting, discussion, or document that evidences any communication, let alone a conspiratorial agreement between Mr. Mele and the other defendants. *Nanko Shipping, Guinea*, 330 F. Supp. 3d at 450 (allegations must include "a factual basis for events, conversations, or documents that indicate an agreement between defendants to violate his rights"). The Plaintiffs' conclusory allegations do not provide "plausible support" for the claim that Mr. Mele conspired with the President of the United States or anyone else. *Graves v. United States*, 961 F. Supp. 314, 320 (D.D.C. 1997) ("The plaintiff has failed to allege that there was ever an agreement or 'meeting of the minds' between any of the

MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1), (6)

defendants.'").

The Plaintiffs' "[t]hreadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice" to state a cause of action under § 1985[(1)]. *Atherton*

*v. D.C. Off. of Mayor*, 567 F.3d 672, 688 (D.C. Cir. 2009) (citing *Iqbal,* 556 U.S. at 677).

Therefore, plaintiffs do not meet any of these requirements to allege a conspiracy

involving Mr. Mele and the Court should dismiss Count I against Mr. Mele.

<p style="margin-left:2em;"><strong>c.    Plaintiffs plead insufficient facts to establish that Ronald Mele failed to prevent a 1985(1) conspiracy under 42 U.S.C. § 1986 (Count II)</strong></p>

The Plaintiffs bring their second claim under 42 U.S.C. § 1986, that Mr. Mele is liable for

neglecting to prevent a 1985(1) conspiracy:

> Every person who, having knowledge that any of the wrongs conspired to
> be done, and mentioned in section 1985 of this title, are about to be
> committed, and having power to prevent or aid in preventing the
> commission of the same, neglects or refuses so to do, if such wrongful act
> be committed, shall be liable to the party injured, or his legal
> representatives, for all damages caused by such wrongful act, which such
> person by reasonable diligence could have prevented; and such damages
> may be recovered in an action on the case; and any number of persons
> guilty of such wrongful neglect or refusal may be joined as defendants in
> the action; and if the death of any party be caused by any such wrongful
> act and neglect, the legal representatives of the deceased shall have such
> action therefor, and may recover not exceeding $5,000 damages therein,
> for the benefit of the widow of the deceased, if there be one, and if there
> be no widow, then for the benefit of the next of kin of the deceased. But
> no action under the provisions of this section shall be sustained which is
> not commenced within one year after the cause of action has accrued.

*See* Compl. at 58 ¶ 159. The Plaintiffs' count fails to state a claim against Mr. Mele under

this statute because they fail to allege a 1985 conspiracy involving Mr. Mele. By its very terms, §

1986 requires the plaintiffs to show the existence of a § 1985(1) conspiracy, that Mr. Mele knew

of the conspiracy, that he had "power to prevent or aid in preventing" it, and that he neglected to

prevent it. Again, the plaintiffs have not alleged sufficient facts to establish any of these

elements.

Without any supporting detail in their factual allegations, in Count II the Plaintiffs allege Mr. Mele participated in a conspiracy (or, under 42 U.S.C. § 1986, neglected or refused to prevent violations of 42 U.S.C. § 1985(1)) by "attacking the United States Capitol, instructing their followers and fellow attackers not to attack the Capitol, and informing law enforcement of the plans to attack the Capitol to stop the count of electoral votes." Compl. at 61 (¶164).

Moreover, the plaintiffs allege no facts at all about Mr. Mele's ability to prevent the conspiracy. Instead, they simply offer "threadbare recitals" of the statutory language: "Each Defendant had knowledge that the wrongs conspired to be done, as set out in Count I, were about to be committed, and neglected or refused to prevent or aid in preventing those wrongs. Each such Defendant was in a position and had the power to prevent, or aid in preventing, the wrongs conspired to be done as asserted in Count I." (Compl. at ¶ 160, 161.)

"'A plaintiff who has not stated a claim under § 1985 has no basis for relief under § 1986.'" *Black Lives Matter D.C. v. Trump*, No. 20-CV-1469, 2021 WL 2530722 at *11 (D.D.C. June 21, 2021) (quoting *Moore v. Castro*, 192 F. Supp. 3d 18, 36 (D.D.C. 2016), *aff'd sub nom. Moore v. Carson*, 775 F. App'x 2 (D.C. Cir. 2019)). Thus, the Court should dismiss Count II against Mr. Mele.

   **d.    Plaintiffs plead insufficient facts to establish claims under the D.C. Bias-Related Crimes Act (Count III)**

The Plaintiffs claim that Mr. Mele violated the D.C. Bias-Related Crimes Act of 1989 ("D.C. Bias Act").

The Plaintiffs allege that Mr. Mele engage0d in rioting or incited a riot, and thus committed a designated act for purposes of the Bias Act that caused injury to the Plaintiffs. (Compl. at ¶¶179-180, 182) (citing D.C. Code § 22-1322). They allege he engaged in the riot, by

joining with hundreds of attackers, and further aided and abetted the attack, but fail to establish

these claims. *Cf. infra* part II(e) *with* Compl. at 65 (¶180-181). This law is terse: "A riot in the

District of Columbia is a public disturbance involving an assemblage of 5 or more persons which

by tumultuous and violent conduct or the threat thereof creates grave danger of damage or injury

to property or persons." D.C. Code § 22-1322. The Plaintiffs fail to state a claim that Mele

engaged in a riot. (Compl. at (¶180).

The law permits a cause of action for an:

> ...an intentional act that demonstrates an accused's prejudice based on the
> actual or perceived race, color, religion, national origin, sex, age, marital
> status, personal appearance, sexual orientation, gender identity or
> expression, family responsibilities, homelessness, disability, matriculation,
> or political affiliation of a victim of the subject designated act shall have a
> civil cause of action...

D.C. Code § 22-3704(a). The law requires that some "intentional act" occur, such as

h[olding] up signs clearly indicating their purpose for protesting, and that supporters pushed

through law enforcement in order to attack protesters while some supporters yelled anti-Kurdish

slurs. *Kurd v. Republic of Turkey*, 374 F. Supp. 3d 37, 58 (D.D.C. 2019). Plaintiffs have only

alleged that Mr. Mele's acts were motivated by political affiliation bias (Compl. at (¶170). The

Plaintiffs, by their own pleadings, argue that the actions in this count were directed toward both

Democrats and Republicans. (Compl. at ¶173), which makes sense because the January 6

protests were in regard to perceived election fraud during the 2020 elections. A staunch political

disagreement over a contentious issue, and activities arising from it cannot be considered bias

against a political affiliation as pled here. *See Bias*, Black's Law Dictionary (11th ed. 2019) ("A

mental inclination or tendency; prejudice; predilection").

Furthermore, where Plaintiffs fail to plead that a defendant has committed an intentional

act, no liability can attach. Here, the Plaintiffs have not alleged that one of their members

suffered an intentional act committed by Mr. Mele against them—the necessary predicate for the D.C. Bias Act to apply. Instead, they are simply upset with the inner thoughts of Mr. Mele, his social media posts about electoral concerns, and his messages regarding a trip to Washington D.C., which are not proper bases upon which to penalize him under the D.C. Bias Act.

Being present on the Capitol grounds, as Plaintiffs allege, does not rise to an act of terrorism, inciting a riot, or destruction of property. (Compl. at ¶180). As a result, the Court should dismiss Count III against Mr. Mele.

e.   **Plaintiffs plead insufficient facts to establish claims of Battery and Assault (Counts IV and V)**

The Plaintiffs allege that Mr. Mele aided and abetted the alleged assaults and batteries against them and conspired to commit them, respectively. (Compl. at ¶¶186, 188, 192, 194). Mr. Mele re-alleges that the Plaintiffs have not adequately pled that he was part of a conspiracy. *See supra* parts I(a), II(b); *cf.* Compl. at ¶¶188, 194). This leaves aiding and abetting assault and battery, for which Plaintiffs also fail to state a claim.

"In order to be liable for aiding and abetting, Plaintiffs must have alleged that (1) the party or parties Defendants aided committed [assault or] battery, (2) Defendants were generally aware of their role in the tortious activity, and (3) Defendants knowingly and substantially assisted in the [assault or] battery." *Kurd*, 374 F. Supp. at 50 (D.D.C. 2019). The Plaintiffs each allege exposure to pepper spray and other noxious gasses as harmful or offensive contacts, each allege apprehension of imminent harmful or offensive contacts, and some allege additional harmful or offensive contacts. (*See* Compl. at ¶¶143-149). Plaintiff McElroy alleges that he "responded to a call for officers at the Lower West Terrace door area. When he arrived at each area, he was immediately hit by clouds of mace and bear spray from Defendants and their co-conspirators[.]" (*Id.* at ¶144). Plaintiff Marshall alleges that she was assaulted on the upper steps

of the west side of the Capitol and inside. (*Id.* at ¶147). Plaintiff DeRoche alleges that he was

assaulted on the north side of the west front steps of the Capitol. (*Id.* at ¶149). Mr. Mele, they

allege, "at the steps next to the Upper West Terrace[.]" (*Id.* at ¶ ¶123,129). The Plaintiffs do not

contend that they were assaulted by Mr. Mele or that he encouraged an assault on any one of

them at said steps next to the Upper West Terrace, when Mr. Mele was allegedly present or

otherwise.

Even affording the broadest indulgence to aiding and abetting doctrine, the Plaintiffs still

fail to state a claim. Their direct claims here are against John Doe defendants. (Compl. at ¶¶185,

191). That they do not know who these people are but can assert that Mr. Mele (among others)

aided them is questionable. The Plaintiffs also do not allege any facts that would show Mr. Mele

was aware of the alleged assault or battery against any of the Plaintiffs.

Finally, perhaps most importantly, they allege no facts that would demonstrate knowing

and substantial assistance. The Plaintiffs' allegations meet none of the six factors of substantial

assistance recognized by the D.C. Circuit. First, the Plaintiffs do not allege Mr. Mele's alleged

assistance—words—contributed to their alleged attackers' hysteria, and very likely cannot given

their respective locations at the time of the acts. *Cf. Halberstam v. Welch*, 705 F.2d 472, 484

(D.C. Cir. 1983). Second, they do not allege any amount or kind of assistance. *Cf. id.* Third, none

of the Plaintiffs allege that Mr. Mele was in their vicinity at a point when he could be of

substantial assistance to these alleged assaults and batteries, much less at any point on January 6.

*Cf. id.* Yet again, the Plaintiffs cannot credibly assert a relationship between Mr. Mele and the

alleged tortfeasors because they cannot even name the alleged tortfeasors. *Cf. id.* Fifth, the

Plaintiffs do not allege Mr. Mele's state of mind; to the contrary, they complain of being struck

and exposed to noxious gasses such as bear spray, while Mr. Mele was alleged to have said "We

Stormed the Capitol" at the steps next to the Upper West Terrace. *Cf. id.* Finally, the Plaintiffs identify no bookends to Mr. Mele's alleged assistance, or "[t]he length of time [he] has been involved with a tortfeasor." *Cf. Halberstam*, 705 F.2d at 484.

Mr. Mele did not assault nor batter the Plaintiffs or anyone that day, conspire to do so, or aid and abet anyone who did. The Plaintiffs have failed to state a claim otherwise, and the Court should dismiss Counts IV and V against Mr. Mele.

### g. Plaintiffs fail to plead sufficient facts to establish a claim of Negligence (Count VI)

The Plaintiffs' final count is negligence. This is based off a supposed "duty to act reasonably and conform to the standards of conduct set out in criminal statutes." (Compl. at ¶197). The Plaintiffs then cite three different criminal laws that Mr. Mele was allegedly negligent in violating. *Id.* (¶¶198-203). But one may only bring a cause of action for negligence for violating a statute that does not provide for a cause of action when, among other things, "'the statue imposes specific duties'" on a defendant. *McCracken v. Walls-Kaufman*, 717 A.2d 346, 354 (D.C. Ct. App. 1998) (quoting *Marusa v. District of Columbia*, 484 F.2d 828, 834 (D.C. Ct. App. 1973)).

None of the criminal statutes that the Plaintiffs cite impose specific duties on Mr. Mele—they apply to every member of the public. Thus, they do not give rise to a civil cause of action. *Cf. McCracken*, 717 A.2d at 354 (addressing a statute that placed duties on providers of "'professional services of a medical, therapeutic, or counseling . . . nature'" (citation omitted)); *Marusa*, 484 F.2d at 834 (finding specific duties for tavern owners under regulations governing the sale of liquor); *see also Ray v. Proxmire*, 581 F.2d 998, 1001 (D.C. Cir. 1978) (finding no private cause of action or "duty of care in a common-law-tort cause of action" under 18 U.S.C. § 201 (1976)). The Court should therefore dismiss Count VI against Mr. Mele.

## CONCLUSION

Properly confined to the law, the Plaintiffs cannot assert facts that will state a claim against Mr. Mele or establish standing. The Plaintiffs present mere theories of conspiracy and aiding and abetting with conclusory allegations that do not establish a theory of liability between Mr. Mele and the Plaintiffs.

For the foregoing reasons, Ronald Mele respectfully requests that the Court grant this motion and dismiss the Plaintiffs' Complaint with prejudice.

Dated: November 12, 2021                    Respectfully Submitted

                                            Bailey & Romero

                                            By: _Steven C. Bailey_
                                            Steven C. Bailey
                                            *Counsel for Ronald Mele*

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2021, I electronically filed the foregoing motion with the Clerk of the Court by using CM/ECF system, which will send a notification of such filing to all counsel and registered parties.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct, and that this declaration was executed on November 12, 2021, at San Diego, California.

By: _____

Steven C. Bailey
Bailey & Romero Attorneys at Law
2535 Kettner Blvd., Suite 2A1
San Diego, CA 92101

Tel: (530) 212-3407
Steven@stevencbailey.org

*Counsel to Ronald Mele*