# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**CONRAD SMITH, et al.,**

    **Plaintiffs,**

    v.                        Case No: 1:21-cv-02265 (APM)

**DONALD J. TRUMP, et al.,**

    **Defendants.**

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JOSEPH R. BIGGS

Defendant Joseph R. Biggs ("defendant" or "Biggs"), by his undersigned attorneys, responds to the complaint as follows:

### FIRST DEFENSE
### (Lack of Subject Matter Jurisdiction)

The Court does not have subject matter jurisdiction to hear and decide this case.

### SECOND DEFENSE
### (Lack of Standing)

Plaintiffs lack standing to assert the claims set forth in the complaint.

### THIRD DEFENSE
### (Failure to State a Claim Upon Which Relief Can Be Granted)

The complaint fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE
### (First Amendment)

The complaint is barred in whole or in part by law governing protest-related speech, political speech and other forms of speech protected under the First Amendment.

## FIFTH DEFENSE
### (Contribution and Indemnity)

To the extent that any of plaintiffs' injuries were legally and proximately caused by persons other than defendant Biggs, then defendant Biggs is entitled to contribution and indemnity from such persons who are responsible.

## SIXTH DEFENSE
### (Contributory Negligence)

The complaint is barred in whole or in part by the doctrine of contributory negligence.

## SEVENTH DEFENSE
### (Equitable Estoppel)

The complaint is barred in whole or in part by the doctrine of equitable estoppel.

## EIGHTH DEFENSE
### (Additional Defenses and Avoidances)

Defendant hereby incorporates by reference as if fully set forth herein any other affirmative defense or avoidance which may be available to him under applicable federal law or District of Columbia law and which may be revealed by further investigation or discovery in this proceeding.

## NINTH DEFENSE
### (Specific Responses)

As his Ninth Defense, defendant Biggs responds to the specific averments in the complaint as follows:

1. No responses are required to the averments in paragraphs 1 through 10, paragraph 18, paragraphs 44 through 55, paragraphs 59 and 60, paragraph 62, paragraphs 64 through 74, paragraphs 78 through 85, paragraph 88, paragraphs 111 and 112, paragraph 121, and paragraphs 150 through 206 inclusive. To the extent a response is required, the averments are denied.

2. Defendant Biggs is without knowledge or information sufficient to form a belief as to the

truth of the averments in paragraphs 11 through 17, paragraphs 19 through 22, paragraphs 33 through 43, paragraph 76, paragraphs 89 and 90, paragraph 95, paragraphs 97 and 98, paragraphs 100 through 110, paragraphs 118 through 120, paragraphs 122 through 128, paragraphs 130 through 137, paragraphs 139 through 141, and paragraphs 143 through 149 inclusive.

  3. With respect to paragraph 23, defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in the first, second and fourth sentences. Biggs admits the averments in the third sentence to the extent they imply that Tarrio knows Stone but denies any express or implied remaining averments.

  4. With respect to paragraph 24, defendant admits the averments in the first two sentences to the extent they imply that Proud Boys is a global fraternity supported by membership dues but denies any express or implied remaining averments. Defendant denies the averments in the third sentence. Answering further, Biggs denies that Pezzolla was or is a member of the Proud Boys. Defendant denies averments in the final sentence but admits that the Ministry of Self Defense (MOSD) was created at some time in late December 2020. Answering further, the MOSD, as its full name implies, was created in response to stabbings on December 12 of four Proud Boys near the Harrington Hotel in downtown Washington, D.C. by a member of Antifa.

  5. With respect to paragraph 25, the averments in the first four sentences are denied. The averments in the final sentence are admitted.

  6. With respect to paragraph 26, defendant Biggs is without knowledge or information sufficient to form a belief as to the truth of the averments.

  7. With respect to paragraph 27, the averments are admitted except it is denied that Tarrio is chairman of PBI or that his shop sells white supremacist goods.

  8. With respect to paragraph 28, it is denied that Nordean holds any leadership position in the fraternity. Biggs is without knowledge or information sufficient to form a belief as to the truth of the averments about Nordean's residence or that Nordean "breached" the Capitol.

  9. With respect to paragraph 29, defendant admits the averments in the first sentence. No response is required to the averment in the second sentence. To the extent a response is required, the averment is denied.

10. With respect to paragraph 30, the averments in the first sentence are admitted. Biggs is without knowledge or information sufficient to form a belief as to the truth of the averment that Rehl "breached" the Capitol.

11. With respect to paragraph 31, the averments are admitted. Biggs is without knowledge or information sufficient to form a belief as to the truth of the averment that Donohoe "breached" the Capitol.

12. With respect to paragraph 32, it is denied that Pezzolla is a member of Proud Boys. Biggs is without knowledge or information sufficient to form a belief as to the truth of the averments that about Pezzolla's residence or that Pezzolla "breached" the Capitol.

13. Defendant denies the averments in the first two sentences of paragraph 56 but admits the averments in the final sentence.

14. Defendant denies the averments in the first sentence of paragraph 57 but admits the averments in the second and final sentence. Answering further, in Biggs's posting "Trump basically said to go f**k them up!", the word "them" refers to Antifa.

15. Defendant admits the averments in paragraphs 58, 61 and 63.

16. Defendant denies averments in paragraph 75 that state or imply that Proud Boys in Washington, D.C. on December 12 were violent, disrespectful of Black churches or motivated by racial prejudice. The averments about Tarrio's arrest are admitted. No response is required to the remaining averments in paragraph 75.

17. Defendant admits the averments in paragraph 77.

18. The averments in paragraph 86 concerning the Proud Boys nationally or in Long Island are denied. The averments in the final sentence concerning the Parler post are admitted. No response is required to the remaining averments in paragraph 86.

19. The averments in paragraph 87 concerning the Parler post are admitted. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 87.

20. Defendant denies the averments in paragraphs 91 through 93 to the extent that they state or imply that the Proud Boys or any of its members planned an attack on the Capitol to stop the

certification of the Biden-Harris election or for any other reason. Answering further, different Proud Boy street dress, different protective gear (i.e., stab-proof), different communications equipment and different communications channels on January 6 than used in past marches in Washington, D.C. were intended to detect and avoid Antifa while marching during the daylight hours.

21. The averments in paragraph 94 are denied. Answering further, at no time for any reason have the Proud Boys agreed to work with the Oath Keepers or the Three Percenters.

22. The averments in the first three sentences of paragraph 96 are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of fourth and fifth sentences. The averments in the final sentence are admitted.

23. The averments in paragraph 99 that state or imply that the Proud Boys on January 6 intended to attack the Capitol or to conceal anything from law enforcement are denied. Answering further, Proud Boy dress on January 6 was intended to avoid Antifa while marching during the daylight hours. Defendant is without knowledge or information sufficient to form a belief as to the truth of the final sentence in paragraph 99.

24. The averments in final sentence of paragraph 113 concerning the Proud Boys gathered at Peace Circle are denied. No response is required to the remaining averments.

25. With respect to paragraph 114, the averments in the first three sentences are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in the fourth, fifth and six sentences about the Oath Keepers' maneuvers on the east side of the Capitol. Defendant also denies that 300 Proud Boys were assembled at Peace Circle; rather, 50 to 60 were assembled. The remaining averments in paragraph 114 concerning Proud Boys rhetoric, communications, and movements are denied.

26. The averments in paragraph 115 are denied.

27. The averments in the first three sentences of paragraph 116 are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments.

28. Defendant denies each averment in paragraph 117 to the extent it states or implies that he was armed, that he attacked anyone, that he stole, damaged or threw anything or that he asked or

5

encouraged anyone to do any of the foregoing. Answering further, Biggs denies that Pezzolla was or is a member of the Proud Boys or that he saw or was aware of Pezzolla on January 6.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 129 through the second to the last line of the paragraph and the words "tarred and feathered." With respect to the last sentence in paragraph 129, defendant denies attacking police and forcing his way into the Capitol but admits saying "this is awesome" after being asked a question by a member of the media.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in the first two sentences of paragraph 138. Defendant admits the averments in the final sentence.

31. The averments in paragraph 142 are admitted.

32. Defendant denies each stated or implied averment in plaintiffs' complaint not specifically responded to above.

33. A jury trial is demanded on each count.

WHEREFORE, defendant requests that plaintiffs' complaint be dismissed in its entirety, with costs and attorneys' fees charged to plaintiffs.

Respectfully submitted,

COUNSEL FOR DEFENDANT
JOSEPH R. BIGGS

Dated: November 15, 2021

By: /s/ John Daniel Hull
J. DANIEL HULL
DC Bar No. 323006; California Bar No. 222862
HULL MCGUIRE PC
1420 N Street, N.W.
Washington, D.C. 20005
619-895-8336
jdhull@hullmcguire.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 15, 2021 he served a true and correct copy of the foregoing Answer and Affirmative Defenses of Defendant Joseph R. Biggs upon all counsel of record via the Electronic Case Filing (ECF) system.

By: */s/ John Daniel Hull*
JOHN DANIEL HULL
DC Bar No. 323006; California Bar No. 222862
HULL MCGUIRE PC
1420 N Street, N.W.
Washington, D.C. 20005
619-895-8336
202-429-6520
jdhull@hullmcguire.com