# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CONRAD SMITH, *et al.*,

    Plaintiffs,

       v.

DONALD J. TRUMP, *et al.*,

    Defendants.

Civil Action No. 1:21-CV-02265-APM

**DECLARATION OF EDWARD CASPAR IN SUPPORT OF PLAINTIFFS' MOTION
FOR AN EXTENSION OF TIME TO SERVE DEFENDANTS ALEXANDER,
HOSTETTER, AND RHODES**

1.      I, Edward Caspar, am counsel for Plaintiffs in this matter and Senior Counsel at the Lawyers' Committee for Civil Rights Under Law ("Lawyers' Committee").

2.      Prior to the filing of the complaint, the Lawyers' Committee and our co-counsel conducted research and retained a private investigation firm to conduct research into the whereabouts of Defendants Ali Alexander, Alan Hostetter, and Stewart Rhodes, among other Defendants, in order to facilitate the service of process on these Defendants.

3.      The legal team and the investigators reviewed public records databases such as TLO, Accurint, Westlaw, and IRBSearch to find information about the Defendants. They also reviewed publicly available information online, social media activity and news reports.

4.      From their research, the investigators identified the addresses:

    a.    5125 Pinellas Avenue, Fort Worth, Texas, as the residential address for Defendant Alexander since 2018;

    b.    515 Monterey Lane, Apartment 4, San Clemente, California, as the most likely residential address associated with Defendant Hostetter, as it was reported in

public records in May 2020 as his residence, and is listed in public records as the address for two companies registered to Defendant Hostetter;

c.  115 Coronado Lane, San Clemente California, as possibly an earlier address for Defendant Hostetter; and

d.  9012 Sawgrass Court, Granbury, Texas 76049, as a residential address associated with Defendant Rhodes.

5.      My co-counsel in this case retained the services of professional process servers to attempt to serve process on Defendants Alexander, Hostetter, and Rhodes at the foregoing addresses.

6.      During an attempt to serve Defendant Rhodes at the Sawgrass Court address above, the current resident of that address, who was not Stewart Rhodes, informed the process server that she had purchased the house in March 2021, not from Stewart Rhodes, and that she did not know anyone named Stewart Rhodes.

7.      Thereafter, I and my co-counsel requested that our private investigation firm conduct further research on the possible whereabouts of Defendant Rhodes. The investigators conducted further research and learned that the Sawgrass Court residence had been owned by a Secretary of the Oath Keepers organization, of which Defendant Rhodes is the President and Director. Defendant Rhodes had been known to reside there before the residence was sold in March 2021. The investigators also conducted further review of the Oath Keepers website, which revealed that the organization Rhodes leads has been accepting check and money order donations, as well as members' dues at 1030 E. Hwy 377, Suite 110 – 285 in Granbury, Texas. The website notes that mail should be addressed to "Oath Keepers Attn: Stewart Rhodes." Additionally, the investigators learned that recent reporting by The Wall Street Journal in June

2021 indicates that Rhodes often uses Oath Keeper funds for personal purposes. (The investigators cite the following internet address for this article: https://www.wsj.com/articles/proud-boys-and-oath-keepers-forceful-on-jan-6-privately-are-in-turmoil-11623859785.) They also noted that the Highway 377 address is approximately 14 miles away from the Sawgrass Court address in Granbury, Texas. The investigators further learned that the Highway 377 address belongs to a UPS Store, which offers private mailboxes to UPS customers.

8.      Concerning Defendant Alexander, when process servers made attempts at the Pinellas Avenue address, they noted a car with Texas license plate number DJN1784 in the driveway. I and my co-counsel asked our private investigation firm to identify the person to whom that car is registered. The investigators confirmed that the car was registered to Defendant Alexander as of December 2020.

9.      The investigators provided all of this information to me and my co-counsel on this case.

10.     In addition to the materials provided by investigators, I reviewed publicly available information from the Oath Keepers web site, https://oathkeepers.org, which directs new members to contact Defendant Rhodes at 1030 E. Hwy 377 Ste 110 – 285, Granbury, Texas.

11.     I also searched the website of the U.S. Postal Service for the tracking information on the certified mailing that our professional process servers sent to Defendant Hostetter on October 5, 2021. The affidavit detailing that service attempt lists the "Article Number" for that mailing as 7020 1290 0000 9482 2015. A true and correct copy of the tracking information associated with that number on usps.com is attached herewith as Exhibit A. Thereafter, on

November 20, 2021, I mailed a Rule 4 waiver request to Defendant Hostetter via first class mail to the Monterey Lane address in San Clemente, California.

12.     The professional process servers retained in this case provided Plaintiffs' counsel with affidavits detailing their attempts at service of process. Affidavits concerning the attempts to serve Defendant Alexander, Hostetter, and Rhodes, are attached as exhibits to the Plaintiffs' Motion for Extension of Time to Serve Defendants Alexander, Hostetter, and Rhodes. These affidavits are true and correct copies of the affidavits provided to Plaintiffs' counsel by the professional process servers we retained.

13.     I attempted to facilitate service of Defendant Alexander in communications with Baron Coleman, the registered agent for Defendant Alexander's enterprise, Stop the Steal, LLC, which also is a defendant in this case.

14.     On November 17, 2021, Mr. Coleman emailed me, notifying him that Mr. Alexander had an upcoming deposition before the House Select Committee to Investigate the January 6th Attack on the United States Capitol, and asking, "May we have until Dec 16 to respond to your complaint, so we can focus on the deposition at this time?" A true and correct copy of this email is included in Exhibit B, attached hereto.

15.     After receiving the email, I spoke with Mr. Coleman on the phone to ask whether he represented Defendant Alexander or Defendant Stop the Steal, LLC, in this case. Mr. Coleman indicated that he did not represent either defendant but was just assisting Defendant Alexander. I informed Mr. Coleman that Defendant Alexander had not yet been served with process, but I suggested that Defendant Alexander could waive service of process, which would afford him 60 days to respond to the Complaint. I asked Mr. Coleman if he would share Defendant Alexander's address, so that Plaintiffs could mail him the Rule 4 waiver form. Mr.

Coleman declined to share the address, but he indicated that he would forward the waiver form to Defendant Alexander by email. I emailed the waiver request to Mr. Coleman as suggested, and I also mailed the waiver request to Defendant Alexander's Pinellas Avenue address, per the service waiver provisions of Rule 4(d).

16.     On November 22, 2021, Mr. Coleman emailed me, writing: "I spoke with Ali [Alexander], and I will accept service on behalf of Ali personally in exchange for a 60-day extension to answer for STS and Ali, in accordance with our agreement.  Please confirm this is acceptable." Exhibit B contains a true and correct copy of this email.

17.     I responded to that email on November 23, declining the offer and indicating that, because Mr. Coleman did not represent Defendant Alexander as legal counsel in this case, Defendant Alexander would have to sign the service waiver form himself. Alternatively, I suggested that, if Defendant Alexander would prefer to be served personally, and he would make himself available to process servers by November 25, Plaintiffs would arrange to serve him and agree to the 60 days he requested to respond to the Complaint. Exhibit B includes a true and correct copy of this email

18.     Mr. Coleman responded on November 23 by emailing a waiver form with Defendant Alexander's typed name, an illegible signature, and no information for Mr. Alexander's address, email, or phone number, as required by the form. The email and its attached waiver form is attached hereto as Exhibit C.

19.     I responded by email to Mr. Coleman, asking for Defendant Alexander to complete the form and for confirmation that he intends to waive service. Exhibit C includes a true and correct copy of that responsive email. Mr. Coleman responded on November 24, 2021, confirming that he does not represent Defendant Alexander in this matter, refusing to complete

the waiver form with Defendant Alexander's contact information, and "instructing" me not to attempt to contact Defendant Alexander. I replied by email on November 24, stating that, because Mr. Coleman does not represent Defendant Alexander in this matter, I could not accept his representation that Defendant Alexander intended to waive service. I also advised that Plaintiffs in this case would need to continue their attempts to serve Defendant Alexander, and that I may need to contact him to facilitate that service. Mr. Coleman responded by email asking whether it would help if he copied the attorney who represents Defendant Alexander in this matter, and I replied that it would be helpful if Mr. Coleman could put me in touch with that attorney. Mr. Coleman had not yet responded as of the time I completed this Declaration and filed the Motion for Extension of Time. Exhibit C, attached hereto, includes true and correct copies of the emails described in this paragraph.

20.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Executed on November 24, 2021                    /s/ Edward G. Caspar_____
                                                 Edward G. Caspar

# EXHIBIT A

# USPS Tracking®

**FAQs ›**

### Track Another Package  +

**Tracking Number:** 70201290000094822015                 Remove ✕

Your item was delivered to an individual at the address at 5:20 pm on November 16, 2021 in WASHINGTON, DC 20009.

## ⊘ Delivered, Left with Individual

November 16, 2021 at 5:20 pm
WASHINGTON, DC 20009

Feedback

---

**Text & Email Updates**                                              ⌄

---

**Tracking History**                                                  ⌃

November 16, 2021, 5:20 pm
Delivered, Left with Individual
WASHINGTON, DC 20009
Your item was delivered to an individual at the address at 5:20 pm on November 16, 2021 in WASHINGTON, DC 20009.

---

November 15, 2021, 11:21 pm
Departed USPS Regional Facility
WASHINGTON DC DISTRIBUTION CENTER

---

November 15, 2021, 2:33 pm
Arrived at USPS Regional Facility
WASHINGTON DC DISTRIBUTION CENTER

November 14, 2021
In Transit to Next Facility

---

November 11, 2021, 9:22 am
Arrived at USPS Facility
PASADENA, CA 91109

---

October 28, 2021, 11:22 am
Unclaimed/Being Returned to Sender
SAN CLEMENTE, CA 92674

---

Reminder to Schedule Redelivery of your item

---

October 13, 2021, 4:38 pm
Notice Left (No Authorized Recipient Available)
SAN CLEMENTE, CA 92672

---

October 12, 2021, 5:06 am
Arrived at Post Office
SAN CLEMENTE, CA 92674

---

October 11, 2021, 7:42 am
Arrived at USPS Facility
SAN CLEMENTE, CA 92674

---

October 11, 2021, 7:02 am
Departed USPS Regional Facility
SANTA ANA CA DISTRIBUTION CENTER

---

October 10, 2021, 5:56 pm
Arrived at USPS Regional Facility
SANTA ANA CA DISTRIBUTION CENTER

---

October 10, 2021, 5:18 pm
Departed USPS Regional Facility
ANAHEIM CA DISTRIBUTION CENTER

Feedback

October 10, 2021, 3:16 pm
Arrived at USPS Regional Facility
ANAHEIM CA DISTRIBUTION CENTER

October 8, 2021, 9:55 pm
Arrived at USPS Regional Facility
MERRIFIELD VA DISTRIBUTION CENTER

## Product Information ⌃

**Postal Product:**                                    **Features:**
                                                       Certified Mail™

See Less ⌃

Feedback

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

# EXHIBIT B

| | |
|---|---|
| **From:** | Edward Caspar |
| **To:** | Baron Coleman |
| **Cc:** | David Brody |
| **Subject:** | RE: Service on Stop the Steal, LLC; Smith, et al., v. Trump, et al. |
| **Date:** | Tuesday, November 23, 2021 9:19:00 AM |

Baron, thanks for your email. Because, as I understand it, you are not his counsel, Ali will have to sign the waiver form himself and return it to me. If you are his lawyer, you would need to enter an appearance, and then you could sign the waiver form. Alternatively, if he would like to be served personally, and he would let us know where our process servers could meet him today or tomorrow, we would personally serve him and we would agree to the 60 days he requests.

Please let me know how you and Ali would like to proceed.

Ed

---

**From:** Baron Coleman <baron@baroncoleman.com>
**Sent:** Monday, November 22, 2021 10:28 PM
**To:** Edward Caspar <ecaspar@lawyerscommittee.org>
**Cc:** David Brody <dbrody@lawyerscommittee.org>
**Subject:** Re: Service on Stop the Steal, LLC; Smith, et al., v. Trump, et al.

Ed,

I spoke with Ali, and I will accept service on behalf of Ali personally in exchange for a 60-day extension to answer for STS and Ali, in accordance with our agreement.  Please confirm this is acceptable.

Sincerely,

Baron

> On Nov 19, 2021, at 11:13 AM, Edward Caspar
> <ecaspar@lawyerscommittee.org> wrote:
>
> Baron, I realized that I emailed you the wrong waiver form. (It was one that Mr.
> Martinez had used.) Attached is the correct form for Mr. Alexander and a copy of the
> Complaint. I'll look forward to hearing from you or Mr. Alexander on this.
>
> Best,
>
> Ed
>
> ---
> **From:** Edward Caspar
> **Sent:** Thursday, November 18, 2021 11:06 AM

**To:** Baron Coleman <baroncoleman@gmail.com>
**Cc:** baron baroncoleman.com <baron@baroncoleman.com>; David Brody
<dbrody@lawyerscommittee.org>
**Subject:** RE: Service on Stop the Steal, LLC; Smith, et al., v. Trump, et al.

Baron, thanks for talking with me on the phone this morning. Per our
conversation, I would appreciate it if you could please forward this email and the
attached documents to Mr. Alexander. As you know, Mr. Alexander is a
defendant in the above-referenced civil action in the U.S. District Court for the
District of Columbia (Case No. 1:21-cv-02265).

The Plaintiffs in the case, whom I represent, request that Mr. Alexander waive
service of summons in the case. This should allow him the time that you
requested for him to respond to the complaint. Per Federal Rule of Civil
Procedure 4, Mr. Alexander will have 60 days from the date of this request to
respond to Complaint. We request that Mr. Alexander return the waiver form—
signed by him—to us within 30 days. We would accept the return via email to my
email address, either through you or from him directly.

Thanks for your attention to this.

Best regards,

Ed

Edward Caspar (he, him, his)
Senior Counsel
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
(202) 662-8390
ecaspar@lawyerscommittee.org
www.lawyerscommittee.org
<image001.jpg>

---

**From:** Baron Coleman <baroncoleman@gmail.com>
**Sent:** Wednesday, November 17, 2021 10:00 PM
**To:** Edward Caspar <ecaspar@lawyerscommittee.org>
**Cc:** baron baroncoleman.com <baron@baroncoleman.com>; David Brody
<dbrody@lawyerscommittee.org>
**Subject:** Re: Service on Stop the Steal, LLC; Smith, et al., v. Trump, et al.

Mr. Caspar:

Ali is scheduled for a deposition before the House Jan 6 committee on Dec 9.

May we have until Dec 16 to respond to your complaint, so we can focus on the

deposition at this time?

A quick check shows not everyone has been served and the case doesn't appear to be moving rapidly right now.

I don't believe your clients would experience any prejudice to their case by the requested extension.

Thanks for your time.

Sincerely,

Baron

> On Oct 31, 2021, at 9:02 AM, Baron Coleman <baroncoleman@gmail.com> wrote:
>
> Please consider this the date of service for stop the steal, not Mr. Alexander personally.
>
> Sent from my iPhone
>
>> On Oct 28, 2021, at 8:13 AM, Edward Caspar <ecaspar@lawyerscommittee.org> wrote:
>>
>> Mr. Coleman, per your request, attached to this email are the service documents in the above-referenced civil case in the U.S. District Court for the District of Columbia. Please let me know right away if you are unable to access the files.
>>
>> All the best,
>>
>> Ed Caspar
>>
>> _____
>> **From:** Baron Coleman Law Firm <baron@baroncoleman.com>
>> **Sent:** Thursday, October 28, 2021 6:46 AM
>> **To:** Edward Caspar <ecaspar@lawyerscommittee.org>
>> **Cc:** David Brody <dbrody@lawyerscommittee.org>
>> **Subject:** Re: Service on Stop the Steal, LLC; Smith, et al., v. Trump, et al.
>>
>> I absolutely am NOT ducking service, but for some reason the attachments are coming through.
>>
>> Please email my personal

account, baroncoleman@gmail.com.  I fear there's a
problem with this service.

G. Baron Coleman
**Baron Coleman Law Firm**
Three South Jackson Street
PO Box 789
Montgomery, AL 36101-0789
(334) 625-9097

* * * * * * * * * * * * *

THIS ELECTRONIC COMMUNICATION
IS PRIVILEGED AND CONFIDENTIAL

IMPORTANT NOTICE TO EMAIL RECIPIENTS:

DO NOT read, copy, or disseminate this
communication unless you are the intended addressee.

This email communication contains confidential
and/or privileged information intended only for the
addressee. Anyone who receives this email by
error should treat it as confidential and is asked to call
Baron Coleman Law Firm at (334) 625-9097 or reply by
email to baron@baroncoleman.com.

This email transmission may not be secure and may be
illegally intercepted. Do not forward or disseminate this
email to any third party. Unauthorized interception of
this email is a violation of federal law.

Any reliance on the information contained in this
correspondence by someone who has not entered into a
fee agreement with Baron Coleman Law Firm is taken at
the reader's own risk.

The attorneys of Baron Coleman Law Firm are licensed
to practice law ONLY in Florida and Alabama and do
not intend to give advice to anyone on any legal
matter not involving Florida or Alabama law.

On Oct 19, 2021, at 11:57 AM, Edward
Caspar <ecaspar@lawyerscommittee.org>
wrote:

Mr. Coleman, it looks like you received the attachments on October 14 in the email from Rebecca Short on which I was copied. For ease of reference, I attached it to my last email, and I reattach it here. Please have look and let me know.

Ed

---

**From:** Baron Coleman <baron@baroncoleman.com>
**Sent:** Tuesday, October 19, 2021 12:26 PM
**To:** Edward Caspar <ecaspar@lawyerscommittee.org>
**Cc:** David Brody <dbrody@lawyerscommittee.org>
**Subject:** Re: Service on Stop the Steal, LLC; Smith, et al., v. Trump, et al.

I still have not received any attachments. No service at this time.

Please forward me the attachments.

On Oct 19, 2021, at 9:56 AM, Edward Caspar <ecaspar@lawyerscommittee.org> wrote:

Mr. Coleman, per our conversation last week, could you please acknowledge receipt of service and let us know whether you accept it?

Thanks for your attention to this.

Ed

---

**From:** Edward Caspar
**Sent:** Thursday, October 14, 2021 1:15 PM

**To:** Baron Coleman
<[baron@baroncoleman.com](mailto:baron@baroncoleman.com)>
**Cc:** David Brody
<[dbrody@lawyerscommittee.org](mailto:dbrody@lawyerscommittee.org)>
**Subject:** RE: Service on Stop the
Steal, LLC; Smith, et al., v. Trump,
et al.

Hi, Baron. We're working with
Capitol Process to help serve all
the defendants in this case, and
I've asked them to send you the
emails with all the papers. They
will copy me on the email. I think
Rebecca Short from their office
just sent you everything.

Thanks again, Baron. I'll look
forward to hearing from you on
this.

Ed

---

**From:** Baron Coleman
<[baron@baroncoleman.com](mailto:baron@baroncoleman.com)>
**Sent:** Thursday, October 14, 2021
12:04 PM
**To:** Edward Caspar
<[ecaspar@lawyerscommittee.org](mailto:ecaspar@lawyerscommittee.org)>
**Cc:** David Brody
<[dbrody@lawyerscommittee.org](mailto:dbrody@lawyerscommittee.org)>
**Subject:** Re: Service on Stop the
Steal, LLC; Smith, et al., v. Trump,
et al.

**[EXTERNAL EMAIL]** This email
originated outside the organization. Do
not click any links or open any
attachments unless you can verify the
legitimacy.

I do not see an attachment.  Can
you please try forwarding
again?

Thanks,

Baron

G. Baron Coleman
**Baron Coleman Law Firm**
Three South Jackson Street
PO Box 789
Montgomery, AL 36101-0789
(334) 625-9097

* * * * * * * * * * * * * *

THIS
ELECTRONIC COMMUNICATION
IS PRIVILEGED
AND CONFIDENTIAL

IMPORTANT NOTICE TO
EMAIL RECIPIENTS:

DO NOT read, copy,
or disseminate this
communication unless you are
the intended addressee.

This email
communication contains
confidential and/or privileged
information intended only for
the addressee. Anyone who
receives this email by
error should treat it as
confidential and is asked to call
Baron Coleman Law Firm at
(334) 625-9097 or reply
by email: baron@baroncoleman.com.

This email transmission may
not be secure and may be
illegally intercepted. Do not
forward or disseminate this
email to any third party.
Unauthorized interception of
this email is a violation of
federal law.

Any reliance on the
information contained in this
correspondence by someone
who has not entered into a fee
agreement with Baron Coleman
Law Firm is taken at the

reader's own risk.

The attorneys of Baron
Coleman Law Firm are licensed
to practice law ONLY in
Florida and Alabama and do not
intend to give advice to anyone
on any legal matter not
involving Florida or
Alabama law.

> On Oct 14, 2021, at
> 10:12 AM, Edward
> Caspar
> <ecaspar@lawyerscommittee.org>
> wrote:
>
> Baron, thank you for
> talking with me this
> morning and for
> suggesting that I go
> ahead and email you
> the papers to be
> served on Stop the
> Steal. I understand
> that once you
> receive the papers,
> you will email me
> back to let me know
> whether you will
> accept service by
> email, or whether
> we need to make
> any corrections in
> service.
>
> I will coordinate with
> our process servers
> on this, and they will
> copy me on the
> email.
>
> Copying my co-
> counsel.
>
> Thanks again,

Ed

Edward Caspar (he,
him, his)
Senior Counsel
Lawyers' Committee
for Civil Rights Under
Law
1500 K Street NW,
Suite 900
Washington, DC
20005
(202) 662-8390
ecaspar@lawyerscommittee.org
www.lawyerscommittee.org
*<image001.jpg>*

Edward Caspar (he,
him, his)
Senior Counsel
Lawyers' Committee
for Civil Rights Under
Law
1500 K Street NW,
Suite 900
Washington, DC
20005
(202) 662-8390
ecaspar@lawyerscommittee.org
www.lawyerscommittee.org
*<image001.jpg>*

<Mail Attachment.eml>

<summons for stop the steal.pdf>
<001 - Complaint.pdf>
<notice of right to trial before magistrate.pdf>
<001 - Complaint.pdf><Alexander waiver form.pdf>

# EXHIBIT C

**From:** Edward Caspar
**To:** Baron Coleman
**Subject:** RE: Signed waiver - Attorney Client Privilege
**Date:** Wednesday, November 24, 2021 12:26:00 PM

Baron, thank you. It would be very helpful if you could put me in contact with the attorney who represents Mr. Alexander in this matter.

Ed

**From:** Baron Coleman <baron@baroncoleman.com>
**Sent:** Wednesday, November 24, 2021 12:11 PM
**To:** Edward Caspar <ecaspar@lawyerscommittee.org>
**Subject:** Re: Signed waiver - Attorney Client Privilege

Thank you for your response. Will it help if I cc the attorney who represents him on this matter? Your distinction between being a personal attorney for a client with the authority to accept service and negotiate an extension and actually planning to enter an appearance in this case when a responsive pleading is eventually filed is one I'm not following.

To be clear. Mr. Alexander is in grave danger and will not make his whereabouts known to a hostile party, including you and your clients, mostly because the danger he faces is in part because of your lawsuit and media releases.

I hope that makes sense and you understand the predicament.

I'll be happy to cc his lawyer who ultimately will be filing a responsive pleading if that helps bridge this gap.

Otherwise, you've asked me on a number of occasions to accept service on his behalf, and I'm willing to do that now. My acceptance and his waiver will give you what you seek.

Thanks,

Baron

On Nov 24, 2021, at 9:54 AM, Edward Caspar <ecaspar@lawyerscommittee.org> wrote:

Baron, I appreciate your efforts to help Mr. Alexander, but since you do not represent him in this matter, I cannot accept your representation that he intends to waive service. Also, to be clear, we do not yet have an agreement. If Mr. Alexander will either make himself available for service of process or properly execute a waiver of service, then I will agree to his having 60 days to respond to the Complaint. (If he properly executes a waiver, he automatically gets 60 days.)

As counsel for Plaintiffs, I must continue to attempt to serve Mr. Alexander with

process. And until I learn that Mr. Alexander has legal counsel in this matter, I may attempt to contact him by mail, phone, or email.

If he genuinely wishes to secure a 60-day extension to respond to the Complaint, he should contact me, or arrange through you to make himself available to me for service of process, or he should properly execute the Rule 4 service waiver form and return it to me. I would be happy to coordinate with you on this. In the meantime, we will continue our efforts to serve Mr. Alexander with process.

Ed

---

**From:** Baron Coleman <baron@baroncoleman.com>
**Sent:** Wednesday, November 24, 2021 9:58 AM
**To:** Edward Caspar <ecaspar@lawyerscommittee.org>
**Subject:** Re: Signed waiver - Attorney Client Privilege

I will not be his lawyer for this case, but I generally am his personal lawyer. He will not be providing his personal information at this time. You can address any questions, comments, or concerns to me until another lawyer enters an appearance on this matter.

I'm instructing you not to attempt to contact Mr. Alexander in any capacity or continue to send things to any address you believe to be his residential address. You may not attempt to contact him by email or telephone. You may email me to this email address copies of anything you wish to send him, and I will make sure he gets them.

He is waiving service, as evidenced in the document you requested that he executed.

As a result of our agreement, we appreciate your willingness to work with Mr. Alexander on this 60-day extension to file a responsive pleading to your complaint.

Thank you,

Baron


On Nov 23, 2021, at 11:32 PM, Edward Caspar <ecaspar@lawyerscommittee.org> wrote:

Baron, thank you for forwarding this form. I think we are almost, but not quite, there. The form is incomplete. Mr. Alexander needs to fill in his address, email, and phone number. And because you are not his legal counsel in this case, I will need to speak with him on Wednesday to

confirm that he intends to waive service. It would be fine with me if you were on the line as well. Alternatively, Mr. Alexander can complete and sign the waiver form that I mailed to his residence, and return it to me by email or mail.

Please let me know how Mr. Alexander would like to proceed, or ask him to call me at (202) 662-8390.

Thanks again,

Ed

---

**From:** Baron Coleman <baron@baroncoleman.com>
**Sent:** Tuesday, November 23, 2021 7:47 PM
**To:** Edward Caspar <ecaspar@lawyerscommittee.org>
**Subject:** Fwd: Signed waiver - Attorney Client Privilege

**[EXTERNAL EMAIL]** This email originated outside the organization. Do not click any links or open any attachments unless you can verify the legitimacy.

Please see attached.


Begin forwarded message:

**From:** Ali A <ali@viceandvictory.com>
**Subject: Signed waiver - Attorney Client Privilege**
**Date:** November 23, 2021 at 5:44:47 PM CST

See attached

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| Smith, et al., | ) |
| *Plaintiff* | ) |
| v. | ) |
| Trump, et al., | ) |
| *Defendant* | ) |

Civil Action No.   1:21-cv-02265-APM

## WAIVER OF THE SERVICE OF SUMMONS

To:   Edward Caspar
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____November 19, 2021_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  **11-23-21**

_____
*Signature of the attorney or unrepresented party*

Ali Alexander

_____
Ali Abdul-Razaq Akbar, a/k/a Ali Alexander
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

| Print | Save As... | | Reset |
|---|---|---|---|