**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CONRAD SMITH, *et al.*

**Plaintiffs**,

v.

DONALD J. TRUMP,  *et al.*                                            Civil Action No.  1:21-cv-02265-APM

**Defendants.**

**DEFENDANT ZACHARY REHL'S MOTION FOR RECONSIDERATION**
**ON HIS MOTION FOR STAY**

Comes now the Defendant Zachary Rehl, by counsel, and hereby moves the Court for

reconsideration of its order denying a stay of this civil case.

Counsel understands the Court's Minute Order postponing consideration of problems that

may arise while many of these Defendants are facing criminal prosecution and trial until such

time as those difficulties may be sharply presented in isolation.  Whereas many Defendants

asked to have the case in its entirety stayed, the Court seems to have indicated that it will

consider individual steps or activities within the case separately.

However, the Plaintiffs, by counsel, have filed a motion for extension of time on

November 24, 2021, in which to serve three named Defendants, including Ali Alexander and

Stewart Rhodes, on the grounds that despite diligent attempts they have been unable to effectuate

service upon them.   The Court has also docketed undeliverable mail sent to Thomas Caldwell.

The Plaintiffs report some unreliable mention that Ali Alexander might waive service,

but that procedure would extend the time even further before that Defendant and perhaps others

would participate in the Rule 12 motions now before the Court.  A waiver of service would allow

a Defendant 60 days in which to file a responsive pleading.

An additional reason named in Rehl's Motion for Stay and in other Defendants' Motions for Stay was the unruly nature of having many Defendants following different timetables and schedules within this case. Rehl's motion identified the fact that many Defendants had not yet been served or made appearances if served, and that this created a chaotic set of deadlines (if that is expressed perhaps more clearly here now).

Rehl, by counsel, requests that the Court reconsider whether a stay might also be appropriate so that all of the Defendants can be brought under the same timetable for the benefit of the Court's handling of the case as well as the Defendants' responses.

The three Defendants who have not been served and for which the Plaintiffs' seek more time would be significant and important participants.

Stewart Rhodes is of course identified as the head of the Oath Keepers. Based on the tenuous house of cards theory of not merely these Plaintiffs but all of the political class, prosecution at the U.S. Attorney's Office for the District of Columbia, and Select Committee of the U.S. Congress, the role of the participation of the head of the Oath Keepers would be far more significant than any of the other, individual Oath Keepers named. Without assuming that Stewart Rhodes will necessarily ever be served, just being careful not to prejudge, or assuming what the evidence may show, it would seem to be disadvantageous to proceed without the head of the Oath Keepers' involvement, only to later in the process have the leader of the Oath Keepers enter a belated appearance. This would be upside down logically, or at least most likely to make the process backwards, the wrong way around. Especially given the total absence of any evidence of the individual Defendants' liability for the actions of about 50 violent hooligans with which these Defendants have no relationship whatsoever, it would be important to proceed with

the Oath Keepers' leader leading the way to those downstream of the leader in this lawsuit.

Similarly, counsel is learning more about the mitigating factors involving Ali Alexander as events unfolded on January 6, 2021.  However, Ali Alexander is the only person who claims to have been the "National Organizer" of "Stop the Steal."  All of the other Defendants, although former President Donald Trump hasn't addressed it, deny leading anything on or relating to January 6, 2021, except themselves.

The only person who publicly declared himself as the "National Organizer" of "Stop the Steal" has not been served and is not in the case.

So we would be proceeding in this lawsuit *without* the only person who claims to have been "the leader" (although perhaps former President Trump might also) and against those who deny being the leader of anyone but themselves and their peaceful friends.

Of course, "Stop the Steal" is an ill-defined slogan referring to dozens of rallies, protests, and events all around the country stretching between November 2020 and January 6, 2021.  It refers to the peaceful, First Amendment protected rallies planned at the Ellipse on January 6, 2021, as well as the demonstrations for which the U.S. Capitol Police issued permits for gatherings on the U.S. Capitol Grounds on January 6, 2021, and rallies in previous months in cities around the country.  But Ali Alexander created an entity Stop the Steal, LLC.

While counsel expects these Defendants to have strong and successful defenses to the Complaint, for the purposes of a stay and scheduling, the fact that they are key figures in the peaceful, First Amendment rallies and events all across the country and at the Ellipse on January 6, 2021, makes it difficult to conceive of proceeding in this lawsuit without them participating on the same timetable as everyone else.

WHEREFORE, the goal of an orderly proceeding for the lawsuit on a consistent schedule

is an important consideration that the Court should reconsider in light of the new developments

that two of the most significant Defendants have not even been served yet.

Dated:  December 5, 2021          RESPECTFULLY SUBMITTED
                                  ZACHARY REHL, *By Counsel*


          Jonathon A. Moseley, Esq.

USDCDC Bar No. VA005
Virginia State Bar No. 41058
Mailing address only:
5765-F Burke Centre Parkway, PMB #337
Burke, Virginia 22015
Telephone:  (703) 656-1230
Facsimile:  (703) 997-0937
Contact@JonMoseley.com
Moseley391@gmail.com


          Jonathon A. Moseley, Esq.

Mr. Damon Hewitt, Esq.
Jon Greenbaum, Esq., D.C. Bar No. 489887
Edward G. Caspar, Esq., D.C. Bar No. 1644168
David Brody, Esq., D.C. Bar No. 1021476
Arusha Gordon, Esq., D.C. Bar No. 1035129
Noah Baron, D.C. Esq., Bar No. 1048319
Adonne Washington Esq.,
Lawyers' Committee for Civil Rights Under Law
1500 K Street N.W., Suite 900
Washington, DC 20005
Telephone: (202) 662-8300
jgreenbaum@lawyerscommittee.org
dhewitt@lawyerscommittee.org
ecaspar@lawyerscommittee.org
dbrody@lawyerscommittee.org
agordon@lawyerscommittee.org

nbaron@lawyerscommittee.org
awashington@lawyerscommittee.org
*Legal Co-Counsel for Plaintiffs*

Mr. Robert C Buschel, Esq.
BUSCHEL & GIBBONS, P.A.
501 East Las Olas Boulevard, Suite 304
Fort Lauderdale, Florida 33301
Telephone: 954-530-5748
Buschel@bglaw-pa.com
*Legal Counsel for Defendant Roger Stone*

Juli Zsuzsa Haller, Esq.
LAW OFFICES OF JULIA HALLER
601 Pennsylvania Avenue, NW, Suite 900
S. Building
Washington, DC 20036
Telephone: 202-352-2615
hallerjulia@outlook.com
*Legal Counsel for Kelly Meggs*

Stephen R. Klein, Esq.
BARR & KLEIN PLLC
1629 K Street NW, Suite. 300
Washington, DC 20006
Telephone: 202-804-6676
steve@barrklein.com
*Legal Counsel for Brandon J. Straka*

Nicholas D. Smith
DAVID B. SMITH, PLLC
7 East 20th Street, Suite 4r
New York, NY 10003
Telephone: 917-902-3869
nds@davidbsmithpllc.com
*Legal Counsel for Felipe Antonio Martinez*

Jonathon A. Moseley, Esq.