## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CONRAD SMITH, *et al*

        Plaintiffs,

  v.

DONALD J. TRUMP, *et al*

        Defendants.

Civil Action No. 1:21-CV-02265-APM

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT REHL'S MOTION FOR RECONSIDERATION

Defendant Rehl's motion does not meet this Court's well-established standard for reconsideration and is wholly without merit. He identifies no errors in this Court's prior decision, no change in controlling law, no new relevant facts, and no harm—let alone manifest injustice—that would occur in the absence of reconsideration.  And, indeed, none of these exist.  The Court should deny the motion.

### Procedural Background

On November 10, 2021, this Court denied the motions to stay of Defendants Rehl, Nordean, Taylor, and Kinnison, who had argued that the prosecution of this case jeopardized their Fifth Amendment rights. The Court disagreed, holding that no Defendant had explained how "the filing of a Rule 12 motion would compromise his 5th Amendment right"; that any risk to Defendants' Fifth Amendment rights "is not a prospect that any defendant faces imminently"; and that "the dilemma defendants claim to face will not present itself anytime soon." Minute Order Denying Various Motions to Stay (entered Nov. 10, 2021).  On the contrary, the Court found that "a stay for individual defendants risks future delay in this case." *Id.*

1

## Legal Authority and Analysis

"[A] district court should not grant a motion for reconsideration unless the moving party shows new facts or clear errors of law which compel the court to change its prior position." *Nat'l Ctr. For Mfg. Sciences v. Dept. of Defense*, 199 F.3d 507, 511 (D.C. Cir. 2000). "A court 'should be loathe' to grant a motion for reconsideration 'in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice.'" *Associated Mortgage Bankers Inc. v. Carson*, 281 F.Supp.3d 5, 7 (D.D.C. 2017) (quoting *Marshall v. Honeywell Tech. Sols., Inc.*, 598 F.Supp.2d 57, 59 (D.D.C. 2009)). "Reconsideration may be warranted where there was a patent misunderstanding of the parties, where a decision was made that exceeded the issues presented, where a court failed to consider controlling law, or where a significant change in the law occurred after the decision was rendered." *Marshall*, 598 F. Supp. 2d at 59-60. The movant must show both that reconsideration is warranted and that "harm or injustice would result" if it is denied. *Id*. at 60.

Defendant Rehl's motion for reconsideration should be denied because he fails to establish any of the prerequisites for the relief he seeks. He identifies no new facts, error, or misunderstanding by the Court. He does not identify any decision of the Court that exceeded the issues presented. He does not identify any failure of the Court to consider controlling law or any subsequent changes to the law. And he identifies no manifest injustice or harm to himself that would result without reconsideration.

Defendant Rehl argues only that another case schedule—one that stays all proceedings until service on remaining Defendants is complete—is preferable to what this Court has ordered. These are not "extraordinary circumstances." *Associated Mortgage Bankers*, 281 F. Supp. 3d at 7. Nor are they new. At the time the Court denied the stay motions on November 10, 2021, the

Court and the parties were well aware that a small number of Defendants had yet to be served. *See* Minute Order Denying as Moot Defendant Martinez's Motion to Clarify (entered Nov. 1, 2021) (acknowledging that the consolidated briefing schedule would not apply to defendants who had not yet been served). As Plaintiffs noted in their Motion for a Consolidated Briefing Schedule, a consolidated schedule is preferable "notwithstanding the Defendants remaining to be served and the failure of some Defendants to appear or to respond to the Complaint, because it is uncertain whether or by when any of these defendants will be served process or appear, and suspending the litigation would prejudice both the Defendants who have appeared and the Plaintiffs, who share a common interest in the resolution of the claims in the Complaint." ECF 59, at 2.[1]

## <u>Conclusion</u>

For the foregoing reasons, Defendant Rehl's motion is meritless and the Court should deny it.

*/s/ David Brody*_____                    December 10, 2021
Jon Greenbaum, D.C. Bar No. 489887
Edward G. Caspar, D.C. Bar No. 1644168
David Brody, D.C. Bar No. 1021476
Arusha Gordon, D.C. Bar No. 1035129
Adonne Washington, *pro hac vice*
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street N.W., Suite 900
Washington, DC 20005
Tel: (202) 662-8300
jgreenbaum@lawyerscommittee.org
ecaspar@lawyerscommittee.org
dbrody@lawyerscommittee.org
agordon@lawyerscommittee.org
awashington@lawyerscommittee.org
**Counsel for Plaintiffs**

---

[1] On December 9, 2021, Plaintiffs personally served Defendant Alexander. Plaintiffs intend to submit a filing documenting this service soon. The Plaintiffs' motion for extension of time to serve remaining defendants is pending with the Court.

## **CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5, a copy of the foregoing filing is being served electronically on those parties who have appeared and registered with the Court's ECF system. Plaintiffs are serving remaining defendants via first class mail or other permitted means.

 */s/ David Brody*
David Brody