UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CONRAD SMITH, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:21-cv-2265-APM |
| DONALD J. TRUMP, et al., | ) |
| Defendants. | ) |

**DEFENDANT FELIPE MARTINEZ'S FIRST MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND (b)(6)**

Nicholas D. Smith (D.C. Bar No. 1029802)
7 East 20th Street
New York, NY 10003
Phone: (917) 902-3869
nds@davidbsmithpllc.com

*Counsel to Felipe Martinez*

Defendant Felipe Martinez, through his counsel, files this first motion to dismiss the Amended Complaint, pursuant to Rule 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure.

Defendant Martinez joins in its entirety the first motion to dismiss the Amended Complaint filed by Derek Kinnison. ECF No. 96. To that motion, Martinez adds the following brief points.

Plaintiffs' decision to add Martinez as a defendant in this case underscores how little diligence their counsel exercised before filing their claims in this matter. As with the majority of the defendants here, Plaintiffs' allegations concerning Martinez are simply lifted from a parallel criminal case in the January 6 investigation. Unfortunately for Plaintiffs, the criminal case against Martinez is, on its face, among the grossest abuses of prosecutorial charging discretion in the Capitol riot cases.

Martinez is an itinerant pipelayer of modest means. He has no criminal history and is unfailingly polite and a generous family man. He did not enter the Capitol Building on January 6, despite the initial Complaint's false claim to the contrary. He had no interactions with law enforcement that day, destroyed no property, engaged in no violence, and helped wash pepper spray from people's eyes during the aftermath of the event. The federal government does not allege otherwise. Although the government has entered into Class B misdemeanor plea agreements with hundreds of protesters who entered the Capitol building—including with those who used controlled substances inside, entered senators' offices, engaged in disorderly conduct, and stole property—Martinez, who did not enter the building, has been charged with felony obstruction of justice. Only a perverse interpretation of the obstruction of justice laws would reach nonviolent, protected speech and expressive conduct outside the Capitol building during a

1

"proceeding" involving no investigation and no evidence.  *See*, *e.g.*, *Lederman v. United States*, 291 F.3d 36, 44 (D.C. Cir. 2002) ("[T]he East Front sidewalk [of the Capitol] is a public forum."); *Jeannette Rankin Brigade v. Chief of Capitol Police*, 342 F. Supp. 575 (D.D.C. 1972) (three-judge panel) *summarily affirmed* 409 U.S. 972 (1972) (finding that First Amendment rights of 5,000 protesters were violated when they were prohibited from protesting Vietnam War on the steps of the Capitol).

This is the defendant Plaintiffs have sued for a violation of the Ku Klux Klan Act.  And their lack of concern regarding the accuracy or justice of their allegations against Martinez shows.  Although he is added to a complaint alleging assaults, batteries, racial injustice and much else besides, the Amended Complaint alleges facts specific to Martinez three times.  None comes close to supporting a decision to file these claims against Martinez:

- Martinez "discussed plans to travel to Washington, D.C., on a Telegram chat that TAYLOR later named 'The California Patriots-Answer the Call Jan. 6.'" Compl., ¶ 99;
- Martinez wore a "plate-carrier vest" as he "joined" people "on the Upper West Terrace" of the Capitol.  *Id.*, ¶ 134;
- Martinez "breached police barricades on the United States Capitol grounds on January 6." *Id.*, ¶ 43.

It should be needless to say that these "facts" do not support Plaintiffs' sweeping claims that Martinez is personally responsible for their injuries.  It should be needless to add that Plaintiffs' counsel have abused the privilege of filing claims in Court, forcing a defendant to expend significant resources responding to them, particularly where those claims are based on criminal charges which are themselves abusive.

For all of the reasons set out in Kinnison's motion to dismiss, Counts I – VI should be dismissed.

Dated: December 23, 2021            Respectfully submitted,

/s/ Nicholas D. Smith
Nicholas D. Smith (D.C. Bar No. 1029802)
7 East 20th Street
New York, NY 10003
Phone: (917) 902-3869
nds@davidbsmithpllc.com

*Counsel to Felipe Martinez*

## Certificate of Service

I hereby certify that on the 23rd day of December 2021, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

Edward G. Caspar
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street, NW
Suite 900
Washington, DC 20005
202-662-8390
Email: ecaspar@lawyerscommittee.org

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ Nicholas D. Smith
Nicholas D. Smith (D.C. Bar No. 1029802)
7 East 20th Street
New York, NY 10003
Phone: (917) 902-3869
nds@davidbsmithpllc.com