UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**CONRAD SMITH, et al.,**

      **Plaintiffs,**

      v.                                Case No: 1:21-cv-02265 (APM)

**DONALD J. TRUMP, et al.,**

      **Defendants.**

### DEFENDANT JOSEPH R. BIGGS'S ANSWER AND
### AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant Joseph R. Biggs ("defendant" or "Biggs"), by his undersigned attorneys, responds to the amended complaint ("complaint") as follows:

### FIRST DEFENSE
### (Lack of Subject Matter Jurisdiction)

The Court does not have subject matter jurisdiction to hear and decide this case.

### SECOND DEFENSE
### (Lack of Standing)

Plaintiffs lack standing to assert the claims set forth in the complaint.

### THIRD DEFENSE
### (Failure to State a Claim Upon Which Relief Can Be Granted)

The complaint fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE
### (First Amendment)

The complaint is barred in whole or in part by law governing protest-related speech, political speech and other forms of speech protected under the First Amendment.

## FIFTH DEFENSE
### (Contribution and Indemnity)

To the extent that any of plaintiffs' injuries were legally and proximately caused by persons other than defendant Biggs, then defendant Biggs is entitled to contribution and indemnity from such persons who are responsible.

## SIXTH DEFENSE
### (Contributory Negligence)

The complaint is barred in whole or in part by the doctrine of contributory negligence.

## SEVENTH DEFENSE
### (Equitable Estoppel)

The complaint is barred in whole or in part by the doctrine of equitable estoppel.

## EIGHTH DEFENSE
### (Additional Defenses and Avoidances)

Defendant hereby incorporates by reference as if fully set forth herein any other affirmative defense or avoidance which may be available to him under applicable federal law or District of Columbia law and which may be revealed by further investigation or discovery in this proceeding.

## NINTH DEFENSE
### (Specific Responses)

As his Ninth Defense, defendant Biggs responds to the specific averments in the complaint as follows:

1. No responses are required to the averments in paragraphs 1 through 10, paragraph 19, paragraphs 46 through 57, paragraphs 61 and 62, paragraphs 69 through 71, paragraphs 73 through 78, paragraph 85, paragraphs 83 through 89, paragraph 111, paragraph 121, paragraph 123, and paragraphs 165 through 221 inclusive.  To the extent a response is required, the averments are denied.

2. Defendant Biggs is without knowledge or information sufficient to form a belief as to the

truth of the averments in paragraphs 11 through 18, paragraphs 20 through 24, paragraphs 35 through 45, paragraphs 65 through 68, paragraph 81, paragraphs 90 and 91, paragraphs 94 through 96, paragraph 101, paragraph 104, paragraphs 106 through 110, paragraphs 112 through 120, paragraph 122, paragraph 124, paragraphs 129 through 139, paragraphs 141 through 155, and paragraphs 157 through 164 inclusive.

    3. With respect to paragraph 25, defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in the first, second and fourth sentences. Biggs admits the averments in the third sentence to the extent they imply that Tarrio knows Stone but denies any express or implied remaining averments.

    4. With respect to paragraph 26, defendant admits the averments in the first two sentences to the extent they imply that Proud Boys is a global fraternity supported by membership dues but denies any express or implied remaining averments. Defendant denies the averments in the third sentence. Answering further, Biggs denies that Pezzola was or is a member of the Proud Boys. Defendant denies averments in the final sentence but admits that the Ministry of Self Defense (MOSD) was created at some time in late December 2020. Answering further, the MOSD, as its full name implies, was created in response to stabbings on December 12 of four Proud Boys near the Harrington Hotel in downtown Washington, D.C. by a member of Antifa.

    5. With respect to paragraph 27, the averments in the first four sentences are denied. The averments in the final sentence are admitted.

    6. With respect to paragraph 28, defendant Biggs is without knowledge or information sufficient to form a belief as to the truth of the averments.

    7. With respect to paragraph 29, the averments are admitted except it is denied that Tarrio is chairman of PBI or that his shop sells white supremacist goods.

    8. With respect to paragraph 30, it is denied that Nordean holds any leadership position in the fraternity. Biggs is without knowledge or information sufficient to form a belief as to the truth of the averments about Nordean's residence or that Nordean "breached" the Capitol.

    9. With respect to paragraph 31, defendant admits the averments in the first sentence. No response is required to the averment in the second sentence. To the extent a response is required, the averment is denied.

10. With respect to paragraph 32, the averments in the first sentence are admitted. Biggs is without knowledge or information sufficient to form a belief as to the truth of the averment that Rehl "breached" the Capitol.

11. With respect to paragraph 33, the averments are admitted. Biggs is without knowledge or information sufficient to form a belief as to the truth of the averment that Donohoe "breached" the Capitol.

12. With respect to paragraph 34, it is denied that Pezzola is a member of Proud Boys. Biggs is without knowledge or information sufficient to form a belief as to the truth of the averments that about Pezzola's residence or that Pezzola "breached" the Capitol.

13. Defendant denies the averments in the first two sentences of paragraph 58 but admits the averments in the final sentence.

14. Defendant denies the averments in the first sentence of paragraph 59 but admits the averments in the second and final sentence. Answering further, in Biggs's posting "Trump basically said to go f**k them up!", the word "them" refers to Antifa.

15. Defendant admits the averments in paragraphs 60 and 63.

16. With respect to paragraph 72, Biggs is without knowledge or information sufficient to form a belief as to the truth of the averments in subsections a through d and f through j. He admits the date of and substance of the quoted posting in subsection e but denies the remaining express or implied averments in subsection e. Answering further, no response is required to the averments in the first three lines of paragraph 72. To the extent a response is required, the averments are denied.

17. With respect to paragraph 79, defendant admits that the December 12, 2020 rally took place, that Tarrio appeared and that Proud Boys attended. Defendant is without knowledge or information sufficient to form a belief as to the truth of any of the remaining averments in paragraph 79.

18. Defendant denies averments in paragraph 80 that state or imply that Proud Boys in Washington, D.C. on December 12 attacked anyone or were violent, disrespectful of Black churches or motivated by racial prejudice. The averments about Tarrio's arrest are admitted. No response is required to any of the remaining express or implied averments in paragraph 80.

19. Defendant admits the averments in paragraph 82.

20. The averments in paragraph 92 concerning the Proud Boys nationally or in Long Island are denied.  The averments in the second to last sentence concerning the date and wording of the Parler post are admitted but are denied in all other respects. No response is required to the remaining express or implied averments in paragraph 92.

21. The averments in paragraph 93 concerning the wording of the Parler post are admitted. Defendant is without knowledge or information sufficient to form a belief as to the truth of the Remaining averments in paragraph 93.

22. Defendant denies the averments in paragraphs 97 and 98 and paragraph 99.c to the extent that they state or imply that the Proud Boys or any of its members planned an attack on the Capitol to stop the certification of the Biden-Harris election or for any other reason. The averments of paragraphs 99.b and 99.d about the MOSD's creation, approximate creation date and wording of the communications are admitted but are denied in all other respects.  Answering further, different Proud Boy street dress, different protective gear, different communications equipment and different communications channels on January 6 than used in past marches in Washington, D.C. were intended to detect and avoid Antifa while marching during the daylight hours.

23. The averments of paragraphs 100 are denied. Answering further, at no time for any reason have the Proud Boys agreed to work with the Oath Keepers or the Three Percenters.

24. The averments in the first three sentences of paragraph 102 are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of fourth and fifth sentences.  The averments in the final sentence are admitted. Answering further, at no time for any reason have the Proud Boys agreed to work with the Oath Keepers.

25. The averments of paragraph 103 that state or imply that the Proud Boys on January 6 intended to attack the Capitol or to conceal anything from law enforcement are denied. Answering further, Proud Boy dress on January 6 was intended to avoid Antifa while marching during the daylight hours. Defendant denies any other remaining express or implied averments in paragraph 103.

26. The averments of paragraph 105 that Proud Boys were asked not to wear traditional "colors" on January 6 are admitted; however, remaining express or implied averments are denied.

27. With respect to paragraph 125, defendant admits that Proud Boys were assembled at Peace Circle. Answering further, only 50 to 60 were assembled. The remaining express or implied averments concerning Proud Boys rhetoric, communications, and movements are denied.

28. The averments in paragraph 126 are denied.

29. The averments in the first three sentences of paragraph 127 are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 127.

30. Defendant denies each averment in paragraph 128 to the extent it states or implies that he was armed, that he attacked anyone, that he stole, damaged or threw anything or that he asked or encouraged anyone to do any of the foregoing. Answering further, Biggs denies that Pezzola was or is a member of the Proud Boys or that he saw or was aware of Pezzola on January 6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in the last sentence of paragraph 128.

31. No response is required to the averments in the first sentence of paragraph 140. To the extent a response is required, the averments are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 140 in subsections a through i and subsection k. With respect to subsection j, Biggs denies attacking police or forcing his way into the Capitol but admits saying "this is awesome" after being asked a question by a member of the media "What do you think, Biggs?" soon after entering.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in the first two sentences of paragraph 151. Defendant admits the averments in the final sentence.

33. The averments in paragraph 156 are admitted.

34. Defendant denies each stated or implied averment in plaintiffs' complaint not specifically responded to above.

35. A jury trial is demanded on any count that survives dismissal.

WHEREFORE, defendant requests that plaintiffs' amended complaint be dismissed in its entirety, with costs and attorneys' fees charged to plaintiffs.

                                        Respectfully submitted,

                                        COUNSEL FOR DEFENDANT
                                        JOSEPH R. BIGGS

Dated: December 23, 2021          By: /s/ John Daniel Hull
                                        J. DANIEL HULL
                                        DC Bar No. 323006; California Bar No. 222862
                                        HULL MCGUIRE PC
                                        1420 N Street, N.W.
                                        Washington, D.C.  20005
                                        619-895-8336
                                        202-429-6520
                                        jdhull@hullmcguire.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 23, 2021 he served a true and correct copy of the foregoing Defendant Joseph R. Biggs's Answer and Affirmative Defenses to Amended Complaint upon all counsel of record via the Electronic Case Filing (ECF) system.

By: /s/ *John Daniel Hull*
JOHN DANIEL HULL
DC Bar No. 323006; California Bar No. 222862
HULL MCGUIRE PC
1420 N Street, N.W.
Washington, D.C.  20005
619-895-8336
202-429-6520
jdhull@hullmcguire.com