## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CONRAD SMITH,

    and

DANNY McELROY

    and

                                                        Civil Action No.  1:21-cv-02265-APM

BYRON EVANS

    and

GOVERNOR LATSON,

    and

MELISSA MARSHALL

    and

MICHAEL FORTUNE

    and

JASON DEROCHE

    and

REGINALD CLEVELAND

                             **Plaintiffs**,

    v.

DONALD J. TRUMP,  *"solely in his personal capacity"*

    and

DONALD J. TRUMP FOR PRESIDENT, INC.
c/o Bradley T. Crate

    and

MAKE AMERICA GREAT AGAIN PAC

c/o Bradley T. Crate

     and

STOP THE STEAL L.L.C.
c/o George B. Coleman

     and

ALI ALEXANDER, a/k/a
Ali Abdul Razaq Akbar, a/k/a Ali Abdul Akbar

     and

BRANDON J. STRAKA

     and

ROGER J. STONE, JR.

     and

PROUD BOYS, an unincorporated association

     and

PROUD BOYS INTERNATIONAL, L.L.C.
c/o Jason L. Van Dyke

     and

ENRIQUE TARRIO

     and

ETHAN NORDEAN

     and

JOSEPH R. BIGGS

     and

ZACHARY REHL

     and

CHARLES DONOHOE

and

DOMINIC J. PEZZOLA

and

OATH KEEPERS
c/o Christopher R. Grobl, Esq.

and

STEWART RHODES
and

THOMAS E. CALDWELL
and

JESSICA WATKINS

and

KELLY MEGGS

and

ALAN HOSTETTER

and

RUSSELL TAYLOR

and

ERIK SCOTT WARNER

and

FELIPE ANTONIO "TONY" MARTINEZ

and

DEREK KINNISON

                    and

RONALD MELE

                    and

JOHN DOES 1-10,
                              **Defendants.**

---

### **DEFENDANT ZACHARY REHL'S RENEWED**
### **RULE 12(f) MOTION TO STRIKE IMPROPER MATERIAL**
### **FROM PLAINTIFF'S AMENDED COMPLAINT**

Comes now the Defendant Zachary Rehl, and hereby moves to strike from the Amended

Complaint what is called in the law somewhat colorfully or curiously "immaterial, impertinent,

or scandalous matter" for the reasons set forth in his companion Memorandum of Law, pursuant

to Federal Rules of Civil Procedure Rule ("FRCP") Rule 12(f), including allegations that are not

only added for improper purposes to falsely subvert the course of justice by inflaming and

deceiving the jury pool in the District of Columbia but are clearly false for both reasons in

violation of FRCP Rule 11.

False and prejudicial allegations which are impertinent and deceptive and which are

sanctionable under FRCP 11 qualify as the oddly-named "scandalous" type of material which the

Court can and should strike from the Amended Complaint.

FRCP Rule 12(f) authorizes such as follows:

> (f) MOTION TO STRIKE. The court may strike from a pleading an
> insufficient defense or any redundant, immaterial, impertinent, or
> scandalous matter. The court may act:
> (1) on its own; or
> (2) on motion made by a party either before responding to the
> pleading or, if a response is not allowed, within 21 days after being
> served with the pleading.

While the son and grandson of police officers, Zachary Rehl, believes that U.S. Capitol

Police officers injured in the line of duty should be made whole as much as can be done by those who actually injured them, false claims of racism are improper and do actual harm, possibly even sparking physical confrontations in the future.

The Defendant asks that the Plaintiffs restate their Complaint without reference to the Klu Klux Klan ("KKK"), a "Klu Klux Klan Act," or the unnecessary mention of the race of any person, false and scurrilous allegations of racism or White supremacy, which is extremely prejudicial and offensive and likely to confuse a jury chosen from the voters of the District of Columbia.

There is no "Klu Klux Klan Act" but only the Civil Rights Act of 1871.  *See, e.g., the reference in Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 664, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).   Plaintiffs should not use an improper, little-used name for Public Law (P.L.) 42-22 (April 20, 1871) -- Session 42, Chapter 22; 17 Stat. 13, formally named **"An Act to enforce the Provisions of the Fourteenth Amendment to the Constitution of the United States and for other Purposes."**  The other informal name of the Civil Rights Act of 1871 is "**The Third Enforcement Act of 1871.**"  While the Act has occasionally been called by this informal name, the unofficial name is improper and incendiary.

Plaintiffs also seek to defame the Defendants out of court by this mis-use.  Defendant states that these references are sanctionable under FRCP Rule 11 as a further reason that they should be ordered stricken from the Complaint.

The Plaintiffs, by counsel, sanctionably allege "65. Many of the false claims of election fraud propagated by Defendants targeted Black and minorities." and "Giuliani falsely claimed there had been widespread voter fraud in Detroit, Atlanta, Philadelphia, and Pittsburgh—all of which have large Black populations—and that Philadelphia had "a sad history of voter fraud."

However, Guiliani never mentioned the race of anyone, to Defendant's knowledge.  No claims had anything to do with the race or minority status of any voter.

Furthermore, the claims made by those questioning the legitimacy of the 2020 Presidential election centered on the evidence that Democrat activists fraudulently voted in the name of voters who did not actually vote themselves through reckless lessening of safeguards on absentee voting, or that votes were cast for people who do not exist or are dead.  Thus, the race of the voter is irrelevant.   While race is irrelevant in any event, it would be the race of the criminal who stole someone else's identity to cast a fraudulent vote who would be a starting point.  The actual voters whose votes were allegedly stolen are victims.

The Black and other minority status of the voters whose vote was stolen fraudulently is clearly irrelevant and  "immaterial, impertinent, or scandalous matter" that is sanctionable under Rule 11 and should be stricken under Rule 12(f).

**CONCLUSION**

Plaintiffs should be ordered to file an Amended Complaint without the objectionable content.

**CERTIFICATE OF CONSULTATION**

When this same motion was filed against the original Complaint the Plaintiffs opposed it.

Jonathon A. Moseley, Esq.

**REQUEST FOR HEARING**

Pursuant to Local Rules Rule 7.1(b), the Defendant Zachary Rehl requests oral argument. The Defendant estimates the time required as thirty minutes for Defendant's side of the argument

on this particular motion.

Dated:  December 24, 2021          RESPECTFULLY SUBMITTED
                                   ZACHARY REHL, *By Counsel*

Jonathon A. Moseley, Esq.

USDCDC Bar No. VA005
Virginia State Bar No. 41058
Mailing address only:
5765-F Burke Centre Parkway, PMB #337
Burke, Virginia 22015
Telephone:  (703) 656-1230
Facsimile:  (703) 997-0937
Contact@JonMoseley.com
Moseley391@gmail.com

Jonathon A. Moseley, Esq.

Mr. Damon Hewitt, Esq.
Jon Greenbaum, Esq., D.C. Bar No. 489887
Edward G. Caspar, Esq., D.C. Bar No. 1644168
David Brody, Esq., D.C. Bar No. 1021476
Arusha Gordon, Esq., D.C. Bar No. 1035129
Noah Baron, D.C. Esq., Bar No. 1048319
Adonne Washington Esq.,
Lawyers' Committee for Civil Rights Under Law
1500 K Street N.W., Suite 900
Washington, DC 20005
Telephone: (202) 662-8300
jgreenbaum@lawyerscommittee.org
dhewitt@lawyerscommittee.org
ecaspar@lawyerscommittee.org
dbrody@lawyerscommittee.org
agordon@lawyerscommittee.org
nbaron@lawyerscommittee.org
awashington@lawyerscommittee.org
*Legal Co-Counsel for Plaintiffs*

Mr. Robert C Buschel, Esq.
BUSCHEL & GIBBONS, P.A.
501 East Las Olas Boulevard, Suite 304
Fort Lauderdale, Florida 33301
Telephone: 954-530-5748
Buschel@bglaw-pa.com
*Legal Counsel for Defendant Roger Stone*

Juli Zsuzsa Haller, Esq.
LAW OFFICES OF JULIA HALLER
601 Pennsylvania Avenue, NW, Suite 900
S. Building
Washington, DC 20036
Telephone: 202-352-2615
hallerjulia@outlook.com
*Legal Counsel for Kelly Meggs*

Stephen R. Klein, Esq.
BARR & KLEIN PLLC
1629 K Street NW, Suite. 300
Washington, DC 20006
Telephone: 202-804-6676
steve@barrklein.com
*Legal Counsel for Brandon J. Straka*

Nicholas D. Smith
DAVID B. SMITH, PLLC
7 East 20th Street, Suite 4r
New York, NY 10003
Telephone: 917-902-3869
nds@davidbsmithpllc.com
*Legal Counsel for Felipe Antonio Martinez*

Jonathon A. Moseley, Esq.