IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CONRAD SMITH, *et al.*

                **Plaintiffs**,

v.

DONALD J. TRUMP, *"solely in his personal capacity"*

                **Defendants.**

Civil Action No.  1:21-cv-02265-APM

# MEMORANDUM OF LAW IN SUPPORT OF
# MOTION FOR WITHDRAWAL OF DEFENDANTS' COUNSEL JONATHON MOSELEY FOR DEFENDANT ZACHARY REHL

COMES NOW COUNSEL FOR THE DEFENDANT ZACHARY REHL and hereby moves the Court for an Order of withdrawal of counsel from this civil lawsuit, and for his grounds states as follows:

1. Counsel Jonathon Moseley consulted with the Plaintiffs' counsel who agreed with this motion but expressed concern that the Court could delay hearing and decision upon the pending motions to dismiss if Zachary Rehl were unrepresented by counsel with the motions to dismiss incomplete.  Accordingly, Moseley agreed to modify his motion to become effective after the conclusion of the briefing on the pending motions to dismiss and decision by the Court.  It was Moseley's preference to withdraw immediately.

2. Counsel Jonathon Moseley entered his appearance in this civil lawsuit after Zachary Rehl was served in detention with the summons and complaint.

3. Rehl had almost no money with which to defend the civil lawsuit or even the criminal

charges against him. His litigation budget was essentially $0.00.

4. Zachary Rehl requested to switch representation in the criminal case to a court-appointed attorney or public defender. Zachary Rehl was appointed Carmen Hernandez as his court-appointed attorney in December.

5. However, the Rehls never referred to or communicated about Moseley's continued involvement in the civil lawsuit, despite Moseley advising Zachary Rehl's point of contact Mrs. Rehl of the question about the handling of the civil lawsuit.

6. Moseley notified Mrs. Rehl in early January of the advisability of Moseley withdrawing.

7. This week Moseley notified Rehl's court-appointed attorney Carmen Hernandez and his only point of contact with Rehl, Rehl's wife, of the need to withdraw.

8. There has been no response to the last communication on that topic, nor previous communications only to Rehl's wife.

9. To make it clear that Moseley's involvement was only intended to be short-term, and to make the status of the case clear for any further proceedings, Moseley states as follows.

10. To avoid Zachary Rehl suffering a default, Moseley entered an Answer.

11. Rehl and Moseley did not expect to Moseley to continue working on the civil case long term.

12. Because Moseley believes that January 6 Defendants may be placed at risk of violence, ill-treatment, or harassment in detention in part because of the widespread myth that they hold discriminatory views and because these defamatory statements will pollute the jury pool for either criminal or civil procedures, Moseley thought it

necessary even without funding to definitively reject this false reputation. Moseley felt it was essential to allow for a chance for an unbiased jury free of adverse publicity.

13. However, this was still meant only as part of Moseley's short-term involvement so that the initial round of responses would be complete and the lawsuit could be taken up later after Rehl's scheduled criminal trial by some other attorney.

14. Therefore, Moseley also filed as essential to try to stop and to counter smears that would deny the Defendant a fair trial to file a Motion to Strike Impertinent Material debunking false representations about the Proud Boys.

15. Moseley filed an Answer instead of a Motion to Dismiss because of the great complexity of the omnibus Complaint inter-weaving multiple Defendants and actions and group actions and cross flowing actions among different Defendants and people unknown would in Moseley's opinion make it vastly more work and expense to try to analyze the entire Complaint and research and file a Motion to Dismiss rather than just file an Answer for the purpose of preserving Zachary Rehl's rights against a default, and for other reasons of legal analysis.

16. That is, again, the goal was to set up the minimum essential posture to avoid a default on the Complaint or of rights, not as a long-term involvement in the civil case.

17. For any future proceedings – given that Moseley is now withdrawing – it should not be forgotten that Moseley carefully Answered only in terms of public information and Moseley's own investigation of facts, not offering any representations from Zachary Rehl that could be waivers of Rehl's Fifth Amendment rights against self-incrimination.

18. The Answer clearly opens by stating that any assertion of facts are statements only of the attorney, Moseley, from Moseley's knowledge of public information and his own his own by external investigation, and are not the factual statements of Rehl facing prosecution.

19. Moseley then immediately filed a **Motion to Stay**, hoping to stop all further work on the civil case, at least with regard to those Defendants who are or were at the time facing criminal prosecution.

20. Many of the other Defendants joined or followed suit in Moseley's Motion to Stay.

21. In other words, it was obviously not Moseley's or Rehl's intention to spend a lot of Rehl's money litigating this civil case if at all possible.

22. The intention was for Moseley merely to avoid a default, allow Rehl to make arrangements when time permitted, and hopefully to stay the civil case entirely.

23. The Court denied the stay, but without prejudice, and seems to have been saying that any matter that might implicate information that would be statements against interest with the pending criminal trial would be taken up later on a case by case basis.

24. The Court did not address the problem of incarcerated Defendants marshalling or reviewing legal pleadings or evidence or information while in jail.

25. Subsequently, some months later the Plaintiffs filed an Amended Complaint.

26. Thus, a new round of responsive pleadings was due soon thereafter and required.

27. Faced with the least-bad choice of avoiding a default by Zachary Rehl, Moseley filed responsive pleadings to the Amended Complaint.

28. However, Moseley has not been paid for any of his work on this civil lawsuit by any source (only some for the criminal case).

29. To avoid any disparaging implication, in fairness, it should be stated that Facebook and other social media have banned links to Zachary Rehl's fund-raising page at "our Freedom Funding" and his friend's hope to raise substantial funds has been frustrated in many ways.

30. Moseley does not wish to add to the stress and burden of the Rehls at this difficult time for them, but is being faced with baseless, unfounded, and illogical objections that his representation of Proud Boys member Zachary Rehl in this civil lawsuit might somehow interfere with his representation of Oath Keeper Kelly Meggs.

31. This objection is rejected as clearly false and unbelievable on its face, but in order to focus on a looming criminal case rather than a civil lawsuit which should be and will probably be stayed in its components on a case by case basis due to Zachary Rehl heading towards trial in the criminal case, the priority must weigh in favor of making sure that Kelly Meggs has a criminal defense.

32. The U.S. Attorney's Office for the District of Columbia has tried to argue in open court and just confirmed by email when asked by not withdrawing it (in Moseley's words) that because the Proud Boys are completely innocent of planning, leading, or implementing anything other than their own travel to D.C. to patrol against possible threats from ANTIFA to vulnerable, unarmed Trump rally-goers on January 5-6, 2021, in Washington, D.C. that that must mean that the Oath Keepers are responsible instead.

33. The U.S. Attorney's Office seems to be indoctrinated with the conspiracy theory that someone must have organized the misbehavior of a tiny, tiny minority of the attendees, such that if the entire series of events wasn't planned and orchestrated by

the Proud Boys that it must have been planned and orchestrated by the Oath Keepers, thus creating a conflict of interest.

34. The reality that nothing was planned or orchestrated by either the Oath Keepers or the Proud Boys other than their own personal travel to Washington, D.C., and patrolling against violence from ANTIFA or other Left-wing counter-demonstrators seems to escape the attention of the U.S.A.O.

35. The fact that rejecting any liability on the part of the Proud Boys does not in any way implicate the Oath Keepers, or vice versa, because there were an estimated 500,000 to 1 million people, or at least a couple hundred thousand, seems to be unimaginable to the U.S.A.O. (as implied admitted by their Thursday email).

36. The objection that others, not the Proud Boys, went off the rails and brawled with police cannot logically mean that therefore the Oath Keepers did so.

37. Nevertheless, under the circumstances, to the detriment of Zachary Rehl, but preferable to disrupting a pending criminal trial, Moseley must choose to represent Oath Keeper member Kelly Meggs in a looming criminal defense trial over defending a civil lawsuit which is likely to be stayed with regard to Zachary Rehl's actions or involvement beyond the Motion to Dismiss stage.

38. Therefore, on the equities of the situation, Zachary Rehl's civil attorney must choose to withdraw.

WHEREFORE, counsel for Zachary Rehl, Jonathon Moseley, requests that the Court enter an order confirming Mr. Jonathon Moseley's withdrawal as civil counsel for Zachary Rehl, and Moseley urges that concerned citizens who believe in the rule of law, facts, evidence, and truth donate to the legal defense of this innocent patriot, a former Marine, and hopes that at the

proper time when it is needed a civil attorney will be available when this civil lawsuit finally progresses after Zachary Rehl's expected acquittal in his criminal trial.

Dated: January 28, 2022         RESPECTFULLY SUBMITTED
                                ZACHARY REHL, *By Counsel*

                                Jonathon A. Moseley, Esq.

                                USDCDC Bar No. VA005
                                Virginia State Bar No. 41058
                                Mailing address only:
                                5765-F Burke Centre Parkway, PMB #337
                                Burke, Virginia 22015
                                Telephone:  (703) 656-1230
                                Facsimile:  (703) 997-0937
                                Contact@JonMoseley.com
                                Moseley391@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2022, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants.  From my review of the PACER / ECF docket records for this case that the following attorneys will receive notice through the ECF system of the U.S. District Court for the District of Columbia.

                                Jonathon A. Moseley, Esq.

            Mr. Damon Hewitt, Esq.
            Jon Greenbaum, Esq., D.C. Bar No. 489887
            Edward G. Caspar, Esq., D.C. Bar No. 1644168
            David Brody, Esq., D.C. Bar No. 1021476
            Arusha Gordon, Esq., D.C. Bar No. 1035129
            Noah Baron, D.C. Esq., Bar No. 1048319
            Adonne Washington Esq.,

7

Lawyers' Committee for Civil Rights Under Law
1500 K Street N.W., Suite 900
Washington, DC 20005
Telephone: (202) 662-8300
jgreenbaum@lawyerscommittee.org
dhewitt@lawyerscommittee.org
ecaspar@lawyerscommittee.org
dbrody@lawyerscommittee.org
agordon@lawyerscommittee.org
nbaron@lawyerscommittee.org
awashington@lawyerscommittee.org
*Legal Co-Counsel for Plaintiffs*

Mr. Robert C Buschel, Esq.
BUSCHEL & GIBBONS, P.A.
501 East Las Olas Boulevard, Suite 304
Fort Lauderdale, Florida 33301
Telephone: 954-530-5748
Buschel@bglaw-pa.com
*Legal Counsel for Defendant Roger Stone*

Juli Zsuzsa Haller, Esq.
LAW OFFICES OF JULIA HALLER
601 Pennsylvania Avenue, NW, Suite 900
South Building
Washington, DC 20036
Telephone: 202-352-2615
hallerjulia@outlook.com
*Legal Counsel for Kelly Meggs*

Stephen R. Klein, Esq.
BARR & KLEIN PLLC
1629 K Street NW, Suite. 300
Washington, DC 20006
Telephone: 202-804-6676
steve@barrklein.com
*Legal Counsel for Brandon J. Straka*

Ms. Nicholas D. Smith, Esq.
DAVID B. SMITH, PLLC
7 East 20th Street, Suite 4r
New York, NY 10003
Telephone: 917-902-3869
nds@davidbsmithpllc.com
*Legal Counsel for Felipe Antonio Martinez*

Mr. Robert C Buschel, Esq.
BUSCHEL & GIBBONS, P.A.
501 East Las Olas Boulevard, Suite 304
Fort Lauderdale, FL 33301
Telephone: (954) 530-5748
E-mail: Buschel@bglaw-pa.com
*Legal Counsel for Roger Stone*

**Mr. Grant J. Smith, Esq.**
STRATEGYSMITH, P.A.
401 East Las Olas Boulevard, Suite 130-120
Fort Lauderdale, Florida 33301
Telephone: (954) 328-9064
E-mail: gsmith@strategysmith.com
*Legal Counsel for Roger Stone*

Mr. Nicolai Cocis, Esq.
LAW OFFICE OF NICOLAI COCIS
25026 Las Brisas Road
Murrieta, California 92562
Telephone: (951) 695-1400
E-mail: nic@cocislaw.com
*Legal Counsel for Derek Kinnison*

Dyke Huish, Esq.
LAW OFFICE OF DYKE HUISH
26161 Marguerite Parkway, Suite B
Mission Viejo, California 92692
Telephone: (949) 257-3068
E-mail: huishlaw@mac.com
*Legal Counsel for Russell Talor*

Mr. John Daniel Hull, IV, Esq.
HULL MCGUIRE PC
1420 N Street, NW
Washington, DC 20005
Telephone: (202) 429-6520
Fax: 412-261-2627
E-mail: jdhull@hullmcguire.com

Mr. Paul D. Kamenar
D.C. Bar #914200
1629 K Street, N.W. Suite 300
Washington, DC 20006
Telephone: (301) 257-9435
Email: paul.kamenar@gmail..com

*Legal Counsel for Ali Alexander*

Mr. Jesse R. Binnall, Esq.
Binnall Law Group, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Telephone: (703) 888-1943
*Legal Counsel for Donald J. Trump*
*Legal Counsel for Donald J. Trump for President, Inc.*
*Legal Counsel for Make America Great Again PAC*

Ms. Carmen D. Hernandez, Esq.
Attorney at Law
7166 Mink Hollow Rd
Highland, Maryland 20777
chernan7@aol.com
*Criminal Defense Attorney for Zachary Rehl*

Jonathon A. Moseley, Esq.