**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CONRAD SMITH, *et al.*

                    **Plaintiffs**,

        v.

DONALD J. TRUMP,  "*solely in his personal capacity," Et al.*

                    **Defendants.**

Civil Action No.  1:21-cv-02265-APM

<u>NOTICE OF RIPENESS FOR DECISION</u>
<u>MOTION FOR WITHDRAWAL OF DEFENDANT'S COUNSEL  JONATHON</u>
<u>MOSELEY FOR DEFENDANT ZACHARY REHL</u>

        COMES NOW COUNSEL FOR THE DEFENDANT ZACHARY REHL and hereby provides notice that his motion to withdraw as counsel from this civil lawsuit is ripe for a decision by the Court.

        On January 28, 2022, Jonathon Moseley filed his Motion for Withdrawal of Defendants' Counsel Jonathon Moseley for Defendant's Zachary Rehl.  ECF Dkt. # 125.

        However, upon consultation with the Plaintiffs' counsel in advance of filing his motion, the Plaintiffs' counsel by Mr. Edward Casper, Esq. requested that Moseley file his motion "to become effective  upon the completion of the briefing for the Defendants' various motions to dismiss, hearing, and decision by the Court."

        Plaintiff's counsel was concerned that a withdrawal would interrupt and delay the briefing schedule and cycle and delay proceedings in the case.  Moseley accommodated that request in filing his motion.

        Moseley, as explained below, did not file a Reply, however at that time replies were still

due by other Defendants.

However, now at this time, that briefing cycle is complete and there should be minimal impact upon the case.

The Court, by the Honorable Amit Mehta, U.S. District Court Judge, issued an order which embraced (not necessarily a formal consolidation) many other extremely similar cases all assigned as related cases but unless Moseley as counsel misunderstood something in that record, the Court has not extended that order to this related case.  The allegations here are nearly identical.  All of the cases are essentially the same lawsuit except for different Plaintiffs and some differences in the Defendants sued.  It is likely that the lawsuits should all be formally consolidated.  But technically it may be that an order has not been formally issued upon this particular case.

In that case, Moseley's Motion for Withdrawal "to become effective  upon the completion of the briefing for the Defendants' various motions to dismiss, hearing, and decision by the Court" might not be effective immediately, for the sake of the Plaintiff's desire not to have their timetable delayed.

However, Moseley believes that the Court could in relation to his previously-filed January 28, 2022, Motion for Withdrawal (a) enter an order making the withdrawal effect as the Plaintiff's counsel requested after the issuance of Judge Mehta's expected order, or (b) making the withdrawal effective immediately and handling the pending order without having the withdrawal influence the timing of the Court's action upon the various Defendants' motions to dismiss.

To recapitulate the circumstances, Zachary Rehl in a case before the Honorable Timothy Kelly, U.S. District Court Judge, asked to have a public defender or court-appointed (C.J.A.)

attorney appointed rather than Moseley as retained counsel.  Rehl never explained but it would appear that concerns about the long-term costs would be the natural assumption.

Well-known lawyer in the D.C. courts Carmen Hernandez was appointed by Judge Kelly to represent Zachary Rehl in that case *U.S.A. v. Nordean* as criminal defense attorney.

However, Moseley has received no communications about continuing to represent Rehl in the civil lawsuit.  Moseley has had no ability to communicate with Zachary Rehl except through his young wife attending college or by driving to Philadelphia six (6) hours each way in perfect traffic (which Moseley did approximately eight (8) times during 2 ½ months, incurring hotel costs and other expenses) and mailing documents and letters to the Philadelphia jail (which Moseley has also done repeatedly).

Moseley does not expect most laypersons to automatically grasp the distinction between an attorney representing them for one case but not the other, and expects that Rehl would believe that changing attorneys for his criminal defense would also include changing that attorney for all purposes.  It would need to be fully explained to most people that one can change attorneys for the purpose of criminal defense yet not change them for a very closely related civil lawsuit.

Nevertheless, Moseley has received no communications on continuing on the civil lawsuit and interpreted being replaced in the criminal followed by silence about the civil lawsuit as limiting his authorization to continue to represent Rehl in the civil lawsuit.  As a result on January 28, 2022, Moseley balanced the duty to preserve Rehl's rights against a default judgment with limitations on explicit authorization to remain beyond that in the civil lawsuit.

Moseley has repeatedly sent emails to Rehl's wife about these matters and his motion to withdraw and intention to withdraw, but has received no clarification or response.

Moseley asked Rehl's court-appointed attorney Carmen Hernandez to forward notice to

Zachary Rehl through CORRLINKS and otherwise.  Ms. Hernandez correctly noted that she is

appointed only for Rehl's criminal defense.  But Moseley asked for the completeness and

courtesy of asking her to forward notice in spite of being outside of her technical scope of

responsibilities.  (Similarly, Moseley helped the Rehls on collateral matters involving

documentation (power of attorney) for their mortgage lender to avoid losing their townhouse

even though technically beyond the core of his representation on the criminal defense case.)

Moseley will mail this Notice to Zachary Rehl in Philadelphia detention and to his wife.

Moseley also has not been paid for any work, at any time, on the civil case.

Moseley fulfilled his perceived duty, despite not having been paid, to make sure that

Zachary Rehl did not suffer a default.  Recall that the Plaintiffs not only filed and served an

original Complaint but then filed an Amended Complaint.  Thus, Moseley ensured that Rehl did

not suffer a default with regard to the Amended Complaint either.

Also note that Moseley was the first and lead attorney asking the Court to ***stay*** this case

because many of the Defendants were awaiting criminal trial.  Although Moseley did not intend

to speak for or affect other Defendants, several Defendants joined in Moseley's motion to stay.

This Court, by Judge Mehta, then denied the motion to stay at the motion to dismiss

stage, noting that motions to dismiss are purely legal questions and do not require statements of

fact by Defendants facing trial.  Judge Mehta seemed to be indicating that the Court might

entertain a renewed motion to stay when the case enters the discovery phase or other aspects

involving disputes of facts in which the Defendants might have to take positions or disclose facts

while still facing criminal trial.

Therefore, hopefully, if the case is stayed after the motion to dismiss phase, Zachary Rehl

will have secured his position in the lawsuit without suffering a default and will be able to

address the remainder of the lawsuit after his criminal trial in *USA v. Nordean* is concluded.

**CONCLUSION:**

There appears to be no impediment to the Court now acting upon Moseley's Motion for

Withdrawal.

Moseley is hoping and will strongly recommend that private charitable sources may assist

the Rehl's in their legal bills beyond Carmen Hernandez's scope of appointment so that those

fees and expenses will not be a burden to their young family.

Dated:  April 13, 2022                    RESPECTFULLY SUBMITTED
                                          ZACHARY REHL, *By Counsel*



                                          Jonathon A. Moseley, Esq.

                                          USDCDC Bar No. VA005
                                          Virginia State Bar No. 41058
                                          Mailing address only:
                                          5765-F Burke Centre Parkway, PMB #337
                                          Burke, Virginia 22015
                                          Telephone:  (703) 656-1230
                                          Facsimile:  (703) 997-0937
                                          Contact@JonMoseley.com
                                          Moseley391@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2022, I electronically filed the foregoing document with
the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing
to the following CM/ECF participants.  From my review of the PACER / ECF docket records for
this case that the following attorneys will receive notice through the ECF system of the U.S.
District Court for the District of Columbia.

Zachary Rehl, innocent but detained against his
will in Philadelphia, by U.S. Postal Service first-class mail,
postage pre-paid.

Rehl's wife by email and by U.S. Postal Service first-class mail,

postage pre-paid.

Mr. Damon Hewitt, Esq.
Jon Greenbaum, Esq., D.C. Bar No. 489887
Edward G. Caspar, Esq., D.C. Bar No. 1644168
David Brody, Esq., D.C. Bar No. 1021476
Arusha Gordon, Esq., D.C. Bar No. 1035129
Noah Baron, D.C. Esq., Bar No. 1048319
Adonne Washington Esq.,
Lawyers' Committee for Civil Rights Under Law
1500 K Street N.W., Suite 900
Washington, DC 20005
Telephone: (202) 662-8300
jgreenbaum@lawyerscommittee.org
dhewitt@lawyerscommittee.org
ecaspar@lawyerscommittee.org
dbrody@lawyerscommittee.org
agordon@lawyerscommittee.org
nbaron@lawyerscommittee.org
awashington@lawyerscommittee.org
*Legal Co-Counsel for Plaintiffs*

Mr. Robert C Buschel, Esq.
BUSCHEL & GIBBONS, P.A.
501 East Las Olas Boulevard, Suite 304
Fort Lauderdale, Florida 33301
Telephone: 954-530-5748
Buschel@bglaw-pa.com
*Legal Counsel for Defendant Roger Stone*

Juli Zsuzsa Haller, Esq.
LAW OFFICES OF JULIA HALLER
601 Pennsylvania Avenue, NW, Suite 900
South Building
Washington, DC 20036
Telephone: 202-352-2615
hallerjulia@outlook.com
*Legal Counsel for Kelly Meggs*

Stephen R. Klein, Esq.
BARR & KLEIN PLLC
1629 K Street NW, Suite. 300
Washington, DC 20006
Telephone: 202-804-6676
steve@barrklein.com
*Legal Counsel for Brandon J. Straka*

Ms. Nicholas D. Smith, Esq.
DAVID B. SMITH, PLLC
7 East 20th Street, Suite 4r
New York, NY 10003
Telephone: 917-902-3869
nds@davidbsmithpllc.com
*Legal Counsel for Felipe Antonio Martinez*

Mr. Robert C Buschel, Esq.
BUSCHEL & GIBBONS, P.A.
501 East Las Olas Boulevard, Suite 304
Fort Lauderdale, FL 33301
Telephone:  (954) 530-5748
E-mail:  Buschel@bglaw-pa.com
*Legal Counsel for Roger Stone*

**Mr. Grant J. Smith, Esq.**
STRATEGYSMITH, P.A.
401 East Las Olas Boulevard, Suite 130-120
Fort Lauderdale, Florida 33301
Telephone:  (954) 328-9064
E-mail:  gsmith@strategysmith.com
*Legal Counsel for Roger Stone*

Mr. Nicolai Cocis, Esq.
LAW OFFICE OF NICOLAI COCIS
25026 Las Brisas Road
Murrieta, California 92562
Telephone:  (951) 695-1400
E-mail:  nic@cocislaw.com
*Legal Counsel for Derek Kinnison*

Dyke Huish, Esq.
LAW OFFICE OF DYKE HUISH
26161 Marguerite Parkway, Suite B
Mission Viejo, California 92692
Telephone:  (949) 257-3068
E-mail:  huishlaw@mac.com
*Legal Counsel for Russell Talor*

Mr. John Daniel Hull, IV, Esq.
HULL MCGUIRE PC
1420 N Street, NW
Washington, DC 20005
Telephone:  (202) 429-6520

Fax:  412-261-2627
E-mail:  [jdhull@hullmcguire.com](mailto:jdhull@hullmcguire.com)

Mr. Paul D. Kamenar
D.C. Bar #914200
1629 K Street, N.W. Suite 300
Washington, DC 20006
Telephone:  (301) 257-9435
Email:  paul.kamenar@gmail..com
*Legal Counsel for Ali Alexander*

Mr. Jesse R. Binnall, Esq.
Binnall Law Group, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Telephone:  (703) 888-1943
*Legal Counsel for Donald J. Trump*
*Legal Counsel for Donald J. Trump for President, Inc.*
*Legal Counsel for Make America Great Again PAC*

Ms. Carmen D. Hernandez, Esq.
Attorney at Law
7166 Mink Hollow Rd
Highland, Maryland 20777
[chernan7@aol.com](mailto:chernan7@aol.com)
*Criminal Defense Attorney for Zachary Rehl*


Jonathon A. Moseley, Esq.