IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CONRAD SMITH,                                      CASE NO.: 1:21-CV-02265-APM
et al.,

      Plaintiffs,

v.

DONALD J. TRUMP,
et al.,

      Defendants.

_____/

**DEFENDANT BRANDON J. STRAKA'S MOTION TO STAY DISCOVERY PENDING
RESOLUTION OF HIS MOTION TO DISMISS**

      Defendant Brandon Straka respectfully moves the Court to stay discovery, including his obligation to attend a Rule 26(f) conference, pending resolution of his motion to dismiss. *See* ECF No. 98. Mr. Straka's pending motion to dismiss is dispositive of all the Plaintiffs' claims against him, which would obviate the need for any discovery. Accordingly, commencing with discovery before this Court has resolved his pending motion is not in the interests of judicial economy and would impose an undue burden upon Mr. Straka. *See generally* Fed. R. Civ. P. 1. Nor would Plaintiffs be prejudiced by a stay pending disposition of the motion to dismiss, because the motion is fully briefed and ripe for decision, and thus any stay will be of limited duration. This Court should therefore exercise its discretion to prevent unnecessary expenditure of time and energy that would be required to engage in discovery at this time. Fed. R. Civ. P. 26(f)(1).

      Pursuant to Local Civil Rule 7(m), counsel has conferred with counsel for the Plaintiffs via electronic mail, and this motion is opposed.

### Background

      The Plaintiffs filed this lawsuit on August 26, 2021 and amended their complaint on December 3, 2021. ECF Nos. 1, 89. This is one of a half dozen civil suits in this Court arising from

events at the United States Capitol on January 6, 2021. The Plaintiffs allege that Mr. Straka, a prominent political activist, conspired with everyone from the former President of the United States to myriad gap-filling John Does to commit harms against the Plaintiffs. *See, e.g.*, ECF No. 89 at 50 (Compl. ¶127). Mr. Straka renewed his motion to dismiss on December 23, 2021. *See* ECF No. 98. As discussed in that motion, after unraveling the Plaintiffs' amended-but-still-tangled complaint, their claims against Mr. Straka each require them to allege incitement, which they fail to do. *Id.* Owing to this this and myriad other reasons, the Plaintiffs have failed to state a claim against Mr. Straka. *Id.*

In three related cases, this Court has acknowledged the First Amendment implications of these matters and has rightfully dismissed claims against defendants including Rudolph Giuliani and Donald Trump, Jr. *Thompson v. Trump*, No. 21-CV-00400 (APM), 2022 WL 503384, at *46 (D.D.C. Feb. 18, 2022); *see generally* U.S. Const. amend. I. Mr. Straka is entitled to the same protection and result. These three related suits are currently consolidated on appeal as to the issue of former President Trump's presidential immunity. *See id.* at *11–*18. That appeal is likely to substantively affect the Plaintiffs' claims in this case as to the former president.

The Court has not entered a case management order in this matter. But on June 22, 2022, Plaintiffs' counsel sent a letter to Mr. Straka's counsel suggesting the parties "proceed with scheduling an initial conference pursuant to Federal Rule of Civil Procedure 26(f) and D.C. Local Civil Rule 16.3[.]" **Exhibit A**. Counsel responded on June 24, 2022 that such a conference is premature owing to Mr. Straka's pending motion to dismiss and sought conferral on a motion to stay discovery or for "'the court [to] order[] otherwise" under Rule 26(f) to delay the conference timing until at least the resolution of Mr. Straka's motion to dismiss." **Exhibit B**. Plaintiffs'

counsel represented on July 14, 2022 that they "intend to move forward with a Rule 26(f) conference with the parties that have agreed to confer." *Id.*

**Argument**

Mr. Straka has filed a motion to dismiss the Plaintiffs' complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim. For the reasons discussed below, Mr. Straka respectfully requests that the Court stay his obligation to attend a Rule 26(f) conference, and otherwise stay his discovery obligations, until Mr. Straka's pending motion to dismiss is resolved. ECF No. 98.

## I.    Discovery is Inappropriate While a Dispositive Motion is Pending, Particularly Given the Strength of Mr. Straka's Motion to Dismiss

A temporary stay of the Rule 26(f) conference, and discovery more generally, is appropriate here because Mr. Straka has filed a motion to dismiss for failure to state a claim and lack of subject matter jurisdiction. ECF No. 98. If granted, that motion would resolve the case in its entirety as to the claims against Mr. Straka. "[I]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Institut Pasteur v. Chiron Corp.*, 315 F. Supp. 2d 33, 37 (D.D.C. 2004) (quoting *Anderson v. United States Attorneys Office*, Civ. No. 91-CV-2262-LFO, 1992 WL 159186, at *1 (D.D.C. June 19, 1992)).

A stay of discovery under such circumstances "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Chavous v. D.C. Fin. Responsibility and Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2011) (citation omitted); *see also Moore v. Castro*, No. 14-CV-2109-JDB, 2016 WL 10674309, at *1 (D.D.C. Jan. 14, 2016). "No categorical rule is appropriate [when determining

3

whether to stay discovery]; rather each case should be considered based on its unique facts and context." *Sai v. Dep't of Homeland Sec.*, 99 F. Supp. 3d 50, 58 (D.D.C. 2015).

Accordingly, courts in this Circuit routinely grant stays, where, as here, the resolution of a pending dispositive motion could obviate entirely the need for discovery. *See, e.g.*, *White v. Fraternal Order of the Police*, 909 F.2d 512, 516–17 (D.C. Cir. 1990) (upholding the district court's stay of discovery pending resolution of defendants' motion for summary judgment); *U.S. v. Manigault Newman*, No. 19-CV-1868-RJL (Minute Order Dec. 6, 2019) (staying discovery pending resolution of a motion to dismiss); *Moore*, 2016 WL 10674309, at *1 (staying initiation of discovery as well as the Rule 26(f) conference and Rule 16(b) scheduling order pending resolution of defendants' motion to dismiss); *Little v. Wash Metro. Area Transit Auth.*, 100 F. Supp. 3d 1, 3 (D.D.C. 2015) (staying discovery while dispositive motion was pending); *Sai*, 99 F. Supp. 3d at 57 (staying Rule 26(f) conference pending resolution of defendants' motion to dismiss and plaintiff's motion for partial summary judgment); *Chavous*, 201 F.R.D. at 2 (staying all discovery pending resolution of plaintiffs' motion for summary judgment and defendants' motions to dismiss).

The first subpart of Local Civil Rule 16-3(c), which bolsters the requirements of parties in a Rule 26(f) conference, requires the parties to discuss "[w]hether the case is likely to be disposed of by dispositive motion; *and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion*." Moreover, the rule also requires the parties to confer over "dates for filing dispositive motions" including a motion to dismiss. LCivR 16-3(c)(6). Mr. Straka's motion is already on file and could dispose of the entire case against him. The Local Rules thus reflect the Court's preference that discovery should await decision on a dispositive motion.

A stay of discovery until this Court rules on Mr. Straka's motion would further the interests of judicial economy and avoid potential duplicative or unnecessary discovery. Having asserted that the Plaintiffs have failed to state a single valid claim against him, there is no reason at this time for Mr. Straka and his counsel to discuss, much less consider—among many other things— expert witness reports, electronic discovery, and other discovery matters. *See, e.g.*, LCivR 16-3(c)(9), (11).

Mr. Straka has raised serious, meritorious arguments that require dismissal of each of the Plaintiffs' claims under Rule 12(b)(6), particularly under the First Amendment. The Plaintiffs' conspiracy theory is nothing more than a fantastic, meandering bundle of inferences drawn from Mr. Straka's speeches that pre-date January 6, 2021 as well as speech on that date that did not rise to the level of incitement and does not support a cause of action by any Plaintiff. ECF No. 98 at 8-14. Rudolph Giuliani's statement suggesting "trial by combat" on January 6, 2021 did not support an allegation of conspiracy to interfere with civil rights; Mr. Straka's alleged statements such as "[w]e are not going to take it" and "never back down" don't, either. *Thompson*, 2022 WL 503384, at *37; ECF No. 89 at 24 (Compl. ¶72(a)).

Moreover, Mr. Straka has also shown that this Court lacks subject matter jurisdiction to support Plaintiffs' Claims I, II, and III. ECF No. 98 at 16-19, 23-24. Without jurisdiction, the Court cannot take any action, including ordering discovery. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause," other than to "announc[e] the fact and dismiss[] the cause.") (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1869)). Here, Plaintiffs lack standing to assert claims under the Civil Rights Act and the D.C. Bias-Related Crimes Act under theories of Bias-Via-Terrorism-Via-Destruction-of-Property or Bias-Via-Destruction-of-Property. ECF No. 98 at 16-19, 23-24.

The Court should stay discovery and Mr. Straka's obligation to confer under Rule 26(f) until after it has ruled on his motion to dismiss.

## II.     Even Planning Discovery for All Six of the Plaintiffs' Claims Would be Burdensome for Mr. Straka

Counsel takes with good humor opposing counsel's claim that a Rule 26(f) conference "is merely to set discovery deadlines, discuss the preservation of information, and lay the groundwork for efficient discovery." Exh. B. That's not true: a 26(f) conference is followed by a discovery plan, with commitments from both sides that govern months, perhaps years, of litigation, obligations that Mr. Straka and his counsel would treat with the utmost seriousness. Fed. R. Civ. P. 26(f)(3); *see also* LCivR 16-3(d). This case is, on its face, a broadside: all cannons fired at once, aimed haphazardly at defendants such as Mr. Straka but squarely hitting the First Amendment. From the outset, discovery is likely to be contentious, time-consuming and expensive if it occurs: counsel for Mr. Straka believes there will be, at a minimum, disputes about "how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate", the use of electronic discovery and its breadth, Mr. Straka's claims of First Amendment privilege, and the like. LCivR 16-3(c)(8). These will amount to dozens of hours of attorney fees born by Mr. Straka, opening the door to hundreds more to defend against claims that might not—and should not—even survive Mr. Straka's pending motion to dismiss.

Mr. Straka is paying counsel to defend his First Amendment rights rather than spend that money on advocacy. Given that he has asserted meritorious First Amendment defenses against all the Plaintiffs' claims, the Court should exercise special sensitivity against permitting early discovery into claims that may—in fact, do—threaten Mr. Straka's free speech, press and associational rights and will not survive his motion to dismiss.

**Conclusion**

For the foregoing reasons, Brandon Straka respectfully respects that the Court stay discovery, including his obligation to confer under Rule 26(f), until his motion to dismiss is resolved.

Respectfully submitted,

Brandon J. Straka

By Counsel

| | |
|---|---|
| */s/ Stephen Klein* | */s/ Benjamin Barr* |
| Stephen R. Klein | Benjamin Barr |
| Bar No. 177056 | (Pro Hac Vice) |
| BARR & KLEIN PLLC | BARR & KLEIN PLLC |
| 1629 K St. N.W. Ste. 300 | 444 N. Michigan Avenue Ste. 1200 |
| Washington, DC 20006 | Chicago, IL 60611 |
| Telephone: (202) 804-6676 | Telephone: (202) 595-4671 |
| steve@barrklein.com | ben@barrklein.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of July, 2022, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing (NEF) to Plaintiffs' counsel and counsel for most Defendants.

I further certify that, pursuant to Federal Rule of Civil Procedure 5(b)(2)(C), counsel will endeavor to serve all other named Defendants a copy of this filing by first class mail.

*/s/ Stephen Klein*
Stephen R. Klein

*Counsel to Brandon J. Straka*