IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Division

| | |
|---|---|
| **CONRAD SMITH, ET AL.** | |
| Plaintiffs, | Civil Action No.  1:21-cv-02265-APM |
| v. | |
| **DONALD J. TRUMP FOR PRESIDENT, INC., ET AL.** | |
| Defendants. | |

**DEFENDANT KELLY MEGGS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PROTECIVE ORDER**

Defendant Kelly Meggs, by undersigned counsel, hereby submits the following Memorandum of Points and Authorities in support of his Motion for Protective Order.

**I.     INTRODUCTION**

The background of this case is well known to the Court.  The Plaintiffs filed this lawsuit on August 26, 2021 and Amended their Complaint on December 3, 2021. ECF Nos. 1, 89.  On or about December 23, 2021, Defendant Kelly Meggs filed his Motion To Dismiss Plaintiffs' Amended Complaint Pursuant To Rule 12(B)(1) and Rule 12(B)(6), (ECF 110), which Plaintiffs Opposed on or about January 17, 2022, (ECF 118).  Defendant Mr. Meggs filed a Reply on January 31, 2022, (ECF 127).  In ECF 110, Mr. Meggs requested Oral Argument in his filed Motion to Dismiss Plaintiffs' Amended Complaint Pursuant To Rule 12(B)(1) And Rule 12(B)(6), which the court has not yet scheduled.

In the case at bar, Defendant has raised both jurisdictional defenses and constitutional defenses, as well as a failure to state a cause of action under Rule 12(B)1 and Rule 12(B)(6).  The

42 § 1985 (1) claim lacks a factual predicate for standing, state action, or that there is a lack of a legal factual predicate under 42 § 1985 (1) or § 1986. Plaintiffs make no attempt to plead irreparable injury, or a likelihood of success, and Plaintiffs certainly do not allege their claims with particularity. There is further a failure to state a claim because there are no specific facts plead to support any contact or threats or communications with these individual Plaintiffs, and a lack of any alleged factual predicate to support the statutory requirements of a hate crime.

At this time, Mr. Meggs is currently being criminally prosecuted based upon the related events of January 6, 2021, presently scheduled for a trial estimated for four weeks, to begin on September 26, 2022. (*U.S. v. Stewart Rhodes*, 22cr00015-APM).

### A.  PLAINTIFFS' REQUEST

Counsel for the undersigned requested a continuance of a Rule 26(f) Conference from the Plaintiffs, due to both the undue burden of preparing for the criminal action on the same or similar allegations, in which undersigned counsel was only recently and conditionally substituted as defense counsel in the criminal action.[1] The burden exists not only because of the timing for preparation of the criminal case, and the voluminous discovery in that case, but also because the Government has a Protective Order over much of the discovery in that case, making Initial Disclosures more challenging at this time. Moreover, Mr. Meggs' has Fifth Amendment rights that make disclosing discovery at this time, just weeks before trial strategy in the criminal case will occur, but Plaintiffs' have not agreed to the relief requested.

Plaintiffs currently seek the scheduling of a Rule 26(f) Initial Conference without considering any request for a delay. As this court knows, Rule 26(f) requires the parties plan and confer on "the nature and basis of their claims and defenses and the possibilities for promptly

---

[1] *See U.S. v. Rhodes*, 22-cr-00015-APM, Substitution of Counsel granted on Conditional Basis in Court Minute Order of May 18, 2022

settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan…" Rule 26(a)(1)(C) of course requires that Initial Disclosures be made with fourteen (14) days of a Rule 26(f) Conference.

## II.    ARGUMENT

Mr. Meggs hereby adopts and incorporates Mr. Straka's Brandon J. Straka's Motion To Stay Discovery Pending Resolution Of His Motion To Dismiss, ECF 149.

### The Standard for Entry of a Protective Order

The law in this Circuit holds that, Clearly, the decision whether to stay discovery is committed to the sound discretion of the district court judge. *See* Fed. R. Civ. P. 26(c) ("the court . . . may make any order which justice requires"); Fed. R. Civ. P. 56(f) ("the court . . . may order a continuance to permit . . . discovery . . . or may make such order as is just"). *White v. Fraternal Order of Police*, 909 F.2d 512, 517, (D.C. Cir. 1990).

For good cause shown, Federal Courts are authorized to restrict discovery that is annoying, embarrassing, oppressive, unduly burdensome and/or expensive. *See* Fed. R. Civ. P. Rule 26(c). Broad discretion is conferred on this Court to enter protective orders as necessary to prevent discovery abuse. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Under Rule 26(c), good cause exists when justice requires the protection of a party or a person from any annoyance, embarrassment, oppression, or undue burden or expense, and further, when proprietary information is at stake. *Friends of the Earth v. United States DOI*, 236 F.R.D. 39, 41 (D.D.C. 2006). In this litigation, good cause arises from a need to obviate undue burden with a parallel criminal action, as well as the improper use of protected information.

Rule 26(c) reads as follows:

3

<u>Protective Orders.</u>  Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

a. that the disclosure or discovery not be had;

b. that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;

c. that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;

d. that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;

e. that discovery be conducted with no one present except persons designated by the court;

f. that a deposition, after being sealed, be opened only by order of the court;

g. that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and

h. that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

Fed. R. Civ. P. Rule 26(c).

…As the Supreme Court has explained, this rule "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 81 L. Ed. 2d 17, 104 S. Ct. 2199 (1984). In exercising this discretion, a court is to engage in a "balancing of various factors: the requester's need for information . . . , its relevance to the litigation at hand, the burden of producing the sought-after material, and the harm which disclosure would cause to the party seeking to protect the information." *Burka v. United States Department of Health and Human Servs.*, 318 U.S. App. D.C. 274, 87 F.3d 508, 517 (D.C. Cir 1996). In

crafting a protective order, a court may "limit the conditions, time, place, or topics of discovery; or limit the manner in which a trade secret or other confidential research, development, or commercial information may be revealed." 87 F.3d at 518.

*Amfac Resorts, LLC v. United States DOI*, 143 F. Supp. 2d 7, 15 (D.D.C. 2001).

As made clear, the Supreme Court has explained, this rule "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co.*, 467 U.S. 20. Therefore, to obtain protection from Plaintiffs' discovery demands, Defendant need only demonstrate good cause with some specificity regarding how harm may occur by the disclosure. *See Friends of the Earth*, 236 F.R.D. at 41.

In this case, there is good cause to limit the review of discovery at this time, because discovery now would be unduly burdensome on undersigned counsel who has only recently been conditionally substituted as counsel for Mr. Meggs in the criminal action, currently scheduled for a four-week trial beginning on September 26, 2022. That case involves hundreds of hours of video discovery, electronic records and case strategy and analysis with a client who currently remains in detention. This in light of the fact that oral argument has not yet been scheduled on the pending, potentially, fully dispositive motions in this case. As this court is aware, initial Disclosures would further be complicated because of the protective order undersigned counsel is subject to in the criminal action, and Mr. Meggs' Fifth Amendment rights.

It is, therefore, respectfully requested that the Court enter a Protective Order in this civil proceeding to temporarily limit discovery, including initial disclosures, until this court has ruled

upon the pending motions and the September 26th trial has concluded, or has otherwise been continued.

Dated: July 21, 2022

                                                                  Respectfully Submitted,

                                                                   /s/ *Juli Z. Haller*
                                                 Julia Z. Haller (#466921)
                                               Law Offices of Julia Haller
                                               601 Pennsylvania Avenue, NW
                                               S. Building, Suite 900
                                               Washington, D.C. 20004
                                               Tel: 202.729.2201
                                               hallerjulia@outlook.com
                                               *Counsel for Defendant, Kelly Meggs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 21st day of July, 2022, a copy of the foregoing Motion for Protective Order, the attached Memorandum in support thereof, and the Proposed Form of Order was filed electronically to serve all counsel of record.

                                                /s/ *Juli Z. Haller*
                                               Julia Z. Haller