IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONRAD SMITH, *et al.*<br><br>*Plaintiffs,*<br><br>v.<br><br>DONALD J. TRUMP, *et al.*<br><br>*Defendants.* | Civil Case No. 1:21-cv-02265-APM |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR STAY

President Trump, Donald J. Trump for President, Inc., and Make America Great Again PAC have moved to dismiss all of Plaintiffs' claims. It is inappropriate to begin discovery before that motion is resolved, especially as President Trump has raised the defense of absolute immunity, which is a bar to all burdens of litigation, including discovery.

Should this Court deny President Trump's Motion to Dismiss, he will promptly appeal that decision, as he has already done on the issue of absolute immunity in three other similar cases currently pending in the D.C. Circuit. *See Blassingame, et al. v. Trump*, No. 1:21-cv-00858 (APM), Dkt. No. 39; *Thompson, et al. v. Trump, et al.*, No. 1:21-cv-00400 (APM), Dkt. No. 69; *Swalwell v. Trump*, No. 1:21-cv-00586 (APM), Dkt. No. 60. Absolute presidential immunity is meant to guard against Article III courts making value determinations affecting presidential actions. It is also meant to avoid all the costs of litigation, including pretrial discovery obligations.

1

Therefore, Defendants respectfully request this Court stay all aspects of this case in the District Court, including all potential discovery, for all parties, until President Trump's Motion to Dismiss and any appeal stemming from that decision are finally resolved.

## BACKGROUND

President Trump, the Trump Campaign, and Make America Great Again PAC moved to dismiss Plaintiffs' Complaint on December 23, 2021. The Court heard argument on similar motions to dismiss in related cases on January 8, 2022. *Thompson v. Trump*, 2022 WL 503384 (D.D.C. Feb. 18, 2022). On February 18, 2022, the Court entered an order granting the motions to dismiss in part and denying them in part. *Id.* at *53. In that order, the Court declined to afford President Trump the constitutional protections of executive privilege. *Id.* at *18. Consequently, those orders are now being considered on appeal before the U.S. Court of Appeals for the D.C. Circuit. *See generally Blassingame, et al. v. Trump*, No. 22-5069, ECF No. 1940608 (D.C. Cir. *appeal docketed* Mar. 22, 2022) (ordering that the three cases be consolidated for consideration of the appeal on the court's own motion). It is likely that the decision in that appeal will impact the Court's decision in the pending motions to dismiss in this case.

Even though this Court has yet to issue a decision on the Motion to Dismiss, Plaintiffs have requested a Rule 26(f) conference for the purposes of beginning document collections and potentially beginning discovery. President Trump now

requests this Court stay all proceedings until the motions to dismiss, particularly the threshold issue of absolute immunity, are finally resolved. Plaintiffs oppose a stay and wish to proceed to discovery through "document collection."

ARGUMENT

I. Discovery Cannot Begin Until President Trump's Motion to Dismiss is Resolved.

The D.C. Circuit has already determined that it is "generally considered inappropriate" to begin discovery "while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Institut Pasteur v. Chiron Corp.*, 315 F. Supp. 2d 33, 37 (D.D.C. 2004) (quoting *Anderson v. United States Attorneys Office*, Civ. No. 91-CV-2262-LFO, 1992 WL 159186, at *1 (D.D.C. Jun. 19, 1992)).

It is common for courts to grant stays where the resolution of a pending dispositive motion could obviate the need for discovery entirely. *See, e.g., White v. Fraternal Order of the Police*, 909 F.2d 512, 516–17 (D.C. Cir. 1990) (upholding the district court's stay of discovery pending resolution of defendants' motion for summary judgment); *U.S. v. Manigault Newman*, No. 19-CV-1868-RJL (Minute Order Dec. 6, 2019) (staying discovery pending resolution of a motion to dismiss); *Moore v. Castro*, 2016 WL 10674309, at *1 (staying initiation of discovery as well as the Rule26(f) conference and Rule 16(b) scheduling order pending resolution of defendants' motion to dismiss). Further, Local Civil Rule 16-3(c) of this Court requires

parties to a case to discuss whether the parties should jointly suggest a stay to the Court when dispositive motions are pending.

More importantly, the Supreme Court has been clear: "until a threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (requiring that district courts resolve immunity disputes before allowing discovery to proceed). Absolute immunity is designed to entitle a President (and other specific defendants such as members of Congress and the Judiciary) to be spared from all the burdens of litigation. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (recognizing that immunity is an entitlement to avoid the burdens of litigation); *Nixon v. Fitzgerald*, 457 U.S. 731, 746 (1982) (finding that immunity exists in qualified and absolute form depending on the executive branch officials function and protects from the burdens of litigation). Indeed, "the purpose of conferring absolute immunity is to protect officials not only from the ultimate liability but also from the time-consuming, distracting, and unpleasant aspects of a lawsuit, including discovery." *District of Columbia v. Jones*, 919 A.2d 604, 611 (D.C. 2007); *see also Chang v. United States,* 246 F.R.D. 372, 374 (D.D.C. 2007) (early adjudication of immunity disputes is necessary "to spare the official of the tribulation and expense of defending the suit at all").

## II. Discovery in the whole case should be stayed as to all parties.

This Court should stay the entire case pending the resolution of President Trump's Motion to Dismiss and any appeal resulting from that decision. Any

discovery that begins as to any party in this case would undermine President Trump's absolute immunity. As soon as written discovery requests are exchanged, and depositions are scheduled, President Trump will need to participate in the process by objecting and examining deposition witnesses. Aside from being inefficient, this is the precise type of litigation burden specifically prohibited by immunity. Consequently, all discovery, as to all parties, should be stayed until the immunity issue is finally resolved. *See Nixon*, 457 U.S. at 746; *see also Jones v. Clinton*, 879 F. Supp. 86, 87 (E.D. Ark. 1995), *rev'd on other grounds*, 520 U.S. 681 (1997) ("An appeal from a denial of official immunity requires a stay of all proceedings pending resolution of the appeal.").

## CONCLUSION

For the reasons outlined above, all discovery and related matters in this case should be stayed pending the resolution of the motions to dismiss and, specifically, until President Trump's claim of absolute immunity is finally resolved.

Dated: July 27, 2022                                     Respectfully submitted,

*/s/ Jesse R. Binnall*
Jesse R. Binnall (VA022)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
Email: jesse@binnall.com

Attorney for *Donald J. Trump, Donald J. Trump for President, Inc., and Make America Great Again PAC*

## CERTIFICATE OF SERVICE

I certify that on July 27, 2022, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

*/s/ Jesse R. Binnall*
Jesse R. Binnall
*Attorney for Donald J. Trump* Attorney for *Donald J. Trump, Donald J. Trump for President, Inc., and Make America Great Again PAC*
