IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CONRAD SMITH, *et al.*,<br><br>            Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>            Defendants. | Civil Action No. 1:21-CV-02265-APM |

**<u>PLAINTIFFS' OPPOSITION TO DEFENDANT BRANDON J. STRAKA'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF HIS MOTION TO DISMISS, DEFENDANT KELLY MEGGS'S MOTION FOR A PROTECTIVE ORDER AND NOTICE OF JOINDER, DEFENDANT ENRIQUE TARRIO'S MOTION TO JOIN DEFENDANT KELLY MEGGS'S MOTION FOR PROTECTIVE ORDER, AND DEFENDANT JOSEPH BIGGS'S MOTION TO JOIN DEFENDANT KELLY MEGGS'S MOTION FOR PROTECTIVE ORDER</u>**

Date:  July 29, 2022

Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Claire O'Brien, *pro hac vice*
Denae Kassotis, *pro hac vice*
Douglas Wagner, *pro hac vice*
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
cobrien@selendygay.com
dkassotis@selendygay.com
dwagner@selendygay.com

Jon Greenbaum, D.C. Bar No. 489887
Edward G. Caspar, D.C. Bar No. 1644168
David Brody, D.C. Bar No. 1021476
Arusha Gordon, D.C. Bar No. 1035129
Marc P. Epstein, *pro hac vice*
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1500 K Street N.W., Suite 900
Washington, DC  20005
Tel: 202-662-8390
jgreenbaum@lawyerscommittee.org
ecaspar@lawyerscommittee.com
dbrody@lawyerscommittee.org
agordon@lawyerscommittee.org
mepstein@lawyerscommittee.org

*Attorneys for Plaintiffs Conrad Smith, et al.*

## <u>TABLE OF CONTENTS</u>

<u>Pages</u>

PRELIMINARY STATEMENT ..........................................................................................1

BACKGROUND ...........................................................................................................3

ARGUMENT ...............................................................................................................9

I.      Straka's and Meggs's Motions to Dismiss Do Not Merit a Stay of Discovery .................9

II.     The Moving Defendants Fail to Show That the Benefit of a Stay or Protective
        Order Outweighs the Prejudice to Plaintiffs from Delaying Discovery ..........................12

        A.      The Burdens Straka Asserts He Will Face from Discovery Are Routine
                Consequences of Litigation...................................................................12

        B.      Meggs Fails to Articulate Any Harm from Beginning Discovery ........................14

        C.      Tarrio and Biggs Are Not Entitled to a Protective Order Simply Because
                Their Counsel is Simultaneously Preparing for Their Criminal Trials.................18

        D.      Plaintiffs Will Suffer Significant Prejudice If Discovery Is Stayed
                Including Evidence Loss, Prolonged Litigation, and Delayed Justice..................18

        CONCLUSION.......................................................................................................23

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Chavous v. D.C. Fin. Resp. and Mgmt. Assistance Auth.*,
  201 F.R.D. 1 (D.D.C. 2001) ............................................................................................. 11

*Cooper Notification, Inc. v. Twitter, Inc.*,
  2010 WL 5149351 (D. Del. Dec. 13, 2010) ....................................................................... 20

*Dist. Title v. Warren*,
  2015 WL 12964658 (D.D.C. June 15, 2015) ................................................................ 12, 14

*Doe v. Provident Life & Accident Ins. Co.*,
  247 F.R.D. 218 (D.D.C. 2008) ................................................................................. 12, 15, 17

*Horn v. District of Columbia*,
  210 F.R.D. 13 (D.D.C. 2002) .......................................................................................... 16

*HT S.R.L. v. Velasco*,
  2015 WL 13759884 (D.D.C Nov. 13, 2015) ..................................................................... 16

*Institut Pasteur v. Chiron Corp.*,
  315 F. Supp. 2d 33 (D.D.C. 2004) .................................................................................. 11

*IPOC Int'l Growth Fund Ltd. v. Diligence, LLC*,
  2006 WL 8460103 (D.D.C. Oct. 13, 2006) ................................................................ 10, 12

*Jackson v. Denver Water Bd.*,
  2008 WL 5233787 (D. Colo. Dec. 15, 2008) ................................................................... 19

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) ........................................................................................................ 14

*Little v. Wash. Metro. Area Transit Auth.*,
  100 F. Supp. 3d 1 (D.D.C. 2015) ................................................................................... 11

*Moore v. Castro*,
  2016 WL 10674309 (D.D.C. Jan. 14, 2016) ................................................................... 11

*Nat'l Coal. on Black Civic Participation v. Wohl*,
  2021 WL 694557 (S.D.N.Y. Feb. 22, 2021) .................................................................... 22

*People With Aids Health Grp. v. Burroughs Wellcome Co.*,
  1991 WL 221179 (D.D.C. Oct. 11, 1991) ....................................................................... 10

*Plaintiffs # 1-21 v. County of Suffolk*,
   138 F. Supp. 3d 264 (S.D.N.Y. 2015).................................................................22

*Sai v. DHS*,
   99 F. Supp. 3d 50 (D.D.C. 2015) .......................................................................11

*Seth v. District of Columbia*,
   2018 WL 4682023 (D.D.C. Sept. 28, 2018) ........................................................4

*Sneed v. Abbot*,
   2021 WL 2877239 (M.D. La. June 29, 2021).....................................................13

*Twin City Fire Ins. Co. v. Emps. Ins. of Wausau*,
   124 F.R.D. 652 (D. Nev. 1989)..........................................................................10

*Udeen v. Subaru of Am., Inc.*,
   378 F. Supp. 3d 330 (D.N.J. 2019) ....................................................................19

*United States v. Charles Donohoe*,
   No. 21-3046, ECF No. 9 (D.C. Cir. Sept. 27, 2021)...........................................20

*United States v. Honeywell Int'l, Inc.*,
   20 F. Supp. 3d 129 (D.D.C. 2013) .....................................................................12

*United States v. Hubbell*,
   530 U.S. 27 (2000).............................................................................................17

*Weil v. Markowitz*,
   829 F.2d 166 (D.C. Cir. 1987)............................................................................16

*United States ex rel. Westrick v. Second Chance Body Armor, Inc.*,
   2007 WL 9706653 (D.D.C. Aug. 31, 2007) ...................................................2, 10

*White v. Fraternal Ord. of Police*,
   909 F.2d 512 (D.C. Cir. 1990)............................................................................10

**Rules**

Fed. R. Civ. P. 16 ........................................................................................................9

*Fed. R. Civ. P. 26........................................................................................... passim*

*D.D.C. Loc. Civ. R. 16.3 ................................................................................. passim*

D.D.C. Loc. Civ. R. 16.4 ..........................................................................................13

D.C. R. Pro. Conduct 3.3 ...........................................................................................22

D.C. R. Pro. Conduct 3.4 ...........................................................................................22

## PRELIMINARY STATEMENT

The Court should deny Defendants Brandon Straka's and Kelly Meggs's motions to stay discovery pending the resolution of their motions to dismiss and Defendants Kelly Meggs's, Enrique Tarrio's, and Joseph Biggs's motions for a protective order from all discovery while their criminal proceedings are ongoing. No party is entitled to an automatic stay of discovery under the Federal Rules of Civil Procedure or the Local Civil Rules for the District of Columbia simply because they have filed a dispositive motion or because they are litigating a parallel criminal case. And Straka, Meggs, Tarrio, and Biggs have failed to demonstrate—as any proponent of a stay or a protective order must—that the benefit they would receive from a stay or a protective order outweighs the prejudice that Plaintiffs would suffer if discovery is postponed. The moving Defendants have identified only routine discovery burdens that all civil litigants bear, whereas further delay of discovery in this case could result in key evidence being lost or spoliated—a balance that tips decidedly in Plaintiffs' favor.

Plaintiffs are eight U.S. Capitol Police officers injured in the January 6, 2021 attack on the United States Capitol. Plaintiffs commenced this action almost a year ago to hold Defendants accountable for the serious harm they inflicted when they instigated, organized, and led a mass attack with the express goal of preventing Congress from certifying the results of the 2020 presidential election. This case is complex, and will involve protracted discovery from 26 named Defendants and dozens of non-parties about the events surrounding the January 6 attack.

Plaintiffs therefore sought to schedule the case management conference required by Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3 (the "Rule 26(f) conference"), to discuss proceeding with discovery in an efficient and effective manner, as well as any circumstances that may affect a party's ability to respond. In this way, the parties might develop a case management plan that avoids unduly burdensome discovery and unnecessary delay—thus

affording Plaintiffs and the moving Defendants an opportunity to protect their interests concerning the shape of discovery in this case.

Instead of participating in this mandatory, preliminary conference, however, Defendants Straka and Meggs moved to stay all their discovery obligations—including the Rule 26(f) conference—because they have filed motions to dismiss. Defendants Meggs, Tarrio, and Biggs moved for a protective order, by which they seek to avoid participating in all discovery pending the resolution of their criminal trials, which are months away. These motions are premature, without merit, and should be denied.

*First*, neither Straka's nor Meggs's are entitled to an automatic stay of discovery while their dispositive motions are pending.

*Second*, each moving Defendant has failed to demonstrate that the benefit of delaying discovery, either through a stay or a protective order, outweighs the prejudice that Plaintiffs will suffer from that delay. The burdens the moving Defendants cite in their motions—that they will have to pay for their counsel's time associated with discovery, that discovery could be contentious, that their counsel are occupied on other matters, and that making initial disclosures or producing discovery might be complicated by parallel criminal proceedings—are necessary consequences of litigation and are issues that the parties must discuss, and potentially could resolve, during the Rule 26(f) conference. These are not legitimate reasons to forestall discovery.

Plaintiffs, on the other hand, will suffer substantial prejudice from further delay. A stay would only hamper this case's ultimate resolution and increase costs. Plaintiffs will bear the significant burden of resource-intensive discovery efforts in this case, as they must seek discovery from 26 named Defendants and countless non-parties. And completing discovery likely will be a litigious process, in which certain Defendants will seek to thwart any attempt at discovery—as the

moving Defendants have already demonstrated by filing motions instead of attempting to resolve their issues in a routine conference. One counsel's reactions to Plaintiffs' request for a conference further demonstrates the likelihood of obstruction and delay to come. Counsel for Tarrio and Biggs responded to Plaintiffs' Rule 26(f) conference scheduling inquiries with demeaning emails, writing, "Thanks for your hopelessly dickish emails," and, when Plaintiffs' counsel requested decorum, responding with "Blow me." Such unprofessionalism does not portend smooth and efficient discovery.

Delaying discovery also creates substantial risk that crucial evidence will be lost. Not only may witnesses' memories fade and physical evidence become harder to locate as time passes, but there is a substantial risk of spoliation here. Indeed, Meggs faces a federal criminal charge for his alleged spoliation of evidence related to the January 6 attack. Plaintiffs intend to use the Rule 26(f) conference to identify potential issues with Defendants' document preservation and prevent any spoliation of evidence.

A delay will further prejudice Plaintiffs by deferring their day in court and ability to hold Defendants accountable for their actions. The sooner the parties can begin discovery—which requires participating in a Rule 26(f) conference—the quicker that gateway disputes to progressing this case can be resolved. There is no need to resort to the sledgehammer approach of staying all discovery when the Rules provide a forum for the parties to discuss and potentially resolve Defendants' concerns. The Court therefore should deny Straka's and Meggs's motions to stay, as well as Meggs's, Tarrio's, and Biggs's motions for a protective order.

## **BACKGROUND**

Plaintiffs initiated this case on August 26, 2021, bringing claims against former President Donald J. Trump, Trump's 2020 reelection campaign and Political Action Committee, "Stop the

Steal" activists, and certain militant groups and their members, all of whom bear responsibility for the January 6 attack on the Capitol. *See generally* ECF No. 1.

Straka was a promoter for Defendant Stop The Steal, which was led by Defendant Ali Alexander and promoted by Defendant Roger Stone. *See* ECF No. 89 ("Am. Compl.") ¶¶ 22-25, 72(a), 106, 108. Plaintiffs allege, among other things, that Straka, Stone, and Stop The Steal promoted the use of force, intimidation, and threats to prevent the certification of the electoral vote, and that Straka breached the Capitol on January 6. *See, e.g.*, *id.* ¶¶ 71-72, 106, 108. Straka pleaded guilty to Disorderly or Disruptive Conduct on the Capitol Grounds to Disturb or Disrupt the Orderly Conduct of Either House of Congress in violation of 40 U.S.C. § 5104(E)(2)(D), based on his role in the January 6 attack. *See generally* Statement of Offense, *United States v. Brandon Straka*, 21-cr-579-DLF (D.D.C. Oct. 6, 2021), ECF No. 26 ("Straka SOF").[1] Straka admitted that "he flew to Washington D.C. to speak at a rally protesting the election results on January 5 and January 6, 2021"; that he "knowingly entered the restricted area at the U.S. Capitol Grounds" while "[k]nowing that Congress was in session to certify the election results at the U.S. Capitol and that Vice President Pence intended to certify the election"; that, "[a]mongst other things, he engaged in disruptive conduct by participating, along with others, in yelling 'go, go, go' to encourage others to enter the U.S. Capitol while the U.S. Capitol Police were making their best efforts to prevent people from doing so"; and that when he "observed others yelling to take a U.S. Capitol Police Officer's shield … he chimed in with the crowd, saying 'take it, take it.'" *Id.* ¶¶ 8-9.

---

[1] The Court may take judicial notice of court filings in the moving Defendants' criminal cases. *See Seth v. District of Columbia*, 2018 WL 4682023, at *3 n.2 (D.D.C. Sept. 28, 2018) (noting that "the court may take judicial notice of matters of public record, such as prior court proceedings," and taking judicial notice of court filings in the plaintiff's criminal case).

Meggs was a member of Defendant Oath Keepers, a group led by Defendant Stewart Rhodes that promoted conspiracy theories and whose members have declared that they are preparing for, and are engaged in, civil war. *See, e.g.*, Am. Compl. ¶¶ 35, 39. Plaintiffs allege, among other things, that Meggs provided security to Stone (including on January 5 and 6, 2021), *id.* ¶ 86; mobilized the Oath Keepers in response to former President Trump's tweets about January 6, *id.* ¶ 92; brokered an alliance between the Oath Keepers and the Proud Boys to prepare for the January 6 attack, *id.* ¶ 100; received firearms training in advance of January 6, instructed others to bring weapons and armor to the Capitol, and informed other Oath Keepers that weapons were available nearby the Capitol on January 6, *id.* ¶¶ 101, 103(a), 104. Meggs breached the Capitol on January 6, *id.* ¶ 39, and faces federal criminal charges, including for seditious conspiracy, in connection with this conduct. *See United States v. Stewart Rhodes, et al.*, 22-cr-00015-APM, ECF No. 167 (D.D.C. June 22, 2022).

Tarrio was the Chairman of Defendant Proud Boys, which the Southern Poverty Law Center has designated as a hate group, and whose (dues-paying) members promoted white supremacy and committed acts of violence against historically marginalized groups. Am. Compl. ¶¶ 27-29. Plaintiffs allege, among other things, that Tarrio worked closely with Stone since at least 2018, *id.* ¶ 25; was a member of the so-called "Ministry of Self Defense," which the Proud Boys created to help coordinate the January 6 attack, *id.* ¶ 26; organized members of the Proud Boys and other militant groups to use violence and intimidation, and to promote rallies on former President Trump's behalf, *id.* ¶¶ 59, 77-79; promoted the use of violence and force at the Capitol on January 6, *id.* ¶¶ 102, 103(b), 105; and helped coordinate the insurrectionists' movements during the January 6 attack, *id.* ¶¶ 125, 140-41. Tarrio faces federal criminal charges, including for seditious conspiracy, Obstruction of an Official Proceeding, and Obstruction of Law Enforcement During

Civil Disorder, in connection with his role in the January 6 attack. *See United States v. Nordean, et al.*, 21-cr-175-TJK, ECF No. 26 (D.D.C. Mar. 10, 2021).

Biggs was another high-ranking member of the Proud Boys. Am. Compl. ¶¶ 26, 31. Plaintiffs allege, among other things, that Biggs served on the Proud Boys' Ministry of Self Defense with Tarrio, *id.* ¶¶ 26, 31; promoted the use of violence at the Capitol on January 6, including against lawmakers, *id.* ¶¶ 72, 92-93; created an encrypted and secure communications channel for the Proud Boys to coordinate their activities during the January 6 attack, *id.* ¶ 99; and helped plan and execute the January 6 attack, including by directing the actions of approximately 300 Proud Boys members at the Capitol that day, *id.* ¶¶ 102, 105, 125. Biggs allegedly first breached U.S. Capitol Police barricades on the Capitol grounds, and later breached the Capitol building, on January 6. *Id.* ¶¶ 31, 126. He faces federal criminal charges, including for seditious conspiracy, Obstruction of an Official Proceeding, and Obstruction of Law Enforcement During Civil Disorder, based on his promotion, planning, and execution of the January 6 attack. *United States v. Nordean, et al.*, 21-cr-175-TJK, ECF No. 26 (D.D.C. Mar. 10, 2021).

Each of the moving Defendants has appeared in the case and is represented by counsel. *See* ECF Nos. 35, 57 (Notices of Appearance by counsel for Straka); ECF No. 55 (Notice of Appearance by counsel for Biggs); ECF No. 68 (Notice of Appearance by counsel for Tarrio).[2] Straka and Meggs have moved to dismiss, ECF Nos. 98, 110, while Tarrio and Biggs have answered the Amended Complaint, ECF Nos. 99, 101.

On June 22, 2022, Plaintiffs proposed to all Defendants that the parties schedule an initial conference pursuant to Rule 26(f) to proceed with developing a discovery plan for this case. *See,*

---

[2] The docket does not show that counsel for Meggs, Julia Haller, has filed a Notice of Appearance, but Haller has filed a motion to dismiss and the instant motion for a stay and protective order on Meggs's behalf.

*e.g.*, Ex. 1 to the Declaration of Joshua S. Margolin ("Margolin Decl."), filed contemporaneously herewith. Plaintiffs' request received mixed responses from Defendants.

Straka's counsel responded on June 24, 2022, refusing to participate in the Rule 26(f) conference while Straka's motion to dismiss was pending, and stating that he intended to "seek a stay of discovery." Margolin Decl., Ex. 2 at 2. Plaintiffs replied to Straka on July 14, 2022 that they intended to move forward with the Rule 26(f) conference to "set discovery deadlines, discuss the preservation of information, and lay the groundwork for efficient discovery," considering the complexity and scope of the case, and that they would provide counsel with dial-in information should counsel decide to join the conference. Margolin Decl., Ex. 2 at 1. Straka moved to stay discovery the next day, on July 15, 2022. ECF No. 149.

Counsel for Meggs requested on July 20, 2022 that the parties wait to hold the Rule 26(f) conference until after Meggs's criminal trial, which begins on September 26, 2022, stating that planning for the conference, making initial disclosures, and drafting the parties' joint conference report would be burdensome while she was preparing for Meggs's criminal trial, and that the protective order entered in the criminal case would complicate initial disclosures. Margolin Decl., Ex. 3 at 2. Plaintiffs acknowledged counsel's concerns and replied on July 21, 2022 that the parties could discuss the timeline for initial disclosures and any issues stemming from Meggs's criminal case at the Rule 26(f) conference. Margolin Decl., Ex. 3 at 1. Meggs joined Straka's motion for a stay and moved for a protective order on July 21, 2022. ECF No. 150.

Counsel for Tarrio and Biggs initially engaged with Plaintiffs about the Rule 26(f) conference on June 24, 2022, suggesting that Plaintiffs offer their availability for the conference, and that he would confirm his own. Margolin Decl., Ex. 4 at 3. Plaintiffs responded on July 14, 2022 and

July 19, 2022 with their availability, but counsel for Tarrio and Biggs did not respond. Margolin Decl., Ex. 4 at 2-3.

Consistent with their obligation to proceed with the Rule 26(f) conference as soon as practicable under Rule 26(f)(1), certain Defendants have agreed to schedule the Rule 26(f) conference.[3] After conferring with the counsel that were willing to participate, Plaintiffs initially set the conference for July 28, 2022 and shared the time, date, and dial-in information for the Rule 26(f) conference with all Defendants who have appeared in the case (counseled, *pro se*, and incarcerated) and encouraged them to attend despite their prior lack of response or refusal. Following this email, certain additional Defendants indicated a willingness to participate in a conference but were not available at the scheduled time. Plaintiffs agreed to reschedule the conference for August 8, 2022 to accommodate all parties.

After twice failing to respond to Plaintiffs' scheduling inquiries, counsel for Tarrio and Biggs replied to Plaintiffs' email providing him with the time and dial-in information for the Rule 26(f) conference by stating "Thanks for your hopelessly dickish emails." Margolin Decl., Ex. 4 at 1. Plaintiffs' counsel replied, asking counsel for Tarrio and Biggs to "observe a higher level of decorum," to which counsel for Tarrio and Biggs responded, "Blow me, Josh." Margolin Decl., Ex. 4 at 1. Tarrio and Biggs thereafter filed motions joining Meggs's motion for a protective order on July 22, 2022, and their counsel indicated that he plans to participate in the conference on August 8, 2022. ECF Nos. 151-152.

---

[3] Other Defendants have not. Counsel for Defendant Ali Alexander resisted participating in the 26(f) conference but asked Plaintiffs' counsel to share the conference dial-in information with him. Defendants Ronald Mele, Thomas Caldwell, Alan Hostetter, and Zachary Rehl did not respond to Plaintiffs and have not sought relief from the Court. Counsel for Defendants Donald J. Trump, Donald J. Trump for President, Inc., and Make America Great Again PAC refused to participate in the conference, and on July 27, 2022, filed a Motion to Stay Discovery and Other Proceedings, ECF No. 154, to which Plaintiffs will file a separate opposition.

## ARGUMENT

Straka seeks a stay of discovery, including his obligation to participate in the mandatory Rule 26(f) conference, pending the resolution of his motion to dismiss ("Straka Mot."), Straka Mot. 3, ECF No. 149-3, in which Meggs joins. Meggs seeks a protective order excusing Meggs from participating in discovery until Meggs's criminal trial concludes ("Meggs Mot."). Meggs Mot. 5-6, ECF No. 150-1. Tarrio and Biggs join Meggs's motion as applied to their own criminal proceedings ("Tarrio Mot." and "Biggs Mot.," respectively). Tarrio Mot. 2, ECF No. 152; Biggs Mot. 1, ECF No. 151. The Court should deny each motion.

## I.   Straka's and Meggs's Motions to Dismiss Do Not Merit a Stay of Discovery

Straka and Meggs are not exempt from participating in the Rule 26(f) conference because of their pending motions to dismiss, and both concede that there is no categorical rule that discovery must be stayed while a motion to dismiss is pending.[4] The Advisory Committee notes to Rule 26(f) make clear that "[t]he obligation to participate in the planning process is imposed on … defendants who, because of a pending Rule 12 motion, may not have yet filed an answer in the case." Fed. R. Civ. P. 26(f) advisory committee's note to 1993 amendment. Local Civil Rule 16.3(c)(1), moreover, provides that parties like Plaintiffs, Straka, and Meggs must discuss during the Rule 26(f) conference "whether, if a dispositive motion has already been filed, the parties should

---

[4] Local Civil Rule 16.3(b)'s note that "[t]he requirements of this Rule and of Fed. R. Civ. P. 16(b) and 26(f), shall not apply in cases in which no answer has yet been filed and in cases in which a significant number of defendants have not yet answered" does not apply here, because a significant number of Defendants have answered the complaint, including Tarrio and Biggs, and this case is certain to proceed to discovery against them. Specifically, six of 18 Defendants who have appeared in the case filed answers, and the other 12 defendants who have appeared in the case responded to the Amended Complaint by moving to dismiss.

recommend to the Court that discovery … should await a decision on the motion."[5] Both the Federal and Local Rules thus expect that parties with pending dispositive motions must still engage in the Rule 26(f) conference.

Courts in this district have accordingly held that "a pending motion to dismiss is not a good reason to stay discovery." *See, e.g.*, *United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, 2007 WL 9706653, at *2 (D.D.C. Aug. 31, 2007); *People With Aids Health Grp. v. Burroughs Wellcome Co.*, 1991 WL 221179, at *1 (D.D.C. Oct. 11, 1991) ("A pending motion to dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery….") (alteration omitted) (quoting *Twin City Fire Ins. Co. v. Emps. Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989))); *IPOC Int'l Growth Fund Ltd. v. Diligence, LLC*, 2006 WL 8460103, at *2 (D.D.C. Oct. 13, 2006) (denying in part motion to stay discovery pending resolution of motion to dismiss and ordering parties to proceed with written discovery and non-party discovery). Although Straka cites several cases for the proposition that courts may, in their discretion, stay discovery pending a motion to dismiss, *see* Straka Mot. 3-5, those cases do not demonstrate Straka's or Meggs's entitlement to a stay here.

Certain of Straka's cases are plainly inapplicable. *White v. Fraternal Order of Police*, 909 F.2d 512, 517 (D.C. Cir. 1990), concerned a discovery stay where the pleadings were sufficient to resolve the case on summary judgment; *United States v. Manigault Newman*, No. 19-cv-1868 (D.D.C. Nov. 13, 2019), ECF No. 13 at 2, concerned a motion for a protective order to prohibit a defendant who had moved to dismiss from deposing "high-ranking Executive Branch officials"

---

[5] Straka argues that this language in Local Civil Rule 16.3(7), in fact, suggests a "preference that discovery should await a decision on a dispositive motion." Straka Mot. 4. Not so. The Local Rule—on its face—requires the parties to confer as to whether discovery should proceed while a dispositive motion is pending. Local Civil Rule 16.3(7).

while their dispositive motion was pending; and *Institut Pasteur v. Chiron Corp.*, 315 F. Supp. 2d 33, 40 (D.D.C. 2004), concerned a motion to stay pending arbitration that was mooted by the court's order denying the corresponding motion to compel arbitration.

Straka's other cases involve stays granted in factually different situations, rendering those cases inapplicable here. In *Sai v. Department of Homeland Security*, 99 F. Supp. 3d 50, 58 (D.D.C. 2015), for example, the court granted a stay where the plaintiff sought discovery to support its own motion for summary judgment, which the plaintiff filed voluntarily before motions to dismiss were resolved. Plaintiffs here, in contrast, seek to proceed with the Rule 26(f) conference and discovery to avoid protracted delay from what likely will be a wide-ranging and lengthy discovery process and to mitigate well-publicized concerns of evidence spoliation. And in *Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority*, 201 F.R.D. 1, 3 (D.D.C. 2001), the court considered a stay in a case where each defendant had filed motions to dismiss, which, if granted, would have disposed of the entire complaint and obviated the need for discovery in full. This case, in contrast, is certain to proceed against at least six Defendants who have filed answers.[6]

Unable to cite any caselaw for the proposition that their motions to dismiss alone warrant a discovery stay, Straka and Meggs instead turn to the merits of their respective motions, arguing that the Court should grant a stay as to them, because they are likely to be dismissed from the case. Straka Mot. 5; Meggs Mot. 3. But Straka and Meggs fail to identify any authority in this Circuit (and Plaintiffs have found none) directing courts to scrutinize the merits of a pending dispositive

---

[6] Straka also cites cases where the court granted a stay without explaining its reasons for doing so, and those cases thus do not move the needle in Straka's and Meggs's favor. *See Moore v. Castro*, 2016 WL 10674309 (D.D.C. Jan. 14, 2016); *Little v. Wash. Metro. Area Transit Auth.*, 100 F. Supp. 3d 1, 3 (D.D.C. 2015).

motion in deciding whether to stay discovery. Regardless, for the reasons stated in Plaintiffs' om-nibus opposition to Defendants' motion to dismiss, *see generally* ECF Nos. 118, 128, Straka's and Meggs's motions to dismiss lack merit. Straka and Meggs thus have failed to show why the mere fact that they have pending motions to dismiss should excuse them from their discovery obliga-tions.

## II.    The Moving Defendants Fail to Show That the Benefit of a Stay or Protective Order Outweighs the Prejudice to Plaintiffs from Delaying Discovery

Straka and Meggs have moved for a stay pending the resolution of their motions to dismiss, and Meggs, Tarrio, and Biggs have moved for a protective order from all discovery pending their criminal proceedings. Each motion requires a benefit-burden analysis between the moving De-fendants and Plaintiffs. As the proponents of a discovery stay, Straka and Meggs must demonstrate "that the benefits of a discovery stay would outweigh the prejudice" to Plaintiffs. *United States v. Honeywell Int'l, Inc.*, 20 F. Supp. 3d 129, 133 (D.D.C. 2013). As the parties seeking a protective order, Meggs, Tarrio, and Biggs must show that "the burdensomeness" of Plaintiffs' request out-weighs "the [Plaintiffs'] need for, and relevance of the information sought." *Doe v. Provident Life & Accident Ins. Co.*, 247 F.R.D. 218, 221 (D.D.C. 2008). The moving Defendants fail to show that this balance weighs in their favor, and the Court should deny their motions as a result.

### A.    The Burdens Straka Asserts He Will Face from Discovery Are Routine Consequences of Litigation

Straka fails to "make out a clear case of hardship or inequity in being required to go forward with discovery." *Dist. Title v. Warren*, 2015 WL 12964658, at *3 (D.D.C. June 15, 2015) (citation omitted); *IPOC*, 2006 WL 8460103, at *3.

Straka cites four supposed burdens to justify the requested stay: that he must pay for his counsel's time, that a Rule 26(f) conference will bind him to a discovery schedule, that discovery is likely to be contentious and time-consuming, and that Plaintiffs will seek discovery that Straka

argues implicates his First Amendment rights. Straka Mot. 6. Each of these is a necessary consequence of litigation, and none is a reason to stay discovery against him.

Straka's fear that a Rule 26(f) conference will cost him "dozens of hours of attorney fees" is unfounded. Straka Mot. 6. Contrary to the hardships Straka claims, the Rule 26(f) conference will require minimal time to attend, prepare for, and contribute to the parties' accompanying report to the Court. Indeed, courts have recognized that the Rule 26(f) conference is "minimally burdensome." *See, e.g.*, *Sneed v. Abbot*, 2021 WL 2877239, at *4 (M.D. La. June 29, 2021). Straka's related fear that participating in a Rule 26(f) conference will burden him by "opening the door to hundreds more" hours of attorney fees—presumably from participating in discovery—is meritless. Straka Mot. 6. The fact that Straka must pay his counsel's hourly rate is not a basis to excuse him from participating in the necessary steps of federal civil litigation, including discovery.

Straka's concern that the Rule 26(f) conference will bind him to future court deadlines is premature. Straka Mot. 6. Rule 26(f) and Local Civil Rule 16.3 afford Straka the opportunity to protect his interests by seeking deadlines informed by his circumstances. Straka may articulate his position on discovery at the Rule 26(f) conference; if an issue arises on which the parties cannot reach agreement, they may submit alternative proposed discovery plans to the Court and the Court will hear and decide areas of disagreement during the subsequent scheduling conference. Local Civil Rule 16.3(d), 16.4. And if a discovery plan is entered that becomes unworkable, there are avenues to modify the schedule. The possibility that a discovery plan may require modification should not prevent discovery from beginning.

Nor should the Court grant a stay based on Straka's expectation that the parties' discussions will be contentious. Straka Mot. 6. Straka cannot manufacture a burden that obviates his need to participate in discovery by anticipating that he will oppose Plaintiffs' yet unserved discovery

13

requests. It is possible—indeed, it is likely, considering that the parties are engaged in motion practice over a mandatory conference, and considering the wildly unprofessional correspondence from counsel for Tarrio and Biggs, *see* Margolin Decl. Ex. 4 at 1—that discovery will be contentious. But that is a fact of litigation, not a reason to stay its forward progress.

Finally, Straka's argument that discovery should not proceed until the Court rules on the First Amendment defense he raises in his motion to dismiss is without merit. Straka Mot. 6. Although framed as a burden, Straka is merely rearguing that the Court should scrutinize the merits of his motion to dismiss in deciding whether to stay discovery, which, as discussed above, is not the test used in this Circuit. Regardless, Straka lodges First Amendment defenses only to Counts I, II, and III of the Amended Complaint and thus, this argument does not compel a full stay of discovery against him on the remaining three claims. *See* ECF No. 98 at 3-8, 19.

Straka's purported burdens are nothing more than routine costs of litigation; Straka has not explained why he would be prejudiced by proceeding with the Rule 26(f) conference or discovery, and the Court should not deem Straka's desire to avoid this litigation sufficient to merit a stay.

### B.      Meggs Fails to Articulate Any Harm from Beginning Discovery

Meggs, like Straka, fails to demonstrate "a clear case of hardship or inequity in being required to go forward with discovery" entitling him to a discovery stay pending the resolution of his motion to dismiss. *Warren*, 2015 WL 12964658, at *3 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). Meggs also fails to establish "good cause" for a protective order under Rule 26(c), as he has not demonstrated specific harm that would result if his request were denied, nor

has he shown that the burden of beginning discovery outweighs Plaintiffs' need for such discovery. *Doe*, 247 F.R.D. at 221.[7]

Meggs points to three hardships he will purportedly suffer from discovery unless the Court grants his motion for a stay or protective order: his counsel is preparing for his criminal trial by reviewing voluminous discovery and developing case strategy while he is incarcerated; that the protective order entered in his criminal case complicates the initial disclosures he must make to Plaintiffs under Rule 26(a)(1); and that Meggs's Fifth Amendment rights will be implicated by "disclosing discovery … just weeks before trial strategy in the criminal case will occur." Meggs Mot. 2, 5. None of these supposed burdens warrants a stay or protective order.

The fact that Meggs has the same counsel for his parallel criminal and civil proceedings does not create the requisite hardship here. Meggs Mot. 2, 5. Plaintiffs asked counsel to participate in a minimally burdensome Rule 26(f) conference, at which Plaintiffs have already expressed a willingness to discuss the issues Meggs raises in the instant motion. *See* Margolin Decl., Ex. 3 at 1 (Email from Plaintiffs' counsel to Meggs's counsel indicating that "[Plaintiffs] are open to discussing an adjusted timeline for [Meggs's] initial disclosures, as well as any issues relating to the protective order in the criminal case, at the conference"). Indeed, in a fraction of the time it took to prepare and submit these motion papers, counsel for Meggs could have participated in the Rule 26(f) conference and potentially obviated the need for motion practice. The parties should first address any concern Meggs may have about the burdens of discovery raised by his criminal case

---

[7] As a threshold matter, Meggs seeks a protective order from discovery that has not yet been served, and thus has no basis upon which he may argue that discovery in this case would subject him to "annoyance, embarrassment, oppression, or undue burden or expense" under Rule 26(c). Plaintiffs nevertheless respond to the merits of his motion because they intend to seek discovery from Meggs—who faces federal charges in connection with alleged evidence spoliation—as expeditiously as possible to avoid further loss.

in the Rule 26(f) conference. There is no authority for the proposition that a criminal case must

stay discovery in a civil case, and the Court should not permit Meggs to avoid his obligations on

that basis.[8] *See* ECF No. 61 2-4 (citing authorities in this Circuit that a criminal case should rarely

stay a parallel civil case in opposition to Defendants Rehl's, Nordean's, Taylor's, and Kinnison's

motions to stay this case in full pending resolution of their criminal proceedings).

Meggs's assertion that he is entitled to a stay or a protective order because his counsel must

determine whether and to what extent Meggs can make initial disclosures in this case under the

protective order governing his disclosure of information in his criminal proceeding is unfounded.

Meggs Mot. 2, 5. As a threshold matter, Meggs has not cited to any provision of that protective

order prohibiting him from making the mandatory initial disclosures required by Rule 26(a)(1).

Regardless, Local Civil Rule 16.3(c)(7) requires the parties to confer about "what … changes

should be made in the scope, form or timing" of initial disclosures at the 26(f) conference. The

parties therefore will address the purported burden Meggs raises at the conference. And, as noted

above, Plaintiffs advised Meggs's counsel they were amenable to discussing an adjusted timeline

for Meggs's initial disclosures, as well as issues related to the criminal protective order, at the

conference. Margolin Decl., Ex. 3 at 1. At minimum, Meggs can make initial disclosures to the

extent he is able under the criminal protective order—as counsel cannot reasonably assert that

every piece of information that is called for in the initial disclosures is covered by the protective

---

[8] The D.C. Circuit has made clear that "[a] total stay of civil discovery pending the outcome of related criminal matters is an extraordinary remedy appropriate for extraordinary circumstances." *Weil v. Markowitz*, 829 F.2d 166, 174 n.17 (D.C. Cir. 1987). Accordingly—and in contrast to Meggs's arguments in his brief, Meggs Mot. 5, "the mere relationship between criminal and civil proceedings, and the resulting prospect that discovery in the civil case could prejudice the criminal proceedings, does not establish the requisite good cause for a stay." *HT S.R.L. v. Velasco*, 2015 WL 13759884, at *7 (D.D.C Nov. 13, 2015) (quoting *Horn v. District of Columbia*, 210 F.R.D. 13, 15 (D.D.C. 2002)).

order—and supplement those disclosures as necessary after the pendency of his criminal case. *See* Fed. R. Civ. P. 26(e).

Meggs's final argument, that he "has Fifth Amendment rights that make disclosing discovery" at this juncture burdensome, is no more persuasive. Meggs Mot. 2. The Fifth Amendment against self-incrimination protects against only the compelled disclosure of "testimonial communications," *United States v. Hubbell*, 530 U.S. 27, 35-36 (2000), and Meggs has not explained how participating in the Rule 26(f) conference—or how future, yet-to-be-served discovery—could possibly compel incriminating testimonial communications from him.[9] Meggs's objection ignores not only Local Civil Rule 16.3(c)(7)'s mandate that the parties discuss appropriate amendments to Rule 26(a)(1)'s initial disclosure requirements, but also Local Civil Rule 16.3(c)(10)'s requirement that the parties confer about "claims of privilege" at the Rule 26(f) conference, which encompasses any Fifth Amendment concerns Meggs may raise.

Meggs's bare reliance on the existence of his parallel criminal proceedings does not, as he contests, meet the standard for a stay or protective order in this case. Indeed, each of the burdens that Meggs cites in his motion papers could be eliminated through the Rule 26(f) conference process.

---

[9] Nor is the Fifth Amendment privilege implicated when a defendant turns over information already in the Government's possession. *Doe*, 2017 WL 11629048, at *3. Meggs has explained to Plaintiffs' counsel that he will need to "decipher[]" evidence from the Government's case in drafting initial disclosures, *see* Margolin Decl., Ex. 3 at 2, which demonstrates that at least some of his evidence relevant to the initial disclosures is already in the Government's possession (and Meggs's Fifth Amendment privilege therefore does not protect him from disclosing that information to Plaintiffs).

### C.     Tarrio and Biggs Are Not Entitled to a Protective Order Simply Because Their Counsel is Simultaneously Preparing for Their Criminal Trials

Tarrio and Biggs join Meggs's motion for a protective order. Tarrio Mot. 1; Biggs Mot. 1. They ask the Court to excuse them from all discovery in this case until after their criminal trials conclude, chiefly because they contend that preparing for their criminal trials will be time consuming. Tarrio Mot. 1-2; Biggs Mot. 1. As is true with counsel for Meggs, the fact that Tarrio and Biggs are represented by the same counsel in this case as in their criminal proceedings does not relieve counsel of his obligation to participate in a mandatory, minimally burdensome scheduling conference, or to engage in discovery in the instant matter. The Court should reject this argument for the reasons above—because neither Defendant explains why their parallel criminal cases prohibit them from participating in discovery, and because the parties must discuss the issues they raise by motion during the Rule 26(f) conference process. *See supra* Section II.B.

### D.     Plaintiffs Will Suffer Significant Prejudice If Discovery Is Stayed Including Evidence Loss, Prolonged Litigation, and Delayed Justice

Plaintiffs will suffer significant prejudice if the Court postpones discovery, including the Rule 26(f) conference, pending adjudication of Straka's and Meggs's motions to dismiss, and resolution of Meggs's, Tarrio's, and Biggs's criminal trials.

Plaintiffs will be prejudiced from delay in discussing a discovery plan. The unique nature and scope of this case will require Plaintiffs to engage in complex and time-consuming discovery efforts. Plaintiffs must seek discovery from at least the 26 named Defendants and myriad nonparty witnesses—including government officials, individuals with pending criminal proceedings, and individuals located across the country. Plaintiffs cannot begin the wide-ranging discovery efforts that this case requires until they discuss a framework for discovery with Defendants. An expeditious Rule 26(f) conference will allow the parties to develop an effective strategy to move this case forward, in a manner that avoids prejudice to Plaintiffs and burdening the Court.

Other attempts to procure discovery related to the January 6 attack have been protracted, and it is thus imperative the parties confer in earnest and present critical discovery disputes to the Court as soon as possible. *See, e.g.*, *Eastman v. Thompson*, No. 22-cv-00099, ECF No. 260 (C.D. Cal. 2022) (denying, in part, Eastman's motion for a protective order over communications related to overturning the results of the 2020 election); *see generally Meadows v. Pelosi*, No. 21-cv-03217 (D.D.C. 2021) (ongoing dispute regarding Mark Meadow's request to enjoin subpoenas served upon him by the House Select Committee investigating January 6, in which the court is currently adjudicating Meadow's motion for judgment on the pleadings or alternatively summary judgment). And, as Straka predicts, it is likely that the discovery process in this January 6 case will sometimes be contentious, likewise leading to significant motion practice and further delay. Straka Mot. 6. It is therefore imperative that the parties begin the discovery period "as soon as practicable," as Rule 26(f) commands.

Delaying discovery also significantly elevates the risk that crucial documentary evidence will be lost or become more difficult to locate. Although all parties must retain the evidence they have, the Federal Rules recognize that commencing discovery plays a key role in ensuring preservation of evidence, as the moving Defendants are not obligated to discuss issues about preserving discoverable evidence until the Rule 26(f) conference occurs. *See* Fed. R. Civ. P. 26(f) (mandating that the "parties must … discuss any issues about preserving discoverable information"). Courts also routinely recognize the heightened risk that relevant evidence will be lost or destroyed the longer a case is pending—and Plaintiffs initiated this case nearly a year ago. *See Udeen v. Subaru of Am., Inc.*, 378 F. Supp. 3d 330, 333 (D.N.J. 2019) ("[T]he longer the case languishes the greater chance exists that relevant evidence may be lost or destroyed."); *Jackson v. Denver Water Bd.*, 2008 WL 5233787, at *1 (D. Colo. Dec. 15, 2008) (denying motion to stay, in part, because of

potential "adverse consequences such as a decrease in evidentiary quality and witness availabili-
ty").

Time is of the essence at every step, as the longer it takes for the parties to discuss, litigate,
and exchange written discovery, the longer it will take for them to proceed to depositions. At least
some critical evidence supporting Plaintiffs' claims will be elicited during depositions, and it is
axiomatic that witnesses' memories may fade with the passage of time. *See, e.g.*, *Cooper Notifi-
cation, Inc. v. Twitter, Inc.*, 2010 WL 5149351, at *4 (D. Del. Dec. 13, 2010) (denying motion to
stay, in part, where "much of the evidence [plaintiff] must amass … exists in the minds of wit-
nesses, whose memories will inevitably fade").

This case in particular presents a unique and substantial risk that critical evidence will be
destroyed unless the parties confer on and implement preservation measures. Court documents
indicate that several Defendants in this case—including Meggs—have spoliated evidence related
to the Government's investigation of January 6.[10] The Government indicted Meggs on June 22,
2022 for, among other things, "delet[ing] from his cellular telephone certain media, files, and com-
munications that showed his involvement" in the January 6 attack, in violation of 18 U.S.C. §

---

[10] The D.C. Circuit, for example, found that Defendant Charles Donohoe "has both the desire and
the technical skill to … conceal communications from law enforcement and to destroy evidence
of communications." *United States v. Charles Donohoe*, No. 21-3046, ECF No. 9 (D.C. Cir. Sept.
27, 2021). The Government indicted Defendant Stewart Rhodes for allegedly "delet[ing] … certain
media, files, and communications" showing his involvement in the January 6 attack, and alleged
that he "encouraged co-conspirators to delete media, files and communications" showing their
involvement in January 6. *United States v. Elmer Stewart Rhodes III et al.*, 22-cr-00015-APM,
ECF No. 167 at 39 (D.D.C. June 22, 2022). The Government likewise indicted Defendant Thomas
Caldwell for allegedly "delet[ing] photographs from his Facebook account that documented his
participation" in the attack on the Capitol on January 6, 2021, *id*. at 44, and indicted Defendants
Erik Warner and Derek Kinnison for having "erased and obscured the DC Brigade Telegram chat
from [their] cell phone[s] to hide it from the grand jury investigation into the attack on the Capitol
on January 6, 2021," *United States v. Alan Hostetter, et al.*, 21-cr-00392-RCL, ECF No. 89 at 19-
20 (D.D.C. Dec. 1, 2021).

1512(c)(1). *United States v. Elmer Stewart Rhodes III et al.*, 22-cr-00015-APM, ECF No. 167 at 39 (D.D.C. June 22, 2022). Public reporting also demonstrates that other individuals involved in the January 6 attack have likewise displayed a pattern of disrespect for and noncooperation in the discovery process.[11]

---

[11] By way of example, the White House Call Log from January 6, 2021 is missing time entries from approximately 1:00pm to 6:00pm—during the time of the insurrection. Bob Woodward & Robert Costa, *Jan. 6 White House logs given to House show 7-Hour gap in Trump calls*, The Wash. Post (Mar. 29, 2022), https://www.washingtonpost.com/politics/2022/03/29/trump-white-house-logs/.

The U.S. House of Representatives held Peter Navarro, Dan Scavino, Mark Meadows, and Stephen Bannon in contempt of Congress for refusing to participate in the House Select Committee's investigation of January 6. Farnoush Amiri, *Scavino, Navarro Held in Contempt of Congress in 1/6 probe*, AP News (Apr. 6, 2022), https://apnews.com/article/ivanka-trump-capitol-siege-steve-bannon-subpoenas-dan-scavino-4e3f6603f38bbb66ea6a68ab1d286bbf; Farnoush Amiri & Mary Clare Jalonick, *House Votes to Hold Mark Meadows in Contempt in Jan. 6 Probe*, AP News (Dec. 14, 2021), https://apnews.com/article/steve-bannon-business-donald-trump-capitol-siege-mark-meadows-7da38d635dd5474e899f3a14f171bf1c; Luke Broadwater, *House Finds Bannon in Contempt for Defying Jan. 6 Inquiry Subpoena*, N.Y. Times (Jan 6, 2022), https://www.nytimes.com/2021/10/21/us/politics/bannon-contempt-jan-6-subpoena.html.

Defendant former President Trump has further been held in civil contempt for flouting a subpoena in the New York State civil probe into his business records, *Trump Pays $110,000 for Failing to Comply With Subpoena in Civil Probe – New York AG*, Reuters (May 20, 2022), https://www.reuters.com/world/us/trump-pays-110000-failing-comply-with-subpoena-civil-probe-new-york-ag-2022-05-20/. Trump, moreover, reportedly instructed his former aides not to provide testimony or documents to the House Select Committee, in direct defiance of subpoenas served upon them. Luke Broadwater & Maggie Haberman, *Trump Tells Former Aides to Defy Subpoenas From Jan. 6 Panel*, N.Y. Times (Nov. 8, 2021), https://www.nytimes.com/2021/10/07/us/politics/jan-6-subpoenas.html.

And Defendant Roger Stone refused to cooperate with the House Select Committee, raising his Fifth Amendment right not to testify. Rebecca Falconer, *Roger Stone Won't Cooperate with Jan. 6 Panel*, Axios (Dec. 7, 2021), https://www.axios.com/2021/12/08/roger-stone-wont-cooperate-house-jan-6-probe.

Most recently, Stephen Bannon was found guilty in the District of Columbia for Contempt of Congress for refusing to participate in the House Select Committee's investigation of the January 6 attack, Aishvarya Kavi & Alan Feuer, *Bannon Found Guilty of Contempt in Case Related to Capitol Riot Inquiry*, N.Y. Times (July 22, 2022), https://www.nytimes.com/2022/07/22/us/politics/bannon-trial-contempt-charges.html.

And the considerable lack of decorum that counsel for Tarrio and Biggs has displayed, *see* Margolin Decl., Ex. 4 at 1, suggests that the forthcoming discovery process with at least those Defendants will be arduous. Not only does such appalling and unprofessional conduct "demean[] the legal profession, undermine[] the administration of justice, and diminish[] respect for both the legal process and the results of our system of justice," D.C. Bd. of Governors, D.C. Bar Voluntary Standards of Civility in Professional Conduct, Preamble, but also it raises real concerns about that counsel's fidelity to the norms and rules of the legal profession, including the Rules of Professional Conduct, the duty of candor to the Court in this case, and the duty not to obstruct another party's access to evidence. *See* D.C. R. Pro. Conduct 3.3-3.4. Coupled with the risks of spoliation already discussed, such conduct by counsel for Tarrio and Biggs underscores the need to proceed with discovery without delay.

The discovery of evidence is not Plaintiffs' only concern related to a stay. A delay could interfere with Plaintiffs' ability to recover from Defendants, if other civil suits against Defendants proceed faster and render them unable to satisfy any judgment. *See Nat'l Coal. on Black Civic Participation v. Wohl*, 2021 WL 694557, at *3 (S.D.N.Y. Feb. 22, 2021). A delay would also force the Court to expend more judicial resources managing the case, and, critically, require Plaintiffs to wait longer for their day in court. Plaintiffs brought this case in part "to help ensure that what took place on January 6 never happens again," Am. Compl. ¶ 10, and are eager for that opportunity, *see Plaintiffs # 1-21 v. County of Suffolk*, 138 F. Supp. 3d 264, 280-82 (S.D.N.Y. 2015) (denying stay of entire case due in part to public interest in claims of civil rights violations). The Rule 26(f) conference is the first step towards accomplishing this goal.

## **CONCLUSION**

The Court should deny the moving Defendants' motions to stay and for protective orders for the foregoing reasons. Plaintiffs do not believe that oral argument is necessary but request the opportunity to present such argument if it would be of assistance to the Court.

Dated:   July 29, 2022

Respectfully submitted,

By:   /s/        *Joshua S. Margolin*

Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Claire O'Brien, *pro hac vice*
Denae Kassotis, *pro hac vice*
Douglas Wagner, *pro hac vice*
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
cobrien@selendygay.com
dkassotis@selendygay.com
dwagner@selendygay.com

Jon Greenbaum, D.C. Bar No. 489887
Edward G. Caspar, D.C. Bar No. 1644168
David Brody, D.C. Bar No. 1021476
Arusha Gordon, D.C. Bar No. 1035129
Marc P. Epstein, *pro hac vice*
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1500 K Street N.W., Suite 900
Washington, DC  20005
Tel: 202-662-8390
jgreenbaum@lawyerscommittee.org
ecaspar@lawyerscommittee.com
dbrody@lawyerscommittee.org
agordon@lawyerscommittee.org
mepstein@lawyerscommittee.org

*Attorneys for Plaintiffs Conrad Smith, et al.*

## CERTIFICATE OF SERVICE

I certify that on July 29, 2022, I served a copy of the foregoing filing on all parties of record by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice to all attorneys of record. Plaintiffs are serving the remaining defendants via first class mail or other permitted means.

 Dated: July 29, 2022

_____

Joshua S. Margolin