IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CONRAD SMITH, et al.,

    Plaintiffs,

v.

DONALD J. TRUMP, et al.,

    Defendants.

_____/

CASE NO.: 1:21-CV-02265-APM

**DEFENDANT BRANDON J. STRAKA'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING RESOLUTION OF HIS MOTION TO DISMISS**

Brandon Straka has not filed an answer in this matter, and the Plaintiffs recognize he has filed a motion to dismiss all their claims. ECF No. 155 at 7. They concede that "[t]his case is complex[] and will involve protracted discovery" and that it will be "a litigious process" but *also* claim that starting this process now is nothing more than "a routine conference." *Id.* at 6-8. They offer no commitments here or in previous conferral with counsel as to delaying the formation of a discovery plan and further proceedings following the Rule 26(f) conference—indeed, it's just "the first step." *Id.* at 27. The Plaintiffs are aware of Mr. Straka's resolved criminal case, even suggesting the Court take judicial notice of it, yet they reiterate their defamatory statement that "Straka breached the Capitol on January 6." *Id.* at 9;[1] *see generally* Fed. R. Civ. P. 11(b). To be clear: Mr. Straka did not breach the Capitol on January 6. *See* ECF No. 155 at 9 (detailing Mr.

---

[1] The Plaintiffs continue their guilt-by-association innuendo against Mr. Straka, but the Court may take as much judicial notice of criminal cases in which Mr. Straka is *not* a party as the one in which he was. The Plaintiffs' complaint alleges Mr. Straka conspired with the Oath Keepers, the Proud Boys, and individual defendants who are members of those respective organizations. ECF No. 89 at 44, 50, 67, 68, 70 (Compl. ¶¶ 108, 127, 170(a),(c), 179). Yet, in their response here, the Plaintiffs note two criminal seditious conspiracy criminal cases against some of these very members of the Oath Keepers and Proud Boys, cases in which Mr. Straka is *not* an alleged co-conspirator. *See* ECF No. 155 at 10-11.

1

Straka's criminal plea). Even lies like this on Plaintiffs' part—employed with chilling irony against a so-called "Big Lie"—do not support a single cause of action against Mr. Straka by the Plaintiffs. *See* ECF No. 155 at 9. In any event, the Court should stay Mr. Straka's discovery obligations until it rules on his motion to dismiss, and specifically "order[] otherwise" as to the timing of Mr. Straka's attendance at a 26(f) conference. Fed. R. Civ. P. 26(f)(1).

"The requirements of [Local Civil Rule 16.3] and of Fed. R. Civ. P. 16(b) and 26(f), shall not apply in cases in which no answer has yet been filed and in cases in which a significant number of named defendants have not yet answered." LCivR 16.3(b). Though this is not a "categorical rule" that stays discovery in this Court, it's close enough to one here. *Cf.* ECF No. 155 at 14. In their attempt to bypass it, the Plaintiffs assert without any explanation that answers from six out of 26 defendants constitutes a "significant" number, even in comparison to 12 defendants who have not only not filed answers but have moved to dismiss before answering (as defendants must). ECF No. 155 at 14 n.9; Fed. R. Civ. P. 12(b). It's not; "significant" would be, at a minimum, the other way around. The rule is clear, and its context re-affirms the judicial efficiency served by this Court's routine granting of discovery stays where dispositive motions are pending against all claims. *See* ECF No. 149 at 4. Whether under this Local Rule or Rule 26(f)(1) itself, the Court should order Mr. Straka is not obligated to begin discovery or confer at this time.

The Plaintiffs frame this discovery dispute as one about "routine costs of litigation." ECF No. 155 at 19. But Mr. Straka will be prejudiced if he must engage in discovery for conspiracy claims that are entirely based on public advocacy that is fully protected by the First Amendment. *See, e.g.*, *Thompson v. Trump*, No. 21-CV-00400 (APM), 2022 WL 503384, at *46 (D.D.C. Feb. 18, 2022). The Plaintiffs seem to have lost their own complaint here, and claim "Straka lodges First Amendment defenses to only Counts I, II, and III of the Amended Complaint[.]" But Mr.

Straka's First Amendment defense applies just as strongly to the Plaintiffs' claims of conspiracy and aiding and abetting alleged assaults (Count IV) and batteries (Count V) against the Plaintiffs. *See* ECF No. 98 at 28-30. It's a complete defense: no Plaintiff has alleged that Mr. Straka directly assaulted or battered him or her. These defenses have already been recognized by this Court in cases arising from January 6 for figures far more powerful than Mr. Straka: it is prejudicial and burdensome to have him endure discovery before his defenses are ruled upon. This leaves only the Plaintiffs' negligence claim, and Mr. Straka will indeed be harmed if discovery is allowed to commence on another unprecedented legal theory against which "the court [has] expressed skepticism" and should be firmly rejected under D.C. law. *See id.* at 30; *Thompson*, 2022 WL 503384, at *48.

Against this, the Plaintiffs suggest *they* will be prejudiced. Their argument amounts to nothing more than the same tired guilt-by-association of Mr. Straka with other defendants in this and other January 6 cases and even other defendants' attorneys. ECF No. 155 at 27. Mr. Straka's criminal docket suggests no hint of spoliation. *Cf. id.* at 20. Mr. Straka is not a defendant in any of the other myriad civil suits before this Court. *Cf. id.* at 22. Moreover, though "witnesses' memories may fade with the passage of time", by the Plaintiffs' own complaint (juxtaposed, by the Plaintiffs' suggestion, with Mr. Straka's criminal matter) they never even saw Mr. Straka on January 6, 2021. *Id.* at 25; *see* ECF No. 98 at 29. This is far from routine litigation, and after bringing novel claims that seriously threaten civil rights under law the Plaintiffs will not be prejudiced by waiting for the Court to decide if any of their claims may proceed against Mr. Straka before commencing discovery.

## Conclusion

For the foregoing reasons, Brandon Straka respectfully requests that the Court stay discovery, including his obligation to confer under Rule 26(f), until his motion to dismiss is resolved.

Respectfully submitted,

Brandon J. Straka

By Counsel

| | |
|---|---|
| /s/ Stephen Klein | /s/ Benjamin Barr |
| Stephen R. Klein | Benjamin Barr |
| Bar No. 177056 | (Pro Hac Vice) |
| BARR & KLEIN PLLC | BARR & KLEIN PLLC |
| 1629 K St. N.W. Ste. 300 | 444 N. Michigan Avenue Ste. 1200 |
| Washington, DC 20006 | Chicago, IL 60611 |
| Telephone: (202) 804-6676 | Telephone: (202) 595-4671 |
| steve@barrklein.com | ben@barrklein.com |

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of August, 2022, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing (NEF) to Plaintiffs' counsel and counsel for most Defendants.

I further certify that, pursuant to Federal Rule of Civil Procedure 5(b)(2)(C), counsel will endeavor to serve all other named Defendants a copy of this filing by first class mail.

/s/ Stephen Klein
Stephen R. Klein

*Counsel to Brandon J. Straka*