# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CONRAD SMITH, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> Defendants. | Civil Action No. 1:21-CV-02265-APM |

## <u>PLAINTIFFS' OPPOSITION TO DEFENDANTS DONALD J. TRUMP'S, DONALD J. TRUMP FOR PRESIDENT, INC.'S, AND MAKE AMERICA GREAT AGAIN PAC'S MOTION TO STAY</u>

Date: August 10, 2022

Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Claire O'Brien, *pro hac vice*
Denae Kassotis, *pro hac vice*
Douglas E. Wagner, *pro hac vice*
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
cobrien@selendygay.com
dkassotis@selendygay.com
dwagner@selendygay.com

Jon Greenbaum, D.C. Bar No. 489887
Edward G. Caspar, D.C. Bar No. 1644168
David Brody, D.C. Bar No. 1021476

Arusha Gordon, D.C. Bar No. 1035129
Marc P. Epstein, *pro hac vice*
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1500 K Street N.W., Suite 900
Washington, DC  20005
Tel: 202-662-8390
jgreenbaum@lawyerscommittee.org
ecaspar@lawyerscommittee.com
dbrody@lawyerscommittee.org
agordon@lawyerscommittee.org
mepstein@lawyerscommittee.org

*Attorneys for Plaintiffs Conrad Smith, et al.*

## <u>TABLE OF CONTENTS</u>

<u>Pages</u>

PRELIMINARY STATEMENT ......................................................................................................4

BACKGROUND ..........................................................................................................................6

ARGUMENT ...............................................................................................................................8

I.      The Trump Defendants' Pending Motion to Dismiss Does Not Merit a Stay of
Discovery. ......................................................................................................................8

II.     Defendant Trump's Assertion of Immunity Does Not Warrant a Stay of Discovery........10

       A.     The Burdens that Trump Will Face Are Minimal in Light of the Tailored
Discovery Sought by Plaintiffs .............................................................................12

       B.     Plaintiffs Would Suffer Undue Prejudice If This Litigation Were Stayed ...........14

CONCLUSION...........................................................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Crawford-El v. Britton*,
 523 U.S. 574 (1998)............................................................................................7, 8

*Dist. Title v. Warren*,
 Civil Action No. 14-1808 (ABJ), 2015 WL 12964658 (D.D.C. June 15, 2015).....................8

*\*Feibush v. Johnson*,
 280 F. Supp. 3d 663 (E.D. Pa. 2017) ................................................................ *passim*

*Galarza v. Szalczyk*,
 No. CIV.A. 10-6815, 2012 WL 627917 (E.D. Pa. Feb. 28, 2012) .........................................10

*Harlow v. Fitzgerald*,
 457 U.S. 800 (1982)............................................................................................8

*Harris v. City of Balch Springs*,
 33 F. Supp. 3d 730 (N.D. Tex. 2014) ....................................................................7

*Hussain v. Nicholson*,
 435 F.3d 359 (D.C. Cir. 2006)...........................................................................14

*\*In re Flint Water Cases*,
 960 F.3d 820 (6th Cir. 2020) ........................................................................ *passim*

*Institut Pasteur v. Chiron Corp.*,
 315 F. Supp. 2d 33 (D.D.C. 2004)......................................................................6

*IPOC Int'l Growth Fund Ltd. v. Diligence, LLC*,
 Civil Action No. 06-1109 (PLF/AK), 2006 WL 8460103 (D.D.C. Oct. 13,
 2006) ...................................................................................................6, 9

*Jackson v. Denver Water Bd.*,
 CIV.A. 08-CV-01984-MSK(MEH), 2008 WL 5233787 (D. Colo. Dec. 15,
 2008) ...................................................................................................11

*Lugo v. Alvarado*,
 819 F.2d 5 (1st Cir. 1987)..................................................................................8

*Mendia v. Garcia*,
 No. 3:10-cv-03910, 2016 WL 3249485 (N.D. Cal. June 14, 2016).......................................10

*Mitchell v. Forsyth*,
 472 U.S. 511 (1985)..........................................................................................8

*People With Aids Health Grp. v. Burroughs Wellcome Co.*,
Civ. A. No. 91–0574, 1991 WL 221179 (D.D.C. Oct. 11, 1991) ..............................................6

*Seeds of Peace Collective v. City of Pittsburgh*,
No. CIV.A. 09-1275, 2010 WL 2990734 (W.D. Pa. July 28, 2010) .......................................10

*Simpson v. LLAB Trucking, Inc.*,
No. 1:21-CV-00333-RDA(IDD), 2022 WL 2614876 (E.D. Va. Jan. 26, 2022).....................14

*Udeen v. Subaru of Am., Inc.*,
378 F. Supp. 3d 330 (D.N.J. 2019) ........................................................................................11

*United States v. Honeywell Int'l, Inc.*,
20 F. Supp. 3d 129 (D.D.C. 2013) ...........................................................................................7

*United States v. Manigault Newman*,
No. 19-cv-1868 (D.D.C. Nov. 13, 2019) ...................................................................................6

*United States ex rel. Westrick v. Second Chance Body Armor, Inc.*,
Civil Action No. 04-0280 (RWR/AK), 2007 WL 9706653 (D.D.C. Aug. 31,
2007) .........................................................................................................................................6

*White v. Fraternal Order of Police*,
909 F.2d 512 (D.C. Cir. 1990) ..................................................................................................6

**Statutes**

Fed. R. Civ. P. 26(f) ......................................................................................................................8

D.D.C. Loc. Civ. R. 16.3 ...............................................................................................................5

Plaintiffs, by and through counsel, submit this Opposition to the Motion to Stay by Defendants Donald J. Trump ("Trump"), Donald J. Trump for President, Inc. ("Trump for President") and Make America Great Again PAC ("MAGA PAC") (collectively, "Trump Defendants").

## PRELIMINARY STATEMENT

The Court should deny the Trump Defendants' request for a complete stay of this case, including discovery, while their motion to dismiss is pending. Neither the pending motion to dismiss nor Trump's assertion of immunity—which this Court has repeatedly rejected—are sufficient to grind this case to a halt. The Trump Defendants seek a stay of "all aspects of this case" pending "any appeal" of the Court's decision on Trump's immunity assertion, which could last years. Trump no doubt would appeal the rejection of his immunity claim to the Supreme Court, which may not resolve the issue until the end of its 2023-2024 term. Such a delay would represent a catastrophic burden to the Plaintiffs in their effort to secure justice and would be entirely premature, as Plaintiffs have not yet served any discovery.

The Court is not required to order a stay where one party in a multi-defendant case asserts immunity. Courts addressing this issue have recognized that discovery should go forward where plaintiffs bring claims against other defendants against whom discovery can proceed. As with any motion to stay discovery, a court must balance the likely burden to the party seeking the stay against the prejudice that would result to the opposing party if the case is frozen. Trial courts have broad discretion to fashion a case management plan that strikes the proper balance and, in such circumstances, consider whether it is possible to craft a discovery plan that provides adequate protection to the allegedly immune defendant; whether the case involves claims against defendants who do not allege immunity; and whether the purportedly immune defendant would be subject to

4

discovery as a third party if their immunity claim is rejected. Each of these considerations weighs against a stay here.

As a threshold matter, only Trump—not Trump for President, MAGA PAC, or any other Defendant—has claimed immunity. Because discovery against Trump for President and MAGA PAC, as well as against other non-moving Defendants, would be separate from discovery against Trump, there is no basis to stay the proceedings as to all Defendants.

With regard to Trump, the Court can craft a case management plan that avoids unduly burdening Trump while his claim of immunity is pending. Plaintiffs intend to immediately seek written discovery from parties other than Trump and third parties. This will allow Plaintiffs to begin what will inevitably be a lengthy discovery process, will result in minimal burden to Trump, and will protect Plaintiffs from the destruction or degradation of evidence crucial to prosecuting their claims. Plaintiffs made clear to Trump's counsel that they are willing to negotiate a discovery plan that minimizes any immediate burden on Trump, by, for example, waiting until discovery progresses to seek any discovery from Trump or to commence with any depositions. Instead of responding to Plaintiffs' proposal or agreeing to participate in the mandatory scheduling conference,[1] counsel for the Trump Defendants filed the instant motion seeking a blanket stay of all discovery based on unspecific burdens from discovery that Plaintiffs have not yet propounded. Plaintiffs will inevitably seek document discovery from Trump, as well as his deposition and many others, but until these requests are served, Trump cannot argue that he faces any burden and his sweeping request to stay these proceedings is therefore overbroad and premature.

---

[1] Counsel for the Trump Defendants appeared at the Rule 26(f) conference held on August 8, 2022 solely to lodge an objection to the conference and to discovery proceeding in any fashion.

Trump points only to potential burdens that may arise as this case progresses. Trump can move the Court at the appropriate time to address these burdens, should they arise. But these premature allegations of burden do not warrant a stay. Indeed, the parties can work together to create a discovery plan that minimizes Trump's concerns. Moreover, any burden that Trump may face from discovery commencing in this case is far outweighed by the prejudice to Plaintiffs of a wholesale stay. The number of relevant parties from whom Plaintiffs will seek discovery and the scope of the evidence sought will be substantial and will likely lead to a prolonged discovery process even in the absence of a stay. And in light of widespread reporting of spoliation by Defendants and third parties, further delay increases the already high risk that evidence will be destroyed.

On balance, the hypothetical burden to Trump from merely commencing discovery in this case along the lines Plaintiffs have proposed pales in comparison to the undue prejudice that Plaintiffs would suffer from a complete stay of this litigation. The Court should deny the Trump Defendants' Motion and permit discovery to proceed.

## **BACKGROUND**

Plaintiffs have brought claims against former President Trump, Trump's 2020 reelection campaign Trump for President, and his political action committee MAGA PAC, along with "Stop the Steal" activists, certain militant groups, and their members, for their role in the January 6 attack on the United States Capitol. *See* ECF Nos. 1, 89. On December 23, 2021, the Trump Defendants filed a motion to dismiss Plaintiffs' Amended Complaint. *See* ECF No. 103. Among the bases for dismissal, Trump argued that he is shielded from liability under the doctrine of Presidential immunity. *See* ECF No. 103-1 at 9–14. That motion is pending before the Court.

On June 22, 2022, Plaintiffs proposed to all Defendants that the parties schedule an initial conference pursuant to Federal Rule of Civil Procedure 26(f) ("Rule 26(f) conference") to proceed

with developing a case management plan for this case. *See, e.g.*, Ex. 1 to the Declaration of Joshua S. Margolin ("Margolin Decl."), filed contemporaneously herewith. Several Defendants agreed to participate in the Rule 26(f) conference consistent with their obligation to confer "as soon as practicable" under Rule 26(f)(1), while other Defendants refused to participate.[2] Plaintiffs initially set the conference for July 28, 2022, but later re-scheduled the conference to August 8, 2022 in order to accommodate additional Defendants who expressed a willingness to participate.

Plaintiffs made clear in their July 14, 2022 email to Trump Defendants' counsel that Plaintiffs neither "intend to seek immediate discovery from Mr. Trump, nor to immediately commence depositions." Margolin Decl., Ex. 2. Plaintiffs explained that proceeding with discovery would minimize the "real risk of spoliation, and a prolonged, indefinite delay would be to the detriment of all parties." *Id.* Trump Defendants' counsel did not respond, and the instant motion followed.

Plaintiffs thereafter shared with Trump Defendants' counsel dial-in information for the 26(f) conference, prompting counsel to request the conference be "postpone[d]" until after the pending motions to stay are decided. Margolin Decl., Ex. 3. Plaintiffs responded that they intend to proceed with the 26(f) conference and encouraged the Trump Defendants to attend. *Id.* The parties held the conference as scheduled on August 8, 2022. Counsel for the Trump Defendants attended for the purpose of lodging his objections to the conference proceeding and more generally to any commencement of discovery, but did not otherwise participate. The parties will jointly

---

[2] Defendants Ali Alexander, Ronald Mele, Alan Hostetter, and Zachary Rehl either failed to respond to Plaintiffs' requests to confer or refused to participate in the Rule 26(f) conference, but have not sought relief from the Court. Defendants Brandon Straka, Kelly Meggs, Enrique Tarrio, Joseph Biggs, and Thomas Caldwell moved for a stay of discovery and/or a protective order. ECF Nos. 149–152, 157. Despite moving for a stay and/or protective order, counsel for Defendants Enrique Tarrio and Joseph Biggs, as well as Thomas Caldwell (who is appearing *pro se*) participated in the conference.

submit a conference report pursuant to Fed. R. Civ. P. 26(f)(3) and D.D.C. Local Civil Rule 16.3(d).

## ARGUMENT

The Trump Defendants request a stay of "all aspects of this case" as to all parties pending the resolution of the Trump Defendants' motion to dismiss and Trump's claim of immunity, including "any appeal stemming" from the district court's decision. ECF No. 154-1 at 2 ("Trump Mot."). A pending motion to dismiss—without more—is insufficient to stay discovery. *See* ECF No. 155 at 9–12. Nor does the pendency of the determination of Trump's immunity defense mandate a global stay. Rather, the merits of the Trump Defendants' stay motion must be assessed by weighing the claimed benefits of the desired stay against the likely prejudice to the Plaintiffs. *In re Flint Water Cases*, 960 F.3d 820, 826–28 (6th Cir. 2020); *Feibush v. Johnson*, 280 F. Supp. 3d 663, 664–65 (E.D. Pa. 2017). That balance counsels against issuing a global stay here.

**I.    The Trump Defendants' Pending Motion to Dismiss Does Not Merit a Stay of Discovery**

The Court should not stay discovery pending resolution of the Trump Defendants' motion to dismiss. As Plaintiffs argued in opposition to the motions to stay and for a protective order filed by Defendants Brandon Straka and Kelly Meggs, *see* ECF No. 155 at 9–10, a pending motion to dismiss does not warrant an automatic stay of discovery. Both the Federal and Local Rules require parties with pending dispositive motions to engage in the Rule 26(f) conference. *See* Fed. R. Civ. P. 26(f), advisory committee's note to 1993 amendment ("The obligation to participate in the planning process is imposed on … defendants who, because of a pending Rule 12 motion, may not have yet filed an answer in the case."); D.D.C. Loc. Civ. R. 16.3(c)(1) (obligating parties to discuss "whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery … should await a decision on the motion."); *accord* ECF No. 155 at 9–12. And, as

Plaintiffs have shown, *see* ECF No. 155 at 10, Courts in this district have repeatedly held that "a pending motion to dismiss is not a good reason to stay discovery." *See, e.g.*, *United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, Civil Action No. 04-0280 (RWR/AK), 2007 WL 9706653, at *2 (D.D.C. Aug. 31, 2007); *People With Aids Health Grp. v. Burroughs Wellcome Co.*, Civ. A. No. 91-0574, 1991 WL 221179, at *1 (D.D.C. Oct. 11, 1991) ("A pending motion to dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery ...." (alteration omitted) (quoting *Twin City Fire Ins. Co. v. Emps. Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989))); *IPOC Int'l Growth Fund Ltd. v. Diligence, LLC*, Civil Action No. 06-1109 (PLF/AK), 2006 WL 8460103, at *2 (D.D.C. Oct. 13, 2006) (denying in part motion to stay discovery pending resolution of motion to dismiss and ordering parties to proceed with written discovery and third-party discovery).

The cases cited by the Trump Defendants in support of their motion for a stay while their dispositive motion is pending, *see* Trump Mot. at 3–4—which are the same cases that Defendants Brandon Straka and Kelly Meggs rely on for their parallel stay motion—are plainly inapposite. *White v. Fraternal Order of Police*, 909 F.2d 512, 517 (D.C. Cir. 1990), concerned a discovery stay where the pleadings were sufficient to resolve the case on summary judgment; *United States v. Manigault Newman*, No. 19-cv-1868 (D.D.C. Nov. 13, 2019), concerned a motion for a protective order to prohibit a defendant who had moved to dismiss from deposing "high-ranking Executive Branch officials" while their dispositive motion was pending; and *Institut Pasteur v. Chiron Corp.*, 315 F. Supp. 2d 33, 40 (D.D.C. 2004), concerned a motion to stay pending arbitration that was mooted by the court's order denying the corresponding motion to compel arbitration. *See* ECF No. 155 at 10–11. These cases neither show that a stay of discovery is

automatic, nor that courts have determined that a stay was proper in even remotely similar circumstances. The Court should disregard them here.

To warrant a stay, the Trump Defendants must demonstrate "that the benefits of a discovery stay would outweigh the prejudice" to Plaintiffs. *United States v. Honeywell Int'l, Inc.*, 20 F. Supp. 3d 129, 133 (D.D.C. 2013). They have failed to do so. The Trump Defendants' only argument regarding prejudice is that discovery will prejudice Trump's meritless immunity claim, which does not warrant a stay, *see infra* Section II.A, particularly where the Trump Defendants other than Trump himself have no claim to immunity and no basis upon which to claim prejudice, *see infra* Section II.B. Taken together, the Trump Defendants fail to show that the burdens of discovery on them outweigh the prejudice of a stay to Plaintiffs. The Court should deny their motion.

## II.    Defendant Trump's Assertion of Immunity Does Not Warrant a Stay of Discovery

The Court should reject the Trump Defendants' demand that these proceedings should be frozen, potentially for years, because Trump raised an immunity defense in his motion to dismiss. There is no "categorical bar against discovery" during the pendency of an immunity claim, nor does claimed immunity "change the longstanding practice of leaving to lower courts the discretion to allow the parties to proceed with limited discovery." *Feibush*, 280 F. Supp. 3d at 665, 666; *accord Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998); *Flint*, 960 F.3d at 826, 828 (upholding district court's decision to allow certain discovery to proceed against Michigan's Governor and State Treasurer notwithstanding their immunity defenses, and emphasizing that "[i]t is up to the district court to take qualified immunity into account when developing its discovery plan").

In such circumstances, courts apply the same test applied when considering any stay: a court "must weigh the risk of prejudice and competing burdens." *Feibush*, 280 F. Supp. 3d at 665. Other relevant considerations are whether the plaintiffs brought claims against parties that have no

immunity defense, *id.*, whether the allegedly immune defendant will ultimately be subject to third-party discovery (regardless of the immunity defense), *see id.*; *Flint*, 960 F.3d at 827; *Harris v. City of Balch Springs*, 33 F. Supp. 3d 730, 733 (N.D. Tex. 2014), and—most importantly—whether a discovery order can be tailored to avoid unnecessarily burdening an allegedly immune defendant, *see Flint*, 960 F.3d at 826 ("The district court carefully sculpted a discovery plan that afforded the state defendants their full entitlement to immunity …."); *Feibush*, 280 F. Supp. 3d at 665 ("[T]his Court has severely constrained discovery in order to eliminate … burdens [on the defendant invoking immunity].").

None of the cases on which the Trump Defendants rely support their argument that a total stay is proper, where, as here, only a single defendant among many has asserted a claim of immunity. Trump Mot. at 4. In *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), and *Mitchell v. Forsyth*, 472 U.S. 511 (1985), the issue was the scope of the immunity of public officials, and "the appropriateness of conducting discovery was not [raised] on appeal," *Lugo v. Alvarado*, 819 F.2d 5, 7 (1st Cir. 1987). Indeed, the parties in both matters had engaged in "exhaustive discovery" over several years. *See Harlow*, 457 U.S. at 804–05 (recognizing the parties engaged in "nearly eight years of discovery"); *Mitchell*, 472 U.S. at 515 (recognizing "[d]iscovery and related preliminary proceedings [had] dragged on for … five-and-a-half years"). In *Crawford-El* the Court recognized that "neither [*Harlow*] nor subsequent decisions create an immunity from *all* discovery" just because an immunity defense is raised, and that "limited discovery may sometimes be necessary." *Crawford-El*, 523 U.S. at 593 n.14. In short, the Trump Defendants' cited cases demonstrate the impropriety of staying all proceedings in this case—as the requisite benefit–burden analysis here strikes heavily in Plaintiffs' favor.

### A.      The Burdens that Trump Will Face Are Minimal in Light of the Tailored Discovery Sought by Plaintiffs

The Trump Defendants have failed to sustain their burden of demonstrating "a clear case of hardship or inequity in being required to go forward with discovery." *Dist. Title v. Warren*, Civil Action No. 14-1808 (ABJ), 2015 WL 12964658, at *3 (D.D.C. June 15, 2015) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)); *see IPOC*, 2006 WL 8460103, at *3. At the outset, Trump for President and MAGA PAC have no immunity defense, and Trump's assertions regarding burden facially do not apply to them.

Furthermore, where, as here, a discovery plan can be crafted to avoid unduly burdening Trump, discovery can proceed against other Defendants not asserting an immunity defense, and Trump will inevitably be subject to discovery as a third party regardless of the outcome of his claimed immunity, the balance tips in favor of allowing discovery to proceed. *See Flint*, 960 F.3d at 828 (concluding—after applying balancing test—that "[i]t is inappropriate for us … to issue a prophylactic order to stop … depositions [of Government officials] from going forward based on hypothetical horrors before a single problematic question has been asked").

The only burden to which the Trump Defendants point is: "[a]s soon as written discovery requests are exchanged, and depositions are scheduled, President Trump will need to participate in the process by objecting and examining deposition witnesses." Trump Mot. at 5. Plaintiffs have made clear that they do not intend to immediately seek document discovery from Trump or to engage in depositions. Instead, Plaintiffs intend to commence discovery by collecting documents from the other Defendants and third parties. This discovery will not cause Trump any prejudice— it requires no involvement of Trump's counsel other than to review the documents produced, which counsel can undertake when they see fit. Plaintiffs hoped to discuss a schedule with Trump that would alleviate any immediate concerns of undue burden at the Rule 26(f) conference, but Trump's

12

counsel appeared only to object to the conference and any commencement of discovery and was unwilling to discuss any scheduling plan. Trump's hypothetical future burdens—having to engage in document discovery aimed at him and participate in depositions—can be discussed amongst the parties and then raised to the Court (if necessary) when they arise. However, a stay of all proceedings based on concerns of unspecified future burdens, especially in light of Plaintiffs' willingness to create a discovery plan aimed at diminishing such burdens, would be improper here.

The Trump Defendants' other arguments also fail. Trump Mot. at 4–5. Contrary to the Trump Defendants' claims that permitting discovery would be inefficient, staying discovery for all 34 parties pending final appellate resolution of a single party's assertion of immunity does not serve the interest of judicial economy, especially "given the inevitability of discovery against [the moving] Defendants." *Mendia v. Garcia*, Case No. 10-cv-03910-MEJ, 2016 WL 3249485, at *5 (N.D. Cal. June 14, 2016). Significantly, even if Trump is dismissed on immunity grounds, he will be subject to third-party discovery, as he has substantial information relevant to the claims against the other parties. It is in fact common practice to permit discovery against defendants awaiting resolution of their immunity defense when they would otherwise be subject to nonparty discovery. *See, e.g.*, *id.* at *5 (permitting limited discovery against defendants who raised immunity defenses because "they will still need to participate in discovery as percipient witnesses"); *Galarza v. Szalczyk*, Civil Action Nos. 10-6815, 11-4988, 2012 WL 627917, at *3 (E.D. Pa. Feb. 28, 2012) (requiring individual defendants appealing immunity to participate in discovery because discovery "will continue regardless of the outcome" of the individual defendants' immunity appeals); *Seeds of Peace Collective v. City of Pittsburgh*, Civil Action No. 09-1275, 2010 WL 2990734, at *3 (W.D. Pa. July 28, 2010) (requiring all defendants to "provide testimony and participate in discovery" with respect to claims not subject to appeal—despite their pending qualified immunity

appeal—because defendants "will remain a part of the pretrial proceedings as fact witnesses" and "the need to protect these defendants from the burdens of litigation are not present"); *Flint*, 960 F.3d at 828 ("The discovery at issue is not only suitably tailored to the situation, but also inevitable.").

Finally, the Trump Defendants' contention that "this is the precise type of litigation burden specifically prohibited by immunity," Trump Mot. at 5, is incorrect. Trump is no longer a public official. As the Trump Defendants point out, the purpose of the immunity doctrine is to protect *officials* from the distraction and burden of litigation. *Id.* at 4. Trump, however, is a private citizen and has no public duties which may be negatively impacted.

### B.      Plaintiffs Would Suffer Undue Prejudice If This Litigation Were Stayed

In contrast to the routine and manageable burden the Trump Defendants may face from proceeding with discovery, a complete stay of all proceedings for years would greatly prejudice the Plaintiffs in their efforts to secure justice. Discovery in this case will involve at least 34 parties, numerous third parties, and an extraordinary volume of documentary, video, and other evidence. As fully discussed in Plaintiffs' prior briefing on this matter, *see* ECF No. 155 at 18–19, the unique nature of this case will require Plaintiffs to engage in complex and time-consuming discovery efforts. Add to that the risk that evidence will be lost due to the passage of time and spoliation, and it is clear that discovery must begin without delay.

Additional delay will increase the substantial risk that critical evidence will be destroyed. Courts have recognized the heightened risk that relevant evidence will be lost or destroyed the longer a case is pending. *See Udeen v. Subaru of Am., Inc.*, 378 F. Supp. 3d 330, 333 (D.N.J. 2019); *Jackson v. Denver Water Bd.*, Civil Action No. 08-cv-01984-MSK-MEH, 2008 WL 5233787, at *1 (D. Colo. Dec. 15, 2008). Since Plaintiffs initiated this case nearly a year ago, this risk is only increasing.

However, this case presents an especially acute risk of evidence spoliation. As noted in Plaintiffs' prior briefing, multiple Defendants and third parties are alleged to have destroyed evidence related to the Government's investigation and prosecution of their conduct on January 6, 2021.[3] ECF No. 155 at 20–21 & nn.10–11. Regarding Trump in particular, public reporting related to the Government's investigation of the January 6 attack on the Capitol recounted his notorious habit of destroying records required to be maintained under the Presidential Records Act[4] and his lack of cooperation in other judicial matters[5] or investigations into January 6.[6] Public reporting also demonstrates that other individuals affiliated with Defendant Trump and in possession of

---

[3] The Government indicted Defendants Kelly Meggs and Elmer Stewart Rhodes for allegedly "delet[ing] from [their] cellular telephones certain media, files, and communications that showed [their] involvement in the conduct alleged [during the January 6 attack]," in violation of 18 U.S.C. § 1512(c)(1). *United States v. Elmer Stewart Rhodes III et al.*, 22-cr-00015-APM, ECF. No. 167 at 40–41 (D.D.C. June 22, 2022). Defendant Thomas Caldwell was also indicted for allegedly "delet[ing] photographs from his Facebook account that documented his participation in the attack on the Capitol on January 6, 2021" and "unsen[ding]" a message containing a video relevant to January 6, in violation of 18 U.S.C. § 1512(c)(1). *Id.* at 48. The United States Court of Appeals for the D.C. Circuit found that Defendant Charles Donohoe "has both the desire and the technical skill to … conceal communications from law enforcement[] and to destroy evidence of communications." *United States v. Charles Donohoe*, No. 21-3046, ECF. No. 9 (D.C. Cir. Sept. 27, 2021). The Government indicted Defendants Erik Warner and Derek Kinnison for having "erased and obscured the DC Brigade Telegram chat from [their] cell phone[s] to hide it from the grand jury investigation into the attack on the Capitol on January 6, 2021." *United States v. Alan Hostetter, et al.*, 21-cr-00392-RCL, ECF. No. 89 at 19–20 (D.D.C. June 9, 2021).

[4] Jacqueline Alemany, Josh Dawsey, et al., *Some records sent to Jan. 6 committee were torn up, taped back together — mirroring a Trump habit*, The Wash. Post (Jan. 31, 2022), https://www.washingtonpost.com/nation/2022/01/31/trump-ripped-up-documents/.

[5] Trump has been held in civil contempt for flouting a subpoena in the New York State civil probe into his business records. *Trump pays $110,000 for failing to comply with subpoena in civil probe – New York AG*, Reuters (May 20, 2022), https://www.reuters.com/world/us/trump-pays-110000-failing-comply-with-subpoena-civil-probe-new-york-ag-2022-05-20/. Recently, Trump was accused of flushing documents down the White House toilet. Shania Shelton, *Photos show handwritten notes that Trump apparently ripped up and attempted to flush down toilet*, CNN Politics (Aug. 8, 2022), https://www.cnn.com/2022/08/08/politics/trump-white-house-notes-toilet-photos-cnntv/index.html.

[6] Trump reportedly instructed his former aides not to provide testimony or documents to the House Select Committee, in direct defiance of subpoenas served upon them. Luke Broadwater & Maggie Haberman, *Trump Tells Former Aides to Defy Subpoenas From Jan. 6 Panel*, N.Y. Times (Nov. 8, 2021), https://www.nytimes.com/2021/10/07/us/politics/jan-6-subpoenas.html.

information related to the January 6 attack have likewise displayed a pattern of disrespect for and

noncooperation with the discovery process.[7]

     The discovery of evidence is not Plaintiffs' only concern related to a stay. As fully

discussed in prior briefing, ECF No. 155 at 22, further delay could interfere with Plaintiffs' ability

to recover from Defendants if the other myriad of civil suits brought against Defendants outpace

this case and render Defendants unable to satisfy any judgment. *See, e.g.*, *Simpson v. LLAB

Trucking, Inc.*, No. 1:21-CV-00333-RDA(IDD), 2022 WL 2614876, at *3 (E.D. Va. Jan. 26,

2022). Prolonged discovery following further delay would also force the Court to expend even

more judicial resources managing the case.

     Finally, a complete stay on all parties is inappropriate when the remainder of Plaintiffs'

claims do not implicate the immunity defense raised by Trump. Other than Trump, no other parties,

including Trump for President and MAGA PAC have raised any kind of immunity defense. And

Plaintiffs' claims against the other Defendants do not involve any kind of official action or duty

that would implicate Trump's claim to immunity. Forcing Plaintiffs to halt discovery against all

---

[7] By way of example, the White House Call Log from January 6, 2021 is missing time entries from approximately 1:00 p.m. to 6:00 p.m.—during the time of the insurrection, Bob Woodward & Robert Costa, *Jan. 6 White House logs given to House show 7-Hour gap in Trump calls*, The Wash. Post (Mar. 29, 2022), https://www.washingtonpost.com/politics/2022/03/29/trump-white-house-logs/, despite witness testimony to Congress that Trump made numerous calls during that time, Kyle Cheney, et al., *Former White House aide delivers shocking testimony about out-of-control Trump on Jan. 6*, Politico (June 28, 2022), https://www.politico.com/news/2022/06/28/jan-6-meadows-hutchinson-trump-00042779.

Peter Navarro, Dan Scavino, Mark Meadows, and Steve Bannon, moreover, were held in contempt of Congress by the House of Representatives for refusing to participate in the House Select Committee's investigation of January 6. Farnoush Amiri, *Scavino, Navarro Held in contempt of Congress in 1/6 Probe*, AP News (Apr. 6, 2022), https://apnews.com/article/ivanka-trump-capitol-siege-steve-bannon-subpoenas-dan-scavino-4e3f6603f38bbb66ea6a68ab1d286bbf; Farnoush Amiri & Mary Clare Jalonick, *House Votes to hold Mark Meadows in contempt in Jan. 6 probe*, AP News (Dec. 14, 2021), https://apnews.com/article/steve-bannon-business-donald-trump-capitol-siege-mark-meadows-7da38d635dd5474e899f3a14f171bf1c; Luke Broadwater, *House Finds Bannon in Contempt for Defying Jan. 6 Inquiry Subpoena*, N.Y. Times (Jan. 6, 2022), https://www.nytimes.com/2021/10/21/us/politics/bannon-contempt-jan-6-subpoena.html. Roger Stone likewise refused to cooperate with the House Select Committee, raising his Fifth Amendment right not to testify. Rebecca Falconer, *Roger Stone won't cooperate with Jan. 6 panel*, Axios (Dec. 7, 2021), https://www.axios.com/2021/12/08/roger-stone-wont-cooperate-house-jan-6-probe.

other parties would serve only to unnecessarily delay discovery and prejudice Plaintiffs. *Feibush*, 280 F. Supp. 3d at 665 ("[A] blanket stay against all defendants will merely delay discovery and potentially prejudice Plaintiff.").

"[D]istrict courts have broad discretion in structuring discovery," *Hussain v. Nicholson*, 435 F.3d 359, 363 (D.C. Cir. 2006) (cleaned up), and "when developing its discovery plan." *Flint*, 960 F.3d at 826. Proceeding with discovery will allow the parties to implement a tailored plan to mitigate any burdens associated with Trump's assertion of immunity and that would not be entailed in the third-party discovery he otherwise would face. The parties may, for example, agree to adjust the timing and scope of discovery requests to defer issues unique to Trump as a party to a later time in the process. It is undeniable that the parties may draft a plan that burdens the Trump Defendants in a manner far less onerous than the prejudice a complete stay of proceedings would cause Plaintiffs. Accordingly, the Court should deny the Trump Defendants' Motion.

## <u>CONCLUSION</u>

The Court should deny the Trump Defendants' motion to stay for the foregoing reasons. Plaintiffs do not believe that oral argument is necessary but request the opportunity to present such argument if it would be of assistance to the Court.

Dated:    August 10, 2022                     Respectfully submitted,

By:    /s/          *Joshua S. Margolin*
        Faith E. Gay, *pro hac vice*
        Joshua S. Margolin, *pro hac vice*
        Claire O'Brien, *pro hac vice*
        Denae Kassotis, *pro hac vice*
        Douglas E. Wagner, *pro hac vice*
        SELENDY GAY ELSBERG PLLC
        1290 Avenue of the Americas
        New York, NY  10104
        Tel: 212-390-9000
        fgay@selendygay.com
        jmargolin@selendygay.com
        cobrien@selendygay.com
        dkassotis@selendygay.com
        dwagner@selendygay.com

        Jon Greenbaum, D.C. Bar No. 489887
        Edward G. Caspar, D.C. Bar No. 1644168
        David Brody, D.C. Bar No. 1021476
        Arusha Gordon, D.C. Bar No. 1035129
        Marc P. Epstein, *pro hac vice*
        LAWYERS' COMMITTEE FOR CIVIL
        RIGHTS UNDER LAW
        1500 K Street N.W., Suite 900
        Washington, DC  20005
        Tel: 202-662-8390
        jgreenbaum@lawyerscommittee.org
        ecaspar@lawyerscommittee.com
        dbrody@lawyerscommittee.org
        agordon@lawyerscommittee.org
        mepstein@lawyerscommittee.org

        *Attorneys for Plaintiffs Conrad Smith, et al.*

18

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 10, 2022, I served a copy of the foregoing filing on all parties of record by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice to all attorneys of record. Plaintiffs are serving the remaining defendants via first class mail or other permitted means.

Dated: August 10, 2022

_____

Joshua S. Margolin