IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONRAD SMITH, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> Defendants. | Civil Action No. 1:21-CV-02265-APM |

**PLAINTIFFS' OPPOSITION TO DEFENDANT THOMAS E. CALDWELL'S MOTION TO JOIN DEFENDANT BRANDON STRAKA'S MOTION TO STAY DISCOVERY AND DEFENDANT KELLY MEGGS'S MOTION FOR A PROTECTIVE ORDER**

Date:  August 12, 2022

Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Claire O'Brien, *pro hac vice*
Denae Kassotis, *pro hac vice*
Douglas E. Wagner, *pro hac vice*
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
cobrien@selendygay.com
dkassotis@selendygay.com
dwagner@selendygay.com

Jon Greenbaum, D.C. Bar No. 489887
Edward G. Caspar, D.C. Bar No. 1644168
David Brody, D.C. Bar No. 1021476
Arusha Gordon, D.C. Bar No. 1035129

Marc P. Epstein, *pro hac vice*
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1500 K Street N.W., Suite 900
Washington, DC  20005
Tel: 202-662-8390
jgreenbaum@lawyerscommittee.org
ecaspar@lawyerscommittee.com
dbrody@lawyerscommittee.org
agordon@lawyerscommittee.org
mepstein@lawyerscommittee.org

*Attorneys for Plaintiffs Conrad Smith, et al.*

The Court should deny Defendant Thomas Caldwell's motion to join Defendant Brandon Straka's motion to stay discovery and Defendant Kelly Meggs's motion for a protective order. ECF No. 157.

Caldwell is a supporter of the Oath Keepers militia group, whose members have declared that they are preparing for, and are engaged in, a civil war. ECF No. 89 ¶¶ 35, 37. Plaintiffs allege, among other things, that Caldwell publicly called for a violent uprising in response to former President Trump's tweet encouraging supporters to protest at the United States Capitol on January 6, 2021, *id.* ¶ 93; coordinated with members of the Oath Keepers and other militia groups to plan the Capitol attack and communicated to attackers that additional weapons were available nearby the Capitol during the attack, *id.* ¶¶ 100, 104; and personally breached the Capitol during the riot, *id.* ¶ 37.

Caldwell faces criminal charges in connection with his role in the January 6 attack, including for Seditious Conspiracy, Conspiracy to Obstruct an Official Proceeding, Obstruction of an Official Proceeding, and Conspiracy to Prevent an Officer from Discharging Any Duties. *United States of America v. Elmer Stewart Rhodes III, et al.*, 22-cr-00015-APM, ECF No. 167 (D.D.C. June 22, 2022). The Government has also indicted Caldwell for spoliating evidence relevant to January 6 by deleting photographs from his Facebook account that documented his participation in the attack, as well as "unsen[ding]" a message containing a video of the Capitol attack, in violation of 18 U.S.C. § 1512(c)(1). *Id.* at 44.

Caldwell both answered and moved to dismiss Plaintiffs' Amended Complaint on December 23, 2021. ECF Nos. 114, 115. Caldwell's motion to dismiss is pending before the Court. Caldwell thereafter filed the instant Motion on July 29, 2022, in which he "adopts and joins"

Straka's motion to dismiss, Straka's motion to stay discovery, and Meggs's motion for a protective order, without any additional explanation. ECF No. 157 at 4.

The Court should deny Caldwell's motion for the same reasons Plaintiffs set forth in their Opposition to Defendants Straka's and Meggs's motions to stay discovery and for a protective order. ECF No. 155 at 9–22. Straka and Meggs argued that the Court should stay discovery pending resolution of their dispositive motions, and that they will be unduly burdened if discovery commences. *See* ECF No. 149 at 3–6; ECF No. 150-1 at 2–3, 5. But, as Plaintiffs explained in their opposition to Straka's and Meggs's motions, a pending motion to dismiss—without more—is not enough to stall discovery. *See, e.g.*, *United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, Civil Action No. 04-0280 (RWR/AK), 2007 WL 9706653, at *2 (D.D.C. Aug. 31, 2007) ("[A] pending motion to dismiss is not a good reason to stay discovery."); *see also* ECF No. 155 at 9–12. Caldwell also has failed to provide any reason that his dispositive motion should relieve him from commencing discovery.

Nor does Caldwell assert any specific burden that he would face if required to participate in discovery. To the extent Caldwell adopts the burdens Straka and Meggs advance in their motions, these purported burdens do not warrant a stay or protective order. Straka alleged four burdens—that he must pay for his counsel's time; that he will be bound to a discovery schedule; that discovery is likely to be contentious and time-consuming; and that Plaintiffs will seek discovery that implicates his First Amendment rights. ECF No. 149 at 6–8. These burdens justify a stay for neither Caldwell nor Straka. As Plaintiffs already noted, Straka's first three burdens are merely the routine burdens of civil litigation. *See* ECF No. 155 at 12–14.[1] And unlike Straka,

---

[1] And while Straka and Meggs specifically noted the burden associated with participating in the Rule 26(f) conference, ECF No. 149 at 1–3, 6; ECF No. 150-1 at 2–3, Caldwell participated in the conference on August 8, 2022 and cannot claim that it poses a burden to him.

2

Caldwell does not raise a First Amendment defense in his motion to dismiss. *See* ECF No. 114 at 1–2.[2]

In addition to incorporating Straka's alleged burdens, Meggs also asserted that discovery will burden him because his counsel is contemporaneously preparing for his criminal trial, the Protective Order in his criminal case could frustrate initial disclosures, and discovery could implicate his Fifth Amendment rights. ECF No. 150-1 at 2. These reasons fail for Caldwell, too. The fact that Caldwell is simultaneously litigating civil and criminal proceedings is not a sufficient reason to stay discovery, and Caldwell, like Meggs, has failed to explain why the Protective Order prohibits making initial disclosures. Nor can Caldwell broadly assert that all discovery constitutes a blanket Fifth Amendment violation; and, like Meggs, he has failed to explain how any specific, unserved discovery request compels testimony in violation of the Fifth Amendment. *See* ECF No. 155 at 15–17.

These supposed burdens pale in comparison to the significant prejudice to Plaintiffs of any further delay in these proceedings. *See* ECF No. 155 at 18–22. This is especially true considering that Caldwell is charged with spoliating evidence relevant to Plaintiffs' claims. *See United States of America v. Elmer Stewart Rhodes III, et al.*, 22-cr-00015-APM, ECF No. 167 at 44 (D.D.C. June 22, 2022).

---

[2] Caldwell "joins all previously filed motions to dismiss" and "requests that the arguments set forth by his co-defendants be equally applied to his case." ECF No. 114 at 1. He does not specifically raise a First Amendment defense. *See generally id.* Regardless of whether Caldwell raised a First Amendment defense, as discussed in prior briefing, ECF No. 155 at 14, any assertion that discovery must be stayed until the Court rules on the merits of Caldwell's First Amendment defense is not a burden of participating in discovery. Rather, it is another way of stating that the supposed merits of a motion to dismiss should relieve the movant from participating in discovery, which is not the law of this Circuit. *See id.*

For the foregoing reasons and the reasons discussed in Plaintiffs' prior briefing, ECF No. 155, the Court should deny Caldwell's request for a stay and protective order.

Dated:   August 12, 2022                                Respectfully submitted,

By:   /s/         *Joshua S. Margolin*
Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Claire O'Brien, *pro hac vice*
Denae Kassotis, *pro hac vice*
Douglas E. Wagner, *pro hac vice*
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
cobrien@selendygay.com
dkassotis@selendygay.com
dwagner@selendygay.com

Jon Greenbaum, D.C. Bar No. 489887
Edward G. Caspar, D.C. Bar No. 1644168
David Brody, D.C. Bar No. 1021476
Arusha Gordon, D.C. Bar No. 1035129
Marc P. Epstein, *pro hac vice*
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street N.W., Suite 900
Washington, DC  20005
Tel: 202-662-8390
jgreenbaum@lawyerscommittee.org
ecaspar@lawyerscommittee.com
dbrody@lawyerscommittee.org
agordon@lawyerscommittee.org
mepstein@lawyerscommittee.org

*Attorneys for Plaintiffs Conrad Smith, et al.*

## CERTIFICATE OF SERVICE

I certify that on August 12, 2022, I served a copy of the foregoing filing on all parties of record by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice to all attorneys of record. Plaintiffs are serving the remaining defendants via first class mail or other permitted means.

Dated: August 12, 2022

_____
Joshua S. Margolin