IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**CONRAD SMITH,** *et al.*

*Plaintiffs,*

v.

**DONALD J. TRUMP,** *et al.*

*Defendants.*

Civil Case No. 1:21-cv-02265-APM

REPLY IN SUPPORT OF
DEFENDANTS' MOTION FOR STAY

President Trump, Donald J. Trump for President, Inc., and Make America Great Again PAC have moved to dismiss all of Plaintiffs' claims. It is inappropriate to begin discovery before the Court resolves that motion, especially as President Trump has raised the defense of absolute immunity, which is a bar to all burdens of litigation, including discovery. Plaintiffs cite multiple out-of-district cases to cobble together their argument that President Trump's absolute immunity should be compromised. ECF No. 159 at 13-14 None of their arguments are sufficient to prevail over this important protection for public officials.

As an initial matter, this Court's Local Rules exempt this case from the Federal Rule of Civil Procedure 26(f) conference that Plaintiffs are trying to force. Moreover, the Plaintiffs have admitted multiple times that their discovery would burden President Trump, even if it is not directed at him immediately. *Id.* at 5, 11-13, 17.

Plaintiffs further admit that there are multiple motions to dismiss pending that would resolve all claims against respective defendants, including President

Trump, Donald J. Trump for President, Inc., and MAGA PAC. *Id.* at 6. Plaintiffs' response in opposition attacks the motion for stay as premature but essentially presumes that they have already won on their opposition to the motions to dismiss and should be proceeding to discovery. *Id.* at 6, 10. Plaintiffs are incorrect that this Court should abrogate President Trump's immunity. This Court should stay all discovery pending the resolution of President Trump's motion to dismiss and all appeals stemming from any decision denying such immunity.

## ARGUMENT

### I.   Local Rule 16.3 exempts this case from a Rule 26(f) conference.

Plaintiffs misconstrue the Court's rules by claiming that Local Rule 16.3 requires a conference. ECF No. 159 at 8. While Plaintiffs choose to focus on Local Rule 16.3(c)(1), Local Rule 16.3(b) specifically exempts this case:

> The requirements of this Rule and of Fed. R. Civ. P. 16(b) and 26(f), shall not apply in cases in which no answer has yet been filed and in cases in which a significant number of named defendants have not yet answered.

D.D.C. Local Rule 16.3(b). In this case, the Amended Complaint names 26 defendants (and lists ten additional defendants as John Does), and only six defendants have filed an answer to the Amended Complaint. Because pre-answer motions to dismiss remain pending, a conference would be premature.

### II.   Courts should not allow discovery while immunity issues are pending.

Plaintiffs boldly claim that no cases cited are on point for the stay sought by the Trump parties. In support, they offer a First Circuit case that interprets *Harlow*

and *Mitchell v. Forsyth*, 472 U.S. 511 (1985) to determine the appropriateness of discovery was not before the Supreme Court *on appeal* in *Harlow and Forsyth.* Plaintiffs apparently overlook the fact that this case is also not on appeal and there is a pending motion to dismiss based on absolute immunity, which makes *Harlow's* determination that "until this threshold issue of immunity is resolved, discovery should not be allowed" directly on point. *Harlow,* 457 U.S. at 818.

Plaintiffs then attempt to hide the ball by citing *Crawford-El v. Britton,* 523 U.S. 574 (1998), a case that allowed limited discovery to support their contention that they should be allowed to proceed with whatever discovery that they would like without supervision from this Court. In *Crawford-El,* contrary to Plaintiffs' cherry-picked quotation, the Court determined that "if the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery." *Crawford-El,* 523 U.S. at 598. The Court went on the hold that "[i]f the plaintiff's action survives these initial hurdles and is otherwise viable, the plaintiff ordinarily will be entitled to some discovery. *Id.* Plaintiffs' selected quotation is from a footnote discussing that *some limited discovery* may be allowed before *summary judgment* in a case that was *specifically about the issue of motive.*

Plaintiffs also incorrectly seek to conflate the qualified immunity to which a governor is entitled with the absolute immunity of the President of the United States. The Supreme Court made it clear in *Harlow* that governors are entitled to only qualified immunity while Presidents are entitled to absolute immunity. *Harlow v. Fitzgerald,* 457 U.S. 800, 807 (1982).

Finally, the Eastern District of Arkansas, one of few courts to directly consider the issue of discovery on another party while a President's appeal is pending, determined that the entire case must be stayed when faced with the question of allowing discovery to begin on a case involving President Clinton while his appeal was pending. *See* ECF No. 154-1 at 5 (citing *Jones v. Clinton,* 879 F. Supp. 86, 87 (E.D. Ark. 1995), rev'd on other grounds, 520 U.S. 681(1997) ("An appeal from a denial of official immunity requires a stay of all proceedings pending resolution of the appeal.")).

### III.   Plaintiffs improperly seek to shift their litigation burdens to defendants.

Plaintiffs, on the one hand, argue that this motion to stay is "overbroad and premature" because they have not yet served any requests for discovery, and on the other hand, admit they will "immediately" seek written discovery. ECF No. 159 at 5. Plaintiffs further admit that President Trump will be burdened with the costs of litigation through these discovery requests to other parties and third parties. *Id.* at 12, 14 (admitting that their discovery would require President Trump's counsel "to review the documents produced" and that President Trump would face a "routine and manageable burden" of litigation). Plaintiffs also overlook the simple fact that participation in a Rule 26(f) conference, especially when one is not required because of this Court's local rules, is itself a burden of litigation.

The Supreme Court was clear when it stated that absolute immunity is protection from the burdens of litigation. *See Forsyth*, 472 U.S. 526 (recognizing that immunity is an entitlement to avoid the burdens of litigation); *Nixon v. Fitzgerald*,

457 U.S. 731, 746 (1982) (finding that immunity exists in qualified and absolute form depending on the executive branch officials function and protects from the burdens of litigation). Indeed, "the purpose of conferring absolute immunity is to protect officials not only from the ultimate liability but also from the time-consuming, distracting, and unpleasant aspects of a lawsuit, including discovery." *District of Columbia v. Jones*, 919 A.2d 604, 611 (D.C. 2007); *see also Chang v. United States*, 246 F.R.D. 372, 374 (D.D.C. 2007) (early adjudication of immunity disputes is necessary "to spare the official of the tribulation and expense of defending the suit at all"). Plaintiffs cannot try to wriggle their way out of such clear language by seeking to minimize the burden they are seeking to place on absolute immunity. Indeed, merely because President Trump is now a private citizen, this does not alleviate the concerns that absolute immunity seeks to address, that the President should be able to act without limitation within his duties, without fear of future reprisal.

Plaintiffs cite several out-of-district cases suggesting that discovery against a party that may be dismissed for immunity *on appeal* may commence. ECF No. 159 at 13-14. As stated above, President Trump's immunity claim is not on appeal as his motion to dismiss is pending in this case. In addition, the posture of discovery against a party and a non-party is drastically different. It would be a sharp break with Supreme Court precedent to allow discovery to commence before a motion to dismiss based on immunity is resolved.

Instead of confronting President Trump's immunity and pending motion to dismiss, Plaintiffs complain about the burden they will face due to the amount of

discovery they presumably will get to conduct (unless all their claims are dismissed). ECF No. 159 at 14. Yet, Plaintiffs chose to bring this litigation and chose to bring it against many defendants. The rules of procedure are designed to protect both parties and the court's interests in fairly and efficiently adjudicating the matter.

Finally, Plaintiffs attempt to distract from the issues by focusing on the speculative risk of a delay in discovery and seem to imply that they have no remedies available. Nonsense. Documents can be preserved (Plaintiffs have already served a number of litigation hold letters, for instance) while the hefty constitutional issues at play are decided in the normal course, as a threshold matter. Plaintiffs fail to cite any interest or burden that would overcoming the well-settled legal requirement that the immunity issue be resolved first.

## CONCLUSION

All discovery and other procedural matters in this case should be stayed pending the resolution of the motions to dismiss and, specifically, until President Trump's claim of absolute immunity is finally resolved.

Dated: August 17, 2022

Respectfully submitted,

/s/ Jesse R. Binnall
Jesse R. Binnall (Bar # VA022)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
Email: jesse@binnall.com

*Attorney for Donald J. Trump, Donald J. Trump for President, Inc., and Make America Great Again PAC*

## CERTIFICATE OF SERVICE

I certify that on August 17, 2022, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/ Jesse R. Binnall
Jesse R. Binnall

*Attorney for Donald J. Trump, Donald J. Trump for President, Inc., and Make America Great Again PAC*