IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Division

| | |
|---|---|
| **CONRAD SMITH, ET AL.**  Plaintiffs,  v.  **DONALD J. TRUMP FOR PRESIDENT, INC., ET AL.**  Defendants. | Civil Action No.  1:21-cv-02265-APM |

**DEFENDANT KELLY MEGGS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES  IN SUPPORT OF MOTION FOR PROTECIVE ORDER**

Defendant Kelly Meggs, by undersigned counsel, hereby submits the following Reply Memorandum of Points and Authorities in support of his Motion for Protective Order, ECF 150-1.  Defendant Meggs incorporates Defendant President Trump, Donald J. Trump for President, Inc., and Make America Great Again PAC's argument as stated in, ECF 161, which will not be restated for efficiency herein.

1. **Discovery should be stayed because of Meggs's pending motion to dismiss**

As Defendant Meggs also incorporated a Motion to Stay in his filed Motion for a Protective Order, ECF 150-1, herein Mr. Meggs supplements the argument as follows, the strength of Mr. Meggs's motion to dismiss warrants the stay of discovery. Contrary to Plaintiffs' blanket assertions, a pending motion to dismiss can be a good reason to stay discovery. Otherwise, why do courts in this district stay discovery

pending motions to dismiss? *See James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1091 (D.C. Cir. 1996) (observing that the district court "granted the Government's motion to stay discovery pending the outcome of its dispositive motions").

Unsatisfied with that dubious argument, Plaintiffs turn to another: that this Court should not consider the merits of Mr. Meggs's motion to dismiss in making the determination to stay discovery. In this world of Plaintiffs' creation, even the most dubious of cases must be allowed to proceed with discovery. That erroneous proposition is ignorant of the realities of litigation and minimizes this Court's discretion in managing cases on its docket. It is a long-established principle in this district that "a district court has broad discretion in structuring discovery." *Edmond v. U.S. Postal Serv. Gen. Counsel*, 949 F.2d 415, 425 (D.C. Cir. 1991). This "broad discretion" certainly can include an evaluation of the merits of a party's claims or defenses prior to determinations of discovery obligations, and Plaintiff cites no cases holding otherwise.

In fact, Plaintiffs' response indicates an understanding that this Court should undergo an analysis of Mr. Meggs's motion to dismiss before discovery. That way, this Court can determine "that the benefits of a discovery stay would outweigh the prejudice" to Plaintiffs. *U.S. v. Honeywell Int'l, Inc.*, 20 F.Supp.3d 129, 133 (D.D.C. 2013). If Meggs's motion to dismiss is strong on the law – and it is – then Plaintiffs will suffer zero prejudice with the stay of discovery.

**2. Meggs is entitled to a protective order.**

Furthermore, Meggs is entitled to a protective order for the reasons stated in his July 21, 2022 memorandum. *See* ECF 150-1. Specifically, Meggs has provided more than enough justifications for a protective order under Rule 26(c), including the motions pending in this action and the obligations of Meggs and his counsel in Meggs' approaching criminal case. Defendant Meggs filed for a protective order in relevant part because of the current scheduled criminal trial, in the United States District Court for the District of Columbia, *U.S. v. Rhodes*, 22cr15-APM, set to commence September 26, 2022 and is currently subject to a protective order, and the fact that the Department of Justice has seized relevant documents—including Mr. Meggs' electronic devices (also now subject to a protective order)—and his Fifth Amendment privilege prevent discovery from commencing in this case.

Plaintiffs' limited arguments against Meggs' proposed protective order are unpersuasive and, instead, further Meggs' justifications for the requested relief. Plaintiff recognizes that counsel for Meggs would have limitations with managing the information for both the criminal and civil case. *See* ECF 155 at p. 21-22 (proposing that Meggs supplement "disclosures as necessary after the pendency of his criminal case"). This recognition by default makes clear that there is no genuine prejudice to the Plaintiffs by the entering into of a protective order for the limited time of the criminal action, because of the pending criminal action, *U.S. v. Rhodes, et al.*, 22 cr15.

Wherefore it is respectfully requested, as there is no genuine prejudice to the Plaintiffs, that Defendant's Motion for a Protective Order be entered, for all of the reasons stated in the Motion and Memorandum filed at ECF 150.

Dated:  August 19, 2022

                                    Respectfully Submitted,

                                       /s/ *Juli Z. Haller*
                                  Julia Zsuzsa Haller (#466921)
                                  Law Offices of Julia Haller
                                  601 Pennsylvania Avenue, NW
                                  S. Building, Suite 900
                                  Washington, D.C. 20004
                                  Tel: 202.729.2201
                                  hallerjulia@outlook.com
                                  *Counsel for Defendant, Kelly Meggs*

## ***CERTIFICATE OF SERVICE***

I HEREBY CERTIFY that on the 19th day of August, 2022, a copy of the foregoing Motion for Protective Order, the attached Memorandum in support thereof, and the Proposed Form of Order was filed electronically to serve all counsel of record.

                                     /s/ *Juli Z. Haller*
                                  Julia Zsuzsa Haller