IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CONRAD SMITH, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> Defendants. | Civil Action No. 1:21-cv-02265-APM |

## JOINT CASE MANAGEMENT REPORT

Pursuant to Rule 26(f)(2) of the Federal Rules of Civil Procedure ("FRCP") and Rule 16.3(d) of the Local Civil Rules of the United States District Court for the District of Columbia ("LCvR"), Plaintiffs Conrad Smith, Danny McElroy, Byron Evans, Governor Latson, Melissa Marshall, Michael Fortune, Jason DeRoche, and Reginald Cleveland (together, "Plaintiffs"), and Defendants Roger J. Stone Jr., Enrique Tarrio, Ethan Nordean, Joseph Biggs, Thomas E. Caldwell, Russell Taylor, Felipe Antonio Martinez, and Derek Kinnison (together, the "Participating Defendants," and with Plaintiffs, the "Parties"),[1] submit this written Joint Case Management Report and proposed Initial Civil Discovery Plan and Case Management Order ("Joint Report").

---

[1] Plaintiffs and the Participating Defendants participated in a case management conference pursuant to FRCP 26(f) and LCvR 16.3(a) on August 8, 2022.  Counsel for Defendants Donald J. Trump, Trump for President, Inc., and Make America Great Again PAC appeared at the conference for the sole purpose of lodging their clients' objection to the conference and discovery generally.  Defendants Ali Alexander, Brandon J. Straka, and Kelly Meggs refused to participate in the conference.  Defendants Ronald Mele, Alan Hostetter, and Zachary Rehl neither responded to Plaintiffs' requests to confer, nor sought relief from the Court.  Defendants Brandon J. Straka, Kelly Meggs, Enrique Tarrio, Joseph Biggs, and Thomas E. Caldwell moved for a stay of discovery and/or a protective order.  ECF Nos. 149, 150, 151, 152, 157.  Despite moving for a stay and/or protective order, counsel for Defendants Enrique Tarrio, Joseph Biggs, and Thomas E. Caldwell (*pro se*) participated in the conference.

I.      **Brief Statement of the Case**

Plaintiffs filed the Complaint in this case on August 26, 2021, and the Amended Complaint on December 3, 2021. ECF Nos. 1, 89. Plaintiffs bring claims against Defendants[2] (1) under 42 U.S.C. § 1985(1), which prohibits conspiracies "to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties"; (2) under 42 U.S.C. § 1986, which provides that "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in [42 U.S.C. §1985], are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented"; (3) under the D.C. Bias-Related Crimes Act, D.C. Code § 22-3704(a), which provides a civil cause of action for "any person who incurs injury to his or her person or property as a result of an intentional act that demonstrates an accused's prejudice based on the actual or perceived … political affiliation of a victim" of a criminal act by the accused; (4) for battery; (5) for assault; and (6) for negligence per se. *See* ECF No. 89 at 66–78.

---

[2] The term "Defendants," as used herein, refers to all Defendants in this action, regardless of whether they participated in the conference or have appeared in the case.

Defendants Joseph Biggs, Enrique Tarrio, Russell Taylor, Thomas E. Caldwell,[3] Alan Hostetter and Zachary Rehl[4] each filed an Answer to the Amended Complaint. *See* ECF Nos. 99, 101, 104, 109, 114, 133. Defendants Donald J. Trump, Donald J. Trump For President, Inc., Make America Great Again PAC, Ali Alexander, Brandon J. Straka, Roger J. Stone Jr., Ethan Nordean, Zachary Rehl, Thomas E. Caldwell, Kelly Meggs, Felipe Antonio Martinez, Derek Kinnison, and Ronald Mele moved to dismiss the Amended Complaint. *See* ECF Nos. 95, 96, 97, 98, 102, 103,[5] 110, 115, 117, 120. Defendant Erik Scott Warner did not file a responsive pleading.[6] Defendants Stop the Steal, L.L.C., Proud Boys, Proud Boys International, L.L.C., Charles Donohoe, Dominic J. Pezzola, Oath Keepers, Stewart Rhodes, and Jessica Watkins have not appeared in this case.

## II.     Discovery Plan

The Parties could not agree on a discovery plan during the conference.

For the reasons cited in their various opposition briefs, *see* ECF Nos. 155 at 14–22, 159 at 10–19, 160 at 4–6, Plaintiffs take the position that discovery should commence and propose the following dates:

- Exchange of Initial Disclosures: 21 days from entry of a discovery schedule
- June 26, 2023: Substantial Completion of Document Discovery (10 months from conference)

---

[3] Defendant Thomas E. Caldwell filed a single document with an Answer generally denying the allegations in the Amended Complaint and a Motion to Dismiss all claims in the Amended Complaint, in which he "join[ed] all previously filed motions to dismiss filed by co-defendants … and request[ed] that the arguments set forth by his co-defendants be equally applied to his case." ECF Nos. 114 & 115.

[4] Defendant Zachary Rehl filed both an Answer and a Motion to Dismiss. ECF Nos. 102 & 109.

[5] Defendants Donald J. Trump, Donald J. Trump For President, Inc., and Make America Great Again PAC filed a single Motion to Dismiss. ECF No. 103.

[6] Defendant Warner instead filed a letter to the Court dated October 4, 2021 stating: "I, Erik Scot Warner, am not guilty of these charges." ECF No. 71.

- October 23, 2023: Close of Fact Discovery (5 months from substantial completion deadline)
- February 26, 2024: Close of Expert Discovery (5 months from close of fact discovery)

The Participating Defendants collectively took the position that discovery should not commence because the Participating Defendants have pending motions to dismiss in this case and/or pending criminal proceedings relating to the Capitol attack.[7]

Counsel for Donald J. Trump, Trump For President, Inc., and Make America Great Again PAC (collectively, the "Trump Defendants") attended the conference exclusively to lodge their objections to the conference and discovery generally. The Trump Defendants did not participate in the conference and took the position that discovery, including the conference, should not begin until Defendant Trump's assertion of absolute immunity is finally resolved on appeal.

### III. LCvR 16.3(c) Matters

The Parties submit the following statement of agreements, or description of their positions on any matters as to which they disagree, with respect to the 16 matters set forth in LCvR 16.3(c).

**1. Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

The Parties acknowledge dispositive motions are pending.

Plaintiffs' position is that discovery should not await a decision on those motions.

The Participating Defendants' position is that discovery should await a decision on those motions.

---

[7] Defendant Caldwell (*pro se*) attended the conference but did not take a position on any of the topics discussed.

2. **The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

Plaintiffs' position is that the deadlines for joinder and amendment should be set for one month after the close of fact discovery. According to Plaintiffs' proposed schedule, the deadline for joinder and amendment would be November 23, 2023.

The Participating Defendants take the position that discovery should not commence, and no dates should be set.

3. **Whether the case should be assigned a magistrate judge for all purposes, including trial.**

The Parties agree that a magistrate judge should not be assigned for all purposes, including trial, but the Parties did not reach agreement on whether a magistrate judge should be assigned for any other purposes.

4. **Whether there is a realistic possibility of settling the case.**

The Parties discussed the possibility of settling the case.

Plaintiffs' position is that there is not a realistic possibility of settling the case among all Parties at this time. Defendant Taylor believes settlement may be possible and is open to settlement discussions. Defendant Stone indicated that he is open to discussing settlement, but that it is premature to engage in mediation. Counsel for Defendants Tarrio and Biggs takes the position that if settlement discussions commence, some form of mediation may be beneficial.

Defendants Kinnison, Martinez, and Nordean declined to discuss settlement because it is their position that discovery should not commence.

5. **Whether the case could benefit from the Court's alternative dispute resolution ("ADR") procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

Plaintiffs' position is that ADR would be premature at this point.

Defendant Taylor's position is that ADR may be beneficial as to him alone.  Defendant Stone's position is that ADR may be beneficial.  Counsel for Defendants Tarrio and Biggs takes the position that if settlement discussions commence, some form of mediation may be beneficial.

Defendants Kinnison, Martinez, and Nordean declined to discuss ADR because it is their position that discovery should not commence.

**6.     Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross motions, oppositions, and replies; and proposed dates for a decision on the motions.**

The Parties acknowledge motions to dismiss are pending.

Plaintiffs' position is that it is premature to assess whether this case, or any portion thereof, can be resolved by summary judgment but reserve their right to file any such motion.  Plaintiffs' proposed deadlines for summary judgment briefing are as follows:

- Dispositive Motion Deadline:  March 25, 2024

- Deadline to File Oppositions:  April 15, 2024

- Deadline to File Replies:  April 29, 2024

- Proposed Date for Decision on Dispositive Motions:  TBD

The Participating Defendants declined to discuss scheduling of dispositive motions because it is their position that discovery should not commence.

7. **Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form, or timing of those disclosures?**

Plaintiffs do not agree to dispense with the initial disclosures required by FRCP 26(a)(1), and Plaintiffs do not agree to any changes in the scope or form of those initial disclosures. The Parties discussed extension of the timeline for initial disclosures, but did not reach agreement. Plaintiffs propose that the deadline for initial disclosures be extended to 21 days after entry of a discovery schedule.

Plaintiffs take the position that any Defendant that believes they are restricted from including certain information in the initial disclosures should indicate the specific basis for any restriction in the initial disclosures. If the withholding is appropriate, those Defendants could later supplement the disclosures.

Defendants Taylor, Tarrio, Biggs, Nordean, Kinnison, and Martinez take the position that the parties should dispense with initial disclosures because making initial disclosures to Plaintiffs in this action would prejudice their pending criminal trials and constitute an undue burden. Defendant Stone declined to discuss initial disclosures because it is his position that discovery should not commence until the Court resolves his pending motion to dismiss.

8. **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery, whether a protective order is appropriate, and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

Plaintiffs anticipate that discovery will be extensive, including document discovery, depositions, third-party discovery, and expert discovery. Plaintiffs do not propose any limits to discovery at this point but reserve their right to move for any such limits as necessary or appropriate. Plaintiffs' proposed date for the close of fact discovery is October 23, 2023 and for the close of expert discovery is February 26, 2024 (19 months total).

Plaintiffs anticipate they will likely seek to take more than the presumptive limit of depositions and interrogatories set by FRCP 30(a)(2)(i) and FRCP 33(a)(1), considering the high number of named parties and third parties involved in this case. Plaintiffs will meet and confer with Defendants at the appropriate time.

Plaintiffs' position is that a protective order is appropriate and will negotiate one with Defendants after the Court approves a discovery schedule; the parties can handle any issues related to ongoing criminal proceedings as necessary throughout the discovery process.

Defendants Taylor, Tarrio, Biggs, Nordean, Kinnison, and Martinez take the position that Protective Orders entered in their criminal proceedings,[8] the fact that the Department of Justice has seized relevant documents—including their electronic devices, and their Fifth Amendment privilege prevent discovery from commencing in this case.[9] Defendant Stone's position is that he need not discuss any scheduling because discovery should not commence until the Court resolves his pending motion to dismiss.

9. **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

Plaintiffs have significant concerns about the preservation of evidence relevant to the January 6 Attack.

---

[8] No Defendant has provided Plaintiffs with a copy of the Protective Orders to which they refer.

[9] Defendants Taylor, Tarrio, and Biggs specifically take the position that discovery cannot proceed because they have given a substantial amount of relevant materials to the Government and those materials are protected from disclosure in this action by Protective Orders in their parallel criminal cases.

Defendants Tarrio and Biggs specifically take the position that the Parties' resources are better used if discovery in this case is stayed until their criminal trials conclude.

Plaintiffs, and Defendants Tarrio, Biggs, Taylor, Martinez, Nordean, Kinnison, and Stone agreed to preserve potentially discoverable evidence.[10]

Defendants Taylor, Tarrio, Biggs, Nordean, Kinnison, and Martinez take the position that they cannot disclose most relevant information because the government has seized their electronic devices and other evidence, in connection with their ongoing criminal proceedings. These Defendants take the position that even if they have copies of such information, Plaintiffs could not obtain it without overcoming significant procedural hurdles.

**10.     Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Fed. R. Evid. 502.**

Plaintiffs will propose and negotiate an appropriate protective order with Defendants, which will address attorney-client and Fifth Amendment privilege claims, work-product protection, and any purported issues related to the Government's possession of relevant information after the Court approves a discovery order. The Parties will seek Court approval of that protective order or bring any related disputes to the Court for resolution.

Defendant Stone did not oppose Plaintiffs' position.

Defendants Tarrio, Biggs, Nordean, Kinnison, and Martinez take the position that their Fifth Amendment privilege will be implicated by participating in any discovery.

---

[10] By email on August 11, 2022, Plaintiffs requested that all Defendants who have appeared in this case—including Defendants who did not attend the conference—state that they agree to preserve potentially relevant information. Counsel for Defendants Meggs—who refused to participate in the conference—stated that Meggs would preserve information going forward but refused to answer whether Meggs has destroyed relevant evidence, despite several follow-up emails from Plaintiffs. Defendants Stone, Taylor, Tarrio, Biggs, Nordean, Kinnison, and Martinez confirmed in response to Plaintiffs' email that they had not destroyed evidence and agreed to preserve information moving forward. Counsel for the Trump Defendants declined to answer during the conference whether their clients had destroyed potentially relevant evidence or would preserve such evidence moving forward, but agreed to discuss preservation in a non-26(f) forum. Nevertheless, counsel for the Trump Defendants did not respond to Plaintiffs' email regarding preservation as of the date of the filing of this Joint Report.

Defendant Taylor acknowledges that some discovery could fall outside his Fifth Amendment right and case law would require production of those items. However, given the current complexities of the criminal case, items seized, Protective Orders, and the potential for a trial, Defendant Taylor submits that this amount of information would be very limited and is readily available in other forms such as criminal case documents on Pacer.

11. **Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

Plaintiffs' position is that the requirements of FRCP 26(a)(2) should not be modified at this time, except for the default timing provisions of FRCP 26(a)(2)(D). The parties can negotiate an appropriate time to exchange expert disclosures and reports much earlier than 90 days before trial. Plaintiffs propose that expert depositions occur between October 23, 2023 and February 26, 2024.

The Participating Defendants declined to discuss expert discovery because it is their position that discovery should not commence.

12. **In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing therefore, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

N/A.

13. **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

Plaintiffs' position is that it is premature to discuss bifurcation at this time, but reserve the right to request that the Court bifurcate or phase trial or discovery as appropriate or necessary.

Defendant Taylor is willing to discuss bifurcation, but agrees it may be premature at this time.

The remaining Participating Defendants declined to discuss bifurcation or phasing of trial or discovery because it is their position that discovery should not commence.

14. **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

Plaintiffs propose that the Court schedule the pretrial conference for July 1, 2024.

The Participating Defendants declined to discuss the scheduling of the pretrial conference because it is their position that discovery should not commence.

15. **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

Plaintiffs' position is that the Court should set a firm trial date at the first scheduling conference so the parties, including any Defendants proceeding *pro se*, may plan and prepare accordingly.

The Participating Defendants declined to discuss a trial date because it is their position that discovery should not commence.

16. **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

Plaintiffs are not aware of any other matters appropriate for inclusion in a scheduling order at this time.

The Participating Defendants declined to discuss a scheduling order because it is their position that discovery should not commence.

IV. **LCvR 16.3(d) Certification**

This Joint Report is respectfully submitted by Plaintiffs Conrad Smith, Danny McElroy, Byron Evans, Governor Latson, Melissa Marshall, Michael Fortune, Jason DeRoche, and Reginald Cleveland and Participating Defendants Russell Taylor, Roger J. Stone, Jr., Enrique Tarrio, Ethan Nordean, Joseph Biggs, Felipe Antonio Martinez, and Derek Kinnison. Although Participating

11

Defendant Thomas E. Caldwell attended the conference, he did not contribute to this proposed report, and his signature block is therefore not included below.

Plaintiffs certify per D.D.C. Local Civil Rule 16.3(d) that they made reasonable efforts to secure all Defendants' participation in the Joint Report and believe this report accurately reflects their positions as articulated in the conference.

Dated: New York, NY
August 22, 2022

Respectfully submitted,

By:    /s/     Joshua S. Margolin
Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Claire O'Brien, *pro hac vice*
Denae Kassotis, *pro hac vice*
Douglas E. Wagner, *pro hac vice*
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
cobrien@selendygay.com
dkassotis@selendygay.com
dwagner@selendygay.com

Jon Greenbaum, D.C. Bar No. 489887
Edward G. Caspar, D.C. Bar No. 1644168
David Brody, D.C. Bar No. 1021476
Arusha Gordon, D.C. Bar No. 1035129
Marc P. Epstein, *pro hac vice*
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street N.W., Suite 900
Washington, DC 20005
Tel: 202-662-8390
jgreenbaum@lawyerscommittee.org
ecaspar@lawyerscommittee.com
dbrody@lawyerscommittee.org
agordon@lawyerscommittee.org
mepstein@lawyerscommittee.org

*Attorneys for Plaintiffs Conrad Smith, et al.*

By:    */s/     Robert C. Buschel*
        Robert C. Buschel
        Buschel & Gibbons, P.A.
        501 E. Las Olas Boulevard, Suite 304
        Fort Lauderdale, FL 33301
        954-530-5748
        Buschel@bglaw-pa.com

        *Attorney for Defendant Roger Stone*

By:    */s/     Nicholas D. Smith*
        Nicholas D. Smith
        David B. Smith, PLLC
        7 East 20th Street, Suite 4R
        New York, NY 10003
        917-902-3869
        nds@davidbsmithpllc.com

        *Attorney for Defendants Derek Kinnison, Ethan Nordean, and Felipe Antonio Martinez*

By:    */s/     Dyke Huish*
        Dyke Huish
        Law Office of Dyke Huish
        26161 Marguerite Parkway, Suite B
        Mission Viejo, CA 92692
        949-257-3068
        huishlaw@mac.com

        *Attorney for Defendant Russell Taylor*

By:    */s/     John Daniel Hull, IV*
        John Daniel Hull, IV
        Hull McGuire PC
        1420 N Street, NW
        Washington, D.C. 20005
        202-429-6520
        jdhull@hullmcguire.com

        *Attorney for Defendants Enrique Tarrio and Joseph Biggs*

## CERTIFICATE OF SERVICE

I certify that on August 22, 2022, I served a copy of the foregoing filing on all parties of record by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice to all attorneys of record. Plaintiffs are serving the remaining defendants via first class mail or other permitted means.

Dated: August 22, 2022                                      */s/ Joshua S. Margolin*
                                                                          Joshua S. Margolin