IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONRAD SMITH, *et. al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | Civil Case No. 1:21-cv-02265-APM |
| ) | |
| DONALD J. TRUMP, *et al.*, ) | |
| ) | |
| *Defendants.* ) | |
| ) | |

## TRUMP DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER REGARDING PREMATURE DISCOVERY REQUESTS

Defendants Donald J. Trump, Donald J. Trump for President, Inc., and Make America Great Again PAC (collectively, "Trump Defendants"), move this Court to grant a protective order regarding premature discovery requests sent by Plaintiffs to the Defendants, while motions to dismiss, including a claim of immunity, and motions to stay discovery remain pending. The requests were sent in violation of well settled law. Consequently, the Court should enter a protective order abrogating these requests or administratively staying all pretrial matters, including all discovery requests, pending its decisions on the Trump Defendants' motions to dismiss and to stay all proceedings.

### BACKGROUND

On January 6, 2021, President Trump urged Americans to "peacefully and patriotically make [their] voices heard." When demonstrators entered the Capitol, President Trump issued a video statement encouraging them to "go home and go

home in peace."[1] Notwithstanding President Trump's clear calls for peace, these Plaintiffs wish to continue to perpetuate partisan dispersions that falsely seek to blame President Trump for the acts of some demonstrators. Instead, a recent congressional report found that Speaker Pelosi and her staff were largely to blame for the security failure at the Capitol that day, due to "partisanship, incompetence, and indifference."[2]

As the Court knows, several civil cases were filed against President Trump regarding the unrest on January 6, 2021. This Court has heard motions to dismiss in previously filed cases and entered an order granting in part and denying in part the motions. *Thompson v. Trump*, 590 F. Supp. 3d 46 (D.D.C. 2022). As the orders denied, in part, President Trump's assertion of absolute immunity, those orders are now being considered on appeal before the U.S. Court of Appeals for the D.C. Circuit. *See generally Blassingame, et al. v. Trump*, No. 22-5069. The Court heard argument on December 7, 2022. On December 20, 2022, it entered a per curium order inviting the

---

[1] Kathy (@KathWoolbright), TWITTER (December 9, 2022, 11:44 PM), https://twitter.com/KathWoolbright/status/1601437801652031490?s=20&t=rPJdCf0wZdxIKRAQaGrdxA. *See also* President Donald J. Trump (@realDonaldTrump), TWITTER (January 6, 2020, 3:13 PM), https://twitter.com/realDonaldTrump/status/1346912780700577792.

[2] John Solomon, *House GOP locates emails, texts showing Pelosi office directly involved in failed Jan. 6 security.*, JUST THE NEWS (December 23, 2022), https://justthenews.com/government/congress/house-gop-locates-emails-texts-showing-pelosi-office-directly-involved-failed; *See also Report of Investigation: Security Failures at the United States Capitol on January 6, 2021*, available at https://justthenews.com/sites/default/files/2022-12/FINAL%20Report%20of%20Investigation.pdf.

United States Department of Justice to file a brief *amicus curiae* in the matter by January 17, 2023. The parties will respond to that brief by January 31, 2023.

On or about December 3, 2021, Plaintiffs filed their Amended Complaint in this matter. Dkt. 89. Thereafter, Defendants moved this Court in their respective motions to dismiss. The Trump Defendants moved for dismissal of the claims within the Amended Complaint on multiple grounds, including absolute presidential immunity, on January 31, 2022. Dkt. 103, *see also*, Dkt. 103.1 and Dkt. 129. This motion, along with other defendants' motions to dismiss, is still pending before this Court. On July 27, 2022, the Trump Defendants also filed a Motion for Stay of this entire case pending the resolution of the Trump Defendants' Motion to Dismiss. Dkt. 154.1.

On December 1, 2022, Plaintiffs sent discovery requests to the Defendants, even though motions to dismiss were pending, that include a claim of immunity. The requests were sent despite numerous efforts by Defendants to advise counsel for Plaintiffs of the legal prohibition of pretrial proceedings, including discovery, while these motions to dismiss are pending. Instead, counsel for Plaintiffs insisted on needlessly multiplying the proceedings in this case and sent the vexatious discovery requests, without a basis in law and in clear violation of their duties as officers of this court. Should they not promptly withdraw their requests, a motion regarding these failures is forthcoming.

## ARGUMENT

It is appropriate for the Court to grant a protective order including an administrative stay while the Trump Defendants' motions are pending because the pendency of a motion to dismiss on a threshold issue generally precludes discovery. Federal Rule of Civil Procedure 26(c).

The D.C. Circuit has already determined that it is "generally considered inappropriate" to begin discovery "while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Institut Pasteur v. Chiron Corp.*, 315 F. Supp. 2d 33, 37 (D.D.C. 2004) (quoting *Anderson v. United States Attorneys Office*, Civ. No. 91-CV-2262-LFO, 1992 WL 159186, at *1 (D.D.C. Jun. 19, 1992)). It is common for courts to grant stays where the resolution of a pending dispositive motion could obviate the need for discovery entirely. *See, e.g., White v. Fraternal Order of the Police*, 909 F.2d 512, 516–17 (D.C. Cir. 1990) (upholding the district court's stay of discovery pending resolution of defendants' motion for summary judgment); *U.S. v. Manigault Newman*, No. 19-CV-1868-RJL (Minute Order Dec. 6, 2019) (staying discovery pending resolution of a motion to dismiss); *Moore v. Castro*, 2016 WL 10674309, at *1 (staying initiation of discovery as well as the Rule26(f) conference and Rule 16(b) scheduling order pending resolution of defendants' motion to dismiss). Further, Local Civil Rule 16-3(c) of this Court requires parties to a case to discuss whether the parties should jointly suggest a stay to the Court when dispositive motions are pending.

More importantly, the Supreme Court has been clear: "until a threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (requiring that district courts resolve immunity disputes before allowing discovery to proceed). Absolute immunity is designed to entitle a President (and other specific defendants such as members of Congress and the Judiciary) to be spared from all the burdens of litigation. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (recognizing that immunity is an entitlement to avoid the burdens of litigation); *Nixon v. Fitzgerald*, 457 U.S. 731, 746 (1982) (finding that immunity exists in qualified and absolute form depending on the executive branch officials function and protects from the burdens of litigation). Indeed, "the purpose of conferring absolute immunity is to protect officials not only from the ultimate liability but also from the time-consuming, distracting, and unpleasant aspects of a lawsuit, including discovery." *District of Columbia v. Jones*, 919 A.2d 604, 611 (D.C. 2007); *see also Chang v. United States,* 246 F.R.D. 372, 374 (D.D.C. 2007) (early adjudication of immunity disputes is necessary "to spare the official of the tribulation and expense of defending the suit at all").

This stay does not apply simply to President Trump, but rather to all further proceedings in this case, as to all parties, while the question of immunity is considered on appeal. The Supreme Court specifically declined to provide for allowing pretrial proceedings to continue for other defendants while it is deferred as to the party seeking immunity. *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009).

The Court was quite clear on this question when it held it "quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery." *Id.* The Supreme Court went on to determine that "[i]t is no answer ... to say that discovery for [one defendant] can be deferred while pretrial proceedings continue for other defendants." *Id.* at 685.

Consequently, it is inappropriate to begin discovery before the pending motions are resolved, especially as President Trump has raised the defense of absolute immunity, which is a bar to all burdens of litigation, including discovery. Therefore, the Trump Defendants respectfully request the Court enter a protective order, including an administrative stay of all proceedings, until its decision on the pending motions is issued.

## CERTIFICATE OF CONFERENCE

Counsel for the Trump Defendants sought to resolve this matter without the Court's intervention before filing this motion. Plaintiffs, however, relayed their opposition to the motion.

Dated: December 23, 2022                        Respectfully submitted,

/s/ Jesse R. Binnall
Jesse R. Binnall (VA022)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Tel:  (703) 888-1943

6

Fax: (703) 888-1930
jesse@binnall.com

*Attorney for Donald J. Trump,
Donald J. Trump for President, Inc.,
and Make America Great Again PAC*

## CERTIFICATE OF SERVICE

I certify that on December 23, 2022, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/ Jesse R. Binnall
Jesse R. Binnall

*Attorney for Donald J. Trump,
Donald J. Trump for President, Inc.,
and Make America Great Again PAC*