**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| CONRAD SMITH, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> Defendants. | Civil Action No. 1:21-cv-02265-APM |

<u>**PLAINTIFFS' OPPOSITION TO DEFENDANTS DONALD J. TRUMP'S, DONALD J. TRUMP FOR PRESIDENT, INC.'S, AND MAKE AMERICA GREAT AGAIN PAC'S MOTION FOR PROTECTIVE ORDER REGARDING PREMATURE DISCOVERY REQUESTS**</u>

Date:  January 6, 2023

Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Claire O'Brien, *pro hac vice*
Douglas Wagner, *pro hac vice*
Elizabeth Snow, *pro hac vice*
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
cobrien@selendygay.com
dwagner@selendygay.com
esnow@selendygay.com

Jon Greenbaum, D.C. Bar No. 489887
Edward G. Caspar, D.C. Bar No. 1644168
David Brody, D.C. Bar No. 1021476
Arusha Gordon, D.C. Bar No. 1035129
Marc P. Epstein, *pro hac vice*
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1500 K Street N.W., Suite 900
Washington, DC  20005
Tel: 202-662-8390
jgreenbaum@lawyerscommittee.org
ecaspar@lawyerscommittee.org
dbrody@lawyerscommittee.org
agordon@lawyerscommittee.org
mepstein@lawyerscommittee.org

*Attorneys for Plaintiffs Conrad Smith, et al.*

## <u>TABLE OF CONTENTS</u>

<u>**Pages**</u>

PRELIMINARY STATEMENT ..................................................................................1

RELEVANT BACKGROUND ..................................................................................2

ARGUMENT ..................................................................................3

I.      The Trump Defendants' Motion to Dismiss Does Not Automatically Trigger a
        Stay of Discovery ..................................................................................3

II.     Defendant Trump's Immunity Defense Does Not Support a Stay of Discovery or
        Establish Good Cause for a Protective Order ....................................................5

        A.      The Prejudice Plaintiffs Would Suffer from Delay Supports Permitting
                Discovery to Preserve Evidence .................................................7

        B.      The Trump Defendants Have Not Identified Any Burden of Proceeding
                with Discovery ..............................................................10

CONCLUSION..................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)............................................................................................6

*Chang v. United States*,
246 F.R.D. 372 (D.D.C. 2007).........................................................................11

*Clinton v. Jones*,
520 U.S. 681 (1997)..........................................................................................10

*Crawford-El v. Britton*,
523 U.S. 574 (1998)............................................................................................6

*Dist. Title v. Warren*,
14-cv-1808, 2015 WL 12964658 (D.D.C. June 15, 2015) ...............................10

*District of Columbia v. Jones*,
919 A.2d 604 (D.C. Cir. 2007) .........................................................................10

*Doe v. Provident Life & Acc. Ins. Co.*,
247 F.R.D. 218, 221 (D.D.C. 2008)...................................................................5

*Feibush v. Johnson*,
280 F. Supp. 3d 663 (E.D. Pa. 2017) ..............................................................5, 6

*Galarza v. Szalczyk*,
10-cv-6815, 11-cv-4988, 2012 WL 627917 (E.D. Pa. Feb. 28, 2012) ...............6

*Harlow v. Fitzgerald*,
457 U.S. 800 (1982)............................................................................................6

*Institut Pasteur v. Chiron Corp.*,
315 F. Supp. 2d 33 (D.D.C. 2004) .....................................................................4

*Mendia v. Garcia*,
10-cv-3910, 2016 WL 3249485 (N.D. Cal. June 14, 2016)................................6

*Mitchell v. Forsyth*,
472 U.S. 511 (1985)............................................................................................6

*Moore v. Castro*,
14-cv-2109, 2016 WL 10674309 (D.D.C. Jan. 14, 2016) ..................................4

*Nixon v. Fitzgerald*,
   457 U.S. 731 (1982).................................................................................................10

*Seeds of Peace Collective v. City of Pittsburgh*,
   09-cv-1275, 2010 WL 2990734 (W.D. Pa. July 28, 2010)......................................7

*Trump v. United States*,
   9:22-cv-81294 (S.D. Fl. Aug. 30, 2022)..................................................................9

*United States ex rel. Westrick v. Second Chance Body Armor, Inc.*,
   04-cv-280, 2007 WL 9706653 (D.D.C. Aug. 31, 2007)..........................................4

*United States v. Honeywell Int'l, Inc.*,
   20 F. Supp. 3d 129 (D.D.C. 2013)...........................................................................5

*United States v. Kellogg Brown & Root Servs., Inc.*,
   285 F.R.D. 133 (D.D.C. 2012)..................................................................................6

*United States v. Manigault Newman*,
   19-cv-1868 (D.D.C. Dec. 6, 2019)...........................................................................4

*United States v. Rhodes, III et al.*,
   22-cr-15 (D.D.C. Nov. 29, 2022).....................................................................1, 3, 8

*United States v. Sealed Search Warrant*,
   9:22-mj-8332 (S.D. Fl. Aug. 11, 2022).....................................................................9

*White v. Fraternal Ord. of the Police*,
   909 F.2d 512 (D.C. Cir. 1990)..................................................................................4

**Rules**

Federal Rule of Civil Procedure 26(c)(1) ....................................................................5

District of D.C. Local Civil Rule 16.3(c)(1) ................................................................4

**Legislative Sources**

Transcript of Continued Interview of Cassidy Hutchinson,
   Select Committee to Investigate the January 6th Attack on the U.S. Capitol,
   117th Cong. (May 17, 2022), https://www.govinfo.gov/content/pkg/GPO-J6-
   TRANSCRIPT-CTRL0000930041/pdf/GPO-J6-TRANSCRIPT-
   CTRL0000930041.pdf.................................................................................................8

Transcript of Deposition of Nicholas Luna,
    *Select Committee to* Investigate the January 6th Attack on the U.S. Capitol,
    117th Cong. (March 21, 2022), https://www.govinfo.gov/content/pkg/GPO-
    J6-TRANSCRIPT-CTRL0000060749/pdf/GPO-J6-TRANSCRIPT-
    CTRL0000060749.pdf ................................................................................................8

Transcript of Interview of Alyssa Farah Griffin,
    Select Committee to Investigate the January 6th Attack on the U.S. Capitol,
    117th Cong. (April 15, 2022), https://www.govinfo.gov/content/pkg/GPO-J6-
    TRANSCRIPT-CTRL0000062452/pdf/GPO-J6-TRANSCRIPT-
    CTRL0000062452.pdf ................................................................................................8

**Other Authorities**

Jacqueline Alemany et al., *Items with classified markings found at Trump storage
    unit in Florida,* Wash. Post (Dec. 7, 2022) ...............................................................9

Julia Mueller, *Employee told FBI that Trump personally directed moving of Mar-
    a-Lago records: report*, The Hill (Oct. 12, 2022),
    https://thehill.com/regulation/national-security/3685517-employee-told-fbi-
    that-trump-personally-directed-moving-of-mar-a-lago-records-report/ ....................9

Pamela Brown, *Trump employee tells FBI that Trump directed boxes to be moved
    at Mar-A-Lago after subpoena served*, CNN (Oct. 12, 2022),
    https://www.cnn.com/2022/10/12/politics/trump-employee-fbi-mar-a-lago-
    boxes/index.html ........................................................................................................9

## PRELIMINARY STATEMENT

After trial concluded in *United States v. Rhodes, III et al.*, 22-cr-15 (D.D.C.), Plaintiffs served document requests on Defendants not currently facing criminal trial who have appeared in this case, including Defendants Donald J. Trump, Donald J. Trump for President, Inc. ("Trump for President") and Make America Great Again PAC ("MAGA PAC") (together, the "Trump Defendants"). In response, the Trump Defendants moved either to stay all discovery as to all Defendants pending resolution of the Trump Defendants' motion to dismiss and appellate disposition of the former President's immunity defense, or for a protective order "abrogating" all of Plaintiffs' document requests. The motion largely repeats arguments from the Trump Defendants' July 2022 motion to stay, *see* ECF No. 154-1, and fails to identify any new or changed circumstance warranting the requested relief. For the reasons Plaintiffs set forth in their opposition to the Trump Defendants' first stay motion, *see* ECF No. 159, the Trump Defendants do not meet their heavy burden to justify a stay or a protective order, because the prejudice that Plaintiffs would suffer from postponing discovery far outweighs any purported burden that the Trump Defendants would suffer by proceeding with discovery.

Importantly, the Trump Defendants are not entitled to an automatic stay of discovery simply because their motion to dismiss is pending or because Defendant Trump asserted an immunity defense. When considering any stay or protective order, courts must balance the likely burden to the party seeking protection from discovery against the prejudice to the opposing party. The Trump Defendants' motion fails to address or even recognize the significant prejudice that Plaintiffs would suffer from further delay of discovery. Instances of evidence spoliation and contempt for the legal process related to January 6 or involving Defendants in this case continue to multiply: Several Defendants were convicted on criminal charges for destroying evidence. Sworn testimony before the United States House Select Committee to Investigate the January 6th Attack

on the United States Capitol (the "House Committee") shows that Defendant Trump and his staff destroyed records that likely were subject to retention by the Presidential Records Act. And the Department of Justice is investigating Defendant Trump for possessing classified, secret, and top-secret documents after he failed to comply with a grand jury subpoena requesting their return. Even without intentional destruction of evidence, the risk that evidence will be lost and witnesses' memories will fade increases with each passing day. Plaintiffs must ensure that the evidence they need to prove their case is properly preserved and produced by Defendants.

This prejudice to Plaintiffs far outweighs any routine burden that the Trump Defendants may face from discovery. Indeed, the Trump Defendants do not identify *any* burden that they would suffer by responding to Plaintiffs' document requests or if their co-Defendants or third parties produce discoverable materials to Plaintiffs. The Trump Defendants' motion provides neither a new nor a meritorious ground upon which the Court should issue a stay or a protective order.

Accordingly, the Court should deny the motion and permit discovery to proceed.

## RELEVANT BACKGROUND

Plaintiffs—eight former United States Capitol Police Officers—bring claims against former President Trump, his 2020 reelection campaign (Trump for President), and his political action committee (MAGA PAC), along with "Stop the Steal" activists, and certain militant groups and their members, for their role in the January 6 attack on the United States Capitol. *See* ECF Nos. 1, 89. The Trump Defendants moved to dismiss Plaintiffs' Amended Complaint on December 23, 2021, in which Defendant Trump argued that he is shielded from liability under presidential immunity. *See* ECF No. 103-1 at 9-14. That motion is pending.

In June 2022, Plaintiffs proposed to all Defendants that the parties proceed with the initial case management conference required by Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3. Some Defendants agreed to participate in the conference. On July 27, 2022, however,

the Trump Defendants moved to stay this case pending resolution of their motion to dismiss, including of Defendant Trump's presidential immunity defense. *See* ECF No. 154. That motion is pending as well.

Plaintiffs and the participating Defendants proceeded with the case management conference on August 8, 2022. The Trump Defendants' counsel attended to lodge objections to the conference proceeding and more generally to the commencement of discovery. *See* ECF No. 163.

On September 30, 2022, the Court issued an order staying this case pending the conclusion of the trial of overlapping defendants in *United States v. Rhodes, III et al*. *See* ECF No. 165. That trial concluded on November 29, 2022. *See generally* Verdict Form, *United States v. Rhodes, III et al.*, 22-cr-15 (D.D.C. Nov. 29, 2022), ECF No. 410. Plaintiffs thereafter served their First Set of Requests for Production on Defendants not currently facing criminal trial who have appeared in this case, including the Trump Defendants, on December 1, 2022. The Trump Defendants filed the instant motion on December 23, 2022. *See* ECF No. 170.

## **ARGUMENT**

The Trump Defendants recycle their first motion to stay almost word-for-word, requesting that the Court stay "all further proceedings in this case, as to all parties" while their motion to dismiss is pending and "the question of immunity is considered on appeal," or, in the alternative, that the Court issue a protective order "abrogating" all of Plaintiffs' discovery requests to all Defendants. ECF No. 170-1 at 1, 5. The Trump Defendants fail to meet their heavy burden for either form of relief.

## I.     **The Trump Defendants' Motion to Dismiss Does Not Automatically Trigger a Stay of Discovery**

The Trump Defendants' argument that the Court should stay the case simply because their motion to dismiss is pending is without merit. ECF No. 170-1 at 4. As Plaintiffs set forth in

opposition to the Trump Defendants' first stay motion, *see* ECF No. 159 at 8-10, and in opposition to Defendants Brandon Straka's and Kelly Meggs's motions to stay, *see* ECF No. 155 at 9-10, a pending motion to dismiss in and of itself does not warrant a stay of discovery. Courts in this district routinely hold that "a pending motion to dismiss is not a good reason to stay discovery." *See, e.g.*, *United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, 04-cv-280, 2007 WL 9706653, at *2 (D.D.C. Aug. 31, 2007).

The Trump Defendants have never cited any authority supporting their argument for an automatic stay of discovery because their motion to dismiss is pending. Instead, they continue to rely on the same four cases from their first stay motion. *Compare* ECF No. 170-1 at 4 (citing *Institut Pasteur v. Chiron Corp.*, 315 F. Supp. 2d 33, 37 (D.D.C. 2004); *White v. Fraternal Ord. of the Police*, 909 F.2d 512, 516-17 (D.C. Cir. 1990); Minute Order, *United States v. Manigault Newman*, 19-cv-1868 (D.D.C. Dec. 6, 2019); and *Moore v. Castro*, 14-cv-2109, 2016 WL 10674309 (D.D.C. Jan. 14, 2016)), *with* ECF No. 154-1 at 3 (same). Plaintiffs explained why those cases are inapposite in prior submissions. *See* ECF No. 159 at 9-10; ECF No. 155 at 10-11 & n.6. Critically, none of them provides for an automatic stay of discovery pending the resolution of dispositive motions.

The Trump Defendants also continue to rely on Local Civil Rule 16.3(c) to support their misplaced automatic stay argument. *Compare* ECF No. 170-1 at 4, *with* ECF No. 154-1 at 3-4. Local Civil Rule 16.3(c)(1) provides that, during the initial case management conference, parties must confer about whether discovery should proceed if a dispositive motion is pending. D.D.C. Local Civ. R. 16.3(c)(1). As Plaintiffs explained in opposing Defendants Brandon Straka's and Kelly Meggs's motions to stay, ECF No. 155 at 9-10 & n.5, and incorporated into their opposition to the Trump Defendants' first stay motion, ECF No. 159 at 8, this Rule does not require a stay

pending dispositive motions. To the contrary, it envisions that discovery *will* proceed while motions to dismiss are pending, and merely requires the parties to confer about whether discovery should await a decision on a dismissal motion. The Trump Defendants refused to participate in the case management conference with Plaintiffs, during which they might have raised this purported issue pursuant to the process that Local Civil Rule 16 prescribes.

The bright-line rule for which the Trump Defendants advocate (i.e., discovery as to any defendant is stayed automatically when one defendant files a dismissal motion) does not exist. Instead, to warrant a stay, the Trump Defendants must demonstrate "that the benefits of a discovery stay would outweigh the prejudice" to Plaintiffs. *United States v. Honeywell Int'l, Inc.*, 20 F. Supp. 3d 129, 133 (D.D.C. 2013). As detailed below, they fail to make such a showing.

## II.  Defendant Trump's Immunity Defense Does Not Support a Stay of Discovery or Establish Good Cause for a Protective Order

The Court should reject the Trump Defendants' request to stay the case or issue a protective order based on Defendant Trump's immunity defense.

As Plaintiffs set forth in opposing the Trump Defendants' initial stay motion, an immunity claim does not trigger a categorical bar against discovery or constrain the Court's discretion to allow discovery in such cases. *See* ECF No. 159 at 10; *Feibush v. Johnson*, 280 F. Supp. 3d 663, 666 (E.D. Pa. 2017). Courts simply apply the test for considering any stay by weighing the risk of prejudice against purported burdens. *See* ECF No. 159 at 10-11; *Feibush*, 280 F. Supp. 3d at 666. Courts conduct a similar assessment when considering a request for a protective order. (Plaintiffs explained this in opposing Defendants Kelly Meggs's, Enrique Tarrio's, and Joseph Biggs's motions for a protective order. *See* ECF No. 155 at 12.) A party must demonstrate good cause for a protective order, Fed. R. Civ. P. 26(c)(1); *Doe v. Provident Life & Acc. Ins. Co.*, 247 F.R.D. 218, 221 (D.D.C. 2008), which is "a heavy burden of showing extraordinary circumstances based on

specific facts that would justify an order," *United States v. Kellogg Brown & Root Servs., Inc.*, 285 F.R.D. 133, 135 (D.D.C. 2012) (quotations and citations omitted). Those circumstances "must be sufficient to overcome the other party's legitimate and important interests in trial preparation." *Id.*

The Trump Defendants do not cite any case suggesting that Defendant Trump's immunity defense triggers a different standard for considering a stay or a protective order. The Trump Defendants' argument continues to rely on *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), *Mitchell v. Forsyth*, 472 U.S. 511 (1985), and *Crawford-El v. Britton*, 523 U.S. 574 (1998). *Compare* ECF No. 170-1 at 5, *with* ECF No. 154-1 at 4. As Plaintiffs explained in opposing the Trump Defendants' first stay motion, however, these cases demonstrate that discovery may proceed regardless of an immunity defense and that it would be inappropriate to issue a stay in this case. *See* ECF No. 159 at 11.

The Trump Defendants also rely on dicta in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), for the incorrect proposition that the Supreme Court held that discovery may not proceed against any defendant pending resolution of a single defendant's immunity defense. *See* ECF No. 170-1 at 5-6. As several courts have explained, this is a "misreading" of *Iqbal*—a case about pleading standards. *See, e.g.*, *Feibush*, 280 F. Supp. 3d at 665-66 (holding that the "dicta, found in [*Iqbal*'s] opinion dealing with the appropriate pleading standards of Rule 8," does not present a "categorical bar against discovery," nor does it "change the longstanding practice of leaving to lower courts the discretion to allow the parties to proceed with limited discovery"); *Mendia v. Garcia*, 10-cv-3910, 2016 WL 3249485, at *3 (N.D. Cal. June 14, 2016) (holding that the relevant *Iqbal* passage was "non-binding dicta" because the "Supreme Court's decision was not focused on the issue of discovery but rather plaintiff's request to relax the pleading requirements under Rule 8"); *Galarza v. Szalczyk*, 10-cv-6815, 11-cv-4988, 2012 WL 627917, at *2 (E.D. Pa. Feb. 28, 2012) (rejecting

argument that immunity defense mandates a stay of discovery on the ground that "[t]his position relies largely on a misreading of *Ashcroft v. Iqbal*"); *Seeds of Peace Collective v. City of Pittsburgh*, 09-cv-1275, 2010 WL 2990734, at *2 (W.D. Pa. July 28, 2010) (holding that "*Iqbal* did not hold … that this court no longer has discretion to determine whether it is proper to stay all discovery as to all claims pending the resolution of a motion to dismiss" raising an immunity defense but rather that "the Supreme Court observed in dicta that it was unpersuaded by plaintiff's request to relax the pleading requirements under Federal Rule of Civil Procedure 8"). The Court should likewise reject this argument.

Under the proper legal standard for a stay or a protective order, in balancing the substantial prejudice to Plaintiffs of postponing discovery against any purported burden that the Trump Defendants would face by proceeding with discovery, it is clear that the Trump Defendants do not (and cannot) justify their request for either form of relief.

### A.  The Prejudice Plaintiffs Would Suffer from Delay Supports Permitting Discovery to Preserve Evidence

Any stay of discovery would disproportionately and severely prejudice Plaintiffs.

Plaintiffs detailed the harm that they would suffer from postponing discovery in their oppositions to the Trump Defendants' first stay motion, Defendants Brandon Straka's and Kelly Meggs's motions to stay, and Defendants Kelly Meggs's, Enrique Tarrio's, and Joseph Biggs's motions for a protective order. *See* ECF No. 159 at 14-17; ECF No. 155 at 18-19. Without repeating the details of those arguments here, Plaintiffs remain concerned that further delay would irreparably harm their ability to obtain discoverable evidence, to have their day in court, and to ensure that any judgment is satisfied for the grave harms they suffered in the line of duty. The date of this filing marks two years since the January 6 attack, and Plaintiffs would like to ensure that their injuries can be fully and fairly addressed in court.

Perhaps the single most critical point in this regard is that additional delay would compound the risk of evidence spoliation and continued disregard for the discovery process. Since the Trump Defendants filed their first stay motion, Defendants Elmer Rhodes, Kelly Meggs, and Thomas Caldwell have been convicted of tampering with documents by deleting evidence of their involvement with the January 6 attack. *See* Verdict Form at 6-7, *United States v. Rhodes, III et al.*, 22-cr-15 (D.D.C. Nov. 29, 2022), ECF No. 410. In addition, sworn testimony before the House Committee shows that Defendant Trump[1] and his staff[2] destroyed records that the Presidential Records Act likely required them to preserve. And the Department of Justice has confirmed that it

---

[1] Testimony from multiple former White House aides in the House Committee's investigation shows that, while serving as President, Defendant Trump would tear up documents after reading them. *See*, *e.g.*, Transcript of Deposition of Nicholas Luna at 103:17-104:4, Select Committee to Investigate the January 6th Attack on the U.S. Capitol, 117th Cong. (March 21, 2022), https://www.govinfo.gov/content/pkg/GPO-J6-TRANSCRIPT-CTRL0000060749/pdf/GPO-J6-TRANSCRIPT-CTRL0000060749.pdf ("Do you know whether the President ever tore up notes when he was finished with them? A Yes. Q Okay. And just to be clear, did the President tear up notes when he was finished with them? A Yes. So, I mean -- at times. I don't -- I don't -- you know, did I ever see him tear up notes? I don't know what the documents were, but there were tearing. Q Okay. So -- and not asking you to account for every single note or -- A Right. Q -- piece of paper that crossed the President's desk, but you are aware that at least sometimes the President would tear up notes or pieces of paper when he was done with them. Is that correct? A Yes, sir, that's correct."); Transcript of Interview of Alyssa Farah Griffin at 55:20-25, Select Committee to Investigate the January 6th Attack on the U.S. Capitol, 117th Cong. (April 15, 2022), https://www.govinfo.gov/content/pkg/GPO-J6-TRANSCRIPT-CTRL0000062452/pdf/GPO-J6-TRANSCRIPT-CTRL0000062452.pdf ("Q Okay. Did you ever see him tear things like that up when he was finished and throw it away? A Yeah. Yeah. He was a big paper tearer. He would, yeah, he would a lot of times just tear things up and put them in the trash. Q We've gotten a lot of documents from the Archives that appear to be taped back together that were important.").

[2] Former White House aide Cassidy Hutchinson testified to congressional investigators that between the 2020 election and mid-January 2021, she saw Defendant Trump's Chief of Staff Mark Meadows throw documents into the fireplace "roughly a dozen times." Transcript of Continued Interview of Cassidy Hutchinson at 41:14-43, Select Committee to Investigate the January 6th Attack on the U.S. Capitol, 117th Cong. (May 17, 2022), https://www.govinfo.gov/content/pkg/GPO-J6-TRANSCRIPT-CTRL0000930041/pdf/GPO-J6-TRANSCRIPT-CTRL0000930041.pdf.

recovered classified, secret, and top-secret documents from Defendant Trump's residence after he failed to comply with a grand jury subpoena requesting the return of such documents.[3] Even after this seizure of sensitive materials, more classified documents were found in a subsequent search of one of Defendant Trump's storage units.[4] Multiple sources have reported that Defendant Trump directed his employees to move boxes to his residence after receiving a government subpoena requesting any remaining classified documents, possibly to avoid their detection by the government.[5]

The accounts of evidence spoliation and disregard for the legal process displayed by the Defendants in this case are deeply troubling. If Defendant Trump destroyed documents while serving as President of the United States, then Plaintiffs clearly have a well-founded concern that he may destroy discoverable records as a private citizen. Plaintiffs plainly will suffer prejudice if this occurs, and at this point, the surest way to minimize further risk of losing discoverable information and records that Plaintiffs need to prove their case is for Plaintiffs to be able to proceed with discovery.

---

[3] *See generally* Notice of Filing of Redacted Documents, *United States v. Sealed Search Warrant*, 9:22-mj-8332 (S.D. Fl. Aug. 11, 2022), ECF No. 17; United States' Resp. to Mot. for Judicial Oversight and Additional Relief at 7-8, 10-12, *Trump v. United States*, 9:22-cv-81294 (S.D. Fl. Aug. 30, 2022), ECF No. 48.

[4] Jacqueline Alemany et al., *Items with classified markings found at Trump storage unit in Florida,* Wash. Post (Dec. 7, 2022), https://www.washingtonpost.com/nation/2022/12/07/trump-tower-bedminster-records-search/.

[5] Julia Mueller, *Employee told FBI that Trump personally directed moving of Mar-a-Lago records: report*, The Hill (Oct. 12, 2022), https://thehill.com/regulation/national-security/3685517-employee-told-fbi-that-trump-personally-directed-moving-of-mar-a-lago-records-report/; Pamela Brown, *Trump employee tells FBI that Trump directed boxes to be moved at Mar-A-Lago after subpoena served*, CNN (Oct. 12, 2022), https://www.cnn.com/2022/10/12/politics/trump-employee-fbi-mar-a-lago-boxes/index.html.

Plaintiffs' concerns about losing relevant evidence are heightened considering the Trump Defendants' request for a complete stay of discovery, against all parties, while "the question of immunity is considered on appeal," which might take years to resolve. ECF No. 170-1 at 5. The consequences to Plaintiffs of a complete and indefinite stay are serious. Plaintiffs will be unable to move forward with their case, despite the palpable risk of evidence loss and spoliation, even though no party other than Defendant Trump has raised an immunity defense and Plaintiffs' claims against those Defendants do not involve any official action that would implicate Defendant Trump's immunity claim. A blanket stay for an unknown period completely disregards the significant prejudice that Plaintiffs would suffer from such delay. *Cf. Clinton v. Jones*, 520 U.S. 681, 707-08 (1997) (holding that stay of civil trial until end of former President Clinton's presidency was an abuse of discretion because "[s]uch a lengthy and categorical stay takes no account whatever of the [opposing party's] interest in bringing the case to trial" and "delaying trial would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party").

### B.   The Trump Defendants Have Not Identified Any Burden of Proceeding with Discovery

The Trump Defendants, in contrast to Plaintiffs, would suffer minimal—if any—burden if Plaintiffs are permitted to proceed with discovery in this case. Indeed, as was true in their first stay motion, the Trump Defendants fail to identify *any* "clear case of hardship or inequity in being required to go forward with discovery." *Dist. Title v. Warren*, 14-cv-1808, 2015 WL 12964658, at *3 (D.D.C. June 15, 2015) (citation omitted); *see* ECF No. 159 at 12.

As they did in their first stay motion, the Trump Defendants make passing reference to *Nixon v. Fitzgerald*, 457 U.S. 731, 746 (1982), and *District of Columbia v. Jones*, 919 A.2d 604, 611 (D.C. Cir. 2007), for the proposition that immunity defenses are designed to absolve sitting

officials of the burdens of litigation. *Compare* ECF No. 170-1 at 5, *with* ECF No. 154-1 at 4. But these cases do not help the Trump Defendants. Trump for President and MAGA PAC have not asserted an immunity defense (nor do they serve in public office); they must proceed with party discovery regardless of the outcome of Defendant Trump's immunity defense. And Defendant Trump is a private citizen; he is no longer President and thus has no official duties from which this litigation would distract his attention. Moreover, Defendant Trump would be subject to discovery as a third party regardless of the outcome of his claimed immunity. As Plaintiffs explained in opposing the Trump Defendants' first stay motion, it is common practice to permit discovery against defendants awaiting resolution of their immunity defense when they would otherwise be subject to nonparty discovery. *See* ECF No. 159 at 13-14.

The Trump Defendants also cite *Chang v. United States*, 246 F.R.D. 372, 374 (D.D.C. 2007), for the proposition that early adjudication of immunity disputes might spare officials the expense of defending a lawsuit. They made the same argument with the same case in their July 2022 filing. *Compare* ECF No.170-1 at 5, *with* ECF No. 154-1 at 4. Citing this principle without more does not create an identifiable burden for the Trump Defendants in proceeding with discovery in this case—something that the Trump Defendants have not done despite submitting two motions on this issue. And any consideration of sparing a former official (who is now a private citizen with private interests) the expense of litigation fails to offset the more significant prejudice that the requested relief would cause for Plaintiffs, as discussed above.

Nor do the Trump Defendants articulate any way in which they would be harmed if Plaintiffs proceed with discovery against their co-Defendants or third parties pending the resolution of Defendant Trump's immunity defense. Nor could they. As Plaintiffs explained in opposing the Trump Defendants' first stay motion, such discovery would require only the Trump Defendants'

counsel to review produced documents at his discretion and convenience, and would not require any involvement by Defendant Trump. *See* ECF No. 159 at 10-11.

The Trump Defendants have failed to identify any specific burden that they would suffer if Plaintiffs proceeded with discovery in this case—and certainly not any extraordinary burden that outweighs the grave prejudice that Plaintiffs would suffer from further delay of discovery under the standard for either a stay or a protective order.

## <u>CONCLUSION</u>

The Court should deny the Trump Defendants' motion for the foregoing reasons. Plaintiffs do not believe that oral argument is necessary but request the opportunity to present such argument if it would assist the Court.

Dated:   New York, NY                              Respectfully submitted,
         January 6, 2023


                                    By:   _/s/_____ *Joshua S. Margolin*_____
                                          Faith E. Gay, *pro hac vice*
                                          Joshua S. Margolin, *pro hac vice*
                                          Claire O'Brien, *pro hac vice*
                                          Douglas Wagner, *pro hac vice*
                                          Elizabeth Snow, *pro hac vice*
                                          SELENDY GAY ELSBERG PLLC
                                          1290 Avenue of the Americas
                                          New York, NY  10104
                                          Tel: 212-390-9000
                                          fgay@selendygay.com
                                          jmargolin@selendygay.com
                                          cobrien@selendygay.com
                                          dwagner@selendygay.com
                                          esnow@selendygay.com

                                          Jon Greenbaum, D.C. Bar No. 489887
                                          Edward G. Caspar, D.C. Bar No. 1644168
                                          David Brody, D.C. Bar No. 1021476
                                          Arusha Gordon, D.C. Bar No. 1035129
                                          Marc P. Epstein, *pro hac vice*
                                          LAWYERS' COMMITTEE FOR CIVIL
                                          RIGHTS UNDER LAW
                                          1500 K Street N.W., Suite 900
                                          Washington, DC  20005
                                          Tel: 202-662-8390
                                          jgreenbaum@lawyerscommittee.org
                                          ecaspar@lawyerscommittee.org
                                          dbrody@lawyerscommittee.org
                                          agordon@lawyerscommittee.org
                                          mepstein@lawyerscommittee.org

                                          *Attorneys for Plaintiffs Conrad Smith, et al.*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on January 6, 2022, I served a copy of the foregoing filing on all parties of record by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice to all attorneys of record. Plaintiffs are serving the remaining defendants via first class mail or other permitted means.

Dated: January 6, 2023

_____
Joshua S. Margolin