UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CONRAD SMITH, ET AL.,

              *Plaintiffs*,

   v.

DONALD J. TRUMP,
DONALD J. TRUMP FOR PRESIDENT, INC.,
ROGER STONE, ET AL.,

              *Defendants*.

Case No. 1:21-cv-02265-APM

## DEFENDANT ROGER STONE'S NOTICE OF ADOPTION AND MOTION FOR PROTECTIVE ORDER AND STAY

Grant J. Smith
(DDC Bar No. FL-36)
STRATEGYSMITH, P.A.
401 EAST LAS OLAS BOULEVARD
SUITE 130-120
FORT LAUDERDALE, FL 33301
(954) 328-9064
GSMITH@STRATEGYSMITH.COM

Robert C. Buschel
  *Counsel of Record*
(DDC Bar No. FL-39)
BUSCHEL GIBBONS, P.A.
501 E. LAS OLAS BLVD. SUITE 304
FORT LAUDERDALE, FL 33301
(954) 530-5301
BUSCHEL@BGLAW-PA.COM

*Counsel for Roger Stone*

## NOTICE OF ADOPTION

Defendant Roger Stone received a two-sided 18-page request for production from the Plaintiffs on December 1, 2022. The requests are broad ranging from "All documents and communications regarding January 6, 2021" to "All documents regarding the November 2020 Election." The requests ask for all forms of communication, which would include Electronically Stored Information. Roger Stone's dispositive Motion to Dismiss has been pending since January 31, 2022. [ECF Nos. 100, 126]. Stone has strong First Amendment defenses to the Amended Complaint that were made in the Motion to Dismiss; in addition, he was not present at the Ellipse or the Capitol on January 6.

Defendant Roger Stone hereby adopts the Trump Defendants' motion by reference [ECF Nos. 170 & 170-1], and reserves the right to raise other objections to the document request should the Court deny Trump Defendants' motion. Even through Donald J. Trump's motion for protective order relies in large part on a pending appeal regarding presidential immunity, Stone has independent arguments. Other than an agreed upon extension of time, the parties conferred and cannot agree on the disposition of Defendant's motions.

## MOTION FOR PROTECTIVE ORDER AND STAY DISCOVERY

Defendant Roger Stone has filed a dispositive motion to dismiss in this case. It remains pending. Presumably, the Court is awaiting the Circuit Court of Appeals ruling on Donald J. Trump's motion to dismiss regarding immunities in *Blassingame, et al. v. Trump*, No. 22-5069. Accordingly, "[i]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Institut Pasteur v. Chiron Corp.*, 315 F. Supp. 2d 33, 37 (D.D.C. 2004), *judgment entered,* CIV.A.03-0932(JDB), 2005 WL 366968 (D.D.C. Feb. 16, 2005) (citing *Anderson v. United States*

*Attorney's Office,* 1992 WL 159186, at *1 (D.D.C. Jun.19, 1992)). In civil rights actions, like this one, courts stay discovery pending the ruling on a motion to dismiss or summary judgment; the ultimate goal being just, speedy and inexpensive determination of every action. *Sai v. Dep't of Homeland Sec.*, 99 F. Supp. 3d 50, 58 (D.D.C. 2015) (citing Fed. R. Civ. P.1).

  Plaintiffs attempt to move discovery forward when the dispositive motions to dismiss, include a First Amendment defense, should protect Defendant Stone from the undue burden of participating in discovery when the case is ultimately dismissed. *See Small Bus. in Transp. Coal. v. United States Dep't of Transp.*, CV 20-883 (CKK), 2021 WL 7287302, at *1 (D.D.C. Mar. 21, 2021) (citing *Loumiet v. United States*, 225 F. Supp. 3d 79, 82 (D.D.C. 2016)); *Jin v. Parsons Corp.,* 966 F.3d 821, 828 (D.C. Cir. 2020) (stay motion to compel arbitration pending trial on issue of arbitrability). The reason for the stay is to not expend resources unnecessarily.

  There would be a hardship in complying with this request for production. Plaintiffs have requested *everything.* Communications about the 2020 election, anything about January 6, and all communications relating to specifically referenced statements publicly made by other defendants. The response to the requests would be onerous. Roger Stone receives unsolicited emails and other public communications in the hundreds per day. People send articles, links to blogs, and videos. Corralling all possible data for production will be extremely expensive. Then human review of and categorizing the data would be extremely expensive and time consuming. These are simply not resources a private citizen of limited means should be required to dedicate at this time.

  The motions to dismiss have been pending for nearly a year. The time remaining for the Court of Appeals to issue its opinion on Trump's appeal and this Court's subsequent ruling, is small relative to the time already spent. Waiting for a ruling from this Court will save time and

money of the parties. There is no issue of spoliation as it relates to Roger Stone. There is no prejudice to the Plaintiffs that would result from this limited delay.

Indeed, Trump's position is correct that even if one party has no burden to participate in discovery, but others do, the burden of participating in discovery remains for all regardless. Trump, Mot. at 6. [ECF No. 170-1]. Requiring Stone to keep up with others' discovery responses requires Stone to spend resources on culling through the discovery production in response to similar requests to all parties. The best and most efficient course of action is for the Court to issue a protective order from discovery and stay discovery pending the outcome of this Court's ruling on the motions to dismiss.

## **CONCLUSION**

This Court should grant the motions for protective order and stay discovery pending this Court's orders on the motions to dismiss.

                                                      Respectfully submitted,

                                                      __/s/__Robert Buschel_____

| | |
|---|---|
| Grant J. Smith | Robert C. Buschel |
| (DDC Bar No. FL-36) | *Counsel of Record* |
| STRATEGYSMITH, P.A. | (DDC Bar No. FL-39) |
| 401 EAST LAS OLAS BOULEVARD | BUSCHEL GIBBONS, P.A. |
| SUITE 130-120 | 501 E. LAS OLAS BLVD. SUITE 304 |
| FORT LAUDERDALE, FL 33301 | FORT LAUDERDALE, FL 33301 |
| (954) 328-9064 | (954) 530-5301 |
| GSMITH@STRATEGYSMITH.COM | BUSCHEL@BGLAW-PA.COM |

**CERTIFICATE OF SERVICE**

I certify that on January 10, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered parties.

/s/ Robert Buschel
Robert C. Buschel
*Counsel for Roger Stone*