IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONRAD SMITH, *et. al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | Civil Case No. 1:21-cv-02265-APM |
| ) | |
| DONALD J. TRUMP, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

**TRUMP DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER REGARDING PREMATURE DISCOVERY REQUESTS**

Plaintiffs' opposition to the Trump Defendants' motion improperly assumes that they were entitled to begin discovery after the end of *United States v. Rhoades, III, et al.,* 22-cr-15 (D.D.C.). Not so. This Court may have granted a stay of all proceedings until the conclusion of that trial, but it did not approve an exception to this district's local rules which would allow them to engage in early discovery.

Plaintiffs are correct that there is no "automatic" stay for pending motions to dismiss or an appeal based on absolute immunity; however, this Court's local rules do prevent the beginning of discovery while a substantial number of motions to dismiss are pending and that is why the Trump Defendants moved for a stay outlining their arguments in full. *See* Dkt. No. 154.1.

Plaintiffs incorrectly assume that because there is no automatic stay, that they may begin discovery automatically. Plaintiffs have not even grappled with this Court's local rules, which restrict the beginning of discovery. They seek to dismiss well-founded precedence from this Court, stating the importance of resolving fully

dispositive motions before beginning burdensome discovery on parties that may not be required to bear that burden. Instead of citing a single case that weighs in favor of expedited discovery, Plaintiffs rely on arguments of prejudice to excuse their decision to flaunt the rules by serving early discovery.

If Plaintiffs wish to begin discovery early, then they could have filed a motion to do so. Such a motion would have failed, however, as Plaintiffs have yet to consider the caselaw in this judicial district. Therefore, the Trump Defendants respectfully request this Court grant its motion for a protective order pending the resolution of the pending motions.

## ARGUMENT

### I. Plaintiffs are incorrect that they are entitled to begin discovery.

#### a. A pending dispositive motion to dismiss is grounds for a stay.

Plaintiffs attempt to hide the ball by claiming that a pending motion to dismiss does not provide for an "automatic" stay of the case. Dkt. No. 173 at 4. This is, of course, true, but it is entirely irrelevant to the arguments in this case.

The general rule in this judicial district is that cases do not begin discovery while motions to dismiss the entirety of the Plaintiffs' claims are pending. This is most readily apparent from the local rules of this district. Local Civil Rule 16.3(b). While Plaintiffs seek to brush aside this rule, the plain language is clearly applicable:

> The requirements of this Rule and of Fed. R. Civ. P. 16(b) and 26(f), shall not apply in cases in which no answer has yet been filed and in cases in which a significant number of named defendants have not yet answered.

Local Civil Rule 16.3(b). A significant number of Defendants have not yet answered in this case; instead, many Defendants moved to dismiss Plaintiffs' claims in their entirety. The caselaw from this district also supports the principle that Plaintiffs' request to begin discovery is premature.

"Waiving or setting aside the local rules should be done only in those rare circumstances where enforcing a rule would be prejudicial to both parties, delay resolution of the litigation, and would have no substantive effect on the Court's ruling." *Barnes v. Dist. of Columbia*, 283 F.R.D. 8, 11 (D.D.C. 2012) (emphasis added).

Plaintiffs nevertheless demand that the Court waive Local Rule 16.3(b) and commence discovery before the Court has determined whether Plaintiffs even state a claim. In addition to ignoring the plain language of this Court's local rules, Plaintiffs seek to ignore the plain language of cases from this district and circuit in their argument about beginning discovery while multiple fully dispositive motions to dismiss are pending. *Chavous v. D.C. Fin. Resp. & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 3 (D.D.C. 2001). In *Chavous,* this Court specifically found that "[w]hile a stay of discovery pending determination of a motion to dismiss is rarely appropriate when the pending motion will not dispose of the entire case, … no such concern exists here, since the parties agree that the grant of either … the motion for summary judgement or … motion to dismiss will be dispositive of the entire case." *Id.* (internal citations omitted). The court in *Chavous* further stated, "[a] stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of

judicial resources.'" *Id.* at 2 (quoting *Coastal States Gas Corp. v. Dept. of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979)).

This district has upheld that logic many times. *Moore v. Castro*, Civil Action No. 14–2109 (JDB), 2016 WL 10674309, at *1 (D.D.C. Jan. 14, 2016) ("[I]t is often the case that discovery is inappropriate during the pendency of a dispositive motion."); *Sai v. Dep't of Homeland Sec.*, 99 F. Supp. 3d 50, 57 (D.D.C. 2015) (staying discovery while a dispositive motion was pending); *Little v. Wash. Metro. Area Transit Auth.*, 100 F. Supp. 3d 1, 3 (D.D.C. 2015) (same). The D.C. Circuit has also upheld the district court's logic and discretion in staying such cases. *See, e.g., White v. Fraternal Order of the Police*, 909 F.2d 512, 516–17 (D.C. Cir. 1990) (upholding the district court's stay of discovery pending resolution of the defendants' motion for summary judgment that would have resolved the entire case).

Plaintiffs then ask this Court to ignore the wisdom of the Supreme Court. Plaintiffs, painting with a brush far too broad, claim that because a handful of district courts have held that the language in *Iqbal* did not create a bright-line rule requiring stays of discovery, that this means this Court must not consider this language or grant a stay. Dkt. No. 173 at 6-7. This, however, is misleading.

While the *Iqbal* Court was discussing whether the complaint in that case was sufficient to survive a motion to dismiss and begin discovery, this is clearly applicable to this case for two reasons: (1) there are pending motions to dismiss that would fully dispose of individual Defendants participation in the case, and (2) the *Iqbal* Court was considering the issues before this Court: whether discovery can commence

against one defendant while another's immunity issue is pending and found that it could not. *Ashcroft v. Iqbal*, 556 U.S. 662, 685-686 (2009). This is especially persuasive because the exact same concerns outlined by the *Iqbal* Court are in play in any consideration of beginning discovery while an immunity issue is pending. Therefore, it is not only proper for this Court to consider the language of the Supreme Court on this topic, but it is also wise to consider the decisionmaking process outlined by the Supreme Court and apply it to the facts of this case. This Court should ignore Plaintiffs' suggestion that it should ignore clear language from the Supreme Court and shock it up to being merely dicta.

Plaintiffs are incorrect that the Trump Defendants are asking this Court to create a "bright-line" rule of automatic stays. Dkt. No. 173 at 5. Plaintiffs are trying to create a strawman argument to distract the Court from the facts of this case: there are multiple pending motions to dismiss that would fully dispose of certain Defendants' involvement in the case. Therefore, it is proper to stay the case to avoid costly discovery on those Defendants until their motions are decided.

Plaintiffs cite no case in which this Court has waived Local Rule 16.3(b). Indeed, they cite no authority at all in support of their claim that they are entitled to begin discovery. In addition, the simple logic of finally determining *dispositive* motions before allowing a Plaintiff to subject a Defendant to costly discovery supports the caselaw and procedural rules of this Court. Therefore, the Court should grant the Trump Defendants' motion.

  b. **Plaintiffs have not argued that they are entitled to expedited discovery.**

"Expedited discovery is not the norm, particularly where defendants have filed a motion to dismiss." *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 97 (D.D.C. 2014) (emphasis added). Courts generally take one of two approaches to determine whether expedited discovery is appropriate: "(1) the *Notaro* test and (2) the reasonableness, or good cause, test." *Disability Rts. Council of Greater Wa. v. Wa. Metro. Area Transit Auth.*, 234 F.R.D. 4, 6 (D.D.C. 2006). Plaintiffs have not advanced arguments for beginning discovery under either of these grounds, and therefore, the Court cannot grant them expedited discovery. In addition, Plaintiffs' own lack of urgency in proceeding quickly with this case weighs against their sudden claim of urgency. Plaintiffs chose to wait until motions to dismiss were filed before amending their original complaint and did not request that discovery begin early until after motions to dismiss their amended complaint had been filed. Plaintiffs' sudden claims of urgency ring hollow.

II. **The case should be stayed as to all parties and all proceedings, or a protective order should be issued in the interim.**

Plaintiffs again seek to create a strawman by claiming that there is no categorical bar on discovery due to an immunity claim. Dkt. No. 173 at 5. This does not mean, however, that this Court may not consider the issues and find that there are grounds to stay this case pending resolution of the immunity issue in this case.

      a. **Trump Defendants will be harmed absent a stay.**

Plaintiffs claim that the Trump Defendants have not identified any burden or proceeding with discovery. Dkt. No. 173 at 10-11. This is incorrect.

President Trump would be irreparably injured without a stay because he would be denied his protection from the burdens of litigation while his appeal is pending. This right to be free from the burdens of litigation is fundamental to the absolute immunity invested in the President. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

All the other Defendants would also be harmed by initiating discovery before motions to dismiss are decided because they would be required to expend resources and attorneys' fees preparing discovery that may not be needed or warranted.

      b. **Plaintiffs cannot prove they would be harmed, nor would their speculative harm outweigh the actual harm to Defendants.**

As an initial matter, it is always in the public interest for the Constitution of the United States to be fully enforced and properly interpreted. *See Legend Night Club v. Miller*, 637 F.3d 291, 303 (4th Cir. 2011) (determining that "upholding constitutional rights is in the public interest.). Moreover, it is also in the public interest that every President be left free to act effectively. This case likely will be integral to the future of the absolute immunity doctrine as it relates to the determination of what actions are or are not within the outer perimeter of presidential duties. Such a determination will, at least in part, determine the scope of absolute immunity as applied to every President of the United States for years to come.

Further, contrary to their contention, Plaintiffs would not be harmed by a stay of their claims. The case is progressing as envisioned by the Federal Rules of Civil Procedure, and Plaintiffs have only alleged a passing reference that documents may disappear or be destroyed. Plaintiffs point to news articles and testimony that do not relate to documents that would be either discoverable or relevant to their claims. Even if Plaintiffs were potentially harmed by a stay or a protective order, they cannot show that their speculative harm outweighs the real word actual damages that will immediately apply to the Trump Defendants. The parties can and should preserve documents while the issues underlying the motions to dismiss are litigated. Any discovery, however, remains premature.

## CONCLUSION

The Trump Defendants move this Court to grant a protective order regarding premature discovery requests sent by Plaintiffs to the Defendants, while motions to dismiss, including a claim of immunity, and motions to stay discovery remain pending. The requests were sent in violation of well-settled law. Consequently, the Court should enter a protective order abrogating these requests or administratively staying all pretrial matters, including all discovery requests, pending its decisions on the Trump Defendants' motions to dismiss and to stay all proceedings.

Dated: January 13, 2023                                 Respectfully submitted,

/s/ Jesse R. Binnall
Jesse R. Binnall (VA022)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200

Alexandria, VA 22314
Tel: (703) 888-1943
Fax: (703) 888-1930
jesse@binnall.com

*Attorney for Donald J. Trump, Donald J. Trump for President, Inc., and Make America Great Again PAC*

CERTIFICATE OF SERVICE

I certify that on January 13, 2023, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/ Jesse R. Binnall
Jesse R. Binnall

*Attorney for Donald J. Trump, Donald J. Trump for President, Inc., and Make America Great Again PAC*