**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| CONRAD SMITH, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>        Defendants. | Civil Action No. 1:21-cv-02265-APM |

## PLAINTIFFS' OPPOSITION TO DEFENDANT ALI ALEXANDER'S MOTION TO EXTEND TIME TO RESPOND TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION AND DEFENDANT ROGER STONE'S MOTION FOR PROTECTIVE ORDER AND STAY

Defendant Ali Alexander moves to extend his time to respond to Plaintiffs' First Set of Requests for Production of Documents until the resolution of the motion for a protective order brought by Defendants Donald J. Trump, Donald J. Trump for President, Inc. ("Trump for President") and Make America Great Again PAC ("MAGA PAC") (together, the "Trump Defendants"). *See* ECF No. 170. Defendant Roger Stone moves for a protective order and stay of discovery through the disposition of Defendants' motions to dismiss. *See* ECF No. 174. Both motions—which echo many of the same arguments Plaintiffs have already refuted in opposing the numerous motions to stay filed by other Defendants—fail because neither moving Defendant can demonstrate any particular hardship or inequity from discovery proceeding. Even if either movant demonstrated marginal hardship—and they do not—such hardship does not outweigh the severe prejudice Plaintiffs would suffer from a protracted delay of discovery.

Plaintiffs were injured while defending U.S. Congresswomen and Congressmen during the January 6 attack on the U.S. Capitol over two years ago. Plaintiffs promptly sought redress in court, and despite their best efforts to proceed in good faith to preserve and obtain the discovery

that they need to prove their claims, the Defendants have refused to engage without good reason. Alexander and Stone, like several other Defendants, seek a blanket stay of the entire case for an indefinite period. These motions minimize the grave damages that Plaintiffs have suffered in defense of our democracy, and the relief sought completely disregards the fact that the significant prejudice to Plaintiffs mounts with each additional day of delay.

## I.    The Court Should Reject Defendant Alexander's Motion for an Extension

The Court should deny Defendant Alexander's motion for an extension of time to respond to Plaintiffs' discovery requests pending resolution of the Trump Defendants' motion to stay or for a protective order. Although styled as a motion for an extension, Alexander's motion seeks an indefinite stay of discovery to which he is not entitled.

Because Alexander does not identify any "clear case of hardship or inequity in being required to go forward with discovery," he is not entitled to a stay of discovery. *Dist. Title v. Warren*, 14-cv-1808, 2015 WL 12964658, at *3 (D.D.C. June 15, 2015) (citation omitted). Construed generously, Alexander's motion makes two attempts to demonstrate hardship. First, Alexander improperly claims the Trump Defendants' purported hardship supports Alexander's application for a stay. ECF No. 171 at 1-2. Second, Alexander invokes the pendency of motions to dismiss as a basis for a stay. *Id.* at 1. Both attempts are meritless.

The purported hardships that the Trump Defendants assert in their motion do not apply to Alexander. It is black-letter law that to prevail on a motion to stay, the movant bears the burden of establishing that the movant faces hardship or inequity meriting a stay. *See United States v. Honeywell Int'l, Inc.*, 20 F. Supp. 3d 129, 132 (D.D.C. 2013); *Warren*, 2015 WL 12964658, at *3. Alexander's motion, however, simply adopts the Trump Defendants' motion without explaining how it applies to him. *See* ECF No. 171 at 2. Harm to another party does not carry the movant's burden to justify a stay. *See Honeywell*, 20 F. Supp. at 132.

Even if defendants to a federal civil action share all the same purported discovery burdens, as Alexander's motion suggests, Plaintiffs have already explained that the Trump Defendants failed to articulate any identifiable burden from proceeding with discovery. *See* ECF No. 173. Alexander's reliance on the Trump Defendants' motion thus fails for the same reasons. At best, the Trump Defendants' motion could be construed to argue that they are automatically burdened by proceeding with discovery because Defendant Trump asserted an immunity defense in this case. Setting aside the fact that Trump for President's and MAGA PAC's purported burden related to Defendant Trump's failed immunity defense is non-existent, *see* ECF No. 173 at 11-12, Alexander has not asserted any immunity defense in this case, nor could he. The Trump Defendants' motion simply does not apply to Alexander.

Because Alexander fails to demonstrate any burden he would suffer absent a stay, he also necessarily fails to demonstrate that any burden to him outweighs the substantial prejudice to Plaintiffs from a stay. *See Honeywell Int'l, Inc.*, 20 F. Supp. 3d at 132 ("The movant 'must make out a clear case of hardship or inequity in being required to go forward.'"). Plaintiffs have set forth in detail the significant prejudice that they will suffer from any stay of discovery in response to several motions to stay or for protective orders filed in this case. *See* ECF No. 159 at 14-17; ECF No. 155 at 18-19; ECF No. 173 at 7-10. In particular, Plaintiffs have grave concerns about the many accounts of—including *criminal convictions* for—evidence spoliation and utter disregard for the legal or discovery process relating to the January 6 attack of many of the Defendants in this case. As Plaintiffs contend in opposition to the Trump Defendants' motion for a stay or protective order, the surest way to minimize further risk of losing discoverable information and records that Plaintiffs need to prove their case is for Plaintiffs to proceed with discovery. *See* ECF No. 173 at 9.

*Second*, Alexander's assertion that a pending motion to dismiss automatically merits a stay is incorrect. ECF No. 171 at 1. As Plaintiffs have previously noted, and discussed below, *see infra* at 4-5, courts in this district routinely hold that "a pending motion to dismiss is *not* a good reason to stay discovery." *See, e.g.*, *United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, 04-cv-280, 2007 WL 9706653, at *2 (D.D.C. Aug. 31, 2007) (emphasis added); *see also* ECF No. 159 at 8-10; ECF No. 155 at 9-10; ECF No. 173 at 3-5. Alexander cites no authority to the contrary.

The Court should reject Alexander's attempt to seek an indefinite stay of discovery. *Cf. Clinton v. Jones*, 520 U.S. 681, 707-08 (1997) (holding that the court's stay of civil trial through the end of former President Clinton's presidency, which the Court described as "a lengthy and categorical stay," abused its discretion).

## II.     Defendant Stone's Motion to Stay or for a Protective Order

Defendant Stone's motion to stay or for a protective order likewise fails.[1]

*First*, Stone argues that discovery is inappropriate while a dispositive motion is pending; ECF No. 174 at 1-2; that argument fails for the same reasons Alexander's motion, and every other Defendants' motion to stay based on this argument, fails. *See supra* at 4; ECF No. 159 at 8-10; ECF No. 155 at 9-10; ECF No. 173 at 3-5. Stone cites two other cases on which other Defendants have previously relied in support of this argument. *See, e.g.*, ECF No. 149 at 3-4 (citing *Sai v. Dep't of Homeland Sec.*, 99 F. Supp. 3d 50, 58 (D.D.C. 2015) and *Institut Pasteur v. Chiron Corp.*, 315 F. Supp. 2d 33, 40 (D.D.C. 2004)); *see also, e.g.*, ECF No. 154-1 at 3 (citing *Institut Pasteur*, 315 F. Supp. 2d at 40). As Plaintiffs have previously stated, these cases are inapplicable because *Institut Pasteur* involved a motion to compel arbitration and *Sai* concerned discovery to support a

---

[1] Stone's attempt to adopt the Trump Defendants' motion for a protective order or to stay discovery cannot further his cause, because the burdens those Defendants assert do not apply to him.

premature summary judgment motion filed by the Plaintiff. ECF No. 155 at 11. In so far as Stone relies upon one case that no Defendant has yet cited, *see* ECF No. 174 at 2 (citing *Small Bus. in Transp. Coal. v. United States Dep't of Transp.*, 20-cv-883, 2021 WL 7287302, at *1 (D.D.C. Mar. 21, 2021)), that case does not create the blanket rule he seeks. In *Small Business in Transportation Coalition*, the court denied a motion to take depositions, where each defendant had filed motions to dismiss, which, if granted, would have disposed of the entire case. 2021 WL 7287302, at *1. The instant litigation, in contrast, is certain to proceed against at least six Defendants who have filed answers. And, here, Stone is objecting to all discovery, not just a deposition.

Unable to cite any compelling caselaw for the proposition that his motion to dismiss alone warrants a discovery stay, Stone argues that he is entitled to a stay because he has a meritorious First Amendment defense. ECF No. 174 at 2; ECF No. 76 at 22-26. As an initial matter, Stone fails to identify any authority directing courts to scrutinize the merits of a pending dispositive motion in deciding whether to stay discovery, nor could he. Plaintiffs explained in opposing De-fendant Brandon Straka's motion for a stay that Plaintiffs have searched for and are aware of no such authority. *See* ECF No. 155 at 11-12, 14. Regardless, for the reasons Plaintiffs set forth in their opposition to Stone's motion to dismiss, Stone does not have a meritorious First Amendment defense. *See* ECF No. 118 at 57-72.

*Second*, Stone fails to demonstrate a particular burden from discovery that outweighs the prejudice of a discovery delay to Plaintiffs (either through the form of a stay or a protective order). *See Honeywell Int'l*, 20 F. Supp. 3d at 133 (the movant of a stay must demonstrate "that the benefits of a discovery stay would outweigh the prejudice" to Plaintiffs); *United States v. Kellogg Brown & Root Servs., Inc.*, 285 F.R.D. 133, 135 (D.D.C. 2012) (the moving party bears the "heavy burden of showing extraordinary circumstances based on specific facts that would justify an order"). As

for his purported burden, Stone states only that "Plaintiffs have requested *everything*," and, as a result, that "[t]he response to the requests would be onerous." ECF No. 174 at 2 (emphasis in original). Stone does not explain what exactly is burdensome about Plaintiffs' discovery requests or why the fact that he apparently has a significant volume of responsive and relevant documents insulates him from discovery. There is no bar against broad discovery under Federal Rule of Civil Procedure 26, only overbroad discovery that is disproportionate to the needs of the case (and the needs of this case are great). If Stone has good-faith objections to the purported breadth of particular requests, then he may make them in the normal course of discovery, through serving responses and objections, meeting and conferring with Plaintiffs, and only then, if necessary, seeking relief from the Court. It is not grounds for a stay.[2]

As for the prejudice that Plaintiffs have explained they will suffer from postponing discovery, Stone argues that "[t]here is no issue of spoliation as it relates to Roger Stone." ECF No. 174 at 3. Certainly, there is no public indictment of Stone for destroying evidence in connection with the January 6 attack—but this does not mean that Stone's requested relief presents no risk of spoliation, evidence loss, or continued disregard for the legal or discovery process (or any other form of prejudice, for that matter). Indeed, in 2019, a jury found Roger Stone guilty of "obstruction of a congressional investigation, five counts of making false statements to Congress, and tampering with a witness." Press Release, U.S. Atty's Office District of Columbia, Roger Stone Found Guilty of Obstruction, False Statements, and Witness Tampering (Nov. 15, 2019),

---

[2] Stone also parrots the Trump Defendants' position that, if discovery proceeds as to other Defendants but not Stone, then such discovery would require Defendant Stone's counsel to review discovery responses and produced documents. ECF No. 174 at 3. As Plaintiffs explained in their oppositions to the Trump Defendants' two stay motions, if for some reason discovery were stayed only against Stone, allowing other discovery to proceed would pose no particular burden to him as his attorney may review produced discovery when they believe appropriate. *See* ECF No. 159 at 10-11, ECF No. 173 at 11-12.

https://www.justice.gov/usao-dc/pr/roger-stone-found-guilty-obstruction-false-statements-and-witness-tampering. While Defendant Trump pardoned Stone, that pardon does not make the risk of Stone's disregard for the legal process here any less severe. Moreover, Stone seeks a stay of all discovery, leaving the door open to the many potential (and already realized) spoliation and evidence loss issues described in prior submissions. *See* ECF No. 155 at 18-22 (explaining delay could result in, *inter alia*, difficulty locating evidence, the destruction of evidence, and ability to recover based on the fact that multiple Defendants have already been convicted of spoliation). Stone's preservation efforts (whatever they may be) are not indicative of any other Defendant's intent or conduct; indeed, Defendants Elmer Rhodes, Kelly Meggs, and Thomas Caldwell have been convicted of destroying evidence relating to their involvement in January 6. *See* Verdict Form, *United States v. Rhodes, III et al.*, 22-cr-15 (D.D.C. Nov. 29, 2022), ECF No. 410 at 6-7.

Stone also seems to suggest that Plaintiffs will not face significant prejudice from a stay because the motions to dismiss have been pending in this case for "nearly a year" (implying that they will be resolved soon), and because the Court of Appeals in a related action, *Blassingame, et al. v. Trump*, No. 22-5069 (D.C. Cir. 2022), might rule soon on Trump's immunity arguments. *See* ECF No. 174 at 2-3. Putting aside Stone's purported ability to predict when this Court or any other court will rule on any motion or appeal,[3] neither assertion demonstrates why Plaintiffs will not continue to suffer prejudice in this case. *See supra* at 3, 6; ECF No. 159 at 14-17; ECF No. 155 at 18-19; ECF No. 173 at 7-10. To the contrary, the further passage of time (including a likely Supreme Court appeal in *Blassingame*) only compounds the prejudice of delay on Plaintiffs. Plaintiffs

---

[3] Stone's prediction is demonstrably inaccurate. The *Blassingame* panel just granted a motion to extend the time for the United States Department of Justice to file its amicus curiae brief to February 16, 2023, and set the deadline for responsive briefs by the parties to March 2, 2023. Order, *Blassingame*, No 22-5069 (D.C. Cir. Jan 13, 2023), ECF No. 1981478 at 1. No opinion will issue before then.

suffered grave damages in the line of duty over two years ago. They filed this lawsuit nearly one-and-a-half years ago; and continued delay only serves to benefit the Defendants at the expense of Plaintiffs' ability to preserve and obtain critical discovery so that their claims may be fairly heard in court.

Accordingly, the Court should refuse Stone's request for stay or for a protective order.

## **CONCLUSION**

The Court should deny Defendant Alexander's and Defendant Stone's motions for the foregoing reasons. Plaintiffs do not believe that oral argument is necessary but request the opportunity to present such argument if it would assist the Court.

Dated:   New York, NY                              Respectfully submitted,
         January 18, 2023


                                    By:    /s/          *Joshua S. Margolin*
                                           _____
                                           Faith E. Gay, *pro hac vice*
                                           Joshua S. Margolin, *pro hac vice*
                                           Claire O'Brien, *pro hac vice*
                                           Douglas Wagner, *pro hac vice*
                                           Elizabeth Snow, *pro hac vice*
                                           SELENDY GAY ELSBERG PLLC
                                           1290 Avenue of the Americas
                                           New York, NY  10104
                                           Tel: 212-390-9000
                                           fgay@selendygay.com
                                           jmargolin@selendygay.com
                                           cobrien@selendygay.com
                                           dwagner@selendygay.com
                                           esnow@selendygay.com

                                           Jon Greenbaum, D.C. Bar No. 489887
                                           Edward G. Caspar, D.C. Bar No. 1644168
                                           David Brody, D.C. Bar No. 1021476
                                           Arusha Gordon, D.C. Bar No. 1035129
                                           Marc P. Epstein, *pro hac vice*
                                           LAWYERS' COMMITTEE FOR CIVIL
                                           RIGHTS UNDER LAW
                                           1500 K Street N.W., Suite 900
                                           Washington, DC  20005
                                           Tel: 202-662-8390
                                           jgreenbaum@lawyerscommittee.org
                                           ecaspar@lawyerscommittee.org
                                           dbrody@lawyerscommittee.org
                                           agordon@lawyerscommittee.org
                                           mepstein@lawyerscommittee.org

                                           *Attorneys for Plaintiffs Conrad Smith, et al.*

## **CERTIFICATE OF SERVICE**

I certify that on January 18, 2023, I served a copy of the foregoing filing on all parties of record by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice to all attorneys of record. Plaintiffs are serving the remaining defendants via first class mail or other permitted means.

Dated: January 18, 2023

_____

Joshua S. Margolin