UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONRAD SMITH, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DONALD J. TRUMP, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No. 21-cv-02265 (APM) |

## ORDER

Before the court are multiple motions with regard to a stay or protective order concerning discovery. With the court having resolved the pending motions to dismiss, *see* Mem. Op., ECF 179, the motions filed at ECF Nos. 149, 150, 151, 152, and 154 are denied as moot.

Defendant Alexander's motion at ECF No. 171 and Defendant Stone's motion at ECF No. 174 are likewise denied as moot, as the court has dismissed the claims against them.

The Trump Defendants' Motion for Protective Order Regarding Premature Discovery Requests, ECF No. 170, is granted in part and denied in part. The motion is granted as to President Trump. The court agrees that discovery should not commence against the former President until his claim of absolute immunity is resolved. *Cf. Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold [qualified] immunity question is resolved, discovery should not be allowed."); *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" (citation omitted)). To be sure, a bar on discovery while a claim of immunity is pending is not absolute. *See Crawford-El v. Britton*, 523 U.S. 574, 593 (1998). But

permitting discovery to proceed, even against a former President, while the question of absolute immunity remains unresolved is inconsistent with the broad and protective purposes of official acts immunity.  *See Clinton v. Jones*, 520 U.S. 681, 694 n. 19 (1997) (stating that the "dominant concern" underlying the Supreme Court's recognition absolute immunity for official acts "was with the diversion of the President's attention during the decisionmaking process caused by needless worry as to the possibility of damages actions stemming from any particular official decision").  Although Plaintiffs claim that delay will prejudice them, such prejudice is substantially diminished by the extensive public record that already has been compiled about the President's actions before and on January 6th.  *See* Final Report, Select Committee to Investigate the January 6th Attack on the United States Capitol.[1]   And, to the extent they worry about spoliation of evidence, most relevant records are likely covered by the Presidential Records Act and therefore no longer in the former President's possession.  Therefore, a stay of discovery against President Trump is not likely to substantially prejudice Plaintiffs.

Discovery, however, may commence against all other Defendants, including Donald J. Trump for President, Inc. and the Make America Great Again PAC.  The court is not convinced based on the dicta in *Ashcroft* that all discovery as to all defendants must remain halted until the question of presential immunity is resolved.  *See Ashcroft*, 556 U.S. at 685–86.  Such a stay *would* substantially prejudice Plaintiffs and would not serve the underlying purposes of official acts immunity.  And, if discovery directed at other Defendants does somehow demand the time and attention of the former President himself, while his immunity claim remains unresolved, he can seek a protective order at that time.

---

[1] *Available at* https://d3i6fh83elv35t.cloudfront net/static/2022/12/Report_FinalReport_Jan6SelectCommittee.pdf

Dated: January 26, 2023

_____
Amit P. Mehta
United States District Court Judge