UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SMITH, et al., | ) |
| Plaintiffs, | ) Case No. 1:21-cv-2265-APM |
| v. | ) |
| TRUMP, et al., | ) |
| Defendants. | ) |

**UNOPPOSED MOTION TO STAY CASE BY DEFENDANT ETHAN NORDEAN**

Defendant Nordean, through his counsel, moves the Court to stay the case with respect to him until the conclusion of his parallel criminal trial. Plaintiffs do not oppose this motion. Nordean provides the following reasons in support.

The Amended Complaint's allegations concerning Nordean are substantially derived from, and track, the government's allegations in *United States v. Nordean, et al.*, 21-cr-175-TJK (D.D.C. 2021). Nordean's criminal trial in that matter commenced on December 19, 2022. It is still ongoing. The parties expect the trial to conclude in mid- to late March, approximately one month from the filing of this motion.

The Court has the discretion to stay civil proceedings in the interest of justice and "'in the light of the particular circumstances of the case.'" *Doe v. Sipper*, 869 F. Supp. 2d 113, 115 (D.D.C. 2012) (Boasberg, J.) (quoting *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.3d 1368, 1375 (D.C. Cir. 1980)). The factors commonly weighed when a party moves to stay civil proceedings in light of parallel criminal proceedings are: (1) the relationship between the civil and criminal actions; (2) the burden on the court; (3) the hardships or inequalities the parties would face if a stay was granted; and (4) the duration of the requested stay. *Sipper*, 869 F. Supp.

1

2d at 116; *see also Horn v. Dist. of Columbia*, 210 F.R.D. 13, 15 (D.D.C. 2002) (laying out similar factors). All of these factors support a stay of Nordean's case for approximately 30 days.

The "strongest case" for a stay is where both actions involve the same matter. *Dresser*, 628 F.2d at 1375-76; *Sipper*, 869 F. Supp. 2d at 116. When such cases proceed at the same time, it will implicate the defendant's Fifth Amendment rights. *Sipper*, 869 F. Supp. 2d at 116. The defendant "would be forced to choose between waiving his Fifth Amendment right to defend himself in the civil suit" or asserting the privilege and possibly losing the civil case. *Id.* (citing *Walsh Sec., Inc., v. Cristo Prop., Mgmt., Ltd.*, 7 F. Supp. 2d 523, 528 (D.N.J. 1998)). "A close relationship between the two actions, furthermore, is often viewed as the most significant factor in the balancing test." *Sipper*, 869 F. Supp. 2d at 116.

Here, the "civil and criminal actions . . . indisputably stem from identical events." *Sipper*, 869 F. Supp. 2d at 116 (granting stay motion). The Complaint alleged that Nordean, Joseph Biggs, Charles Donohoe, and Zach Rehl conspired to prevent Congress from certifying the results of the 2020 presidential election. Compl., p. 5. That is exactly what the First Superseding Indictment charged in Nordean's criminal case. 21-cr-175, ECF No. 26. Plaintiffs allege here that Nordean ran afoul of 42 U.S.C. § 1985(1). In the parallel criminal case, the government alleges that Nordean violated 18 U.S.C. § 372; that is the criminal analogue to § 1985.

By granting a stay in a civil case that is parallel to a criminal one, the Court may facilitate the civil matter, whereby the burden on the Court would be eased. *Sipper*, 869 F. Supp. 2d at 116; *see also Estate of Gaither ex rel. Gaither v. Dist. of Columbia*, 2005 U.S. Dist. LEXIS 35426, at *4 (D.D.C. Dec. 2, 2005) (stay in civil case until resolution of criminal case may later "streamline discovery" in the civil action). And the Court "has an interest in avoiding

2

unnecessary litigation that would burden its docket and hamper judicial economy." *Sipper*, 869 F. Supp. 2d at 116.

As to the balance of party interests, there is no balancing for the Court to perform as Plaintiffs do not object to the brief stay requested by Nordean. On the other side of the coin, Nordean and his counsel are in court five days a week for trial and have no time to prepare filings for this case or to participate in discovery.

Finally, a stay with a limited duration is more likely to be granted than an indefinite one. *Sipper*, 869 F. Supp. 2d at 118 (citing *Landis v. N. Am. Co.*, 229 U.S. 248, 254-55 (1936)). Here, Nordean's requested stay—until the end of his ongoing criminal trial—would likely last a month. That is only a third of the length of the stay granted in *Sipper*. 869 F. Supp. 2d at 116.

For all these reasons, Nordean requests that the case be stayed with respect to him until the conclusion of his criminal trial.

Dated: February 26, 2023                                        Respectfully submitted,

/s/ Nicholas D. Smith
Nicholas D. Smith, D.C. Bar No. 1029802
1123 Broadway, Suite 909
New York, NY 10010
(917) 902-3869
nds@davidbsmithpllc.com
*Counsel to Ethan Nordean*

**Certificate of Service**

I hereby certify that on the 26th day of February, 2023, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s): Counsel of record.

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ Nicholas D. Smith
Nicholas D. Smith, D.C. Bar No. 1029802
1123 Broadway, Suite 909
New York, NY 10010
(917) 902-3869
nds@davidbsmithpllc.com
*Counsel to Ethan Nordean*