## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

CONRAD SMITH, *et al.*,

        Plaintiffs,

    v.

DONALD J. TRUMP, *et al.*,

        Defendants.

Civil Action No. 1:21-cv-02265-APM

## JOINT CASE MANAGEMENT REPORT

Pursuant to Rule 26(f)(2) of the Federal Rules of Civil Procedure ("FRCP") and Rule 16.3(d) of the Local Civil Rules of the United States District Court for the District of Columbia ("LCvR"), Plaintiffs Conrad Smith, Danny McElroy, Byron Evans, Governor Latson, Melissa Marshall, Michael Fortune, Jason DeRoche, and Reginald Cleveland (together, "Plaintiffs"), and Defendants Donald J. Trump For President, Inc., Make America Great Again PAC, Russell Taylor, Brandon Straka, Kelly Meggs, Zachary Rehl, and Ronald Mele (together, the "Participating Defendants," and with Plaintiffs, the "Parties"),[1] submit this written Joint Case Management Report and proposed Initial Civil Discovery Plan and Case Management Order (the "Joint Report").

---

[1] Plaintiffs, the Participating Defendants (except Ronald Mele), and Defendant Thomas E. Caldwell participated in a case management conference pursuant to FRCP 26(f) and LCvR 16.3(a) on February 24, 2023. All above-named Defendants except Caldwell participated in the conference through counsel, with Caldwell participating *pro se*. Plaintiffs mailed Caldwell a copy of the initial draft of this Joint Notice by certified mail on March 3, 2023, and it was delivered on March 7. As of 5:00 p.m. on March 10, Plaintiffs had not received any comments from Caldwell. Counsel for Defendant Mele did not participate in the conference but subsequently provided comments on and approved this Joint Report. Defendants Enrique Tarrio, Joe Biggs, Ethan Nordean, Felipe Antonio Martinez, Derek Kinnison, Alan Hostetter, and Erik Scott Warner did not participate in the conference or the drafting of this Joint Report.

I.       **Brief Statement of the Case**

Plaintiffs filed the Complaint in this case on August 26, 2021, and the Amended Complaint on December 3, 2021.  ECF Nos. 1, 89.  Plaintiffs brought claims against all Defendants[2] (1) under 42 U.S.C. § 1985(1), which prohibits conspiracies "to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be per-formed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties"; (2) under 42 U.S.C. § 1986, which provides that "[e]very person who, having knowledge that any of the wrongs con-spired to be done, and mentioned in [42 U.S.C. § 1985], are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented"; (3) under the D.C. Bias-Related Crimes Act, D.C. Code § 22-3704(a), which provides a civil cause of action for "any person who incurs injury to his or her person or property as a result of an intentional act that demonstrates an accused's prejudice based on the actual or perceived … political affiliation of a victim" of a criminal act by the accused; (4) for battery; (5) for assault; and (6) for negligence.  *See* ECF No. 89 at 66–78.

---

[2] The term "Defendants," as used herein, refers to all Defendants in this action, regardless of whether they participated in the conference or have appeared in the case.

Defendants Joseph Biggs, Enrique Tarrio, Russell Taylor, Thomas E. Caldwell,[3] Alan Hostetter and Zachary Rehl[4] each filed an Answer to the Amended Complaint.  *See* ECF Nos. 99, 101, 104, 109, 114, 133.  Defendants Donald J. Trump, Donald J. Trump For President, Inc., Make America Great Again PAC, Ali Alexander, Brandon J. Straka, Roger J. Stone Jr., Ethan Nordean, Zachary Rehl, Thomas E. Caldwell, Kelly Meggs, Felipe Antonio Martinez, Derek Kinnison, and Ronald Mele moved to dismiss the Amended Complaint.  *See* ECF Nos. 95, 96, 97, 98, 102, 103,[5] 110, 115, 117, 120.  Defendant Erik Scott Warner did not file a responsive pleading.[6]  Defendants Stop the Steal, L.L.C., Proud Boys, Proud Boys International, L.L.C., Charles Donohoe, Dominic J. Pezzola, Oath Keepers, Stewart Rhodes, and Jessica Watkins have not appeared in this case.

Defendants Straka, Meggs, Biggs, Tarrio, Trump, Donald J. Trump For President, Inc., Make America Great Again PAC, Alexander, and Stone also moved to stay discovery against them pending their motions to dismiss.  *See* ECF Nos. 149, 150, 151, 152, 154, 170, 171, 174.

On January 26, 2023, the Court ruled on the various motions to dismiss.  ECF No. 179. The motions to dismiss as to the 42 U.S.C. §1985(1) claim failed except as to Defendant Straka, and the motions to dismiss as to the common-law claims for battery and assault failed except against Defendant Donald J. Trump For President, Inc.  *Id.* at 22.  The claims under 42 U.S.C.

---

[3] Defendant Thomas E. Caldwell filed a single document with an Answer generally denying the allegations in the Amended Complaint and a Motion to Dismiss all claims in the Amended Complaint, in which he "join[ed] all previously filed motions to dismiss filed by co-defendants … and request[ed] that the arguments set forth by his co-defendants be equally applied to his case." ECF Nos. 114 & 115.

[4] Defendant Zachary Rehl filed both an Answer and a Motion to Dismiss.  ECF Nos. 102 & 109.

[5] Defendants Donald J. Trump, Donald J. Trump For President, Inc., and Make America Great Again PAC filed a single Motion to Dismiss.  ECF No. 103.

[6] Defendant Warner instead filed a letter to the Court dated October 4, 2021 stating: "I, Erik Scot Warner, am not guilty of these charges."  ECF No. 71.

§ 1986, under the D.C. Bias-Related Crimes Act, for negligence, and for injunctive relief were dismissed as to all moving Defendants. *Id.* at 22. All claims against Defendants Roger J. Stone and Ali Alexander were dismissed. *Id.*

Also on January 26, 2023, the Court ruled on the pending stay motions. ECF No. 180. The Court denied as moot the motions by Defendants Straka, Meggs, Biggs, Tarrio, Alexander, and Stone. *Id.* at 1. The Court granted the motion by Defendant Trump, holding that discovery should not commence against him until his claim of absolute immunity is resolved on appeal. *Id.* at 1–2. And the Court denied the motions by Donald J. Trump For President, Inc. and Make America Great Again PAC. *Id.* at 2. The Court ordered all remaining Defendants, except Defendant Trump, to move forward with the case and file any outstanding answers by February 9, 2023. *See* Jan. 26, 2023 Minute Order.

Defendant Rehl moved for summary judgement on February 8, 2023. ECF No. 184. Plaintiffs' response is due by March 15, 2023. *See* Feb. 16, 2023 Minute Order. Defendants Donald J. Trump For President. Inc. and Make America Great Again PAC filed their answer on February 9, 2023. Defendant Straka filed his answer on February 23, 2023. ECF No. 193. Defendant Meggs filed her answer on February 23, 2023. ECF No. 194.

On February 28, 2023, the Court granted Defendant Nordean's unopposed motion to stay the case against him until the termination of his ongoing criminal trial. *See* Feb. 28, 2023 Minute Order. Pursuant to that order, the Parties will file a Joint Status Report within ten days of the verdict in his criminal case and recommend a schedule for further proceedings. *See id.*

On March 3, 2023, the Court granted the unopposed motion for extension of time for Defendants Martinez and Kinnison to file their answers on or before March 7, 2023. *See* Mar. 3,

2023 Minute Order.  Defendants Martinez and Kinnison filed their answers on March 9, 2023.
ECF Nos. 198, 199.

Defendants Mele and Warner have appeared in the case but have neither answered the
Amended Complaint nor sought an extension of time or a stay.  On March 9, 2023, Defendant
Mele requested that Plaintiffs consent to an unspecified extension of time for Mele to answer the
Amended Complaint.  Plaintiffs will not oppose such an extension until March 16, 2023.

Defendant Straka provides the following statement of the case as to him: Following the
Court's opinion and order on his motion to dismiss (ECF No. 179), Mr. Straka is left to contend
strictly with paragraph 24, sentence 2 and paragraph 127, sentence 3 of the Plaintiff's Amended
Complaint. ECF No. 89 at 11, 50. Mr. Straka did not "breach[] police barricades on the United
States Capitol grounds" or "participate[] in [an] [a]ttack" or "yell[] encouragement to . . . attackers
to breach the Capitol" or "direct[]" anyone "to take a protective shield from the hands of a Capitol
Police officer[.]" *Id*. These things simply did not occur, and even if they had they did not actually
or proximately cause the Plaintiffs' alleged injuries. The claims fail as a matter of fact and law,
and if they do not they are unconstitutional as applied. Mr. Straka will produce the video giving
rise to this lawsuit with his initial disclosures, and the remaining claims against him should be
referred to alternative dispute resolution prior to additional discovery. Alternatively, the Court
should preemptively narrow discovery to prevent the shotgun approach Plaintiffs' counsel will
inflict against Mr. Straka in this matter.

## II.    Discovery Plan

The Court has ordered that discovery may begin against all Defendants except for Defend-
ant Trump, for whom discovery is stayed pending the resolution of his absolute immunity claim,
which is currently on appeal before the D.C. Circuit, *see Smith v. Trump*, No. 23-7010, and De-
fendant Nordean, for whom discovery is stayed pending the resolution of his criminal trial, *see*

ECF No. 180; Feb. 28, 2023 Minute Order. The Court has further ordered all Defendants against whom claims remain, except Defendants Trump and Nordean, to answer the Amended Complaint by February 9, 2023, if they had not done so already.  *See* Jan. 26, 2023 Minute Order; Feb. 28, 2023 Minute Order.

During their February 24, 2023 case management conference, the parties reached a consensus on most issues, but their differences in views on certain points are reflected below.

Plaintiffs propose the following discovery schedule:

- Initial Disclosures Deadline: March 17, 2023, *infra* § III.7

- Substantial Completion of Document Production: November 30, 2023, *infra* § III.8

- Fact Discovery Closes: March 29, 2024, *id.*

- Expert Discovery Closes: July 31, 2024, *id.*

As indicated *infra* § III.6, Defendants Donald J. Trump For President, Inc. and Make America Great Again PAC have taken differing positions on the timing for summary-judgment briefing, the resolution of which may affect the discovery plan.

Regardless of the schedule adopted by the Court, the Parties acknowledge that external circumstances, such as the incarceration of several Defendants, may affect the Parties' abilities to meet deadlines.  The Parties will work to resolve any timing issues that may arise because of these extrinsic circumstances.

## III.    LCvR 16.3(c) Matters

The Parties submit the following statement of agreements, or description of their positions on any matters as to which they disagree, with respect to the 16 matters set forth in LCvR 16.3(c).

1.    **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

The motions to dismiss were resolved on January 26, 2023, and the Court ordered all remaining Defendants, except Defendant Trump, to answer the Amended Complaint by February 9, 2023.  The Court granted Defendant Straka's unopposed motion for extension of time to file his answer on or before Feb. 23, 2023.  *See* Feb. 9, 2023 Minute Order.  The Court granted Defendant Meggs' unopposed motion for extension of time to file her answer on or before Feb. 23, 2023.  *See* Feb. 13, 2023 Minute Order.  The Court granted the unopposed motion for extension of time for Defendants Martinez and Kinnison to file their answers on or before March 7, 2023. *See* Mar. 3, 2023 Minute Order.

Defendants Donald J. Trump for President, Inc. and Make America Great Again PAC believe that the remaining claims against them will be resolved in their favor at summary judgment because the campaign had nothing to do with any of the demonstrations or subsequent events that occurred at the Capitol on January 6, 2021.

Defendant Straka states that if the claims against him (aiding and abetting assault and battery) reach summary judgment that they will be disposed of in his favor.

The Parties address summary judgement *infra* § III.6.

2.    **The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

Plaintiffs' position is that the deadlines for joinder and amendment should be set for one month after the close of fact discovery.  According to Plaintiffs' proposed schedule, the deadline for joinder and amendment would be April 29, 2024.

Plaintiffs believe it is premature at this early stage of discovery for the parties to agree upon or narrow some or all of the factual or legal issues remaining in this case.  Defendant Straka states: Having filed their amended complaint, particularly paragraph 24, sentence 2 and paragraph 127, sentence 3, this seems, at best, a dubious view.

3.  **Whether the case should be assigned a magistrate judge for all purposes, including trial.**

The Parties agree that a magistrate judge should not be assigned for all purposes, including trial.

4.  **Whether there is a realistic possibility of settling the case.**

The Parties discussed the possibility of settling the case.

Plaintiffs' position is that there is not a realistic possibility of settling the case among all Parties at this time, but they are open to settlement proposals from Defendants.  Plaintiffs are currently engaging in settlement discussions with certain Defendants, including Defendant Straka, who states that he has made efforts to resolve the case against him.

Defendants Donald J. Trump for President, Inc. and Make America Great Again PAC take the position that settlement is not a realistic possibility because the campaign had nothing to do with any of the demonstrations or subsequent events that occurred on January 6, 2021.

Defendants Tarrio and Biggs have taken the position that if settlement discussions commence, some form of mediation may be beneficial.[7]

---

[7] References to the positions of Defendants Tarrio, Biggs, Nordean, Martinez, and Kinnison, who did not attend the February 24, 2023 case management conference, come from their respective positions at the prior conference held on August 8, 2022.  *See* ECF No. 163 (Aug. 22, 2022 report).

**5.     Whether the case could benefit from the Court's alternative dispute resolution ("ADR") procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

Plaintiffs' position is that ADR would be premature at this point.

Defendant Taylor's position is that ADR may be beneficial as to him alone.

Defendant Straka states that the remaining claims of aiding and abetting assault and battery against him would benefit from ADR.  With his initial disclosures, Mr. Straka will produce the video that is the sole basis for Plaintiffs' claims.  Mr. Straka's counsel has noted to Plaintiffs' counsel that he will ask the Court for this referral in the event settlement negotiations are not fruitful.  Mr. Straka further states that settlement negotiations have not been fruitful.  Mr. Straka further states that settlement talks have already occurred, resulting in no meaningful negotiation or commitments from Plaintiffs and instead demands beyond what the Plaintiffs could acquire in discovery or via a successful verdict in this matter.  Mr. Straka further states that he will produce two video files with his 12(a) disclosures and that is nothing more for Plaintiffs to acquire that would be relevant and not exceed proportionality under Rule 26.  Mr. Straka further states that he believes ADR should take place prior to discovery beyond initial disclosures, that a neutral evaluation of the case would focus discovery, enlighten the Plaintiffs of the lack of merit to their remaining claims (aiding and abetting assault and battery) against Mr. Straka and provide a meaningful assessment of damages and potential settlement value of the case, and that the court should order ADR as described above and stay further discovery against him during that process.

Plaintiffs state that, following the Court's decision on Defendant Straka's motion to dismiss, ECF No. 179, the Court denied as moot Defendant Straka's prior motion to stay discovery and ruled that "[d]iscovery … may commence" against Straka and all other remaining Defendants except Defendant Trump, ECF No. 180, at 2.

Defendants Tarrio and Biggs have taken the position that if settlement discussions commence, some form of mediation may be beneficial.

6.    **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross motions, oppositions, and replies; and proposed dates for a decision on the motions.**

All motions to dismiss have been decided.  ECF No. 179.

Plaintiffs' position is that it is premature to assess whether this case, or any portion thereof, can be resolved by summary judgment but reserve their right to file any such motion.  Plaintiffs' proposed deadlines for summary judgment briefing are as follows:

- Dispositive Motion Deadline:  August 30, 2024

- Deadline to File Oppositions:  September 30, 2024

- Deadline to File Replies:  October 30, 2024

- Proposed Date for Decision on Dispositive Motions:  TBD

Except as indicated below, the Participating Defendants agree with this timeline.  All Participating Defendants acknowledge that these dates may shift depending on adjustments to the discovery schedule.  *See supra* § II.

Defendants Donald J. Trump For President, Inc. and Make America Great Again PAC, joined by Defendant Rehl, proposed moving up the deadlines by 60 days to minimize the potential for external factors to impact this case and its briefing, such as the 2024 presidential election, and that such a schedule allows for full discovery and litigation, without prejudice to any party.  Although Plaintiffs agree that external factors may affect the management of this case, Plaintiffs and other Participating Defendants do not agree that the case schedule should be modified based on the 2024 presidential election, and they state that the extra time is required due to the complexity of the case and potential issues with witness availability.

Defendant Straka takes the position that, because the federal claims against him were dismissed, he may be inclined to move for summary judgement more quickly than other Defendants.

Defendant Rehl filed a motion for summary judgement on February 8, 2023. ECF No. 184. Plaintiffs' response is due by March 15, 2023. *See* Feb. 16, 2023 Minute Order.

7.     **Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form, or timing of those disclosures?**

Plaintiffs do not agree to dispense with the initial disclosures required by FRCP 26(a)(1), and Plaintiffs do not agree to any changes in the scope or form of those initial disclosures. Plaintiffs propose that initial disclosures be exchanged by March 17, 2023, which is 21 days after the court-mandated conference held on February 24, 2023.

Defendant Mele proposes that initial disclosures be exchanged by May 10, 2023.

Defendants Taylor, Tarrio, Biggs, Kinnison, and Martinez have taken the position that the parties should dispense with initial disclosures because making initial disclosures to Plaintiffs in this action would prejudice their pending criminal trials and constitute an undue burden.

8.     **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery, whether a protective order is appropriate, and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

Plaintiffs anticipate that discovery will be extensive, including document discovery, depositions, third-party discovery, and expert discovery. Plaintiffs do not propose any limits to discovery at this point but reserve their right to move for any such limits as necessary or appropriate. Plaintiffs' proposed date for substantial completion of document production is November 30, 2023; for the close of fact discovery is March 29, 2024; and for the close of expert discovery is July 31, 2024 (19 months total). Plaintiffs and the Participating Defendants understand that the Parties' ability to conduct discovery may be affected by external circumstances beyond their

control, including the incarceration of certain Defendants.  Plaintiffs and the Participating Defend-
ants agreed to meet and confer regarding discovery deadlines in light of any such challenges that
arise.

Plaintiffs and Participating Defendants anticipate they will likely seek to take more than
the presumptive limit of 10 depositions and 25 written interrogatories set by FRCP 30(a)(2)(i) and
FRCP 33(a)(1), respectively, considering the high number of named parties and third parties in-
volved in this case.  Plaintiffs propose that each side—Plaintiffs collectively and Defendants col-
lectively—be allowed up to 50 depositions, reserving the right to request additional depositions if
circumstances warrant doing so.  Because the Defendants are not represented collectively or under
any joint defense agreement, Defendants Donald J. Trump For President, Inc. and Make America
Great Again PAC propose that Plaintiffs collectively, and each Defendant or set of Defendants
represented by the same counsel, be allowed up to 50 depositions, reserving the right to request
additional depositions if circumstances warrant doing so.  The Parties reserve the right to object to
further expansions of depositions or interrogatories.

Plaintiffs and Participating Defendants believe that a protective order would be appropriate
and are in the process of negotiating one; the parties can handle any issues related to ongoing
criminal proceedings as necessary throughout the discovery process.

Defendant Straka states that if the remaining claims against him (aiding and abetting assault
and battery) enter discovery it should take two months to complete discovery, and Plaintiffs should
be limited to 25 interrogatories total served to Mr. Straka.  Plaintiffs state that the remaining claims
against Defendant Straka and all other remaining Defendants, except President Trump, have en-
tered discovery pursuant to the Court's order.  ECF No. 180, at 2.

9.      **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

Plaintiffs have significant concerns about the preservation of evidence relevant to the January 6 Attack.

Plaintiffs, and Defendants Tarrio, Biggs, Taylor, Martinez, and Kinnison have agreed to preserve potentially discoverable evidence.

Each party will produce any electronically stored information consistent with FRCP 34 and any other applicable rules.  Plaintiffs will also propose a protocol to govern the production of electronically stored information (an "ESI protocol").

Defendant Straka states that he will produce the relevant video files in his custody or control in an appropriate format with his Rule 26(a) initial disclosures.  Mr. Straka further states that he should not be subjected to an ESI protocol or other requirements to re-produce these documents. See Fed. R. Civ. P. 26(b).

10.     **Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Fed. R. Evid. 502.**

Defendants are currently drafting a proposed protective order to be negotiated with Plaintiffs, which will address attorney-client and Fifth Amendment privilege claims, work-product protection, and any purported issues related to the Government's possession of relevant information after the Court approves a discovery order.  The Parties will seek Court approval of that protective order or bring any related disputes to the Court for resolution.

**11.     Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

Plaintiffs' position is that the requirements of FRCP 26(a)(2) should not be modified at this time, except for the default timing provisions of FRCP 26(a)(2)(D).  The parties can negotiate an appropriate time to exchange expert disclosures and reports much earlier than 90 days before trial. Plaintiffs propose that expert depositions occur between June 1, 2024, and July 31, 2024, unless otherwise agreed by the Parties.

**12.     In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing therefore, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

N/A.

**13.     Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

Plaintiffs' position is that it is premature to discuss bifurcation at this time, but reserve the right to request that the Court bifurcate or phase trial or discovery as appropriate or necessary.

Defendant Taylor is willing to discuss bifurcation.

**14.     The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

Plaintiffs propose that the Court schedule the pretrial conference for January 30, 2025.

**15.     Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

Plaintiffs' position is that the Court should set a firm trial date at the first scheduling conference so the parties, including any Defendants proceeding *pro se*, may plan and prepare accordingly.

**16.     Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

Plaintiffs served their first sets of requests for production of documents ("Plaintiffs' First RFPs") on Defendants Donald J. Trump For President, Inc., Make America Great Again PAC, Straka, Meggs, and Caldwell on December 1, 2022.  On February 3, 2023, Plaintiffs met and conferred with Defendants Donald J. Trump For President, Inc., Make America Great Again PAC, and agreed to deem the First RFPs as served on January 27, 2023.

Defendants Donald J. Trump for President, Inc. and Make America Great Again PAC defer to Rule 26(d) which deems early requests for production of documents to be served on the date of the Rule 26(f) conference, which occurred on February 24, 2023, and that timely responses are forthcoming.

Defendant Caldwell responded to Plaintiffs' First RFPs on January 30, 2023.  As of March 9, 2023, Defendants Donald J. Trump For President, Inc., Make America Great Again PAC, Straka, and Meggs have not responded to or sought a protective order concerning Plaintiffs' First RFPs.

Defendant Straka states that Plaintiffs' counsel has suggested that when discovery begins he is obligated to respond to more than 60 document requests (including sub-parts) that they served in early December of 2022, prior to the Court's ruling on his motion to dismiss.  That is, though the conspiracy claims have been dismissed against Mr. Straka and all that remains are aiding and abetting assault and battery claims based on allegations in paragraph 24, sentence 2 and paragraph 127, sentence 3 of the Amended Complaint, the Plaintiffs still believe it is appropriate to demand objections and responses to requests that begin with "All Documents and Communications regarding January 6, 2021" and continue with myriad requests relating to conspiracy.  If discovery is to

proceed against Mr. Straka, the Court should order the Plaintiffs to re-assess those document re-quests in light of the Court's ruling on Mr. Straka's motion to dismiss and serve those instead.

**IV.    LCvR 16.3(d) Certification**

This Joint Report is respectfully submitted by Plaintiffs Conrad Smith, Danny McElroy, Byron Evans, Governor Latson, Melissa Marshall, Michael Fortune, Jason DeRoche, and Reginald Cleveland and Participating Defendants Donald J. Trump For President, Inc., Make America Great Again PAC, Russell Taylor, Brandon Straka, Kelly Meggs, Zachary Rehl, and Ronald Mele.

Plaintiffs certify per D.D.C. Local Civil Rule 16.3(d) that they made reasonable efforts to secure all Defendants' participation in the Joint Report and believe this report accurately reflects their positions as articulated in the conference.

Dated:   March 10, 2023                    Respectfully submitted,

By:    */s/      Faith E. Gay*
                   Faith E. Gay, *pro hac vice*
                   Joshua S. Margolin, *pro hac vice*
                   Claire O'Brien, *pro hac vice*
                   SELENDY GAY ELSBERG PLLC
                   1290 Avenue of the Americas
                   New York, NY  10104
                   Tel: 212-390-9000
                   fgay@selendygay.com
                   jmargolin@selendygay.com
                   cobrien@selendygay.com

                   */s/    Edward G. Caspar*
                   Jon Greenbaum, D.C. Bar No. 489887
                   Edward G. Caspar, D.C. Bar No. 1644168
                   David Brody, D.C. Bar No. 1021476
                   Arusha Gordon, D.C. Bar No. 1035129
                   Marc P. Epstein, *pro hac vice*
                   LAWYERS' COMMITTEE FOR
                   CIVIL RIGHTS UNDER LAW
                   1500 K Street N.W., Suite 900
                   Washington, DC  20005
                   Tel: 202-662-8390
                   jgreenbaum@lawyerscommittee.org
                   ecaspar@lawyerscommittee.com
                   dbrody@lawyerscommittee.org
                   agordon@lawyerscommittee.org
                   mepstein@lawyerscommittee.org

                   *Attorneys for Plaintiffs Conrad Smith, et al.*

By:    */s/      Jason Caldwell Greaves*
                   Jesse R. Binnall
                   Jason Caldwell Greaves
                   BINNALL LAW GROUP
                   717 King Street Suite 200
                   Alexandria, VA 22314
                   Tel: 703-888-1943
                   jesse@binnall.com
                   jason@binnall.com

                   *Attorney for Defendants Donald J. Trump For*
                   *President, Inc. and Make America Great Again PAC*

By:      _/s/_      _Dyke Huish_____
Dyke Huish
Law Office of Dyke Huish
26161 Marguerite Parkway, Suite B
Mission Viejo, CA 92692
949-257-3068
huishlaw@mac.com

*Attorney for Defendant Russell Taylor*

By:      _/s/_      _Stephen R. Klein_____
Stephen R. Klein
Benjamin Barr
BARR & KLEIN PLLC
1629 K Street NW Suite 300
Washington, DC 20006
Tel: 202-804-6676
steve@barrklein.com
ben@barrklein.com

*Attorney for Defendant Brandon Straka*

By:      _/s/_      _Juli Zsuzsa Haller_____
Juli Zsuzsa Haller
LAW OFFICES OF JULIA HALLER
601 Pennsylvania Avenue, NW
Suite 900 S. Building
Washington, DC 20036
Tel: 202-352-2615
hallerjulia@outlook.com

*Attorney for Defendant Kelly Meggs*

By:      _/s/_      _Patrick Trainor_____
Patrick Trainor
LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC
19 Union Avenue, Suite 201
Rutherford, NJ 07070
Tel: 201-777-3327
pt@ptesq.com

*Attorney for Defendant Zachary Rehl*

18

By:     */s/*     *Steven C. Bailey*
              Steven C. Bailey
              BAILEY & ROMERO LAW
              680 Placerville Drive, Suite A1
              Placerville, CA 95667
              Tel: 530-212-3407
              steven@stevencbailey.org

              *Attorney for Defendant Ronald Mele*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on March 10, 2023, I served a copy of the foregoing filing on all parties of record by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice to all attorneys of record. Plaintiffs are serving the remaining Defendants via first class mail or other permitted means.

Dated: March 10, 2023                                          */s/ Edward G. Caspar*

                                                                      Edward G. Caspar