

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CONRAD SMITH, *et al.*,

Plaintiffs,

v.

DONALD J. TRUMP, *et al.*,

Defendants.

Civil Action No. 1:21-CV-02265-APM

**DECLARATION OF EDWARD G. CASPAR
IN SUPPORT OF PLAINTIFFS' OPPOSITION TO
<u>DEFENDANT ZACHARY REHL'S MOTION FOR SUMMARY JUDGMENT</u>**

I, Edward G. Caspar, hereby declare as follows:

1.       I am over the age of eighteen years, and I am competent to testify as to the matters asserted herein.

2.       I am an attorney licensed in the District of Columbia and serve as Deputy Chief Counsel for the Lawyers' Committee for Civil Rights Under Law.  I am one of the attorneys representing Capitol Police Officer Plaintiffs Conrad Smith, Danny McElroy, Bryon Evans, Governor Latson, Melissa Marshall, Michael Fortune, Jason DeRoche, and Reginald Cleveland ("Plaintiffs") in the above-captioned litigation.  The statements contained in this Declaration are based on my first-hand knowledge of and involvement in this case.

3.       This case is in its early stages.  On February 26, 2023, the Court denied Rehl's motion to dismiss as to three of the claims pending against him: Count I (42 U.S.C. § 1985(1)), Count IV (battery), and Count V (assault). Order, ECF No. 179.  The parties completed their Rule 26(f) conference on February 24, 2023, and the parties have yet to serve Initial Disclosures.

4.      I submit this Declaration in support of Plaintiffs' opposition to Defendant Zachary

Rehl's Motion for Summary Judgment, filed February 8, 2023. Rehl Mot., ECF No. 184 ("Rehl's

Motion").  The sole basis of Rehl's Motion is his argument that the state common law doctrine

known as the Professional Rescuer Doctrine bars Plaintiffs from recovering for any on-the-job

injuries.  As set forth above, Plaintiffs have not had an opportunity to conduct any discovery, much

less discovery on the particular factual issues raised in Rehl's Motion.

5.      Without the benefit of discovery, Plaintiffs cannot fully respond to Rehl's Motion.

However, even at this early stage, and without the benefit of any discovery in hand, there are

certain subjects for discovery that Plaintiffs anticipate will yield evidence relevant to Rehl's

Motion and establish that the Professional Rescuer Doctrine does not apply in this case.  Those

areas include, at a minimum:

    i.      Facts concerning the nature, causes, and extent of the January 6, 2021 mass attack on the Capitol caused by Rehl and his co-defendants, and the risks posed to Plaintiffs;

    ii.     Facts concerning the nature of previous mass attacks on the Capitol, if any;

    iii.    Details regarding the training provided by the Capitol Police to each of Plaintiffs, including the specific nature of the training scenarios presented, materials presented, and any supplemental or additional training received by Plaintiffs;

    iv.     Information on the job duties and professional expectations for Capitol Police officers, including job postings, position descriptions, and other related documents;

    v.      Information communicated by Capitol Police leaders to U.S. Capitol Police officers concerning expectations for risks to be faced by U.S. Capitol Police officers on January 6, 2021;

    vi.     Information on any preparations undertaken by Capitol Police in anticipation of events on January 6, 2021;

    vii.    Reports, summaries, and data maintained by the Capitol Police regarding incidents at the Capitol prior to January 6, 2021;

viii. Reports, summaries, and data maintained by the Capitol Police regarding incidents at the Capitol prior to January 6, 2021, that involved large numbers of people and the nature of their activities;

ix. Facts relating to the size of the Capitol Police force, its capacity, available equipment, and logistics;

x. Facts relating to Defendants' planning of the January 6 Attack;

xi. Facts relating to Defendants' execution of the January 6 Attack;

xii. Facts relating to the weapons brought to the Capitol and used during the January 6 Attack;

xiii. Facts relating to the incitement, direction, or coordination of the January 6 Attack by the President and other persons associated with the outgoing administration, and efforts to conceal or obfuscate facts concerning the January 6 Attack;

xiv. Facts related to the Capitol Police command structure and its interaction with the Executive Branch; and

xv. Facts relating to the role of the National Guard or other U.S. Military forces in responding to the January 6 Attack.

6.    Plaintiffs anticipate that this evidence will support their opposition to the Rehl Motion by addressing, among other subjects, the following: (i) whether Plaintiffs anticipated and assumed the risk of a massive violent attack against them on January 6, 2021, including whether the risks associated with such a violent, mass attack were inherent in Plaintiffs' profession; (ii) whether Rehl and others committed the intentional torts and participated in the conspiracy as alleged in the Amended Complaint; and (iii) the degree to which the January 6 Attack was encouraged, supported, or coordinated by the highest members of the United States Government (*i.e.,* the President of the United States and others acting at his direction).

7.    Based upon my personal interactions with Plaintiffs Governor Latson and Melissa Marshall, my understanding is that neither Mr. Latson nor Ms. Marshall is currently serving as a Capitol Police officer.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on March 15, 2023.

_____
Edward G. Caspar