IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CONRAD SMITH,                                     CASE NO.: 1:21-CV-02265-APM
et al.,

     Plaintiffs,

v.

DONALD J. TRUMP,
et al.,

     Defendants.

_____/

**DEFENDANT BRANDON J. STRAKA'S SPECIAL MOTION TO DISMISS**
**UNDER 28 U.S.C. § 1367**

     Defendant Brandon J. Straka moves that the Court dismiss the Plaintiffs' remaining counts

against him—aiding and abetting assault and aiding and abetting battery—under 28 U.S.C. § 1367.

*See* ECF No.179 at 22. This Court's original jurisdiction is under a federal question, that is,

Plaintiffs' claims pursuant to the federal Civil Rights Act. *See* 28 U.S.C. § 1331. This provided

supplemental jurisdiction over the Plaintiffs' D.C. common law claims. 28 U.S.C. § 1367(a); *see*

ECF No. 89 at 15 (Amended Compl. ¶47).[1] Following the filing of Plaintiffs' Amended Complaint,

Mr. Straka filed a motion to dismiss all of Plaintiffs' claims for failure to state a claim and the

Court dismissed all Civil Rights Act claims against him with prejudice. ECF No. 179 at 22. The

Court should now rule it does not have supplemental jurisdiction or, if so, decline to continue to

exercise supplemental jurisdiction over the Plaintiffs' remaining claims against Mr. Straka and

dismiss them without prejudice. The Court should do so because the remaining claims do not arise

out of a common nucleus of operative fact with the federal claim, they wholly predominate over

---

[1] The Plaintiffs have not asserted, and cannot establish, diversity jurisdiction owing to incomplete
diversity between the Plaintiffs and Defendants. 28 U.S.C. § 1332; *see* ECF No. 89 at 9 (¶13), 10
(¶¶18, 21) (Plaintiffs Evans and Cleveland are Virginia residents, and Defendant Make America
Great Again PAC is based in Virginia).

the claims under the federal Civil Rights Act that were dismissed as to Mr. Straka, and because there are other compelling reasons, particularly fairness to Mr. Straka.

"Before exercising supplemental jurisdiction, the Court must first decide whether [Plaintiffs] federal and state law claims 'derive from a common nucleus of operative fact' so that the entire action before the Court is one constitutional case." *Burney v. Suggs*, No. 1:21-CV-01087-TNM, 2022 WL 4355279, at *8 (D.D.C. Sept. 20, 2022) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–65 (1997)). If so, this Court may still, in its discretion, decline supplemental jurisdiction:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>      * * * *
>      (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>      (3) the district court has dismissed all claims over which it has original jurisdiction, or
>      (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). This Court has recently exercised this authority following motions to dismiss and summary judgment. *See, e.g.*, *Asinor v. D.C.*, No. 21-CV-02158 (APM), 2022 WL 3715777, at *2 (D.D.C. Aug. 29, 2022) (declining to exercise supplemental jurisdiction over common law assault and battery claims at motion to dismiss); *Burney*, 2022 WL 4355279, at *8 (exercising supplemental jurisdiction over common law assault and battery claims at summary judgment). In exercising discretion under section 1367(c), courts consider "judicial economy, convenience and fairness to litigants." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). These factors favor dismissal here.

I.      **The Plaintiffs' Remaining Claims Against Mr. Straka Do Not Arise from a Common Nucleus of Operative Fact (28 U.S.C. § 1367(a))**

Following the Court's dismissal ruling, Mr. Straka is left to contend strictly with paragraph 24, sentence 2 and paragraph 127, sentence 3 of the Plaintiff's Amended Complaint. ECF No. 89 at 11, 50. At the Capitol on January 6, 2021, the Plaintiffs allege Mr. Straka "breached police barricades", "participated in the Attack, yelled encouragement to the other attackers to breach the Capitol, and directed his fellow attackers to take a protective shield from the hands of a Capitol Police officer[.]" ECF No. 89 at 11, 50. These are wholesale misrepresentations—indeed, fabrications—of Mr. Straka's activities that day. But, even with the Court accepting these as true, the Plaintiffs' claims against Mr. Straka are distinct from their claims against the other Defendants, and the Court should find it no longer has supplemental jurisdiction. 28 U.S.C. § 1367(a).

The lack of a common nucleus of operative fact is apparent in the Court's ruling dismissing the Civil Rights Act conspiracy:

> Unlike other Defendants, Plaintiffs do not allege that Straka planned and prepared with others to come to Washington, D.C., on January 6th. And, although Plaintiffs allege that Straka encouraged unidentified individuals to attack the Capitol building, id. ¶ 127, *they do not contend that he engaged in those acts as part of any group or organized effort*. These allegations are not enough to plausibly plead Straka as a participant in a § 1985(1) conspiracy.

ECF No. 179 at 12-13 (emphasis added). The Plaintiffs claims against Mr. Straka thus do not involve any other Defendant or any factual or legal overlap with the alleged conspiracy. "[S]tate law claims do not derive from a common nucleus of operative facts if there is almost no factual or legal overlap between the state and federal claims." *See Chelsea Condo. Unit Owners Ass'n v. 1815 A St., Condo. Grp., LLC,* 468 F.Supp.2d 136, 141 (D.D.C.2007). The factual overlap between a Civil Rights Act conspiracy and the aiding and abetting claims is negligible. *Cf.* 42 U.S.C. § 1985(1) *with Kurd v. Republic of Turkey*, 374 F. Supp. 3d 37, 50 (D.D.C. 2019) (elements of aiding and abetting). There is certainly no legal overlap: by the Plaintiffs' own pleadings, Mr. Straka is

not part of a conspiracy, full stop. The Plaintiffs do not even claim Mr. Straka aided or abetted *any*

*other Defendant* or one of their groups: he is wholly removed from the conspiracy claim as a matter

of fact and law. *See also* ECF No. 179 at 18 ("Plaintiffs have not alleged that any individual

Defendant knew of or participated in the specific assault of any Plaintiff."). The Plaintiffs would

not "ordinarily be expected to try" the remaining claims and conspiracy "all in one judicial

proceeding." *United Mine Workers of Am.*, 383 U.S. at 725. The Court should find there is no

remaining basis to exercise supplemental jurisdiction over the aiding and abetting claims against

Mr. Straka under 28 U.S.C. § 1367(a).

## II.     The Claims of Aiding and Abetting Assault and Battery Against Mr. Straka Predominate Over the Civil Rights Act Claims, and the Court Has Dismissed the Civil Rights Act Claims Against Mr. Straka (28 U.S.C. § 1367(c)(2), (3))

If the Court finds a common nucleus of operative fact between the dismissed conspiracy

and the aiding and abetting claims against Mr. Straka, it should instead decline supplemental

jurisdiction against him under 28 U.S.C. § 1367(c)(2) and (3). The only remaining claims against

Mr. Straka are common law claims. ECF No.179 at 22. Thus, they predominate over the federal

questions against him. "[I]n the usual case in which all federal-law claims are eliminated before

trial, the balance of factors . . .  will point toward declining to exercise jurisdiction over the

remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see*

*also Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1267 (D.C. Cir.

1995). "[I]f it appears that the state issues substantially predominate, whether in terms of proof, of

the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims

may be dismissed without prejudice and left for resolution to state tribunals." *United Mine Workers*

*of Am.*, 383 U.S. at 726–27. As to judicial economy and convenience—including terms of proof

and the scope of issues in this matter—the precedent favors dismissal here. There is no remaining

federal claim against Mr. Straka. Practically speaking, it would be more appropriate for Mr. Straka

to directly litigate the remaining common law claims against him rather than navigate through what is predominantly a complex conspiracy case from which he's already been dismissed. Fairness will be discussed in the following section but is equally applicable to this analysis. For these reasons, the Court should dismiss the remaining claims against Mr. Straka without prejudice under 28 U.S.C. § 1368(c)(2) and (3).

### III.   There Are Exceptional Circumstances and Compelling Reasons for Declining Jurisdiction (28 U.S.C. § 1367(c)(4))

The Court may independently dismiss the remaining claims under 28 U.S.C. § 1367(c)(4). When the Court tersely dismissed the Plaintiffs' attempt to include Mr. Straka in the Plaintiffs' alleged conspiracy, it ruled that "Straka's alleged conspiratorial acts primarily involve *protected First Amendment activities*. Am. Compl. ¶ 72(a) (speaking to a rally in Detroit two months before January 6th); *id.* ¶ 108 (appearing at a rally on January 5th, although no words are attributed to him)." ECF No. 179 at 12 (emphasis added). The First Amendment concerns with this claim would be revived by keeping Mr. Straka in the suit. That is, to exercise supplemental jurisdiction over Mr. Straka via a claim dismissed on First Amendment grounds is to inflict a constitutional harm. It is prejudicial and constitutionally offensive to keep Mr. Straka in a comprehensive lawsuit based on Plaintiffs' unconstitutional allegation.

Keeping Mr. Straka in a conspiracy case is prejudicial in any event. The Plaintiffs may proceed with their civil rights conspiracy claim against numerous other defendants, some of whom are members of the Proud Boys and Oath Keepers. It is fundamentally unfair to include Mr. Straka in this high-profile conspiracy case, particularly given the recent criminal convictions of several Defendants for seditious conspiracy. *See U.S. v. Rhodes, et al.*, 22-CR-00015 (D. D.C. 2022). By the Plaintiffs' own allegations, Mr. Straka has no meaningful ties to any of the other Defendant,

and keeping in the suit serves as nothing more than a continual public tarring of Mr. Straka with guilt-by-association.

There is no judicial economy or convenience to be had—quite the opposite—by inflicting prolonged and litigious discovery relating to this conspiracy onto Mr. Straka. As noted in Mr. Straka's contributions to the Joint Case Management Report, his counsel believes the Plaintiffs' remaining claims against him could complete discovery in a matter of months. ECF No. 200 at 12. Instead, the other parties propose to settle in for more than a year. *Id.* at 6. Mr. Straka's counsel has little doubt that discovery will, in fact, last well into 2025. The Court should dismiss the remaining claims against Mr. Straka under 28 U.S.C. § 1367(c)(4).

## Conclusion

The Court should find there is no remaining supplemental jurisdiction against Mr. Straka under 28 U.S.C. § 1367(a). If established, the exercise of supplemental jurisdiction is a matter of a court's discretion. But having compellingly met three independent factors under 28 U.S.C. § 1367(c), the Plaintiffs' remaining common law claims against Mr. Straka's would be more appropriately litigated elsewhere. The Court should dismiss the Plaintiffs' remaining claims against Mr. Straka without prejudice.

Respectfully submitted,

Brandon J. Straka

By Counsel

/s/ Stephen Klein

Stephen R. Klein
Bar No. 177056
BARR & KLEIN PLLC
1629 K St. N.W. Ste. 300
Washington, DC 20006
Telephone: (202) 804-6676
steve@barrklein.com

Benjamin Barr
(Pro Hac Vice)
BARR & KLEIN PLLC
444 N. Michigan Avenue Ste. 1200
Chicago, IL 60611
Telephone: (202) 595-4671
ben@barrklein.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of March 2023, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing (NEF) to Plaintiffs' counsel and counsel for most Defendants.

I further certify that, pursuant to Federal Rule of Civil Procedure 5(b)(2)(C), counsel will endeavor to serve all other named Defendants a copy of this filing by first class mail.

<u>*/s/ Stephen Klein*</u>
Stephen R. Klein

*Counsel to Brandon J. Straka*