**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

CONRAD SMITH, *et al.*,

                    Plaintiffs,

     v.

DONALD J. TRUMP, *et al.*,

                    Defendants.

Civil Action No. 1:21-CV-02265-APM

---

PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION

TO DEFENDANT BRANDON J. STRAKA'S SPECIAL MOTION TO DISMISS

UNDER 28 U.S.C. § 1367

# TABLE OF CONTENTS

PROCEDURAL HISTORY AND BACKGROUND...................................................................... 1

LEGAL STANDARD................................................................................................................. 3

ARGUMENT ............................................................................................................................. 4

    I.     The Remaining State Law Claims Against Straka Arise from a Common Nucleus of Operative Fact with the Federal Claims Against Other Defendants................................ 4

    II.    No Exception to Supplemental Jurisdiction Applies ...................................................... 7

       a.    Federal Claims Remain in This Case and the State Law Claims Against Straka Do Not Predominate Over the Federal Claims Against Other Defendants ...................... 7

       b.    There Are No Compelling Reasons to Decline Supplemental Jurisdiction, and Doing So Would Prejudice Plaintiffs .................................................................................... 9

CONCLUSION......................................................................................................................... 12

# TABLE OF AUTHORITIES

## CASES

*Chelsea Condo. Unit Owners Ass'n v. 1815 A St., Condo. Grp., LLC*,
  468 F. Supp. 2d 136 (D.D.C. 2007) ........................................................5

*Chicago v. Int'l Coll. of Surgeons*,
  522 U.S. 156 (1997) ...............................................................................4

*Doe #1 v. Am. Fed'n of Gov't Emps.*,
  554 F. Supp. 3d 75 (D.D.C. 2021) ......................................................8, 9

*Exec. Software N. Amer., Inc. v. U.S. Dist. Ct.*,
  24 F.3d 1545 (9th Cir. 1994) ...............................................................10

*Gudenkauf v. Stauffer Commc'ns, Inc.*,
  896 F. Supp. 1082 (D. Kan. 1995) .........................................................9

*Halberstam v. Welch*,
  705 F.2d 472 (D.C. Cir. 1983) ...........................................................3, 6

*Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*,
  551 F.3d 599 (7th Cir. 2008) .................................................................9

*Harris v. D.C. Water & Sewer Auth.*,
  172 F. Supp. 3d 253 (D.D.C. 2016) ....................................................10

*Hurd v. District of Columbia*,
  864 F.3d 671 (D.C. Cir. 2017) ...............................................................6

*Jones v. Changsila*,
  271 F. Supp. 3d 9 (D.D.C. 2017) ...........................................................5

*Konah v. District of Columbia*,
  815 F. Supp. 2d 61 (D.D.C. 2011) ......................................................10

*LaShawn A. v. Barry*,
  87 F.3d 1389 (D.C. Cir. 1996) ...............................................................5

* *Lieving v. Pleasant Valley Hosp., Inc.*,
  2014 WL 1513851 (S.D. W. Va. Apr. 11, 2014) ...........................8, 9, 11

* *Lindsay v. Gov't Emps. Ins. Co.*,
  448 F.3d 416 (D.C. Cir. 2006) ...........................................................4, 7

*McCoy v. Webster*,
    47 F.3d 404 (11th Cir.1995) ................................................................4

* *Peart v. Latham & Watkins LLP*,
    985 F. Supp. 2d 72 (D.D.C. 2013) ....................................................3, 5

*Prescott v. Indep. Life & Accident Ins. Co.*,
    878 F. Supp. 1545 (M.D. Ala. 1995) .................................................8, 9

*Shekoyan v. Sibley Int'l*,
    409 F.3d 414 (D.C. Cir. 2005) ...........................................................10

*Thompson v. Trump*,
    590 F. Supp. 3d 46 (D.D.C. 2022) ......................................................6

*United Mine Workers of Am. v. Gibbs*,
    383 U.S. 715 (1966) ...........................................................................5, 7

*White v. County of Newberry*,
    985 F.2d 168 (4th Cir. 1993) ..............................................................5

* *Wiggins v. Philip Morris, Inc.*,
    853 F. Supp. 458 (D.D.C. 1994) ........................................................8, 9

*Women Prisoners of D.C. Dep't of Corr. v. District of Columbia*,
    93 F.3d 910 (D.C. Cir. 1996) ...........................................................3, 10

Plaintiffs respectfully submit this response in opposition to Defendant Brandon Straka's Special Motion to Dismiss based on supplemental jurisdiction. *See* ECF No. 206 (the "Motion"). Supplemental jurisdiction is wholly appropriate here, as the claims against Straka are unquestionably part of the same "case or controversy" as the remaining federal claims against the Defendants named in the Amended Complaint, and none of the exceptions to supplemental jurisdiction apply. Straka's Motion misconstrues the applicable law by ignoring those other federal claims. It also misrepresents Straka's involvement in the January 6, 2021 attack on the Capitol (the "January 6 Attack") by downplaying his active participation in it and the harm he caused to Plaintiffs. To grant his motion would cause unnecessary hardship to Plaintiffs and disserve judicial economy by forcing Plaintiffs to litigate related claims in a separate case.

## PROCEDURAL HISTORY AND BACKGROUND

Plaintiffs filed this action to redress the violent assaults they suffered during the January 6 Attack and to hold Defendants responsible for causing those injuries. Plaintiffs brought claims against Straka under 42 U.S.C. §§ 1985(1) and 1986 (Counts I & II); D.C. Code § 22-3704(a) (Count III); common-law battery and assault (Counts IV & V); and negligence (Count VI). *See* ECF No. 89 (the "Amended Complaint"). The stated basis for jurisdiction is 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights conspiracy), with supplemental jurisdiction over District of Columbia claims "because they are so closely related to the federal claims as to form part of the same case or controversy." Am. Compl. ¶ 47.

As relevant to the assault and battery claims, Plaintiffs alleged that Straka "breached police barricades on the United States Capitol grounds on January 6," *id.* ¶ 24, and that he "participated in the Attack, yelled encouragement to the other attackers to breach the Capitol, and directed his fellow attackers to take a protective shield from the hands of a Capitol Police officer trying to protect himself and prevent the attackers from entering the Capitol." *Id.* ¶ 127. Notably, Straka

1

admitted to substantively identical facts in his criminal plea. *See United States v. Straka*, 21-cr-579, ECF No. 26 ¶ 9 (Oct. 6, 2021) ("Amongst other things, [Straka] engaged in disruptive conduct by participating, along with others, in yelling 'go, go, go' to encourage others to enter the U.S. Capitol while the U.S. Capitol Police were making their best efforts to prevent people from doing so. Straka also observed others yelling to take a U.S. Capitol Police Officer's shield. He recorded a video of what was happening, and in the video, he chimed in with the crowd, saying 'take it, 'take it.'").

Straka previously moved to dismiss all claims against him, but he did not raise any jurisdictional arguments against the assault and battery claims. *See* ECF No. 98. Straka conceded that the assault and battery claims "are perhaps the most direct claim[s] against [him] because they touch upon the circumstances that led to criminal charges against him, for which he pled guilty for disorderly conduct on the Capitol Grounds and will be sentenced." *Id.* at 21. Nevertheless, Straka maintained that Plaintiffs "fail[ed] to state a claim" for aiding and abetting liability. *Id.* at 21–24. In its Memorandum Opinion & Order of January 26, 2023, the Court granted Straka's motion as to Counts I–III and VI and denied Straka's motion as to Counts IV and V, permitting the assault and battery claims to proceed against him. *See* ECF No. 179. In ruling on those claims, the Court wrote:

> As for the individual movants, the court holds that Plaintiffs have made out a plausible claim of aiding-and-abetting liability. Plaintiffs have not alleged that any individual Defendant knew of or participated in the specific assault of any Plaintiff. The facts alleged, however, establish that these Defendants would have been aware that other rioters were assaulting law enforcement officers. They also establish that these Defendants provided substantial assistance to those who assaulted Plaintiffs by their actions at the Capitol on January 6th. . . . Straka is alleged to have yelled directions and encouragement to other rioters and directed others to take a protective shield from a Capitol Hill police officer. [Am. Compl.] ¶ 127. These Defendants were not "[m]ere[ly] presen[t]"; they

2

> plausibly provided substantial assistance to those who assaulted
> Plaintiffs by breaching security lines, encouraging others to storm
> the building, and organizing large groups of individuals to
> overwhelm law enforcement.

*Id.* at 18 (quoting *Halberstam v. Welch*, 705 F.2d 472, 481 (D.C. Cir. 1983)).

On March 22, 2023, Straka filed the instant Motion, asking the Court for the first time to decline to exercise supplemental jurisdiction over the assault and battery claims against him.

## LEGAL STANDARD

Under 28 U.S.C. § 1367(a), in civil actions where a district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy," unless an enumerated exception applies. State and federal claims "form part of the same case or controversy" under Section 1367(a) where the claims "arise from one 'common nucleus of operative fact.'" *Peart v. Latham & Watkins LLP*, 985 F. Supp. 2d 72, 80 (D.D.C. 2013); *see also id.* at 78 (quoting *Women Prisoners of D.C. Dep't of Corr. v. District of Columbia*, 93 F.3d 910, 920 (D.C. Cir. 1996)).

Section 1367(a) provides that supplemental jurisdiction may be inappropriate (i) if a federal statute expressly provides otherwise; (ii) as against certain parties, if original jurisdiction is founded solely on diversity of citizenship, as provided under Section 1367(b); or (iii) as provided under Section 1367(c). Only the third condition is relevant here. Section 1367(c) lists four exceptions where the district court may decline to exercise supplemental jurisdiction over the state law claim: "if—(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction,

3

or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). Section 1367(e) defines the term "State" to include the District of Columbia.

Where the conditions of Section 1367(a) are met, and where no enumerated exception applies, jurisdiction is "mandatory." *Lindsay v. Gov't Emps. Ins. Co.*, 448 F.3d 416, 421 (D.C. Cir. 2006). That is, "Section 1367(a) requires a court to exercise supplemental jurisdiction," unless the exceptions identified in Section 1367(a) apply. *Id.* (citing, *inter alia*, *McCoy v. Webster*, 47 F.3d 404, 406 n. 3 (11th Cir. 1995) ("Section 1367(a) *requires* the district court to exercise supplemental jurisdiction over claims which are closely related to claims over which the district court has original jurisdiction." (emphasis in *Lindsay*))).

## ARGUMENT

Supplemental jurisdiction is mandatory here because the conditions of Section 1367(a) are satisfied, and no exception applies. Specifically, the assault and battery claims against Straka and the remaining federal claims against other Defendants are part of a single "case or controversy," the state law claims against Straka do not "predominate over" the remaining federal claims, and there are no "exceptional circumstances and compelling reasons" that would justify dismissing the assault and battery claims against Straka.

**I.    The Remaining State Law Claims Against Straka Arise from a Common Nucleus of Operative Fact with the Federal Claims Against Other Defendants**

With respect to the state law claims against Straka, supplemental jurisdiction exists under 28 U.S.C. § 1367(a) because Plaintiffs' federal conspiracy claims and the assault and battery claims "'derive from a common nucleus of operative fact' such that 'the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional case.'" *Lindsay*, 448 F.3d at 424 (quoting *Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–65 (1997)) (innermost quotation marks omitted) (alteration in

4

*Lindsay*). Where state law claims "stem from the same events as the federal-law claims," courts find that they "arise from one 'common nucleus of operative fact.'" *Peart*, 985 F. Supp. 2d at 80.

All of Plaintiffs' claims share the "central fact pattern" of the January 6 Attack, which satisfies Section 1367(a). *White v. County of Newberry*, 985 F.2d 168, 172 (4th Cir. 1993) ("The claims need only revolve around a central fact pattern."); *cf. LaShawn A. v. Barry*, 87 F.3d 1389, 1396 (D.C. Cir. 1996) (pendent jurisdiction satisfied where the claims "all arise from a common set of facts"). The events of that day—which form the bulk of the Amended Complaint, *see* Am. Compl. ¶¶ 107–64—are "not mere 'background,' but rather constitute 'operative' facts that are central to [Plaintiffs'] claims." *Jones v. Changsila*, 271 F. Supp. 3d 9, 22–23 (D.D.C. 2017). Given this commonality, the claims are such that Plaintiffs "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Straka argues that the assault and battery claims have no "factual or legal overlap with the alleged conspiracy." Mot. at 3–4. But plainly, they do. Whether a given Defendant caused Plaintiffs' injuries during the January 6 Attack as the object of a conspiracy, or by aiding and abetting assault and battery, does not change the common factual underpinnings of such claims.

This is not a case, as Straka suggests, in which "there is almost no factual or legal overlap between the state and federal claims." *Chelsea Condo. Unit Owners Ass'n v. 1815 A St., Condo. Grp., LLC*, 468 F. Supp. 2d 136, 141–42 (D.D.C. 2007) (quoted, Mot. at 3) (finding no factual overlap between federal claims alleging failure to disclose and state law claims alleging affirmative misrepresentations in marketing because "whether the defendants disclosed their relationship with National Title to the Unit Owners would provide little insight into whether the defendants made misrepresentations about the presence of defects in the construction of the Chelsea to the plaintiffs"). The claims overlap factually in that they all stem from a singular, central event: the

breach of the Capitol during the January 6 Attack. The claims against Straka involve his participation in the same attack, at the same time and place, which caused the same harm to Plaintiffs in the same way. Moreover, while certain elements of proof differ between the state and federal claims (*e.g.*, the agreement element of a conspiracy), there is substantial legal overlap as well. Evidence that Plaintiffs were assaulted, battered, and injured during the Attack constitutes both (i), for a Section 1985 conspiracy,[1] proof of "an injury caused by an unlawful overt act performed by one of the parties to the agreement," and (ii), for aiding and abetting as alleged in Plaintiff's assault and battery claims, proof that "the party whom the defendant aid[ed] . . . perform[ed] a wrongful act that cause[d] an injury." *Halberstam*, 705 F.2d at 477. Thus, the same proof is central to both the assault and battery claims and to the claims under Sections 1985 and 1986.

Straka also quibbles with Plaintiffs' specific allegations in an effort to distance himself from the Attack. Mot. at 3 (arguing the allegations "are wholesale misrepresentations—indeed, fabrications"). This is nothing more than a red herring that is irrelevant to a motion to dismiss, where Plaintiffs' well-pleaded allegations are accepted as true. *See Hurd v. District of Columbia*, 864 F.3d 671, 678 (D.C. Cir. 2017). Regardless, the Court already has held that "Plaintiffs have made out a plausible claim of aiding-and-abetting liability." ECF No. 179 at 18. And, as noted above, Straka's guilty plea admitting substantially similar facts makes clear that the Complaint allegations are not "fabrications" at all.

Accordingly, Plaintiffs meet the requirements of Section 1367(a).

---

[1] Section 1985(1)—which tracks the requirements for civil conspiracies—requires an overt act in furtherance of the conspiracy to participate in an unlawful act or lawful act in an unlawful manner which caused an injury. *See Thompson v. Trump*, 590 F. Supp. 3d 46, 97 (D.D.C. 2022); *Halberstam*, 705 F.2d at 477.

## II.    No Exception to Supplemental Jurisdiction Applies

While the Court has discretion to decline supplemental jurisdiction in specific and enumerated circumstances, no such circumstances are present here. Straka argues that the Court may decline to exercise supplemental jurisdiction over the assault and battery claims against him under Section 1367(c)(2) because they predominate over the remaining federal claims against other Defendants, under Section 1367(c)(3) because the Court has dismissed the federal claims against Straka, and under Section 1367(c)(4) based on purportedly exceptional circumstances and compelling reasons. Mot. at 4–6.[2] Because Straka is mistaken and none of these exceptions applies here, supplemental jurisdiction is "mandatory." *Lindsay*, 448 F.3d at 421.

### a.    Federal Claims Remain in This Case and the State Law Claims Against Straka Do Not Predominate Over the Federal Claims Against Other Defendants

Neither Section 1367(c)(2) nor Section 1367(c)(3) presents a basis for this Court to decline to exercise supplemental jurisdiction over Plaintiffs' assault and battery claims against Straka.

**Section 1367(c)(2)**. A court may decline to exercise supplemental jurisdiction where a state law claim "substantially predominates" over claims with original federal jurisdiction. 28 U.S.C. § 1367(c)(2). That is not the case here. "Predomination under section 1367(c)(2) relates to the type of claim . . . 'whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought.'" *Lindsay*, 448 F.3d at 425 & n.12 (quoting *Gibbs*, 383 U.S. at 726–27). As explained in Part I, *supra*, the assault and battery claims against Straka are "'intertwined' with" and "supported by the same evidence as" the federal claims remaining in the

---

[2] Straka does not argue that the Court should decline supplemental jurisdiction under Section 1367(c)(1), which applies when "the claim raises a novel or complex issue of State law." Aiding and abetting assault and battery is neither "novel" nor "complex" under D.C. common law, so this provision does not apply.

case. *Doe #1 v. Am. Fed'n of Gov't Emps.*, 554 F. Supp. 3d 75, 115 (D.D.C. 2021) (quoting *Lieving v. Pleasant Valley Hosp., Inc.*, 2014 WL 1513851, at *3 (S.D. W. Va. Apr. 11, 2014)).

Straka concedes that this action "is predominantly a complex conspiracy case" arising under federal law, Mot. at 5, so his bare contention that the "terms of proof and the scope of issues" warrant dismissal, *id.* at 4, makes no sense. Because all sides agree that the state-law claims are not "more complex" than the federal claims and will thus not "require more judicial resources to adjudicate," as in *Doe #1*, 554 F. Supp. 3d at 115 (internal quotation marks omitted), Straka's "judicial economy and convenience" argument fails. *See* Mot. at 4.

Straka's only other argument as to Section 1367(c)(2) is a non-sequitur. He contends that, because "[t]he only remaining claims *against Mr. Straka*" arise under state law, "they predominate over the federal questions *against him*," solely because there are no federal claims against him. Mot. at 4 (emphasis added). This argument contravenes the plain text of Section 1367(c)(2), which concerns all "claims over which the district court has original jurisdiction" and makes no mention of a party-specific analysis. Indeed, in rejecting 1367(c) arguments by parties defending only state-law claims, courts in this District and elsewhere have expressly considered federal claims against other defendants. *See Wiggins v. Philip Morris, Inc.*, 853 F. Supp. 458, 469 (D.D.C. 1994) (exercising supplemental jurisdiction over surviving state conspiracy and tortious interference claims "aris[ing] from essentially the same conduct" alleged in a federal claim surviving against another defendant); *Prescott v. Indep. Life & Accident Ins. Co.*, 878 F. Supp. 1545, 1553 (M.D. Ala. 1995) (declining to dismiss state law claim against one defendant because it would not predominate over the federal claim against another). Because Plaintiffs' claims against Straka and the remaining Defendants are based on substantially "the same set of facts and the same evidence,

including the same witnesses," it cannot be said that the state law claims predominate. *Lieving*, 2014 WL 1513851, at \*3; *accord Doe #1*, 554 F. Supp. 3d at 115.

**Section 1367(c)(3)**. A court may also decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because federal claims remain against other Defendants in this case, *see* ECF No. 179 at 22, the mere dismissal of the federal claims against Straka has no impact on the Court's supplemental jurisdiction over the remaining state law claims against him. The Section 1367(c)(3) exception is not triggered here at all. *See Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 608 (7th Cir. 2008) (holding that "the district court's discretion to relinquish jurisdiction under § 1367(c)(3) was never triggered," because federal claims remained against other defendants in the case); *Wiggins*, 853 F. Supp. at 469 (declining to dismiss under § 1367(c)(3) when federal claims remained against other defendants). Straka's argument that "[t]here is no remaining federal claim" *against him*, Mot. at 4, again is misplaced and irrelevant. *See Wiggins*, 853 F. Supp. at 469; *Gudenkauf v. Stauffer Commc'ns, Inc.*, 896 F. Supp. 1082, 1084 (D. Kan. 1995) ("The fact that no federal claims have been made against [one defendant] does not matter. As long as one of the parties to the suit has federal claims pending against it, the court has mandatory supplemental jurisdiction over all claims and parties related."); *Prescott*, 878 F. Supp. at 1553 (holding that Section 1367(c)(3) exception did not apply when federal claims remained against other defendants). Because federal claims remain in this case, Section 1367(c)(3) is inapplicable.

   **b.  There Are No Compelling Reasons to Decline Supplemental Jurisdiction, and Doing So Would Prejudice Plaintiffs**

Finally, Straka relies on the "exceptional circumstances" and "compelling reasons" exception of Section 1367(c)(4). Mot. at 5–6. "By using such words as 'exceptional' and 'compelling,' however, Congress indicated that invocations of § 1367(c)(4) should be rare."

*Women Prisoners*, 93 F.3d at 950 (Rogers, J., concurring) (citing *Exec. Software N. Amer., Inc. v. U.S. Dist. Ct.*, 24 F.3d 1545, 1558 (9th Cir. 1994)). Straka's arguments fall well short.

First, Straka argues it would be "constitutionally offensive" for the Court to exercise supplemental jurisdiction over the assault and battery claims against him because the federal conspiracy claim against him was dismissed on First Amendment grounds. Mot. at 5. This makes no sense because the Court's supplemental jurisdiction over the assault and battery claims is based on the surviving federal claims against other Defendants, not on any dismissed claims against Straka. Moreover, although the Court considered and accepted Straka's First Amendment defenses to the federal conspiracy claim, the Court expressly held that Straka could be liable for aiding and abetting assault and battery for "yell[ing] directions and encouragement to other rioters and direct[ing] others to take a protective shield from a Capitol Hill police officer." ECF No. 179 at 18 (citing Am. Compl. ¶ 127).

Second, judicial economy and convenience undoubtedly support exercising supplemental jurisdiction over Plaintiffs' assault and battery claims, notwithstanding Straka's speculation about the length of discovery. Mot. at 6. "When deciding whether to exercise supplemental jurisdiction over state claims, federal courts should consider 'judicial economy, convenience, fairness, and comity.'" *Harris v. D.C. Water & Sewer Auth.*, 172 F. Supp. 3d 253, 259 (D.D.C. 2016) (quoting *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 424 (D.C. Cir. 2005)). When "the facts underlying the plaintiff's federal and state claims substantially overlap," courts hold "that judicial economy, convenience and fairness weigh in favor of hearing both the state and federal claims in one proceeding." *Konah v. District of Columbia*, 815 F. Supp. 2d 61, 79 (D.D.C. 2011). As discussed *supra*, Plaintiffs' federal and state claims overlap and arise from a common nucleus of operative fact. Furthermore, since this Court already has extensive familiarity with the events giving rise to

10

Plaintiffs' claims, judicial economy would not be served by having Plaintiffs refile their claims against Straka in a new court with less knowledge of the parties and events. *See Thompson v. Trump*, No. 21-cv-400-APM (D.D.C.); *Swalwell v. Trump*, No. 21-cv-586-APM (D.D.C.); *Blassingame v. Trump*, No. 21-cv-858-APM (D.D.C.); *Moore v. Trump*, No. 22-cv-10-APM (D.D.C.); *Tabron v. Trump*, No. 22-cv-11-APM (D.D.C.); *Kirkland v. Trump*, No. 22-cv-34-APM (D.D.C.). Thus, "[i]t would be absurd to decline to extend supplemental jurisdiction over [Straka] and force Plaintiff[s] to file a separate case against just him," *Lieving*, 2014 WL 1513851, at *3, whether in the D.C. Superior Court or in this Court on the basis of diversity jurisdiction.[3] The parties would lose the progress accomplished in this case, all to potentially end up in the very same forum.

Finally, it is not "fundamentally unfair" to include Straka in this lawsuit. Mot. at 5–6. As alleged, Straka is one of several Defendants who were "aware that other rioters were assaulting law enforcement officers," and who "provided substantial assistance to those who assaulted Plaintiffs." ECF No. 179 at 18. Plaintiffs are entitled to pursue relief against all Defendants who caused their injuries, and Straka is alleged to have *personally participated* in the January 6 Attack. Am. Compl. ¶¶ 24, 127. And Straka has admitted to engaging in such conduct in his criminal case, encouraging other attackers to overcome police officers attempting to keep them out of the Capitol and to take from an officer the shield they were using to protect themselves. *United States v. Straka*, 21-cr-579, ECF No. 26 (Oct. 6, 2021) (Straka's criminal plea, admitting to substantively identical

---

[3] Straka is a citizen of Nebraska. *See* Am. Compl ¶ 24; Dkt. 193 (Straka Answer) ¶ 24. Plaintiffs are citizens of the District of Columbia, Maryland, Virginia, and North Carolina. *See* Am. Compl. ¶¶ 11–18. Other Defendants in this case break complete diversity, but this would not be an obstacle in a standalone case against Straka.

facts as are alleged here). Nothing would be unfair about retaining jurisdiction over the claims against him.

Conversely, it would be fundamentally unfair to require Plaintiffs to bring an entirely new, separate civil action to hold Straka accountable for his egregious conduct when that conduct involves the same underlying events as for the other Defendants. Dismissal would force Plaintiffs (and either the D.C. Superior Court or this Court) to essentially duplicate the efforts and costs of this case. All of this would be inefficient and onerous for Plaintiffs to undertake—potentially enabling Straka to escape accountability to Plaintiffs for the harm he caused them.

## CONCLUSION

For the foregoing reasons, Straka's Motion should be denied.


Dated: April 12, 2023                              Respectfully submitted,

                                                    /s/ Edward G. Caspar
                                                   Jon Greenbaum, D.C. Bar No. 489887
                                                   Edward G. Caspar, D.C. Bar No. 1644168
                                                   David Brody, D.C. Bar No. 1021476
                                                   Arusha Gordon, D.C. Bar No. 1035129
                                                   Marc Philip Epstein (*Pro Hac Vice*)
                                                   LAWYERS' COMMITTEE FOR CIVIL
                                                   RIGHTS UNDER LAW
                                                   1500 K Street N.W., Suite 900
                                                   Washington, D.C. 20005
                                                   Tel: (202) 662-8390
                                                   jgreenbaum@lawyerscommittee.org
                                                   ecaspar@lawyerscommittee.org
                                                   dbrody@lawyerscommittee.org
                                                   agordon@lawyerscommittee.org
                                                   mepstein@lawyerscommittee.org

William J. Blechman (*Pro Hac Vice*)
(FL Bar No. 379281)
Elizabeth B. Honkonen (*Pro Hac Vice*)
(FL Bar No. 0149403)
Anna T. Neil (*Pro Hac Vice*)
(FL Bar No. 100945)
KENNY NACHWALTER, P.A.
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Tel: (305) 373-1000
wblechman@knpa.com
ehonkonen@knpa.com

Faith E. Gay (*Pro Hac Vice*)
Joshua S. Margolin (*Pro Hac Vice*)
Claire O'Brien (*Pro Hac Vice*)
Elizabeth Snow (*Pro Hac Vice*)
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York, NY 10104
Tel: (212) 390-9000
fgay@selendygay.com
jmargolin@selendygay.com
cobrien@selendygay.com
esnow@selendygay.com

***Counsel for Plaintiffs***