IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CONRAD SMITH, et al.,

    Plaintiffs,

v.

DONALD J. TRUMP, et al.,

    Defendants.
_____/

CASE NO.: 1:21-CV-02265-APM

**DEFENDANT BRANDON J. STRAKA'S REPLY IN SUPPORT OF**
**SPECIAL MOTION TO DISMISS UNDER 28 U.S.C. § 1367**

Brandon Straka did not harm the Plaintiffs or anyone else on January 6, 2021. In their response it is the *Plaintiffs* who "downplay[]" their allegations against Mr. Straka and "distance" him from their alleged injuries on January 6, 2021, inching closer to the truth but ultimately continuing to litigate with lies and omissions. ECF No. 214 at 5, 10. It is not the first time the Plaintiffs have cited or quoted Mr. Straka's plea to disorderly conduct on the Capitol grounds. *Id.* at 6. But the comparison is much more stark considering the remaining two claims. The Court previously summarized the Plaintiffs' complaint as stating that "'Straka is alleged to have yelled directions and encouragement to other rioters and *directed others* to take a protective shield from a Capitol Hill police officer.'" ECF No. 214 at 6 (quoting ECF No. 179 at 18) (emphasis added); *see also* ECF No. 89 at 50 (Amend. Compl. ¶127). Yet the plea, which the Plaintiffs quote but, at best, fail to understand, reads "'Straka also *observed others yelling* to take a U.S. Capitol Police Officer's shield. He recorded a video of what was happening, and in the video, he *chimed in with the crowd*, saying 'take it, 'take [sic] it.'" ECF No. 214 at 6 (quoting *United States v. Straka*, 21-cr-579, ECF No. 26 ¶ 9 (Oct. 6, 2021) (included as **Exhibit 1**)) (emphasis added). There are significant distinctions from directing anyone to do anything, legally and practically speaking,

1

versus "observ[ing]" or "chim[ing] in." Yet Plaintiffs continue to manipulate "facts" in service of pursuing baseless litigation.

As the Plaintiffs note, at the outset of the case the Court was bound to their fictional adaptation of Mr. Straka's plea in their complaint. ECF No. 214 at 10. Yet, for subject matter jurisdiction the Court is not so bound. Subject matter jurisdiction is not waivable and the Court must be vigilant of it at all stages of litigation.[1] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Since the Plaintiffs rely on Mr. Straka's criminal plea as evidence, the Court may give it weight. *See United Transp. Union v. Gateway W. Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996) ("Such evidence is properly considered at the dismissal stage when the question raised is one of subject matter jurisdiction."). Mr. Straka's criminal plea, in its entirety, shows there is no common nucleus of operative fact between the Plaintiffs' conspiracy claim and the remaining assault and battery claims against him. *See* Exh. 1. This is bolstered by video filmed by Mr. Straka that day. **Exhibit 2**.[2]

At the very least, the Plaintiffs' contradictory juxtaposition of their complaint and the evidence—one *they* present, not Mr. Straka—is but another compelling reason to decline jurisdiction via the Plaintiffs' conspiracy claim. *See* 28 U.S.C. § 1367(c)(4).[3] Yet the Court need not reach that conclusion or even the analysis: the common law assault and battery claims do not share a common nucleus of operative fact with conspiracy; they barely share a common

---

[1] It is thus a non sequitur that Mr. Straka "did not raise any jurisdictional arguments against the assault and battery claims" in his original motion to dismiss and similarly does not matter that he raises them "for the first time" here. ECF No. 214 at 6-7.

[2] This video was produced with Mr. Straka's initial disclosures and received by Plaintiffs' counsel on March 17, 2023.

[3] Indeed, there's a smell of bad faith for the Plaintiffs to quote the plea and then present it as something it is not. They will do the same with Mr. Straka's video.

mitochondrion. *See Building Blocks of Life*, ARIZ. STATE U., https://askabiologist.asu.edu/cell-parts [https://perma.cc/CNM6-BDXG] (last visited April 19, 2023). The Court lacks supplemental jurisdiction and this matter should be dismissed without prejudice under 28 U.S.C. § 1367(a). If the Court determines otherwise the case should still then be dismissed without prejudice under the Court's discretion pursuant to 28 U.S.C. § 1367(c).

I.     **There is No Common Nucleus of Operative Fact Between the Conspiracy and Aiding and Abetting Claims (28 U.S.C. § 1367(a))**

The Plaintiffs alleged a conspiracy "to use force, intimidation, and threats to prevent Congress from certifying the results of the 2020 Presidential election." ECF No. 89 at 5 (¶1); *see also id.* at 5 (¶2), 6 (¶5), 7 (¶7), 17 (¶54), 24 (¶72(a)). The Court has already dismissed Mr. Straka from allegations that he "positively or tacitly[,] came to a mutual understanding to try to accomplish [that] common and unlawful plan." *Thompson v. Trump*, 590 F. Supp. 3d 46, 97 (D.D.C. 2022); *see* ECF No. 179 at 2 (incorporating the Court's reasoning in *Thompson*), at 12-13 (dismissing Mr. Straka from conspiracy claim). Now the Plaintiffs claim that the "'central fact pattern'" between assault or battery and the conspiracy is "the January 6 Attack" or "the breach of the Capitol" that day. ECF No. 214 at 9-10. But that is not so. In conspiracy "there must be an overt act *in furtherance of the conspiracy* that results in injury." *Thompson*, 590 F. Supp. 3d at 97 (citing *Hobson v. Wilson*, 737 F.2d 1, 52 (D.C. Cir. 1984)) (emphasis added). This is distinct from the acts alleged against Mr. Straka which, the Court has ruled, were *not* "part of any group or organized effort." ECF No. 179 at 13. Since Mr. Straka was dismissed from the conspiracy, the Plaintiffs may not use the conspiracy as the common nucleus for the assault and battery claims.

"[An] operative fact is one 'that constitutes the transaction or event on which a claim or defense is based[.]'" *Wisey's #1 LLC v. Nimellis Pizzeria LLC*, 952 F. Supp. 2d 184, 190 (D.D.C. 2013) (quoting BLACK'S LAW DICTIONARY 670 (9th ed. 2009)). The events in the alleged

3

conspiracy, in agreement and act, were to prevent Congress from certifying the results of the 2020 Presidential election. This permits a broad inquiry into alleged intent of and alleged acts by certain defendants on January 6, 2021. But the Plaintiffs may not simply blur this into distinct aiding and abetting assault and battery claims against Mr. Straka.

The Plaintiffs argue that "[t]he claims against Straka involve his participation in the same attack, at the same time and place, which caused the same harm to Plaintiffs in the same way." ECF No. 214 at 10. Nonsense. To the contrary, comparing the Plaintiffs' allegations to Mr. Straka's plea and video, Mr. Straka was nowhere near anyone who "tried to fight their way into the House Chamber" that day, or near the "House Chamber" itself. ECF No. 89 at 61, 65 (¶¶157, 164). Neither was he ever at the "Lower West Terrace door area[,]" *id.* at 62 (¶158), "the Senate Chamber," *id.* at 62-63 (¶¶159, 160), or "the west side of the Capitol," *id.* at 63-64 (¶¶161, 163). He was never "[i]nside" the Capitol. *Id.* at 63 (¶161). Mr. Straka was at the central entrance on the east side of the Capitol at some point between 2:30 and 2:45 p.m.[4] Exh. 1 at 4 (¶9); Exh. 2 (STRAKA_00001.mov at 02:00 through STRAKA_00002.mov). He left the Capitol Grounds at approximately 3:00 p.m., which is an hour before 4:00 p.m. Exh. 1 at 4 (¶9), *cf.* ECF No. 89 at 64 (¶162). The Plaintiffs must establish Mr. Straka's alleged aiding and abetting and *then* a fantastic causal chain to their alleged injuries, but at the outset—by Plaintiffs' own pleadings and the evidence here (one of which *they* introduced)—these have nothing to do with the alleged conspiracy or overt acts allegedly taken by other defendants in furtherance of it.

---

[4] This is, of course, long after "1:00 p.m." when the Plaintiffs allege "REHL and other co-conspirators charged over barricades and overwhelmed law enforcement before entering the Capitol." ECF No. 89 at 50 (¶125). It is also after "approximately 2:12 p.m." when Plaintiffs allege "attackers breached the Capitol *en masse*." *Id.* at 51 (¶129); *see also id.* at 57 (¶144).

4

To accept the myriad transactions and events at the Capitol on January 6, 2021 as a nucleus of operative fact is to effectively rope Mr. Straka back into the alleged conspiracy. But there is no common nucleus between the Plaintiffs' claim under 42 U.S.C. § 1985 and their claims of aiding and abetting assault and battery against Mr. Straka. The Court should dismiss the remaining claims against Mr. Straka under 28 U.S.C. § 1367(a).

## II.     Alternatively, the Court Should Decline Supplemental Jurisdiction (28 U.S.C. § 1367(c))

Even if there is a common nucleus of operative fact between the Plaintiffs' conspiracy claims against other defendants and the aiding and abetting assault and battery claims against Mr. Straka, the Court should in its discretion dismiss these claims without prejudice under 28 U.S.C. § 1367(c)(2)-(4), collectively or respectively.

As detailed in the previous section, contrary to the Plaintiffs' arguments their claims against Mr. Straka are not "'intertwined with'" or "'supported by the same evidence as'" their conspiracy claims. ECF No. 214 at 11-12 (quoting *Doe #1 v. Am. Fed'n of Gov' Emps.*, 554 F. Supp. 3d 75, 115 (D.D.C. 2021)). The aiding and abetting claims against Mr. Straka are drawn from events on the east side of the Capitol between 2:30 and 2:45 p.m. that day, out of the presence of any other Defendant (and, for that matter, any Plaintiff). The facts underlying the common law claims against Mr. Straka are unique, and thus "'more complex'" than the federal claim, whether the Court gives credence to the existence of that claim against other defendants or not. ECF No. 214 at 12 (quoting *Doe #1*, 554 F. Supp. 3d at 115). Dismissal under 28 U.S.C. § 1367(c)(2) is warranted.

The Plaintiffs claim that the Court's discretion under 28 U.S.C. § 1367(c)(3) is "inapplicable" and "irrelevant" because the Section 1985 claim holds against other defendants. ECF No. 214 at 13. This Court, in fact, reserved its discretion in the very case cited by the

Plaintiffs. *Wiggins v. Philip Morris, Inc.*, 853 F. Supp. 458, 469 (D.D.C. 1994) ("[T]his court has the discretion to decline jurisdiction[.]"). Again, the analysis is tied to whether the common law claims "arise from essentially the same conduct alleged in the" federal claim. *Id.* The conduct at issue is essentially—fundamentally—distinct from the Plaintiffs' federal claim against any other defendant. Dismissal under 28 U.S.C. § 1367(c)(3) is warranted.

Finally, the Plaintiffs place 28 U.S.C. § 1367(c)(4) under a familiar analysis, judicial economy and convenience tied to "'substantial[] overlap'" between federal and state claims. ECF No. 214 at 14 (quoting *Konah v. District of Columbia*, 815 F. Supp. 2d 61, 79 (D.D.C. 2011)). This is a disagreement throughout this motion briefing and the assertion need not be countered again here. Neither do the lies and omissions of Plaintiffs' and their counsel as to Mr. Straka's alleged "admi[ssions]" need to be rebutted yet again. *See* ECF No. 214 at 15-16; *see generally* Exh. 1, Exh. 2. The inefficiency here is the result of Plaintiffs bringing a scattershot Civil Rights Act claim with myriad common law claims, and the former is not a strong enough glue to hold these claims together. It is exceptional that Mr. Straka was dismissed from the conspiracy claim on First Amendment grounds and keeping him in this case prejudices him in terms of the Plaintiffs' remaining claims and the future exercise of those rights. Conversely, the Plaintiffs may indeed re-file their remaining claims here[5] or elsewhere and will not be prejudiced.

The Plaintiffs have, concededly, consistently pretended that there is no distinction between the conspiracy claim and the remaining claims against Mr. Straka. This is no virtue, but rather

---

[5] It is surprising that the Plaintiffs claim diversity jurisdiction would be available in a separate case against Mr. Straka. They have failed—twice—to provide a rudimentary damages computation in their initial disclosures. *See* Exh. 3 at 5; *cf.* FED R. CIV. P. 26(a)(1)(A)(iii). The law as to diversity jurisdiction might provide a worthwhile disincentive or, at least, inform Mr. Straka of what the Plaintiffs seek. *See* 28 U.S.C. § 1332(b).

6

another compelling reason to require them to bring a focused case against Mr. Straka for their remaining claims. Their briefing here and discovery effort against Mr. Straka amounts to the theme that *the conspiracy claim is dead, long live the conspiracy claim*. In discovery, the Plaintiffs assert their remaining claims against Mr. Straka entitle them to explore "area(s) of knowledge" that are, *word-for-word*, the same areas as *every single other defendant*, including President Trump and the Make America Great Again PAC. *See* **Exhibit 3** (Excerpt of Plaintiffs' Amended Initial Disclosures, April 17, 2023) at 2-4. To wit:

| Name | Area(s) of Knowledge |
|---|---|
| Brandon Straka | • Supposed election fraud relating to the November 3, 2020 Presidential election<br><br>• Rallies organized in support of Donald J. Trump after the November 3, 2020 Presidential election or related to supposed election fraud, including but not limited to the Detroit Stop the Steal rally (11/6/2020), the Million MAGA March (11/14/2020), the Georgia Stop the Steal rally (11/18/2020), the D.C. Stop the Steal rally (12/12/2020), the Rubio rally (1/2/2021), the Eighty Percent Coalition rally (1/5/2021) the Save America rally (1/6/2021), and the Tallahassee rally (7/10/2021)<br><br>• The certification of the electoral vote on January 6, 2021, including the supposed ability of the U.S. Congress to reject state electors<br><br>• Support of Donald J. Trump by extremist or militant groups, including Stop the Steal L.L.C., Proud Boys, Oath Keepers, Three Percenters, and American Phoenix Project<br><br>• Coordination among or planning by individuals, entities, or extremist or militant groups to march to or attack the U.S. Capitol building or interfere |

|  | with the certification of the electoral vote on or around January 6, 2021<br><br>• Preparation and fundraising for and participation in the "Save America" rally at the Ellipse and march to the U.S. Capitol that occurred on January 6, 2021<br><br>• Events during or related to the Capitol Attack, including weapons or military or tactical gear brought to Washington D.C. to be used on or around January 6, 2021 |
|---|---|

*Id.* at 4. What actually remains for Mr. Straka is one "event[] during . . . the Capitol Attack[.]" *Id.*; *see* ECF No. 89 at 50 (¶127). The Plaintiffs make no effort at judicial economy, but to make this as arduous and convoluted a case as possible. Owing to these and other exceptional circumstances, the Court should dismiss the case under 28 U.S.C. § 1367(c)(4).

## Conclusion

The Court should dismiss the Plaintiffs' remaining claims against Mr. Straka without prejudice.

        Respectfully submitted,

        Brandon J. Straka

        By Counsel

*/s/ Stephen Klein*
Stephen R. Klein
Bar No. 177056
BARR & KLEIN PLLC
1629 K St. N.W. Ste. 300
Washington, DC 20006
Telephone: (202) 804-6676
steve@barrklein.com

Benjamin Barr
(Pro Hac Vice)
BARR & KLEIN PLLC
444 N. Michigan Avenue Ste. 1200
Chicago, IL 60611
Telephone: (202) 595-4671
ben@barrklein.com

Julianne E. Murray*
Law Offices of Murray, Phillips & Gay
215 E. Market Street
Georgetown, DE 19947
Telephone: (302) 885-9300
julie@murrayphillipslaw.com

*Pro Hac Vice *admission pending*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of April 2023, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing (NEF) to Plaintiffs' counsel and counsel for most Defendants.

I further certify that, pursuant to Federal Rule of Civil Procedure 5(b)(2)(C), counsel will endeavor to serve all other named Defendants a copy of this filing by first class mail.

<u>*/s/ Stephen Klein*</u>
Stephen R. Klein

*Counsel to Brandon J. Straka*