**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| CONRAD SMITH, *et al.*,<br>Plaintiffs,<br>v.<br>DONALD J. TRUMP, *et al.*,<br>Defendants. | Civil Action No. 1:21-cv-02265-APM |

**JOINT CASE STATUS REPORT**

Pursuant to the Court's instructions during the Status Conference held on March 17, 2023, and the Scheduling Order issued on April 5, 2023, ECF No. 213, Plaintiffs Conrad Smith, Danny McElroy, Byron Evans, Governor Latson, Melissa Marshall, Michael Fortune, Jason DeRoche, and Reginald Cleveland (together, "Plaintiffs"), and Defendants Brandon Straka, Zachary Rehl, Make America Great Again PAC, and Trump For President, Inc.[1] submit this written Joint Case Status Report regarding the status of discovery (the "Joint Report").

## I. Brief Statement of the Case

Plaintiffs filed the Complaint in this case on August 26, 2021, and the Amended Complaint on December 3, 2021. ECF Nos. 1, 89. As also described in the parties' Joint Case Management Report, ECF No. 200, Plaintiffs brought claims against all Defendants (1) under 42 U.S.C. § 1985(1), which prohibits conspiracies "to prevent, by force, intimidation, or threat, any person

[1] Plaintiffs sent a draft of this report to all Defendants. Defendants Stop the Steal, LLC, Proud Boys, Proud Boys International, LLC, Enrique Tarrio, Joseph Biggs, Felipe Antonio Martinez, Derek Kinnison, Erik Scott Warner, Alan Hostetter, Russell Taylor, Jessica Watkins, Thomas E. Caldwell, Ronald Mele, Kelly Meggs, Charles Donohoe, Dominic J. Pezzola, Stewart Rhodes, and Oath Keepers did not contribute to this report.

from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties"; (2) under 42 U.S.C. § 1986, which provides that "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in [42 U.S.C. § 1985], are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented"; (3) under the D.C. Bias-Related Crimes Act, D.C. Code § 22-3704(a), which provides a civil cause of action for "any person who incurs injury to his or her person or property as a result of an intentional act that demonstrates an accused's prejudice based on the actual or perceived … political affiliation of a victim" of a criminal act by the accused; (4) for battery; (5) for assault; and (6) for negligence. *See* ECF No. 89 at 66–78.

Defendants Joseph Biggs, Enrique Tarrio, Russell Taylor, Thomas E. Caldwell,[2] Alan Hostetter, and Zachary Rehl[3] each filed an Answer to the Amended Complaint. *See* ECF Nos. 99, 101, 104, 109, 114, 133. Defendants Donald J. Trump, Donald J. Trump For President, Inc., Make

[2] Defendant Thomas E. Caldwell filed a single document with an Answer generally denying the allegations in the Amended Complaint and a Motion to Dismiss all claims in the Amended Complaint, in which he "join[ed] all previously filed motions to dismiss filed by co-defendants … and request[ed] that the arguments set forth by his co-defendants be equally applied to his case." ECF Nos. 114, 115.

[3] Defendant Zachary Rehl filed both an Answer and a Motion to Dismiss. ECF Nos. 102, 109.

America Great Again PAC, Ali Alexander, Brandon J. Straka, Roger J. Stone Jr., Ethan Nordean, Zachary Rehl, Thomas E. Caldwell, Kelly Meggs,[4] Felipe Antonio Martinez, Derek Kinnison, and Ronald Mele moved to dismiss the Amended Complaint. *See* ECF Nos. 95, 96, 97, 98, 102, 103,[5] 110, 115, 117, 120. Defendant Erik Scott Warner did not file a responsive pleading.[6] Defendants Stop the Steal, LLC, Proud Boys, Proud Boys International, LLC, Charles Donohoe, Dominic J. Pezzola, Oath Keepers, Stewart Rhodes, and Jessica Watkins have not appeared in this case.

Defendants Straka, Meggs, Biggs, Tarrio, Trump, Donald J. Trump For President, Inc., Make America Great Again PAC, Alexander, and Stone also moved to stay discovery against them pending their motions to dismiss. *See* ECF Nos. 149, 150, 151, 152, 154, 170, 171, 174.

On January 26, 2023, the Court ruled on the various motions to dismiss. ECF No. 179. The motions to dismiss as to the 42 U.S.C. §1985(1) claim failed except as to Defendant Straka, and the motions to dismiss as to the common-law claims for battery and assault failed except as to Defendant Donald J. Trump For President, Inc. *Id.* at 22. The claims under 42 U.S.C. § 1986, under the D.C. Bias-Related Crimes Act, for negligence, and for injunctive relief were dismissed as to all moving Defendants. *Id.* at 22. All claims against Defendants Roger J. Stone and Ali Alexander were dismissed. *Id.*

Also on January 26, 2023, the Court ruled on the pending stay motions. ECF No. 180. The Court denied as moot the motions by Defendants Straka, Meggs, Biggs, Tarrio, Alexander, and

---

[4] Defendant Kelly Meggs is now *pro se* after the Court granted the Motion to Withdraw for his counsel, Juli Zsuzsa Haller. *See* Apr. 9, 2023 Minute Order.

[5] Defendants Donald J. Trump, Donald J. Trump For President, Inc., and Make America Great Again PAC filed a single Motion to Dismiss. ECF No. 103.

[6] Defendant Erik Scott Warner instead filed a letter to the Court dated October 4, 2021 stating: "I, Erik Scot Warner, am not guilty of these charges." ECF No. 71.

Stone. *Id.* at 1. The Court granted the motion by Defendant Trump, holding that discovery should not commence against him until his claim of absolute immunity is resolved on appeal. *Id.* at 1–2. And the Court denied the motions by Defendants Donald J. Trump For President, Inc. and Make America Great Again PAC. *Id.* at 2. The Court ordered all remaining Defendants, except Defendant Trump, to move forward with the case and file any outstanding answers by February 9, 2023. *See* Jan. 26, 2023 Minute Order.

Defendant Rehl moved for summary judgement on February 8, 2023. ECF No. 184. Plaintiffs filed their opposition to Defendant Rehl's motion on March 15, 2023. ECF No. 201. Defendant Rehl filed his reply on March 21, 2023. ECF No. 205.

Defendants Donald J. Trump For President. Inc. and Make America Great Again PAC filed their answer on February 9, 2023. ECF. No. 187. Defendants Straka and Meggs filed their answers on February 23, 2023. ECF Nos. 193, 194.

On February 28, 2023, the Court granted Defendant Nordean's unopposed motion to stay the case against him until the termination of his ongoing criminal trial. *See* Feb. 28, 2023 Minute Order. Pursuant to that order, the Parties will file a Joint Status Report within ten days of the verdict in his criminal case and recommend a schedule for further proceedings. *See id.*

Defendants Martinez and Kinnison filed their answers on March 9, 2023. ECF Nos. 198, 199. Defendant Mele filed his answer on March 16, 2023. ECF No. 202.

On March 22, 2023, Defendant Straka moved to dismiss the remaining claims against him for lack of jurisdiction. ECF No. 206. Plaintiffs filed their opposition to the motion on April 12, 2023. ECF No. 214. Defendant Straka filed his reply on April 19, 2023. ECF No. 215.

Defendant Warner has appeared in the case but has not answered the Amended Complaint nor sought an extension of time or stay.

## II. Discovery Progress

The Court held a Status Conference on March 17, 2023, and issued a Scheduling Order for discovery on April 6, 2023. ECF No. 213.

### A. Protective Order

On March 15, 2023, counsel for Defendants Donald J. Trump, Donald J. Trump For President, Inc. and Make America Great Again PAC (the "Trump Defendants") circulated to all represented parties a draft protective order. Plaintiffs circulated proposed revisions to the draft protective order to all represented Defendants on March 27, 2023, April 5, 2023, and April 11, 2023. On April 17, 2023, Plaintiffs shared their draft proposed protective order with counsel for the plaintiffs in *District of Columbia v. Proud Boys International, L.L.C.*, No. 21-cv-3267-APM, pursuant to this Court's April 6, 2023 Minute Order in that case directing counsel for the plaintiffs in *Proud Boys* to "meet and confer with counsel in *Smith* to coordinate discovery between the cases." To date, the only Defendant who has agreed to join Plaintiffs' proposed protective order is Defendant Straka. Other Defendants have disputed four aspects of Plaintiffs' proposed protective order that may require the Court's attention.

*First*, the Trump Defendants object that Plaintiffs' draft proposed protective order does not expressly identify "sensitive/confidential political records of the executive branch [and] the 2020 presidential campaign" as a category of protected material. Plaintiffs propose that such materials be protected only to the extent they fall within one of the other categories of protected material identified in the current draft protective order: (1) private health or medical records; (2) certain personally identifying information; (3) confidential personal correspondence, notes, or communications; (4) confidential policies, protocols, sources, or methods of a law-enforcement agency; (5) personnel or employment records; (6) confidential financial records; or (7) competitively or commercially sensitive information.

*Second*, the Trump Defendants object that Plaintiffs' draft proposed protective order does not include an "attorneys' eyes only" ("AEO") designation, which the Trump Defendants contend is warranted based on the likelihood that Plaintiffs' discovery requests "will implicate highly sensitive records of the executive branch of government" and "trade secrets of an organization (for example, internal communications, fundraising information, donor information, the structure and organization of the campaign, documents related to the outcome of the election, etc.)." The Trump Defendants also contend that "[t]he high number of plaintiff parties in this case, and their extreme antipathy toward President Trump, also increases the risks and temptation to leak information to the press in an attempt to damage his current campaign." In Plaintiffs' view, an AEO designation is not warranted here because Plaintiffs are not the Trump Defendants' competitors, are entitled to see information obtained in discovery, and will comply with the use restrictions already contained in Plaintiffs' proposed protective order.

*Third*, Defendant Rehl objects to permitting third-party government agencies to designate video records in their custody as confidential. Defendant Rehl proposes that the protective order explicitly prohibit confidentiality designations for such material. Plaintiffs believe that such provisions are necessary to protect the rights and interests of third parties to confidentiality, and that permitting such third-party designations will mitigate the risk of later motion practice by third parties to enforce their rights and interests.

*Fourth*, Defendant Mele objects that Plaintiffs' draft proposed protective order "seems to attempt to circumvent the existing protective orders [in place in certain criminal matters] and put defense counsel in the unenviable position of violating preexisting protective orders." Plaintiffs believe their draft proposed protective order respects all parties' obligations under any other

protective orders, and Plaintiffs further believe that any concerns about compliance with other protective orders will be best resolved through meet-and-confers.

The parties seek guidance from the Court on these disputed issues. Given the parties' inability to reach a consensus, the parties also request leave to submit separate proposed protective orders for the Court's review.

**B. Initial Disclosures**

Initial Disclosures were due April 17, 2023. Plaintiffs served their initial disclosures on March 17, 2023, and amended initial disclosures on April 17, 2023. Defendants Trump For President, Inc. and Make America Great Again PAC, Defendant Straka, Defendant Caldwell, and Defendant Rehl served their initial disclosures on March 17, 2023. Initial disclosures from all other appearing Defendants, Defendants Meggs, Tarrio, Biggs, Hostetter, Martinez, Kinnison, Taylor, and Warner, and non-appearing Defendants Rhodes, Watkins, Oath Keepers, Donohoe, Pezzola, Proud Boys, Proud Boys International, LLC, and Stop the Steal, LLC, are outstanding.

**C. Requests for Production**

**1. Party Requests**

Plaintiffs served Requests for Production ("RFPs") pursuant to FRCP 26 and 34 on all Defendants, except Defendants Trump and Nordean, against whom discovery is stayed. Plaintiffs served RFPs on Defendants Trump For President, Inc., Make America Great Again PAC, Straka, Meggs, and Caldwell on December 1, 2022. Plaintiffs served RFPs on Defendants Rhodes, Watkins, Oath Keepers, Tarrio, Biggs, Rehl, Donohoe, Pezzola, Proud Boys, Proud Boys International, LLC, Hostetter, Martinez, Kinnison, Taylor, Mele, Warner, and Stop the Steal, LLC on April 4, 2023.

Defendants Trump For President, Inc. and Make America Great Again PAC served Responses and Objections ("R&Os") on March 14, 2023. Plaintiffs and Defendants Trump For

President, Inc. and Make America Great Again PAC held a meet and confer on March 30, 2023. Following that meet and confer, Defendants Trump For President, Inc. and Make America Great Again PAC served updated R&Os on April 20, 2023, agreeing to produce limited categories of documents for some of the requests, but still fully withholding documents pursuant to objections for others. Within the certain categories Defendants Trump For President, Inc. and Make America Great Again PAC agreed to produce, they ask Plaintiffs to provide them with search protocols to make the productions more targeted. Plaintiffs intend to meet and confer with these Defendants, but we anticipate that unresolved disputes concerning these RFPs will remain and that the parties will need to raise them with the Court for resolution.

Defendant Straka served R&Os on April 3, 2023. He objected to various definitions and instructions. He objected to the relevant time period Plaintiffs specified, January 1, 2020 to August 26, 2021, and argued that the time period should only be January 6, 2021. Defendant Straka refused to produce documents in response to a number of Plaintiffs' requests, responded that he has no non-privileged responsive documents responsive to a number of other requests, and objected that various requests are irrelevant, non-proportional, and overbroad, or any non-public documents and communications are protected by the First Amendment. Plaintiffs invited him to meet and confer. As of April 28, 2023, Straka has not agreed upon a date for a meet and confer. Plaintiffs are continuing their efforts to organize a meet-and-confer, but anticipate that this issue will be brought to the Court's attention via motion.

Mr. Straka responds that conferral over the Plaintiffs' document requests is premature. The Plaintiffs did not meaningfully participate in the Rule 26(f) discovery plan as to "the subjects on which discovery may be needed" regarding the two remaining claims against Mr. Straka. Fed. R. Civ. P. 26(f)(3). More specifically, the Plaintiffs refused to engage in any way with Mr. Straka's

suggestions under Local Rule 16.3(c)(2) that "some or all the factual and legal issues can be agreed upon or narrowed."[7] *See* ECF No. 200 at 7-8 ("Plaintiffs believe it is premature at this early stage of discovery for the parties to agree upon or narrow some or all of the factual or legal issues remaining in this case."). The Plaintiffs refused to even revise their premature document requests in light of the Court's dismissal of most of the claims against Mr. Straka. None of this was in keeping with Rule 1, but Mr. Straka humored the efforts. Fed. R. Civ. P. 1. Ultimately, though they have produced initial disclosures twice already, the Plaintiffs have not even provided a preliminary damages computation. *See* ECF No. 215-3 at 5 (everything is "an amount to be determined at trial."); *cf.* Fed. R. Civ. P. 26(a)(1)(A)(iii). Mr. Straka cannot meaningfully confer with opposing counsel over proportionality under Rule 26(b), or litigate such matters before the Court, without a rudimentary understanding of the alleged "amount in controversy[.]" Fed. R. Civ. P. 26(b)(1).

Defendant Meggs served R&Os on March 15, 2023. He stated that any responsive documents are subject to a protective order in his criminal case, among other objections, but that he will produce all "reasonably responsive" documents in his possession or control that are not privileged or protected.

Defendant Caldwell produced 14 pages of "attestations" and 131 photos on January 27, 2023. As soon as the protective order is in place, Plaintiffs will provide this production to Defendants. The remainder of his R&Os include broad objections that the Government has custody over relevant documents used in his criminal case and that the documents are subject to a protective order in his criminal case.

---

[7] Mr. Straka is considering the Court's recent referral of the case to mediation on April 17, 2023.

Plaintiffs sent letters to Defendant Meggs and Defendant Caldwell on April 27, 2023 requesting meet-and-confers regarding their R&Os.

On April 14, 2023, Defendant Mele asked Plaintiffs for an extension to respond to the RFPs until after his criminal trial, which is scheduled for July 6, 2023. Plaintiffs consented to the extension on April 18, 2023.

**2. Third-Party Requests**

Plaintiffs have been serving third-party subpoenas requesting the production of documents on a rolling basis. Plaintiffs served the following third parties on the following dates:

- Katrina Pierson: April 24, 2023
- Donald Trump, Jr.: March 29, 2023
- Kimberly Guilfoyle: March 30, 2023
- Ivanka Trump: March 30, 2023
- Jared Kushner: March 30, 2023
- Eric Trump: March 29, 2023
- Kylie Kremer: February 8, 2023
- Amy Kremer: February 8, 2023
- Women for America First: February 7, 2023

Plaintiffs received a production of documents from Kylie Kremer and Amy Kremer and continue to work with their counsel for additional productions. As soon as the protective order is in place, Plaintiffs will provide this production to Defendants. Plaintiffs have asked counsel for Kylie and Amy Kremer to provide R&Os to the subpoenas so Plaintiffs can assess the adequacy of the production.

Plaintiffs received R&Os from Donald J. Trump, Jr. and Eric Trump on April 18, 2023. In those R&Os, they objected to the requests as overly broad, unduly burdensome, and disproportionate to the needs of the case, and are withholding all documents pursuant to objections. Plaintiffs and counsel for Donald J. Trump, Jr. and Eric Trump held a meet and confer on April 24, 2023. Plaintiffs are in the process of modifying the subpoena request pursuant to the discussion on the meet and confer.

Plaintiffs have provided notice to Defendants of subpoenas directed to Caroline Wren, Lara Trump, Melania Trump, and Mark Meadows.

Dated: April 28, 2023

Respectfully submitted,

By: */s/ Joshua S. Margolin*
Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Claire O'Brien, *pro hac vice*
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
cobrien@selendygay.com

*/s/ Edward G. Caspar*
Jon Greenbaum, D.C. Bar No. 489887
Edward G. Caspar, D.C. Bar No. 1644168
David Brody, D.C. Bar No. 1021476
Arusha Gordon, D.C. Bar No. 1035129
Marc P. Epstein, *pro hac vice*
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street N.W., Suite 900
Washington, DC 20005
Tel: 202-662-8390
jgreenbaum@lawyerscommittee.org
ecaspar@lawyerscommittee.com
dbrody@lawyerscommittee.org
agordon@lawyerscommittee.org
mepstein@lawyerscommittee.org

*/s/ William J. Blechman*
William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
KENNY NACHWALTER, P.A.
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Tel: 305-373-1000
wblechman@knpa.com
ehonkonen@knpa.com

*Attorneys for Plaintiffs Conrad Smith, et al.*

By: /s/ *Jason Caldwell Greaves*

Jesse R. Binnall
Jason Caldwell Greaves
BINNALL LAW GROUP
717 King Street Suite 200
Alexandria, VA 22314
Tel: 703-888-1943
jesse@binnall.com
jason@binnall.com

*Attorney for Defendants Donald J. Trump For President, Inc. and Make America Great Again PAC*

By: /s/ *Stephen R. Klein*

Stephen R. Klein
Benjamin Barr
BARR & KLEIN PLLC
1629 K Street NW Suite 300
Washington, DC 20006
Tel: 202-804-6676
steve@barrklein.com
ben@barrklein.com

*Attorney for Defendant Brandon Straka*

By: /s/ *Patrick Trainor*

Patrick Trainor
LAW OFFICE OF PATRICK TRAINOR, ESQ., LLC
19 Union Avenue, Suite 201
Rutherford, NJ 07070
Tel: 201-777-3327
pt@ptesq.com

*Attorney for Defendant Zachary Rehl*

**CERTIFICATE OF SERVICE**

I certify that on April 28, 2023, I served a copy of the foregoing filing on all parties of record by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice to all attorneys of record. Plaintiffs are serving the remaining Defendants via first class mail or other permitted means.

Dated: April 28, 2023

*/s/ Joshua S. Margolin*
Joshua S. Margolin