## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| **CONRAD SMITH,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No. 21-cv-02265 (APM)** |
| ) | |
| **DONALD J. TRUMP,** *et al.* ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## <u>ORDER</u>

After this court issued its ruling on Defendants' motions to dismiss, Mem. Op. and Order, ECF No. 179, Defendant Zachary Rehl filed a motion for summary judgment, arguing that the "professional rescuer's doctrine" bars recovery as to the claims against him.  Def.'s Mot. for Summ. J., ECF No. 184.  Those claims are: (1) a violation of 42 U.S.C. § 1985(1) (Count 1), (2) battery (Count III), and (3) assault (Count IV).  Because Rehl has not sought leave to amend his answer to include the professional rescuer's doctrine as an affirmative defense, the court must deny Rehl's motion but does so without prejudice.

The D.C. Circuit has conclusively held that "a party must first raise its affirmative defenses in a responsive pleading before it can raise them in a dispositive motion."  *Harris v. Dep't of Veterans Affs.*, 126 F.3d 339, 345 (D.C. Cir. 1997).  Under Federal Rule of Civil Procedure 8(c), "a party must affirmatively state any avoidance or affirmative defense" in responding to a pleading. At the time that the Circuit decided *Harris*, a majority of other jurisdictions allowed parties to raise affirmative defenses for the first time in dispositive motions if no prejudice was shown.  *Harris*, 126 F.3d at 344 (collecting cases).  The Circuit rejected this approach as "subtly alter[ing] the

structure dictated by Rules 8(c) and 15(a)" by relieving "the moving party of the need to request amendment, and the District Court of the need to state and explain its grant of leave to amend, so long as the opposing party does not show prejudice," violating "the notice purpose" of the Rules. *Id.*; *see also, e.g.*, *Butler v. White*, 67 F. Supp. 3d 59, 67 (D.D.C. 2014); *Nurriddin v. Goldin*, 382 F. Supp. 2d 79, 91 (D.D.C. 2005); *Taylor v. Mills*, 892 F. Supp. 2d 124, 138 n.17 (D.D.C. 2012); *Jones v. Mukasey*, 565 F. Supp. 2d 68, 74 (D.D.C. 2008).

Rehl did not raise the professional rescuer's defense in either of his answers.  *See* Answer, ECF No. 23; Answer to Am. Compl., ECF No. 109.  And he never sought leave to amend.  Rehl asserts that he, through counsel, "requested consent of Plaintiffs' counsel to file an amended answer to the amended complaint, but Plaintiffs' counsel conditioned their consent on unacceptable demands and no amended answer was filed."  Def.'s Letter Reply, ECF No. 205 at 1.  But opposing counsel's consent is not a prerequisite to securing leave to amend, and Rehl's failure to ask for leave constrains the court from considering the arguments he has raised in his motion.  *Cf. Dove v. Washington Metro. Area Transit Auth.*, 221 F.R.D. 246, 249 n.4 (D.D.C. 2004) ("The amendment process cures the forfeiture that a defendant suffers when he fails to plead an affirmative defense in his answer.").

The court hereby denies Defendant Rehl's Motion for Summary Judgment, ECF No. 184, without prejudice.

Dated:  September 5, 2023

_____
Amit P. Mehta
United States District Court Judge