**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CONRAD SMITH, *et al.*,<br><br>　　　　　　　Plaintiffs,<br>　　v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>　　　　　　　Defendants. | Civil Action No. 1:21-CV-02265-APM |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT ALAN HOSTETTER TO PROVIDE INITIAL DISCLOSURES AND RESPOND TO REQUESTS FOR PRODUCTION**

Pursuant to Federal Rule of Civil Procedure 37, Plaintiffs Conrad Smith, Danny McElroy, Byron Evans, Governor Latson, Melissa Marshall, Michael Fortune, Jason DeRoche, and Reginald Cleveland ("Plaintiffs") bring this motion to compel against Defendant Alan Hostetter for his failure to make initial disclosures or respond to Plaintiffs' discovery requests. For the reasons set forth in this motion, and in consideration of the Declaration of Marc P. Epstein and the Exhibits attached thereto, Plaintiffs respectfully request that the Court compel Defendant Hostetter to make his initial disclosures and order him to respond to Plaintiffs' discovery requests. In addition, Plaintiffs request that the Court warn Hostetter that his continued failure to make initial disclosures or respond to Plaintiffs' discovery requests will result in the Court entering default judgment against him.

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

FACTS ................................................................................................................................ 1

PROCEDURAL HISTORY ................................................................................................ 3

ARGUMENT ...................................................................................................................... 4

    I.    Hostetter's failure to provide initial disclosures merits judicial relief. ................................ 4

    II.   The Court should compel Hostetter to respond to Plaintiffs' discovery requests. ............... 5

    III.  Hostetter's continued failure to provide initial disclosures or respond to Plaintiffs' discovery requests should result in the Court entering default judgment against him. ............... 6

CONCLUSION .................................................................................................................... 6

## INTRODUCTION

Plaintiffs brought this action against Defendant Hostetter and others for the harm they caused Plaintiffs by conspiring to carry out and by carrying out the January 6 attack on the U.S. Capitol (the "Attack"). Hostetter has not participated in this case in any way since filing an answer to Plaintiffs' amended complaint. He has not attended any status conference or made initial disclosures, despite the Court already extending his time to do so. Plaintiffs issued Hostetter discovery requests on April 4, 2023, to which he has not responded.

On July 12, 2023, Hostetter was convicted on multiple criminal charges for his actions leading up to and on January 6. He remains on Personal Recognizance. In light of Hostetter's *pro se* status, Plaintiffs sent additional letters to Hostetter—both after his trial concluded—including one requesting his disclosures and responses to Plaintiffs' discovery requests, but Hostetter has not responded to any of Plaintiffs' correspondence. Accordingly, the Court should compel Hostetter to make his initial disclosures and require him to respond to Plaintiffs' discovery requests. In addition, the Court should warn Hostetter that his continued failure to make initial disclosures or respond to Plaintiffs' discovery requests will result in the Court entering default judgment against him.

## FACTS

Hostetter is the founder of the "American Phoenix Project," an organization he used to spread false claims of election fraud and to encourage violence. Dkt. 89 ¶ 40. Like other Defendants, Hostetter responded to Defendant Donald J. Trump's call to action for supporters to gather in Washington, D.C., on January 6 to prevent Congress from certifying the election. *See id.* ¶¶ 87–90. Trump posted, "Be there, will be wild!", and Hostetter responded that he would "be there, bullhorns on fire, to let the swamp dwellers know we will not let them steal our country

from us." *Id.* ¶¶ 87, 90. Hostetter further said Trump had called on "all patriots" to "descend on Washington DC" on "the date of the Joint Session of Congress." *See id.* ¶ 90. Together, Hostetter and other Defendants established lines of communication—including via Telegram chats named "The California Patriots-Answer the Call Jan 6" and "The California Patriots-DC Brigade" ("DC Brigade")—recruited co-conspirators, and arranged logistics in anticipation of the January 6 Attack. *Id.* ¶ 99.a. The American Phoenix Project sponsored a rally in front of the Supreme Court on January 5, where Hostetter and others encouraged violence if the certification proceeded in Joe Biden's favor. *Id.* ¶ 107. Hostetter warned, "We are at war tomorrow," and "We are coming [for Congress] if they don't do the right thing." *Id.* The following day, Hostetter was among a group of Defendants that joined attackers on the Capitol grounds as they attempted to breach a police line at the Lower West Terrace and ultimately made their way to the Upper West Terrace. *Id.* ¶ 134. During the Attack, Hostetter communicated with other Defendants via the DC Brigade Telegram chat. *Id.* Hostetter later posted a photo of himself and another Defendant on the Upper West Terrace, calling the Attack "the 'shot heard round the world.' . . . the 2021 version of 1776" and threatening, "We are just getting started." *Id.* ¶ 140.d.

Hostetter was indicted for his actions leading up to and on January 6. *See United States v. Hostetter*, Case No. 1:21-cr-00392-RCL (D.D.C.). He was convicted on July 12, 2023, for conspiracy to obstruct an official proceeding, 18 U.S.C. § 1512(k), obstruction of an official proceeding, 18 U.S.C. § 1512(c)(2), entering or remaining in a restricted building or grounds with a deadly or dangerous weapon, 18 U.S.C. § 1752(a)(1), (b)(1)(A), and disorderly or disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon, 18 U.S.C. § 1752(a)(2), (b)(1)(A). *See* Notes for Oral Ruling from the Bench under Rule 23(c), *United States v. Hostetter*, Case No. 1:21-cr-00392-RCL (D.D.C. July 13, 2023), Dkt. 275. Hostetter remains on

Personal Recognizance. *See* Minute Entry for Bench Trial held on 7/13/2023 before Judge Royce C. Lamberth as to ALAN HOSTETTER, *United States v. Hostetter*, Case No. 1:21-cr-00392-RCL (D.D.C. July 13, 2023).

## PROCEDURAL HISTORY

Plaintiffs filed a complaint on August 26, 2021, asserting claims for conspiracy to interfere with civil rights under 42 U.S.C. § 1985, among others. Dkt. 1 at 58–71. Plaintiffs filed an amended complaint on December 3, 2021, Dkt. 89, and were granted an extension of time to serve Hostetter, Dkt. 94. Plaintiffs served Hostetter on January 12, 2022, Dkt. 121, and Hostetter answered the amended complaint on February 2, 2022, Dkt. 133.

Several parties—but not Hostetter—moved to dismiss the amended complaint. The Court largely denied those motions in a Memorandum Opinion and Order on January 26, 2023. Dkt. 179. The parties held a Rule 26(f) conference on February 24, 2023, *see* Dkt. 200 at 1 n.1, and the Court held an initial scheduling conference on March 17, 2023. Hostetter did not participate in the Rule 26(f) conference, the March 17, 2023 initial scheduling conference, or any subsequent status conference. *See, e.g.*, Dkt. 200 at 1 n.1; Declaration of Marc P. Epstein in Support of Motion to Compel ("Epstein Decl.") Exs. 2–5.

Following the Court's March 17, 2023, status conference, the Court issued a Scheduling Order requiring the parties to exchange initial disclosures by April 17, 2023. *See* Dkt. 213 at 1. Hostetter has not complied. The Court then extended the time for Hostetter and others to provide initial disclosures to May 18, 2023, *see* May 4, 2023 Minute Order, but Hostetter's initial disclosures remain outstanding.

Plaintiffs sent Hostetter requests for the production of documents on April 4, 2023. *See* Epstein Decl. Ex. 6. Hostetter did not respond. Plaintiffs then sent Hostetter a letter on August 18,

2023, requesting that Hostetter provide a current mailing address in light of the sensitive nature of documents Plaintiffs intended to make available to him in discovery. *See id.* Ex. 7. Plaintiffs sent Hostetter another letter dated August 25, 2023, noting his failure to respond to the requests or to make timely disclosures and requesting that he provide his responses and disclosures by September 8, 2023. *See id.* Ex. 8. Plaintiffs attached their prior discovery requests, the Court's April 5, 2023 Scheduling Order and May 4, 2023 Minute Order, and Federal Rules of Civil Procedure 26 and 34. *See id.* Plaintiffs received a U.S. Postal Service return receipt indicating the August 25 letter was delivered on September 13, 2023. *See* Epstein Decl. Ex. 9. Plaintiffs also emailed Hostetter the letter and its attachments to an email address from which Hostetter had previously contacted Plaintiffs' counsel. *See* Epstein Decl. Exs. 1, 10. Hostetter has not responded to any of Plaintiffs' correspondence.

## ARGUMENT

The Court should compel Defendant Hostetter to provide initial disclosures and respond to Plaintiffs' discovery requests. In addition, the Court should warn Hostetter that his continued failure to make initial disclosures or respond to Plaintiffs' discovery requests will result in the Court entering default judgment against him.

**I.   Hostetter's failure to provide initial disclosures merits judicial relief.**

Federal Rule of Civil Procedure 26(a)(1) requires parties to make initial disclosures within 14 days of a Rule 26(f) conference unless a different time is set by stipulation or court order or a party objects that disclosures are not appropriate. A party may move for an order compelling disclosure if another party fails to make a disclosure required by Rule 26(a)(1). Fed. R. Civ. P. 37(a)(3)(A); *see also, e.g.*, *Myrdal v. District of Columbia*, No. CIV.A. 05-02351 RCL, 2007 WL 1655875, at *3 (D.D.C. June 7, 2007) (compelling defendant to provide initial disclosures and

prohibiting defendant from using "as evidence at a trial, at a hearing, or on a motion any witness or information not [thereafter] disclosed").

Initial disclosures were due April 17, 2023, and the Court has already extended the parties' time to make their disclosures. *See* Dkt. 213 at 1; May 4, 2023 Minute Order. Hostetter has ignored those deadlines without explanation, as well as Plaintiffs' letters requesting that he make his disclosures. Accordingly, the Court should compel Hostetter to provide initial disclosures.

## II.    The Court should compel Hostetter to respond to Plaintiffs' discovery requests.

The Court should issue an order compelling Hostetter to respond to Plaintiffs' discovery requests. Federal Rule of Civil Procedure 26(b)(1) authorizes discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." A party may serve on another party a request within the scope of Rule 26(b) to produce documents or electronically stored information. Fed. R. Civ. P. 34(a)(1). The party to whom the request is directed must respond within 30 days after being served. Fed. R. Civ. P. 34(b)(2)(A). If that party fails to produce documents in response to a request under Rule 34, the issuing party may move for an order compelling production of documents. Fed. R. Civ. P. 37(a)(3)(B). "When evaluating a motion to compel, courts consider the parties' efforts to resolve the dispute, the relevance of the information sought, and whether the information sought is unreasonably duplicative or can be obtained from some other, more convenient source." *Nasreen v. Capitol Petroleum Grp., LLC*, 340 F.R.D. 489, 494 (D.D.C. 2022) (citation omitted).

Plaintiffs issued discovery requests to Hostetter over five months ago, and the requests plainly seek relevant information and are proportional to the needs of this case. *See generally* Epstein Decl. Ex. 6. He has not argued otherwise, and he should be compelled to respond.

5

**III.    Hostetter's continued failure to provide initial disclosures or respond to Plaintiffs' discovery requests should result in the Court entering default judgment against him.**

Federal Rule of Civil Procedure 37(b) authorizes the Court to impose sanctions for failure to abide by a discovery order, including entering default judgment against the disobedient party. Defendant Hostetter has not participated in any way in this case beyond responding to Plaintiffs' amended complaint. He has missed all Court conferences thus far, has not made initial disclosures, and has not responded to any of Plaintiffs' discovery requests. Although Plaintiffs do not believe a motion for sanctions is yet ripe, Plaintiffs request that the Court put Defendant on notice that his continued failure to make initial disclosures or respond to Plaintiffs' discovery requests will result in the Court entering default judgment against him. *Cf., e.g.*, *Betz v. My Computer Career*, No. 21-CV-1080-ABJ-ZMF, 2022 WL 1024723 (D.D.C. Mar. 25, 2022) (notifying *pro se* litigant that "if he fails to comply with the Court's orders moving forward, 'the Court will be forced to issue harsher sanctions." (cleaned up)); *Shvartser v. Lekser*, 321 F.R.D. 23, 24 (D.D.C. 2017) (same) (citation omitted).

<u>**CONCLUSION**</u>

Defendant Hostetter has not responded to discovery requests issued over five months ago and his initial disclosures are over five months late. The Court should grant Plaintiffs' motion and order Hostetter to make his initial disclosures and respond to Plaintiffs' requests for production. Should he continue to ignore this Court's orders thereafter and fail to meet his discovery obligations, the Court should enter a default judgment against him, consistent with Federal Rule of Civil Procedure 37.

Respectfully submitted,

By:   */s/ Marc P. Epstein*
Jon Greenbaum, D.C. Bar No. 489887
Edward G. Caspar, D.C. Bar No. 1644168
David Brody, D.C. Bar No. 1021476
Marc P. Epstein D.C. Bar No. 90003967
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street N.W., Suite 900
Washington, DC  20005
Tel: 202-662-8390
jgreenbaum@lawyerscommittee.org
ecaspar@lawyerscommittee.com
dbrody@lawyerscommittee.org
mepstein@lawyerscommittee.org


Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Claire O'Brien, *pro hac vice*
Elizabeth H. Snow, *pro hac vice*
Esther D. Ness, *pro hac vice*
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
cobrien@selendygay.com
esnow@selendygay.com
eness@selendygay.com

Dated:      October 6, 2023


William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
Anna T. Neill, *pro hac vice*
KENNY NACHWALTER, P.A.
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Tel: 305-373-1000
wblechman@knpa.com
ehonkonen@knpa.com
aneill@knpa.com

*Attorneys for Plaintiffs Conrad Smith, et al.*

7

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5, a copy of the foregoing filing is being served electronically on those parties who have appeared and registered with the Court's ECF system. Plaintiffs are serving remaining defendants via first class mail or other permitted means.

/s/ Marc P. Epstein
Marc P. Epstein