# Exhibit 1

# Marc Epstein

| | |
|---|---|
| **From:** | Alan Hostetter <alanhostetter@gmail.com> |
| **Sent:** | Friday, January 28, 2022 7:40 PM |
| **To:** | Jon Greenbaum; Edward Caspar; David Brody; Noah Baron |
| **Subject:** | [MACRO WARNING] Reply to Civil Action 1:21-cv-02265-APM |
| **Attachments:** | ReplyToCivilAction  DJT et al.doc |

1

ALAN HOSTETTER
P.O. BOX 1477
SAN CLEMENTE, CA 92674

Pro Se Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| CONRAD SMITH, DANNY McELROY, BYRON EVANS, GOVERNOR LATSON, MELISSA MARSHALL, MICHAEL FORTUNE, and JASON DEROCHE<br><br>Plaintiffs, vs.<br><br>DONALD J. TRUMP, ALAN HOSTETTER et al.<br><br>Defendants | Civil Action No. 1:21-cv-02265-APM<br><br>**DEFENDANT ALAN HOSTETTER'S ANSWER TO AMENDED COMPLAINT**<br>**JURY TRIAL DEMANDED** |

**DEFENDANT ALAN HOSTETTER'S ANSWER TO COMPLAINT**

Pro Se Defendant Alan Hostetter ("Defendant"), hereby submits his "answer" to the complaint filed by plaintiffs in this matter (collectively, "Plaintiffs). Defendant commences his "answer" by putting each individual plaintiff, the organization known as "Lawyers Committee for Civil Rights Under Law," and each individual attorney representing plaintiffs that Defendant will be filing a counter lawsuit to address the libelous content of this lawsuit. Further, Defendant also puts on notice Mr. George Soros of same as he is the primary funder of "Lawyers Committee for Civil Rights Under Law," the organization filing this baseless, defamatory lawsuit.

Defendant asserts, at this time, that any and all specific answers to the complaint will force a choice to either assert his right to remain silent or make a specific answer to the complaint. Accordingly, and following the Court's Ruling of November 10, 2021, Defendant asserts his defenses as follows below. In the alternative, Defendant asks the Court to allow him leave to file a more specific and complete answer in the future should it become necessary and/or appropriate.

### GENERAL DENIAL – F.R.C.P. 8(b)(3)

Defendant is currently facing criminal prosecution arising from the same facts and circumstances that Plaintiffs' have alleged as the basis for their frivolous and defamatory claims in this complaint. Defendant is asserting his 5th Amendment rights in this litigation during the pendency of his criminal prosecution; as a result, he is not able to fully respond to the allegations in Plaintiff's complaint. Therefore, pursuant to F.R.C.P. 8(b)(3), Defendant, denies each and every baseless and defamatory allegation in Plaintiff's complaint.

### DEMAND FOR JURY

Answering Defendant hereby demands trial by jury on all issues so triable.

### AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE / FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

All of Plaintiff's claims fail, in whole or in part, because Plaintiff has failed to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE / LACK OF STANDING**

All of Plaintiff's claims fail, in whole or in part, because Plaintiff's lack standing to bring the claims asserted.

**THIRD AFFIRMATIVE DEFENSE / CONTRIBUTION and INDEMNITY**

Defendant did not assault or engage in a physical confrontation with ANY law enforcement officer on the date in question and this includes the Plaintiffs in this defamatory, frivolous lawsuit.

However, to the extent Plaintiffs were injured during the performance of their duties, which would include controlling an unruly crowd AND taking all precautionary steps long before the event occurred to prevent the crowd from becoming unruly in the first place, any injuries Plaintiffs suffered were actually and proximately caused by persons or groups other than this answering defendant. Accordingly, Defendant is entitled to contribution and indemnity from the responsible parties, if any.

**FOURTH AFFIRMATIVE DEFENSE / STATUTE OF LIMITATIONS**

Upon information and belief, Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitation.

**FIFTH AFFIRMATIVE DEFENSE / ACCORD AND SATISFACTION, RELEASE, WAIVER AND ESTOPPEL**

Upon information and belief, Plaintiffs' claims are barred, in whole or in part, by the doctrines of accord and satisfaction release, waiver and estoppel.

**SIXTH AFFIRMATIVE DEFENSE / LAWFUL EXERCISE OF CONSTITUTIONAL RIGHTS**

Upon information and belief, Plaintiffs' claims are barred as the result of answering defendant's conduct being limited to the lawful exercise of constitutionally protected rights and privileges.

**SEVENTH AFFIRMATIVE DEFENSE / LACK OF MALICE**

Plaintiff's punitive damages claims are barred because there can be no malice or reckless indifference to the federally protected rights of plaintiffs when Defendant simply did not engage in the acts described in this frivolous, baseless, defamatory lawsuit.

Dated January 28, 2022

Respectfully Submitted,

/s/ *Alan Hostetter*
Alan Hostetter (Pro Se Defendant)

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2022, I will send via U.S. Postal Service "certified mail / signature required," the foregoing document to:

U.S. District Court

Angela D. Caesar, Clerk of the Court

333 Constitution Ave., N.W.

Washington D.C. 20001

Room 1225

A copy was also sent by email on January 28, 2022 to the following:

Jon Greenbaum, Esq., D.C. Bar No. 489887

Edward G. Caspar, Esq., D.C. Bar No. 1644168

-4-

David Brody, Esq., D.C. Bar No. 1021476

Noah Baron, Esq., D.C. Bar No. 1048319

Lawyers' Committee for Civil Rights Under Law

1500 K Street N.W., Suite 900

Washington, DC 20005

Tel: (202) 662-8300

jgreenbaum@lawyerscommittee.org

ecaspar@lawyerscommittee.org

dbrody@lawyerscommittee.org

nbaron@lawyerscommittee.org

*Legal Co-Counsel for Plaintiffs*