UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CONRAD SMITH, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DONALD J. TRUMP, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No. 21-cv-02265 (APM) |

## MEMORANDUM OPINION

### I.

In the court's previous Memorandum Opinion and Order, ECF No. 179, the court dismissed multiple claims against Defendant Brandon J. Straka—including the federal claims against him—because Plaintiffs had not pleaded sufficient facts to establish his involvement in the alleged conspiracy culminating in the events of January 6th, 2021. *See* Mem. Op. and Order, ECF No. 179, at 12 (dismissing claims against Defendant Straka under 42 U.S.C. § 1985(1), 42 U.S.C. § 1986, the District of Columbia Bias-Related Crimes Act, and common law negligence). The court held that "[u]nlike other Defendants, Plaintiffs do not allege that Straka planned and prepared with others to come to Washington, D.C., on January 6th. And, although Plaintiffs allege that Straka encouraged unidentified individuals to attack the Capitol building . . . they do not contend that he engaged in those acts as part of any group or organized effort. These allegations are not enough to plausibly plead Straka as a participant in a § 1985(1) conspiracy." *Id.* at 12–13.

Plaintiffs have two active claims left against Straka—common law battery and assault. He now moves to dismiss them, asserting that the court lacks supplemental jurisdiction or, alternatively, should decline to exercise it. *See* Def. Brandon J. Straka's Special Mot. to Dismiss

Under 28 U.S.C. § 1367, ECF No. 206, at 1.  The court agrees that it lacks supplemental jurisdiction over the remaining claims and dismisses them, and this action, against Straka.

## II.

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  "A federal claim and a state law claim form part of the same Article III case or controversy if the two claims derive from a common nucleus of operative fact such that the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional case."  *Lindsay v. Gov't Emps. Ins. Co.*, 448 F.3d 416, 423–24 (D.C. Cir. 2006) (citations and internal quotation marks omitted).  Where "the same acts violate parallel federal and state law, the common nucleus of operative facts is obvious."  *Id.* (quoting *Lyon v. Whisman*, 45 F.3d 758, 761 (3d Cir. 1995)).  Put differently, if "[t]he facts necessary to prove a violation of one are practically the same as those needed to prove a violation of the other," the exercise of supplemental jurisdiction is proper.  *Id.* (quoting *Pueblo Int'l, Inc. v. De Cardona*, 725 F.2d 823, 826 (1st Cir. 1984)).

In this case, Plaintiffs' federal claims against Straka sounded in conspiracy, and the court held that Plaintiffs' contention that Straka participated in them was not plausible.  What is left then are Straka's alleged acts of battery and assault.  Those consist of participating in the attack and yelling directions to others to take a protective shield from the hands of a Capitol police officer trying to protect himself.  Am. Compl., ECF No. 89, ¶ 127.  These alleged acts of battery and assault—really, aiding and abetting a battery and assault—do not derive from the same nucleus of

operative facts as the federal conspiracies. The common law claims rest on individual acts that occurred at a particular time and location at the U.S. Capitol on January 6th; by contrast, the conspiracy claims against the defendants are premised on wide-ranging conduct, occurring over months, by various actors who allegedly combined to prevent by force, intimidation, and threats members of Congress, staffers, and U.S. Capitol Police officers from discharging their lawful duties on January 6th. *Id.* ¶¶ 166–81. The alleged facts underlying the remaining common law claims against Straka, and the proof required to establish them, are thus not "practically the same" as those comprising the now-dismissed federal claims against him.

The court therefore lacks supplemental jurisdiction as to the claims of battery and assault against Straka. *See, e.g., Taylor v. Dist. of Columbia*, 626 F. Supp. 2d 25, 27–29 (D.D.C. 2009) (finding no basis for supplemental jurisdiction over state-law claims and § 1983 claims, although both related to lead-based paint hazard, because "the facts necessary to prove that the District breached a duty of care to [plaintiffs] would provide little insight" into the case against the relevant defendant); *Ning Ye v. Holder*, 667 F. Supp. 2d 103, 103–05 (D.D.C. 2009) (finding no supplemental jurisdiction over a defamation claim for one defendant when the court had jurisdiction over "federal defendants" for a variety of non-related federal claims); *Singh v. George Washington Univ.*, 368 F. Supp. 2d 58, 72 (D.D.C. 2005), *rev'd on other grounds*, 508 F.3d 1097 (D.C. Cir. 2007) (court lacked supplemental jurisdiction over a state defamation claim because the facts needed to prove the defamation claim would provide no insight into the facts needed to prove the federal discrimination claim).

### III.

Even when a court has the authority to retain supplemental jurisdiction over state law claims, this does not mean that the court *must* hear them, as supplemental jurisdiction is a "doctrine

of discretion." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Prakash v. Am. Univ.*, 727 F.2d 1174, 1183 (D.C. Cir. 1984). A court "may decline to exercise supplemental jurisdiction" if "the claim raises a novel or complex issue of State law"; "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction"; "the district court has dismissed all claims over which it has original jurisdiction"; or "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). In deciding whether to assert supplemental jurisdiction over a state claim, the court should consider judicial economy, convenience, and fairness to litigants. *See Women Prisoners of the D.C. Dep't of Corr. v. District of Columbia,* 93 F.3d 910, 920 (D.C. Cir. 1996); *Lopez v. Council on Am.-Islamic Rels. Action Network, Inc.*, 657 F. Supp. 2d 104, 115–16 (D.D.C. 2009), *aff'd*, 383 F. App'x 1 (D.C. Cir. 2010).

      These factors weigh against maintaining jurisdiction over the common law claims against Straka. This is already a complex case. Straka is but one of over two dozen named defendants, against whom the primary claim is that they combined to obstruct or interfere with the Electoral College vote count on January 6th through the use of force. In comparison, the claims against Straka are self-contained and can be resolved more efficiently in a separate case. In addition, it is simply unfair to keep Straka in a case of such complexity, when the bulk of it does not concern him. There is also no prejudice to Plaintiffs as this case is in the beginning stages and can be re-filed against Straka. *See* 28 U.S.C. § 1367(d); *Artis v. Dist. of Columbia*, 583 U.S. 71, 75 (2018) (tolling the limitations period on state-law claims and providing a 30-day period for re-filing in state court, if necessary).

**IV.**

For the foregoing reasons, Defendant Brandon J. Straka's Special Motion to Dismiss Under 28 U.S.C. § 1367, ECF No. 206, is granted. The court dismisses the battery and assault claims against him without prejudice. A separate final, appealable order accompanies this Memorandum Opinion.

Dated: October 13, 2023

Amit P. Mehta
United States District Court Judge