IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CONRAD SMITH,
et al.,

    Plaintiffs,

v.

DONALD J. TRUMP,
et al.,

    Defendants.
_____/

CASE NO.: 1:21-CV-02265-APM

**DEFENDANT BRANDON J. STRAKA'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO SEEK ATTORNEY'S FEES AND COSTS <u>PURSUANT TO FED. R. CIV. P. 54(d)</u>**

Pursuant to Federal Rules of Civil Procedure 6(b) and 54(d)(2)(B), Brandon Straka moves that the Court extend his time to file a motion for attorney's fees and costs pursuant to Federal Rule of Civil Procedure 54(d) by 14 days until November 10, 2023. Counsel has conferred with opposing counsel, and this motion is unopposed.

On October 13, 2023, this Court granted Defendant Brandon J. Straka's special motion to dismiss under 28 U.S.C. § 1367. ECF Nos. 206, 255, 256. The Court noted that the order is "a final, appealable order" and dismissed the two remaining claims against Mr. Straka—aiding and abetting assault and battery, respectively—without prejudice for lack supplemental jurisdiction. ECF No. 256; *see also* ECF No. 255 at 5. Previously, the Court dismissed all the Plaintiffs' other claims against Mr. Straka, including two claims under the Civil Rights Act, 42 U.S.C. §§1985 and 1986, respectively. ECF No. 179 at 22.

The Civil Rights Act has an attorney's fees provision:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's

1

> fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

42 U.S.C. § 1988(b). Mr. Straka is no longer a defendant in this case, and with the final, appealable dismissal order has had judgment entered against him. *See* FED. R. CIV. P. 54(a) ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies."); *see also* FED. R. CIV. P. 54(b). But with original jurisdiction over the Plaintiffs' Section 1985 and 1986 claims, the Court retains ancillary jurisdiction over Mr. Straka's fees petition under Section 1988. *United Bhd. of Carpenters & Joiners of Am. v. Operative Plasterers' & Cement Masons' Int'l Ass'n, AFL-CIO*, No. CV 09-2212 (RBW), 2013 WL 12324662, at *2 (D.D.C. Oct. 18, 2013) (quoting *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004)).

To pursue a claim for fees and costs, Mr. Straka must file his motion within 14 days. However, the Court has discretion to extend this time:

> Unless a statute *or a court order* provides otherwise, the motion [for attorney's fees and costs] must:
>
>> (i) be filed no later than 14 days after the entry of judgment;
>>
>> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
>>
>> (iii) state the amount sought or provide a fair estimate of it; and
>>
>> (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

FED. R. CIV. P. 55(d)(2) (emphasis added). The Court may also, "for good cause, extend the time . . . with . . . motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]" FED. R. CIV. P. 6(b).

There is good cause to grant the requested relief. Mr. Straka and the Plaintiffs have conferred and have made progress toward settling the matter, which may include Mr. Straka not

2

seeking fees under Section 1988. A two-week extension may resolve all claims between Mr. Straka and the Plaintiffs. If it does not, there will be no prejudice upon any party.

Wherefore, Mr. Straka respectfully requests that the Court enter the accompanying proposed order, which extends his response deadline to November 10, 2023.

Respectfully submitted,

Brandon J. Straka

By Counsel

| | |
|---|---|
| */s/ Stephen Klein* | |
| Stephen R. Klein | Julianne E. Murray |
| Bar No. 177056 | (*Pro Hac Vice*) |
| BARR & KLEIN PLLC | LAW OFFICES OF MURRAY, PHILLIPS & GAY |
| 1629 K St. N.W. Ste. 300 | 215 E. Market Street |
| Washington, DC 20006 | Georgetown, DE 19947 |
| Telephone: (202) 804-6676 | Telephone: (302) 885-9300 |
| steve@barrklein.com | julie@murrayphillipslaw.com |

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of October, 2023, I served the foregoing on all counsel of record by electronic mail.

I further certify that, pursuant to Federal Rule of Civil Procedure 5(b)(2)(C), counsel will endeavor to serve all other named Defendants a copy of this filing by first class mail.

/s/ Stephen Klein
Stephen R. Klein

*Counsel to Brandon J. Straka*
