# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA J. LEE *et al.*,<br><br>                              *Plaintiffs*,<br><br>                    v.<br><br>DONALD J. TRUMP *et al.*,<br><br>                              *Defendants*. | Case No. 21-cv-00400 (APM)<br><br>(lead case) |
| ERIC SWALWELL,<br><br>                              *Plaintiff*,<br><br>                    v.<br><br>DONALD J. TRUMP *et al.*,<br><br>                              *Defendants*. | Case No. 21-cv-00586 (APM)<br><br>(consolidated case) |
| JAMES BLASSINGAME *et. al.*,<br><br>                              *Plaintiffs*,<br><br>                    v.<br><br>DONALD J. TRUMP,<br><br>                              *Defendant*. | Case No. 21-cv-00858 (APM)<br><br>(consolidated case) |
| CONRAD SMITH *et al.*,<br><br>                              *Plaintiffs*,<br><br>                    v.<br><br>DONALD J. TRUMP *et al.*,<br><br>                              *Defendants*. | Case No. 21-cv-02265 (APM)<br><br>(consolidated case) |
| MARCUS J. MOORE *et al.*,<br><br>                              *Plaintiffs*,<br><br>                    v.<br><br>DONALD J. TRUMP,<br><br>                              *Defendant*. | Case No. 22-cv-00010 (APM)<br><br>(consolidated case) |

| | |
|---|---|
| BOBBY TABRON *et al.*, <br><br> *Plaintiff*, <br><br> v. <br><br> DONALD J. TRUMP, <br><br> *Defendants*. | Case No. 22-cv-00011 (APM) <br><br> (consolidated case) |
| BRIANA KIRKLAND, <br><br> *Plaintiff*, <br><br> v. <br><br> DONALD J. TRUMP, <br><br> *Defendant*. | Case No. 22-cv-00034 (APM) <br><br> (consolidated case) |
| SANDRA GARZA, <br><br> *Plaintiff*, <br><br> v. <br><br> DONALD J. TRUMP *et al.*, <br><br> *Defendants*. | Case No. 23-cv-00038 (APM) <br><br> (consolidated case) |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c)(1), and for good cause shown, the Court hereby enters the following Stipulated Protective Order:

WHEREAS, during the course of each of the above-captioned actions, including any related discovery, pre-trial, trial, post-trial or appellate proceedings (each an "Action," and collectively, the "Actions"), the parties to the Actions (the "Parties") and third parties may be required to disclose confidential and sensitive information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS, on June 1, 2023, the Court issued a Stipulated Protective Order in the Action *Smith v. Trump*, No. 21-cv-02265 (APM), Dkt. 223 (the "Smith Protective Order");

WHEREAS, on February 16, 2024, the Court issued an Order consolidating all of the Actions for purposes of immunity-related discovery concerning Defendant Donald J. Trump ("former President Trump"), resolution of the immunity issue on summary judgment, and merits discovery, if necessary, and ordering all future filings in the Actions to be made in the first-filed Action, *Lee v. Trump*, No. 21-cv-00400 (APM) (D.D.C.), unless otherwise ordered;

WHEREAS, the Court has directed the Parties to "submit a proposed protective order that, at a minimum, ensures that any discovery responses from Defendant Trump shall remain under seal until further order of the Court," Dkt. 106, at 9;

WHEREAS, a protective order pursuant to Rule 26(c) is necessary in these Actions to prevent unnecessary disclosure or dissemination of such confidential and sensitive information, facilitate discovery, and ensure efficient and prompt resolution of these Actions;

WHEREAS, neither his execution of this Stipulated Protective Order, his stipulation to the provisions set forth below, nor his participation in immunity inquiry discovery are intended as a waiver of former President Trump's Fifth Amendment rights against self-incrimination;

WHEREAS, former President Trump is not waiving his Fifth Amendment Right to not be compelled, when complying with the limited immunity discovery permitted by the Court, to provide answers that might tend to incriminate or be used against him in his criminal proceedings or any other future criminal proceeding;

WHEREAS, former President Trump has executed this Stipulated Protective Order and stipulated to the provisions set forth below in reliance on the Court's commitments to "impose safeguards to ensure that the immunity discovery in this case does not exceed what is ordinarily discoverable in a criminal case" and "to protect Defendant's Fifth Amendment privilege," including by "limiting the form and sequence of discovery, sealing discovery responses, and conducting

*in camera* review of privilege disputes," Dkt. 106 at 5, as well as on the protections set forth in

Fed. R. Civ. P. 36(b);

      THEREFORE, IT IS HEREBY ORDERED that the following provisions of this Stipulated

Protective Order shall supersede the Smith Protective Order and control the disclosure, dissemi-

nation, and use of material produced in discovery in these Actions, including but not limited to

any immunity discovery from former President Trump:

1. This Stipulated Protective Order is being entered to facilitate the production, exchange and discovery of documents, electronically stored information, testimony, and tangible things in these Actions (collectively, "Discovery Material") that merit protection from unauthorized disclosure ("Designated Material").

    a. **Confidential Material**. As used herein, "Confidential Material" means any Discovery Material that has been specifically marked or designated as "Confidential" by any Party or non-party (the "Designating Party") and that includes any Discovery Material that a Designating Party reasonably and in good faith believes constitutes or discloses information that is not available to the public and that constitutes or discloses: (1) private health or medical records of any person; (2) personally identifying information of any person, including identification numbers, addresses, and telephone numbers for any person, and the name of any minor child; (3) confidential personal correspondence, notes, or communications; (4) confidential policies, protocols, sources, or methods of the United States Capitol Police, Washington, D.C. Metropolitan Police Department, or other law-enforcement agency; (5) personnel or employment records of any person; (6) confidential financial records; (7) competitively or commercially sensitive information; (8) confidential and sensitive political records relating to the performance of duties in the executive branch of the United States government; (9) confidential and sensitive records relating to Defendant Trump's 2020 or 2024 presidential election campaigns; (10) any immunity-related discovery responses from former President Trump, except as to materials generated by persons other than former President Trump or his counsel, and (11) information with respect to which former President Trump asserts a Fifth Amendment privilege against compelled self-incrimination, including any information relevant to any current or potential future federal, state, or local prosecution of former President Trump.

    b. **Attorneys' Eyes Only Material**. As used herein, "AEO Material" means any Discovery Material that that has been specifically marked or designated as "Attorneys' Eyes Only" by any Designating Party and that includes Discovery Material that the Designating Party reasonably and in good faith believes constitutes or discloses information that is of such a sensitive nature that its dissemination cannot adequately be protected by the Confidential Material designation.

      i.   Unless and until otherwise ordered by the Court, all Discovery Material in categories 10 and 11 of paragraph 1(a), above ("Trump AEO Material"), including but not limited to former President Trump's responses to interrogatories and requests for admission in connection with the immunity inquiry, shall be treated as AEO Material, whether or not specifically designated as such; provided, however, that such material that is otherwise available in the public domain shall not be treated as AEO Material.

   c.  For the avoidance of doubt, information available in the public domain shall not constitute Designated Material. The following Discovery Materials shall not be designated as Designated Material unless the custodian of such Discovery Material (*i.e.*, the United States Capitol Police, Washington, D.C. Metropolitan Police Department, Office of the Architect of the Capitol, Speaker of the House, etc.) indicates that they should be so designated: (1) video surveillance recordings and audio surveillance recordings of, and from, the United States Capitol buildings and grounds that were recorded on January 6, 2021; (2) United States Capitol Police and Washington D.C. Metropolitan Police Department Computer Aided Dispatch System documents and recordings from January 6, 2021; (3) law enforcement officer body-worn camera recordings that were recorded by officers on duty at the United States Capitol buildings and grounds on January 6, 2021; and (4) law enforcement motor vehicle dashboard camera, MVR video recording device, or similar recording device recordings that were recorded at the United States Capitol buildings and grounds on January 6, 2021.

   d.  All complete or partial copies of Designated Material, written summaries of Designated Material, and information derived from Designated Material constitute Designated Material subject to the terms of this Stipulated Protective Order according to the applicable designation, whether Confidential Material or AEO Material.

2.  **Manner of Designation**.

   a.  Discovery Material may be designated as Designated Material under this Stipulated Protective Order by the person or entity producing it (the "Producing Party"), or by any other Party to these Actions, either by placing or affixing the phrase "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on each designated page of the so-designated Discovery Material in a manner that will not interfere with its legibility or readability, or by making a statement on the record of a deposition, or by following the procedures set forth in Paragraph 4 following a deposition, or by other means agreed to by the Parties.

   b.  If a Producing Party produced any Discovery Material prior to the effective date of this Order, then the Producing Party may designate, within 14 days from the date of this Order, any such Discovery Material as Designated Material. The provisions of Paragraph 7 (Challenges to Confidentiality Designations) still apply to the designation of prior produced documents as Designated Material. The Parties agree that, pending the resolution of any such disputed matter, under Paragraph 7, they

will treat the information or document as Designated Material under the terms of this Order.

c.  To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Discovery Material that a Producing Party believes in good faith should have been designated as Designated Material, regardless of whether the Discovery Material was so designated at the time of disclosure, will not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality or of former President Trump's Fifth Amendment rights against self-incrimination, either as to the specific Discovery Material disclosed or as to any other Discovery Material concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying, in writing, counsel for all Parties to whom the Discovery Material was disclosed that the Discovery Material should have been designated as Designated Material within a reasonable time after disclosure. Such notice will constitute a designation of the relevant Discovery Material as Designated Material under this Stipulated Protective Order.

3.  **Protection of Designated Material**.

Designated Material may be used by a Party other than the Designating Party only for the prosecution and/or defense of claims asserted in these Actions. Additionally, given the need for close coordination between his counsel, former President Trump may disclose Designated Material, including AEO material, to his criminal counsel in *United States v. Trump,* 1:23-cr-00257 (D.D.C.) (the "D.C. Criminal Action") for use in preparing for that case. Designated Material may not be used by a Party other than the Designating Party for any other purpose, including but not limited to any use by a Party other than the Designating Party in any other country, state, federal, local and/or municipal, administrative or legal proceeding, lawsuit, enforcement action, arbitration, mediation, or other proceedings, regardless of the nature of the relationship between such proceeding and the claims asserted in these Actions. Designated Material must not be made public by a Party other than the Designating Party at any time, except as permitted under this Stipulated Protective Order. Notwithstanding the foregoing, a Party other than the Designating Party may disclose Designated Material as permitted under this Stipulated Protective Order. Nothing in this Stipulated Protective Order shall restrict a Designating Party from using its own Designated Material in any manner and for any purpose. In the event a Designating Party makes public its own Designated Material, other parties to this agreement may make public other Designated Material that is necessary to place the publicized Designated Material in context.

a.  A Party other than the Designating Party may disclose Designated Material for only the purposes permitted by this Order and to only the following persons:

i.  The Parties to these Actions, provided that AEO Material may not be disclosed to the Parties, and further provided that counsel expressly advises each Party represented by such counsel of the need to maintain the confidentiality of Confidential Material pursuant to the terms of this Stipulated Protective Order;

ii.  Any Persons who appear on the face of the Designated Material as an author, addressee, or recipient thereof;

iii.  Any Persons in whose files the Designated Material was found or any custodian who otherwise possessed the Designated Material;

iv.  Counsel representing any Party in connection with these Actions, and their associates, legal assistants, and other support employees who are assisting in these Actions;

v.  Counsel representing any party in connection with any civil action designated by the Court as related to these Actions, as well as counsel representing Defendant Trump in the criminal action *United States v. Trump,* 1:23-cr-00257 (TSC) (D.D.C.), and their associates, legal assistants, and other support employees who are assisting in such Action, subject to the terms of Paragraph 3(b) below;

vi.  Any expert, consultant, mediator, arbitrator, mock juror, or other professional consulted or retained for the purposes of these Actions, as well as such professional's support staff, subject to the terms of Paragraph 3(b) below;

vii.  Personnel of third-party vendors engaged by any of the Parties to assist in (a) the coding, imaging, or other management of documents for purposes of this litigation; or (b) the preparation of demonstrative exhibits or other visual aids for presentation at a hearing or trial, in either case (a) or (b) subject to the terms of Paragraph 3(b) below;

viii.  The Court and authorized Court personnel, including court reporters and videographers at any deposition taken in this case, provided that a Party wishing to use Designated Material in open court must give prior notice of such Party's intent to do so to the Designating Party, and provide reasonable opportunity for the opposing party to object and seek an appropriate remedy, including an order of this Court; and

ix.  Jurors and witnesses at any hearing, deposition, or trial of this case, provided that (1) such recipients do no retain copies of Designated Material, and (2) a Party wishing to show Designated Material to jurors or a witness in open court must give prior notice of such Party's intent to do so to the Designating Party, and provide reasonable opportunity for the opposing party to object and seek an appropriate remedy, including an order of this Court; and

x.  Any other person who is permitted to receive such Designated Material pursuant to an order of this Court or the prior written consent of the Designating Party.

b.  Before any Designated Material may be disclosed to any person described in Paragraph 3(a)(v), 3(a)(vi), or 3(a)(vii), each such person must attest under oath, in a written document in the form attached hereto as "Exhibit A," that he or she is fully

familiar and agrees to comply with the terms of this Stipulated Protective Order and further agrees to submit to the jurisdiction of this Court with respect to any disputes arising under this Stipulated Protective Order. Counsel must maintain a copy of each signed "Exhibit A" until the final termination of these Actions, as set forth in Paragraph 10 below.

4. **Depositions**. Unless all Parties agree otherwise on the record at the time the deposition testimony is taken, all deposition testimony taken in these Actions shall presumptively be treated as Designated Material until the 30th calendar day after the deposition transcript is delivered to any Party or the witness (the "30-Day Period"). Within the 30-Day Period, a Party may designate any portion of such deposition transcript as Designated Material by sending written notice to all other Parties identifying the specific portions of testimony that are so designated and the justification for such designations. After the expiration of the 30-Day Period, only designated portions of the deposition transcript will be protected by the terms of this Stipulated Protective Order.

5. **Inadvertent Disclosures; No Waiver of Privilege**.

   a. The inadvertent disclosure of Discovery Material subject to a claim of attorney-client privilege, work product protection, Fifth Amendment privilege, or other applicable privilege or protection ("Privileged Discovery Material"), is not a waiver of privilege or of protection from discovery in these Actions or in any other federal or state proceeding. For example, the mere disclosure of privileged or work product protected documents in these Actions as part of a production of multiple documents will be considered inadvertent and will not, by itself, constitute a waiver in this case or in any other federal or state proceeding. This Stipulated Protective Order should be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) and any analogous state rule of evidence.

   b. A Party or non-party seeking protection for inadvertently disclosed Privileged Discovery Material is not required to show that reasonable steps were taken to avoid the inadvertent disclosure of such documents or information. Upon receiving written notice from a Producing Party that Privileged Discovery Material has been produced (a "Clawback Notice"), the Party or Parties that have received privileged or protected documents (the "Receiving Party") (1) must promptly return, sequester, or destroy the specified Privileged Discovery Material and any copies the Receiving Party may have, including by deleting or otherwise permanently removing the Privileged Discovery Material from any document review databases, e-rooms, and other systems used by the Receiving Party to house documents; (2) must not use or disclose the Privileged Discovery Material until the Producing Party's privilege claim is resolved; and (3) must take reasonable steps to retrieve and destroy the Privileged Discovery Material from any third parties to whom the Receiving Party disclosed such Privileged Discovery Material before receiving the Clawback Notice.

   c. Within 14 days of serving a Clawback Notice, the Producing Party must provide the Receiving Party with a privilege log for the Privileged Discovery Material at

issue, from which the Receiving Party can determine whether or not to challenge the claim of privilege or other protection for those documents. Such a challenge by the Receiving Party, however, may not allege that privilege was waived for the challenged documents because they were produced as part of a mass production.

    d.   The Receiving Party may make no further use of the Privileged Discovery Material during any aspect of this matter or any other matter, including in depositions or at trial, unless the Privileged Discovery Material is later designated by a court as not, or no longer, privileged or protected. The contents of the Privileged Discovery Material must not be disclosed to anyone who was not already aware of such contents before the Clawback Notice was served, except that, should the Receiving Party file a motion challenging the privilege designation of a document on grounds other than inadvertent production, the Producing Party may submit the challenged document under seal for the Court's *in camera* review when it files its response to that motion. If the Receiving Party has any notes or other work product reflecting the contents of the privileged or protected documents, the Receiving Party may not review or use those materials, except to challenge the privilege designation of the material, unless a court later designates the privileged or protected documents as not, or no longer, privileged or protected.

6.   **Filing of Designated Material**.

    a.   Except as provided in paragraph (b), this Protective Order does not, by itself, authorize the filing of any document under seal. Any documents to be filed under seal must be done in accordance with Local Civil Rule ("LCvR") 5.1(h) or other applicable rule governing the sealing of documents. The Parties shall take reasonable efforts to avoid filing Designated Material on the public docket. When filing Designated Material, a Party other than the Designating Party shall also file a motion pursuant to LCvR 5.1(h) requesting the provisional treatment of the Designated Material as sealed to give the Designating Party a reasonable opportunity to request the sealing of such Designated Material. The burden of justifying the sealing of any Designated Material rests with the Designating Party. The Designating Party's failure to file a motion to seal within 7 days of the initial filing of the Designated Material will result in the placement of such Designated Material on the public docket. Any opposition shall be filed within 7 days of the motion to seal. No reply shall be permitted without leave of Court.

    b.   **Filing of Trump AEO Material**.

        i.   Unless and until otherwise ordered by the Court, all Parties and any other party subject to this Protective Order shall file any and all Trump AEO Material under seal in these Actions. All Parties and any other party subject to this Protective Order shall also take reasonable steps to avoid publicly disclosing any Trump AEO Material, including by attempting in good faith to file them, if at all, under seal in any other proceedings.

9

    ii. Any Party may move, for good cause shown, to unseal Trump AEO Material sealed pursuant to the preceding subsection. Unless otherwise ordered by the Court, the burden of justifying such unsealing rests with the moving Party. Any response to such motion shall be filed within 7 days. No reply shall be permitted without leave of Court.

7. **Challenges to Confidential Designations**.

    a. A Party may challenge the propriety of any designation under this Stipulated Protective Order at any time by serving the Designating Party with a captioned notice of objection (a "<u>Notice of Objection</u>"), which must identify with particularity the Discovery Material as to which the designation is challenged and state the basis for each challenge. Any Party also may seek removal of a designation as to any Discovery Material for good cause.

    b. Within 7 days following service of a Notice of Objection, or such other time as agreed to by the relevant Parties, the Party who served the Notice of Objection (the "<u>Challenging Party</u>") and the Designating Party must confer in good faith, in person or by telephone, to attempt to resolve the challenge (the "<u>Objection Conference</u>").

    c. In the event the Challenging Party and the Designating Party are unable to resolve the challenge informally, the Challenging Party may notify the Court within 7 days after the Objection Conference and request the Court's intervention to resolve the impasse.

    d. The original designation remains effective until the Court has ruled on the motion and during the period while any timely-filed objections are under consideration by the Court, as provided in Fed. R. Civ. P. 72(a).

8. **Designated Material Subpoenaed or Ordered Produced in Other Proceedings**.

    a. If a Receiving Party is served with a subpoena, discovery requests, or an order issued in another litigation or arbitration, or in a criminal or civil investigation or regulatory or administrative proceedings, which would compel disclosure of any material or document designated in these Actions as Designated Material, the Receiving Party must, to the extent permitted by law, so notify the Designating Party and the Court, in writing and as soon as reasonably practicable.

    b. The Receiving Party must also inform in writing the person who caused the subpoena, discovery request, or order to issue in the other proceedings that some or all of the requested materials are the subject of this Stipulated Protective Order. In addition, the Receiving Party must promptly deliver a copy of this Stipulated Protective Order to the requesting person in the other proceedings.

    c. The purpose of imposing the duties described in this paragraph is to alert the interested persons to the existence of this Stipulated Protective Order and to afford the Designating Party an opportunity to try to protect its Designated Material in the other proceedings or with the aid of this Court.

d.  The obligations set forth in this paragraph remain in effect while any Party has in its possession, custody, or control Designated Material received from any Designating Party or non-party in connection with these Actions.

e.  Nothing in this Paragraph 8 should be construed as authorizing or encouraging a Receiving Party in these Actions to disobey a lawful direction from another court or from a government agency.

9. **Modification of this Order.**  The Parties may seek modification of this Stipulated Protective Order at any time for good cause. The Parties agree to meet and confer before seeking to modify this Stipulated Protective Order for any reason. The restrictions imposed by this Stipulated Protective Order may be modified or terminated only by order of this Court.

10. **Obligation Upon Termination of Litigation.** This Stipulated Protective Order shall survive the termination of these Actions.

a.  Within 60 days after the settlement or final adjudication of the entirety of these Actions, including any appeals ("<u>Termination</u>"), all Designated Material, and all copies thereof, shall be returned to the relevant Designating Party (if the Designating Party so requests within 30 days after Termination and pays the reasonable costs of such return) or shall be certified to the Designating Party as having been destroyed; provided, however, that Defendant Trump's counsel in the criminal action *United States v. Trump,* 1:23-cr-00257 (TSC) (D.D.C.), may retain copies of Designated Materials for use as permitted by this Order until the final determination of that proceeding, including any direct appeals, at which point, such Designated Materials shall be returned or destroyed as provided for in this paragraph.

b.  Notwithstanding anything to the contrary in this Stipulated Protective Order, documents need not be destroyed if there is a written agreement by the Designating Party to the contrary, including but not limited to the Designating Party's agreement that the Designated Material may be used in another legal proceeding, though Designated Material shall be destroyed or returned at the conclusion of all other permitted proceedings in the manner set forth in Paragraph 10(a).

c.  Notwithstanding anything to the contrary in this Stipulated Protective Order, counsel of record may retain a file of any litigation documents filed with the Court in these Actions and any attorney work product in the possession or control of counsel for any Party that reflects or includes information derived from documents or testimony designated as Designated Material.

11. **Seeking Additional Relief.**  Nothing herein prevents any Party from seeking additional relief from the Court not specified in this Stipulated Protective Order, including claims of privilege and other defenses to production or disclosure.

12. **Asserting Privacy Rights.** Nothing herein prevents any non-party from asserting privacy rights as to documents or information held by the Parties.

13. **Jurisdiction.** The Court shall retain jurisdiction to make such amendments, modifications, and additions to this Stipulated Protective Order, as well as any other related orders, as it may from time to time deem appropriate.

**SO ORDERED**.

Entered on _____, 2024.

_____
The Honorable Amit P. Mehta
United States District Court Judge

Approved by the parties below as to form and substance:

/s/_____
Joseph M. Sellers, Bar No. 318410
Brian Corman, Bar No. 1008635
Alison S. Deich, Bar No. 1572878
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue N.W. Fifth Floor
Washington, D.C. 20005
Telephone: 202-408-4600
Facsimile: 202-408-4699
jsellers@cohenmilstein.com
bcorman@cohenmilstein.com
adeich@cohenmilstein.com

Janette McCarthy-Wallace, Bar No. OH066257
Anthony P. Ashton, Bar No. MD25220
Anna Kathryn Barnes Barry,
D.C. Bar No. 1719493
NAACP
Office of General Counsel
4805 Mount Hope Drive
Baltimore, MD 21215
Telephone: 410-580-5777
jlouard@naacpnet.org
aashton@naacpnet.org
abarnes@naacpnet.org

*Attorneys for Plaintiffs Barbara J.
Lee, et al.*

/s/_____
David A. Warrington
D.C. Bar No. 1616846
Jonathan M. Shaw
D.C. Bar No. 446249
Gary M. Lawkowski
D.C. Bar No. 1781747
DHILLON LAW GROUP, INC.
2121 Eisenhower Ave, Suite 402
Alexandria, Virginia 22314
Telephone: (703) 574-1206
Facsimile: (415) 520-6593
dwarrington@dhillonlaw.com
jshaw@dhllonlaw.com
glawkowski@dhillonlaw.com
Jesse R. Binnall VA022
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, VA  22314
Telephone: (703) 888-1943
Facsimile: (703) 888-1930
jesse@binnall.com

*Attorneys for Defendant Donald J. Trump*

/s/_____
Matthew Kaiser, D.C. Bar No. 486272
Sarah Fink, D.C. Bar No. 166663
KAISER PLLC
1099 Fourteenth Street N.W. 8th Floor
Washington, D.C. 20005
Telephone: 202-640-2850
mkaiser@kaiserlaw.com
sfink@kaiserlaw.com

Philip Andonian, D.C. Bar No. 490792
Joseph Caleb, D.C. Bar No. 495383
CALEBANDONIAN PLLC
1100 H Street N.W. Suite 315
Washington, D.C. 20005
Telephone: 202-953-9850
phil@calebandonian.com
joe@calebandonian.com
*Attorneys for Plaintiff Eric Swalwell*

/s/_____
Patrick A. Malone, Bar No. 397142
Daniel Scialpi, Bar No. 997556
(application for admission forthcoming)
PATRICK MALONE & ASSOCIATES, P.C.
1310 L Street N.W. Suite 800
Washington, D.C. 20005
Telephone: 202-742-1500
Facsimile: 202-742-1515
pmalone@patrickmalonelaw.com
dscialpi@patrickmalonelaw.com

Cameron Kistler, Bar No. 1008922
Kristy Parker, Bar No. 1542111
Erica Newland (Bar No. MD0141)
UNITED TO PROTECT DEMOCRACY
2020 Pennsylvania Avenue N.W. #163
Washington, D.C. 20006
Telephone: 202-579-4582
cameron.kistler@protectdemocracy.org
kristy.parker@protectdemocracy.org
erica.newland@protectdemocracy.org

Genevieve C. Nadeau, Bar No. 979410
UNITED TO PROTECT DEMOCRACY
15 Main Street, Suite 312
Watertown, MA 02472
Telephone: 202-579-4582
genevieve.nadeau@protectdemocracy.org

*Attorneys for Plaintiffs James Blassingame and
Sidney Hemby*

/s/_____
Edward G. Caspar, D.C. Bar No. 1644168
David Brody, D.C. Bar No. 1021476
Marc P. Epstein, D.C. Bar No. 90003967
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street N.W. Suite 900
Washington, D.C. 20005
Telephone: 202-662-8390
ecaspar@lawyerscommittee.com
dbrody@lawyerscommittee.org
mepstein@lawyerscommittee.org

Faith E. Gay, pro hac vice
Joshua S. Margolin, pro hac vice
Claire O'Brien, pro hac vice
Elizabeth H. Snow, pro hac vice
Babak Ghafarzade, pro hac vice
Esther D. Ness, pro hac vice
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
Telephone: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
cobrien@selendygay.com
esnow@selendygay.com
bghafarzade@selendygay.com
eness@selendygay.com

William J. Blechman, pro hac vice
Elizabeth B. Honkonen, pro hac vice
KENNY NACHWALTER, P.A.
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Telephone: 305-373-1000
wblechman@knpa.com
ehonkonen@knpa.com

*Attorneys for Plaintiffs Conrad Smith, et al.*

/s/_____
Mark S. Zaid, Esq., D.C. Bar No. 440532
Bradley P. Moss, Esq., D.C. Bar No. 975905
MARK S. ZAID, P.C.
1250 Connecticut Avenue N.W. Suite 700
Washington, D.C. 20036
Telephone: 202-498-0011
Facsimile: 202-330-5610
Mark@MarkZaid.com
Brad@MarkZaid.com

Matthew Kaiser, D.C. Bar No. 486272
Noah Brozinsky, D.C. Bar No. 1655789
KAISER PLLC
1099 Fourteenth Street N.W. 8th Floor
Washington, D.C. 20005
Telephone: 202-640-2850
mkaiser@kaiserlaw.com
nbrozinsky@kaiserlaw.com

Philip Andonian, D.C. Bar No. 490792
Joseph Caleb, D.C. Bar No. 495383
CALEBANDONIAN PLLC
1100 H Street N.W. Suite 315
Washington, D.C. 20005
Telephone: 202-953-9850
phil@calebandonian.com
joe@calebandonian.com

*Attorneys for Plaintiff Sandra Garza*

/s/_____
Patrick A. Malone, Bar No. 397142
Daniel Scialpi, Bar No. 997556
PATRICK MALONE & ASSOCIATES, P.C.
1310 L Street N.W. Suite 800
Washington, D.C. 20005
Telephone: 202-742-1500
Facsimile: 202-742-1515
pmalone@patrickmalonelaw.com
dscialpi@patrickmalonelaw.com

*Attorneys for Plaintiffs Marcus J. Moore et al.;*
*Bobby Tabron et al.; and Briana Kirkland*

17

## <u>EXHIBIT A</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BARBARA J. LEE *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP *et al.*, <br><br> *Defendants*. | Case No. 21-cv-00400 (APM) <br><br> (lead case) |
| ERIC SWALWELL, <br><br> *Plaintiff*, <br><br> v. <br><br> DONALD J. TRUMP *et al.*, <br><br> *Defendants*. | Case No. 21-cv-00586 (APM) <br><br> (consolidated case) |
| JAMES BLASSINGAME *et. al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, <br><br> *Defendant*. | Case No. 21-cv-00858 (APM) <br><br> (consolidated case) |
| CONRAD SMITH *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP *et al.*, <br><br> *Defendants*. | Case No. 21-cv-02265 (APM) <br><br> (consolidated case) |
| MARCUS J. MOORE *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, <br><br> *Defendant*. | Case No. 22-cv-00010 (APM) <br><br> (consolidated case) |

| | |
|---|---|
| BOBBY TABRON *et al.*, | |
| _Plaintiff_, | Case No. 23-cv-00011 (APM) |
| v. | (consolidated case) |
| DONALD J. TRUMP, | |
| _Defendants_. | |
| BRIANA KIRKLAND, | |
| _Plaintiff_, | Case No. 22-cv-00034 (APM) |
| v. | (consolidated case) |
| DONALD J. TRUMP, | |
| _Defendant_. | |
| SANDRA GARZA, | |
| _Plaintiff_, | Case No. 23-cv-00038 (APM) |
| v. | (consolidated case) |
| DONALD J. TRUMP *et al.*, | |
| _Defendants_. | |

## <u>AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER</u>

My full name is _____. My address is

_____. I hereby

acknowledge that I am to have access to information designated in these Actions as CONFIDEN-

TIAL or ATTORNEYS' EYES ONLY material, as permitted by the terms of the Parties' Stipu-

lated Protective Order, in the above captioned action. I certify my understanding that such infor-

mation has been provided to me pursuant to the terms and restrictions of the Stipulated Protective

Order entered on _____, 2024, under paragraph 3 (Protection of Designated

Material) thereof, and that I have been given a copy of and have read said Stipulated Protective

Order and agree to be bound by the terms thereof. I further agree to subject myself to the

jurisdiction of the United States District Court for the District of Columbia regarding resolution of any matter pertaining to said Stipulated Protective Order.

I declare under penalty of perjury under the laws of the United States of America and the District of Columbia that the foregoing is true and correct.

Dated:_____

Signature:_____

Print Name:_____

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 14, 2024, I served a copy of the foregoing filing on all parties of record by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice to all attorneys of record, and by serving the pro se Defendants who have appeared in these Actions via first class mail or other permitted means at the addresses below.

Erik Scott Warner
28574 Moonshadow Dr.
Menifee, CA 92584

Alan Hostetter
P.O. Box 1477
San Clemente, CA 92674

Derek Kinnison
rotaryd8181@yahoo.com

Felipe Antonio Martinez
tonymarinez951@gmail.com

Ethan Nordean
Register Number: 28596-509
FCI Coleman Medium
Federal Correctional Institution
P.O. Bo 1032
Coleman, FL  33521


Dated:  May 14, 2024                    _____
                                                                      /s/
                                                          David A. Warrington