**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CONRAD SMITH, *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 21-cv-2265-APM |
| DONALD J. TRUMP, *et al.*, | *Oral Argument Requested* |
| Defendants. | |
| DISTRICT OF COLUMBIA, | |
| Plaintiff, | |
| v. | Case No. 21-cv-3267-APM |
| PROUD BOYS INTERNATIONAL, L.L.C., *et al.*, | *Oral Argument Requested* |
| Defendants. | |

**SMITH PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND
PLAINTIFF DISTRICT OF COLUMBIA'S MOTION FOR PARTIAL
<u>SUMMARY JUDGMENT</u>**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ................................................................................................................ 3

PROCEDURAL HISTORY .............................................................................................. 5

STATEMENT OF FACTS ................................................................................................ 5

LEGAL STANDARD ....................................................................................................... 10

      I.       Offensive Collateral Estoppel Is Appropriate in Civil Cases Where, as
Here, Identical Issues Have Been Litigated and Decided in Prior Criminal
Cases. ..................................................................................................................... 11

      II.      Collateral Estoppel Is Equally Appropriate Where a Defendant Has
Pleaded Guilty to an Identical Issue, Fact, or Element. ........................................ 13

ARGUMENT .................................................................................................................... 14

      I.       As Against the Smith Convicted Defendants, the Court Should Grant
Partial Summary Judgment on the First Two Elements of the Smith
Plaintiffs' Section 1985(1) Claims Based Upon Collateral Estoppel. .................. 14

      II.      The Court Should Grant Partial Summary Judgment on the District's Civil
Conspiracy Claims for Assault, Battery, and Intentional Infliction of
Emotional Distress Claims, and Partial Summary Judgment on the
District's Claims Against Defendants Donohoe and Pezzola for Assault. ........... 18

CONCLUSION .................................................................................................................. 22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acosta v. Islamic Republic of Iran*,
    574 F. Supp. 2d 15 (D.D.C. 2008) ......................................................................20

*Ashe* v. *Swenson*,
    397 U.S. 436 (1970) ...........................................................................................13

*S.E.C.* v. *Bilzerian*,
    29 F.3d 689 (D.C. Cir. 1994) .............................................................................12

*Blonder-Tongue Lab'ys, Inc.* v. *Univ. of Ill. Found.*,
    402 U.S. 313 (1971) ...........................................................................................10

*Bushrod* v. *District of Columbia*,
    521 F. Supp. 3d 1 (D.D.C. 2021) ...........................................................12, 13, 19

*Celotex Corp.* v. *Catrett*,
    477 U.S. 317 (1986) ...........................................................................................10

*Competitive Enter. Inst.* v. *Mann*,
    150 A.3d 1213 (D.C. 2016) ...............................................................................19

*United States* v. *Crowl et al.*,
    Case No. 21-cr-28 (D.D.C.) ..................................................................................6

*Cumis Ins. Soc'y, Inc.* v. *Clark*,
    318 F. Supp. 3d 199 (D.D.C. 2018) ...................................................................12

*United States* v. *Donohoe*,
    No. 21-cr-175-4-TJK (D.D.C.) ...........................................................................20

*Emich Motors Corp.* v. *Gen. Motors Corp.*,
    340 U.S. 558 (1951) .....................................................................................12, 17

*Evans-Reid* v. *District of Columbia*,
    930 A.2d 930 (D.C. 2007) .................................................................................19

*Gelb* v. *Royal Globe Ins. Co.*,
    798 F.2d 38 (2d Cir. 1986) ................................................................................12

*Gov't of Rwanda* v. *Johnson*,
    409 F.3d 368 (D.C. Cir. 2005) ...........................................................................11

*Halberstam* v. *Welch*,
    705 F.2d 472 (D.C. Cir. 1983) ................................................................15, 20

*Hinton* v. *Shaw Pittman Potts & Trowbridge*,
    257 F. Supp. 2d 96 (D.D.C. 2003) ..........................................................11, 12, 17

*Hunt* v. *Liberty Lobby, Inc.*,
    707 F.2d 1493 (D.C. Cir. 1983) ......................................................................13

*Hurst* v. *Socialist People's Libyan Arab Jamahiriya*,
    474 F. Supp. 2d 19 (D.D.C. 2007) ..................................................................11

*Int'l Telecomm. Satellite Org.* v. *Colino*,
    No. 88-1266, 1992 WL 93129 (D.D.C. Apr. 15, 1992) ......................................14

*Jenkins* v. *D.C.*,
    4 F. Supp. 3d 137 (D.D.C. 2013) ...................................................................14

*New Hampshire* v. *Maine*,
    532 U.S. 742 (2001) ......................................................................................11

*Malyutin* v. *Rice*,
    854 F. Supp. 2d 38 (D.D.C. 2012) ..................................................................12

*McCord* v. *Bailey*,
    636 F.2d 606 (D.C. Cir. 1980) ......................................................................11

*Mexichem Fluor, Inc.* v. *Env't Prot. Agency*,
    760 F. App'x 6 (D.C. Cir. 2019) ....................................................................11

*Miller* v. *Holzmann*,
    563 F. Supp. 2d 54 (D.D.C. 2008), *vacated in part on other grounds, aff'd in
    part on other grounds*, 608 F.3d 871 ..............................................................13

*S.E.C.* v. *Namer*,
    183 F. App'x 120 (2d Cir. 2006) ....................................................................12

*United States* v. *Nordean et al.*,
    Case No. 21-cr-175 (D.D.C.) ...................................................................6, 17, 21

*Otherson* v. *Dep't of Justice, I.N.S.*,
    711 F.2d 267 (D.C. Cir. 1983) ............................................................11, 13, 16, 17

*S.E.C.* v. *Pace*,
    173 F. Supp. 2d 30 (D.D.C. 2001) ..................................................................13

*District of Columbia* v. *Proud Boys Int'l et al.*,
    Case No. 21-cv-03267-APM ...........................................................................22

*District of Columbia* v. *Proud Boys, Int'l et al.*,
Case No. 21-cv-3267-APM (D.D.C.), ECF No. 94 ..................................................2

*United States* v. *Rhodes III et al.*,
Case No. 22-cr-15 (D.D.C.) ....................................................................................6

*United States* v. *Rhodes*,
610 F. Supp. 3d 29 (D.D.C. 2022) .........................................................................14

*Smith et al.* v. *Trump et al.*,
Case No. 21-cv-02265-APM ..................................................................................22

*Smith et al. v. Trump et al.*,
Case No. 21-cv-2265-APM (D.D.C.), ECF No. 89 ..................................................1

*Southern Pac. Commc'ns Co.* v. *Am. Tel. & Tel. Co.*,
740 F.2d 1011 (D.C. Cir. 1984) .............................................................................13

*Thompson* v. *Trump*,
590 F. Supp. 3d 46 (D.D.C. 2022) .........................................................................15

*United States* v. *Uzzell*,
648 F. Supp. 1362 (D.D.C. 1986) ..........................................................................13

**Statutes**

18 U.S.C. § 111(a) ...........................................................................................................21

18 U.S.C. § 371 ............................................................................................................4, 7

18 U.S.C. § 372 ......................................................................................................*passim*

18 U.S.C. §1512(k) ......................................................................................................4, 9

18 U.S.C. § 2384 .........................................................................................................4, 8

42 U.S.C. §1985 ....................................................................................................*passim*

**Rules**

Fed. R. Civ. P. 56 .......................................................................................................1, 10

Local Civ. R. 7(h) ..............................................................................................................1

Rule 11 ....................................................................................................................13, 14

Pursuant to Fed. R. Civ. P. 56 and Local Civ. R. 7(h), current and former United States Capitol Police officers Conrad Smith, Danny McElroy, Byron Evans, Governor Latson, Melissa Marshall, Michael Fortune, Jason DeRoche, and Reginald Cleveland (collectively, the "Smith Plaintiffs") together with the District of Columbia (the "District," and with the Smith Plaintiffs, "Plaintiffs"), bring this motion for partial summary judgment against individuals who attacked the United States Capitol on January 6, 2021, and were later convicted of various crimes as a result of their conduct that day. This motion is based on the doctrine of collateral estoppel, sometimes referred to as issue preclusion.

The Smith Plaintiffs move for partial summary judgment against Defendants Joseph Biggs, Kelly Meggs ("K. Meggs"), Ethan Nordean, Dominic Pezzola, Zachary Rehl, and Henry "Enrique" Tarrio (collectively, the "Smith Convicted Defendants") as to the first two elements of Count I of their Amended Complaint in *Smith et al. v. Trump et al.,* Case No. 21-cv-2265-APM (D.D.C.), ("*Smith*"), ECF No. 89. Specifically, the Smith Plaintiffs move for partial summary judgment to establish that the Smith Convicted Defendants conspired to prevent members of Congress and/or United States Capitol Police officers from discharging their duties in connection with the certification of the 2020 presidential election and to induce members of Congress and/or United States Capitol Police officers to leave the place where their duties were required to be performed— the same conspiracy for which the Smith Convicted Defendants have already been convicted in their criminal cases.

The District moves for partial summary judgment against Defendants Joseph Biggs, Charles Donohoe, Matthew Greene, Kenneth Harrelson, Connie Meggs ("C. Meggs"), K. Meggs, Roberto A. Minuta, David Moerschel, Bennie Alvin Parker ("B. Parker"), Sandra Ruth Parker ("S. Parker"), Dominic Pezzola, Zachary Rehl, Elmer Stewart Rhodes III, Laura Steele, Henry

"Enrique" Tarrio, Brian Ulrich, Edward Vallejo, and Jessica Marie Watkins (the "District Convicted Defendants," and, together with the Smith Convicted Defendants, the "Convicted Defendants") as to certain facts and elements of the Amended Complaint in *District of Columbia* v. *Proud Boys, Int'l et al.,* Case No. 21-cv-3267-APM (D.D.C.), ("*District*"), ECF No. 94. Specifically, as to all District Convicted Defendants, the District moves for partial summary judgment as to the fact of a conspiracy, by force, intimidation, or threat, to prevent members of Congress from discharging their duties on January 6, 2021, as established by the criminal convictions of the District Convicted Defendants. The District thus moves for partial summary judgment as to all District Convicted Defendants on Counts III, IV, and V of its Amended Complaint for assault, battery, and intentional infliction of emotional distress, on the basis that Counts III-V were the foreseeable result and consequence of the same conspiracy for which the District Convicted Defendants have been criminally convicted. In addition, the District further moves for partial summary judgment specifically as to District Convicted Defendants Charles Donohoe and Dominic Pezzola as to the additional fact that each committed criminal assault in the course of participating in the January 6 conspiracy. As Defendant Donohoe and Defendant Pezzola each admitted to the trial court or jury that they committed an act of assault in the course of participating in this same conspiracy, the District thus moves for partial summary judgment as to this element of Count III.[1]

---

[1] The District does not seek summary judgment as to Defendant Pepe at this time as the criminal case against him remains pending. Defendant Pepe's trial is scheduled to begin on August 20, 2024. The District reserves all rights to move as to Defendant Pepe at a later time.

## <u>INTRODUCTION</u>

The Convicted Defendants—through and in concert with their leadership, members, co-defendants, and co-conspirators—conspired to attack the United States Congress on January 6, 2021 (the "Attack"), in an effort to prevent Congress from certifying the results of the 2020 presidential election.

Over several weeks, Convicted Defendants collectively prepared to execute their scheme—plotting, publicizing, recruiting, financing, and even hosting weapons training for individuals in anticipation of the Attack. Then, on January 6, 2021, Convicted Defendants, among others, came from across the country to the District to carry it out. In accordance with Convicted Defendants' plans, they and their co-conspirators broke through police barricades and forced their way into the Capitol. They threatened, assaulted, and injured those who tried to stop them, including officers of the District's Metropolitan Police Department ("MPD"), and the Smith Plaintiffs, who were attacked with noxious pepper spray, bear spray, and fire extinguishers, among other things. They incited terror among those inside and around the building and directly impeded and interfered with government officials' and elected representatives' efforts to conduct their official duties.

In the wake of this assault, the Capitol was left in shambles, the Smith Plaintiffs and MPD Officers were left with significant injuries, and the District was left to manage the aftermath of the violent disruption to what should have been the peaceful transition of presidential power. Each Convicted Defendant who is the subject of this motion was convicted—either after a jury verdict or guilty plea—to crimes related to the Attack. As a result of those *criminal* convictions, for which the burden of proof is higher than in the civil context, Convicted Defendants are estopped from

now denying key facts in these civil lawsuits. Accordingly, Plaintiffs now move for partial summary judgment on the facts, elements, and claims asserted in these lawsuits that overlap with those facts, elements, and claims of which Defendants have already been convicted in their criminal proceedings.

Specifically, Plaintiffs allege that Convicted Defendants conspired to prevent members of Congress and/or federal law enforcement from discharging their duties relating to certification of the 2020 presidential election on January 6, 2021. As the Smith Plaintiffs show below, the Smith Convicted Defendants were convicted of engaging in exactly that conspiracy in violation of 18 U.S.C. § 372. Those Defendants are therefore precluded from challenging the establishment of those elements of their criminal convictions that overlap with the Smith Plaintiffs' conspiracy claims under 42 U.S.C. §1985.

Further, as the District shows below, each of the Convicted Defendants has been criminally convicted of violating 18 U.S.C. § 2384, 18 U.S.C. § 372, 18 U.S.C. § 371 and/or 18 U.S.C. §1512(k). As the District contends, each of those convictions required proving participation in the same conspiracy at issue here. The Convicted Defendants are therefore collaterally estopped from denying that they engaged in a conspiracy culminating on January 6, 2021, when they attempted to prevent Congress from certifying the results of the 2020 presidential election. Thus, this Court should enter partial summary judgment to that effect. Specifically, this Court should find that the existence of said conspiracy has been established as required for the Smith Plaintiffs' claim under Section 1985(1) and the District's claims for assault, battery, and intentional infliction of emotional distress ("IIED").

4

**PROCEDURAL HISTORY**

The Smith Plaintiffs are United States Capitol Police officers who risked their lives in defense of the Capitol on January 6, 2021. They filed their Complaint in the District Court for the District of Columbia on August 26, 2021 (Smith, ECF No. 1), followed by an Amended Complaint on December 10, 2021 (Smith, ECF No. 91) ("Smith Am. Compl."). The District filed its Complaint in the District Court for the District of Columbia on December 14, 2021, followed by an Amended Complaint (District, ECF No. 94, "District Am. Compl.") on April 1, 2022.

On June 6, 2024, Plaintiffs advised the Court of their intention to file motions for partial summary judgment based upon the criminal convictions entered against the Convicted Defendants. On June 25, 2024, the Court issued a schedule for filing those motions, and the instant motion follows.

**STATEMENT OF FACTS**

Plaintiffs allege that the Convicted Defendants conspired to prevent members of Congress and/or United States Capitol Police officers from discharging their duties in connection with the certification of the 2020 presidential election and to induce members of Congress and/or United States Capitol Police officers to leave the place where their duties were required to be performed— the same conspiracy for which Convicted Defendants were found guilty beyond a reasonable doubt. *See* Smith Am. Compl. ¶¶ 166–72; District Am. Compl. ¶¶ 460–90. The Smith Plaintiffs have brought claims of conspiracy under 42 U.S.C. § 1985(1), and the District has brought claims under a theory of civil conspiracy for all defendants for assault, battery, and IIED, all of which include elements identical to those in criminal statutes under which Convicted Defendants have

5

already been convicted. As detailed below, based on their criminal convictions, the Convicted Defendants should be estopped from contesting these elements and the underlying facts to support them.

The Convicted Defendants' conspiratorial conduct—the same conspiratorial conduct alleged in these civil cases—was litigated in each Convicted Defendant's Criminal Case,[2] and in each case either a jury found the Convicted Defendant guilty of such a conspiracy or the Convicted Defendant pleaded guilty to the count. *See* Plaintiffs' Statement of Material Facts ("SOF") ¶¶ 1–4 (indictment and jury instructions concerning the participation of Harrelson, K. Meggs, and Watkins in the conspiracy to prevent Congress from certifying the results of the presidential election on January 6, 2021); *id.* ¶¶ 14–17 (same with respect to Minuta, Moerschel, and Vallejo); *id.* ¶¶ 18–21 (same with respect to C. Meggs, S. Parker, and Steele). Thus, Convicted Defendants' conspiratorial conduct has been determined by a valid, final judgment on the merits in all Criminal Cases. *See id.* ¶¶ 1–4 (Harrelson, K. Meggs, and Watkins); *id.* ¶¶ 6–8, 10–13 (Biggs, Nordean, Pezzola, Rehl, and Tarrio); *id.* ¶¶ 14–17 (Minuta, Moerschel, and Vallejo); *id.* ¶¶ 18–21 (C. Meggs, S. Parker, and Steele).

18 U.S.C. § 372 prohibits conspiracies "to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof . . ." Defendants Biggs, Harrelson, C. Meggs, K. Meggs,

---

[2] *United States* v. *Rhodes III et al.*, Case No. 22-cr-15 (D.D.C.); *United States* v. *Nordean et al.*, Case No. 21-cr-175 (D.D.C.); and *United States* v. *Crowl et al.*, Case No. 21-cr-28 (D.D.C.), collectively (dockets hereinafter referred to as "Rhodes Criminal Case ECF," "Nordean Criminal Case ECF," or "Parker Criminal Case ECF," respectively).

Minuta, Moerschel, Nordean, S. Parker, Pezzola, Rehl, Steele, Tarrio, Vallejo, and Watkins have all been convicted of violations of 18 U.S.C. § 372 for conspiring to prevent members of Congress and/or federal law enforcement from carrying out their duties related to the certification of the 2020 presidential election. Defendants Harrelson, K. Meggs, and Watkins were found guilty for violations of Section 372 on November 29, 2022 (SOF ¶ 4); Defendants Minuta, Moerschel, and Vallejo on January 23, 2023 (SOF ¶ 17); Defendants C. Meggs, S. Parker, and Steele on March 20, 2023 (SOF ¶ 21); and Defendants Biggs, Nordean, Pezzola, Rehl, and Tarrio on May 4, 2023 (SOF ¶¶ 11, 13).

18 U.S.C. § 371 prohibits conspiracies "to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose." On December 21, 2021, Defendant Greene pleaded guilty to violating 18 U.S.C. § 371 and confirmed that his involvement in the conspiracy was alongside other co-defendants and Proud Boys, and that they had agreed to enter the Capitol grounds by overwhelming police defenses, for the purpose of interfering with the certification of the Electoral College Vote taking place inside the Capitol building. SOF ¶¶ 22–23; *see also id.* ¶ 24 (Greene Statement of Offense ¶ 30). Defendant Greene admits that his "intent in conspiring with others to unlawfully enter the restricted area of the Capitol grounds" was to "cause legislators and the Vice President to act differently during the course of the certification of the Electoral College." *Id.* "Greene believed that he and his co-conspirators were trying to obstruct, influence, and impede an official proceeding." *Id.* "Greene intended to affect the government by stopping or delaying the Congressional proceeding, and in fact, did so." *Id.*

18 U.S.C. § 2384 prohibits conspiracies "to overthrow, put down, or to destroy by force the Government of the United States . . . , or by force to prevent, hinder, or delay the execution of any law of the United States. . . ." Defendant Ulrich pleaded guilty to seditious conspiracy on April 26, 2022, for conspiring to oppose by force the lawful transfer of presidential power. SOF ¶ 31 (Ulrich Plea Agreement). According to his guilty plea for seditious conspiracy, "[i]n advance of and on January 6, 2021, Ulrich and others agreed to take part in the plan . . . [to] use any means necessary, up to and including the use of force, to stop the lawful transfer of presidential power." *Id.* ¶ 32 (Ulrich Statement of Offense ¶ 25). Defendant Ulrich then travelled to the Capitol on a golf cart wearing a tactical vest, radio equipment, a body-worn camera, goggles, a camouflage tactical backpack, a black neck gaiter, and an Oath Keepers hat. *Id.* ¶ 33. He unlawfully entered the Capitol through the East Rotunda Doors where he interacted with police trying to clear the area. *Id.* In taking such actions, "Ulrich intended to influence or affect the conduct of the United States government and to retaliate against the United States government." *Id.* ¶ 32. He accomplished his intent "by intimidating and coercing government personnel who were participating in or supporting the Congressional proceeding, including Members of Congress, Congressional staff, and law enforcement officers with the Capitol Police and Metropolitan Police Department." *Id.*

Likewise, Defendant Rhodes was convicted of seditious conspiracy on November 29, 2022. *Id.* ¶ 27 (Verdict Form, Rhodes Criminal Case, ECF No. 410 at 1). According to his seditious conspiracy conviction, Defendant Rhodes entered a conspiracy between at least two people, including K. Meggs, to oppose the Government of the United States. *Id* ¶ 25; *id.* ¶ 26 (Jury

Instructions, Rhodes Criminal Case, ECF No. 400 at 22–25). In furtherance of the conspiracy, both K. Meggs and Rhodes took overt actions, including "obstruction of an official proceeding" and "tampering with documents or proceedings." *Id.* ¶ 27 (Verdict Form, Rhodes Criminal Case, ECF No. 410 at 4, 6–7). Defendant Rhodes purchased firearms on his way to Washington, D.C., "to challenge the Government of the United States and to create an arsenal in order to do so." *Id.* ¶ 29 (Tr. of Rhodes Sentencing Proceedings, Rhodes Criminal Case, ECF No. 817 at 20:7–8). He gave a cache of weapons to a co-conspirator and told him "to distribute upon his instruction and to be prepared for violence in the event of Civil War." *Id.* (Tr. of Rhodes Sentencing Proceedings at 20:12–14); *see also id.* ¶ 5 (Tr. of K. Meggs Sentencing Proceedings, Rhodes Criminal Case, ECF No. 818 at 6:24–7:10); *see also id.*¶ 28 (Tr. Of Jury Trial Proceedings, Rhodes Criminal Case, ECF No. 744, at 5995:16–17, 6005:11–6006:5).

On September 1, 2023, Defendant B. Parker was convicted of conspiracy to obstruct an official proceeding in violation of 18 U.S.C. § 1512(k), which required the government to prove that from December 20, 2020 through January 2021, B. Parker participated in a conspiracy to obstruct an official proceeding, including conspiring with at least one other person with the goal of committing the crime of obstructing an official proceeding and entering into that agreement with awareness of its unlawful goal. SOF ¶¶ 35–36. Defendant B. Parker drove to Washington, D.C., with Defendants S. Parker, Crowl, and Watkins on January 4, 2021, bringing three weapons as planned: an AR-15, a .45 caliber pistol, and an additional pistol. *Id.* ¶ 38 (Tr. of B. Parker Sentencing Proceedings, Parker Criminal Case, ECF No. 1174 at 5:10–13, 5:21–22). The Court has already determined that Defendant B. Parker entered a conspiracy between two or more people

9

to commit an unlawful act, namely stopping or delaying the certification of the 2020 presidential election. *Id.* (Tr. Of B. Parker Sentencing Proceedings at 6:17–20). Defendant B. Parker also took steps in furtherance of that conspiracy, including "entering or remaining in restricted building or grounds," after travelling to the Capitol on January 6, 2021. *Id.* ¶ 37 (Verdict Form, Parker Criminal Case, ECF No. 910 at 6).

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, affidavits, and other supporting papers permitted by Federal Rule of Civil Procedure 56(c) demonstrate that there is no genuine issue of material fact and the moving party is entitled to prevail as a matter of law. Fed. R. Civ. P. 56(a), (c); *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322–23 (1986). Collateral estoppel, also referred to as issue preclusion, aims to avert needless re-litigation and works to maximize the efficiency of the judicial system, saving the courts' and the parties' resources. As the Supreme Court has explained:

> a party who has had one fair and full opportunity to prove a claim and has failed in that effort, should not be permitted to go to trial on the merits of that claim a second time. Both orderliness and reasonable time saving in judicial administration require that this be so unless some overriding consideration of fairness to a litigant dictates a different result in the circumstances of a particular case.

*Blonder-Tongue Lab'ys, Inc.* v. *Univ. of Ill. Found.*, 402 U.S. 313, 324–25 (1971) (quoting *Bruszewski* v. *U.S. War Shipping Admin.*, 181 F.2d 419, 421 (3d Cir. 1950)).

Collateral estoppel "generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a

different claim." *New Hampshire* v. *Maine*, 532 U.S. 742, 748–49 (2001); *see also* Restatement (Second) of Judgments §§ 17, 27, pp. 148, 250 (1982); David L. Shapiro, Civil Procedure: Preclusion in Civil Actions 32, 46 (2001). Thus, collateral estoppel is appropriate where, as here, identical elements, issues, and facts have been litigated and decided in a criminal proceeding resulting in a defendant's criminal conviction.

I.   **Offensive Collateral Estoppel Is Appropriate in Civil Cases Where, as Here, Identical Issues Have Been Litigated and Decided in Prior Criminal Cases.**

"Under the doctrine of offensive collateral estoppel, or issue preclusion, a defendant may be prevented from relitigating identical issues that the defendant litigated and lost against another plaintiff." *Hurst* v. *Socialist People's Libyan Arab Jamahiriya*, 474 F. Supp. 2d 19, 31 (D.D.C. 2007). "Courts have often held that issues determined in connection with a criminal conviction may be taken as preclusively established [in] later civil trials." *Otherson* v. *Dep't of Justice, I.N.S.*, 711 F.2d 267, 271 (D.C. Cir. 1983); *see also McCord* v. *Bailey*, 636 F.2d 606, 608–11 (D.C. Cir. 1980); *Hinton* v. *Shaw Pittman Potts & Trowbridge*, 257 F. Supp. 2d 96, 100 (D.D.C. 2003).

Collateral estoppel typically requires satisfaction of three elements: "First, the issue must have been actually litigated—that is, contested by the parties and submitted for determination by the court. Second, it must have been actually and necessarily determined by a court of competent jurisdiction in the prior case. Third, preclusion must not work an unfairness on the bound party." *Mexichem Fluor, Inc.* v. *Env't Prot. Agency*, 760 F. App'x 6, 9 (D.C. Cir. 2019) (internal quotation marks and citations omitted). The original common law requirement for mutuality of parties no longer applies in federal courts. *See Gov't of Rwanda* v. *Johnson*, 409 F.3d 368, 374 (D.C. Cir.

11

2005) (citing *Blonder-Tongue Lab'ys, Inc.*, 402 U.S. at 350); *see also Malyutin* v. *Rice*, 854 F. Supp. 2d 38, 48 n.5 (D.D.C. 2012).

"A criminal conviction is conclusive proof and operates as an estoppel on the defendants as to the facts supporting the conviction in a subsequent civil action." *Hinton*, 257 F. Supp. 2d at 100; *see also Emich Motors Corp.* v. *Gen. Motors Corp.*, 340 U.S. 558, 569 (1951) ("[P]laintiffs are entitled to introduce the prior judgment to establish prima facie all matters of fact and law necessarily decided by the conviction and the verdict on which it was based."). This is because "the government bears a higher burden of proof in the criminal context than in the civil context." *Gelb* v. *Royal Globe Ins. Co.*, 798 F.2d 38, 43 (2d Cir. 1986). Courts thus routinely grant summary judgment based upon the collateral estoppel effect of a defendant's criminal conviction. *See, e.g.*, *S.E.C.* v. *Bilzerian*, 29 F.3d 689, 693–95 (D.C. Cir. 1994); *S.E.C.* v. *Namer*, 183 F. App'x 120, 121 (2d Cir. 2006).

Collateral estoppel will preclude "the relitigation of issues actually litigated and necessary to" the prior criminal conviction. *Bushrod* v. *District of Columbia*, 521 F. Supp. 3d 1, 13 (D.D.C. 2021). To determine what issues were necessary to a prior criminal conviction, "the Court must examine the record, including the pleadings, the evidence submitted, the jury instructions, and any opinions of the courts, to discern which matters were directly put in issue and actually decided in the antecedent proceeding." *Cumis Ins. Soc'y, Inc.* v. *Clark*, 318 F. Supp. 3d 199, 216 (D.D.C. 2018) (internal quotation marks omitted). When a criminal judgment is based on a general verdict, the trial judge in the civil case should examine the record from the criminal case to determine whether the elements of collateral estoppel are met. *See Emich Motors Corp.*, 340 U.S. at 569.

12

This examination is not meant "to be hypertechnical, but to be conducted with realism and rationality." *Otherson*, 711 F.2d at 274 (internal quotations omitted); *see also Bushrod*, 521 F. Supp. 3d at 18; *Ashe* v. *Swenson*, 397 U.S. 436, 444 (1970). The fact that certain Convicted Defendants have appealed their convictions "does not affect the application of collateral estoppel." *S.E.C.* v. *Pace*, 173 F. Supp. 2d 30, 33 (D.D.C. 2001); *see also Southern Pac. Commc'ns Co.* v. *Am. Tel. & Tel. Co.,* 740 F.2d 1011, 1018 (D.C. Cir. 1984)*; Hunt* v. *Liberty Lobby, Inc.*, 707 F.2d 1493, 1498 (D.C. Cir. 1983).

## II.  Collateral Estoppel Is Equally Appropriate Where a Defendant Has Pleaded Guilty to an Identical Issue, Fact, or Element.

"[D]istrict courts in [the D.C.] Circuit have routinely treated criminal convictions – including those based on guilty pleas – '[a]s conclusive proof of the facts supporting the conviction,' and have thus given them preclusive effect in subsequent civil actions." *Miller* v. *Holzmann*, 563 F. Supp. 2d 54, 77 (D.D.C. 2008), *vacated in part on other grounds, aff'd in part on other grounds*, 608 F.3d 871 (quoting *Int'l Telecomm. Satellite Org.* v. *Colino*, No. 88-1266, 1992 WL 93129, at *5–6 (D.D.C. Apr. 15, 1992)); *see also United States* v. *Uzzell*, 648 F. Supp. 1362, 1363 (D.D.C. 1986) (favorably comparing the estoppel effects of guilty pleas and corresponding Rule 11 proceedings to convictions by jury verdict and the corresponding evidence presented at trial). Accordingly, Defendants are precluded from challenging the essential elements of the crimes they pleaded guilty to. *See Miller*, 563 F. Supp. 2d at 77–78 (citing *Alsco-Harvard Fraud Litig.*, 523 F. Supp. 790, 802 (D.D.C. 1981)) (noting that for guilty pleas, preclusion "extends only to those issues that were essential to the plea").

Such estoppel should equally apply to the underlying facts the Convicted Defendants admitted to as part of any Rule 11 proceedings for each Defendant's guilty plea. *See Jenkins* v. *D.C.*, 4 F. Supp. 3d 137, 144–146 (D.D.C. 2013) (granting partial summary judgment based in part on a finding that defendant was precluded from relitigating the facts she admitted to as part of her guilty plea); *Colino*, 1992 WL 93129, at *6 (D.D.C. Apr. 15, 1992), *amended by*, 1992 WL 151809 (holding the defendant estopped from denying facts accepted in the factual proffer supporting his conviction).

## <u>ARGUMENT</u>

**I.    As Against the Smith Convicted Defendants, the Court Should Grant Partial Summary Judgment on the First Two Elements of the Smith Plaintiffs' Section 1985(1) Claims Based Upon Collateral Estoppel.**

Count I of the Smith Amended Complaint alleges that the Smith Convicted Defendants conspired to prevent members of Congress and/or federal law enforcement from discharging their duties relating to certification of the 2020 presidential election in violation of 42 U.S.C. § 1985(1). Smith Am. Compl. ¶¶ 166–72. As discussed *supra* (pp. 6–8)*,* every Smith Convicted Defendant has been convicted of the conspiracy-related charge, 18 U.S.C. § 372. Section 1985(1) "is the civil analogue of § 372, and the statutes are identically worded." *United States* v. *Rhodes*, 610 F. Supp. 3d 29, 50 (D.D.C. 2022). Both statutes require proof that Convicted Defendants conspired to prevent a federal officer—such as members of Congress or federal law enforcement—from discharging a duty or to induce an officer to leave the place in which their duties were required to be performed:

| 18 U.S.C. § 372 | 42 U.S.C. § 1985(1) |
|---|---|
| Identical text appears in **bold**. ||
| "**If two or more persons in any State, Territory,** Possession, or District **conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof, or to induce by like means any officer of the United States to leave** the **place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties,** each of such persons shall be fined under this title or imprisoned not more than six years, or both." | "**If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave** any State, district, or **place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties**[.]" |

The elements of a civil conspiracy, including under Section 1985(1), are: (1) an agreement between two or more persons, (2) to participate in an unlawful act or a lawful act in an unlawful manner, (3) an overt act done pursuant to and in furtherance of the common scheme, and (4) an injury that resulted. *See Halberstam* v. *Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983); *Thompson* v. *Trump,* 590 F. Supp. 3d 46, 96 (D.D.C. 2022). In the context of claims under Section 1985(1), the second element's unlawful act, or the lawful act done in an unlawful manner, is the act proscribed by Section 1985(1) and quoted above. *See* 42 U.S.C. § 1985(1).

15

The Smith Plaintiffs meet each of the requirements of collateral estoppel for the first two elements of Claim I under Section 1985(1): the agreement between two or more persons to participate in the unlawful act, or the lawful act in an unlawful manner, proscribed by Section 1985(1). The Smith Convicted Defendants' conspiratorial conduct—the same conspiracy alleged in this case—was actually litigated in each Criminal Case, and each Defendant was convicted thereof. *See* SOF ¶¶ 1–4 (indictment, jury instructions, and judgment concerning the participation of K. Meggs, in the conspiracy to prevent Congress from certifying the results of the presidential election on January 6, 2021); *id.* ¶¶ 6–8, 10–11 (same with respect to Biggs, Nordean, Pezzola, Rehl, and Tarrio).

The Smith Convicted Defendants had a full and fair opportunity to litigate the issue of their conspiratorial conduct in violation of Section 372, and the Smith Convicted Defendants were facing serious consequences for the alleged conduct.[3] *See id.* ¶¶ 1–2 (K. Meggs); ¶¶ 6–8 (Biggs, Nordean, Pezzola, Rehl, and Tarrio). The Smith Convicted Defendants' conspiratorial conduct was essential to the judgments against them because, as reflected on the face of the verdict forms, the juries in each of the Criminal Cases had to find that the Convicted Defendants entered into the prohibited conspiracy in order to find them guilty of violating Section 372. *See id.* ¶ 4 (K. Meggs,); *id.* ¶ 11 (Biggs, Nordean, Pezzola, Rehl, and Tarrio).

---

[3] The Smith Convicted Defendants were facing significant jail time for their conspiratorial conduct in the Criminal Cases. Thus, there is no question that the Smith Convicted Defendants were incentivized to fully litigate this issue, and the concerns of unfairness articulated by some courts in cases where defendants do not have an incentive to litigate are not present here. *See Otherson*, 711 F.2d at 275–278.

Indeed, the courts in both Criminal Cases instructed the juries to determine whether the Government proved, beyond a reasonable doubt, the existence of the same January 6 conspiracy that underpins Count I of the Amended complaint:

From the Rhodes Criminal Case:

A.  that the defendant agreed with at least one other person to, by force, intimidation, or threat, (1) prevent a Member of Congress from discharging a duty as a Member of Congress, or (2) induce a Member of Congress to leave the place where the member of Congress's duties are required to be performed;

B.  that the defendant knew of the agreement and willfully joined the agreement.

From the Nordean Criminal Case:

(1)  that the defendant agreed with at least one other person to by, force, intimidation, or threat, prevent a member of Congress or a federal law enforcement officer from discharging a duty, or induce a member of Congress or federal law enforcement officer to leave the place where that person's duties are required to be performed;

(2)  that two or more members of the conspiracy either formed the conspiracy or pursued its goals in any State, Territory, Possession or District; and

(3)  that the defendant joined or entered into that agreement with awareness of and the intent to further one or both of its unlawful goals.

Based on these jury instructions, the Smith Convicted Defendants were found guilty of violating Section 372. *See* SOF ¶ 4 (K. Meggs); ¶ 11 (Biggs, Nordean, Pezzola, Rehl, and Tarrio). No juror "could have grounded its verdict upon an issue other than that which [Plaintiffs] seek to foreclose from consideration here." *Otherson*, 711 F.2d at 274. That verdict is "conclusive pro[of] and operates as an estoppel on the Defendants" from denying they entered into that conspiracy. *Hinton,* 257 F. Supp. 2d at 100; *see also Emich Motors Corp.*, 340 U.S. at 569. Therefore, the

17

Court should enter partial summary judgment for the Smith Plaintiffs, and the Smith Convicted Defendants should be collaterally estopped from contesting that they entered into an unlawful conspiracy in violation of Section 1985(1), as alleged in Count I of the Smith Plaintiffs' Amended Complaint.

**II.    The Court Should Grant Partial Summary Judgment on the District's Civil Conspiracy Claims for Assault, Battery, and Intentional Infliction of Emotional Distress Claims, and Partial Summary Judgment on the District's Claims Against Defendants Donohoe and Pezzola for Assault.**

The District brings three claims for which the underlying liability rests on conspiracy: Counts III-V of the District's Amended Complaint allege, in operative part, that the Defendants agreed to participate together in a common scheme to unlawfully obstruct federal officials in the performance of their constitutional duties. Pursuant to and in furtherance of that common scheme, the Defendants' intentional acts caused individuals in and around the Capitol, including MPD officers, to suffer from assault, battery, and IIED.

For each of these claims, the District Convicted Defendants are estopped from denying they participated in the predicate conspiracy. The District has already met its burden to prove the conspiracy element of the conspiratorial assault, battery, and IIED counts because, as a preliminary matter, this Court has already taken judicial notice that the District Convicted Defendants "have been convicted—either by plea or by jury verdict—of participating in a criminal conspiracy to obstruct Congress, other conspiratorial conduct, or related criminal conduct." *District*, ECF No. 171 at 13 (citing *Covad Commc'ns Co.* v. *Bell Atl. Corp.*, 407 F.3d 1220 (D.C. Cir. 2005) (stating that, when reviewing motions to dismiss for failure to state a claim, courts may take judicial notice of facts on the public record)).

18

In addition to proving the conspiracy element of the charged counts, the District still needs to meet the remaining elements of each specific claim, namely that, pursuant to and in furtherance of that common scheme, the District Convicted Defendants' intentional acts caused individuals in and around the Capitol, including MPD officers, to suffer from assault, battery, and IIED.  Under D.C. law, to state a claim for assault, a plaintiff must prove "an intentional and unlawful attempt or threat, either by words or acts, to do physical harm to the victim."  *Evans-Reid* v. *District of Columbia*, 930 A.2d 930, 937 (D.C. 2007) (citation omitted); *see Bushrod*, 521 F. Supp. 3d at 29 (D.D.C. 2021) (citation omitted).  To state a claim for battery, a plaintiff must prove an "intentional act that causes harmful or offensive bodily contact." *Evans-Reid*, 930 A.2d at 937 (D.C. 2007) (citation omitted); *see Bushrod*, 521 F. Supp. 3d at 29. And to state a claim for IIED, a plaintiff must prove "(1) extreme and outrageous conduct on the part of the defendants, which (2) intentionally or recklessly (3) cause[d] the plaintiff severe emotional distress." *Competitive Enter. Inst.* v. *Mann*, 150 A.3d 1213, 1260 (D.C. 2016) (citation omitted). The District does not ask the Court for summary judgment on these additional elements at this time, except as to Convicted Defendants Donohoe and Pezzola (as set out below), but reserves all right to raise arguments as to these elements at a later date. Instead, the District only moves as to meeting its burden on the element of the alleged conspiracy.

Notably, the District has shown that the District Convicted Defendants equipped themselves with weapons and armor, knew that the Capitol complex was closed to the public and guarded by police, and asserted that 'cops are the primary threat.'" Opp. To Defs' MTDs, *District*, ECF No. 145 at 55. As a result, this Court has held that "[t]he alleged acts of assault, battery, and

intentional infliction of emotional distress against MPD officers were "reasonably foreseeable" consequences of the scheme, for which Defendants can be held liable, even if they themselves did not carry out those tortious acts. Mem. Op. and Order, *District*, ECF No. 171 at 13–14; *see also Halberstam*, 705 F.2d at 474, 481 (finding that because defendants were engaged in a conspiracy, they are all jointly and severally liable for the actions of their co-conspirators); *Acosta v. Islamic Republic of Iran*, 574 F. Supp. 2d 15, 31 (D.D.C. 2008) (same). Therefore, the Court should enter partial summary judgment for the District, and the District Convicted Defendants should be collaterally estopped from contesting that they entered into an unlawful conspiracy in a violent effort to prevent the certification of the 2020 presidential election.

In addition, Convicted Defendant Charles Donohoe is estopped from denying he committed an assault in the course of participating in the January 6 conspiracy, as he pleaded guilty to facts that prove his "intentional and unlawful attempt or threat, either by words or acts, to do physical harm to the victim." Specifically, in the Statement of Offense in *United States* v. *Donohoe*, No. 21-cr-175-4-TJK (D.D.C.), signed April 4, 2022, Donohoe admits that he "threw two water bottles at a line of law enforcement officers engaged in the lawful performance of their official duties who were attempting to prevent the mob's advance in the West Plaza at the Capitol building." SOF ¶¶ 40–43 (Charles Donohoe Statement of Offense at ¶ 37). Donohoe further admits it was "reasonably foreseeable to Donohoe that members of the Proud Boys who had been led to the Capitol by Nordean and Biggs would engage in assaults on law enforcement." *Id* ¶ 43. The facts Donohoe admitted in his statement of offense were a "summary made for the purpose of

providing the Court with a factual basis for [his] guilty plea," including for 18 U.S.C. § 111(a) (assaulting, resisting, or impeding certain officers). *Id.* ¶ 44.

Further, Convicted Defendant Pezzola is estopped from denying he committed an assault in the course of participating in the January 6 conspiracy, as a jury convicted him of "[a]ssaulting, [r]esisting, or [i]mpeding certain officers" with a police riot shield. SOF ¶¶ 11–13 (Verdict Form, Nordean Criminal Case ECF No. 804 at 8). Specifically, Pezzola admitted to "grabb[ing] at [a riot shield] when it was in [an officer's] hands. *Id.* ¶ 9 (Tr. of Jury Trial Day 68 (Afternoon Session) at 19374:14–16, *United States* v. *Nordean et al.*, Case No. 21-cr-175 (D.D.C.)). He further admitted to "pulling on [the shield in order] to take possession of it. *Id.* at 19376:15–19378:4. He told other attackers that he stole the riot shield, that he "took [it] from a fucking cop." *Id.* (Tr. of Jury Trial Day 68 at 19392:19–21; 19406:8–12). He admitted that he screamed at police officers, "We ain't stopping. Fuck you," "You better decide which side you're on motherfuckers," and "You think Antifa is fucking bad? Just you wait." *Id.* (Tr. of Jury Trial Day 68 at 19405:9–19406:12). Finally, Pezzola admitted that he smashed a Capitol window with the riot shield and that he did so "for someone inside [the Capitol] to hear [him]." *Id.* (Tr. of Jury Trial Day 68 at 19408:2–19419:23). This testimony, combined with the corresponding audio and video recordings in evidence, provided the jury ample evidence to convict him, as it did, for violating 18 U.S.C. § 111(a). *Id.* ¶ 13.

Therefore, the District is additionally entitled to partial summary judgment against Convicted Defendants Donohoe and Pezzola on its claims for assault, and said Defendants are

estopped from denying that they committed one in furtherance of their conspiracy to prevent and obstruct official acts of Congress.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request this Court find that the Convicted Defendants are collaterally estopped from contesting that they entered into a conspiracy between at least two people to prevent, by force, intimidation, or threat, members of Congress and/or federal law enforcement from discharging a duty, or to induce members of Congress to leave the place where that person's duties are required to be performed on January 6, 2021. The District further requests this Court find that Convicted Defendants Donohoe and Pezzola are collaterally estopped from contesting that they committed an assault in furtherance of said conspiracy.

As such, Plaintiffs request the Court grant the following relief. As to *Smith et al.* v. *Trump et al.*, Case No. 21-cv-02265-APM, Smith Plaintiffs ask that the Court grant summary judgment in their favor as to the elements in Claim I of their Amended Complaint that each Smith Convicted Defendant (i) agreed to participate in a common scheme between two or more individuals to (ii) commit an unlawful act, or to commit a lawful act in an unlawful manner, that is, the unlawful act or lawful act in an unlawful manner proscribed by Section 1985(1). As to *District of Columbia* v. *Proud Boys Int'l et al.,* Case No. 21-cv-03267-APM, the District asks that the Court grant summary judgment in favor of the District as to the elements that each District Convicted Defendant (i) agreed to participate in a common scheme between two or more individuals to (ii) commit an unlawful act, or to commit a lawful act in an unlawful manner, as required for Claims III (conspiracy assault), IV (conspiracy battery), and V (conspiracy IIED), and (iii) as to

District Convicted Defendants Donohoe and Pezzola, the additional facts and admissions that Donohoe and Pezzola committed an act of assault in the course of participating in said unlawful conspiracy, as required for Claim III (conspiracy assault).

Dated: July 19, 2024

By: */s/ Edward G. Caspar*
Edward G. Caspar, D.C. Bar No. 1644168
David Brody, D.C. Bar No. 1021476
Marc P. Epstein D.C. Bar No. 90003967
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street N.W., Suite 900
Washington, DC 20005
Tel: 202-662-8390
ecaspar@lawyerscommittee.org
dbrody@lawyerscommittee.org
mepstein@lawyerscommittee.org

*By: /s/ Elizabeth B. Honkonen*
William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
KENNY NACHWALTER, P.A.
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Tel: 305-373-1000
wblechman@knpa.com
ehonkonen@knpa.com

By: */s/ Elizabeth H. Snow*
Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Elizabeth H. Snow, *pro hac vice*
Babak Ghafarzade, *pro hac vice*
Esther D. Ness, *pro hac vice*
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
esnow@selendygay.com
bghafarzade@selendygay.com
eness@selendygay.com

**Attorneys for Plaintiffs Conrad Smith, et al.**

**BRIAN L. SCHWALB, ATTORNEY
GENERAL FOR THE DISTRICT OF
COLUMBIA**

By:    */s/ Brendan B. Downes*
       Brendan B. Downes (D.C. Bar 187888)
       400 6th St. NW

Washington, DC 20001
Tel: 202-724-6533
Email: Brendan.downes@dc.gov

**STATES UNITED DEMOCRACY CENTER**

By: */s/ Norman Eisen*
  Norman Eisen (D.C. Bar 435051)
  Christine P. Sun
  Katherine Reisner
  Gillian Feiner
  Zack Goldberg
  Meagan Harding
  Alexander F. Atkins (D.C. Bar 90003787)
  1101 17th St NW, Suite 250
  Washington, DC 20036
  Tel: (202) 999-9305
  Email: norm@statesuniteddemocracy.org
    christine@statesuniteddemocracy.org
    katie@statesuniteddemocracy.org
    gillian@statesuniteddemocracy.org
    zack@statesuniteddemocracy.org
    meagan@statesuniteddemocracy.org
    alex@statesuniteddemocracy.org

**THE ANTI-DEFAMATION LEAGUE**

By: */s/ James Pasch*
 James Pasch
 605 Third Avenue
 New York, NY 10158-3650
 Tel: 212-885-5806
 Email: jpasch@adl.org

**DECHERT LLP**

By: */s/ Vincent H. Cohen, Jr.*
  Vincent H. Cohen, Jr. (D.C. Bar 471489)
  D. Brett Kohlhofer (D.C. Bar 1022963)
  1900 K Street, NW
  Washington, D.C. 20006-1110
  Tel: 202-261-3300
  Fax: 202-261-3333
  Email: vincent.cohen@dechert.com
    d.brett.kohlhofer@dechert.com

By: */s/ Michael S. Doluisio*
  Michael S. Doluisio
  2929 Arch Street
  Philadelphia, PA 19104-2808

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: */s/ Jeannie S. Rhee*
  Jeannie S. Rhee (D.C. Bar 464127)
  2001 K Street, NW
  Washington, D.C. 20006-1047
  Tel: 202-223-7300
  Fax: 202-223-7420
  Email: jrhee@paulweiss.com

By: */s/ Daniel J. Kramer*
  Daniel J. Kramer
  Andrew J. Ehrlich
  Erin J. Morgan
  Cassandra N. Love
  1285 Avenue of the Americas
  New York, NY 10019-6064
  Tel: 212-373-3000

24

Tel: 215-994-2000
Fax: 215-994-2222
Email: michael.doluisio@dechert.com

Fax: 212-757-3990
Email: dkramer@paulweiss.com
aehrlich@paulweiss.com
ejmorgan@paulweiss.com
clove@paulweiss.com

***Attorneys for Plaintiff District of Columbia***

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 19, 2024, I served a copy of the foregoing filing on all parties of record by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice to all attorneys of record. Plaintiffs are serving the remaining Defendants via first class mail or other permitted means.

Dated: July 19, 2024                    By: */s/ Edward G. Caspar*