**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CONRAD SMITH, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>Defendants. | Case No. 21-cv-2265-APM<br><br>*Oral Argument Requested* |
| DISTRICT OF COLUMBIA,<br><br>Plaintiff,<br><br>v.<br><br>PROUD BOYS INTERNATIONAL, L.L.C., *et al.*,<br><br>Defendants. | Case No. 21-cv-3267-APM<br><br>*Oral Argument Requested* |

**PLAINTIFFS' STATEMENT OF MATERIAL FACTS IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56 and Local Civ. R. 7(h), Plaintiffs respectfully submit this Statement of Material Facts in support of Plaintiffs' accompanying Motion for Partial Summary Judgment. The material facts in support of Plaintiffs' motion pertain to each Defendant's prior criminal convictions for their actions before and during the attack on the United States Capitol on January 6, 2021. Each Defendant against whom Plaintiffs move has been convicted of counts of

conspiracy under one or more of 18 U.S.C. §§ 371, 372, 2384, or 1512(k).[1] Below, Plaintiffs recount the relevant documentation and findings for each of those convictions. These prior convictions form the basis of Plaintiffs' motion on grounds of collateral estoppel.

The District has moved for partial summary judgment against Defendants Joseph Biggs, Charles Donohoe, Matthew Greene, Kenneth Harrelson, Connie Meggs ("C. Meggs"), Kelly Meggs ("K. Meggs"), Roberto A. Minuta, David Moerschel, Bennie Alvin Parker ("B. Parker"), Sandra Ruth Parker ("S. Parker"), Dominic Pezzola, Zachary Rehl, Elmer Stewart Rhodes III, Laura Steele, Henry "Enrique" Tarrio, Brian Ulrich, Edward Vallejo, and Jessica Marie Watkins.

The Smith Plaintiffs have moved on a subset of those Defendants—Defendants Biggs, K. Meggs, Pezzola, Rehl, and Tarrio—and, in addition, Defendant Nordean.

Each of these Defendant's relevant prior convictions is grouped and presented below according to the statutory offense of conviction, and then within each statutory offense, the cases under which each Defendant was convicted.

## STATEMENT OF MATERIAL FACTS

### I. Defendants with Convictions for Conspiracy to Prevent an Officer from Discharging Any Duties Violating 18 U.S.C. § 372

#### A. Defendants Harrelson, K. Meggs, and Watkins

1. On June 22, 2022, a grand jury returned the Superseding Indictment charging Defendants Harrelson, K. Meggs, and Watkins with, among other counts, one count of Conspiracy to Prevent an Officer from Discharging Any Duties (18 U.S.C. § 372) (Count IV) for conspiring "to prevent by force, intimidation, and threat, any person, that is, Members of the United States Congress, from discharging any duties of any office, trust, and place of confidence under the

[1] Additionally relevant to the instant motion is one Defendant's (Defendant Donohoe) guilty plea for assault charges under 18 U.S.C. § 111(a).

United States, and to induce by force, intimidation, and threat, any officer of the United States, that is, Members of the United States Congress, to leave the place where their duties as officers were required to be performed." Declaration of Edward G. Caspar ("Caspar Decl.")[2], Ex. 1 (Superseding Indictment, *United States* v. *Rhodes, III, et al.*, No. 1:22-CR-00015, Trial Group 1 (D.D.C. 2022) ("Rhodes Criminal Case"), ECF No. 167 ¶ 140).

2. According to the Superseding Indictment in the Rhodes Criminal Case, the Congressional duties that Defendants Harrelson, K. Meggs, and Watkins conspired to prevent Members of Congress from discharging were those relating to the "Certification of the Electoral College vote" following the 2020 U.S. presidential election. *Id.* ¶ 1; *see id.* ¶¶ 2–3, 140 (incorporating ¶¶ 1–13 and 18–134).

3. In the Rhodes Criminal Case, the Court instructed the jury as follows with respect to the charges that defendants violated § 372:

> In order to find the defendant guilty of conspiring to prevent Members of Congress from discharging their duties, you must find that the government proved each of the following two elements beyond a reasonable doubt:
>
> (1) that the defendant agreed with at least one other person to, by force, intimidation, or threat, (1) prevent a Member of Congress from discharging a duty as a Member of Congress, or (2) induce a Member of Congress to leave the place where the member of Congress's duties are required to be performed.
>
> (2) that the defendant knew of the agreement and willfully joined the agreement.

Ex. 2 (Jury Instructions, Rhodes Criminal Case, ECF No. 400).

4. On November 29, 2022, Defendants Harrelson, K. Meggs, and Watkins were convicted of Count IV of the Superseding Indictment for violating § 372. Ex. 3 (Verdict Form,

[2] Unless otherwise stated, each Exhibit cited hereinafter is attached to the Caspar Declaration.

Rhodes Criminal Case, ECF No. 410); Ex. 4 (Harrelson Judgment, Rhodes Criminal Case, ECF No. 617); Ex. 5 (K. Meggs Judgment, Rhodes Criminal Case, ECF No. 626); Ex. 6 (Watkins Judgment, Rhodes Criminal Case, ECF No. 620).

5. At sentencing, the Court found the "early communications [between K. Meggs and co-conspirators] starting after the election established a foundation for the conspiracy and the understanding among the co-conspirators that violence might be used or needed to keep the President[-elect] out of office . . . and that those statements and early communications laid the groundwork and foundation for the ultimate object of the conspiracy, which was to interfere with the transfer of power through and resisting the authority of the government by force and, as [the Court found], through a preponderance of the evidence, to prevent the execution of the laws by force." Ex. 7 (Tr. of Sentencing Proceedings, Rhodes Criminal Case, ECF No. 818 at 6:24–7:10).

**B. Defendants Biggs, Nordean, Pezzola, Rehl, and Tarrio**

6. On June 6, 2022, a grand jury returned the Third Superseding Indictment charging Defendants Biggs, Nordean, Pezzola, Rehl, and Tarrio with, among other counts, one count of Conspiracy to Prevent an Officer from Discharging Any Duties (18 U.S.C. § 372) (Count IV). *United States* v. *Nordean, et al.*, No. 1:21-CR-00175 (D.D.C. 2021) ("Nordean Criminal Case"); Ex. 8 (Third Superseding Indictment, Nordean Criminal Case, ECF No. 380).

7. According to the Third Superseding Indictment in the Nordean Criminal Case, the duties that Defendants Biggs, Nordean, Pezzola, Rehl, and Tarrio conspired to prevent Members of Congress from discharging were those relating to the "Certification of the Electoral College vote" following the 2020 U.S. Presidential election. Ex. 8 ¶ 4; *see also id.* ¶¶ 113–114 (incorporating ¶¶ 1–24, 29–108).

8. Specifically, the allegations in the Third Superseding Indictment in the Nordean Criminal Case relating to the duties that Defendants Biggs, Nordean, Pezzola, Rehl, and Tarrio conspired to prevent federal law enforcement officers from discharging concerned guarding the Capitol during the certification of the presidential election following the 2020 presidential election. *Id*. ¶¶ 31, 37, 41, 48, 49, 72–107, 113–14 (incorporating ¶¶ 1–24, 29–108).

9. At trial, Defendant Pezzola admitted to **"**grabb[ing] at [a riot shield] when it was in [an officer's] hands. Ex. 9 (Tr. of Jury Trial Day 68 (Afternoon Session), *United States* v. *Nordean et al.*, Case No. 21-cr-175 (D.D.C.), at 19374:14–16). Defendant Pezzola further admitted to "pulling on [the shield in order] to take possession of it," *id.* at 19376:15–19378:4, and admitted that he told others that he "took [it] from a fucking cop," *id.* at 19392:19–21; 19406:8–12. Defendant Pezzola also admitted that he screamed at police officers, "We ain't stopping. Fuck you," "You better decide which side you're on motherfuckers," and "You think Antifa is fucking bad? Just you wait." *Id.* at 19405:9–19406:12. Finally, Defendant Pezzola admitted that he smashed a Capitol window with the riot shield, and that he did so "for someone inside [the Capitol] to hear [him]." *Id.* at 19408:2–19409:25.

10. In the Nordean Criminal Case, the Court instructed the jury as follows with respect to the charges that defendants violated § 372:

> In order to find the defendant guilty of conspiring to prevent Members of Congress and law enforcement officers from discharging their duties, you must find that the government proved each of the following three elements beyond a reasonable doubt:
>
> (1) that the defendant agreed with at least one other person to by, force, intimidation, or threat, (a) prevent a Member of Congress or a federal law enforcement officer from discharging a duty, or (b) induce a Member of Congress or federal law enforcement officer to leave the place where that person's duties are required to be performed.

> (2) that two or more members of the conspiracy either formed the conspiracy or pursued its goals in any State, Territory, Possession or District.
>
> (3) that the defendant joined or entered into that agreement with awareness of and the intent to further one or both of its unlawful goals.

Ex. 10 (Jury Instructions, Nordean Criminal Case, ECF No. 767).

11. On May 4, 2023, Defendants Nordean, Biggs, Rehl, Tarrio, and Pezzola were convicted of Count IV of the Third Superseding Indictment for violating § 372. Ex. 11 (Verdict Form, Nordean Criminal Case, ECF No. 804); Ex. 12 (Nordean Judgment, Nordean Criminal Case ECF No. 912); Ex. 13 (Biggs Judgment, Nordean Criminal Case ECF No. 902); Ex. 14 (Rehl Judgment, Nordean Criminal Case, ECF No. 905); Ex. 15 (Tarrio Judgment, Nordean Criminal Case ECF No. 908); Ex. 16 (Pezzola Judgment, Nordean Criminal Case, ECF No. 915).

12. Additionally, the grand jury, in the same Third Superseding Indictment, charged Defendant Pezzola with one count of Assaulting, Resisting, or Impeding Certain Officers (18 U.S.C. § 111(a)) (Count VI) for "forcibly assault[ing], resist[ing], oppos[ing], imped[ing], intimidat[ing], and interfer[ing] with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), and did make physical contact with that officer and employee, while such person was engaged in and on account of the performance of official duties." Ex. 8 at ¶ 124.

13. On May 4, 2023, after a months-long trial, a jury convicted Defendant Pezzola of "Conspiracy to Obstruct an Official Proceeding, in violation of 18 U.S.C. § 1512(k), and Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)." Ex. 16 (Pezzola Judgment, Nordean Criminal Case, ECF No. 915 at 8).

### C. Defendants Minuta, Moerschel, and Vallejo

14. On June 22, 2022, a grand jury returned the Superseding Indictment charging Defendants Minuta, Moerschel, and Vallejo with, among other counts, one count of Conspiracy to Prevent an Officer from Discharging Any Duties (18 U.S.C. § 372) (Count IV) for conspiring "to prevent by force, intimidation, and threat, any person, that is, Members of the United States Congress, from discharging any duties of any office, trust, and place of confidence under the United States, and to induce by force, intimidation, and threat, any officer of the United States, that is, Members of the United States Congress, to leave the place where their duties as officers were required to be performed." Ex. 1 (Superseding Indictment, *United States* v. *Rhodes, et al.*, No. 1:22-CR-00015, Trial Group 2 (D.D.C. 2022) ("Minuta Criminal Case"), ECF No. 167 ¶ 140).

15. According to the Superseding Indictment in the Minuta Criminal Case, the Congressional duties that Defendants Minuta, Moerschel, and Vallejo conspired to prevent Members of Congress from discharging were those relating to the "Certification of the Electoral College vote" following the 2020 U.S. Presidential election. *Id.* ¶ 1; *see id.* ¶¶ 6, 17(g), 140.

16. In the Minuta Criminal Case, the Court instructed the jury as follows with respect to the charges that defendants violated § 372:

> In order to find the defendant guilty of conspiring to prevent Members of Congress from discharging their duties, you must find that the government proved each of the following two elements beyond a reasonable doubt:
>
> (1) that the defendant agreed with at least one other person to, by force, intimidation, or threat, (1) prevent a Member of Congress from discharging a duty as a Member of Congress, or (2) induce a Member of Congress to leave the place where the member of Congress's duties are required to be performed.
>
> (2) that the defendant knew of the agreement and willfully joined the agreement.

Ex. 17 (Jury Instructions, Minuta Criminal Case, ECF No. 457).

17. On January 23, 2023, Defendant Minuta, Moerschel, and Vallejo were convicted of Count IV of the Superseding Indictment for violating § 372. Ex. 18 (Verdict Form, Minuta Criminal Case, ECF No. 450); Ex. 19 (Minuta Judgment, Minuta Criminal Case, ECF No. 631); Ex. 20 (Moerschel Judgment, Minuta Criminal Case, ECF No. 641); Ex. 21 (Vallejo Judgment, Minuta Criminal Case, ECF No. 650).

### D. Defendants C. Meggs, S. Parker, and Steele

18. On June 22, 2022, a grand jury returned the Eighth Superseding Indictment charging Defendants C. Meggs, S. Parker, and Steele with, among other counts, one count of Conspiracy to Prevent an Officer from Discharging Any Duties (18 U.S.C. § 372) (Count IV) for conspiring "to prevent by force, intimidation, and threat, any person, that is, Members of the United States Congress, from discharging any duties of any office, trust, and place of confidence under the United States, and to induce by force, intimidation, and threat, any officer of the United States, that is, Members of the United States Congress, to leave the place where their duties as officers were required to be performed." Ex. 22 (Eighth Superseding Indictment, *United States* v. *Crowl, et al.*, No. 1:21-CR-00028, Trial Group 1 (D.D.C. 2022) ("Parker Criminal Case"), ECF No. 684 ¶ 115).

19. According to the Eighth Superseding Indictment in the Parker Criminal Case, the Congressional duties that Defendants C. Meggs, S. Parker, and Steele conspired to prevent Members of Congress from discharging were those relating to the "Certification of the Electoral College vote" following the 2020 U.S. Presidential election. *Id.* ¶ 1; *see id.* ¶¶ 6, 21–22, 115.

20. In the Parker Criminal Case, the Court instructed the jury as follows with respect to the charges that defendants violated § 372:

> In order to find the defendant guilty of conspiring to prevent Members of Congress from discharging their duties, you must find that the government proved each of the following two elements beyond a reasonable doubt:
>
> (1) that the defendant agreed with at least one other person to, by force, intimidation, or threat, (1) prevent a Member of Congress from discharging a duty as a Member of Congress, or (2) induce a Member of Congress to leave the place where the member of Congress's duties are required to be performed.
>
> (2) that the defendant knew of the agreement and willfully joined the agreement.

Ex. 23 (Jury Instructions, Parker Criminal Case, ECF No. 916).

21. On March 20, 2023, Defendants C. Meggs, S. Parker, and Steele were convicted of Count IV of the Eighth Superseding Indictment for violating § 372. Ex. 24 (Verdict Form, Parker Criminal Case, ECF No. 910); Ex. 25 (C. Meggs Judgment, Parker Criminal Case, ECF No. 1056); Ex. 26 (S. Parker Judgment, Parker Criminal Case, ECF No. 1062); Ex. 27 (Steele Judgment, Parker Criminal Case, ECF No. 1067).

## II. Defendant Greene Pleaded Guilty to Conspiracy in Violation of 18 U.S.C. § 371

22. On April 16, 2021, a grand jury returned the First Superseding Indictment charging Defendant Greene with, among other counts, one count of Conspiracy (18 U.S.C. § 371) (Count I) for conspiring "to commit an offense against the United States., namely, (1) to corruptly obstruct, influence, and impede an official proceeding, that is, Congress's certification of the Electoral College vote, . . . and (2) to obstruct, impede, and interfere with law enforcement officers engaged in the lawful performance of official duties incident to and during the commission of a civil disorder." Ex. 28 (First Superseding Indictment, *United States* v. *Pezzola, et al.*, No. 1:21-CR-00052 (D.D.C. 2021), ECF No. 34 ¶ 25).

23. On December 20, 2021, Defendant Greene pleaded guilty to a "violation of 18 U.S.C. § 371." Ex. 29 (Greene Plea Agreement, *United States* v. *Pezzola, et al.*, No. 1:21-CR-00052 (D.D.C. 2021), ECF No. 104 at 1). In that agreement, Defendant Greene further agreed "that the attached 'Statement of Offense' fairly and accurately describe[d his] actions and involvement in the offense(s) to which [he pleaded] guilty." *Id.* at 2.

24. Attached to Defendant Greene's Plea Agreement is his Statement of Offense, which admits that he "believed that he and his co-conspirators were trying to obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18." Ex. 30 (Greene Statement of Offense, *United States* v. *Pezzola, et al.*, No. 1:21-CR-00052 (D.D.C. 2021), ECF No. 105 ¶ 30). Defendant Greene admitted that his "intent in conspiring with others to unlawfully enter the restricted area of the Capitol grounds" was to "cause legislators and the Vice President to act differently during the course of the certification of the Electoral College." *Id.* ¶ 29. Further, Defendant Greene "intended to affect the government by stopping or delaying the Congressional proceeding, and, in fact, did so. Greene accomplished this by intimidating and coercing government personnel who were participating in or supporting the Congressional proceeding." *Id.* ¶ 31.

25. Defendant Greene signed the Statement of Offense affirming that he made his statement "knowingly and voluntarily" and that he "stipulate[s] and agree[s] that this Statement of Offense . . . is true and accurate." *Id.* at 10.

## III. Defendants with Convictions for Seditious Conspiracy Violating 18 U.S.C. § 2384

### A. Defendant Rhodes

26. On June 22, 2022, a grand jury returned the Superseding Indictment charging Defendant Rhodes with, among other counts, one count of Seditious Conspiracy (18 U.S.C. § 2384) (Count I) for conspiring "to oppose by force the authority of the Government of the United States, and by force to prevent, hinder, and delay the execution of any law of the United States" with the purpose of "oppos[ing] the lawful transfer of presidential power by force." Ex. 1 (Superseding Indictment, Rhodes Criminal Case, ECF No. 167 ¶¶ 15–16). In the Rhodes Criminal Case, the Court instructed the jury as follows with respect to the charges that defendants violated § 2384:

> In order to find the defendant guilty of conspiring to oppose by force the authority of the Government of the United States, or to prevent, hinder, or delay the execution of any law of the United States by force, you must find that the government proved each of the following two elements beyond a reasonable doubt:
>
> (1) that the defendant conspired or agreed with at least one other person with the goal of opposing by force the authority of the Government of the United States, or preventing, hindering, or delaying the execution of any law of the United States by force.
>
> (2) that the defendant joined or entered into that agreement with awareness of one or both of its unlawful goals.

Ex. 2 (Jury Instructions, Rhodes Criminal Case, ECF No. 400).

27. On November 29, 2022, Defendant Rhodes was convicted of Count I of the Superseding Indictment for violating § 2384. Ex. 3 (Verdict Form, Rhodes Criminal Case, ECF No. 410); Ex. 31 (Rhodes Judgment, Rhodes Criminal Case, ECF No. 624).

28. At trial, evidence of Rhodes' electronic messages to co-conspirators was submitted to the jury, including his admonitions that the co-conspirators would "now walk the same path as

the Founding Fathers, for the same reasons." Ex. 32 (Tr. of Jury Trial, Rhodes Criminal Case, ECF No. 744 at 5995:16–17). Further evidence was presented of such messages, including one where Defendant Rhodes remarked that he and his co-conspirators "sent the message that they will not live under an illegitimate Chi-Chom puppet regime. You can't handle that, hit the door. You ain't seen nothing yet." *Id.* at 6005:12–15.

29. At sentencing, the Court found by a preponderance of the evidence that "a jury could find and did find that Mr. Rhodes' purchases of firearms, both on his way to Washington, D.C., and on his way out was to challenge the Government of the United States and to create an arsenal in order to do so. Ex. 33 (Tr. of Sentencing Proceedings, Rhodes Criminal Case, ECF No. 817 at 20:2–8). The Court noted that "Mr. Rhodes gave a cache of weapons and equipment to [District Defendant] Josh James, which he told Mr. James to distribute upon his instruction and to be prepared for violence in the event of Civil War." *Id.* at 20:12–14.

**B. Defendant Ulrich**

30. On January 12, 2022, a grand jury returned the Indictment charging Defendant Ulrich with, among other counts, one count of Seditious Conspiracy (18 U.S.C. § 2384) (Count I) for conspiring "by force to prevent, hinder, and delay the execution of any law of the United States," with the purpose of "oppos[ing] the lawful transfer of presidential power by force." Ex. 34 (Indictment, *United States* v. *Rhodes, III, et al.*, No. 1:22-CR-00015 (D.D.C. 2022), ECF No. 1 ¶¶ 15–16).

31. On April 18, 2022, Defendant Ulrich pleaded guilty to a "violation of 18 U.S.C. § 2384," or "Seditious Conspiracy." Ex. 35 (Ulrich Plea Agreement, *United States* v. *Rhodes, III, et al.*, No. 1:22-CR-00015 (D.D.C. 2022), ECF No. 116 at 1). In that agreement, Defendant Ulrich

further agreed "that the attached 'Statement of Offense' fairly and accurately describe[d his] actions and involvement in the offense(s) to which [he pleaded] guilty." *Id.* at 2.

32. Attached to Defendant Ulrich's Plea Agreement is his Statement of Offense, which admits that, with the actions he took before and on January 6, 2021 related to the attack on the United States Capitol, he "intended to influence or affect the conduct of the United States government and to retaliate against the United States government. He accomplished this by intimidating and coercing government personnel who were participating in or supporting the Congressional proceeding, including Members of Congress, Congressional staff, and law enforcement officers with the Capitol Police and Metropolitan Police Department." Ex. 36 (Ulrich Statement of Offense, *United States* v. *Rhodes, III, et al.*, No. 1:22-CR-00015 (D.D.C. 2022), ECF No. 117 ¶ 42).

33. Defendant Ulrich further admitted, "[i]n advance of and on January 6, 2021, Ulrich and others agreed to take part in the plan . . . [to] use any means necessary, up to and including the use of force, to stop the lawful transfer of presidential power." *Id.* ¶ 25. In furtherance of this plan, Defendant Ulrich travelled to the Capitol on a golf cart wearing a tactical vest, radio equipment, a body-worn camera, goggles, a camouflage tactical backpack, a black neck gaiter, and an Oath Keepers hat. *Id.* ¶¶ 34–35. He admitted to unlawfully entering the Capitol through the East Rotunda Doors where he interacted with police trying to clear the area. *Id.* ¶ 40.

34. Defendant Ulrich signed the Statement of Offense affirming that he "fully understand[s]" his statement and "agree[s] and acknowledge[s]" that it is "true and accurate." *Id.* at 14.

## IV. Defendants with Convictions for Conspiracy to Obstruct an Official Proceeding Violating 18 U.S.C. § 1512(k)

### A. Defendant B. Parker

35. On June 22, 2022, a grand jury returned the Eighth Superseding Indictment charging Defendant B. Parker with, among other counts, one count of Conspiracy to Obstruct an Official Proceeding (18 U.S.C. § 1512(k)) (Count I) for conspiring "to corruptly obstruct, influence, and impede an official proceeding, that is, the Certification of the Electoral College vote." Ex. 22 (Eighth Superseding Indictment, Parker Criminal Case, ECF No. 684, ¶ 21).

36. In the Parker Criminal Case, the Court instructed the jury as follows with respect to the charges that defendants violated § 1512(k):

> In order to find the defendant guilty of conspiring to obstruct an official proceeding, you must find that the government proved each of the following two elements beyond a reasonable doubt:
>
> (1) that the defendant conspired or agreed with at least one other person with the goal of committing the crime of obstructing an official proceeding.
>
> (2) that the defendant joined or entered into that agreement with awareness of its unlawful goal.

Ex. 23 (Jury Instructions, Parker Criminal Case ECF No. 916).

37. On March 20, 2023, Defendant B. Parker was convicted of Count I of the Superseding Indictment for violating § 1512(k). Ex. 24 (Verdict Form, Parker Criminal Case, ECF No. 910); Ex. 37 (B. Parker Judgment, Parker Criminal Case, ECF No. 1059). Defendant B. Parker was found guilty of taking affirmative steps – "entering or remaining in restricted building or grounds" – in furtherance of that conspiracy. Ex. 24 at 6.

38. At sentencing, the Court found that B. Parker affirmatively reached out to Defendant Jessica Watkins to discuss whether or not he should bring weapons with him to

Washington, D.C. on January 6, 2021. Ex. 38 (Tr. of Sentencing Proceedings, ECF No. 1174 at 5:10–13). Defendant B. Parker eventually brought with him "three weapons, an AR-15, a .45 caliber pistol, and an additional pistol." *Id.* at 21–22.

**B. Defendant Donohoe**

39. On March 7, 2022, a grand jury returned the Second Superseding Indictment charging Defendant Donohoe with, among other counts, one count of Conspiracy to Obstruct an Official Proceeding (18 U.S.C. § 1512(k)) (Count I) for conspiring "to corruptly obstruct, influence, and impede an official proceeding, that is, the Certification of the Electoral College vote." Ex. 39 (Second Superseding Indictment, Nordean Criminal Case, ECF No. 305 ¶ 26).

40. Additionally, the grand jury, in the same Second Superseding Indictment, charged Defendant Donohoe with one count of Assaulting, Resisting, or Impeding Certain Officers (18 U.S.C. § 111(a)) (Count VI) for "forcibly assault[ing], resist[ing], oppos[ing], imped[ing], intimidat[ing], and interfer[ing] with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), by throwing a water bottle at law enforcement." *Id.* ¶ 117.

41. On April 4, 2022, Defendant Donohoe pleaded guilty to "Conspiracy to Obstruct an Official Proceeding, in violation of 18 U.S.C. § 1512(k), and Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)." Ex. 40 (Donohoe Plea Agreement, Nordean Criminal Case, ECF No. 335 at 1). In that agreement, Defendant Donohoe further agreed "that the attached 'Statement of Offense' fairly and accurately describe[d his] actions and involvement in the offense(s) to which [he pleaded] guilty." *Id.* at 2.

42. Attached to Defendant Donohoe's Plea Agreement is his Statement of Offense, which admits that, with the actions he took before and on January 6, 2021 related to the attack on

the United States Capitol, he "intended to influence or affect the conduct of the United States government. He accomplished this by intimidating and coercing government personnel who were participating in or supporting the Congressional proceeding, including Members of Congress, Congressional staff, and law enforcement officers with the Capitol Police and Metropolitan Police Department." Ex. 41 (Donohoe Statement of Offense ¶ 43).

43. Further, Donohoe admitted that he "intended to use force and did, in fact, use force to obstruct, impede, or interfere with the certification of the Electoral College vote, and did forcibly assault, resist, oppose, impede, intimidate, or interfere with, officers or employees of the United States." *Id.* ¶ 42.

44. Specifically, Donohoe "threw two water bottles at a line of law enforcement officers engaged in the lawful performance of their official duties who were attempting to prevent the mob's advance in the West Plaza at the Capitol building." *Id.* ¶ 37. Donohoe admits that it was "foreseeable to Donohoe that members of the Proud Boys who had been led to the Capitol by [Defendants] Nordean and Biggs would engage in assaults on law enforcement." *Id.*

45. Defendant Donohoe signed the Statement of Offense affirming that he made "this statement knowingly and voluntarily" and that it is "true and accurate." *Id.* at 13.

Dated: July 19, 2024

By: */s/ Edward G. Caspar*
Edward G. Caspar, D.C. Bar No. 1644168
David Brody, D.C. Bar No. 1021476
Marc P. Epstein D.C. Bar No. 90003967
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street N.W., Suite 900
Washington, DC 20005
Tel: 202-662-8390
ecaspar@lawyerscommittee.org
dbrody@lawyerscommittee.org
mepstein@lawyerscommittee.org

*By: /s/ Elizabeth B. Honkonen*
William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
KENNY NACHWALTER, P.A.
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Tel: 305-373-1000
wblechman@knpa.com
ehonkonen@knpa.com

By: */s/ Elizabeth H. Snow*
Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Elizabeth H. Snow, *pro hac vice*
Babak Ghafarzade, *pro hac vice*
Esther D. Ness, *pro hac vice*
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
esnow@selendygay.com
bghafarzade@selendygay.com
eness@selendygay.com

***Attorneys for Plaintiffs Conrad Smith, et al.***

**BRIAN L. SCHWALB, ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA**

By: */s/ Brendan B. Downes*
Brendan B. Downes (D.C. Bar 187888)
400 6th St. NW
Washington, DC 20001
Tel: 202-724-6533
Email: Brendan.downes@dc.gov

**STATES UNITED DEMOCRACY CENTER**

By: */s/ Norman Eisen*
Norman Eisen (D.C. Bar 435051)
Christine P. Sun
Katherine Reisner
Gillian Feiner

Zack Goldberg
Meagan Harding
Alexander F. Atkins (D.C. Bar 90003787)
1101 17th St NW, Suite 250
Washington, DC 20036
Tel: (202) 999-9305
Email: norm@statesuniteddemocracy.org
christine@statesuniteddemocracy.org
katie@statesuniteddemocracy.org
gillian@statesuniteddemocracy.org
zack@statesuniteddemocracy.org
meagan@statesuniteddemocracy.org
alex@statesuniteddemocracy.org

**THE ANTI-DEFAMATION LEAGUE**

By: */s/ James Pasch*
James Pasch
605 Third Avenue
New York, NY 10158-3650
Tel: 212-885-5806
Email: jpasch@adl.org

**DECHERT LLP**

By: */s/ Vincent H. Cohen, Jr.*
Vincent H. Cohen, Jr. (D.C. Bar 471489)
D. Brett Kohlhofer (D.C. Bar 1022963)
1900 K Street, NW
Washington, D.C. 20006-1110
Tel: 202-261-3300
Fax: 202-261-3333
Email: vincent.cohen@dechert.com
d.brett.kohlhofer@dechert.com

By: */s/ Michael S. Doluisio*
Michael S. Doluisio
2929 Arch Street
Philadelphia, PA 19104-2808
Tel: 215-994-2000
Fax: 215-994-2222
Email: michael.doluisio@dechert.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: */s/ Jeannie S. Rhee*
Jeannie S. Rhee (D.C. Bar 464127)
2001 K Street, NW
Washington, D.C. 20006-1047
Tel: 202-223-7300
Fax: 202-223-7420
Email: jrhee@paulweiss.com

By: */s/ Daniel J. Kramer*
Daniel J. Kramer
Andrew J. Ehrlich
Erin J. Morgan
Cassandra N. Love
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: 212-373-3000
Fax: 212-757-3990
Email: dkramer@paulweiss.com
aehrlich@paulweiss.com
ejmorgan@paulweiss.com
clove@paulweiss.com

***Attorneys for Plaintiff District of Columbia***