# Exhibit 38

1

```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA,       )
                                )
        Plaintiff,              )
                                )     CR No. 21-28-5
                                )     Washington, D.C.
     vs.                        )     September 1, 2023
                                )     11:27 a.m.
BENNIE ALVIN PARKER,            )
                                )
        Defendant.              )
_____)


              TRANSCRIPT OF SENTENCING PROCEEDINGS
             BEFORE THE HONORABLE AMIT P. MEHTA
                  UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Government:       Troy A. Edwards, Jr.
                          U.S. ATTORNEY'S OFFICE
                          FOR THE DISTRICT OF COLUMBIA
                          555 4th Street, NW
                          Washington, D.C. 20001
                          (202) 258-1251
                          Email: troy.edwards@usdoj.gov

                          Alexandra Stalimene Hughes
                          U.S. DEPARTMENT OF JUSTICE
                          NSD
                          950 Pennsylvania Ave NW
                          Washington, D.C. 20004
                          (202) 353-0023
                          Email:
                          Alexandra.Hughes@usdoj.gov
```

APPEARANCES CONTINUED:

For the Defendant:          Stephen F. Brennwald
                            BRENNWALD & ROBERTSON, LLP
                            922 Pennsylvania Avenue, SE
                            Washington, D.C. 20003
                            (301) 928-7727

Probation Officer:          Kelli Willett

Court Reporter:             William P. Zaremba
                            Registered Merit Reporter
                            Certified Realtime Reporter
                            Official Court Reporter
                            E. Barrett Prettyman CH
                            333 Constitution Avenue, NW
                            Washington, D.C. 20001
                            (202) 354-3249


Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription

Case 1:21-cv-02265-APM Document 307-40 Filed 07/29/24 Page 4 of 67
Case 1:21-cr-00028-APM Document 1074 Filed 02/19/24 Page 3 of 69

3

```
1                    P R O C E E D I N G S
2              COURTROOM DEPUTY:  All rise.  The Honorable
3    Amit P. Mehta presiding.  This court is again in session.
4              THE COURT:  Please be seated.  Thank you,
5    everyone.
6              COURTROOM DEPUTY:  Good morning, Your Honor.
7    This is Criminal Case No. 21-28-5, the United States of
8    America versus Bennie Alvin Parker.
9              Kathryn Rakoczy [sic], Alexandra Hughes, and
10   Troy Edwards for the government.
11             Stephen Brennwald on behalf of the defense.
12             Kelli Willett on behalf of the Probation Office.
13             The defendant is appearing in person for these
14   proceedings.
15             THE COURT:  All right.  Good morning again.  You
16   all are going to have bear with me for 60 seconds, I have to
17   run back and pick stuff up off the printer so I'll be right
18   back.
19             (Pause)
20             THE COURT:  All right.
21             Okay.  So let's start with the Rule 29, which we
22   had left open on Tuesday.  So let me just start there.
23             So Mr. Parker's Rule 29 and 33 motion was filed at
24   938, ECF No. 938.  He also adopted certain arguments that
25   were presented by Connie Meggs and incorporated by reference
```

in the Rhodes matter. I'll incorporate by reference the Rule 29 standard, as I described it in my oral ruling during the omnibus hearing on August 29th.

To restate for the record with respect to Count 1 of the Eighth Superseding Indictment, conspiracy to obstruct an official proceeding in violation of 18 U.S.C. 1512(k), the government must prove that from in and around December 20th through in and around January 2021, Bennie Parker participated in a conspiracy to obstruct an official proceeding, the elements of which are, one, that the defendant conspired or agreed with at least one other person with the goal of committing the crime of obstructing an official proceeding, and, two, that the defendant joined or entered into that agreement with awareness of its unlawful goal.

So during the August 29 ruling, I provided a lengthy factual background of the evidence leading up to the co-conspirators' actions on January 6th, which I'll just incorporate here by reference. In this ruling, I'll focus on a few critical pieces of evidence which a reasonable jury could have considered with respect to Mr. Parker.

So, first, Mr. Parker connected with the Oath Keepers in November of 2020. On November 7th, in fact, when he het Jessica Watkins, along with his wife.

At the time, Mr. Parker was already part of a

militia organization in the State of Ohio.  And when he met with Ms. Watkins, he approached her and -- with the purpose of joining her organization, which ultimately ended up in his assisting with the Oath Keepers.

But before we even get there, Mr. Parker and Ms. Watkins, in the early part of January, we know that they met once before, at least once at the bar with, although I think some of this came in in the defense case so I want to be careful what I'm referring to here.

There is reflected in the text messages in the government's case-in-chief a back-and-forth about whether he could, and his wife could bring weapons.  This was in early January.  And Ms. Watkins ultimately did tell them they could bring weapons on January 3rd.  She texted Mr. Parker that "We're not bringing firearms.  The QRF will be our law enforcement members of Oath Keepers."

On January 4th, "Weapons are okay now," she tells him.

He then drives with Ms. Parker and Donovan Crowl and Jessica Watkins to D.C. on January 4th and brings with him three weapons, an AR-15, a .45 caliber pistol, and an additional pistol.

These are, of course, following the discussions with Ms. Watkins about the QRF.

We know Ms. Watkins, en route to D.C. or to

1   Virginia, did send a message asking about where the QRF was
2   located and didn't receive a response.  Ultimately the
3   weapons that they brought with them were left in Winchester.
4   They did, however, then stay at the Comfort Inn hotel where
5   the QRF was staged.
6           Again, at a Rule 29 standard, this is a Rule 29
7   standard at the end of the government's case, I do think a
8   reasonable jury could have concluded that Bennie Parker was
9   aware of the QRF and the role it would play on January 6th.
10  Again this is a Rule 29 standard.
11          And then even if after the case-in-chief, when
12  Mr. Parker did take the stand for the defense, again, the
13  jury did not have to credit his testimony about why he
14  brought the weapon to Virginia.  So, again, at the Rule 29
15  stage, and applying that standard, I think the jury could
16  have drawn those reasonable conclusions from that evidence.
17          You then turn to January 6th, and a reasonable
18  jury could have viewed the words and conduct of Mr. Parker
19  has having knowingly joined a conspiracy whose objective was
20  to interfere with the certification.
21          He, along with others, gathered along The Ellipse
22  that morning.  Mr. Rhodes eventually does send to the Signal
23  chat, that "Pence is doing nothing, as I predicted," and
24  then immediately Mr. Parker, along with members of Line 1
25  after that message is posted, began moving toward the