UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CONRAD SMITH, et al.,

    Plaintiffs,

    v.                                    Case No. 1:21-cv-2265 (APM)

DONALD J. TRUMP, et. al,

    Defendants.

RESPONSES AND OBJECTIONS OF TARRIO AND BIGGS TO
PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

Under Rules 26 and 34, Fed. R. Civ. P., defendants Henry Tarrio and Joseph R. Biggs (sometimes "Defendants) respond to Plaintiffs' Second Set of Requests for Production dated March 28, 2024 ("Requests"). Defendants respond jointly to these Requests. In July of 2023, Tarrio and Biggs also responded jointly to Plaintiffs' First Requests for Production of Documents. These newer Requests, like Plaintiffs' requests under Rule 34 last year, are in all important respects identical. Defendants' Responses and Objections to the Requests are set forth below.

**A. INTRODUCTION RELEVANT TO ALL TARRIO-BIGGS WRITTEN DISCOVERY RESPONSES IN 21-cv-2265, 21-cv-3267 and 21-cv-400**

A different response to written discovery entitled Responses and Objections of Tarrio and Biggs to Plaintiffs' First Set of Interrogatories is also being served today. The Introduction (*see* Section A) to those responses is incorporated by reference herein as if fully set forth in its entirety.

## B. GENERAL OBJECTIONS AND COMMENTS TO SECOND REQUESTS

1. These General Objections and Comments apply to each of the three requests.

2. Each defendant reserves the right to supplement these responses under Fed. R. Civ. P. 26 (e).

3. Defendants object to Requests 1 through 3 to the extent they are: (1) disproportional in reach considering the needs of the case; (2) overly broad as to either time or content; (3) ambiguous or vague; (4) improper, (5) unreasonably cumulative or duplicative; (6) immaterial; (7) irrelevant; and/or (8) unlikely under Rule 26 to lead to the discovery of admissible evidence.

4. Defendants object to Requests 1 through 3 because they are oppressive and impose an undue burden and expense upon Defendants due to the parties' inequality in resources. Plaintiffs' resources (money, lawyers, technical support, and the like) are vastly greater than those of Defendants. This disparity widens. Due to their continuing incarceration, continuing inability to generate an income, continuing expenses related to ongoing appeals, continuing demands and expenses of this lawsuit and others like it, and the uncertainly about budgeting limited resources, defendants Tarrio and Biggs each exist in a financial freefall likely to persist for years.

5. Defendants object to Requests 1 through 3 because Plaintiffs' relative access to relevant information is greatly superior to that of Defendants. Plaintiffs' access to discoverable information from *USA v. Nordean* (D.D.C. 21-cr-175), from other January 6 criminal proceedings, and from public sources has markedly improved over the last year and is vastly and increasingly superior to that of Defendants.

6. Defendants object to Requests 1 through 3 to the extent they seek information that is confidential, proprietary, or likely to lead to the violation of court orders, contracts with third parties, or privacy rights of third parties.

7. Below Plaintiffs' original Requests are in single space and bold. Defendants' responses are in double space and non-bold.

## RESPONSES TO REQUESTS FOR PRODUCTION

1. **Produce copies of all communications, including posts, messages, drafts of posts, emails, texts, and audio recordings, between January 1, 2020, and the present that you sent, received, or drafted on any digital platform regarding Donald Trump, the 2020 U.S. Presidential election, the certification or potential certification by Congress or the Vice President of the results of that election, election fraud, or January 6, 2021.**

RESPONSE:

The Introduction, and each of the Objections and Comments, apply to Requests 1 through 3 and are incorporated by reference as if fully set forth herein

*See* Aug. 1, 2023, Notice Re: Discovery Compliance (ECF No. 241) and Tarrio-Biggs Initial Disclosures served Oct. 12, 2023.

Requests 1 through 3 highlight communications sent, received and commented upon by Defendants. As pointed out in past discovery responses, neither defendant has hard copies of any discoverable records. Further, ESI or other materials reflecting or related to communications concerning January 6 or the 2020 presidential election can be derived only from cell phones, computers or other electronic digital devices Tarrio or Biggs owned and used prior to their arrests. Tarrio's electronic devices were seized by DOJ twice and have not been returned. This information were seized by DOJ at his home on January 20, 2021and have not been returned.

After extraction from these devices, much of the data sought by the Request appeared in DOJ's USAfx file exchange tool as discovery in the *USA v. Nordean* case (21-cr-175-TJK) but is protected from release by protective orders at ECF Nos. 83 and 103. Another large and responsive subset of this Nordean ESI is discoverable, however, as part of approximately 1,200 exhibits and items of evidence made accessible to Plaintiffs by Judge Timothy Kelly's order in *Nordean* on October 11, 2023.

Additionally, subpoenas for all the requested information were issued and served upon third-party communications carriers, social media platforms and other providers by DOJ in the weeks immediately following January 6.

NOTE: Finally, during the specified period, Tarrio and Biggs both used Parler, Telegraph and conventional SMS messaging. Before the specified period, Tarrio and Biggs had each been banned from Twitter, YouTube and Facebook. Neither can recall "liking" anyone else's posts on a social media platform. Neither Tarrio or Biggs have ever had a formal or informal connection to Donald Trump or any of his political campaigns. However, Tarrio is an acquaintance of a Trump advisor, lawyer and fellow Floridian named Roger Stone. He was once active in Latinos for Trump, a Florida group with no connection to the official Trump election campaign.

**2. Produce copies of all communications, including posts, tweets, pictures, videos, messages, and recordings, between January 1, 2020, and the present, on any digital platform, that you "liked," commented on, shared, re-posted, or mentioned, on any digital platform, regarding Donald Trump, the 2020 U.S. Presidential election, the certification or potential certification by Congress or the Vice President of the results of that election, election fraud, or January 6, 2021.**

RESPONSE:

*See* Response to Request 1.

.

**3. Produce copies of all communications that you received via paper mail, email, SMS text message, digital messaging platform (*e.g.*, SMS text messaging, iMessage, Messenger, Signal, WhatsApp, WeChat, Zello), or via the messaging function on a social media platform (*e.g.*, TikTok, Facebook, Instagram, X (formerly known as Twitter), Parler, Gab, Gettr, Truth Social, Telegram, Rumble, Twitch, MeWe, BitChute, and Discord), including communications that arrived at any of your addresses, email addresses, or digital platform accounts even if you did not see or review them, between January 1, 2020, and the present, regarding Donald Trump, the 2020 U.S. Presidential election, the certification or potential certification by Congress or the Vice President of the results of that election, election fraud, or January 6, 2021.**

RESPONSE:

*See* Response to Request 1.

                                        Respectfully submitted,

                                        FOR HENRY TARRIO
                                        and JOSEPH R. BIGGS

Dated: June 29, 2024                By: /s/ *John Daniel Hull*
                                        JOHN DANIEL HULL
                                        DC Bar No. 323006
                                        California Bar No. 222862
                                        HULL MCGUIRE PC
                                        1420 N Street, N.W.
                                        Washington, D.C.  20005
                                        202-429-6520 o
                                        619-895-8336 c
                                        jdhull@hullmcguire.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 29, 2024, he served a true and correct copy of the foregoing Responses and Objections of Tarrio and Biggs to Plaintiffs' Second Set of Requests for Production via email upon counsel for plaintiffs, counsel for defendants and *pro se* parties.

By: /s/ *John Daniel Hull*
JOHN DANIEL HULL
DC Bar No. 323006
California Bar No. 222862
HULL MCGUIRE PC
1420 N Street, N.W.
Washington, D.C. 20005
202-429-6520 o
619-895-8336 c
jdhull@hullmcguire.com