UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CONRAD SMITH, *et al.*,

   Plaintiffs,

       v.                            Case No. 21-cv-2265 (APM)

DONALD J. TRUMP, *et al.*,

   Defendant.

**AMENDED RESPONSE TO SHOW CAUSE ORDER AND MOTION TO ALLOW DISCOVERY MATERIAL TO REMAIN ON PUBLIC DOCKET**

Counsel for Defendants Henry Tarrio and Joseph R. Biggs respectfully submits this Amended Response to the Court's Order (ECF No. 310) of July 26, 2024. The Order directed counsel to show cause "why their [Tarrio's and Biggs's] discovery responses were filed on the public docket in apparent violation of Local Civil Rule 5.2(a)." This Response is coupled with a Motion under LCvR 5.2 (a) to allow the offending discovery materials filed to remain on the public docket in the interest of fairness and the public interest.

**I. Background**

On July 23, 2024, the undersigned did file a notice (ECF No. 307) in this case attaching two sets of recently served sets of discovery responses. It stated in its entirety:

> SECOND NOTICE RE: TARRIO-BIGGS DISCOVERY COMPLIANCE
>
> Attached are copies of (a) Responses and Objections of Tarrio and Biggs to Plaintiffs' First Set of Interrogatories (16 pages), and (b) Responses and Objections of Tarrio and Biggs to Plaintiffs' Second Set of Requests for Production (6 pages), both served June 29, 2024. These discovery responses are being filed with this Notice to enable the public, the press, and Court to review them, should any of the foregoing choose to do so, now or at some time in the future, concerning the actual financial and real access-to-justice circumstances of these two defendants.

1

The discovery responses attached to the Second Notice, apart from responding to specific discovery requests, do describe the increasingly difficult personal, financial, logistical, and detention-related difficulties defendants Tarrio and Biggs face in participating in this civil lawsuit (not to mention three other civil suits very much like it.)  These are circumstances that the public, press and this Court should know about. A similar notice ("Notice of Discovery Compliance") Biggs in this case attaching discovery responses (ECF No. 241) had been filed a year ago, on August 1, 2023, with no objection by any party. While that first notice attached only three pages of discovery materials, the materials filed also reflected some of the difficulties Defendants Tarrio and Biggs were having in participating in this case as incarcerated individuals and will continue to have in participating. They believed, and still believe a year later, that the public, the press and this Court should be aware of those difficulties given the historical and legal exceptionalism of the events at the Capitol on January 6. Tarrio and Biggs allegedly played key parts in those events. Both were criminally charged and detained pretrial for them, experienced a months-long "Proud Boys trial," and were convicted and finally sentenced in late 2023 to unusually long prison terms in a proceeding that struck all manner of observers as a one-off prosecution about a one-off American crisis and ordeal. In this litigation, in both instances, the  discovery responses filed with the notices did not represent or contain  any confidential materials. In the case of both notices and attachments,  there is no prejudice whatsoever to anyone because of their being filed.

**II.  Plaintiffs Have Been Trying *Smith v. Trump* in the Press for Three Years**

The issue which resulted in the Court's July 26, 2024, show cause order was apparently raised by Plaintiffs' counsel during a status conference on July 24, 2024.  Undersigned counsel was not present at the conference due to an unexpected first bout with a now infamous if manageable illness. At the last minute, he had other counsel pinch-hit for Tarrio and Biggs. But he understands from speaking to counsel who were present at the status conference that Plaintiffs'

2

counsel's complaint or objection was that the discovery responses were improperly filed and that this case "should not be tried in the press." However, such a reason for removing the filed Tarrio-Biggs materials from the public docket is not well-taken and should not be accepted by the Court.

In this litigation, Plaintiffs, eight United States Capitol Police officers, have as mainstay counsel and advisors the storied Lawyers Committee for Civil Rights Under Law ("Committee"), established over six decades ago. As a Google search – or visits to the Committee's national headquarters website or Twitter account ("67K" followers") will show – Plaintiffs have teased and



courted the press and media concerning *Smith et. al v. Trump, et al.* with announcements and updates about this litigation for nearly three years. Press releases coinciding with filings have been routine, and often successful, resulting in mainstream print news features and television news appearances. For example, on August 26, 2021, the Committee issued "Capitol Police Officers File Civil Rights Lawsuit to Hold Trump, Militant Groups Accountable for Jan. 6 Capitol Attack." The event spawned articles in *The New York Times* and *USA Today.* Next came an appearance on CNN by a senior Committee lawyer on August 27, 2021, with Erin Burnett, as reflected in the screen shot above left. Fifteen

months later, in January of 2023, Committee's current Executive Director sat for an interview on this case with MSNBC's Symone Sanders, as shown in the image on the right. The most recent release, issued on April 18, 2024, was



3

"Lawyers' Committee for Civil Rights Under Law Applauds the Rejection of Trump's Attempt to Postpone Civil Cases on January 6." Three months earlier, on January 5, 2024, the Committee released "As Three-Year Anniversary of the Jan. 6 Capitol Insurrection Approaches, Federal Appeals Court Rules that Trump Does Not Have Immunity from Civil Rights Suit Brought by U.S. Capitol Police Officers." Numerous news items have been triggered by the Committee's work or media shop, reaching POLITICO, ABC, CBS, NBC, wire services, and other outlets. In printed pieces, Committee staff are quoted. The foregoing catalogue is not exhaustive.  The Lawyers Committee has launched or participated in dozens of press pieces about *Smith v. Trump* since August of 2021.  Since day one, the Committee has tried this case in the national public square.

### III.  Motion to Allow Discovery Material to Remain on Public Docket

Defendants Tarrio and Biggs are down, out, insolvent, relatively isolated, doing the best they can to participate in their pending appeals, and gamely fighting several battles at once from jail cells. Neither has a legal war chest, Twitter account, website, publicist, or other vehicles, platforms or staff to comment on their behalf or to inform the public about their views of this litigation as they continue to participate in it from exceptionally disadvantaged and insular positions. Those views are set forth in some of the materials filed both on August 1, 2023, and more recently on July 23, 2024, in apparent violation of LCvR 5.2(a), in in a respectful and understated way. None of the views hurt or prejudice any party or anyone. None of the materials are confidential. When similar materials were filed a year ago, no one objected.[1]

---

[1] Defendants Tarrio and Biggs also respectfully note that historically the prohibition against filing discovery materials reflected in Local Rule 5.2 likely has its origins in concerns about courthouse management, administration, efficiency and, frankly, paper management – rather than in concerns about trying cases in the press or putting anyone's business in the public streets. In many courts, including courts in this District, particularly before the advent of ECF, filing discovery was common and even routine. It is far more likely that, with the rise in litigation activity

Finally, Local Rule 5.2 (a) does confer upon the Court the discretion to "order that all or any portion of discovery materials in a particular case be filed with the Clerk." Subdivision (a) is, arguably, a catch-all provision, and distinct from the discovery motion material and appeals provisions appearing, respectively, in subdivisions (b) and (c). Therefore, and for good cause shown, Tarrio and Biggs move that the discovery materials filed remain filed in the interest of fairness and the public interest.

Respectfully submitted,

COUNSEL FOR HENRY TARRIO
and JOSEPH RANDALL BIGGS

Dated: August 3, 2024         By: /s/ *John Daniel Hull*
JOHN DANIEL HULL
DC Bar No. 323006
California Bar No. 222862
HULL MCGUIRE PC
1420 N Street, N.W.
Washington, D.C.  20005
202-429-6520 o
619-895-8336  c
jdhull@hullmcguire.com

---

across America in the 1970s and 1980s, clogging up hard-copy clerk-of-court filing systems was the culprit and impetus for the prohibition.

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 3, 2024, he served a true and correct copy of the foregoing Amended Response to Show Cause Order and Motion to Allow Discovery Material to Remain on Public Docket via the Electronic Case Filing (ECF) system upon counsel for plaintiffs, counsel for defendants and *pro se* parties.

> By: /s/ *John Daniel Hull*
> JOHN DANIEL HULL
> DC Bar No. 323006
> California Bar No. 222862
> HULL MCGUIRE PC
> 1420 N Street, N.W.
> Washington, D.C.  20005
> 619-895-8336 c
> 202-429-6520 o
> jdhull@hullmcguire.com