IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONRAD SMITH, *et al.*,<br><br>              Plaintiffs,<br>    v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>              Defendants. | Civil Action No. 1:21-CV-02265-APM |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' TARRIO AND BIGGS'S MOTION TO ALLOW DISCOVERY MATERIAL TO REMAIN ON PUBLIC DOCKET**

Plaintiffs are eight United States Capitol Police officers who defended the Capitol from a violent, mass attack on January 6, 2021, and suffered significant physical, psychological, and emotional injures. Plaintiffs allege that Defendants Henry Tarrio and Joseph R. Biggs played integral roles in coordinating and carrying out the attack on the Capitol that resulted in Plaintiffs' injuries. Defendants Tarrio and Biggs have since been convicted of, among other things, seditious conspiracy (18 U.S.C. § 2384), conspiracy to obstruct an official proceeding (18 U.S.C. § 1512), and conspiracy to prevent members of Congress or federal officers from discharging their duties (18 U.S.C. § 372), for their actions leading up to and on January 6. Third Superseding Indictment, *United States v. Nordean, et al.*, No. 1:21-CR-00175 (D.D.C. June 6, 2022), ECF No. 380; Verdict Form, *United States v. Nordean, et al.*, No. 1:21-CR-00175 (D.D.C. May 4, 2023), ECF No. 804.

On July 23, 2024, Defendants Tarrio and Biggs filed a "Second Notice Re: Tarrio-Biggs Discovery Compliance," attaching responses and objections to Plaintiffs' First Set of Interrogatories and Second Set of Requests for Production. ECF No. 307.[1] At a status conference

---

[1] Defendants' discovery responses include an "Introduction Relevant to all Tarrio-Biggs Written Discovery Responses" in civil cases in which, among other things, Defendants Tarrio and Biggs assert that the "*Smith, et al. v. Trump, et al.* complaint . . . may be the most deliberately misleading

on July 26, Plaintiffs requested the Court strike the Notice and its attachments from the docket, noting that filing it on the docket had violated Local Rule 5.2. The Court ordered counsel for Defendants to show cause in writing why their discovery responses were filed on the public docket in apparent violation of Local Civil Rule 5.2(a). ECF No. 310. On August 2, counsel for Defendants Tarrio and Biggs filed a response and the present "Motion to Allow Discovery Material to Remain on Public Docket." ECF Nos. 313-315.

Defendants do not provide a valid reason why they should be permitted to file discovery responses on the docket in clear violation of this Court's rules. Rather, Defendants appear to believe that they enjoy a privilege that others do not, that they may ignore the law and act as they please, and then claim to be unjustly persecuted when they are held to account. Plaintiffs enjoy no such privilege, and ask only that the law, including this Court's rules, be applied equally and fairly to all parties before the Court.

Local Civil Rule 5.2(a) provides:

> Except as otherwise provided by this Rule, interrogatories, depositions, requests for documents, requests for admissions, and answers and responses thereto shall be served upon other counsel and parties but shall not be filed with the Clerk until they are used in the proceeding or upon order of the Court as required below. . . . The Court may in its discretion order that all or any portion of discovery materials in a particular case be filed with the Clerk.

Defendants' request is problematic in several ways. Defendants ask the Court to engage in fact-finding on the issue of whether Tarrio and Biggs are experiencing "difficult personal, financial, logistical, and detention-related difficulties." ECF No. 314 at 2. They ask the Court to

---

tale about a human event to ever appear in any language." ECF No. 307-1 at 1, 3. Defendants also argue their criminal trial "was marked by novel applications of law, heard by a jury which took three weeks to pick," "featured conspiracy theories that were brand new," and "ended in convictions on the more novel counts and in unusually long prison sentences." *Id.* at 4.

2

hold that those circumstances merit an exception to the local rule and thus weigh in on whether Defendants' circumstances merit special treatment compared to other litigants. *Id*. at 2, 4-5. And they seek judicial assistance in an endeavor that would, they argue, benefit specific parties to the litigation. In addition, such an exception may cause significant case management issues in this case, which has 22 defendants, each of whom may seek to similarly use the docket.

      The Court should deny Defendants' motion.

Dated: August 7, 2024

By: */s/ Marc P. Epstein*

Edward G. Caspar, D.C. Bar No. 1644168
David Brody, D.C. Bar No. 1021476
Marc P. Epstein D.C. Bar No. 90003967
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street N.W., Suite 900
Washington, DC 20005
Tel: 202-662-8390
ecaspar@lawyerscommittee.org
dbrody@lawyerscommittee.org
mepstein@lawyerscommittee.org

Faith E. Gay, pro hac vice
Joshua S. Margolin, pro hac vice
Elizabeth H. Snow, pro hac vice
Babak Ghafarzade, pro hac vice
Esther D. Ness, pro hac vice
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
esnow@selendygay.com
bghafarzade@selendygay.com
eness@selendygay.com

William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
KENNY NACHWALTER, P.A.
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Tel: 305-373-1000
wblechman@knpa.com
ehonkonen@knpa.com

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5, a copy of the foregoing filing is being served electronically on those parties who have appeared and registered with the Court's ECF system. Plaintiffs are serving remaining defendants via first class mail or other permitted means.

*/s/ Marc P. Epstein*
Marc P. Epstein