IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONRAD SMITH, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 1:21-cv-02265-APM |
| DONALD J. TRUMP, *et al.*, | |
| Defendants. | |

**FINAL ORDER ISSUING A SUBPOENA TO
THE NATIONAL ARCHIVES AND RECORDS ADMINISTATION**

Before the Court is Plaintiffs' Motion for a Final Order Issuing a Subpoena to the National Archives and Records Administration ("NARA"). NARA takes no position on Plaintiffs' motion. Defendant Trump does not oppose the motion.

It is hereby ORDERED that, pursuant to 44 U.S.C. § 2205(2)(A) and 36 C.F.R. § 1270.44(a)(1), NARA is directed to release records responsive to the subpoena annexed to this Order, subject to any asserted rights, defenses, or privileges.

SO ORDERED this ____ day of ____, 2024.

_____
AMIT P. MEHTA
United States District Judge

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| CONRAD SMITH, et al. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 1:21-cv-02265-APM, consolidated with 1:21-cv-400-APM |
| DONALD J. TRUMP, et al. ) | |
| *Defendant* ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: National Archives and Records Administration

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see attached requests for production.

| Place: Lawyers' Committee for Civil Rights Under Law<br>1500 K. St. NW Ste 900,<br>Washington, DC 20005 | Date and Time:<br>05/13/2024 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/12/2024

*CLERK OF COURT*

OR

_____                                         _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

Elizabeth H. Snow, pro hac vice, Selendy Gay PLLC, 1290 Avenue of the Americas, New York, NY 10104, esnow@selendygay.com, 212-390-9000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-cv-02265-APM,

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:21-cv-02265-APM   Document 324   Filed 09/03/24   Page 4 of 12

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

# EXHIBIT A

## DEFINITIONS

The following definitions are incorporated by reference into each Request below:

1. The singular form of a word includes the plural, and vice versa.

2. Any tense of a verb includes all tenses.

3. Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4. Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5. "All," "any," and "each" mean any and all.

6. "And" and "or" are construed both conjunctively and disjunctively.

7. "Certification" means the certification of the official results of the votes of the presidential electors in the United States presidential elections, pursuant to the 12th Amendment to the United States Constitution, the Electoral Count Act of 1887, 3 U.S.C. § 15, and related federal laws.

8. "Communication" means every manner of the transmission of information in the form of facts, ideas, inquiries, or otherwise, whether person-to-person, in a group, orally, in writing, by telephone, by electronic transmission, or otherwise.

9. "Defendant" means any defendant in the above-captioned case, including, for the avoidance of doubt, Donald J. Trump, Donald J. Trump for President, Inc., Make America Great

Again PAC, Stop the Steal LLC, Proud Boys, Proud Boys International, LLC, Enrique Tarrio, Ethan Nordean, Joseph R. Biggs, Zachary Rehl, Charles Donohoe, Dominic J. Pezzola, Oath Keepers, Stewart Rhodes, Thomas E. Caldwell, Jessica Watkins, Kelly Meggs, Alan Hostetter, Russell Taylor, Erik Scott Warner, Felipe Antonio "Tony" Martinez, Derek Kinnison, and Ronald Mele.

10. "Document" means "document" and "electronically stored information" as defined in the Federal Rules of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

11. "Eighty Percent Coalition Rally" means the demonstration held on January 5, 2021 at Freedom Plaza located near 4th St. and Pennsylvania Ave. in Washington, D.C.

12. "Identify" means (a) with respect to persons, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment; (b) with respect to Documents, either (i) to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the document; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the Documents, together with sufficient identifying information to satisfy Federal Rule of Civil Procedure 33(d).

13. "Including" means including but not limited to.

14. "January 6, 2021" means the events of January 6, 2021 in Washington, D.C., including the Save America Rally and the subsequent march to, attack on, and occupation of the U.S. Capitol, including the violent acts of Defendants as alleged in the Amended Complaint.

15. "November 2020 Presidential Election" means the election held on November 3, 2020 between Defendant Trump and Joseph R. Biden.

16. "Regarding" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, confirming, connected to, considering,

containing, contradicting, dealing with, discussing, embodying, evaluating, evidencing, identifying, in connection with, indicating, in respect of, involving, memorializing, mentioning, noting, pertaining to, probative of, proving, recording, reflecting, referring to, regarding, relating to, reporting on, reviewing, setting forth, supporting, suggesting, summarizing, stating, showing, touching upon, a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

17. "Request" means any of these requests.

18. "Save America Rally" means the "Save America" event held at the Ellipse in Washington, D.C. on January 6, 2021.

19. "U.S. Capitol" means the meeting place of the United States Congress and seat of the legislative branch of the U.S. federal government, located at First St. SE, Washington, D.C. 20004.

20. "You" or "Your" means the National Archives and Records Administration.

## REQUESTS

1. All Documents and Communications regarding the organizing, planning, fundraising, security, or budgeting for the Eighty Percent Coalition Rally or the Save America Rally, including any permit applications, plans for a march to the U.S. Capitol, speakers or possible speakers, and any drafts thereof, provided to the National Archives by the following individuals:

    a.    Donald J. Trump

    b.    Ivanka Trump

    c.    Jared Kushner

    d.    Eric Trump

    e.    Donald J. Trump, Jr.

    f.    Mark Meadows

  g. Daniel "Dan" Scavino, Jr.

  h. John McEntee

  i. Kayleigh McEnany

  j. Cassidy Hutchinson

  k. Hope Hicks.

2. All Documents and Communications regarding efforts to get Defendant Trump to issue statements regarding violence on January 6, 2021, provided to the National Archives by the following individuals:

  a. Donald J. Trump

  b. Ivanka Trump

  c. Jared Kushner

  d. Eric Trump

  e. Donald J. Trump, Jr.

  f. Mark Meadows

  g. Daniel "Dan" Scavino, Jr.

  h. John McEntee

  i. Kayleigh McEnany

  j. Cassidy Hutchinson

  k. Hope Hicks

  l. Joseph Keith Kellogg, Jr.

  m. Eric Herschmann

  n. Anthony "Pat" Cipollone

  o. Cassidy Hutchinson.

3. All Documents and Communications regarding briefing materials provided to the White House regarding the events of January 6, 2021 between December 19, 2020 and January 7, 2021.

4. All Documents and Communications regarding briefing materials provided to the White House regarding the potential for violence in Washington, D.C. on January 5, 2021 and/or January 6, 2021, between December 19, 2020 and January 7, 2021.

5. All Documents and Communications regarding supposed fraud in the November 2020 Presidential Election, including regarding purported attempts to steal the November 2020 Presidential Election, or the November 2020 Presidential Election being stolen, provided to the National Archives by the following individuals:

    a. Donald J. Trump

    b. Ivanka Trump

    c. Jared Kushner

    d. Eric Trump

    e. Donald J. Trump, Jr.

    f. Mark Meadows

    g. Daniel "Dan" Scavino, Jr.

    h. Hope Hicks

    i. Eric Herschmann

    j. Anthony "Pat" Cipollone

    k. Cassidy Hutchinson

    l. Peter Navarro

    m. John McEntee.

    6.    All Documents and Communications regarding the Certification of November 2020 Presidential Election on January 6, 2021, including regarding the purported ability of the U.S. Congress to reject state electors, provided to the National Archives by the following individuals:

    a.    Donald J. Trump
    b.    Ivanka Trump
    c.    Jared Kushner
    d.    Eric Trump
    e.    Donald J. Trump, Jr.
    f.    Mark Meadows
    g.    Daniel "Dan" Scavino, Jr.
    h.    John McEntee
    i.    Kayleigh McEnany
    j.    Cassidy Hutchinson
    k.    Hope Hicks
    l.    Joseph Keith Kellogg, Jr.
    m.    Eric Herschmann
    n.    Anthony "Pat" Cipollone
    o.    Peter Navarro
    p.    John McEntee.

    7.    All Documents and Communications generated after November 6, 2021, regarding any strategy to overturn the results of the November 2020 Presidential Election, or for enabling then President Trump to remain in office as President after January 20, 2022, including all related memoranda, provided to the National Archives by the following individuals:

    a.    Donald J. Trump
    b.    Ivanka Trump

      c.      Jared Kushner

      d.      Eric Trump

      e.      Donald J. Trump, Jr.

      f.      Mark Meadows

      g.      Eric Herschmann

      h.      Anthony "Pat" Cipollone

      i.      Cassidy Hutchinson

      j.      Peter Navarro

      k.      John McEntee.