PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

BEIJING                SAN FRANCISCO
BRUSSELS               TOKYO
HONG KONG              TORONTO
LONDON                 WASHINGTON, DC
LOS ANGELES            WILMINGTON

DIRECT DIAL: (212) 373-3166
EMAIL: AEHRLICH@PAULWEISS.COM

October 23, 2024

By ECF

The Honorable Amit P. Mehta
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

Re: *District of Columbia* v. *Proud Boys International L.L.C., et al.*, Case No. 1:21-cv-03267-APM; *Smith, et al. v. Trump., et al.*, Case No. 21-cv-2265-APM

Dear Judge Mehta:

Pursuant to Local Civil Rule 5.1(a), we write at the Court's request on behalf of Plaintiff District of Columbia (the "District") and Defendants Christopher Kuehne, Thomas Caldwell, David Moerschel, Bennie Parker, Sandra Parker, Brian Ulrich and Defendants Elmer Stewart Rhodes, Dominic Pezzola, Roberto Minuta, Edward Vallejo, Jonathanpeter Klein, and William Joseph Pepe (the "Pierce Defendants") in *District of Columbia v. Proud Boys International*, as well as Plaintiffs in *Smith v. Trump, et al.* (the "*Smith* Plaintiffs"), with respect to the Proposed Order Regarding Coordination of Discovery between the above-captioned actions (the "Coordination Agreement"). The Coordination Agreement is attached hereto.

As the District represented at the September 4, 2024 status conference, counsel for the District first circulated to the Defendants a draft of the Coordination Agreement on July 15, 2024. Counsel for Defendant Kuehne and Defendants Biggs, Tarrio, and Colon then responded with objections and suggestions. Counsel for the District and the *Smith* Plaintiffs then conferred with each other and re-circulated to Defendants a revised draft of the Coordination Agreement on August 29, 2024 in response to Defendants' objections. The *Smith* Plaintiffs then sent the draft Coordination Agreement to Defendants in *Smith v. Trump* on October 10, 2024, and requested

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Amit P. Mehta                                                                                         2

responses by October 16, 2024.[1] No Defendant in the *Smith* case, apart from those discussed below who are also Defendants in the *District* case, has objected.[2]

At the September 4, 2024 status conference, counsel for Defendant Kuehne raised a continued objection to the revised Coordination Agreement, and the Court advised the parties to meet and confer to resolve the outstanding dispute and, to the extent no resolution was reached, to submit the Coordination Agreement along with a letter summarizing the parties' positions. In accordance with the Court's instructions, counsel for the District and counsel for Defendant Kuehne then met and conferred on September 26, 2024. While the parties are in agreement with respect to the large majority of the Agreement, they remain at an impasse as to two sections of the Coordination Agreement, related to the time allocation between Plaintiffs and Defendants during coordinated depositions. Defendants Caldwell, Moerschel, B. Parker, S. Parker, Ulrich and the Pierce Defendants join in Defendant Kuehne's objections (the "Objecting Defendants").

**The Disputed Provisions**

**Section III.A.2**: Plaintiffs proposed the following:

If the District and the Smith Plaintiffs both Notice or Cross Notice a Party's Deposition, where one or more other Defendant Parties have also Noticed or Cross Noticed that deposition, the District shall have three (3) hours on the record to examine the witness, the Smith Plaintiffs shall have three (3) hours on the record to examine the witness, and the Defendant Party or Parties that have also Noticed or Cross Noticed the same deposition shall collectively have three (3) hours to allocate amongst themselves to examine that witness on the record. If the Noticing or Cross-Noticing Defendant Party or Parties decline to examine the witness or examine the witness for a total of less than three (3) hours, then any unused time will automatically yield to the Plaintiff Parties and will be evenly divided between the District and the Smith Plaintiffs, such that the District will have a total of up to four and one half (4.5) hours and the Smith Plaintiffs will have a total of up to four and one half (4.5) hours on the record to examine the witness. In addition, either the District or the Smith Plaintiffs may yield some or all of their time to the other, provided that the Plaintiff Party to which time has been yielded will not have more than seven (7) hours total on the record to examine the witness. Any Non-Noticing Parties may examine the witness on the record for any remaining time, provided that the witness shall not be deposed for longer than nine (9) hours on the record.

---

[1] The *Smith* Plaintiffs mailed copies of the draft Coordination Agreement to *pro se* defendants on October 15, 2024, and have not received any responses.

[2] Defendants Caldwell, Rhodes, and Pezzola's objections are discussed below. Moreover, Defendants Rhodes and Pezzola have defaulted in *Smith v. Trump*. *See* Clerk's Entry of Default as to Stewart Rhodes, *Smith v. Trump*, Case No. 21-cv-2265-APM (D.D.C. Aug. 1, 2023), ECF No. 231; Clerk's Entry of Default as to Dominic Pezzola, *Smith v. Trump*, Case No. 21-cv-2265-APM (D.D.C. Aug. 1, 2023), ECF No. 234.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Amit P. Mehta 3

**Section III.A.4**: Plaintiffs proposed the following:

If the District or the Smith Plaintiffs (but not both) Notice or Cross Notice a Defendant Party's Deposition, where one or more other Defendant Parties have also Noticed or Cross Noticed that deposition, the Plaintiff Party shall have six (6) hours to examine the witness on the record, and the Defendant Party or Parties who have also Noticed or Cross Noticed the same deposition shall have three (3) hours to allocate amongst themselves to examine that witness on the record. If the Noticing or Cross-Noticing Defendant Party or Parties collectively examine the witness for a total of less than three (3) hours, then any unused time will automatically yield to the Plaintiff Party, such that the Plaintiff Party may have up to seven (7) total hours on the record to examine the witness, provided that the deposition shall not exceed nine (9) hours of record time.

**Objecting Defendants' Position**

**Section III.A.2.** Defendant Kuehne objects to Plaintiffs' proposed Section III.A.2 on two grounds. First, Section III.A.2 deprives Defendants of sufficient time to question a witness. There are 39 named Defendants and 50 John Doe Defendants in the *District of Columbia* case and 26 named Defendants and 10 John Doe Defendants in the *Smith* case. Most of these Defendants will have different theories of the case and defenses than Kuehne. Under the Federal Rules of Civil Procedure, Defendants are entitled to seven hours of questioning for each deposition. Plaintiffs' proposed Section III.A.2, however, would cut that time by more than half to three hours. Limiting all Defendants' deposition time to three hours will deprive Kuehne of the ability to prepare his defense if he must share that time with several other Defendants who have different theories of the case and different defenses.

Second, Plaintiffs' proposed Section III.A.2, would prejudice Defendants by limiting them to half the discovery available to Plaintiffs. If the District, the *Smith* Plaintiffs, and one or more Defendants notice all notice a deposition, each Plaintiff gets 3 hours to depose the witness while all 65 named and 60 unnamed Defendants must share three hours. Thus, Plaintiffs get twice the deposition time that *all* Defendants get. The Federal Rules of Civil Procedure grant equal discovery to both the plaintiff and the defendant. Defendant Kuehne objects to any discovery procedure that deviates from that standard.

**Section III.A.4.** Kuehne objects to Plaintiffs' proposed Section III.A.4 on two grounds. First, Plaintiffs' proposed Section III.A.4, deprives of Defendants of sufficient time to question a witness. Under proposed Section III.A.4, if one Plaintiff and one or more Defendants notice a deposition, the Plaintiff gets six hours to depose the witness but all 65 named and 60 unnamed Defendants must share three hours. Most of these Defendants will have different theories of the case and defenses than Kuehne. Under the Federal Rules of Civil Procedure, Defendants are entitled to seven hours of questioning for each deposition. Plaintiffs' proposed Section III.A.4, however, would cut that time by more than half. Limiting all Defendants' deposition time to three hours will deprive Kuehne of

the ability to prepare his defense if he must share that time with several other Defendants who have different theories of the case and different defenses.

Second, Plaintiffs' proposed Section III.A.4, would prejudice Defendants by limiting them to half the discovery available to Plaintiffs. Under Plaintiffs' proposed Section III.A.4, if the District, the *Smith* Plaintiffs, and one or more Defendants notice all notice a deposition, each Plaintiff gets three hours to depose the witness while all 65 named and 60 unnamed Defendants must share three hours. Thus, Plaintiffs get twice the deposition time that *all* Defendants get. The Federal Rules of Civil Procedure grant equal discovery to both the plaintiff and the defendant. Defendant Kuehne objects to any discovery procedure that deviates from that standard.

**Plaintiffs' Position**

The District and the *Smith* Plaintiffs disagree with Defendants' objections. Plaintiffs bear the burden of proof for their claims. Contrary to Objecting Defendants' objections, it is not possible for each party to depose witnesses for seven hours. In keeping with the Court's preference that all witness depositions be limited to one day, the District and the *Smith* Plaintiffs have proposed a fair allocation of time amongst all parties to these actions, while still affording Plaintiffs enough time to develop the facts as necessary to support their respective burdens of proof.

Specifically, as to **Section III.A.2**, which applies if the District and the *Smith* Plaintiffs *both* notice or cross-notice a Party's Deposition and one or more other Defendant Parties have also noticed the same deposition, the Coordination Agreement proposes an equal split of time between each Plaintiff Party and Defendants—that is, three hours to the District, three hours to the *Smith* Plaintiffs, and three hours to Defendants. This proposal provides ample time for Defendants to depose a witness while reflecting the fact that Plaintiffs bear the burden of proof on their claims. Objecting Defendants do not provide a clear counterproposal, but regardless, an equal split between each group balances Plaintiffs' role and burden, Defendants' need to establish any relevant defense(s), and reducing the burden on the witness by sitting for only a single day.

As to **Section III.A.4**, which applies if the District or the *Smith* Plaintiffs, but not both, notice or cross-notice a Defendant Party's Deposition where one or more other Defendant Parties have also noticed that deposition, the Coordination Agreement provides for six hours to the noticing Plaintiff Party and three hours to Defendants. For the same reasons described above—namely, Plaintiffs bear the burden of proof on their claims, while comporting with the Court's preference that depositions be limited to a single day—this split reflects a fair and judicious allocation of time.

Accordingly, the District and the *Smith* Plaintiffs respectfully submit the attached draft Coordination Agreement and the parties respectfully request the Court's consideration of whether to enter the Proposed Coordination Agreement.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Amit P. Mehta        5

                         Respectfully submitted,

                         */s/ Andrew Ehrlich*
                         Andrew Ehrlich

                         */s/ Marc P. Epstein*
                         Marc P. Epstein, D.C. Bar No. 90003967

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Amit P. Mehta 6

## CERTIFICATE OF SERVICE

I hereby certify that, on October 23, 2024, I caused the foregoing letter to be electronically filed using the Court's CM/ECF system, and service was effected electronically pursuant to Local Rule 5.4(d) to all counsel of record.  Plaintiffs are serving the remaining Defendants via first class mail or other permitted means.


*/s/ Marc P. Epstein*
Marc P. Epstein