**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CONRAD SMITH, et al.,

<i>Plaintiffs,</i>

v.

Case No. 21-cv-2265 (APM)

DONALD J. TRUMP, et al.,

<i>Defendants.</i>

DISTRICT OF COLUMBIA,

<i>Plaintiff,</i>

v.

Case No. 1:21-cv-3267 (APM)

PROUD BOYS INTERNATIONAL,
L.L.C., *et al.*,

<i>Defendants.</i>

## ORDER REGARDING COORDINATION OF DISCOVERY

In the interests of efficient, reasonable, and cooperative discovery among the parties to the above-captioned case, the Court Orders as follows.

## DEFINITIONS

1.     "AEO Material" means material that qualifies as "Attorney's Eyes Only Material" or "AEO Material" as described in Paragraph 1(b) of the Stipulated Protective Order in *District of Columbia* v. *Proud Boys International, LLC, et al.,* Case No. 21-cv-

03267-APM, Dkt. 297 (D.D.C. May 16, 2024), Paragraph 1(b) of the Stipulated Protective Order in *Smith et al.* v. *Trump et al.,* Case No. 21-cv-02265, Dkt. 294 (D.D.C. May 15, 2024), or any future confidentiality or protective order entered in those cases.

2.  "Confidential Material" means material that qualifies as Confidential Material as that term is defined in Paragraph 1(a) of the Stipulated Protective Order in *District of Columbia* v. *Proud Boys International, LLC, et al.,* Case No. 21-cv-03267-APM, Dkt. 297 (D.D.C. May 16, 2024) or Paragraph 1(a) of the Stipulated Protective Order in *Smith et al.* v. *Trump et al.,* Case No. 21-cv-02265, Dkt. 294 (D.D.C. May 15, 2024), or any future confidentiality or protective order entered in those cases.

3.  "Confidentiality Order" means the Stipulated Protective Order in *District of Columbia* v. *Proud Boys International, LLC, et al.,* Case No. 21-cv-03267-APM, Dkt. 297 (D.D.C. May 16, 2024), the Stipulated Protective Order in *Smith et al.* v. *Trump et al.,* Case No. 21-cv-02265, Dkt. 294 (D.D.C. May 15, 2024), or any future confidentiality or protective order entered in those cases.

4.  "Coordinated Cases" means *District of Columbia* v. *Proud Boys International, LLC, et al.,* Case No. 21-cv-03267-APM (D.D.C.), along with *Smith et al.* v. *Trump et al.,* Case No. 21-cv-02265 (D.D.C.).

5.  "Coordinated Discovery Period" means the period from this Order's Effective Date through the fact discovery cut off in each of the Coordinated Cases.  For clarity, in the event cases end fact discovery on different dates, each case will no longer be considered to be in the Coordinated Discovery Period as of the end of fact discovery in that specific case.

6.    "Counsel" means any and all counsel for the District or any Smith Plaintiff, including outside counsel, whether or not such counsel has formally appeared in these proceedings.

7.    "Cross Notice" means to send a notice of intent to take a deposition of a person under the Federal Rules of Civil Procedure, after another Party has Noticed a deposition of the same witness.

8.    "Defendant(s)" means any named Defendant in these Coordinated Cases.

9.    "Deposition Limit" means the number of depositions allowable under Federal Rule of Civil Procedure Rule 30(a)(2)(A)(i) or any order issued in any of the Coordinated Cases as it applies to any Party.

10.    "Deposition Notice" means a notice of intent to take a deposition of a person under the Federal Rules of Civil Procedure.

11.    "District" means the District of Columbia, or Washington, D.C.—the municipal corporation and local government for the territory constituting the permanent seat of the government of the United States.

12.    "District Court" means the United States District Court for the District of Columbia.

13.    "Non-Party" means an individual who is not a Party, and the term shall include any individual corporate designee under Federal Rule of Civil Procedure 30(b)(6).

14.    "Notice(s)" means serving a Notice of Deposition or Subpoena to Testify at Deposition.

15.    "Noticing Party" or "Cross-Noticing Party" means, with respect to a particular deposition, a Party that sends a Deposition Notice, Cross Notice, or Subpoena for that deposition.

16.    "Non-Noticing Party" means, with respect to a particular deposition, any Party other than the Noticing Party.

17.    "Organizational Defendant" means any non-individual Defendant, *i.e.,* Proud Boys International, LLC, Oath Keepers, Donald J. Trump for President, Inc., Stop the Steal LLC, Proud Boys, and Make America Great Again PAC.

18.    "Party" means any Plaintiff or Defendant named in any Coordinated Case.

19.    "Plaintiffs" means all Plaintiffs named in each Coordinated Case and "Plaintiff Party" means either Plaintiff named in either Coordinated Case.

20.    "Protective Order" means Confidentiality Order.

21.    "Shared Discovery" means documents and data produced by Parties and Non-Parties during fact discovery in a Coordinated Case, not including expert discovery.

22.    "Smith Case" means the case styled *Smith et al.* v. *Trump et al.,* Case No. 21-cv-02265 (D.D.C.).

23.    "Smith Plaintiff(s)" means any and all Plaintiffs in the Smith Case.

24.    "Transcript" means any recording of testimony, including but not limited to, recordings by stenographic means, audio recording, video recording, or recording via any online platform.

## I.    <u>SHARED DISCOVERY</u>

A.    Notwithstanding the Protective Orders, Counsel may disclose Shared Discovery to any other Counsel.

1.      Confidential Material: Shared Discovery that was produced and designated as Confidential Material in any Coordinated Case may be used in any other Coordinated Case only to the extent that Confidential Material may be used under the Confidentiality Order in the case it was produced in.

2.      AEO Material: Shared Discovery that was produced and designated as AEO Material in any Coordinated Case may be used in any other Coordinated Case only to the extent that AEO Material may be used under the Confidentiality Order in the case it was produced in.

3.      Subject to sub-paragraphs (I)(A)(1)-(2), Shared Discovery that was produced in a Coordinated Case may be used in any Coordinated Case for any purpose permissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure (including for purposes of impeachment at trial), as if the Shared Discovery had been produced in that case.

4.      Any Party in requesting discovery from a Non-Party in connection with a Coordinated Case shall provide the Non-Party from which it seeks discovery with a copy of this Order so as to inform the Non-Party of his, her, or its rights herein.

## II.      <u>DEPOSITIONS TAKEN DURING COORDINATED DISCOVERY PERIOD</u>

A.      During the Coordinated Discovery Period, the following provisions shall apply:

1.      The Parties in the Coordinated Cases shall serve any Deposition Notice or Cross Notice on all Parties in the Coordinated Cases.  The deposition will count against any Deposition Limit applicable to each Noticing and Cross Noticing Party (unless

the deposition does not take place or the Party withdraws the Notice), but will not count against the Deposition Limit applicable to any other Party.

a)     Deposition Notices must be sent at least fourteen (14) days before the proposed Deposition date.

b)     Cross Notices must be sent within five (5) business days of receipt of the Deposition Notice.

c)     Except as otherwise ordered by the Court, any witness who appears for a Party Deposition or a Non-Party Deposition taken during the Coordinated Discovery Period cannot be compelled to appear for a second deposition in any Coordinated Case (including a second Rule 30(b)(6) deposition of the same Organizational Defendant on the same or substantially similar topics).

2.     Notwithstanding the Protective Orders, Counsel may disclose Transcripts and exhibits from depositions taken during the Coordinated Discovery Period to any other Counsel. Subject to the Protective Orders, Transcripts and exhibits from depositions taken in a Coordinated Case during the Coordinated Discovery Period may be used in any Coordinated Case for any purpose permissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure (including for purposes of impeachment at trial), irrespective of whether any specific Party Noticed or Cross Noticed the deposition.

3.     Nothing in this Order shall prevent a Party from seeking the Court's leave, with good cause, for additional time to examine a witness. A party seeking leave for additional time to examine a witness must do so at least three (3) business days prior to the date of the deposition.

### III.    TIME ALLOCATIONS AT DEPOSITIONS

During the Coordinated Discovery Period, the following provisions shall apply:

**A.    Depositions Taken Of A Party**

1.    If any Party Notices any other Party's Deposition, and no other Party Cross Notices the deposition, then the Noticing Party shall have six (6) hours on the record to examine the witness, and the Non-Noticing Party or Parties will collectively have up to three (3) hours on the record to examine the witness. The Non-Noticing Party or Parties have the right to yield some or all of their time to the Noticing Party and if the Non-Noticing Party or Parties decline to examine the witness or examine the witness for a total of less than three (3) hours then any unused time will automatically yield to the Noticing Party, provided that the Noticing Party will have no more than seven (7) hours total on the record to examine the witness and the witness shall not be deposed for longer than nine (9) hours on the record.

2.    If the District and the Smith Plaintiffs both Notice or Cross Notice a Party's Deposition, where one or more other Defendant Parties have also Noticed or Cross Noticed that deposition, the District shall have three (3) hours on the record to examine the witness, the Smith Plaintiffs shall have three (3) hours on the record to examine the witness, and the Defendant Party or Parties that have also Noticed or Cross Noticed the same deposition shall collectively have three (3) hours to allocate amongst themselves to examine that witness on the record. If the Noticing or Cross-Noticing Defendant Party or Parties decline to examine the witness or examine the witness for a total of less than three (3) hours, then any unused time will

automatically yield to the Plaintiff Parties and will be evenly divided between the District and the Smith Plaintiffs, such that the District will have a total of up to four and one half (4.5) hours and the Smith Plaintiffs will have a total of up to four and one half (4.5) hours on the record to examine the witness. In addition, either the District or the Smith Plaintiffs may yield some or all of their time to the other, provided that the Plaintiff Party to which time has been yielded will not have more than seven (7) hours total on the record to examine the witness. Any Non-Noticing Parties may examine the witness on the record for any remaining time, provided that the witness shall not be deposed for longer than nine (9) hours on the record.

3.      If a deponent is Noticed by Plaintiffs in both of the Coordinated Cases, but is only a Party in one of the Coordinated Cases, then, regardless of whether any other Party Notices or Cross-Notices that deposition, the Plaintiffs in the litigation where the deponent is a Party shall have seven (7) hours on the record, and the Plaintiffs in the litigation where the deponent is not a Party shall have two (2) hours on the record. In such a case, either the District or the Smith Plaintiffs may yield some or all of their time to the other, in which case the Party to which time has been yielded may have up to seven (7) hours on the record.

4.      If the District or the Smith Plaintiffs (but not both) Notice or Cross Notice a Defendant Party's Deposition, where one or more other Defendant Parties have also Noticed or Cross Noticed that deposition, the Plaintiff Party shall have six (6) hours to examine the witness on the record, and the Defendant Party or Parties who have also Noticed or Cross Noticed the same deposition shall have three (3) hours to allocate amongst themselves to examine that witness on the record. If

the Noticing or Cross-Noticing Defendant Party or Parties collectively examine the witness for a total of less than three (3) hours, then any unused time will automatically yield to the Plaintiff Party, such that the Plaintiff Party may have up to seven (7) total hours on the record to examine the witness, provided that the deposition shall not exceed nine (9) hours of record time.

5.    In any situation in which more than one Defendant from the Coordinated Cases Notice and/or Cross Notice the deposition of a Plaintiff Party, each Noticing or Cross-Noticing Party shall have an amount of time on the record to examine the witness equal to the quotient of (9) hours divided by the collective number of Noticing and Cross-Noticing Parties.

6.    Depositions that exceed seven (7) hours may be completed in a single day or over the course of two consecutive days, depending on the deponent's preference.

**B.    Depositions Taken of Non-Parties**

1.    If any Party Notices a Non-Party Deposition, and no other Party Cross Notices the deposition, then the Noticing Party will have six (6) hours on the record to examine the witness, and any Non-Noticing Party or Parties in the Coordinated Cases will collectively have three (3) hours on the record to examine the witness.  The Non-Noticing Party or Parties have the right to yield some or all of their time to the Noticing Party and if the Non-Noticing Party or Parties decline to examine the witness or examine the witness for a total of less than three (3) hours then any unused time will automatically yield to the Noticing Party, such that the Noticing Party will have up to seven (7) hours total on the record to examine the

witness.

2.      If the District and the Smith Plaintiffs both Notice or Cross Notice a Non-Party's Deposition, and no other Party Notices or Cross Notices that Non-Party's Deposition, then the District will have four and one half (4.5) hours on the record to examine the witness, and the Smith Plaintiffs will have four and one half (4.5) hours on the record to examine the witness. In such a case, either the District or the Smith Plaintiffs may yield some or all of their time to the other, in which case the Party to which time has been yielded may have up to seven (7) hours on the record. Any Non-Noticing Parties may examine the witness on the record for any remaining time, provided that the witness is not deposed for longer than nine (9) hours on the record.

3.      In any other situation in which more than one Party from the Coordinated Cases Notices and/or Cross Notices a Non-Party's Deposition (*i.e.*, not otherwise addressed in this Part B), each Noticing or Cross-Noticing Party shall have an amount of time on the record to examine the witness equal to the quotient of nine (9) hours divided by the collective number of Noticing and Cross-Noticing Parties.

4.      Depositions that exceed seven (7) hours may be completed in a single day or over the course of two consecutive days, depending on the deponent's preference.

## IV.    **EFFECTIVE DATE**

A.      This Order shall be effective when signed by the Court's signature and entered on the record.

*Counsel for Plaintiff District of Columbia:*

**BRIAN SCHWALB, ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA**

By:  /s/ *Brendan B. Downes*
      Brendan B. Downes (D.C. Bar 187888)
      400 6th St. NW
      Washington, DC 20001
      Tel: 202-724-6533
      brendan.downes@dc.gov

**STATES UNITED DEMOCRACY CENTER**

By:  /s/ *Norman Eisen*
      Norman Eisen (D.C. Bar 435051)
      Christine P. Sun
      Katherine Reisner
      Gillian Feiner
      Alexander F. Atkins (D.C. Bar 90003787)
      Zack Goldberg
      Meagan Harding
      1101 17th St NW, Suite 250
      Washington, DC 20036
      Tel: (202) 999-9305
      norm@statesuniteddemocracy.org
      christine@statesuniteddemocracy.org
      katie@statesuniteddemocracy.org
      gillian@statesuniteddemocracy.org
      alex@statesuniteddemocracy.org
      zack@statesuniteddemocracy.org
      meagan@statesuniteddemocracy.org

**DECHERT LLP**

By:  /s/ *Vincent H. Cohen, Jr.*
      Vincent H. Cohen, Jr. (D.C. Bar 471489)
      D. Brett Kohlhofer (D.C. Bar 1022963)
      1900 K Street, NW
      Washington, D.C. 20006-1110
      Tel: 202-261-3300
      Fax: 202-261-3333
      vincent.cohen@dechert.com
      d.brett.kohlhofer@dechert.com

By:  /s/ *Michael S. Doluisio*
      Michael S. Doluisio
      2929 Arch Street
      Philadelphia, PA 19104-2808
      Tel: 215-994-2000
      Fax: 215-994-2222
      michael.doluisio@dechert.com

**THE ANTI-DEFAMATION LEAGUE**

By: /s/ *James Pasch*
      James Pasch
      605 Third Avenue
      New York, NY 10158-3650
      Tel: 212-885-5806
      jpasch@adl.org

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By:  /s/ *Jeannie S. Rhee*
      Jeannie S. Rhee (D.C. Bar 464127)
      2001 K Street, NW
      Washington, D.C. 20006-1047
      Tel: 202-223-7300
      Fax: 202-223-7420
      jrhee@paulweiss.com

By: /s/ *Daniel J. Kramer*
      Daniel J. Kramer
      Andrew J. Ehrlich
      Erin J. Morgan
      Cassandra N. Love
      1285 Avenue of the Americas
      New York, NY 10019-6064
      Tel: 212-373-3000
      Fax: 212-757-3990
      dkramer@paulweiss.com
      aehrlich@paulweiss.com
      ejmorgan@paulweiss.com
      clove@paulweiss.com

***Counsel for Plaintiffs Conrad Smith, et al.:***

By: /s/ *Marc P. Epstein*
Edward G. Caspar, D.C. Bar No. 1644168
David Brody, D.C. Bar No. 1021476
Marc P. Epstein, D.C. Bar No. 90003967
Alexander S. Davis, D.C. Bar No. 90012274
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street N.W. Suite 900
Washington, D.C. 20005
Telephone: 202-662-8390
ecaspar@lawyerscommittee.org
dbrody@lawyerscommittee.org
mepstein@lawyerscommittee.org
adavis@lawyerscommittee.org

Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Claire O'Brien, *pro hac vice*
Elizabeth H. Snow, *pro hac vice*
Babak Ghafarzade, *pro hac vice*
Esther D. Ness, *pro hac vice*
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
Telephone: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
cobrien@selendygay.com
esnow@selendygay.com
bghafarzade@selendygay.com
eness@selendygay.com

William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
KENNY NACHWALTER, P.A.
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Telephone: 305-373-1000
wblechman@knpa.com
ehonkonen@knpa.com

**IT IS SO ORDERED.**

On this _____ day of _____, 2024.

2024.11.04
18:17:42
-05'00'

_____
The Honorable Amit P. Mehta
United States District Court Judge