IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONRAD SMITH, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>  Defendants. | Civil Action No. 1:21-CV-02265-APM |

**PLAINTIFFS' OPPOSITION TO DEFENDANT WATKINS'S MOTION TO DISMISS**

Plaintiffs Conrad Smith, Danny McElroy, Byron Evans, Governor Latson, Melissa Marshall, Michael Fortune, Jason DeRoche, and Reginald Cleveland submit this opposition to Defendant Jessica Watkins's "Motion to Dismiss Defendant Watkins from Civil Action 'Conrad Smith v. Donald J. Trump.'" ECF 355 at 12. Defendant Watkins's untimely motion states no grounds for relief.

On December 19, 2024, Defendant Watkins filed a 13-page document titled, "Defendant Watkins' Specific Objections and Responses to the Plaintiffs' Motion." ECF 355. The majority of the document appears to take issue with Plaintiffs' responses to the campaign defendants' (Trump for President, Inc., and Make America Great Again PAC's) contention interrogatories. *See id.* at 1–12. However, Defendant Watkins also included a paragraph at the end of the document titled, "Motion to Dismiss Defendant Watkins from Civil Action 'Conrad Smith v. Donald J. Trump.'" *Id.* at 12.

Defendant Watkins failed to timely respond to the Amended Complaint, which Plaintiffs served on her over three years ago, ECF 12, and is in default, making her motion untimely. *See* § 1391 Waiver of Certain Defenses—Rule 12(h)(1), 5C Fed. Prac. & Proc. Civ. § 1391 (3d ed.) ("As a general rule, federal courts will consider a Rule 12(b) motion by a party in default as

untimely and therefore as having been waived."). In any event, Defendant Watkins's motion responds to a discovery document, not Plaintiffs' operative complaint. Even if Watkins's motion were timely and responsive to Plaintiffs' Amended Complaint, it does not state grounds for relief, as it merely disputes the factual basis for Plaintiffs' allegations. *See Hurd v. D.C., Gov't*, 864 F.3d 671, 678 (D.C. Cir. 2017) ("The court must accept all the well-pleaded factual allegations of the complaint as true and draw all reasonable inferences from those allegations in the plaintiff's favor." (internal quotation omitted)).

Accordingly, the Court should deny Defendant Watkins's motion to dismiss.

Dated: January 2, 2025

By: */s/ Marc P. Epstein*

Edward G. Caspar, D.C. Bar No. 1644168
Marc P. Epstein D.C. Bar No. 90003967
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street N.W., Suite 900
Washington, DC 20005
Tel: 202-662-8390
ecaspar@lawyerscommittee.org
mepstein@lawyerscommittee.org

William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
SPERLING KENNY NACHWALTER
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Tel: 305-373-1000
wblechman@sperlingkenny.com
ehonkonen@sperlingkenny.com

Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Elizabeth H. Snow, *pro hac vice*
Esther D. Ness, *pro hac vice*
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
esnow@selendygay.com
eness@selendygay.com

**Counsel for Plaintiffs Conrad Smith, et al.**

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5, a copy of the foregoing filing is being served electronically on those parties who have appeared and registered with the Court's ECF system. Plaintiffs are serving remaining defendants via first class mail or other permitted means.

*/s/ Marc P. Epstein*
Marc P. Epstein