IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **BARBARA J. LEE, et. al.,** | ) | |
| | ) | |
| *Plaintiffs,* | ) | **Case No. 21-cv-00400-APM** |
| | ) | **The Honorable Amit P. Mehta** |
| v. | ) | |
| | ) | |
| **DONALD J. TRUMP, et. al.,** | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |
| | ) | |
| **CONRAD SMITH,** *et al.*, | ) | |
| | ) | **Case No. 21-cv-02265-APM** |
| *Plaintiffs,* | ) | **The Honorable Amit P. Mehta** |
| | ) | |
| v. | ) | |
| | ) | |
| **DONALD J. TRUMP,** *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT KELLY MEGGS

Pursuant to the Model Rules of Professional Conduct ("MRCP") Rule 1.16(b) and the District of Columbia Rules of Professional Conduct Rule 1.16(b), counsel for Defendant Kelly Meggs, Stanley E. Woodward, Jr. and Mark P. Nobile, move to withdraw their appearances in this matter and terminate their representation of Mr. Meggs in this matter. Mr. Woodward has consulted with Mr. Meggs, who understands the potential consequences of this motion and approves of their withdrawal as counsel in this matter. The law firm Brand Woodward Law, LP, the firm where both Mr. Woodward and Mr. Nobile practice law, is dissolving for reasons which will be discussed below.

The operative rules state that counsel may withdraw from representation if any one of seven categories are met. *See* D.C. Rules of Professional Conduct 1.16(b)(1)-(7). For this matter,

categories (1) and (7) are met. First, withdrawal can be accomplished without material adverse effect on the interests of the client. *See id.* at 1.16(b)(1). The procedural posture of this case allows any new counsel to transition into representation on this matter with little issue: this case remains focused primarily upon discovery and briefing on the presidential immunity issue, which the parties estimate will not be complete before April 11, 2025 and is likely to require follow up on this matter. *See* Joint Statement Regarding Proposed Briefing Schedule for Further Proceedings, at 3 (Dec. 20, 2024) (ECF No. 356). The immunity discovery proceedings do not involve Mr. Meggs in any way. Further, this case is not yet scheduled for trial.

Other good cause to grant the motion exists. *See* D.C. Rules of Professional Conduct Rule 1.16(b)(7). For the Court's awareness, President-elect Donald J. Trump has announced that he intends to appoint Mr. Woodward to serve as Assistant to the President and Senior Counselor in the upcoming presidential administration.[1] Relevant statutes and case law state that a presidential appointee must prioritize a smooth transition into such role, including taking the "appropriate actions" to "avoid or minimize any disruptions" to the presidential transition. 3 U.S.C. 102 note, § 2; *see also United States v. Cisneros*, 169 F.3d 763, 764 (1999) (citing U.S. CONST. amend. XX, § 1) ("For a smooth transition, the selection of potential nominees, the investigations of their backgrounds, and the adjudications of their security clearances must begin *well before the President takes the oath on January 20th*.") (emphasis added). Mr. Woodward's unique situation and the necessity to prioritize important federal functions serve as further good cause for this Court to grant the instant motion and allow Mr. Woodward to withdraw as counsel for Mr. Meggs in this matter.[2]

---

[1] *Statement of President Donald J. Trump*, Trump Vance 2025 Transition, Inc. (Jan. 4, 2025), https://www.trumpvancetransition.com/s/trump-announces-additional-wh-staff-.

[2] Although Mr. Nobile is not joining President-elect Donald J. Trump's administration, Mr. Nobile should be allowed to withdraw as counsel for Mr. Meggs because of Mr. Woodward's departure and the dissolution of Brand Woodward

2

**CONCLUSION**

For the reasons contained herein, Mr. Meggs respectfully requests that this Court grant Mr. Woodward's and Mr. Nobile's Motion to Withdraw from representation in this matter.

Dated: January 20, 2025                    Respectfully submitted,

*s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
400 Fifth Street, Northwest, Suite 350
Washington, DC  20001
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Kelly Meggs*

---

Law, LP.  Mr. Nobile is joining a firm in Maryland and transitioning to a role focusing almost exclusively on commercial litigation.  Mr. Meggs's representation in this matter, the related *District of Columbia v. Proud Boys* matter, and his related criminal proceedings were all almost exclusively handled by Mr. Woodward.  Mr. Nobile's participation in this case and the related *District of Columbia v. Proud Boys* was limited to appearing at virtual status conferences and relaying details to Mr. Woodward.  Further, Mr. Meggs will have the opportunity to consult with Mr. Nobile's new law firm and to have Mr. Nobile continue representing Mr. Meggs in this matter, should Mr. Meggs so choose.

3

**CERTIFICATE OF SERVICE**

    I hereby certify that on Monday, January 20, 2025, a true and correct copy was electronically filed through the CM/ECF system, which also transmitted a true and correct service copy of the foregoing motion upon all counsel of record in the instant case. I further certify that a true and correct copy was transmitted to Defendant Kelly Meggs, who is incarcerated at FCI Memphis.

                                              *s/ Stanley E. Woodward, Jr.*
                                              Stanley E. Woodward, Jr.