**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

CONRAD SMITH, *et al.*,

        Plaintiffs,

    v.

DONALD J. TRUMP, *et al.*,

        Defendants.

No. 1:21-cv-02265-APM

<u>**JOINT CASE STATUS REPORT**</u>

Pursuant to the Court's February 11, 2025 Minute Entry, Plaintiffs Conrad Smith, Danny McElroy, Governor Latson, Melissa Marshall, Michael Fortune, Jason DeRoche, and Reginald Cleveland (together, "<u>Plaintiffs</u>"), and Defendants Thomas Caldwell, Donald. J. Trump For President, Inc., Make America Great Again PAC, Henry "Enrique" Tarrio, Joseph Biggs, and Zachary Rehl[1] submit this Joint Case Status Report regarding the status of discovery since the February 11, 2025 status conference.

**I.**     **Party Discovery**

    **A.**     **Plaintiffs' Discovery Requests**

Plaintiffs and Defendants Donald J. Trump For President, Inc. and Make America Great Again PAC (the "<u>Campaign Entity Defendants</u>") reached impasse over discovery negotiations and appeared before the Court on November 26, 2024 for a discovery conference. The Court ordered the Campaign Entity Defendants to (1) run existing search terms over new custodians Plaintiffs

---

[1] Plaintiffs sent a draft of this report to all appearing Defendants. Defendants Felipe Antonio Martinez, Derek Kinnison, Ethan Nordean, Erik Scott Warner, Alan Hostetter, Ronald Mele, Kelly Meggs, Dominic J. Pezzola, and Stewart Rhodes did not contribute to this report.

requested the Campaign Entity Defendants to add to their search parameters and produce responsive documents, (2) provide Plaintiffs with a hit count and cost estimate for the new proposed search terms that Plaintiffs requested the Campaign Entity Defendants add to their search parameters, (3) produce invoices found in the accounts payable inbox referenced in the deposition of Justin Clark that are responsive to Plaintiffs' document production requests, and (4) justify the privilege assertions made in their privilege log accompanying their document productions, including as to anyone identified in Plaintiffs' Interrogatory No. 6. ECF No. 348 at 1.

On February 10, 2025, the Campaign Entity Defendants produced documents from the accounts payable inbox. Plaintiffs reviewed this production and sent a deficiency letter to the Campaign Entity Defendants on February 27, 2025 requesting more information about invoices for payments and services that appear in the Campaign Entity Defendants' disclosures filed with the Federal Election Commission, which did not appear in their production. Discussions are ongoing.

On March 6, 2025, the Campaign Entity Defendants produced documents responsive to the additional search terms and custodians Plaintiffs requested. Plaintiffs are reviewing this production and will raise any further issues with the Campaign Entity Defendants.

On March 7, 2025, the Campaign Entity Defendants provided a supplement to their privilege log generally describing the legal services that the individuals named on the privilege log provided to the Campaign Entity Defendants. Plaintiffs find these responses unsatisfactory and will continue to discuss the issue with the Campaign Entity Defendants.

### B.    Defendants' Discovery Requests

#### 1.    Campaign Entity Defendants' Position

Over the course of discovery, Plaintiffs have produced very few medical records, and the Campaign Entity Defendants intend to engage with plaintiffs' counsel regarding the use of HIPAA releases to allow defense counsel to go directly to the medical providers for responsive medical

records. The Campaign Entity Defendants also believe that Plaintiffs' identification of damages remains deficient, failing to provide a description or sum of their damages, and the parties will meet and confer over this issue to determine whether court intervention is required.

Finally, at the deposition of Conrad Smith on March 3, 2025—the first of the Plaintiffs to be deposed—it was discovered that his work phone and work email account were not searched for responsive documents by Plaintiffs' counsel, and upon conferring with Plaintiffs' counsel, it appears that none of the Plaintiffs' work devices or email accounts were searched or preserved by Plaintiffs' counsel. Plaintiffs' counsel indicated that they would be looking into this issue but the Campaign Entity Defendants have received no supplement or follow-up. This may raise serious spoliation concerns, given that the Plaintiffs have likely had their devices replaced over the course of 3.5 years of litigation, potentially destroying relevant text messages and other documents. Some of the Plaintiffs have retired from USCP since initiating this litigation, which would mean that not only their work devices, but also their email accounts are likely unrecoverable. The parties will meet and confer over this issue to determine if court intervention is required.

### 2.    Plaintiffs' Position

Plaintiffs have made eight productions of documents to Defendants on August 1, 2023, September 21, 2023, October 19, 2023, December 4, 2023, February 26, 2024, July 3, 2024, December 18, 2024, and January 17, 2025. Plaintiffs reached substantial completion of custodial documents on July 3, 2024. Plaintiffs' productions included over 4,200 pages of medical records. Rather than raising the issue of HIPAA disclosures to Plaintiffs and offering to meet and confer, the Campaign Entity Defendants raised this issue for the first time on March 19, 2025 in the course of drafting this report. Plaintiffs are happy to meet and confer on this issue and do not believe there is anything for the Court to address at this time.

The Campaign Entity Defendants issued additional requests for production and interrogatories on January 14, 2025. Plaintiffs responded to these requests and interrogatories on February 20, 2025. As Plaintiffs noted in their responses to the Campaign Entity Defendants' additional requests for production, they are conducting additional searches of their records. Additionally, Plaintiffs explained in a letter to the Campaign Entity Defendants on February 20, 2025, that Plaintiffs' responses and productions thus far have included information about their physical and emotional injuries, which will be further supported by Plaintiffs' deposition testimony and expert reports. Instead of responding to Plaintiffs' letter or attempting to meet and confer with Plaintiffs regarding this issue, the Campaign Entity Defendants chose to raise this directly with the Court through this report. Plaintiffs are happy to meet and confer on this issue and do not believe there is anything for the Court to address at this time.

Plaintiffs are considering the issue of producing work phones and emails. At the deposition of Conrad Smith on March 3, 2025, the Campaign Entity Defendants indicated that they would follow up with Plaintiffs' counsel to meet and confer on this issue. The Campaign Entity Defendants failed to do so at any time prior to March 19, 2025 when they raised it in the course of drafting this status report. Plaintiffs are happy to meet and confer on this issue and do not believe there is anything for the Court to address at this time.

## II.     Plaintiffs' Third-Party Discovery

### A.     Enforcement Actions

Plaintiffs have commenced proceedings to compel Rudolph Giuliani, Caroline Wren, and Daniel Scavino, Jr. to comply with Plaintiffs' discovery requests. *See Smith, et al. v. Giuliani*, 1:24-mc-00351 (S.D.N.Y.); *Smith, et al. v. Wren*, 9:24-mc-81074 (S.D. Fla.); *Smith, et al. v. Scavino*, 7:24-mc-00566 (S.D.N.Y.). The motions regarding Mr. Giuliani and Ms. Wren remain

pending and Plaintiffs will update the Court when any further proceedings occur, or any decisions are made.

The court in *Smith, et al. v. Scavino* originally scheduled a pre-motion conference for February 6, 2025. *See* 7:24-mc-00566, ECF No. 6. On February 5, 2025, Plaintiffs learned that Mr. Scavino retained new counsel and he would be producing documents in response to Plaintiffs' subpoena. *See id.* ECF No. 13. Mr. Scavino made a production on February 19, 2025 and Plaintiffs continue to discuss the productions parameters with him. *See id.* ECF No. 16, 18. In light of this ongoing cooperation, the parties have requested, and the court has granted, several adjournments to the pre-motion conference, which is now scheduled for April 8, 2025. *See id.* ECF Nos. 14, 17, 19.

### B.    National Archives and Records Administration

On September 3, 2024, the Court granted Plaintiffs' Motion for a Final Order Issuing a Subpoena to the National Archives and Records Administration ("NARA") and ordered NARA to respond to Plaintiffs' subpoena. *See* ECF No. 324. On November 21, NARA confirmed they had sent their first notification of potentially responsive records to relevant former and incumbent presidents. NARA later informed Plaintiffs that on January 3, 2025, that Defendant Trump had requested a three-week extension to respond to NARA regarding producing documents. On February 3, 2025, Plaintiffs asked NARA for a production update and NARA responded on February 5, 2025 that because President Joseph Biden did not respond to NARA's review request before leaving office, Defendant Trump's White House counsel was now charged with reviewing the production and had 30 days to do so. On March 13, 2025, NARA informed Plaintiffs that Defendant Trump's White House counsel extended their review period by 30 days.

C.    **Trump Entity Defendants' Third-Party Discovery Requests**

To date there remain several outstanding *Touhy* requests for which the United States Attorney's Office for the District of Columbia ("D.C. USAO") is responsible, including but not limited to the United States Capitol Police; the Departments of Interior, Justice, and Defense; and the D.C. National Guard. The Campaign Entity Defendants have engaged with the D.C. USAO, including letters and several meetings to negotiate their initial position. As to the Department of the Interior, a production has been made that appears to resolve the requests. As to the other requests, particularly the request to the United States Capitol Police, the Campaign Entity Defendants intend to confer with Plaintiffs' counsel and the D.C. USAO again regarding these requests, but currently a reasonable agreement appears unlikely. Therefore, there may be an impasse reached soon requiring court intervention.

## III.    Depositions

Plaintiffs and the Campaign Entity Defendants have agreed to have no limit on party depositions and a limit of 20 third-party depositions each with the right to request more as needed. Plaintiffs are drafting a proposal for all parties to review. Once there is agreement, the parties will file a proposed order with the Court.

Plaintiffs began noticing party and third-party depositions in November 2024. Plaintiffs have noticed depositions for Defendants Meggs, Caldwell, Rehl, Tarrio, and Biggs, and third-parties Kimberly Guilfoyle, Donald J. Trump Jr., Eric Trump, Jason Miller, Mark Meadows, and Daniel Scavino Jr. The Campaign Entity Defendants noticed Plaintiffs' depositions for the following dates:

- Governor Latson: April 3, 2025;

- Melissa Marshall: April 8, 2025;

- Jason DeRoche: April 9, 2025;

- Reginald Cleveland: April 24, 2025;

- Michael Fortune: May 2, 2025;

- Danny McElroy: May 9, 2025.

Conrad Smith's deposition occurred on March 3, 2025.

Dated: March 20, 2025

Respectfully submitted,

By:      */s/   Joshua S. Margolin*
Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Elizabeth H. Snow, *pro hac vice*
Esther D. Ness, *pro hac vice*
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
esnow@selendygay.com
eness@selendygay.com

*/s/   Edward G. Caspar*
Edward G. Caspar, D.C. Bar No. 1644168
Marc P. Epstein, D.C. Bar No. 90003967
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street N.W. Suite 900
Washington, DC  20005
Tel: 202-662-8390
ecaspar@lawyerscommittee.org
mepstein@lawyerscommittee.org

*/s/   William J. Blechman*
William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
SPERLING KENNY NACHWALTER
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Tel: 305-373-1000
wblechman@sperlingkenny.com
ebh@sperlingkenny.com

*Attorneys for Plaintiffs Conrad Smith, et al.*

By:        _/s/    Jason Caldwell Greaves_____
Jesse Binnall
Jason Caldwell Greaves
BINNALL LAW GROUP
717 King Street Suite 200
Alexandria, VA 22314
Tel: 703-888-1943
jesse@binnall.com
jason@binnall.com

*Attorneys for Defendants Donald J.
Trump For President, Inc. and Make
America Great Again PAC*

By:        _/s/        John Daniel Hull, IV_____
John Daniel Hull, IV
HULL MCGUIRE PC
1420 N Street, NW
Washington, DC 20005
Tel: 202-429-6520
jdhull@hullmcguire.com

*Attorney for Defendants Enrique Tar-
rio and Joseph R. Biggs*

By:        _/s/        Ronald Coleman_____
Ronald Coleman
COLEMAN LAW FIRM
50 Park Place, Suite 1105
Newark, N.J. 07102
Tel: 973-264-9611
rcoleman@colemanlaw-pc.com

*Attorney for Defendant Enrique Tarrio*

By:     /s/      James Andersen
        James Andersen
        ROLLINS SMALKIN RICHARDS &
        MACKIE, L.L.C.
        300 E. Lombard Street Suite 900
        Baltimore, MD 21202
        Washington, DC 20005
        Tel: 410-727-2443
        jandersen@rsrm.com

        *Attorney for Defendant Thomas E.
        Caldwell*

By:     /s/      Patrick Trainor
        Patrick Trainor
        LAW OFFICE OF PATRICK
        TRAINOR, ESQ., LLC
        19 Union Avenue Suite 201
        Rutherford, NJ 07070
        Tel: 201-777-3327
        pt@ptesq.com

        *Attorney for Defendant Zachary Rehl*

## CERTIFICATE OF SERVICE

I certify that on March 20, 2025, I served a copy of the foregoing filing on all parties of record by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice to all attorneys of record. Plaintiffs are serving the remaining Defendants via first class mail or other permitted means.

Dated: March 20, 2025            By:        _/s/_   _Joshua S. Margolin_
                                                Joshua S. Margolin