UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONRAD SMITH, et al.,<br>          Plaintiff | )<br>)<br>) |
| v. | )    Case No. 21-cr-02265-APM<br>) |
| DONALD J. TRUMP, et al,<br>          Defendants | )<br>)<br>)<br>) |

## MOTION TO SET ASIDE DEFAULT

Defendants Dominic J. Pezzola and Stewart Rhodes, by and through their counsel, Roger Roots, respectfully move this Court pursuant to Federal Rule of Civil Procedure 55(c) to set aside the entries of default entered against them on August 1, 2023 (ECF Nos. 231 and 234), in the above-captioned case. In support of this motion, Defendants state as follows:

### INTRODUCTION

1. This motion seeks relief from the defaults entered against Defendants Pezzola and Rhodes due to extraordinary circumstances constituting good cause under Rule 55(c). Counsel for Defendants was not asked to enter appearances or file responsive pleadings in this case until after the defaults were entered on August 1, 2023 (ECF Nos. 231, 234). Prior to that time, counsel had been retained and appeared on behalf of Pezzola, Rhodes, and four other defendants in a related civil case, District of Columbia v. Proud Boys International, L.L.C., et al., Case No. 1:21-cv-03267-APM (D.D.C.) ("the D.C. Case"), where answers were timely filed by May 8, 2023 (e.g., ECF No. 187). However, counsel was not engaged in this case until after the defaults, amidst an overwhelming workload

defending dozens of January 6-related criminal cases and appeals, compounded by significant communication challenges with Defendants, who were incarcerated.

2. Pezzola was served with process on September 15, 2021 (ECF No. 14), and Rhodes was served on February 2, 2022 (ECF No. 135), but neither retained counsel in this case before the defaults were entered nearly two years later. Counsel first appeared for Pezzola and Rhodes on August 7, 2023 (ECF Nos. 247, 249), and January 11, 2024 (ECF Nos. 263, 264), respectively, after the defaults were entered following Plaintiffs' Affidavit in Support of Default filed on July 31, 2023 (ECF No. 229). Additionally, Plaintiffs served their First Set of Requests for Production on April 4, 2023, to which neither Defendant responded due to lack of representation at that time.

3. Now that all January 6 criminal defendants represented by counsel—including Pezzola and Rhodes—have been pardoned or received commutations, counsel has been able to address civil matters more fully. Upon receiving notice from Plaintiffs' counsel on September 24, 2024, regarding the defaults and discovery non-compliance (attached as Exhibit C), counsel instructed the team to rectify the situation. However, this directive "got lost in the shuffle" due to the overwhelming volume of January 6 criminal cases and appeals, compounded by the firm's sole paralegal and Mr. Roots requiring out-of-state travel for multiple medical procedures in late 2024. Defendants sincerely apologize for the delay and seek to set aside the defaults to allow this case to proceed on its merits.

4. There is no prejudice to Plaintiffs, as discovery remains ongoing with a fact discovery deadline of July 28, 2025 (ECF No. 333), and no trial date has been set. Defendants are prepared to file Answers to the Amended Complaint (ECF No. 89) immediately upon the granting of this motion. Proposed Answers are attached hereto as Exhibit A (Rhodes) and

Exhibit B (Pezzola), and Defendants request that they be deemed filed if this motion is granted. Additionally, Rhodes and Pezzola stand ready to fully participate in the discovery process, including responding to outstanding requests and complying with all future discovery obligations, ensuring no further delay in this litigation.

BACKGROUND

5. This action, filed on August 26, 2021, arises from the events of January 6, 2021, at the United States Capitol. Plaintiffs, a group of United States Capitol Police officers, allege that Defendants, including Pezzola and Rhodes, conspired to interfere with their civil rights and caused them physical and emotional injuries through various tortious acts. The operative Amended Complaint was filed on December 3, 2021 (ECF No. 89).

6. Pezzola was served with the summons and complaint on September 15, 2021 (ECF No. 14), with an answer due October 6, 2021. Rhodes was served on February 2, 2022 (ECF No. 135), with an answer due February 23, 2022. Neither Defendant responded prior to the defaults, as they had not yet retained counsel in this case. Plaintiffs served their First Set of Requests for Production on April 4, 2023, and filed an Affidavit in Support of Default on July 31, 2023 (ECF No. 229). The Clerk entered defaults against Pezzola and Rhodes on August 1, 2023 (ECF Nos. 234 and 231, respectively).

7. Prior to the defaults in this case, counsel for Defendants, John Pierce Law PC, had been retained and entered appearances in the related D.C. Case on behalf of Pezzola, Rhodes, and four other defendants. John M. Pierce appeared for Pezzola on January 26, 2022 (ECF No. 31, via William Joseph Pepe), and for Rhodes on May 5, 2023 (ECF No. 184), with answers filed by May 8, 2023 (e.g., ECF No. 187 for Rhodes). Roger Roots appeared for both on January 11, 2024 (ECF Nos. 271, 272). However, counsel was not

    asked to represent Pezzola or Rhodes in this case until after the defaults were entered. John M. Pierce first appeared for Pezzola and Rhodes on August 7, 2023 (ECF Nos. 247, 249), and Roger Roots appeared on January 11, 2024 (ECF Nos. 263, 264).

8. At the time the defaults were entered, John Pierce Law PC was managing an extraordinary caseload of dozens of January 6-related criminal cases and subsequent appeals across multiple jurisdictions, involving complex legal and factual issues, pretrial detention challenges, and urgent deadlines. Both Pezzola and Rhodes were incarcerated during this period, complicating communication and coordination efforts. In late 2024, the firm's sole paralegal and Mr. Roots required out-of-state travel for multiple medical procedures, further straining the firm's capacity. On September 20, 2024, counsel emailed Plaintiffs' counsel, mistakenly believing all discovery requests had been addressed, citing the seizure of Defendants' devices by the DOJ (Exhibit C). Plaintiffs' response on September 24, 2024, clarified the outstanding defaults and discovery issues, prompting counsel's immediate instruction to rectify the situation, which was delayed due to the criminal caseload and medical absences.

9. The D.C. Case was voluntarily dismissed with prejudice on March 14, 2025 (ECF No. 373), but this case remains active. Upon retention post-default in August 2023, and again after the September 2024 notice, counsel faced ongoing demands from transitioning January 6 criminal clients following pardons or commutations in late 2024 or early 2025, further compounded by the medical issues, delaying full attention to this matter until recently.

**LEGAL STANDARD**

10. Under Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default "for good cause." The decision is committed to the sound discretion of the trial court and is guided by three factors: (1) whether the default was willful; (2) whether setting aside the default would prejudice the opposing party; and (3) whether the defaulting party presents a meritorious defense. See Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 373 (D.C. Cir. 1980); Jackson v. Beech, 636 F.2d 831, 836 (D.C. Cir. 1980). Courts assess good cause holistically, considering factors such as the reason for delay, the promptness of the motion, and the absence of intentional disregard for court obligations.

11. The D.C. Circuit favors resolving disputes on the merits rather than through default judgments, reflecting a "strong judicial policy" against defaults absent compelling circumstances. See Jackson, 636 F.2d at 835.

**ARGUMENT**

    **A. The Default Was Not Willful but Resulted from Extraordinary Circumstances Constituting Good Cause**

12. The defaults against Pezzola and Rhodes were not willful. At the time of the defaults, Defendants had not yet retained counsel in this case, and thus no appearances or responsive pleadings were filed. Counsel was only engaged after the defaults were entered on August 1, 2023 (ECF Nos. 231, 234), with appearances filed on August 7, 2023 (ECF Nos. 247, 249), and January 11, 2024 (ECF Nos. 263, 264). The failure to respond earlier stemmed from Defendants' lack of representation, compounded by their incarceration and counsel's overwhelming criminal caseload at the time of retention.

13. The unprecedented volume of January 6 criminal cases and appeals—many involving defendants in pretrial detention—created a chaotic environment for John Pierce Law PC.

Pezzola and Rhodes, both incarcerated, faced significant barriers to communication, delaying their ability to secure representation in this civil matter. In contrast, counsel's timely appearances and filings in the D.C. Case (e.g., ECF No. 31 on January 26, 2022, for Pezzola; ECF No. 187 on May 8, 2023, for Rhodes) demonstrate their intent to defend when retained, underscoring that the delay here was specific to this case.

14. These extraordinary circumstances—Defendants' initial lack of counsel, incarceration, counsel's overburdened schedule, and the firm's sole paralegal and Mr. Roots' medical absences in late 2024—constitute good cause under Rule 55(c). The defaults were not a deliberate disregard of court obligations but a result of logistical and personal challenges. Upon receiving Plaintiffs' email on September 24, 2024 (Exhibit C), counsel instructed the team to address the defaults and discovery issues, but this directive was delayed due to the firm's focus on January 6 criminal appeals, client transitions following pardons or commutations, and the medical procedures requiring out-of-state travel.

15. Defendants sincerely apologize to the Court and Plaintiffs for the oversight and seek to correct it now that counsel is fully engaged and the January 6 criminal matters have largely concluded.

    B.  **Setting Aside the Default Will Not Prejudice Plaintiffs**

16. Plaintiffs will suffer no prejudice if the defaults are set aside. Discovery in this case remains ongoing as of April 1, 2025, with a fact discovery deadline of July 28, 2025 (ECF No. 333), and no trial date has been set. Allowing Pezzola and Rhodes to defend will not disrupt the case schedule or unfairly disadvantage Plaintiffs, who continue to pursue claims against numerous other defendants. The absence of prejudice weighs

heavily in favor of granting this motion. See Keegel, 627 F.2d at 374 (no prejudice where case remained in early stages).

### C. Defendants Present Meritorious Defenses

17. Pezzola and Rhodes have meritorious defenses, as detailed in their proposed Answers attached as Exhibit A (Rhodes) and Exhibit B (Pezzola). These defenses, if proven, could defeat or mitigate liability, justifying resolution on the merits rather than by default. See Jackson, 636 F.2d at 836 (meritorious defense need only be plausible, not certain). Key defenses include:

- Lack of Personal Involvement: Rhodes asserts he "did not provoke, aid, or join in" the alleged events and never entered the Capitol (Exhibit A, ¶¶ 1, 154), while Pezzola, though acknowledging breaking a window costing $750 to repair, denies any violence against officers or broader conspiracy (Exhibit B, Introduction, ¶ 154). Both argue their actions were limited and unrelated to the Plaintiffs' alleged injuries.

- First Amendment Protections: Both Defendants contend that their activities—speech, assembly, and petitioning the government—were constitutionally protected under the First Amendment, not incitement or violence (Exhibit A, ¶¶ 5-7, 54; Exhibit B, ¶¶ 5, 54). Rhodes cites Brandenburg v. Ohio, 395 U.S. 444 (1969), to argue no intent or likelihood of imminent lawless action existed (Exhibit A, ¶ 193).

- Contributory Negligence and Superseding Causes: Defendants assert that Congressional leadership's refusal of National Guard troops, inadequate USCP training, and unprovoked police violence (e.g., tear gas misuse, physical assaults on demonstrators) were the proximate causes of Plaintiffs' injuries, not their actions (Exhibit A, Affirmative

Defenses; Exhibit B, Affirmative Defenses). They argue these intervening factors sever any liability chain.

- Lack of Specific Injury Allegations: Both Answers challenge the Complaint's failure to specify Plaintiffs' injuries, suggesting prior compensation by the government and questioning causation and damages (Exhibit A, ¶¶ 1, 157-164; Exhibit B, ¶¶ 1, 157-164).
- Factual Disputes: Defendants contest the narrative of a planned "attack," supported by the December 2024 FBI OIG report finding no conspiracy evidence from 26 informants (Exhibit A, ¶ 180; Exhibit B, ¶ 180). Pezzola admits only to breaking a window, not assaulting officers (Exhibit B, Introduction).

These defenses, grounded in constitutional law, factual disputes, and third-party causation, present plausible bases to contest liability, warranting a merits-based resolution.

### D.  Public Policy Favors Resolution on the Merits

18. The judicial preference for adjudicating cases on the merits strongly supports granting this motion. Default judgments are disfavored where, as here, the default was unintentional due to lack of counsel at the time, prejudice is minimal, and defenses exist. Granting relief aligns with the interests of justice and ensures a full and fair hearing of all parties' claims and defenses.

### RELIEF REQUESTED

19. Defendants respectfully request that the Court set aside the entries of default against Pezzola and Rhodes (ECF Nos. 231, 234) under Rule 55(c). Defendants further request that the proposed Answers attached as Exhibit A (Rhodes) and Exhibit B (Pezzola) be deemed filed upon granting of this motion, allowing them to participate fully in this litigation without further delay. Rhodes and Pezzola stand ready to fully participate in the

discovery process, including responding to outstanding requests and complying with all future discovery obligations within the current timeline.

## CONCLUSION

For the foregoing reasons, Defendants Dominic J. Pezzola and Stewart Rhodes respectfully urge the Court to grant this Motion to Set Aside Default. Counsel regrets that Defendants were not represented in this case prior to the defaults and that subsequent efforts to rectify the situation were delayed, and commits to diligent participation moving forward now that representation is secured.

Dated: April 1, 2025                                       Respectfully submitted,

                                                           /s/ Roger Roots
                                                           Roger Roots
                                                           Roots Justice
                                                           10 Dorrance Street, Suite 700 #649
                                                           Providence, RI 02903
                                                           775-764-9347
                                                           Email: roger@rootsjustice.com
                                                           Counsel for Defendants
                                                           Dominic J. Pezzola and
                                                           Stewart Rhodes