JIN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CONRAD SMITH, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> Defendants. | No. 1:21-cv-02265-APM |

**JOINT CASE STATUS REPORT**

Ahead of the May 13, 2025 Status Conference, Plaintiffs Conrad Smith, Danny McElroy, Governor Latson, Melissa Marshall, Michael Fortune, Jason DeRoche, and Reginald Cleveland (together, "Plaintiffs"), and Defendants Thomas Caldwell, Donald J. Trump for President Inc., Make America Great Again PAC, and Henry "Enrique" Tarrio[1] submit this Joint Case Status Report regarding the status of discovery since the March 25, 2025 status conference. The United States of America, which has requested to substitute itself in the place of Defendant Donald J. Trump as to certain claims, joins only as to Sections I and VI.

**I.    Presidential Immunity, Westfall Substitution, and Joint Motion to Modify the Discovery Schedule**

Defendant Trump filed a motion for summary judgment on the ground of Presidential immunity and motion for reconsideration of the denial of his motion to dismiss on First Amendment grounds on January 24, 2025. Plaintiffs filed oppositions to Defendant Trump's motion for

---

[1] Plaintiffs sent a draft of this report to all appearing Defendants. Defendants Felipe Antonio Martinez, Joseph Biggs, Derek Kinnison, Ethan Nordean, Erik Scott Warner, Alan Hostetter, Ronald Mele, Kelly Meggs, Dominic Pezzola, Zachary Rehl, and Stewart Rhodes did not contribute to this report.

summary judgment and motion for reconsideration, as well as a request for judicial notice, on February 28, 2025. Defendant Trump filed replies in support his motion for summary judgment and motion for reconsideration, an opposition to Plaintiffs' request for judicial notice, and an objection to the admission of the House Select Committee's Report on April 16, 2025. Plaintiffs' reply in support of their request for judicial notice and response to Defendant Trump's evidentiary objections are due on May 14, 2025.

On March 20, 2025, the United States filed a Notice of Substitution for itself in place of Defendant Trump as to Plaintiffs' state law claims. ECF No. 376. The following schedule governs Plaintiffs' challenge to the United States's substitution: (1) Plaintiffs' motion to strike is due on May 14, 2025; (2) the United States's opposition is due on June 11, 2025, and (3) Plaintiffs' reply is due on June 27, 2025. *See* Apr. 11, 2025 Minute Order.

Plaintiffs, Defendant Trump, the Campaign Entity Defendants, and the United States have conferred and agreed on the terms of a joint motion and proposed order to modify the discovery schedule (currently governed by the Court's December 19, 2024 Minute Order) in light of Defendant Trump's pending motion for summary judgment in *Lee v. Trump*, No. 1:21-cv-00400-APM (D.D.C. Jan. 24, 2025), ECF No. 144, and Plaintiffs' anticipated motion to challenge the United States' substitution of itself for Defendant Trump as to certain claims in this action, *see Smith v. Trump*, No. 1:21-cv-02265-APM (D.D.C. Mar. 20, 2025), ECF No. 376. The other appearing Defendants were provided with a draft joint motion and proposed order on May 8, 2025. Defendants Rehl, Tarrio, Caldwell, and Mele, do not oppose the motion.

II.     **Party Discovery**

    A.     **Plaintiffs' Discovery Requests**

Plaintiffs and Defendants Donald J. Trump For President, Inc. and Make America Great Again PAC (the "Campaign Entity Defendants") reached impasse as to certain of Plaintiffs'

discovery requests and appeared before the Court on November 26, 2024 for a discovery conference. The Court ordered the Campaign Entity Defendants to, among other things, justify the privilege assertions made in their privilege log accompanying their document productions, including as to anyone identified in Plaintiffs' Interrogatory No. 6. ECF No. 348 at 1.

On March 6, 2025, the Campaign Entity Defendants produced additional documents with a privilege log containing an additional 1,600 entries, bringing the total to over 2,600 entries. On March 7, 2025, the Campaign Entity Defendants provided a supplement to their privilege log (together with the May 16, 2024, July 25, 2024, and March 6, 2025 privilege logs, the "Campaign Privilege Logs") generally describing the legal services that the individuals named on the privilege log provided to the Campaign Entity Defendants.

On April 16, 2025, Plaintiffs sent the Campaign Entity Defendants a letter concerning deficiencies in the Campaign Privilege Logs and requesting that the Campaign Entity Defendants reproduce a number of documents that Plaintiffs believe were improperly withheld. The Campaign Entity Defendants sent a response letter on May 7, 2025. The parties are continuing to negotiate about the Campaign Entity Defendants' privilege assertions.

In July 2023 and June 2024, Plaintiffs issued requests for production and interrogatories to Defendants Tarrio, Biggs, Rehl, and Mele. In March 2025, Plaintiffs contacted counsel for those defendants to request that they supplement their responses and produce any responsive documents, as their clients were no longer incarcerated. Defendants have refused to do so and have not produced any documents to date.

Plaintiffs and counsel for Defendants Tarrio, Biggs, Rehl, and Mele jointly called the Court on May 2, 2025, at which time Plaintiffs requested permission to move to compel defendants to supplement their responses to Plaintiffs' requests for production and, as to Defendants Rehl,

Tarrio, and Biggs, to supplement their responses to Interrogatory No. 5, which requests information about Defendants' social media, email, messaging, and phone accounts. Defendant Rehl has since supplemented his responses to the Interrogatory, and Plaintiffs are evaluating his response. Following correspondence from the Court, the parties agreed to address this discovery dispute at the May 13, 2025, conference. In addition, Plaintiffs issued an additional discovery request on April 1, 2025, to which these defendants have not responded.

### B. Defendants' Discovery Requests

Plaintiffs made eight productions of documents to Defendants on August 1, 2023, September 21, 2023, October 19, 2023, December 4, 2023, February 26, 2024, July 3, 2024, December 18, 2024, and January 17, 2025. Plaintiffs reached substantial completion of custodial documents on July 3, 2024. The Campaign Entity Defendants issued additional requests for production and interrogatories on January 14, 2025. Plaintiffs responded on February 20, 2025, and produced additional documents on April 15, 2025. The Campaign Entity Defendants issued additional interrogatories on April 2, 2025, and Plaintiffs responded on May 2, 2025.

## III. Plaintiffs' Third-Party Discovery

### A. Third-Party Redactions

On April 3, 2025, Plaintiffs sent letters to several third parties, including Kayliegh McEnany, Jared Kushner, Katrina Pierson, and Kylie and Amy Kremer ("the Kremers") concerning improperly redacted documents in their productions. Plaintiffs have resolved these redaction issues as to Ms. McEnany and Mr. Kusher.

Plaintiffs are in communication with Ms. Pierson about her redactions, and have exchanged correspondence on March 2, 5, and 6 and on April 3, 7, 8, 10, 14, 22, and 28. Negotiations remain ongoing. Plaintiffs will update the Court if resolution is reached or if it appears to require court intervention.

As for Ms. Kylie and Amy Kremer, Plaintiffs have repeatedly sent email and written correspondence to the Kremers regarding improper redactions in their documents. Plaintiffs have not received any response from the Kremers.

B. **Enforcement Actions**

Plaintiffs have commenced proceedings to compel Rudolph Giuliani, Caroline Wren, and Daniel Scavino, Jr. to comply with Plaintiffs' discovery requests. *See Smith, et al. v. Giuliani*, 1:24-mc-00351 (S.D.N.Y.); *Smith, et al. v. Wren*, 9:24-mc-81074 (S.D. Fla.); *Smith, et al. v. Scavino*, 7:24-mc-00566 (S.D.N.Y.). The proceedings as to Mr. Giuliani remains pending, and Plaintiffs will update the Court when any further proceedings occur or any decisions are made.

Mr. Scavino made a production on February 19, 2025, and made a supplemental production on April 28, 2025, that resolved Plaintiffs' concerns regarding his productions. On April 29, 2025, Plaintiffs voluntarily dismissed the enforcement proceedings against Mr. Scavino.

Plaintiffs filed a renewed motion against Ms. Wren to compel her compliance with the subpoena duces tecum on April 24, 2025. On April 29, 2025, the court granted the motion and ordered Ms. Wren to produce all responsive documents by May 16, 2025. ECF No. 16.

C. **National Archives and Records Administration**

On September 3, 2024, the Court granted Plaintiffs' Motion for a Final Order Issuing a Subpoena to the National Archives and Records Administration ("NARA") and ordered NARA to respond to Plaintiffs' subpoena. *See* ECF No. 324. On November 21, NARA confirmed it had sent its first notification of potentially responsive records to then-incumbent President Biden and then-former President Trump. NARA later informed Plaintiffs that, on January 3, 2025, Defendant Trump had requested a three-week extension to respond to NARA regarding producing documents. On February 5, 2025, NARA informed Plaintiffs that, because President Biden did not respond to NARA's review request before leaving office, Defendant Trump's White House counsel was now

5

charged with reviewing the production and had 30 days to do so. On March 13, 2025, NARA informed Plaintiffs that President Trump's White House Counsel's Office had "extended their review period by 30 days." On April 15, 2025, NARA informed Plaintiffs that the White House Counsel's Office had "requested a 45 day extension, which would expire on May 19."

### IV. Trump Entity Defendants' Third-Party Discovery Requests

The Trump Entity Defendants have outstanding Touhy requests to the United States Capitol Police, the Department of Justice, the Department of Defense, and the D.C. National Guard, and are in negotiation with the Department of Justice to obtain responsive documents from these U.S. government entities.

### V. Defendants Pezzola and Rhodes' Motion to Set Aside Default

On August 1, 2023, the Court entered default as to Defendants Pezzola and Rhodes. ECF Nos. 231, 234. On April 16, 2025, Defendants Pezzola and Rhodes moved to set aside the entries of default against them. ECF No. 383. The Court denied that request without prejudice for failure to comply with Local Civil Rule 7(m). On April 28, 2025, Defendants Pezzola and Rhodes filed a renewed motion to set aside default. ECF No. 386. On May 5, 2025, Plaintiffs moved for an extension of time to respond to the motion. ECF No. 388. On May 6, 2025, the Court granted Plaintiffs' motion and extended Plaintiffs' response deadline until May 30, 2025. *See* May 6, 2025 Minute Order.

### VI. Depositions

Plaintiffs began noticing party and third-party depositions in November 2024. However, given the parties' agreement on a proposed stay, Plaintiffs have held all depositions in abeyance.

The Campaign Entity Defendants have taken the depositions of Conrad Smith, Governor Latson, Melissa Marshall, and Jason DeRoche. However, given the parties' agreement on a proposed stay, the Campaign Entity Defendants have held additional depositions in abeyance.

Dated: May 12, 2025                                Respectfully submitted,

By:     /s/     *Joshua S. Margolin*
Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Babak Ghafarzade, *pro hac vice*
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
bghafarzade@selendygay.com

 /s/     *Edward G. Caspar*
Edward G. Caspar, D.C. Bar No. 1644168
Marc P. Epstein, D.C. Bar No. 90003967
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street N.W. Suite 900
Washington, DC  20005
Tel: 202-662-8390
ecaspar@lawyerscommittee.org
mepstein@lawyerscommittee.org

 /s/     *William J. Blechman*
William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
Jeffrey T. Foreman, *pro hac vice*
SPERLING KENNY NACHWALTER
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Tel: 305-373-1000
wblechman@sperlingkenny.com
ebh@sperlingkenny.com
jtf@sperlingkenny.com

*Attorneys for Plaintiffs Conrad Smith, et al.*

7

By:    */s/   Jason Caldwell Greaves*
       Jesse Binnall
       Jason Caldwell Greaves
       BINNALL LAW GROUP
       717 King Street Suite 200
       Alexandria, VA 22314
       Tel: 703-888-1943
       jesse@binnall.com
       jason@binnall.com

       *Attorneys for Defendants Donald J. Trump for President, Inc. and Make America Great Again PAC*

By:    */s/   John Daniel Hull, IV*
       John Daniel Hull, IV
       HULL MCGUIRE PC
       1420 N Street, NW
       Washington, DC 20005
       Tel: 202-439-6520
       jdhull@hullmcguire.com

       *Attorney for Defendants Enrique Tarrio and Joseph R. Biggs*

By:    */s/   Ronald Coleman*
       Ronald Coleman
       COLEMAN LAW FIRM
       50 Park Place, Suite 1105
       Newark, NJ 07102
       Tel: 973-264-9611
       rcoleman@colemanlaw-pc.com

       *Attorney for Defendant Enrique Tarrio*

By:
       */s/   James R. Andersen*
       James R. Andersen
       ROLLINS, SMALKIN, RICHARDS & MACKIE, LLC
       300 East Lombard Street, Suite 900
       Baltimore, MD 21202
       Tel: 420-727-2443

       *Attorney for Defendant Thomas E. Caldwell*

By:     */s/ Jonathan R. Myers*
Reginald M. Skinner
Jonathan R. Myers, D.C. Bar No. 1601183
John B. Martin
U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION
175 N Street NE
Washington, DC 20002
Tel: 202-305-8049
Fax: 202-616-431
reginald.m.skinner@usdoj.gov
jonathan.r.myers@usdoj.gov
john.b.martin@usdoj.gov

*Attorneys for United States of America*

**CERTIFICATE OF SERVICE**

I certify that on May 12, 2025, I served a copy of the foregoing filing on all parties of record by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice to all attorneys of record. Plaintiffs are serving the remaining Defendants via first class mail or other permitted means.

Dated: May 12, 2025                    By:        /s/   Joshua S. Margolin
                                                       Joshua S. Margolin