UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONRAD SMITH, et al.,<br><br>              Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>              Defendants. | Case No. 21-cv-02265 (APM)<br><br>*Consolidated Cases:*<br>*21-cv-00400 (APM) (Lead)*<br>*21-cv-00586 (APM)*<br>*21-cv-00858 (APM)*<br>*22-cv-00010 (APM)*<br>*22-cv-00011 (APM)*<br>*22-cv-00034 (APM)*<br>*23-cv-00038 (APM)* |

**DEFENDANTS DONALD J. TRUMP FOR PRESIDENT, INC. AND MAKE AMERICA GREAT AGAIN PAC'S MEMORANDUM OF LAW ON MEDICAL RELEASES**

On June 6, 2025, this Court heard arguments related to the ongoing discovery dispute between Donald J. Trump for President, Inc. and Make America Great Again PAC (collectively "Campaign Defendants") and Plaintiffs Conrad Smith, Danny McElroy, Byron Evans, Governor Latson, Melissa Marshall, Michael Fortune, Jason DeRoche, and Reginald Cleveland (collectively "Plaintiffs"). At the hearing, the Court requested the parties submit supplemental case law regarding whether this Court possesses the authority to order Plaintiffs to provide signed medical releases authorizing Campaign Defendants to subpoena certain medical providers for records relevant to Plaintiffs' alleged damages. Campaign Defendants submit this memorandum in response.

**ARGUMENT**

Under Federal Rule of Civil Procedure 26(b)(1), discovery is permitted for "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Courts have substantial discretion under Rule 26 and must

1

strike the proper balance in determining what is relevant, giving weight to potential prejudice, but also considering the great need for probative evidence. *Smith v. Cafe Asia*, 246 F.R.D. 19, 21-22 (D.D.C. 2007). Rule 26 is to be "liberally construed to allow discovery into any factual matter that is germane to any of the remaining legal issues in this case, and that may lead to the discovery of admissible evidence or may relate to circumstantial evidence." *Association of Am. Physicians and Surgeons v. Clinton*, 837 F. Supp. 454, 456 (D.D.C. 1993).

While there are situations where Courts will limit discovery requests, this situation typically arises only when the discovery materials requested are overly broad, duplicative, and will impose substantial costs to the party the materials are requested from. *Prasad v. George Washington*, 323 F.R.D. 88 (D.D.C. 2017). Courts will also sometimes employ a middle ground approach to enable a party to discover evidence when it is potentially prejudicial to the other party—such as allowing only one attorney to view the discovery materials. *Smith*, 246 F.R.D. at 22.

The substantial need for probative evidence from medical providers can also overcome objections that the waiver is "overly broad and encompasses material beyond the scope of the federal discovery rules." *Sklagen v. Greater Se. Cmty. Hosp.*, 625 F. Supp. 991, 992 (D.D.C. 1984) (ordering the plaintiff to sign a medical release, noting that "the federal discovery rules are not implicated by defendant's request that plaintiff execute the medical authorization"). When a plaintiff initiates a lawsuit and puts a physical injury or medical condition at issue, there is great need for information relating to the condition and "a party may discover information . . . [if] such information will have some probable effect on the organization and presentation of the moving party's case." *Smith v. Schlesinger*, 513 F.2d 462, 473 (D.C. Cir. 1975).

It is routine in personal injury cases to request medical releases to obtain records directly from providers. See e.g. *Nuskey v. Lambright*, 251 F.R.D. 3, 8 (D.D.C. 2008) ("Courts regularly order plaintiffs to sign authorizations for the release of medical information from health care providers where, as here, those records are relevant to the plaintiff's claims; this procedure has been viewed as the most expeditious and efficient way for the opposing party to obtain pertinent medical records.").[1] In *Nunskey*, the defendant sought "information about [the plaintiff's] medical and psychiatric care" as well as a waiver permitting the defendants to make "direct requests" for records from the plaintiff's medical providers. *Id.* While the plaintiff contended she "supplemented her production on three occasions, continue[d] to seek additional records, and '[] produced all responsive medical records in her possession . . .'" except for two documents, the Court granted the defendant's motion for the release—limited to records from the past five years related to the plaintiff's claims for physical and emotional damages caused by the defendant—given "this [discovery] procedure has been viewed as the most expeditious and efficient way for the opposing party to obtain pertinent medical records." *Nuskey*, 251 F.R.D. at 8-9.

Similarly, in *Roberson v. Blair*, the court ordered the plaintiff to not only produce relevant medical records, but also to sign a medical release allowing the defendant to request relevant documents directly from plaintiff's provider. *Roberson v. Bair*, 242

---

[1] Citing *Blosser v. Gilbert,* No. 07-14031, 2008 WL 927782, at *2 (E.D. Mich. Apr. 4, 2008); *Roberson v. Bair,* 242 F.R.D. 130, 136 (D.D.C. 2007); *Tapp v. Tougas,* No. 9:05-CV-1479, 2007 WL 1964675, at *1 (N.D.N.Y. July 2, 2007); *Hann v. Michigan,* No. 05-CV-71347, 2007 WL 4662061, at *4 (E.D. Mich. May 31, 2007); *Bender v. Del Valle,* No. 05 Civ. 6459, 2007 WL 313464, at *2 (S.D.N.Y. Jan. 31, 2007); *Stoltey v. Clark,* No. 05-CV-2159, 2006 WL 3743795, at *2 (C.D. Ill. Dec. 18, 2006); *Gilson v. Evergreen at Talbot Road L.L.C.,* No. C04-02126C, 2005 WL 3841864, at *4 (W.D. Wash. Nov. 1, 2005); *Brown v. Eli Lilly and Co.,* 131 F.R.D. 176, 178 (D. Neb.1988).

F.R.D. 130, 136 (D.D.C. 2007) ("Plaintiff is ordered to produce all medical records in her possession that include references to her mental health treatment and to sign the authorizations for release of medical information for Defendant to obtain a copy of all such records from relevant medical providers.").

While courts in the D.C. Circuit have sometimes refrained from compelling a party to sign a medical release, those situations are for unique reasons not applicable to the case at hand. For example, in *Klugel v. Clough*, the court denied a motion to compel—solely on procedural grounds—when a party attempted to obtain a medical release through a Rule 34 request for production of documents, holding "a request for production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure cannot be utilized as a vehicle by which to compel a party to sign an authorization for the release of medical records." 252 F.R.D. 53, 55 (D.D.C. 2008). Here, the Campaign Defendants have not sought to leverage Rule 34 to obtain a medical release authorization, and thus *Klugel* is inapplicable.

Rather, the facts in this case are largely analogous to those in *Nuskey*. As in *Nuskey*, Plaintiffs argue they should not be required to sign medical releases given Plaintiffs' substantial production of medical records over the past two years. In line with *Nuskey*, the Court should not be persuaded by Plaintiffs' efforts to avoid sharing relevant medical information solely because of Plaintiffs' past cooperation in the discovery process. This is especially true in consideration of recent discoveries that certain Plaintiffs have not been entirely forthcoming with the full body of medical records in existence, which only came to light in recent depositions.

Indeed, the Campaign Defendants did not seek to obtain medical releases until it became apparent that Plaintiffs did not provide all relevant documents in response to Campaign Defendants' discovery requests. And, although Plaintiffs argue they have already made substantial productions to date, those productions have not been complete. The only way to ensure Campaign Defendants have all relevant medical documents is for the Campaign Defendants to subpoena the documents directly from the sources. As to Plaintiffs' stated concerns related to sensitive personal information, those arguments are equally unavailing, as this Court has already entered a protective order, which Campaign Defendants have and will abide by. The Campaign Defendants are entitled to understand the claims against them and to obtain indisputably discoverable information.

## CONCLUSION

In consideration of the well-established precedent within the D.D.C., this Court possesses substantial authority under Rule 26 to order Plaintiffs to provide Campaign Defendants with the requested medical releases. Accordingly, the Campaign Defendants respectfully request that this Court include in its forthcoming Order that Plaintiffs: 1) provide the names and contact information of every single medical provider the Plaintiffs have seen from five (5) years prior to their lawsuit to the present; 2) sign medical releases for each provider; and 3) for all previous medical records that were provided but were improperly redacted, reproduce such documents without redactions.

Dated: June 11, 2025                                      Respectfully submitted,

                                                                                     /s/     Gerald A. Urbanek, Jr.
                                                                                     Gerald A. Urbanek, Jr., VA191
                                                                                     Jason C. Greaves, DC Bar No. 1033617

                      Jesse R. Binnall, VA022
                      Jared J. Roberts, pro hac vice
                      Binnall Law Group
                      717 King Street, Suite 200
                      Alexandria, Virginia 22314
                      Tel:  (703) 888-1943
                      Fax: (703) 888-1930
                      gerald@binnall.com
                      jason@binnall.com
                      jesse@binnall.com
                      jared@binnall.com

                      *Counsel for Donald J. Trump for President, Inc. and Make America Great Again PAC*

**CERTIFICATE OF SERVICE**

  I certify that on June 11, 2025, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

               /s/  Gerald A. Urbanek, Jr.
               Gerald A. Urbanek, Jr., VA191

               *Counsel for Donald J. Trump for*
               *President, Inc. and Make America*
               *Great Again PAC*