UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CONRAD SMITH, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) )   Case No. 21-cv-02265 (APM) |
| DONALD J. TRUMP, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the court is a request by Defendants Donald J. Trump for President, Inc. and Make America Great Again PAC, ECF No. 405, to compel Plaintiffs to sign medical releases.

At the outset, the parties dispute whether the court even has the authority to grant such a request. *Compare id.* at 3, *with* Pls.' Opp'n, ECF No. 404, at 3. District Courts are deeply divided on the question. *Compare, e.g., Scott v. City of Bismarck*, 328 F.R.D. 242, 246–50 (D.N.D. 2018) (holding in a comprehensive opinion that Federal Rule of Civil Procedure 34 permits a court to compel a party to sign a medical release); *Nuskey v. Lambright*, 251 F.R.D. 3, 8 (D.D.C 2008) (noting that "[c]ourts regularly order plaintiffs to sign authorizations for the release of medical information from health care providers where . . . those records are relevant to the plaintiff's claims"), *with Klugel v. Clough*, 252 F.R.D. 53, 55 (D.D.C. 2008) (holding that Rule 34 affords no such authority); *Woods v. JDHQ Hotels LLC*, No. 4:23-cv-04026-RAL, 2024 WL 1886468, at *5 (D.S.D. Apr. 30, 2024) (rejecting *Scott*'s interpretation of Rule 34).

This court need not pick a side in the dispute because, even if it does have the authority, the court declines to exercise it. Efficiency in acquiring records held by a third party has been a

key consideration for courts that have compelled parties to sign a release. *See, e.g., Nuskey*, 251 F.R.D. at 8 (explaining that "this procedure has been viewed as the most expeditious and efficient way for the opposing party to obtain pertinent medical records"). But ordering Plaintiffs to do so here would not further that objective. Discovery commenced in April 2023, *see* ECF No. 213, yet Defendants waited over two years to ask for releases. Had they done so at the outset, the court might have come to a different conclusion. But in the present posture, Defendants seek to duplicate much of the work Plaintiffs already have undertaken for many months. The more efficient process to fill any record gaps is for Defendants to identify the records they believe are missing and to put the burden on Plaintiffs to obtain them. A more targeted records request will almost certainly take less time than what Defendants apparently intend to do, which is to seek re-release of all relevant records. It is simply too late in the day to undertake that exercise.

Accordingly, Defendants' request to compel Plaintiffs to sign medical releases is denied. However, if Defendants do identify missing records, Plaintiffs shall promptly attempt to obtain them. The failure to do so may result in sanctions.

Dated: June 16, 2025

Amit P. Mehta
United States District Court Judge