IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CONRAD SMITH, *et al.*,

                Plaintiffs,

    v.

DONALD J. TRUMP, *et al.*,

                Defendants.

Civil Action No. 1:21-CV-02265-APM

**PLAINTIFFS' MOTION TO COMPEL DEFENDANTS MARTINEZ, WARNER, KINNISON, NORDEAN, BIGGS, AND MEGGS TO RESPOND TO DISCOVERY REQUESTS AND PROVIDE INITIAL DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 37, Plaintiffs Conrad Smith, Danny McElroy, Governor Latson, Melissa Marshall, Michael Fortune, Jason DeRoche, and Reginald Cleveland ("Plaintiffs") request that the Court order Defendants Felipe Antonio "Tony" Martinez, Erik Scott Warner, Derek Kinnison, Ethan Nordean, Joseph Biggs, and Kelly Meggs ("Defendants") to make initial disclosures, respond to Plaintiffs' discovery requests, and adequately respond to certain discovery requests, as set forth below. In addition, Plaintiffs request that the Court warn Defendants that their continued failure to make initial disclosures, respond to Plaintiffs' discovery requests, or address deficiencies in their prior responses, will result in sanctions, including the potential for entry of default or default judgment.

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................. 1

BACKGROUND ............................................................................................................... 2

PROCEDURAL HISTORY ............................................................................................... 4

ARGUMENT ..................................................................................................................... 9

    I.    The Court should compel Defendants Kinnison, Martinez, Warner, Nordean, and Meggs to serve initial disclosures. ................................................................................................ 9

    II.    The Court should compel Defendants Kinnison, Martinez, Warner, Nordean, and Biggs to respond to Plaintiffs' discovery requests. ............................................................... 10

    III.   Defendants' continued failure to respond to discovery requests should result in sanctions. 12

CONCLUSION ................................................................................................................ 13

**INTRODUCTION**

Plaintiffs brought this action against Defendants Felipe Antonio "Tony" Martinez, Erik Scott Warner, Derek Kinnison, Ethan Nordean, Kelly Meggs, Joseph Biggs ("Defendants"), and others, for the harm they caused Plaintiffs by conspiring to carry out and by carrying out the January 6 attack on the U.S. Capitol. Each was convicted of crimes related to their participation in the January 6 attack. Defendant Biggs answered the Amended Complaint, Dkt. 99, and Defendant Warner filed a one-line letter in response to the Complaint stating he was "not guilty of these charges or accusations." Dkt. 71. Defendants Martinez, Kinnison, Nordean, and Meggs, filed motions to dismiss the Amended Complaint, Dkts. 78, 96–95, 97, 130–32, which the Court largely denied, including with respect to Plaintiffs' claims for conspiracy to interfere with civil rights under 42 U.S.C. § 1985. Dkt. 179.

Plaintiffs have sent document requests and interrogatories to each Defendant, but none has produced a single document. All but one Defendant (Biggs) has failed to serve initial disclosures. Defendants Martinez, Warner, Kinnison, Nordean, and Biggs, have each failed to respond to one or more discovery requests. To the extent Defendants have responded to discovery requests, it was while they were incarcerated and before they were pardoned or had their sentences commuted, and thus their responses do not reflect their current access to responsive information. None of these Defendants has provided signed responses to Plaintiffs' interrogatories. Plaintiffs have attempted to contact Defendants—in most cases, multiple times, in light of Defendants' *pro se* status—but have not received any responses.

Accordingly, the Court should compel Defendants to make their initial disclosures, require them to respond to Plaintiffs' discovery requests, and require them to amend or supplement deficient responses. In addition, the Court should warn Defendants that their continued failure to

1

make initial disclosures, respond to Plaintiffs' discovery requests, or address deficiencies in their prior responses, will result in sanctions, including the potential for entry of default or default judgment.

**BACKGROUND**

I. **Defendants Felipe Antonio "Tony" Martinez, Erik Scott Warner, and Derek Kinnison**

Defendants Kinnison, Martinez, and Warner, coordinated on planning and logistics to travel to and attack the Capitol on January 6, 2021. They joined a Telegram chat called "The California Patriots-DC Brigade," which was created to organize "able bodied individuals that are going to DC on Jan 6" who are "ready and willing to fight." Dkt. 89 ("Am. Compl.") ¶ 99(a). Through the Telegram chat and other means, Kinnison discussed bringing weapons and other equipment to Washington, D.C., and shared a photo showing a bandolier of shotgun ammunition that he was taking with him. *See id.* ¶ 101. On January 6, 2021, Kinnison, Martinez and Warner joined other attackers as they advanced on police at the Capitol. *See id.* ¶ 134. Kinnison and Martinez, wearing tactical gear, congregated with attackers on the Upper West Terrace. *See id.* Warner, joined by other attackers, breached the Capitol building through a broken window. *Id.* ¶ 136.

Kinnison, Warner, and Martinez were convicted on multiple criminal charges for January 6-related conduct, including Conspiracy to Obstruct an Official Proceeding, 18 U.S.C. § 1512(k), and sentenced to 33 months, 27 months, and 21 months of incarceration, respectively. *United States v. Hostetter*, No. 1:21-cr-00392-RCL (D.D.C.), Dkts. 468, 470, 472. Defendant Trump pardoned all three defendants. *See* Proclamation Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at or Near the United States Capitol on January 6, 2021, 90 Fed. Reg. 8331 (2025).

II.     **Defendants Joseph R. Biggs and Ethan Nordean**

Defendants Biggs and Nordean, members of the Proud Boys' leadership, *see* Dkt. 89 ("Am. Compl.") ¶¶ 26, 28, 30-31, called for the use of force in response to Defendant Trump's claims of voter fraud and threats of violence after the 2020 election. *See, e.g.*, *id.* ¶¶ 59 (Biggs posting, "Trump basically said to go f**k them up! this makes me so happy."), 93 (Nordean posting, "Fight now, or lose everything"), 92–93 (Biggs calling for lawmakers who "break[] their own stupid F**king laws [to] be dragged out of office and hung."). Nordean also sought donations for the Proud Boys' for "[p]rotective gear and communications" for January 6, including through a video titled, "Let them remember the day they decided to make war with us." *Id.* ¶ 98. Both Nordean and Biggs participated in messaging channels created by the Proud Boys to coordinate for the attack, including one created by Biggs himself that involved over sixty users. *Id.* ¶ 99(d). Biggs used that channel on January 5, 2021, to, among other things, assess the number of Proud Boys members who would be present for the attack and encourage others to "avoid getting into any s**t tonight," because "Tomorrow's the day." *Id.* ¶¶ 99(c)-(d), 102. On January 6, they led a group of Proud Boys that knocked down a metal barricade separating them and Capitol Police officers and surged forwards. *Id.* ¶¶ 125-126. Following January 6, Nordean posted, "if you feel bad for the police, you are part of the problem. . . . BACK THE BLACK AND YELLOW," and Biggs said, "This is awesome!" *Id.* ¶ 140(g), (j)-(k).

Biggs and Nordean each were convicted on six criminal charges for their January 6-related conduct, including Conspiracy to Obstruct an Official Proceeding, 18 U.S.C. § 1512(k), and sentenced to 204 months and 216 months of incarceration, respectively. *United States v. Nordean*, No. 1:21-cr-00175-TJK (D.D.C.), Dkts. 804, 902, 912. Defendant Trump commuted Biggs's and

3

Nordean's sentences to time served. *See* 90 Fed. Reg. 8331 (2025); *see also* Mem. Order, *United States v. Nordean*, No. 1:21-cr-00175-TJK (D.D.C.), Dkt. 1057 at 1–2.

### III. Defendant Kelly Meggs

Defendant Meggs, a member of the Oath Keepers, responded to and echoed Defendant Trump's calls to action prior to January 6, posting online that "Trump said It's gonna be wild!!!!!!! . . . He called us all to the Capitol and wants us to make it wild!!! Sir Yes Sir!!! Gentlemen we are heading to DC pack your sh*t!!" *Id.* ¶ 92. Meggs had already, in his own words, "organized an alliance" between the Oath Keepers, the Proud Boys, and others. He assured others that on January 6, the Oath Keepers would have at least 50 to 100 members and that the Proud Boys were a "[f]orce multiplier." *Id.* ¶ 100, 102. Meggs both received and sent instructions about tactical gear and weapons for January 6, such as batons, gloves, helmets, and body armor, and he participated in the attack itself on January 6. *See id.* ¶¶ 86, 101, 103(a), 104.

Meggs was convicted on five criminal charges for his January 6-related conduct, including Conspiracy to Obstruct an Official Proceeding, 18 U.S.C. § 1512(k), and sentenced to 144 months of incarceration. *United States v. Rhodes*, No. 1:22-cr-00015-APM (D.D.C.), Dkts. 410, 626. Defendant Trump commuted Meggs's sentence to time served. *See* 90 Fed. Reg. 8331 (2025).

## PROCEDURAL HISTORY

Plaintiffs filed a complaint on August 26, 2021, asserting claims for conspiracy to interfere with civil rights under 42 U.S.C. § 1985, among others. Dkt. 1 at 58–71. Plaintiffs filed an amended complaint on December 3, 2021, Dkt. 89. Defendants Martinez, Warner, Kinnison, Nordean, Biggs, and Meggs, were all properly served or waived service. Dkts. 10, 13, 26, 29, 38, 65. Defendants Martinez, Kinnison, Nordean, and Meggs, moved to dismiss, and the Court denied their motions except with respect to Plaintiffs' 42 U.S.C. § 1986, negligence, and D.C. Bias-

4

Related Crimes Act ("BRCA") claims. Dkt. 179. The Court issued its first Scheduling Order requiring parties to exchange initial disclosures on or before April 17, 2023. Dkt. 213. On September 20, 2024, the Court warned all Defendants that they "have an obligation to respond to any discovery requests made by Plaintiffs," and that "[a]s the court observed during the status conference held on September 4, 2024, failure to confer with Plaintiffs regarding their discovery requests may result in sanctions for Defendants and defense counsel." Dkt. 329. Plaintiffs filed a status report on June 23, 2025, describing the discovery failures detailed herein, and the Court granted permission at the subsequent June 27, 2025 status conference for Plaintiffs to file the instant motion.[1]

## DISCOVERY FAILURES

### I. Defendant Martinez

Plaintiffs served requests for production on Defendant Martinez dated April 4, 2023. Declaration of Marc P. Epstein ("Epstein Decl.") Ex. 1.[2] Defendant Martinez failed to respond and did not serve initial disclosures. *Id.* ¶ 2. Plaintiffs followed up with Defendant Martinez's then-counsel regarding his discovery deficiencies on January 30, 2024, February 23, 2024, and February 26, 2024, and sent emails and letters directly to Martinez (then proceeding *pro se*) dated February 26, 2024, and December 19, 2024. *Id.* Exs. 2–4.[3] Martinez did not respond. *Id.* ¶¶ 3–5. Plaintiffs

---

[1] Plaintiffs sent a draft of the June 23, 2025 status report by email to all *pro se* Defendants for whom Plaintiffs have email addresses, including Defendants Martinez, Kinnison, and Warner. The email to Defendant Kinnison, which Plaintiffs sent to an email address from which Kinnison had previously emailed Plaintiffs, bounced, and Defendants Martinez and Warner did not respond. Epstein Decl. ¶ 36.

[2] The Declaration of Marc P. Epstein attached to this Motion describes the methods with which Plaintiffs have attempted to serve Defendants.

[3] Counsel of record for Defendants Martinez, Kinnison, and Nordean, informed Plaintiffs that those defendants are proceeding *pro se*. *See* Epstein Decl. Ex. 2. However, counsel have not moved to withdraw their appearances on the docket.

5

served an interrogatory on Defendant Martinez dated May 13, 2025, as well as another letter dated May 12, 2025, regarding Martinez's failure to serve initial disclosures or respond to discovery. *Id.* Exs. 5–6. Martinez did not respond. *Id.* ¶¶ 6–7.

## II.     Defendant Warner

Plaintiffs served requests for production on Defendant Warner dated April 4, 2023, to which Warner did not respond. *Id.* ¶ 8 & Ex. 7. Plaintiffs sent letters to Warner regarding his failure to respond or serve initial disclosures dated September 12, 2023, November 19, 2024, and May 12, 2025. *Id.* Exs. 8–10. Plaintiffs also served an interrogatory on Warner dated May 13, 2025. *Id.* Ex. 11. Warner has not responded to Plaintiffs' letters or to the interrogatory. *Id.* ¶¶ 9–12.

## III.    Defendant Kinnison

Plaintiffs served requests for production on Defendant Kinnison dated April 4, 2023. *Id.* Ex. 12. On February 6, 2024, Defendant Kinnison, then proceeding *pro se*, emailed Plaintiffs' counsel and said he did not possess any items requested by Plaintiffs, did not have any social media accounts, and that all other possessions containing responsive information had been confiscated. *Id.* Ex. 13. Plaintiffs then served Defendant Kinnison with a letter dated May 12, 2025, requesting that he serve initial disclosures and confirm whether any of his possessions had been returned, as well as an interrogatory dated May 13, 2025. *Id.* Exs. 14–15. Plaintiffs have not received responses to their interrogatory or letter. *Id.* ¶¶ 15–16.

## IV.    Defendant Nordean

Plaintiffs served requests for production on counsel for Defendant Nordean dated May 11, 2023. *Id.* Ex. 16. When Nordean failed to respond, Plaintiffs contacted his counsel, who stated his appearance was limited to filing a motion to dismiss and motion to stay on Nordean's behalf, and that Nordean was proceeding *pro se*. *Id.* Ex. 2. However, counsel stated he would pass along to

6

Nordean and his family Plaintiffs' requests for responses to their requests for production and for initial disclosures. *Id.* Nevertheless, Nordean did not respond to the requests. *Id.* ¶ 17. Plaintiffs subsequently sent letters directly to Nordean dated August 2, 2023, and December 19, 2024, regarding Nordean's failure to file an answer, provide initial disclosures, or respond to Plaintiffs' requests for production. *Id.* Exs. 17–18. Nordean did not respond. *Id.* ¶¶ 18–19. Plaintiffs also served an interrogatory on Nordean dated June 24, 2025. *Id.* Ex. 19. Nordean's response is due July 24, 2025. He has not yet responded. *Id.* ¶ 20.

V.   **Defendant Biggs**

Plaintiffs served requests for production on Biggs dated April 4, 2023, March 28, 2024, and April 1, 2025, and interrogatories dated March 28, 2024. *Id.* Exs. 20, 22, 24, 27. Biggs responded to the first two sets of requests for production and interrogatories, but has not responded to the April 1, 2025 requests. *Id.* ¶ 28 & Exs. 21, 23, 25. Moreover, Biggs's prior responses state that he is unable "to give full, adequate, and useful responses to any requests for production of documents and things in this January 6 civil case" because "Biggs [has] been and still [is a] jailed pretrial criminal defendant[]." *Id.* Ex. 21 at 1. However, Biggs received a commutation of his sentence to time served on January 20, 2025, and was subsequently released from prison. *See* 90 Fed. Reg. 8331 (2025). Biggs also failed to provide account names, social media handles, or phone numbers in response to Plaintiffs' fifth interrogatory. *See id.* Ex. 25 at 13–14.

Plaintiffs raised these and other deficiencies at a discovery conference on May 13, 2025, and the Court ordered Biggs to either produce records or respond to outstanding discovery by May 19, 2025. *See* May 13, 2025 Minute Order. Biggs's then-counsel served amended responses to Plaintiffs' interrogatories on May 19, 2025, but Biggs failed to provide any of the requested information that Plaintiffs had identified as missing—specifically, account names, social media

7

handles, email addresses, or phone numbers. *Id.* Ex. 15–16. Biggs also failed to sign the responses, *id.*, and counsel for Biggs subsequently stated in a motion to withdraw his appearance as to Biggs on June 11, 2025, that he had not spoken with Biggs since January 20, 2025. Dkt. 403. Biggs also did not produce any documents, amend or supplement his responses to Plaintiffs' first two sets of requests for production, and did not respond to Plaintiffs' third set of requests for production. Epstein Decl. ¶ 28. After the Court granted Biggs's counsel's motion to withdraw, Plaintiffs sent Biggs a letter dated June 30, 2025, regarding his discovery deficiencies, via FedEx to two addresses provided by his former counsel. *Id.* Ex. 28; Dkt. 403 at 3. Biggs has not responded. Epstein Decl. ¶ 29.

## VI. Defendant Meggs

Plaintiffs served requests for production on Defendant Meggs dated December 1, 2022, and Meggs responded on March 15, 2023. *Id.* Exs. 29–30. The parties conferred regarding Meggs's responses on May 8, 2023. Plaintiffs sent a Second Set of Requests for Production dated March 28, 2024, to which Meggs responded on June 3, 2024, stating any responsive documents were unavailable because they subject to the protective order in his criminal case. *Id.* Exs. 31–32. Plaintiffs also sent Meggs interrogatories dated March 28, 2024, to which Meggs provided unsigned responses. *Id.* Ex. 33–34. Plaintiffs then sent Meggs—by then proceeding *pro se*—a letter dated May 12, 2025, requesting to meet and confer regarding Meggs's responses to Plaintiffs' requests for production, as Meggs's sentence had been commuted and he had been released from custody, and because Meggs's interrogatory responses failed to include information like email addresses and account handles called for in the interrogatory. *Id.* Ex. 35. Meggs has not responded. *Id.* ¶ 36. Meggs has also not served initial disclosures.

8

**ARGUMENT**

The Court should compel Defendants to provide initial disclosures, respond to Plaintiffs' discovery requests, and address deficiencies in their prior responses. In addition, the Court should warn Defendants that their continued failure to make initial disclosures, respond to Plaintiffs' discovery requests, or address deficiencies in their prior responses, will result in sanctions, including the potential for entry of default or default judgment.

**I.     The Court should compel Defendants Kinnison, Martinez, Warner, Nordean, and Meggs to serve initial disclosures.**

Federal Rule of Civil Procedure 26(a)(1) requires parties to make initial disclosures within 14 days of a Rule 26(f) conference unless a different time is set by stipulation or court order or a party objects that disclosures are not appropriate. A party may move for an order compelling disclosure if another party fails to make a disclosure required by Rule 26(a)(1). Fed. R. Civ. P. 37(a)(3)(A); *see also, e.g.*, *Myrdal v. District of Columbia*, Civ. Action No. 05-02351 (RCL), 2007 WL 1655875, at *3 (D.D.C. June 7, 2007) (compelling defendant to provide initial disclosures and prohibiting defendant from using "as evidence at a trial, at a hearing, or on a motion any witness or information not [thereafter] disclosed").

Initial disclosures were initially due over two years ago, on April 17, 2023, and the Court has already extended the parties' time to make their disclosures. *See* Dkt. 213 at 1 (extending all parties' time to serve initial disclosures to April 17, 2023); May 4, 2023 Minute Order (extending all parties' time to serve initial disclosures to May 18, 2023); August 2, 2023 Minute Order (extending Defendants Martinez, Kinnison, and Mele's time to serve initial disclosures to ten days following the conclusion of their criminal trial). Defendants Kinnison, Martinez, Warner, Nordean, and Meggs have ignored these deadlines without explanation, as well as Plaintiffs' letters

9

requesting that they make their disclosures. *See supra* 5–8. Accordingly, the Court should compel Defendants Kinnison, Martinez, Warner, Nordean, and Meggs to provide initial disclosures.

## II.  The Court should compel Defendants Kinnison, Martinez, Warner, Nordean, and Biggs to respond to Plaintiffs' discovery requests.

The Court should issue an order compelling Defendants Kinnison, Martinez, Warner, Nordean, and Biggs to respond to Plaintiffs' discovery requests. Federal Rule of Civil Procedure 26(b)(1) authorizes discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." A party may serve on another party a request within the scope of Rule 26(b) to produce documents or electronically stored information. Fed. R. Civ. P. 34(a)(1). The party to whom the request is directed must respond within 30 days after being served. Fed. R. Civ. P. 34(b)(2)(A). If that party fails to produce documents in response to a request under Rule 34, the issuing party may move for an order compelling production of documents. Fed. R. Civ. P. 37(a)(3)(B). "When evaluating a motion to compel, courts consider the parties' efforts to resolve the dispute, the relevance of the information sought, and whether the information sought is unreasonably duplicative or can be obtained from some other, more convenient source." *Nasreen v. Capitol Petroleum Grp., LLC*, 340 F.R.D. 489, 494 (D.D.C. 2022) (citation omitted). "[P]ro se litigants, just like other parties, must comply with discovery rules and court orders." *Id.* at 496 (quotation omitted, collecting cases).

Defendants' failures in responding to Plaintiffs' discovery requests are as follows:

- Defendant Martinez:
    - April 4, 2023 requests for production: responses remain outstanding;
    - May 13, 2025 interrogatory: response remains outstanding.

- Defendant Warner:
    - April 4, 2023 requests for production: responses remain outstanding;

10

- o   May 13, 2025 interrogatory: response remains outstanding.

- Defendant Kinnison:

    - o   April 4, 2023 requests for production: Defendant stated that all other possessions containing responsive information had been confiscated; he has not updated his responses since his pardon and release;

    - o   May 13, 2025 interrogatory: response remains outstanding.

- Defendant Nordean:

    - o   May 11, 2023 requests for production: responses remain outstanding.[4]

- Defendant Biggs:

    - o   April 4, 2023 and March 28, 2024 requests for production: Defendant responded that all requested ESI could be derived only from devices he owned and used prior to his arrest; he has not updated his response since the commutation of his sentence and his release;

    - o   March 28, 2024 interrogatories: Defendant failed to sign them, and he failed to provide requested information, such as his account names or handles, email addresses, or phone numbers;

    - o   April 1, 2025 request for production: response remains outstanding.

- Defendant Meggs:

    - o   December 1, 2022 and March 28, 2024 requests for production: Defendant responded stating any responsive materials were subject to the protective order in his criminal case; he has not updated his response since the commutation of his sentence and his release;

    - o   March 28, 2024 interrogatories; Defendant failed to sign them, and he failed to include requested information like email addresses and account handles.

Plaintiffs' requests seek relevant information and are proportional to the needs of this case.

*See, e.g.*, *Tarquinii v. Del Toro*, No. CV 21-1567, 2023 WL 2424618, at *2 (D.D.C. Mar. 9, 2023),

---

[4] Plaintiffs also served an interrogatory on Nordean dated June 24, 2025, and his response is due July 24, 2025. *See supra* at 7. As noted in the Conclusion, *infra* at 13, Plaintiffs request that the Court order Defendants to respond to all outstanding discovery requests within 21 days, which would include Plaintiffs' June 24, 2025 interrogatory.

11

*aff'd,* No. 24-5243, 2025 WL 728438 (D.C. Cir. Mar. 6, 2025) ("Relevance is construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense." (quotation omitted)). For example, Plaintiffs' requests seek documents and communications regarding the organization and planning for January 6, 2021, *see, e.g.*, Epstein Decl. Ex. 1 at 9; photographs and audio or visual recordings from January 6, 2021, *see, e.g., id.* Ex. 27 at 4; and Defendants' email addresses, social media and digital messaging handles, and phone numbers, *see id.* Ex. 6 at 5. Non-responding Defendants have not argued otherwise and have waived such objections. *See, e.g.*, Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Nasreen*, 340 F.R.D. at 497–500 (holding *pro se* party waived objections to interrogatories and requests for production after four-month delay in responding); *Fonville v. District of Columbia*, 230 F.R.D. 38, 42 (D.D.C. 2005) (holding party waived objections to interrogatories and requests for production after 20-day and 95-day delay, respectively). Defendants should be compelled to respond to Plaintiffs' outstanding discovery requests and amend or supplement deficient responses.

### III. **Defendants' continued failure to respond to discovery requests should result in sanctions.**

Federal Rule of Civil Procedure 37(b) authorizes the Court to impose sanctions for failure to abide by a discovery order, including entering default judgment against the disobedient party. Plaintiffs request that the Court put Defendants on notice that their continued failure to make initial disclosures, respond to Plaintiffs' discovery requests, or address deficiencies in their prior responses, will result in sanctions, including the potential for entry of default or default judgment. *Cf., e.g.*, *Betz v. My Comput. Career*, No. 21-CV-1080-ABJ-ZMF, 2022 WL 1024723, at *3 (D.D.C. Mar. 25, 2022) (notifying *pro se* litigant that "if she fails to comply with the Court's orders

12

moving forward, 'the Court will be forced to issue harsher sanctions." (cleaned up)); *Shvartser v. Lekser*, 321 F.R.D. 23, 25 (D.D.C. 2017) (same) (citation omitted); Dkt. 329 (warning Defendants that they "have an obligation to respond to any discovery requests made by Plaintiffs," and "failure to confer with Plaintiffs regarding their discovery requests may result in sanctions for Defendants and defense counsel.").

## **CONCLUSION**

The Court should grant Plaintiffs' motion to compel and order Defendants to serve initial disclosures, respond to all outstanding discovery requests, and supplement deficient responses, within 21 days, including:

1. Defendant Martinez to serve initial disclosures and respond to Plaintiffs' April 4, 2023 requests for production and May 13, 2025 interrogatory;

2. Defendant Warner to serve initial disclosures and respond to Plaintiffs' April 4, 2023 requests for production and May 13, 2025 interrogatory;

3. Defendant Kinnison to serve initial disclosures, respond to Plaintiffs' May 13, 2025 interrogatory, and supplement or amend his response to Plaintiffs' April 4, 2023 requests for production;

4. Defendant Nordean to serve initial disclosures and respond to Plaintiffs' May 11, 2023 requests for production and Plaintiffs' June 24, 2025 interrogatory;

5. Defendant Biggs to respond to Plaintiffs' April 1, 2025 request for production, amend or supplement his responses to Plaintiffs' April 4, 2023 and March 28, 2024 requests for production, and amend or supplement his response to Plaintiffs' March 28, 2024 fifth interrogatory; and

6. Defendant Meggs to serve initial disclosures, amend or supplement his responses to Plaintiffs' December 1, 2022 and March 28, 2024 requests for production, and amend or supplement his response to Plaintiffs' March 28, 2024 fifth interrogatory.

Plaintiffs further request that the Court warn Defendants that their continued failure to meet their discovery obligations will result in sanctions, including the potential for entry of default or default judgment.

**LOCAL RULE 7(m) CERTIFICATION**

Plaintiffs have attempted to confer with Defendants regarding the subject matter of this motion with Defendants, but Defendants have not responded.

| | |
|---|---|
| Dated: July 11, 2025 | Respectfully submitted, |
| SELENDY GAY PLLC<br>Faith E. Gay, *pro hac vice*<br>Joshua S. Margolin, *pro hac vice*<br>Babak Ghafarzade, *pro hac vice*<br>1290 Avenue of the Americas<br>New York, NY 10104<br>Tel: 212-390-9000<br>fgay@selendygay.com<br>jmargolin@selendygay.com<br>bghafarzade@selendygay.com<br><br>SPERLING KENNY NACHWALTER<br>William J. Blechman, *pro hac vice*<br>Elizabeth B. Honkonen, *pro hac vice*<br>Jeffrey T. Foreman, *pro hac vice*<br>Four Seasons Tower, Suite 1100<br>1441 Brickell Avenue<br>Miami, FL 33131<br>Tel: 305-373-1000<br>wblechman@sperlingkenny.com<br>ehonkonen@sperlingkenny.com<br>jtf@sperlingkenny.com | LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW<br><br>By: */s/ Marc P. Epstein*<br><br>Edward G. Caspar, D.C. Bar No. 1644168<br>Marc P. Epstein, D.C. Bar No. 90003967<br>1500 K Street N.W., Suite 900<br>Washington, D.C. 20005<br>Tel: 202-662-8390<br>ecaspar@lawyerscommittee.org<br>mepstein@lawyerscommittee.org |

14

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5, a copy of the foregoing filing is being served electronically on those parties who have appeared and registered with the Court's ECF system. Plaintiffs are serving remaining defendants via first class mail or other permitted means.

                                                */s/ Marc P. Epstein*
                                                Marc P. Epstein