# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**

| | |
|---|---|
| CONRAD SMITH, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>Defendants. | Civil Action No. 1:21-cv-02265-APM |

**PLAINTIFF CONRAD SMITH'S OBJECTIONS AND RESPONSES TO DEFENDANTS MAKE AMERICA GREAT AGAIN PAC AND DONALD J. TRUMP FOR PRESIDENT, INC.'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 26.2 and 30.4 of the Local Rules of the United States District Court for the District of Columbia, Plaintiff Conrad Smith ("Plaintiff") hereby submits these objections and responses to Defendants Make America Great Again PAC and Donald J. Trump for President, Inc.'s (the "Entity Defendants") First Interrogatories to Plaintiff Conrad Smith.

**GENERAL OBJECTIONS**

1. These responses are made solely in the above-entitled action. Plaintiff responds to these interrogatories with the best information available to them at the time of gathering responsive information, subject to the objections below. Discovery is ongoing, and Plaintiff's investigation into the claims made against Defendants is continuing. Further investigation may reveal additional information that is responsive to these interrogatories. Plaintiff reserves the right, where appropriate, to supplement and/or amend the responses contained herein pursuant to Federal Rule of Civil Procedure 26(e).

2.      Plaintiff's response to any particular interrogatory is not an admission that they accept or admit the existence of any fact set forth or assumed by the interrogatory. By responding to any portion of any interrogatory, Plaintiff is not waiving any objection regarding the relevance or admissibility of the information.

3.      Plaintiff objects to the definitions, instructions, and interrogatories to the extent they seek to impose any obligations broader than, different from, or in addition to those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Columbia, or any applicable discovery order in this case.

4.      Plaintiff objects to the interrogatories to the extent that they call for information protected from disclosure by attorney-client privilege; the attorney work product doctrine; any applicable privilege, protection, doctrine, or immunity; or the protections of Rule 26(b)(4). Plaintiff does not waive privilege, work product protection, or immunity by responding to these interrogatories. Plaintiff does not intend to provide any such information, and any production of such information would be inadvertent.

5.      Plaintiff objects to the interrogatories to the extent that they call for information outside of Plaintiff's possession, custody, or control.

## SPECIFIC OBJECTIONS AND RESPONSES

**Interrogatory 1: Identify and describe all injuries, physical, psychological, or otherwise, that you allege to have suffered as a result of January 6, 2021, including whether you continue to suffer from that injury or when it was resolved.**

Plaintiff incorporates each of the foregoing General Objections as though fully set forth herein. Plaintiff further objects to this interrogatory in that it requests information that will not be known in full until after additional discovery is completed. Subject to and without waiving any of the foregoing General and Specific Objections, Plaintiff responds as follows:

I suffered physical injury from exposure to noxious pepper spray, bear spray, fire extinguishers, and other pollutants sprayed by attackers. The chemicals were in the air within the corridors of the Capitol, and I could taste them in my mouth. This effect was resolved within a couple of days. I have also suffered emotional injuries, including heightened stress and anxiety, grief, and a loss of confidence in my security and safety at work, which injuries continue to this day. The full and continuing effects of the harm caused by the Defendants will be the subject of further evidence in this case.

Plaintiff reserves the right to supplement and/or amend this response as further information becomes known in the course of discovery. Plaintiff is not withholding any information on the basis of the above-stated objections. Plaintiff will supplement their response to this interrogatory as additional discovery is completed.

**Interrogatory 2: For each injury described in your response to Interrogatory 1, explain how each alleged injury you suffered as a result of January 6, 2021, was caused by the conduct of the Entity Defendants, including which Entity Defendant you alleged to have caused your specific injury and the time and exact location of the Capitol Building or grounds where your injury occurred.**

Plaintiff incorporates each of the foregoing General Objections as though fully set forth herein. Plaintiff further objects that this Interrogatory seeks information in the possession of, known to, or otherwise equally or more readily available to the Entity Defendants. Plaintiff further objects to this interrogatory in that it requests information that will not be known in full until after additional discovery is completed. Subject to and without waiving any of the foregoing General and Specific Objections, Plaintiff responds as follows:

The Entity Defendants, along with the other Defendants in this case, caused my injuries by causing the mass attack on the Capitol on January 6, 2021. They directed, incited, aided, and abetted attackers to break through police lines, to overwhelm and assault me and my fellow police

3

officers, and to put me and my fellow police officers in reasonable fear for our lives. They also failed and neglected to take action to prevent or aid in preventing the violence that caused my injuries.

With respect to the specific physical injuries I suffered, I sustained harmful or offensive contact from exposure to noxious pepper spray, bear spray, fire extinguishers, and other pollutants when I came back into the Capitol the evening of January 6 after having been in the Rayburn building.

I also suffered emotional injuries including, but not limited to heightened stress and anxiety, grief, and a loss of confidence in my security and safety at work, as a result of my experience on January 6, 2021, and the conduct of the Entity Defendants, along with the other Defendants in this case.

Plaintiff reserves the right to supplement and/or amend this response as further information becomes known in the course of discovery. Plaintiff is not withholding any information on the basis of the above-stated objections. Plaintiff will supplement their response to this interrogatory as additional discovery is completed.

**Interrogatory 3: Identify and explain your contention that "racism" and "white supremacy" motivated the Entity Defendants' efforts to challenge the election results.**

Plaintiff incorporates each of the foregoing General Objections as though fully set forth herein. Plaintiff also objects to this Interrogatory as confusing, vague, and ambiguous in that Plaintiff does not know understand what the Entity Defendants mean by "identify and explain" in this context. Plaintiff further objects that this Interrogatory seeks information in the possession of, known to, or otherwise equally or more readily available to the Entity Defendants. Plaintiff further objects to this Interrogatory as premature in that it requests information that will not be known in

full until after additional discovery is completed. Subject to and without waiving any of the foregoing General and Specific Objections, Plaintiff responds as follows:

Plaintiff refers the Entity Defendants to the following paragraphs of Plaintiffs' Amended Complaint (Doc. 89): 4, 10, 58-60, 63, 68, 75, 76, 80, 83, 103, 123, 132, 133, 137, 160, 162.

Plaintiff reserves the right to supplement and/or amend this response as further information becomes known in the course of discovery. Plaintiff is not withholding any information on the basis of the above-stated objections.

**Interrogatory 4: Identify whether you contend the Entity Defendants conspired with any person who was physically present at or physically entered the Capitol on January 6, 2021, and if so, please explain the basis for your contention.**

Plaintiff incorporates each of the foregoing General Objections as though fully set forth herein. Plaintiff further objects to this contention Interrogatory as premature in that it requests information that will not be known in full until after additional discovery is completed. Subject to and without waiving any of the foregoing General and Specific Objections, Plaintiff responds as follows:

Plaintiff refers the Entity Defendants to the following paragraphs of Plaintiffs' Amended Complaint (Doc. 89): 20, 21, 54, 61, 62, 64, 66-69, 72, 76, 79, 84, 85, 94, 95, 112, 114-116. The Amended Complaint further specifies the alleged agreements among Defendants in paragraph 170.

Plaintiff reserves the right to supplement and/or amend this response as further information becomes known in the course of discovery. Plaintiff is not withholding any information on the basis of the above-stated objections.

**Interrogatory 5: Identify each of your physical locations by approximate time from 11:00 AM to 9:00 PM Eastern Standard Time on January 6, 2021.**

Plaintiff incorporates each of the foregoing General Objections as though fully set forth herein. Subject to and without waiving any of the foregoing General and Specific Objections, Plaintiff responds as follows:

To the best of my recollection at the time I respond to these interrogatories, at approximately 11:00 a.m., I was at the House Chamber in the Capitol. From that time until about 9:00 p.m. my physical locations were as follows. I was within the House Chamber, including on the House Floor and the lobbies to the Chamber, from 11:00 a.m., through the time the Chamber was locked down, and until the time when the Chamber was ordered be evacuated. At that time, I went to the House subway, through the tunnel, and to the Rayburn Building. I stayed at the Rayburn building until approximately 6:30 p.m., when I returned to the House Chamber in the Capitol. I remained in the House Chamber for the remainder of the evening, until approximately 1:00 a.m. on January 7, 2021.

Plaintiff reserves the right to supplement and/or amend this response as further information becomes known in the course of discovery. Plaintiff is not withholding any information on the basis of the above-stated objections.

**Interrogatory 6: Describe whether you were on duty as a Capitol Police Officer on January 6, 2021, and if so, explain each of your assignments that day.**

Plaintiff incorporates each of the foregoing General Objections as though fully set forth herein. Subject to and without waiving any of the foregoing General Objections, Plaintiff responds as follows:

On January 6, 2021, I was on duty as a Capitol Police officer. I am permanently assigned to the House Chamber Section. On January 6, 2021, within that section, I was assigned to open the

lobby and then to rotate between the lobby, House floor, and House galleries.

Plaintiff reserves the right to supplement and/or amend this response as further information becomes known in the course of discovery. Plaintiff is not withholding any information on the basis of the above-stated objections.

**Interrogatory 7: Identify and describe the equipment you had in your possession on January 6, 2021.**

Plaintiff incorporates each of the foregoing General Objections as though fully set forth herein. Plaintiff further objects to this interrogatory as vague and ambiguous in the use of the terms "your possession" and "equipment." Plaintiff understands this Interrogatory to refer to equipment that Plaintiff was personally using, carrying, wearing, or otherwise had with him on January 6, 2021. Subject to and without waiving any of the foregoing General and Specific Objections, Plaintiff responds as follows:

On January 6, 2021, during the period of time that I was on duty as a Capitol Police officer, I was personally using, carrying, wearing, or otherwise had with me the following equipment: ballistic vest; department-issued Glock with magazine loaded and 1 extra magazine; radio with surveillance kit; handcuffs and key; Leatherman multi-tool; and Benchmade knife.

Plaintiff reserves the right to supplement and/or amend this response as further information becomes known in the course of discovery. Plaintiff is not withholding any information on the basis of the above-stated objections.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July __, 2023.

_Conrad Smith_
Conrad W Smith (Jul 9, 2023 15:58 EDT)
Conrad Smith

| | |
|---|---|
| Served July 10, 2023 | */s/ Elizabeth B. Honkonen* |

William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
Anna T. Neill, *pro hac vice*
KENNY NACHWALTER, P.A.
Four Seasons Tower
1441 Brickell Avenue, Suite 1100
Miami, Florida 33131
Tel: (305) 373-1000
wblechman@knpa.com
ebh@knpa.com
aneill@knpa.com

Jon Greenbaum, D.C. Bar No. 489887
Edward G. Caspar, D.C. Bar No. 1644168
David Brody, D.C. Bar No. 1021476
Arusha Gordon, D.C. Bar No. 1035129
Marc Epstein, *pro hac vice*
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street N.W., Suite 900
Washington, D.C. 20005
Tel: (202) 662-8390
jgreenbaum@lawyerscommittee.org
ecaspar@lawyerscommittee.org
dbrody@lawyerscommittee.org
agordon@lawyerscommittee.org
mepstein@lawyerscommittee.org

Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Claire O'Brien, *pro hac vice*
Elizabeth Snow, *pro hac vice*
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
cobrien@selendygay.com
dwagner@selendygay.com
esnow@selendygay.com

*Counsel for Plaintiffs*

8

## CERTIFICATE OF SERVICE

      I certify that on July 10, 2023, I served the foregoing on all counsel of record by electronic mail and on other parties by first-class mail or other permitted means.

                                                        /s/ Elizabeth B. Honkonen  
                                                         Elizabeth B. Honkonen