UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CONRAD SMITH** *et al.* ) | |
| ) | |
| v. ) | Civil Action No. 1:21-CV-02265-APM |
| ) | |
| **DONALD J. TRUMP**, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

### DEFENDANT KELLY MEGGS' RESPONSE IN OPPOSITION AND FOR THE COURT TO DENY PLAINTIFFS' MOTION AT ECF NO. 409

Comes now the Defendant, KELLY MEGGS, by and through undersigned counsel, and pursuant to the Federal Rules of Civil Procedure Rules 26, 33, and 37; and D.D.C. Local Rule 104 (7)-(8) respectfully moves this Court to deny the Plaintiffs request to Compel Discovery at ECF No. 409. He supports this request as follows:

### BACKGROUND

Mr. Meggs timely responded to all discovery requests. His responses were well within the standards of Fed R. Civ. P. 26, 33, and 37; and met this Court's local rules' standards under Civil Procedure Rule 104 (7)-(8), and Appendix A. See ECF No. 409 Exhibits 33 through 36 which show requests and his responses. He answered every single interrogatory. He made clear that for any documents not provided he did not have the documents and could not access or obtain them, with the requests being irrelevant and overly burdensome. He also made clear that the FBI seized his phone and electronic devices when his home and family were raided in 2021 upon his arrest. The FBI has refused to return his devices, where if as in other cases they have damaged devices and memory beyond use, there is no guarantee that return of those devices will be of any use. Mr. Meggs cannot obtain data from thin air regardless of the discovery requests being unreasonable in

apparent effort to harass, cause undue expense of time and dollars, and delay his preparation of his defense. The Plaintiffs know that the FBI and DOJ extracted the data from all his devices, and the extracted material was used at his criminal trial. They have always had the alternative option to request relevant material from the Government either under Touhy or subpoena, if they can justify those means. The irrational, invasive requirement for Mr. Meggs to provide all communications, internet, and social media data that exposes his private life, associations, preferences, and contacts through the present date cannot be justified as being within the scope of this case.

Without any prior notice, between July 15 -18, 2025, Mr. Meggs received via USPS the ECF No. 409 Motion to Compel that showed the Plaintiffs were moving to compel discovery. This was the first heard instance for him that the Plaintiffs had any issues of significance with his discovery responses which he provided more than a year earlier. Since receipt of the Motion at issue, Mr. Meggs took time to engage legal representation and to provide supporting background for this Response. Today is at the earliest14 days after his receipt of the Motion to Compel (ECF No. 409) that was not sent by expedited means. The USPS cannot be relied upon to deliver any faster as lives up to its published policies from last year.

While the Plaintiffs alleged in the ECF No. 407 Joint Status Report, filed on June 23, 2025, that they would mail that Report to Mr. Meggs (which also made clear that Mr. Meggs was not a participant in formulating the document or attending any discovery conferences), that document was not received by Mr. Meggs. Tucked within ECF No. 407 is a claim that Mr. Meggs should be compelled to provide discovery. He previously had responded to all requests in 2024 as able, even over objections. He received no indication over the past many months that the Plaintiffs were dissatisfied. He was not notified of any conference to resolve Plaintiffs' dissatisfaction with his

discovery production. He was not notified of or given links for previous court conferences on discovery.

Because of these deficiencies in the Plaintiffs' process and the defects of their discovery requests, the Court must deny the Plaintiffs Motion

## LEGAL STANDARD

Discovery provides a means for making relevant information available to the parties. "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). "Trial courts have considerable discretion when handling discovery matters." *Food Lion Inc. v. United Food and Commercial Workers Int'l Union,* 322 U.S. App. D.C. 301, 103 F.3d 1007, 1012 (D.C. Cir. 1997) (citing *Brune v. Internal Revenue Serv.,* 274 U.S. App. D.C. 89, 861 F.2d 1284, 1288 (D.C. Cir. 1988)). Rules 26 and 33 provide important directions for requesting and providing discovery. While the scope of discovery is broad, it only allows for discovery regarding any nonprivileged matter that is *relevant* to a claim or defense and is *proportional* to the issues at stake. *See* Fed. R. Civ. P. 26(b)(1).

The rules consider party access to *relevant* information, the parties' resources, the information's relation to resolving the issues, costs (that are not distinguished by time or dollars), and whether the burden outweighs benefit. While the discovery need not be admissible, it must serve a *relevant* purpose. The Rules limit discovery when the provision of electronically stored information is not reasonably accessible from other sources because of undue burden or cost. F.R.C.P. 26(b)(2)(B).

*United States v. Kellogg Brown & Root Servs.*, 284 F.R.D. 22, 26-27 (D.D.C. 2012) notes the limitations imposed by F.R.C.P. 26(b)(2)(C) as it addresses unreasonableness and the Court denying a demand that is outside the scope permitted by Rule 26(b)(1).

Held in this Circuit, although in a context of an agency preventing discovery under security and the Privacy Act that is still applicable to all discovery: "the Court allowed for discovery under normal rules and said 'the test of discoverability is the *relevance standard* of Rule 26(b)(1) of the FRCP.'" *Laxalt v. McClatchy*, 258 U.S. App. D.C. 44 (1987). (Emphasis added).

A party cannot ask to compel more discovery just because it does not like the answers provided. The moving party must provide justification. "A party may file a motion to compel discovery if another party has failed to respond to a proper discovery request." Fed. R. Civ. P. 37(a). There must be a good faith effort to confer and resolve the issue. *Id*. Also see *Lee v. Pub. Co. Acct. Oversight Bd.*, Civil Action No. 21-1006 (CKK), 2023 U.S. Dist. LEXIS 111029, at *7 (D.D.C. June 28, 2023).

Rule 37 restricts when a Motion to Compel Discovery is justified. Across this District, judges enforce Rule 37 and place the burden on the moving party.

> [C]onferring with the opposing party is a prerequisite to any successful Rule 37 motion to compel. *See U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 235 F.R.D. 521, 529-30 (D.D.C. 2006) (Lamberth, J.) (denying motion to compel for failure to meet and confer prior to filing). When the opposing party has answered the movant's interrogatories, the party moving to compel discovery has the burden of showing that the opposing party's responses are incomplete. *Guantanamera Cigar Co. v. Corporation Habanos, S.A.*, 263 F.R.D. 1, 7 (D.D.C. 2009) (Lamberth, C.J.).

*United States v. Kellogg Brown & Root Servs.*, 284 F.R.D. 22, 27 (D.D.C. 2012). See also *Nasreen v. Capitol Petroleum Grp., LLC*, 340 F.R.D. 489, 493-94 (D.D.C. 2022).

"Rule 37 entitles parties to 'move for an order compelling an answer [or] production' if, among other things, 'a party fails to answer an interrogatory submitted under Rule 33' or 'fails to produce documents . . . requested under Rule 34.'" *Wengui v. Clark Hill, PLC*, 338 F.R.D. 7, 10 (D.D.C. 2021).

Because the above Background and following argument show that the Plaintiffs failed to meet the standards to compel discovery under the above Federal Rules, with Mr. Meggs having answered every interrogatory as required; and with Plaintiffs' Motion to Compel being untimely and without prior conference; and because they were previously advised that their discovery requests were overly broad, overly burdensome if not impossible, and not relevant, while the Plaintiffs have other means to request some if not all of the material, this Court must deny the Motion to Compel Mr. Meggs contained at ECF No. 409.

## ARGUMENT

To compel discovery the Plaintiffs must show that Mr. Meggs refused to provide discovery or he did not answer every interrogatory. Rule 33. The Plaintiffs did not do this in their Motion. The Plaintiffs' Motion also fails because they did not truthfully certify as required that they conferred in good faith or attempted to do so with Mr. Meggs in efforts to avoid court action under Fed. R. Civ. P. 37(a)(1). The Motion's Table of Contents does not list any signed certification as required by Rule 37(a)(1) and the local D.D.C. rules. The undersigned was unable to note the existence of such in the 378-page Motion.

The Plaintiffs allege they sent Mr. Meggs a letter on May 12, 2025. ECF 409-37 at 2-3. Mr. Meggs did not receive that letter. Plaintiffs made no attempts to contact him through email or by phone. The Plaintiffs make no claim of contacting Mr. Meggs' former attorney to obtain current contact information when they did not receive any response to the alleged letter. The May 12, 2025, single attempt letter with no follow-up to even confirm receipt cannot be considered as a "good faith effort" under Rule 37 or local Rule 104. The Plaintiffs cannot honestly certify as required by the Fed. R. Civ. P. 37(a)(1) and local rule 104 that they reasonably made that effort.

> Counsel shall confer with one another concerning a discovery dispute and make a reasonable effort to resolve the differences between them. The Court will not

consider any discovery motion unless the moving party has filed a certificate reciting (a) the date, time, and place of the discovery conference, and the names of all persons participating therein, or (b) counsel's attempts to hold such a conference without success; and (c) an itemization of the issues requiring resolution by the Court. **A "reasonable effort" means more than sending an email or letter to the opposing party.** It requires that the parties meet in person or by video or telephonic means for a reasonable period of time in a good faith effort to resolve the disputed matter.

D.D.C. local Rule 104(7) (Emphasis added).

Thus, the Motion to Compel must fail because Plaintiffs did not meet the standards and rely upon a single letter that was never received by Mr. Meggs.

There are also the issues of the time delay between the discovery request from March 2024 (with Mr. Meggs' timely response acknowledged), and the alleged May 2025 letter (ECF No. 409-37; never received by Mr. Meggs); and the lack of specificity as to any deficiency when Mr. Meggs answered everything, albeit with objections.

> If a party who has propounded interrogatories or requests for production is dissatisfied with the response to them and has been unable to resolve informally (by oral or written communications) any disputes with the responding party, that party shall serve a motion to compel within thirty (30) days of the party's receipt of the response. The memorandum in support of the motion shall set forth, as to each response to which the motion is directed, the discovery request, the response thereto, and the asserted basis for the insufficiency of the response. The memorandum shall be succinct and need not include citation to legal authorities unless such citation is necessary in order to understand the issues presented.

D.D.C. Rule 8(a).

The above does not accommodate the Plaintiffs' delay in expressing dissatisfaction more than a year after responses were provided. The requirement is 30 days after receipt of the Response unless the Court approved an extension. The Plaintiffs did not succinctly list exactly what was deficient as required. Instead, the Plaintiffs incredibly filed all the discovery as part of its Motion to make public the discovery responses against the Court's Rule 8(a) that states "The parties shall

6

serve motions and memoranda under L.R. 104.8 . . . and shall not serve them through the Court's electronic filing system nor file with the Court notices of service of the motion and memoranda.

The Plaintiffs' June 23, 2025, Joint Status Report filing (ECF No. 407 at 6) admitted that their discovery request at issue was from <u>March 2024</u>, where more than a year later, after Mr. Meggs had responded to everything, and after they knew for months that he was Pro Se, they raised issues on <u>May 12, 2025</u>, for the first time. Like the May 12, 2025, letter, Mr. Meggs also never received a copy of the June 23, 2025, Status Report (ECF No. 407 that he was not party to). ECF No. 407 at 1, footnote 1 also alleges that Mr. Meggs was sent a draft of ECF No. 407, making it yet another recent document that Mr. Meggs never received since he became Pro Se. Whether there is a USPS failure or the Plaintiffs have a failure to mail documents that they claim they will post is beyond Mr. Meggs ability to address here. His legal engagement with access to electronic filings and notifications should resolve the Plaintiffs document delivery issues, along with their requirement to confer about discovery issues as directed by the Rules and this Court.

In the June 2025 Status Report, the Plaintiffs wrote, "Specifically, Plaintiffs sought information on whether his electronic devices had been returned to him. Plaintiffs also requested Defendant Meggs amend his response to Interrogatory 5 to include information that was called for in the interrogatory but not provided in his responses, such as information about his email accounts. Defendant Meggs has not responded." This does not appear to rise to the level of requiring Court intervention, especially since the Plaintiffs never conferred with Mr. Meggs. The issue certainly did not support the Plaintiffs publicly posting Mr. Meggs and his co-defendants' discovery responses. Whether meant to doxx the Defendants or backhandedly enlist crowd-sourced support in a new Sedition Hunters effort, the filing was inappropriate and uncalled for. In fact, the filing has forever life on the internet now, where any future jury pool is poisoned.

The Plaintiffs' discovery requests for documents and interrogatories are disproportional to any cogent requirement to resolve any issue within the scope of this case, are not relevant, and are incredibly overburdensome even if everything demanded could be reasonably acquired. For example, they request documentation of all messages, likes, responses and more on any and every social media platform and text and messaging app from January 2020 through the present. There is no end limit to the period the Plaintiffs consider for this invasive data collection. Not only is the request irrelevant, but the burden is beyond the capabilities of Mr. Meggs' and most normal users of digital devices. He cannot be reasonably be expected to go back to January 2020 and continue through the present day with supplementation forever into the future to produce documentation of every mere view he undertook on social media and the internet that may have mentioned President Trump; with capture of anything he liked; and every communication with anyone - especially since the FBI refused to return his electronic devices.

The requests shown in the exhibits are unreasonable, overly burdensome, outside the scope of issues, not relevant, and frankly, irrational. One such request at ECF 904-34 is

> Request 2: Produce copies of all communications, including posts, tweets, pictures, videos, messages, and recordings, between January 1, 2020, and the present, on any digital platform, that you "liked," commented on, shared, re-posted, or mentioned, on any digital platform, regarding Donald Trump, the 2020 U.S. Presidential election, the certification or potential certification by Congress or the Vice President of the results of that election, election fraud, or January 6, 2021.

Another unreasonable, overburdensome request at ECF 904-34 is

> Request 3: Produce copies of all communications that you received via paper mail, email, SMS text message, digital messaging platform (e.g., SMS text messaging, iMessage, Messenger, Signal, WhatsApp, WeChat, Zello), or via the messaging function on a social media platform (e.g., TikTok, Facebook, Instagram, X (formerly known as Twitter), Parler, Gab, Gettr, Truth Social, Telegram, Rumble, Twitch, MeWe, BitChute, and Discord), including communications that arrived at any of your

>addresses, email addresses, or digital platform accounts even if you did not see or review them, between January 1, 2020, and the present, regarding Donald Trump, the 2020 U.S. Presidential election, the certification or potential certification by Congress or the Vice President of the results of that election, election fraud, or January 6, 2021.

The Plaintiffs must certainly know that Truth Social did not go on-line until February 2022 while Mr. Meggs was incarcerated. The Plaintiffs also certainly must know that Jeff Bezos removed Parler from its host servers and confiscated all its data in January 2021 such that apparently ProPublica and the FBI are the only entities who've admitted to having user data. Even when the Platform was able to come back on-line, all former users' past data, to include posts and "likes" were not made available. Yet the Plaintiffs' demand such information knowing that the FBI has Mr. Meggs' computer and phone.

The discovery demands appear intended to intrude without end on Mr. Meggs' First Amendment rights; to chill his speech, associations, and expression; and to poison a D.C. jury pool with claims about his religious, political, and lawful associations that have nothing to do with this case and its issues. The news without end continues to bash President Trump, so why would it be relevant if Mr. Meggs gave a thumbs down in posts? Or should he game the Plaintiffs' system by "liking" posts by President Trump bashers? It appears the Plaintiffs have asked unreasonably and without showing any relevance to invade all private aspects of Mr. Meggs' life – with the only thing lacking being a demand that he should produce a copy of his Florida voting ballot from 2020.

Because Mr. Meggs responded to all discovery requests while the Plaintiffs' demands are not relevant, overly burdensome, intrusive, unreasonable, and serve no valid purpose with no relation to the scope of the issues, while the Plaintiffs in every respect have failed to abide by the Federal and local Court Rules, the Court must deny the Motion to Compel.

**CONCLUSION**

WHEREFORE, because the Plaintiffs' requests are not relevant, and their motion does not meet the Rules standards especially for conferring prior to filing; while Mr. Meggs answered every request as possible despite objections; Mr. Meggs respectfully requests that for good cause shown and for any reason that the Court sees fit, that the Court deny the Plaintiffs' motion.

July 29, 2025                            Respectfully Submitted,
                                         /s/ *Carolyn A. Stewart*
                                         Carolyn A. Stewart, D.D.C. Bar No. FL-0098
                                         Defense Attorney
                                         Stewart Country Law PA
                                         1204 Swilley Rd.
                                         Plant City, FL 33567
                                         Tel: (813) 659-5178
                                         Email: Carolstewart_esq@protonmail.com

**Certificate of Service**

I hereby certify on the 29th day of July 2025, a copy of the foregoing was served upon all parties of record as forwarded through the Electronic Case Filing (ECF) System, and between July 29th - 30th after obtaining mailing addresses a copy will be mailed using USPS First Class mail or other suitable means to the Pro Se Defendants.

                                         /s/ *Carolyn A. Stewart*
                                         Carolyn A. Stewart, Esq.