IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONRAD SMITH, *et al.*,<br><br>                Plaintiffs,<br>   v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>                Defendants. | Civil Action No. 1:21-CV-02265-APM |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANTS MARTINEZ, WARNER, KINNISON, NORDEAN, BIGGS, AND MEGGS TO RESPOND TO DISCOVERY REQUESTS AND PROVIDE INITIAL DISCLOSURES**

Plaintiffs' Motion to Compel requests the Court's assistance in obtaining basic discovery from Defendants Martinez, Warner, Kinnison, Nordean, Biggs, and Meggs, all of whom either have not responded or stopped responding to Plaintiffs. Defendant Meggs is the only one of these Defendants to oppose the Motion. Dkt. 413 ("Opp."). Meggs does not state any grounds why he should not be required to comply with standard discovery requirements like providing initial disclosures, signing interrogatory responses, and informing Plaintiffs as to what, if any, access to responsive information Meggs obtained upon his release from incarceration. Instead, Meggs cites and makes arguments under court rules that do not exist. *See* Opp. 1 ("Civil Procedure Rule 104 (7)-(8)"); *id.* at 6 ("D.D.C. local Rule 104(7)" and "D.D.C. Rule 8(a)"); *id.* at 6–7 ("Court's Rule 8(a)" and "L.R. 104.8"). Because Meggs provides no grounds for denying Plaintiffs' Motion, the Court should grant the Motion and require Meggs to (i) serve initial disclosures, (ii) amend or supplement his responses to Plaintiffs' interrogatories by signing them and providing his email addresses and account handles in response to Interrogatory 5, and (iii) either amend or supplement

his answers to previous requests for production or confer with Plaintiffs regarding his current access to responsive material.

## DISCUSSION

Plaintiffs' motion to compel requests the Court's assistance in requiring Meggs to comply with basic, indisputable discovery obligations: to provide initial disclosures; provide signed interrogatories; provide responsive, relevant information like his email address and account handles; and inform Plaintiffs as to his current access to responsive material. Meggs does not dispute that he is required to provide initial disclosures or sign interrogatory responses. Instead, he appears to make three arguments: that (1) Plaintiffs' motion is untimely under "D.D.C. Rule 8(a)," which Meggs asserts contains a 30-day deadline to move to compel discovery responses, Opp. 6; (2) under "Civil Procedure Rule 104(7)-(8) and "local Rule 104," Plaintiffs did not sufficiently confer with Meggs prior to bringing their motion, *id.* at 1, 5–6; and (3) Plaintiffs' requests are unduly burdensome and seek irrelevant information. Meggs's arguments all fail.

First, there is no "D.D.C. Rule 8(a)," Opp. 6; no 30-day deadline to move to compel; and fact discovery has not yet concluded. Accordingly, there is no timeliness issue. Moreover, recognizing that Meggs was incarcerated during the pendency of discovery, Plaintiffs promptly followed up with Meggs regarding his deficient discovery responses following the commutation of his sentence.

Second, regarding Plaintiffs' attempts to confer with Defendant Meggs, there is no "Civil Procedure Rule 104(7)-(8) or "local Rule 104." *See* Opp. 1, 5–6. Regardless, Plaintiffs attempted to confer with Defendant Meggs in multiple ways and were left with no other way to contact him, more than satisfying their duty to confer. *See GFL Advantage Fund, Ltd. v. Colkitt*, 216 F.R.D. 189, 194 (D.D.C. 2003) ("The Local Rule contemplates that counsel will speak to each other; it

2

does not anticipate that counsel's attempts to initiate a dialogue will be stonewalled. I find it unreasonable to insist that counsel wait for a response that never comes . . . ."); *see also Nasreen v. Capitol Petroleum Grp., LLC*, 340 F.R.D. 489, 495 (D.D.C. 2022) (similar).[1] Plaintiffs served Meggs a letter dated May 12, 2025, by mail, in which Plaintiffs outlined their issues with Defendant Meggs's discovery responses. *See* Dkt. 409-2 ¶ 36; Dkt. 409-37. Meggs states that he did not receive the letter, but Plaintiffs sent it to the address listed on the Amended Complaint—to which Meggs responded—and where Plaintiffs later served Meggs with the motion to compel—to which Meggs also responded. Dkt. 409-2 ¶ 36. And, when Meggs's counsel withdrew from this case, stating they had consulted with Meggs about their withdrawal, Dkts. 362–63 at 1, neither Meggs nor his counsel provided an email, phone number, or address at which Plaintiffs could contact Meggs *see* Dkts. 362–63.[2] Thus, while Meggs complains that Plaintiffs did not attempt to contact him by email or phone, Opp. 5, Plaintiffs did not have that information. Further, contrary to Meggs's suggestion, *id.*, Plaintiffs also reached out to Meggs's prior counsel, who was unable to provide any contact information for Meggs, *see* Reply Declaration of Marc P. Epstein in Support of Motion to Compel ("Epstein Reply Decl.") Ex. 1.[3] Plaintiffs also presented their discovery issues in the June 23, 2025 Joint Status Report filed on the public docket, Dkt. 407 at 6, and at the

---

[1] Meggs states that Plaintiffs' motion does not include a certification that Plaintiffs attempted to confer in good faith with Meggs, as required by Rule 37(a)(1) and the local D.D.C. rules. Opp. 5. The certification is on page 14 of Plaintiffs' Motion. Dkt. 409 at 14.

[2] In their January 20, 2025 Certificate of Service of their motion to withdraw, Meggs's former counsel stated that a copy of their motion was sent to Meggs, "who is incarcerated at FCI Memphis." Dkt. 363 at 4. The same day, Defendant Trump issued a proclamation commuting Meggs's sentence and ordering Meggs's immediate release from prison. *See* 90 Fed. Reg. 8331.

[3] Meggs's other attorney was appointed Assistant to the President and Senior Counselor. *See* Dkt. 362 at 2.

status conference on June 27, 2025, both prior to filing their Motion.[4] *See Danzy v. IATSE Loc. 22*, No. CV1702083RCLRMM, 2020 WL 6887651, at *10 (D.D.C. Nov. 23, 2020) (party complied with Local Rule 7(m) through email and status report) (citations omitted)).

Third, the information Plaintiffs seek in their motion to compel is limited and plainly proportional to the needs of this case, and Meggs's responses are incomplete. Plaintiffs merely request that Defendant Meggs provide initial disclosures, signed interrogatory responses, and a response to Interrogatory 5 that includes any email addresses or account handles from the relevant time period, which are plainly responsive and relevant. *See* Dkt. 409-35. Interrogatory 5 requests Meggs's "account name, handle, profile, username, email address, or phone number" for any "Digital Platform," defined as "any electronic platform on which people can communicate, including email platforms (*e.g.*, Gmail, Proton Mail, etc.), digital messaging platforms (*e.g.*, SMS text messaging, iMessage, Messenger, Signal, WhatsApp, WeChat, Zello), social media platforms (*e.g.*, TikTok, Facebook, Instagram, X (formerly known as Twitter), Parler, Gab, Gettr, Truth Social, Telegram, Rumble, Twitch, MeWe, BitChute, and Discord), and online forums (*e.g.*, 4chan, 8chan, Reddit, theDonald.win)." Dkt. *Id.* at 2, 7. Meggs does not dispute that he failed to provide all of the information called for in this interrogatory, *see, e.g.*, Fed. R. Civ. P. 37 ("[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."), or that he must sign his responses, *see, e.g.*, *Walls v. Paulson*, 250 F.R.D. 48, 52 (D.D.C. 2008) (noting requirement to sign interrogatories is not "optional").

Meggs offers no real explanation for why he cannot provide the requested information. However, Meggs takes issue with Plaintiffs' request for his Truth Social and Parler account

---

[4] Although Plaintiffs served the May 12, 2025 letter and motion to compel on Meggs as described above, due to a clerical error, Plaintiffs did not send Meggs the June 23, 2025 Joint Status Report or draft status report. However, the June 23 Status Report was filed on the public docket.

handles. But Meggs also did not provide a Facebook account handle (which he admitted he had), *see* Dkt. 409-36 at 9; does not explain why he is unable to provide his Parler account handle, as opposed to Parler user data, *see* Opp. 9; and does not substantively address Plaintiffs' request for his email addresses beyond conclusively asserting that this issue "does not appear to rise to the level of Court intervention," *id.* at 7.[5] And, if Meggs has a Truth Social account, even if it was created recently, it may still contain responsive information, including statements regarding January 6 or his criminal case. Meggs also argues that the Interrogatory is disproportional to the extent it asks for documentation regarding social media posts that he interacted with, *id.* at 8, but Plaintiffs are not seeking supplementation as to his response in that respect. Plaintiffs merely seek Meggs's email addresses and his own digital platform account names and handles. *See* Dkt. 409 at 11 (noting Meggs "failed to include requested information like email addresses and account handles").

Regarding Plaintiffs' request for Meggs to supplement his responses to Plaintiffs' requests for production, Plaintiffs seek to know to which, if any, devices and accounts Meggs currently has access. Meggs has already provided some of the requested information in his Opposition, in which he notes that his devices have not been returned. *See* Opp. 1. However, Meggs may still be able to

---

[5] Meggs takes issue with Plaintiffs' filing of discovery materials on the docket, averring that by doing so, Plaintiffs violated "Court Rule 8(a)" and "Local Rule 104.8." Opp. 6–7. There is no "Court Rule 8(a)" or "Local Rule 104.8." To the contrary, because Plaintiffs sought relief regarding Meggs's discovery responses, the Local Rules required Plaintiffs to file the verbatim requests and responses. *See* Local Civil R. 5.2(b) ("Any motion concerning discovery matters shall be accompanied by a copy of, or shall set forth verbatim, the relevant portion of any nonfiled discovery materials to which the motion is addressed."). Moreover, even though Meggs did not mark any of his interrogatory responses as Confidential or Attorneys' Eyes Only under the Protective Order, Dkt. 294, in an abundance of caution, Plaintiffs redacted Defendant Meggs's previous cell phone number, *see* Dkt. 409-36 at 9.

access electronic accounts, and he may be able to obtain his seized devices at this point. Thus, Meggs's responses are still incomplete.

Prior to Meggs's counsel entering an appearance, there was no way for Plaintiffs to confer with him to obtain answers to these questions, as Meggs had not responded to Plaintiffs' deficiency letter or appeared for the June 27 status conference, and had failed to provide any additional contact information. Meggs asserts that he previously stated in his original responses that he did not have access to his documents, Opp. 1, but Plaintiffs could not ascertain whether his circumstances changed when his sentence was commuted and he was released from incarceration. As for Meggs's arguments regarding the general scope of Plaintiffs' discovery requests, *id.* at 8–9, they are beside the point; at this time, Plaintiffs are seeking only the limited discovery described in their Motion and in this Reply brief.[6] Indeed, given Meggs's response, an order requiring Meggs to meet and confer regarding his access to accounts, rather than an order requiring him to supplement his responses, would resolve Plaintiffs' Motion as to this issue.[7]

## **CONCLUSION**

The Court should grant Plaintiffs' Motion as to Defendants Martinez, Warner, Kinnison, Nordean, and Biggs, none of whom has opposed Plaintiffs' motion. The Court should also grant Plaintiffs' Motion as to Meggs and require Meggs to (i) serve initial disclosures, (ii) amend or supplement his responses to Plaintiffs' interrogatories by signing them and providing his email addresses and account handles in response to Interrogatory 5, and (iii) either amend or supplement his answers to previous requests for production or confer with Plaintiffs regarding his current access to responsive material.

---

[6] Plaintiffs do not waive their right to seek future relief to the extent Defendants' discovery responses are otherwise incomplete or evasive.
[7] Plaintiffs have included an Amended Proposed Order with this filing.

<div style="display: flex;">
<div style="flex: 1;">

Dated:  August 5, 2025

SELENDY GAY PLLC
Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Babak Ghafarzade, *pro hac vice*
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
bghafarzade@selendygay.com

SPERLING KENNY NACHWALTER
William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
Jeffrey T. Foreman, *pro hac vice*
Four Seasons Tower, Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Tel: 305-373-1000
wblechman@sperlingkenny.com
ehonkonen@sperlingkenny.com
jtf@sperlingkenny.com

</div>
<div style="flex: 1;">

Respectfully submitted,

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW


By: */s/ Marc P. Epstein*

    Edward G. Caspar, D.C. Bar No. 1644168
    Marc P. Epstein, D.C. Bar No. 90003967
    1500 K Street N.W., Suite 900
    Washington, D.C. 20005
    Tel: 202-662-8390
    ecaspar@lawyerscommittee.org
    mepstein@lawyerscommittee.org

</div>
</div>

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5, a copy of the foregoing filing is being served electronically on those parties who have appeared and registered with the Court's ECF system. Plaintiffs are serving remaining defendants via first class mail or other permitted means.

                                                */s/ Marc P. Epstein*
                                                Marc P. Epstein