UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CONRAD SMITH *et al*.** ) | |
| ) | |
| **v.** ) | **Civil Action No. 1:21-CV-02265-APM** |
| ) | |
| **DONALD TRUMP, *et al*.,** ) | |
| ) | |
| **Defendant.** ) | |

### MOTION FOR LEAVE TO FILE A SURREPLY BY DEFENDANT MEGGS IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

Comes now the Defendant, KELLY MEGGS, by and through undersigned counsel and hereby moves the Court pursuant to Fed. R. Civ. P. 7(b)(1) for leave to file a Surreply to Plaintiff's Reply at ECF No. 414 to their Motion to Compel at ECF No. 409. For the reasons set forth below, Mr. Meggs' Surreply is necessitated by Plaintiffs having relied on exhibits and argument for the first time, and for mischaracterizations in their Reply ("Reply"). The Plaintiffs object to this Motion.

### INTRODUCTION

The Plaintiffs filed the Motion to Compel (ECF No. 409) that is at issue on July 11, 2025, after a June 2025 status conference that Mr. Meggs was not invited to attend or had any awareness. At the June status conference(s) and in the Motion, the Plaintiffs told this Court that they had mailed a letter to Mr. Meggs on May 12, 2025 – and provided no affidavit or proof that any such letter was in fact mailed. Mr. Meggs received no such letter. At the June status conference after receiving the false mailing information, the Court agreed that Plaintiffs could file to compel. Allowing Mr. Meggs to file a surreply provides him the opportunity to respond to new exhibits, mischaracterizations, and would aid the Court in resolving the pending Motion while not unduly

prejudicing Plaintiffs, who already had a full and fair opportunity to brief this issue.

## LEGAL STANDARD

First for a mailing, the burden is on the Plaintiffs to provide proof.

Next, the Federal Rules do not address a surreply. "The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001). See also *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir 2003) and *Banner Health v. Sebelius*, 905 21 F.Supp.2d 174, *187 (D.C. Cir. 2012). The considerations used by the Court are whether the reply raises arguments or issues for the first time, whether the proposed surreply would be helpful to the resolution of the pending Motion at issue, and whether the Motion's movant would be unduly prejudiced if leave to file the surreply is granted. In this District, new arguments, new exhibits, misrepresentations, and expansion of previously made arguments with new citations can allow for a surreply. Other support comes from *Nix El v. Williams*, 174 F. Supp. 3d 87, 92 (D.D.C. 20016) ("The purpose of a surreply is to enable the non-movant to contest matters presented for the first time in the opposing party's reply."); *King & Spalding, LLP v. U.S. Dept. of Health & Hum. Servs.*, No. 1:16- cv-01616 (APM), 2020 WL 1695081, at *1 (D.D.C. Apr. 7, 2020) ("The court finds that Defendants raised sufficiently new arguments in their reply brief for Plaintiff's short surreply to be appropriate.").

## ARGUMENT

The Plaintiffs' Reply presented a new argument, new exhibit, and new proposed order that differs from their Motion. They did not follow LCvR 30.4, "FORM OF RESPONSES TO INTERROGATORIES AND REQUESTS FOR ADMISSION OR PRODUCTION OF DOCUMENTS" in their Motion. The Reply newly attempts to clarify and narrow their demands,

2

when they should have asked the Court to dismiss the Motion and then should have filed a new Motion. The Reply evades the proper procedure by tucking in a newly revised proposed order as Exhibit 3. Even so, that proposed order still contains specifics that are misrepresentative of facts.

As a recap, LCvR 30.4 requires that "Answers, responses and objections to interrogatories and requests for admissions or for production of documents and motions to compel answers or responses, shall identify and quote each interrogatory or request in full immediately preceding the answer, response or objection thereto." That was not done in the Motion and Plaintiffs try to slide in revisions in the Reply. Plaintiffs still evaded following the rule while attempting to be in some level of compliance in their Reply and new proposed order.

The Plaintiffs in their Reply wrote that "Meggs does not state any grounds why he should not be required to comply with standard discovery requirements like providing initial disclosures, signing interrogatory responses, and informing Plaintiffs as to what, if any, access to responsive information Meggs obtained upon his release from incarceration." ECF 414 at 1-2. Mr. Meggs did provide grounds by referring to Fed. R. Civ. P. 26(b) and its language multiple times. He was fully in compliance with Rule 26(a)(1)(E) for initial disclosure, and the Plaintiffs never asked for any discovery rescheduling after his release for anything specific about initial disclosures. Instead, they demanded it in claimed correspondence never provided to Mr. Meggs. It is also patently false that Mr. Meggs did not provide initial disclosures given that he referred Plaintiffs to explore the criminal case docket for anything they needed and that has always been available to them. The allegation that he did not submit signed interrogatories (when his attorney did sign for him since he was imprisoned and mail was unreliable and untimely if not taken by prison personnel) is false, as is the allegation that he withheld information or has any new information not already provided to Plaintiffs (again while incarcerated he directed them to the criminal trial docket and exhibits).

3

The new formation of what is to be compelled as created in the Reply justifies a Surreply. The Plaintiffs' mischaracterizations require an ability to assist the Court in viewing the issues for a decision. The undersigned has already presented a mea culpa for accidentally referring to a MD District local rule (and potentially an artifact from an old version of the local rules here) and will not belabor points of argument by providing caselaw that the Plaintiffs sat on laches in waiting over a year to complain about the "initial discovery" and any interrogatory responses. The Plaintiffs provided no law to support a claim that Mr. Meggs' attorney's signature on the interrogatories was insufficient during his incarceration – to the point of claiming they are "unsigned." Their framing of their argument misrepresents what is contained in the hundreds of pages of exhibits (albeit with mislabeled section number title pages) of their Motion.

Further, the Exhibit email attached for the Reply is both new and a misrepresentation that good faith to confer with Mr. Meggs was employed.

The proposed Surreply is narrowly tailored to assist the Court in its decision especially regarding mischaracterizations, new assertions about alleged good faith efforts to confer, and a revamping of the Motion to Compel to now appear to fall within the local and Federal Rules. It is not intended to reargue issues already addressed, but rather to assist the Court in accurately understanding the record and issues before it.

The proposed Surreply is attached as an Exhibit.

## CONCLUSION

Because the proposed Surreply meets all requirements under caselaw in this District (newness, mischaracterization, helpfulness to the Court, and no prejudice to the Plaintiffs), this Motion should be granted.

4

WHEREFORE, Mr. Meggs respectfully requests that this Court grant the Motion and direct the Clerk to file the attached Surreply in further opposition to Plaintiffs' Motion to Compel.

August 13, 2025                          Respectfully Submitted,
                                         /s/ *Carolyn A. Stewart*
                                         Carolyn A. Stewart, D.D.C. Bar No. FL-0098
                                         Defense Attorney
                                         Stewart Country Law PA
                                         1204 Swilley Rd.
                                         Plant City, FL 33567
                                         Tel: (813) 659-5178
                                         Email: Carolstewart_esq@protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify on the 13th day of August 2025, a copy of the foregoing was served upon all parties of record as forwarded through the Electronic Case Filing (ECF) System, and the Surreply if approved will be sent to Pro Se defendants using USPS First Class mail or other suitable means as agreed to by the affected defendants.

                                         /s/ *Carolyn A. Stewart*
                                         Carolyn A. Stewart, Esq.