UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CONRAD SMITH** *et al*. | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-CV-02265-APM |
| | ) | |
| **DONALD TRUMP,** *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

## SURREPLY TO PLAINTIFF'S ECF NO. 414 AND OPPOSITION TO MOTION TO COMPEL BY DEFENDANT MEGGS

Comes now the Defendant, KELLY MEGGS, by and through undersigned counsel and respectfully submits this Surreply to Plaintiffs' Reply at ECF No. 414 and moves this Court to grant his Order to Deny the Plaintiffs' Motion at ECF No. 409 as requested in his Response at ECF No. 413. He provides the following in support:

In their Reply, Plaintiffs do not provide evidence or any proof that a letter was mailed to Mr. Meggs on May 12, 2025, or that they made any good faith attempt to confer. There is no affidavit or declaration by anyone who may have mailed the alleged letter. They proceeded to double down on claims of failure to provide discovery while ignoring the standards in the Federal Rules that were met. They did however add a new letter as an exhibit that misrepresents what would be "good faith" and added a new proposed order that changes the complexion of their demands.

**I**. Plaintiffs added new material and further misrepresented the discovery provided by Mr. Meggs.

Plaintiffs falsely claim Mr. Meggs did not sign his interrogatories. Yet those very interrogatories were (wrongly) contained in the Motion's exhibit and show that his attorney signed them. They never asked for Mr. Meggs to personally affix his signature and never gave any reason why the Rule 26(g) (and the Court's local rule) requirement that allows an attorney signature is not applicable to Mr. Meggs. This falsehood requires being called out in a surreply. Similarly, they claim he did not provide initial disclosure. Rule 26(a)(1)(E) only requires that Mr. Meggs to have made disclosure of what was reasonably available to him. He referred Plaintiffs to his criminal docket. Plaintiffs had the ability for at least a year to review trial transcripts and hearing transcripts, and to submit a Touhy request to DOJ for any exhibits not available directly on the docket. Mr. Meggs did not have those exhibits, which had he possessed them (which he did not) would have been taken by the USMS prior to movement or by the prison, along with all his legal papers as occurred.

Plaintiffs misrepresented the facts as shown in their own exhibits to their Motion – where none of the discovery should have been placed on this Court's open docket according to the Court's discovery rules. His interrogatories were signed, and he had nothing else to give. He received no May 12, 2025, letter while Plaintiffs waited until he was pro se to attempt to make claims of disclosure failure.

The new exhibit at ECF No. 414-3 exemplifies what was not good faith. Mr. Meggs had two attorneys and Plaintiffs contacted only one. His other attorney had Mr. Meggs' contacts and had he received any letters he would have forwarded them. Upon request, he could have passed along contact information for mail or email. The Reply is accusatory in asserting that Mr. Meggs did not provide his contact information. It was Plaintiffs duty to ask both his attorneys, knowing

2

they were not of the same law firm when they only asked one. There was no good faith on the part of the Plaintiffs.

Plaintiffs also misrepresent that Mr. Meggs can now recreate any emails and social media. He does not have his devices because his case is on appeal. The FBI refused return. The undersigned advised Plaintiffs of this, as well as reasons why he cannot and should not demand return of those devices now. Plaintiffs know that for chain of custody and best evidence, should Mr. Meggs be granted a new trial upon his appeal, the devices must remain in evidence under a chain of custody, especially for forensic analysis.

Mr. Meggs reasonably explained the unreasonableness of Plaintiffs requests. They did not confer. Instead, Plaintiffs are on a fishing expedition. They misrepresent their "needs" and demand current emails and current social media. Overall, they ask for what Mr. Meggs does not have and cannot reasonably obtain – and misrepresent what they demanded without Mr. Meggs' knowledge.

**II**.  Plaintiffs changed the criteria of what they were demanding as had been contained in the original Motion. There is no need for this Court to compel "confer" when Plaintiffs never made a good faith attempt.

The Proposed order in the Motion wrote:

> Defendant Meggs shall serve initial disclosures, amend or supplement his responses to Plaintiffs' December 1, 2022, and March 28, 2024 requests for production, and amend or supplement his response to Plaintiffs' March 28, 2024 fifth interrogatory.

The New Proposed Order that changes the complexion of their demand:

> Defendant Meggs shall serve initial disclosures; amend or supplement his response to Plaintiffs' March 28, 2024 fifth interrogatory; and either amend or supplement his responses to Plaintiffs' December 1, 2022 and March 28, 2024 requests for production, or confer with Plaintiffs regarding his current access to responsive material.

3

III.  Plaintiffs Failed to Disclose that they evaded discovery by using the standard legal responses.

The Plaintiffs standard discovery responses use the same legal terminology for objections applied by Mr. Meggs but failed to disclose that. They also failed to disclose that they did not provide answers as did Mr. Meggs despite his objections to the requests.

## CONCLUSION

WHEREFORE, Mr. Meggs requests that the Court deny the Plaintiffs Motion to Compel. The Reply made misrepresentations, added new argument and exhibits, and overall does not meet standards.

August 13, 2025                                   Respectfully Submitted,

/s/ *Carolyn A. Stewart*
Carolyn A. Stewart, D.D.C. Bar No. FL-0098
Defense Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Tel: (813) 659-5178
Email: Carolstewart_esq@protonmail.com

**Certificate of Service**

I hereby certify on the 13th day of August 2025, a copy of the foregoing was served upon all parties of record as forwarded through the Electronic Case Filing (ECF) System, and the Surreply if approved will be sent to Pro Se defendants using USPS First Class mail or other suitable means as agreed to by the affected defendants.

/s/ *Carolyn A. Stewart*
Carolyn A. Stewart, Esq.