IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONRAD SMITH *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP *et al.*, <br><br> Defendants. | Civil Action No. 1:21-cv-02265-APM |

### DONALD J. TRUMP FOR PRESIDENT, INC. AND MAKE AMERICA GREAT AGAIN PAC'S UNOPPOSED MOTION TO INDEFINITELY SEAL EXHIBITS

Defendants Donald J. Trump for President, Inc., and Make America Great Again PAC ("Campaign Defendants") respectfully move this Court to indefinitely seal Exhibits 4, 5, 6, 7, and 8 (collectively the "Collective Exhibits"), filed in support of their Brief in Support of Asserted Privileges (ECF 418) and filed provisionally under seal (ECF 419), in accordance with the Stipulated Protective Order (ECF 294) and Local Civil Rule LCvR 5.1 (h). Undersigned counsel has conferred with plaintiffs Conrad Smith, Danny McElroy, Governor Latson, Jason DeRoche, Melissa Marshall, Michael Fortune, and Reginald Cleveland ("Plaintiffs") regarding this motion and Plaintiffs do not oppose the relief sought. Good cause exists to indefinitely seal the identified documents.

### LEGAL STANDARD

"[T]he starting point in considering a motion to seal court records is a 'strong presumption in favor of public access to judicial proceedings.'" *E.E.O.C. v. Nat'l*

1

*Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citing *Johnson v. Greater Southeast Community Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C.Cir.1991)); (see also *Primas v. District of Columbia*, 719 F.3d 693, 698 (D.C. Cir. 2013)). In *United States v. Hubbard,* the D.C. Circuit identified six factors (the "*Hubbard* factors") that might act to overcome this presumption:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

650 F.2d 293, 317-322 (D.C. Cir. 1980).

## ARGUMENT

The overwhelming majority of the *Hubbard* factors weigh in favor of indefinitely sealing the Collective Exhibits. Additionally, the Collective Exhibits are the sort of documents contemplated by the Stipulated Protective Order as requiring protection from public disclosure.

### I. The *Hubbard* Factors Weigh in Favor of Indefinitely Sealing the Collective Exhibits.

The first *Hubbard* factor, the need for public access to the documents at issue, weighs in favor of maintaining the Collective Exhibits under seal. "There is a stronger presumption of transparency in some judicial proceedings than in others." *Friedman v. Sebelius*, 672 F. Supp. 2d 54, 58 (D.D.C. 2009) (quoting *United States v. All Assets Held at Bank Julius Baer & Co.*, 520 F. Supp. 3d 71, 81 (D.D.C. 2020)). "[T]he presumption of public access in filings submitted in connection with discovery

disputes or motions in limine is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019); see also *Matter of Pub. Def. Serv. for D.C. to Unseal Certain Recs.*, 607 F. Supp. 3d 11, 25 (D.D.C. 2022)). "[R]estraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." *Matter of Pub. Def. Serv. for D.C. to Unseal Certain Recs.*, 607 F. Supp. 3d 11, 23 (D.D.C. 2022) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984)).

Here, the Collective Exhibits consist of the Campaign Defendants' privilege log, emails substantiating the Campaign Defendants' asserted privileges, and declarations discussing confidential and sensitive records relating to President Trump's 2020 presidential election campaign. None of the Collective Exhibits have been introduced as evidence at trial or in a dispositive motion, and the Collective Exhibits are only relevant to the ongoing discovery dispute. Thus, the Collective Exhibits are of minimal value to the public and this fact weighs against disclosure.

The second *Hubbard* factor, the extent of previous public access to the documents, also weighs in favor of indefinitely sealing the Collective Exhibits and against public disclosure. The Campaign Defendants have not disclosed the Collective Exhibits to persons other than Plaintiffs and the Court and made these disclosures by filing provisionally under seal. The Campaign Defendants have not made the

Collective Exhibits available to the public. Thus, this factor is easily resolved in favor of Campaign Defendants' request to indefinitely seal.

The third *Hubbard* factor, the fact that someone has objected to the disclosure, weighs against public disclosure of the Collective Exhibits. "In *Hubbard*, the D.C. Circuit held that a third party whose property and privacy rights were at issue was the proper party to object." *United States v. All Assets Held at Bank Julius Baer & Co.*, 520 F. Supp. 3d 71, 83 (D.D.C. 2020) (citing *United States v. Hubbard*, 650 F.2d 293, 319 (D.C. Cir. 1980)). Here, the Collective Exhibits were generated by the Campaign Defendants and attorneys for the Campaign Defendants. The Campaign Defendants are thus the owners of the information contained within the Collective Exhibits and do object to their public disclosure. Furthermore, Plaintiffs do not object to the Campaign Defendants' request to indefinitely seal the Collective Exhibits.

The fourth *Hubbard* factor, the strength of the any property and privacy interests asserted, also weighs against public disclosure. "The Hubbard court addressed this factor by examining the objecting party's privacy interest in the particular documents, ... rather than the effect that unsealing the documents would have on the party's property and privacy interests generally, which is an alternative interpretation of this factor." *Michaels v. NCO Fin. Sys. Inc.*, No. 16-CV-1339-ACR-ZMF, 2023 WL 4857413, at *4 (D.D.C. July 31, 2023) (citing *Friedman*, 672 F. Supp. 2d 54 at 60; see, e.g., *Johnson v. Greater Se Cmty. Hosp. Corp.*, 789 F.Supp. 427, 430 (D.D.C. 1992) (analyzing the factor under the alternative interpretation and finding

that the plaintiff had a privacy interest in the proceedings because disclosure of the documents would affect the plaintiff's reputation).

"The D.C. Circuit in Hubbard illustrated situations where the unsealing of documents would implicate cognizable interests because they contained material protected by attorney-client privilege, discussed tax returns, or included information about an individual's sex life, or other intimate details." *All Assets*, 520 F. Supp. 3d 71 at 83 (citing *Hubbard*, 650 F.2d at 323–24). "Valid privacy and property interests are not limited to personal details, but may also include confidential business information that should be kept private for competitive business reasons." *Id.* (citing *Tavoulareas v. Wash. Post Co.*, 111 F.R.D. 653, 655–56 (D.D.C. 1986) (maintaining seal of private business information where a third party sufficiently demonstrated that the release of the information would harm its business).

As to the Collective Exhibits, either interpretation of the fourth *Hubbard* factor weighs against the release of public disclosure. To wit, the public release of these documents not only risks exposure of sensitive, personally identifying information of Campaign Defendants' employees, but also proprietary information which could be used to undermine future political operations of the Campaign Defendants and thus result in a loss of competitive advantage.

The fifth *Hubbard* factor, the possibility of prejudice to those opposing disclosure, deals exclusively with legal prejudice and is likely inapplicable to the Collective Exhibits. "The possibility of prejudice refers to 'whether disclosure of the documents will lead to prejudice in future litigation to the party seeking the seal.'"

5

*All Assets*, 520 F. Supp. 3d 71 at 85 (quoting *United States ex rel. Durham v. Prospect Waterproofing, Inc.*, 818 F. Supp. 2d 64, 68 (D.D.C. 2011); see also *Hamiduva v. Obama*, No. CV 08-1221(CKK), 2015 WL 5176085, at *3 (D.D.C. Sept. 3, 2015) (finding that the lack of prejudice under factor five "is neutral, not weighing either for or against disclosure.") Here, Campaign Defendants are not asserting future legal prejudice and thus the absence of this factor weighs neither for nor against disclosure.

The sixth *Hubbard* factor, the purposes for which the documents were introduced during the judicial proceedings, weighs against public disclosure. "The more relevant a pleading is to the central claims of the litigation, the stronger the presumption of unsealing the pleading becomes." *Hamiduva*, No. CV 08-1221(CKK), 2015 WL 5176085, at *3 (citing *Durham*, 818 F.Supp.2d at 69 (explaining that "there is less of a pressing concern to unseal pleadings if they are not relevant to the claims," for example, they were not used at trial or relied upon by the trial judge in his decision)). Regarding the Collective Exhibits, these documents were filed merely to substantiate the privilege assertions of the Campaign Defendants and are not relevant to Plaintiffs' claims. Even assuming, arguendo, that the Court were to rule in favor of Plaintiffs' privilege challenge, the Collective Exhibits would still serve no basis in a future pleading and are thus wholly irrelevant to the merits of this action.

**II.   The Collective Exhibits are the sort of documents contemplated by the Stipulated Protective Order as requiring protection from public disclosure.**

Paragraph 1 (a) of the Stipulated Protective Order, in part, defines "confidential material" to include: "personally identifying information of any person,

including identification numbers, addresses, and telephone numbers for any person, and the name of any minor child;" "competitively or commercially sensitive information;" "confidential and sensitive political records relating to the performance of duties in the executive branch of the United States government"; and "confidential and sensitive records relating to Defendant Trump's 2020 or 2024 presidential election campaigns." Dkt. 294 at ¶¶ 1(a)(2), (7), (8), and (9).

The Collective Exhibits consist of the Campaign Defendants' privilege log, confidential internal emails evidencing cost-sharing agreements and joint representation agreements, copies of tripartite representation agreements, and a declaration from a senior attorney employed by Donald J. Trump for President, Inc. As to the privilege log, that document contains a vast quantity of personally identifying information, such as email addresses, phone numbers, and summaries of confidential and sensitive records relating to the performance of duties within the executive branch and confidential and sensitive information relating to President Trump's 2020 presidential campaign. The internal emails evidence agreements between the Campaign Defendants and various other parties and discuss internal legal structures for responding to both offensive and defensive litigation. Regarding the declaration, that document outlines, in detail, tripartite legal agreements and internal strategies for addressing then-ongoing litigation.

By publicly disclosing the Collective Exhibits, the Campaign Defendants not only face exposing sensitive personal identifying information of its employees, but

also the dissemination of confidential and proprietary information, which could negatively impact future campaign activity and damage its competitive advantage.

## CONCLUSION

For the reasons stated herein, the Campaign Defendants request this Court to grant its motion to indefinitely seal Exhibits 4, 5, 6, 7, and 8 filed in support of their Brief in Support of Asserted Privileges (ECF 418) and filed provisionally under seal (ECF 419).

Dated: August 19, 2025

Respectfully submitted,

*/s/* Jesse R. Binnall
Jesse R. Binnall, VA022
Jason C. Greaves, DC Bar No. 1033617
Gerald A Urbanek, Jr. VA191
Jared J. Roberts, *pro hac vice*
BINNALL LAW GROUP
717 King Street, Suite 200
Alexandria, Virginia 22314
Tel:  (703) 888-1943
Fax: (703) 888-1930
jason@binnall.com
jesse@binnall.com
gerald@binnall.com
jared@binnall.com

*Counsel for Donald J. Trump for President, Inc., and Make America Great Again PAC*

## CERTIFICATE OF SERVICE

I certify that on August 19, 2025, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

                                                  /s/ Jesse R. Binnall
                                                  Jesse R. Binnall, VA022
                                                  *Counsel for Donald J. Trump for President, Inc., and Make America Great Again PAC*