IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONRAD SMITH, *et al.*, <br><br>　　　　　　Plaintiffs, <br>　v. <br>DONALD J. TRUMP, *et al.*, <br><br>　　　　　　Defendants. | Civil Action No. 1:21-CV-02265-APM |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT TARRIO TO RESPOND TO DISCOVERY REQUESTS**

Pursuant to Federal Rule of Civil Procedure 37, Plaintiffs Conrad Smith, Danny McElroy, Governor Latson, Melissa Marshall, Michael Fortune, Jason DeRoche, and Reginald Cleveland ("Plaintiffs") request that the Court compel Enrique Tarrio ("Defendant" or "Defendant Tarrio") to adequately respond to discovery requests, as set forth below. After two years of evading Plaintiffs' discovery requests and facing a Court order to produce responsive documents, Defendant Tarrio has now, for the first time, claimed a Fifth Amendment privilege to avoid production. Due to his inexcusable delay, Defendant Tarrio has waived the ability to raise the privilege and, further, has no basis to assert the Fifth Amendment in this matter. Plaintiffs request that the Court require Tarrio to adequately respond to Plaintiffs' discovery requests and require him to amend or supplement deficient responses and warn Defendant that his continued failure to respond to Plaintiffs' discovery requests, or address deficiencies in his prior responses, will result in appropriate sanctions.

i

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

BACKGROUND .................................................................................................................... 1

PROCEDURAL HISTORY.................................................................................................... 3

DEFENDANT TARRIO'S DISCOVERY RESPONSES ...................................................... 4

ARGUMENT .......................................................................................................................... 6

    I.   Defendant Tarrio has waived any Fifth Amendment privilege. ...................................7

    II.  Defendant Tarrio has no basis to invoke Fifth Amendment protection.......................11

    III. Continued failure to respond to discovery requests should result in sanctions. ..........12

CONCLUSION..................................................................................................................... 13

## INTRODUCTION

Plaintiffs brought this action against Defendant Tarrio and others for the harm they caused Plaintiffs by conspiring to carry out and by carrying out the January 6 attack on the U.S. Capitol. Defendant Tarrio was convicted of multiple crimes related to his participation in the January 6 attack, including Seditious Conspiracy. Defendant Tarrio has answered the Amended Complaint, Dkt. 89, and served initial disclosures.

Plaintiffs have sent four sets of document requests and interrogatories to Defendant Tarrio, but he has not produced a single document or provided substantive, signed responses to any of Plaintiffs' interrogatories. Instead, over the past two years, Tarrio has responded to discovery requests with a constantly changing narrative of reasons for not producing documents or responding to interrogatories, culminating in the recent belated assertion for Fifth Amendment protection.

This claim for Fifth Amendment protection is both waived and unfounded, and the Court should require Tarrio to adequately respond to Plaintiffs' discovery requests and require him to amend or supplement deficient responses. In addition, the Court should warn Defendant Tarrio that continued failure to respond to Plaintiffs' discovery requests, or address deficiencies in his prior responses, will result in appropriate sanctions.

## BACKGROUND

As alleged in the Amended Complaint, on January 6, 2021, Defendant Tarrio was the Chairman of the Proud Boys and the highest-ranking member of the Proud Boys' leadership structure called the Ministry of Self Defense ("Ministry"). Dkt. 89 ("Am. Compl.") ¶¶ 28-29. The Ministry was intended to help coordinate the Capitol Attack and Proud Boys' activities on January 6. *See id.* ¶ 99(b). Defendant Tarrio was also the leader of the Elders Chapter, which governs the

1

affairs of the Proud Boys, coordinates public messaging, and is authorized to collect dues from the entire Proud Boys' membership. *See id.* ¶ 28.

Defendant Tarrio was intimately involved in developing plans to overwhelm those protecting the Capitol. He posted on Parler promising he would be able to put "1000 boots on the ground." *See id.* ¶ 102. He also instructed Proud Boys members to (i) "spread across downtown DC in smaller teams" than in the past, (ii) "conceal your intentions," (iii) "[p]ose as a friend, work as a spy," (iv) "crush your enemy totally," and (v) "keep others in suspended terror." *Id.* ¶ 103(b).

Defendant Tarrio was also involved in the Proud Boys' plan to covertly move through Washington, D.C., to conceal from law enforcement and others their intention to attack the Capitol. In a Parler post on December 29, 2020, Defendant Tarrio stated that the Proud Boys planned to "turn out in record numbers on Jan 6th but this time with a twist." *Id.* ¶ 105. Defendant Tarrio instructed Proud Boys members to dress "incognito," rather than wearing the "traditional Black and Yellow" set forth as the mandatory dress code in the Proud Boys bylaws. *Id.* Further, Tarrio met with Defendant Rhodes on January 5 (one day before the attack) in an underground garage in Washington DC.[1]

Members of the Proud Boys' Ministry of Self Defense communicated with one another and with Defendant Tarrio—who was not physically present at the Capitol given his arrest on January 4, 2021—to coordinate the attackers' movements.[2] Defendant Tarrio's co-Defendants, their co-conspirators, and the rest of the mob overwhelmed U.S. Capitol Police officers, broke

---

[1] *See, e.g.*, Spencer S. Hsu, *Video Released of Garage Meeting of Proud Boys, Oath Keepers Leaders*, Wash. Post (May 24, 2022), https://www.washingtonpost.com/dc-md-va/2022/05/24/tarrio-rhodes-video/.

[2] Tarrio was arrested and detained for illegal possession of high-capacity firearms magazines on January 4, 2021, in connection with the Proud Boys' destruction of property at historically Black churches. Am. Compl. ¶ 80.

through the Capitol's outer barricades, and assaulted the officers, including Plaintiffs, in and outside the Capitol. *See id.* ¶¶ 125–126, 128. Defendant Tarrio posted that Proud Boys controlled the Capitol and to "Come and Take it!" and "Don't f**king leave." *Id.* ¶ 140(f). Shortly after the Capitol was breached, Defendant Tarrio messaged another Proud Boy, saying, "Make no mistake . . . we did this." *Id.* ¶ 128.

Defendant Tarrio was convicted on multiple criminal charges for January 6-related conduct, including Seditious Conspiracy, 18 U.S.C. § 2384, and sentenced to 264 months of incarceration. *See United States v. Nordean*, No. 1:21-cr-00175-TJK (D.D.C.), Dkt. 908. Defendant Trump later pardoned Defendant Tarrio. *See* Proclamation Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at or Near the United States Capitol on January 6, 2021, 90 Fed. Reg. 8331 (2025).

## **PROCEDURAL HISTORY**

Plaintiffs filed a complaint on August 26, 2021, asserting claims for conspiracy to interfere with civil rights under 42 U.S.C. § 1985, among others. Dkt. 1 at 58-71. Plaintiffs then filed an amended complaint on December 3, 2021, Dkt. 89. Defendant Tarrio answered the Amended Complaint on December 24, 2021, Dkt. 101, and the Court issued its first Scheduling Order requiring parties to exchange initial disclosures on or before April 17, 2023, Dkt. 213. Defendant Tarrio provided initial disclosures on October 12, 2023.

At a May 13, 2025 Status Conference, the Court ordered Defendant Tarrio to respond to discovery requests by May 19, 2025. Tarrio did not sufficiently respond to outstanding discovery by that date, and the Court conducted a discovery hearing on June 27, 2025. At the hearing, the Court ordered counsel for Defendant Tarrio to provide signed interrogatory responses, objections and/or indications of forthcoming productions in response to Plaintiff's First Set of Requests for

Production, and access to accounts with responsive information. *See* June 27, 2025 Disc. Hr'g Tr. at 16:2-7, 25: 15-25. Instead, Defendant Tarrio asserted the Fifth Amendment in response to all discovery requests. The Court granted permission at the subsequent August 19, 2025 status conference for Plaintiffs to file the instant motion concerning the invocation of the Fifth Amendment privilege.

### **DEFENDANT TARRIO'S DISCOVERY RESPONSES**

Plaintiffs served three sets of requests for production on Defendant Tarrio dated April 4, 2023, March 28, 2024, and April 1, 2025, and interrogatories dated March 28, 2024. Declaration of Marc P. Epstein ("Epstein Decl.") Exs. 1-4. To date, Defendant Tarrio has not produced a single document or provided substantive, signed answers to any interrogatories. Defendant Tarrio has provided numerous explanations why he is unable to provide discovery but did not raise the Fifth Amendment until July 25, 2025, approximately two years after Plaintiffs' initial discovery request.

Specifically, on July 28, 2023, when Defendant Tarrio responded to Plaintiffs' First Set of Requests for Production, he had been convicted and was incarcerated on his January 6 case but not yet sentenced. *See* May 4, 2023 & Sept. 5, 2023 Minute Entries, *United States v. Nordean*, No. 1:21-cr-00175-TJK (D.D.C.). Defendant Tarrio advised in that response that he was unable to participate in discovery because he could not access his digital devices and lacked "meaningful access to relevant information." Ex. 5 at 3. He further stated, "These devices of course contain precisely the kind of electronically stored documents which might be responsive to plaintiffs' FRPs." *Id.* at 2. Notably, Defendant Tarrio, while awaiting his federal criminal sentencing, did not assert the Fifth Amendment as a basis for his refusal to produce documents.

In his June 29, 2024 responses to Plaintiffs' Second Set of Requests for Production and First Set of Interrogatories, Defendant Tarrio again raised numerous objections and explanations

4

for failing to provide discovery. His objections included in the interrogatories are: "(1) disproportional in reach considering the needs of the case; (2) overly broad as to either time or content; (3) ambiguous or vague; (4) improper, (5) unreasonably cumulative or duplicative; (6) immaterial; (7) irrelevant; and/or (8) unlikely to lead to the discovery of admissible evidence." Ex. 7 at 9; *see also* Ex. 6 at 2. Defendant Tarrio also referenced his incarceration, current financial difficulties, and his inability to access his electronic devices as justifications for not responding to discovery requests. *See* Ex. 7 at 10, 13-14; Ex. 6 at 2-4. He again failed to assert the Fifth Amendment.

Plaintiffs considered these responses deficient and raised the issue at a status conference on May 13, 2025. The Court ordered Defendant Tarrio to either produce records or respond to outstanding discovery by May 19, 2025. *See* May 13, 2025 Minute Order. In his May 19, 2025 amended response to Plaintiffs' First Set of Interrogatories, Defendant Tarrio again failed to provide any of the requested information that Plaintiffs had identified as missing—specifically, account names, social media handles, email addresses, or phone numbers—and failed to sign the responses. *See* Ex. 8. Defendant Tarrio also failed to produce any documents or amend or supplement his responses to Plaintiffs' first two sets of requests for production. Again, Defendant Tarrio did not raise the Fifth Amendment. On June 19, 2025, Defendant Tarrio responded to Plaintiffs' Third Set of Requests for Production. Ex. 9. Yet again, Defendant Tarrio did not raise his Fifth Amendment claim but only asserted that he had "no such [requested] items in his possession, custody or current right to control." *Id.*

At the June 27, 2025 discovery hearing, the Court ordered counsel for Defendant Tarrio by July 15, 2025, to produce Defendant Tarrio's signed Interrogatory responses; objections and/or indications of forthcoming productions in response to Plaintiffs' First Set of Requests for

5

Production; and to provide access to any accounts with responsive information. *See* June 27, 2025 Disc. Hr'g Tr. at 25:10-25. When asked about responding to Interrogatory 5, counsel for Defendant Tarrio indicated that he would provide access to "digital platforms" such as Signal, Parler, and Telegram, and "possibly one phone number". *Id.* at 10:24-25, 19:17-21, 23:1. Counsel for Defendant Tarrio further conceded that Plaintiffs are "entitled to know what's out there that might link Defendant Tarrio to the Trump campaign and the other Trump Defendants." *Id.* at 23:16-18. Counsel for Defendant Tarrio also indicated he learned within the last 6 months that he could access "deleted" accounts. *Id.* at 21:1-3.

On July 25, 2025, approximately two years after the initial discovery response, counsel for Defendant Tarrio supplemented Defendant Tarrio's prior responses with "further response[s]" to the First and Second Sets of Requests for Production and First Set of Interrogatories with a global assertion invoking Defendant Tarrio's Fifth Amendment rights, with no further details or rationale for the invocation. He stated that Defendant Tarrio "will avail himself globally of the protection of the Fifth Amendment of the U. S. Constitution with respect to all discovery — by deposition, interrogatories, requests for documents, or any other discovery — and with respect to testimony." Exs. 10-12.

## **ARGUMENT**

Defendant Tarrio has engaged in pervasive delay tactics and procedural maneuverings to avoid complying with basic discovery obligations, such as producing documents and providing interrogatory responses to Plaintiffs. After two years, Tarrio asserts for the first time an unsubstantiated, baseless claim for blanket Fifth Amendment protection in an effort to avoid all of his discovery obligations. By failing to raise the privilege in multiple responses to the discovery requests at issue, and even during this Court's previous hearing about Defendant Tarrio's failures

6

to respond to these same discovery requests, Defendant Tarrio has waived the privilege to the extent it applies. Waiver aside, Defendant Tarrio has no legitimate basis to assert this privilege and can point to no real possibility for future criminal prosecution. The Court should order Defendant to respond to Plaintiffs' discovery requests and address deficiencies in his prior responses. In addition, the Court should warn Defendant Tarrio that his continued failure to respond to Plaintiffs' discovery requests, or address deficiencies in his prior responses, will result in appropriate sanctions.

I.     **Defendant Tarrio has waived any Fifth Amendment privilege.**

Over the course of two years and more than eight responses to Plaintiffs' requests for production and interrogatories, Defendant Tarrio failed to raise (much less invoke) his Fifth Amendment privilege. Instead, Defendant Tarrio has raised a laundry list of objections at every turn, including during the May 13, 2025 status conference and the June 27, 2025 discovery hearing about the Plaintiffs' discovery requests now at issue. Now, only after a court order compelling discovery and two years since his initial July 2023 written responses, Defendant Tarrio raises his Fifth Amendment privilege *for the first time* as a reason to refuse production. This is not a timely invocation of the Fifth Amendment privilege, even if it were available in this circumstance, as Defendant Tarrio (1) waited two years to assert his Fifth Amendment privilege; (2) previously responded to Plaintiffs and the Court with multiple reasons why he was unable to comply with identical production requests; and (3) indicated in previous responses that he intended to comply with discovery.

An individual's failure to assert the Fifth Amendment privilege "in a timely fashion" generally results in waiver of the privilege. *See Maness v. Meyers*, 419 U.S. 449, 466 (1975) (The Fifth Amendment "is not a self-executing mechanism; it can be affirmatively waived, or lost

7

by not asserting it in a timely fashion."); *Fonville v. District of Columbia*, 230 F.R.D. 38, 42 (D.D.C. 2005) (reiterating that "the failure to object within the time fixed for its answer generally constitutes a waiver of any objection" (citation omitted)).

Courts have considered the actual length of time in discovery in assessing the timeliness of the invocation and the validity of the Fifth Amendment claim. *See, e.g.*, *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) (affirming finding that a party failed to support a claim of Fifth Amendment privilege when he first asserted the privilege 15 months after interrogatories had been propounded and after he had been indicted and convicted for the covered conduct in state court). This Court should consider Defendant Tarrio's two-year delay, during which Defendant Tarrio repeatedly raised other objections and actively litigated to avoid responding to Plaintiffs' discovery requests, to be an untimely invocation of the Fifth Amendment privilege and on that factor alone, should find the privilege has been waived.

Beyond the specific period of delay, courts have repeatedly found that a defendant waives their Fifth Amendment claim when he fails to assert the privilege when responding to discovery requests on the identical issue. *See, e.g.*, *SEC v. Parkersburg Wireless Liab. Co.*, 156 F.R.D. 529, 535 (D.D.C. 1994) ("[T]he privilege must be invoked at the time the question is asked, or it is lost by waiver." (citing *Minnesota v. Murphy*, 465 U.S. 420, 427 (1984)); *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 312 F.R.D. 16, 21 (D.D.C. 2015) ("Claimant has waived any Fifth Amendment rights he possessed by responding to the government's discovery requests.").

On multiple occasions during the two-year period, Defendant Tarrio has failed to assert his Fifth Amendment privilege and instead provided a litany of reasons why he is unable to provide discovery to Plaintiffs. In July 2023, when he received the First Set of Requests for Production,

8

Defendant Tarrio had his initial opportunity to raise his Fifth Amendment privilege. Instead, while incarcerated and pending sentencing for the same conduct alleged in this matter, he did not raise the Fifth Amendment but rather claimed an inability to access information. Ex. 5 at 3. He raised similar claims in 2024 in declining to respond to the Second Set of Requests for Production and First Set of Interrogatories, also without raising any Fifth Amendment privilege. *See* Ex. 6 at 2-4; Ex. 7 at 10, 13-14.

In his May 19, 2025 "amended" response to the identical interrogatory requests, Defendant Tarrio failed to raise his Fifth Amendment privilege and again focused on lack of access to "cell phones, computers or other electronic digital devices." Ex. 8 at 15. In his June 19, 2025 response to Plaintiff's Third Set of Requests for Production, Defendant Tarrio again did not raise his Fifth Amendment claim but only asserted that he had "no such [requested] items in his possession, custody or current right to control." Ex. 9. Defendant Tarrio has had numerous opportunities in his written responses to raise his claimed Fifth Amendment privilege. He has declined to do so on each and every occasion.

Defendant Tarrio has also had multiple distinct opportunities to raise his Fifth Amendment concerns with the Court. For example, at the May 13, 2025 status conference, the Court was considering the status of Defendant Tarrio's discovery responses. Counsel for Defendant Tarrio could have alerted both the Court and Plaintiffs of any Fifth Amendment claims that may have existed. Instead, Defendant Tarrio attempted to justify his lack of discovery again due to access issues. *See* May 13, 2025 Joint Status Conf. Tr. at 16:14-21. Defendant Tarrio also could have raised the Fifth Amendment with the Court at the June 27, 2025 discovery hearing. Again, Defendant Tarrio's counsel did not raise any Fifth Amendment concerns on his behalf. *See* June

9

27, 2025 Disc. Hr'g Tr. In the end, Defendant Tarrio had multiple opportunities to alert the Court of any Fifth Amendment concerns. His failure to do so is further support of waiver.

Setting aside timely invocation, gamesmanship and dilatory tactics can independently lead to waiver of Fifth Amendment rights. *Day v. Boston Edison Co.*, 150 F.R.D. 16, 22 (D. Mass. 1993) (holding waiver of right to object on grounds of self-incrimination under Fifth Amendment where party engaged in "procedural gamesmanship and dilatory tactics" (citation omitted)). At different times over the two-year period, Defendant Tarrio has indicated a willingness and intent to comply with discovery requests, yet for more than two years, he has dragged his feet, engaged in iterative discovery objections to the same requests, and failed to produce a single document or substantive, signed interrogatory response. For example, at the May 13 hearing, counsel for Defendant Tarrio indicated that his co-counsel was aware of what could be "obtained and reviewed and served" by the following week, May 13, 2025 Joint Status Conf. Tr. at 17:5, but Defendant Tarrio only provided (unsigned) interrogatory responses the following week, on May 19, and did not produce any documents, *see* Ex. 8.

Similarly, at the June 27 hearing, counsel indicated Defendant Tarrio's willingness to provide access to digital platforms and conceded the Plaintiffs are "entitled to know what's out there that might link Defendant Tarrio to the Trump campaign and the other Trump Defendants." June 27, 2025 Disc. Hr'g Tr. at 23:16-18. Yet rather than follow through and provide Plaintiffs with access to the responsive documents and interrogatory responses, Defendant Tarrio, for the first time, invoked the Fifth Amendment as a blanket privilege against responding to any of the discovery requests at issue. Defendant Tarrio's refusal to produce documents, respond to interrogatories, and dilatory tactics have now necessitated the re-litigation of motions to compel with differing rationale. The discovery rules simply do not countenance such wasteful, dilatory

10

tactics. *See In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998) (stating, relative to a belated claim of Fifth Amendment privilege, Rule 45 "require[s] the recipient of a subpoena to raise all objections at once, rather than in staggered batches, so that discovery does not become a 'game'"); *cf. United States v. Bryan*, 339 U.S. 323, 331 (1950) ("A subpoena has never been treated as an invitation to a game of hare and hounds, in which the witness must testify only if cornered at the end of the chase. If that were the case, then, indeed, the great power of testimonial compulsion, so necessary to the effective functioning of courts and legislatures, would be a nullity.").

After two years, multiple responses to the same discovery requests, and a discovery hearing on his deficient responses to them, Defendant Tarrio raised the blanket Fifth Amendment privilege claims for the first time as he faced the Court's July deadline to produce in accordance with the assurances he made at the June 27 hearing. Defendant Tarrio has waived his opportunity to assert those Fifth Amendment claims.

**II.      Defendant Tarrio has no basis to invoke Fifth Amendment protection.**

Waiver aside, the Fifth Amendment privilege does not shield Defendant Tarrio from responding to the discovery requests at issue. As the Supreme Court has repeatedly recognized, "the privilege protects against real dangers, not remote and speculative possibilities." *Zicarelli v. N.J. State Comm'n of Investigation*, 406 U.S. 472, 478 (1972). There is no real danger that Defendant Tarrio will be prosecuted again for his conduct related to January 6.

Defendant Tarrio was federally prosecuted, convicted, sentenced and then pardoned for his role in the January 6 attack on the Capitol. Plaintiffs are requesting discovery for precisely this conduct. For example, Plaintiffs' requests seek documents and communications regarding the organization and planning for January 6, 2021, *see, e.g.*, Ex. 1 at 9; photographs and audio or visual recordings regarding January 6, 2021, *see, e.g.*, *id.*, and Defendants' email addresses, social media

and digital messaging handles, and phone numbers, *see* Ex. 4 at 7. All information requested relates to the allegations in the complaint concerning the events of January 6. There is absolutely no basis for the United States to prosecute him again for the same conduct. Thus, Defendant Tarrio faces no real danger of prosecution, and the Fifth Amendment protection against self-incrimination does not apply.

Counsel for Defendant Tarrio has raised the unfounded concern that Defendant Tarrio could be prosecuted by D.C. authorities, even though he was already prosecuted federally for his actions related to January 6. The constitutional protection against double jeopardy prohibits D.C. authorities from prosecuting a defendant whom the United States already has prosecuted for the same or related conduct. *See United States v. Sumler*, 136 F.3d 188, 191 (D.C. Cir. 1998) ("A person acquitted of a crime under District law may not be charged with that same crime under federal law in a successive prosecution (or vice versa); the same sovereign may not take a second bite at the apple."); *United States v. Mills*, 964 F.2d 1186, 1193 (D.C. Cir. 1992) (explaining that "successive D.C. and federal prosecutions for the same conduct are subject to the bar on double jeopardy").

### III. Continued failure to respond to discovery requests should result in sanctions.

By refusing to respond to legitimate discovery requests, Defendant Tarrio continues to inhibit and impair Plaintiffs from the fair development of their case. Federal Rule of Civil Procedure 37(b) authorizes the Court to impose sanctions for failure to abide by a discovery order, including entering default judgment against the disobedient party. At the June 27 hearing on Plaintiffs' Motion to Compel, the Court specifically ordered Defendant Tarrio to answer each of the 48 requests for production with either an objection, an indication of an intent to produce documents, or some combination of the two options. In addition, the Court ordered Defendant

Tarrio to turn over "user name and passwords" to enable Plaintiffs to access responsive accounts. *See* June 27, 2025 Disc. Hr'g Tr. at 16:2-7, 25:15-25. Instead of complying with the Court's Order, Defendant Tarrio asserted this flimsy Fifth Amendment claim. Plaintiffs request that the Court put Defendant Tarrio on notice that continued failure to produce information responsive to Plaintiffs' discovery requests will result in sanctions. *See, e.g.*, *Shvartser v. Lekser*, 321 F.R.D. 23, 25 (D.D.C. 2017) (warning party of potential sanctions for failure to comply with discovery orders); Dkt. 329 (warning Defendants that they "have an obligation to respond to any discovery requests made by Plaintiffs," and "failure to confer with Plaintiffs regarding their discovery requests may result in sanctions for Defendants and defense counsel").

## **CONCLUSION**

Defendant Tarrio has waived his right to assert a Fifth Amendment privilege as to the discovery requests at issue and, further, has no basis for the assertion. The Court should order Defendant Tarrio to produce all information and records responsive to Plaintiffs' discovery requests, as previously addressed at the June 27, 2025 discovery hearing. Namely, the Court should order Defendant Tarrio to produce signed interrogatory responses, appropriate objections and/or indications of forthcoming productions in response to Plaintiffs' First and Second Requests for Production, and access to accounts with responsive information.

Dated: September 9, 2025

SELENDY GAY PLLC
Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Babak Ghafarzade, *pro hac vice*
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
bghafarzade@selendygay.com

SPERLING KENNY NACHWALTER
William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
Jeffrey T. Foreman, *pro hac vice*
Four Seasons Tower, Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Tel: 305-373-1000
wblechman@sperlingkenny.com
ehonkonen@sperlingkenny.com
jtf@sperlingkenny.com

Respectfully submitted,

LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW

By: */s/ Edward G. Caspar*

Edward G. Caspar, D.C. Bar No. 1644168
Marc P. Epstein, D.C. Bar No. 90003967
1500 K Street N.W., Suite 900
Washington, D.C. 20005
Tel: 202-662-8390
ecaspar@lawyerscommittee.org
mepstein@lawyerscommittee.org

## **CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5, a copy of the foregoing filing is being served electronically on those parties who have appeared and registered with the Court's ECF system. Plaintiffs are serving remaining defendants via first class mail or other permitted means.

Dated: September 9, 2025                    */s/ Edward G. Caspar*
                                            Edward G. Caspar