UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

——————————————————————

CONRAD SMITH, *et al.*,                 )
                                        )
        Plaintiffs,                     )
                                        )
    v.                                  )
                                        )    Case No. 21-cv-02265 (APM)
DONALD J. TRUMP, *et al.*,              )
                                        )
        Defendants.                     )
——————————————————————  )

## ORDER

Before the court is a discovery dispute between Plaintiffs, each of whom is a current or former law enforcement officer, and the Campaign Defendants. The latter seek to compel the former to disclose their home addresses and Social Security numbers. *See* Jt. Status Rpt., ECF No. 435, at 14–18. The court declines to order those disclosures on the present record.

Federal Rule of Civil Procedure 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). "The decision to limit or deny discovery by means of a Rule 26 protective order rests on a balancing of various factors: the requester's need for the information from this particular source, its relevance to the litigation at hand, the burden of producing the sought-after material; and the harm which disclosure would cause to the party seeking to protect the information." *Burka v. U.S. Dep't of Health & Hum. Servs.*, 87 F.3d 508, 517 (D.C. Cir. 1996). Further, "[a]lthough the Rule [26(c)] contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984).

1

The Rule thus permits a district court "to balance defendant's need for [evidence] against plaintiff's valid privacy concerns." *Smith v. Cafe Asia*, 246 F.R.D. 19, 21–22 (D.D.C. 2007).

Balancing the relevant factors here weighs in favor of Plaintiffs. First, Plaintiffs obviously have a strong privacy interest in the information sought—home addresses and Social Security numbers. That is true even though Plaintiffs brought this suit and are seeking damages for personal injuries. Second, the information is tangentially related to the disputed issues. The Campaign Defendants already have received voluminous medical and other records concerning Plaintiffs that go to the heart of their claims. Third, the Campaign Defendants have articulated only a general need for the information. They suggest that they could use Social Security numbers to run background checks and home addresses to identify potential witnesses who might contradict Plaintiffs' asserted injuries. But that such investigations *might* produce admissible evidence is at best speculative. The Campaign Defendants need to offer more than a "maybe we'll find evidence" rationale to gain access to such private information. Finally, the physical act of producing their home addresses and Social Security numbers would not burden Plaintiffs, but that is but one factor. The other three strongly favor granting the protective order.

The court also has considered whether requiring production pursuant to an "attorneys' eyes only" designation might sufficiently mitigate Plaintiffs' privacy concerns. Due to the presence of pro se defendants in this case, the court thinks not. Although the court has no reason to doubt that the Campaign Defendants' counsel would maintain the information in confidence and use it for litigation purposes only, the court is less confident that pro se defendants will do so. The court cannot make discovery available to one defendant but not another simply because one is represented and the other is not. Because of the risk of misuse by pro se defendants, the court cannot rely on an attorney's eye only designation in this case to protect the information.

For the foregoing reasons, the court denies the Campaign Defendants' demand for disclosure of Plaintiffs' home addresses and Social Security numbers and grants Plaintiffs a protective order with respect to that information.

Dated:  October 6, 2025

Amit P. Mehta
United States District Judge