IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONRAD SMITH, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> Defendants. | Civil Action No. 1:21-CV-02265-APM |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANT TARRIO TO RESPOND TO DISCOVERY REQUESTS**

Plaintiffs' Motion to Compel requests the Court's assistance in obtaining discovery from Defendant Tarrio, who to date has not provided a single document or provided substantive, signed answers to interrogatories. Defendant Tarrio's Opposition provides no justification for his two-year delayed invocation of his Fifth Amendment rights, withdraws a previous commitment to provide discovery and further, provides no factual basis about how his circumstances have changed to justify asserting his privilege at this late date. Because Defendant Tarrio provides no grounds for denying Plaintiffs' Motion, the Court should grant the Motion, require Defendant Tarrio to adequately respond to Plaintiffs' discovery requests and amend or supplement deficient responses, and warn Defendant that his continued failure to respond to Plaintiffs' discovery requests or address deficiencies in his prior responses will result in appropriate sanctions.

**DISCUSSION**

Plaintiffs' Motion to Compel requests the Court's assistance in requiring Defendant Tarrio to comply with basic, indisputable discovery obligations. In his response, Tarrio essentially makes two arguments regarding the Fifth Amendment: that (1) he has not waived his ability to invoke his Fifth Amendment rights because waiver is generally disfavored by Courts; and (2) he has a valid

basis to invoke this privilege due to changed circumstances. Each of Defendant Tarrio's arguments fail.

First, Defendant Tarrio argues that he has not waived his Fifth Amendment privilege. Yet, he provides absolutely no explanation for the two-year delay in asserting this right. As Plaintiffs argue in the Motion to Compel, Defendant Tarrio has waived his ability to invoke the Fifth Amendment as he (1) waited two years to assert his Fifth Amendment privilege; (2) previously responded to Plaintiffs and the Court with multiple reasons why he was unable to comply with identical production requests; and (3) indicated in previous responses that he intended to comply with discovery.

Tarrio fails to address any of these contentions in his response and provides no factual basis to justify why he failed to raise his Fifth Amendment concern despite countless opportunities to do so since the first Request for Production on April 4, 2023. In his response, he merely cites two cases for the general proposition that waiver is disfavored by Courts.[1] ECF No. 436 ("Tarrio Opp'n") at 4-5. He provides no rationale as to why waiver is not appropriate in this matter where he has evaded Plaintiffs' discovery requests for two years.

---

[1] Defendant Tarrio's reliance on *Johnson v. Zerbst*, 304 U.S. 458 (1938), and *Klein v. Harris*, 667 F.2d 274 (2d Cir. 1981), is misplaced. In *Zerbst,* a Sixth Amendment case addressing a criminal defendant's waiver of the right to counsel, (1) the defendant there was "contend[ing] that he was ignorant of his right" and also (2) the Court recognized that "the burden of proof rests upon him to establish that he did not competently and intelligently waive his constitutional right." *Zerbst*, 304 U.S. at 467-69. Neither circumstance applies to Tarrio, who (1) was represented by counsel undoubtedly aware of his Fifth Amendment right and (2) has failed to establish that he did not competently and intelligently waive his constitutional right. Similarly, *Klein* involved a criminal defendant who waived his Fifth Amendment privilege by voluntarily testifying under oath and disclosing incriminating information in an earlier proceeding. Far from supporting Defendant's position, *Klein* reinforces that a waiver can occur when a party, through prior conduct, waives the privilege—precisely what has occurred here. *See* 667 F.2d at 287.

Further, courts have found that civil litigants' gamesmanship and dilatory tactics can independently lead to waiver of Fifth Amendment rights. *Day v. Boston Edison Co.*, 150 F.R.D. 16, 22 (D. Mass. 1993) (holding waiver of right to object on grounds of self-incrimination under Fifth Amendment where party engaged in "procedural gamesmanship and dilatory tactics" (citation omitted)). Tarrio continues to engage in delay tactics, even within his response to the Motion to Compel.

Specifically, at the June 27 hearing in this matter, counsel for Defendant Tarrio indicated Tarrio's willingness to provide access to digital platforms and conceded that Plaintiffs are "entitled to know what's out there that might link Defendant Tarrio to the Trump campaign and the other Trump Defendants." June 27, 2025 Disc. Hr'g Tr. at 23:16-18. Yet, in his response to the Motion to Compel, Defendant Tarrio no longer merely asserts the Fifth Amendment in his refusal to comply with the Court Order for production that followed the hearing. Rather, Tarrio now asserts that he has "changed his mind about agreeing to such an inspection." Tarrio Opp'n at 2. He contends his offer to produce was a "mistake" and that "providing unfettered access to Tarrio's (or anyone's) ESI, is probably irresponsible and certainly very bad form." *Id.* He further states, without any explanation, that the inspection of electronic devices "could harm Tarrio or members of his family." *Id.* Thus, Tarrio now continues his pattern of gamesmanship by withdrawing the offer to produce and providing new explanations for his non-compliance.

Second, Defendant Tarrio argues that beginning in July 2025, there are changed circumstances that form the basis for his Fifth Amendment privilege. He claims that he "came to appreciate a pervasive self-incrimination issue with respect to the compelled production of discovery and testimony in all January 6 civil cases against Tarrio." *Id.* at 3. To justify a Fifth Amendment invocation due to changed circumstances, Defendant Tarrio must demonstrate an

3

alteration in his potential criminal exposure for the events of January 6.[2] *Mitchell v. United States*, 526 U.S. 314, 326 (1999) ("If no adverse consequences can be visited upon the convicted person by reason of further testimony, then there is no further incrimination to be feared," and no Fifth Amendment protection.); *United States v. Allmon*, 594 F.3d 981, 986 (8th Cir. 2010) (holding fear of reprisal is an invalid basis for asserting the Fifth Amendment privilege against self-incrimination.); *cf. In re Interbanque, Inc.*, No. 95-364, 1996 WL 762330, at *8 (Bankr. D.C. Mar. 28, 1996) ("[T]he indictment creates a more concrete threat of self-incrimination and is enough of a changed circumstance to support the court's conclusion that the privilege has not been waived by his failure to assert it.").

In his response, Defendant Tarrio raises a litany of what he considers to be changed circumstances, including continuing societal issues such as "raging cultural discord" related to January 6, shifting congressional majorities, the public attention directed at Defendant Tarrio, and the potential for further political committee investigations into January 6. Tarrio Opp'n at 6-7. Notably missing from this list of changed circumstances is any exposure for Defendant Tarrio to future criminal charges or indictments. As the Supreme Court has repeatedly recognized, "the privilege protects against real dangers, not remote and speculative possibilities." *Zicarelli v. N.J. State Comm'n of Investigation*, 406 U.S. 472, 478 (1972).

Defendant Tarrio concedes in his response that "the person asserting the privilege doesn't get to make it up. Danger or risk of an 'imaginary and unsubstantial character' will not support the

---

[2] Defendant's reliance on *Ohio v. Reiner*, 532 U.S. 17 (2001), to stand for the proposition that his Fifth Amendment invocation is valid is also misplaced. *Reiner* involved a witness facing potential criminal exposure in an ongoing prosecution and held that the protection of the Fifth Amendment privilege against self-incrimination extends only to witnesses that have a "reasonable cause to apprehend danger from a direct answer." 532 U.S. at 21 (citation omitted). Here, Tarrio is a civil litigant who has already been prosecuted, convicted, and pardoned for the same conduct covered by the discovery request and he has no criminal exposure for complying with the requests.

assertion." Tarrio Opp'n at 6 (quoting *Mason v. United States*, 244 U.S. 362, 366 (1917)). Defendant Tarrio has identified no potential criminal prosecution that would arise from complying with production requests relating to the conduct for which he was indicted, tried, convicted, and pardoned.[3] Defendant Tarrio refuses to provide discovery under a Fifth Amendment claim but no changed circumstances justify this refusal. There is no danger to Defendant Tarrio that he will be criminally prosecuted again in any forum for his conduct related to January 6 and he cannot use the Fifth Amendment as a shield against his discovery obligations.

## CONCLUSION

Defendant Tarrio can only assert his Fifth Amendment privilege as a protection against real criminal jeopardy. Defendant Tarrio has waived his right to assert a Fifth Amendment privilege as to the discovery requests at issue and, further, has no basis for the assertion. The Court should grant the Motion to Compel and order Defendant Tarrio to adequately respond to Plaintiffs' discovery requests and require him to amend or supplement deficient responses and warn Defendant that his continued failure to respond to Plaintiffs' discovery requests, or address deficiencies in his prior responses, will result in appropriate sanctions.

---

[3] Defendant Tarrio again has raised the unfounded concern that he could be prosecuted by D.C. authorities, even though he was already prosecuted federally for his actions related to January 6. *See* Tarrio Opp'n at 8. The constitutional protection against double jeopardy prohibits D.C. authorities from prosecuting a defendant whom the United States already has prosecuted for the same or related conduct. *See United States v. Sumler*, 136 F.3d 188, 191 (D.C. Cir. 1998) ("A person acquitted of a crime under District law may not be charged with that same crime under federal law in a successive prosecution (or vice versa); the same sovereign may not take a second bite at the apple."); *United States v. Mills*, 964 F.2d 1186, 1193 (D.C. Cir. 1992) (explaining that "successive D.C. and federal prosecutions for the same conduct are subject to the bar on double jeopardy").

| | |
|---|---|
| Dated: October 10, 2025 | Respectfully submitted, |
| SELENDY GAY PLLC<br>Faith E. Gay, *pro hac vice*<br>Joshua S. Margolin, *pro hac vice*<br>Babak Ghafarzade, *pro hac vice*<br>1290 Avenue of the Americas<br>New York, NY 10104<br>Tel: 212-390-9000<br>fgay@selendygay.com<br>jmargolin@selendygay.com<br>bghafarzade@selendygay.com<br><br>SPERLING KENNY NACHWALTER<br>William J. Blechman, *pro hac vice*<br>Elizabeth B. Honkonen, *pro hac vice*<br>Jeffrey T. Foreman, *pro hac vice*<br>Four Seasons Tower, Suite 1100<br>1441 Brickell Avenue<br>Miami, FL 33131<br>Tel: 305-373-1000<br>wblechman@sperlingkenny.com<br>ehonkonen@sperlingkenny.com<br>jtf@sperlingkenny.com | LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW<br><br>By: */s/ Marc P. Epstein*<br><br>Edward G. Caspar, D.C. Bar No. 1644168<br>Marc P. Epstein, D.C. Bar No. 90003967<br>1500 K Street N.W., Suite 900<br>Washington, D.C. 20005<br>Tel: 202-662-8390<br>ecaspar@lawyerscommittee.org<br>mepstein@lawyerscommittee.org |

6

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5, a copy of the foregoing filing is being served electronically on those parties who have appeared and registered with the Court's ECF system. Plaintiffs are serving remaining defendants via first class mail or other permitted means.

Dated: October 10, 2025            */s/ Marc P. Epstein*
                                   Marc P. Epstein