UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CONRAD SMITH** *et al.* ) | |
| ) | |
| **v.** ) | Civil Action No. 1:21-CV-02265-APM |
| ) | |
| **DONALD TRUMP,** *et al.*, ) | |
| ) | |
| **Defendant.** ) | |

## RESPONSE TO ORDER AT ECF NO. 442 TO SHOW CAUSE FOR DEFENDANT KELLY MEGGS

Comes now the undersigned as counsel for Defendant, KELLY MEGGS, and responds to the Order to Show Cause at ECF No. 442 and respectfully provides this humble effort to correct what may be the Court's misimpression of Counsel's candor in the opposition Response at ECF No. 413 to the Plaintiff's Motion to Compel; where she made honest "unknowing" mistakes; and where the Court should consider the mitigating circumstances as described herein as to the mistakes as well as her understanding of detail required in ECF's 415 and 421 (Surreply) when she noted her erroneous attribution of a D. Md. rule to the D.D.C..

### INTRODUCTION

In ECF No. 442 the Court ordered undersigned counsel to "show cause by October 21, 2025, why the court should not impose sanctions and make a referral to relevant bar authorities for "knowingly mak[ing] a false statement of . . . law to a tribunal or fail[ing] to correct a false statement of . . . law previously made to the tribunal by the lawyer" citing Model Rule of Prof. Conduct 3.3(a)(1); see also D.C. Rule of Prof. Conduct 3.3(a)(1); Fla. Rule of Prof. Conduct 4-3.3(a)(1).

The Court Ordered that the Response include "(1) how the fabricated Local Civil Rule citations and quotations came to be included in the Opposition and (2) why upon reviewing Plaintiffs' reply brief she did not take immediate steps to withdraw or fully correct the Opposition." ECF No. 442 at 2.

Ms. Stewart's practice before all courts and in this Court, particularly in criminal cases, demonstrated a record of candor where she advocated diligently for her clients, argued the law, but never attempted false representations. This judge and other judges in the district at times disagreed and countered with a differing interpretation of the law. But throughout her period of practice, Ms. Stewart never shied away from admitting a mistake, which prior to now involved only a limited number of procedural mistakes.

In this matter Ms. Stewart made an honest mistake under what should be considered mitigating circumstances described herein; and did not *knowingly* make a false statement of law or fabricate anything. She also believed her response in ECF's No. 415 and 421 adequately addressed *the material facts of law*, but in retrospect states that she should have been more thorough and prudent in specifying that she was addressing *all* references to Rule 104(7)-(8) (and variants, such as local court rules or Rule 8a). For example, she referred to the Federal Rules and Local Rules in ECF No. 415 at 1 as not specifying a time to object to responses without specifically stating that all references to Rule 104(7)-(8) and variants do not apply in this District. The admission apparently lacked good clarity but not candor.

At no time did or does Ms. Stewart use Artificial Intelligence (AI) for her legal research, to include the input to ECF No. 413. Her legal research primarily uses her paid subscription to Lexis+, and as required, additional professional secondary sources (purchased or available on-line such as in law libraries).

2

Ms. Stewart was working on an Amended ECF No. 413 filing with Errata when the Court issued the present Order. She was not delaying her amended filing and believed she had time given the mitigating circumstances that had disrupted work in multiple cases. She completed and filed an Amended ECF No. 413 Response on the record as ECF No. 449. The Errata shows that all references to the mislabeled D. Md. Rule 104 and variants are now removed and except for the 30-day time in 104 (8), all are replaced with valid Federal Rules, a D.D.C. Rule, or caselaw.

## BACKGROUND

Ms. Stewart was engaged for this case after Mr. Meggs received the ECF No. 409 Motion to Compel, where he was not conferred with or contacted as to points of disagreement with his discovery responses.

In the Response at ECF No. 413, Ms. Stewart cited only the Federal Rules of Civil Procedure and some minimal caselaw in the Legal Standard paragraph. ECF 413 at 3-5.

She mistakenly labeled as a D.D.C. Rule the D. Md. Rule 104, 104 (7)-(8) or just 104 (7) on page 1 and in the Argument on page 5-6, with reference to 104 (8) or just Rule 8(a) on pages 6-7 of the Argument.

## LEGAL STANDARD

Model Rule 3.3 of the American Bar states :

(a) A lawyer shall not knowingly:

(1) make a false statement of fact or law to a tribunal or *fail to correct* a false statement of *material fact or law* previously made to the tribunal by the lawyer; . . .

Model Rule 1(f) Terminology states that "Knowingly," "known," or "knows" denotes actual knowledge of the fact in question. A person's knowledge may be inferred from circumstances.

Fla. Rule of Prof. Conduct 4-3.3(a)(1) matches the above where, "Knowingly," "known," or "knows" denotes actual knowledge of the fact in question. A person's knowledge may be inferred from circumstances.

## DISCUSSION

1.  **How the fabricated Local Civil Rule citations and quotations came to be included in the Opposition**.

The answer to this question starts with a summary of mitigating circumstances where an honest mistake led to incorrectly labeling local district rules, where although mislabeled, the rules from another district do exist.

With multiple cases ongoing with short term suspenses, what can be described as an Information Technology (medium and not catastrophic due to backup capability) disaster happened between July 27 – 29, 2025. Multiple short power outages during a record heat wave occurred in the undersigned's rural area that is at the end of a power grid branch. These outages included subsequent power surges. Additionally, lightning struck within 25 yards of the office during this period. Whether there were concurrent associated Amazon Web Server (AWS), Apple Cloud, Microsoft One Drive cloud, Azure, email server, and other application outages was not in the undersigned's capability to ascertain. For example, with the October 20, 2025, AWS outage, Lexis+ was not working all day, and the undersigned received no notification from Lexis until after 4:00 p.m. In short, the office network and systems went out.

Attributing the issue to lightning and power surges, where in Florida electronics often are damaged, the external drive with the most recent work for multiple cases was damaged. Data files, particularly Word and Adobe ones, on both the computer desktop and external hard drive were corrupted. The most recent document versions had not been transferred and synched via cloud connectivity. Given multiple strong power disruptions, the undersigned had to reestablish the

4

business network, to include re-setting the internet connection and Wi-Fi, as well as reloading some computer and network software multiple times.

The undersigned had to revert to an older version of the Response that was an initial placeholder. Using handwritten notes (in the low light, overnight since the office overhead LED lights became non-functional after the close lightning strike) the response had to be retyped and recreated. The caselaw citation document that was from Lexis+ case research was corrupted, and connectivity to Lexis+ was not working for the most part. Whether that was because of issues at their end or because of Ms. Stewart's requirement to reset computer settings was not discernible at the time. Without the caselaw research, the undersigned decided to continue with use of District Court Rules and the Federal Rules that applied. Lexis+ connectivity was not reliably re-established prior to the filing of ECF No. 413, while her work continued on other cases. For example, in another case, her email would not leave the outbox and that disruption impacted conferring on a motion. And in that same case, all the previous work where data had become corrupted also required recreation of the motion from an early version and hand-written notes.

It was not until the Reply that the undersigned became aware there had been an error in citation. The following filing error by the undersigned was the most important cause amidst the above mitigating Information Technology disaster circumstances: having just worked District of Maryland case motions in June and early-July 2025, the district rules for that court were available on the computer. Upon inspection after the fact of the Reply, the undersigned saw that she had mistakenly just labeled them "District Rules" and in a transfer synch between computers, had later mistakenly filed them in the D.D.C. Rules folder. In the haste of retyping and recreating several motions in bad light, the undersigned did not see the compound error when going into the D.D.C.

5

Rule folder sometime around July 28 and using .pdf search terms. That is the whole story of how the D. Md. Rules were honestly mistakenly cited as D.D.C. rules.

2. Why upon reviewing Plaintiffs' reply brief she did not take immediate steps to withdraw or fully correct the Opposition.

Ms. Stewart was still working on recovering her systems and network when she read the Reply. He reaction was to respond as quickly as possible. She did not communicate as clearly as she should have, despite the intent to show in ECFs No. 415 and 421 that the D. Md. rules that were labeled as D.D.C. rules should not be considered. She was still recovering and uploading for paralegal assistance many large discovery, transcripts, and trial exhibits. She believed her steps addressing what were material facts had been addressed and considers that she was not clear and deliberate enough at the time – while she was in fact working to correct and Amend ECF No. 413.

Further Discussion:

The references to Rule 104 and variants were generally in conjunction with or in support of the Federal Rules in the Legal Standard paragraph. The main stand-alone from the D. Md. Local Rules that is not covered in the Federal Rules or this Court's Local Rules is the 30-day timeline cited under "Rule 8(a)" that was mistakenly attributed to the D.D.C. rules. ECF 413 at 6. In the Amended Motion with Errata at ECF 449, Ms. Stewart replaced the mistakenly used and mislabeled D. Md. Rule 104 (and variants) with applicable and relevant Federal or D.D.C. rules and/or caselaw.

There were no fabricated rules. The D. Md. rules that were mistakenly mislabeled as D.D.C. rules in fact exist as cited. They are not AI or other fabrications.

As a note, the main arguments propounded that were intended as dispositive in ECF No. 413 all fell within the Federal Rules and associated caselaw; and addressed conferring standards to be met prior to filing to compel, mandatory specificity in showing relevance for what was

6

objected to in discovery responses in filing to compel and signed certification of conferring. ECF 413's Conclusion paragraph specifically addressed the failed requirement to confer. None of the requested relief in the Conclusion relied solely on the mislabeled D. Md. Rule 104 (and variants). The amended Response at ECF No. 449 demonstrates that, despite the matter now being moot given the Court's decision at ECF 443.

The above led to Ms. Stewart's interpretation as to what was *material*. Again, prudently she should have not condensed her references to the mistaken citations and should have instead clearly stated that all references to "Rule 104" and variants to include Rule 8 did not apply and should be disregarded as mislabeled in the filings for Surreply. For example, she wrote, "The undersigned has already presented a mea culpa for accidentally referring to a MD District local rule (and potentially an artifact from an old version of the local rules here) and will not belabor points of argument by providing caselaw that the Plaintiffs sat on laches in waiting over a year to complain about the 'initial discovery' and any interrogatory responses." ECF No. 421 at 4. As written, the statement assumed the reader correlated the timing to the 30 days requirement of mislabeled Rule 104 (8). She should not have made any assumptions.

The recreation of the caselaw that had previously been researched and compiled required time and was being accomplished as quickly as possible amidst "disaster" recovery. Ms. Stewart in retrospect would have given this project a higher priority.

Ms. Stewart is not attempting to make any excuses here and accepts full responsibility for her mistakes. She respectfully asks the Court to consider them as honest in that they were well-intentioned efforts. In retrospect, she should have asked for an extension in both the Response and then advised the Court in the last status conferenced that she was working on an Amended response.

## CONCLUSION

WHEREFORE, with the undersigned having learned valuable lessons, being more than embarrassed at making such errors, and having shown good cause where her honest mistakes will never be repeated even under extreme conditions as occurred in this case with a mistaken reference to Maryland District Court local rule 104, and a less than prudently clear correction in the Notice of Surreply and Surreply, the Court should not file a grievance or bar referral. Ms. Stewart values her reputation for candor and would never intentionally damage that and asks the Court's forgiveness for an honest mistake in both areas she was asked to respond to here.

October 21, 2025

Respectfully Submitted,
/s/ *Carolyn A. Stewart*
Carolyn A. Stewart, D.D.C. Bar No. FL-0098
Defense Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Tel: (813) 659-5178
Email: Carolstewart_esq@protonmail.com

## Certificate of Service

I hereby certify on the 21st day of October 2025, a copy of the foregoing was served upon all parties of record as forwarded through the Electronic Case Filing (ECF) System.

/s/ *Carolyn A. Stewart*
Carolyn A. Stewart, Esq.