IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CONRAD SMITH, ET AL., )
)
Plaintiffs, )
) CV No. 21-2265
vs. ) Washington, D.C.
) October 20, 2025
DONALD J. TRUMP, ET AL., ) 3:36 p.m.
)
Defendants. )
_____________________________________)

TRANSCRIPT OF PROCEEDINGS
HEARING ON MOTION TO COMPEL DISCOVERY VIA ZOOM
BEFORE THE HONORABLE AMIT P. MEHTA
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiffs:              Mark P. Epstein
                                 Edward G. Caspar
                                 LAWYERS' COMMITTEE FOR
                                 CIVIL RIGHTS UNDER LAW
                                 1500 K Street NW
                                 Suite 900
                                 Washington, D.C. 20005
                                 (202) 662-8318
                                 Email:
                                 mepstein@lawyerscommittee.org
                                 Email:
                                 ecaspar@lawyerscommittee.org

                                 William J. Blechman
                                 SPERLING KENNY NACHWALTER, LLC
                                 1441 Brickell Avenue
                                 Suite 1100
                                 Miami, FL 33131
                                 (305) 373-1000
                                 Email: wjb@sperlingkenny.com

APPEARANCES CONTINUED:

For Defendant
Enrique Tarrio:                 John Daniel Hull, IV
                                HULL MCGUIRE PC
                                1420 N Street, NW
                                Washington, D.C. 20005
                                (202) 429-6520
                                Email: jdhull@hullmcguire.com

Court Reporter:                 William P. Zaremba
                                Registered Merit Reporter
                                Certified Realtime Reporter
                                Official Court Reporter
                                E. Barrett Prettyman CH
                                333 Constitution Avenue, NW
                                Washington, D.C. 20001
                                (202) 354-3249

Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription

P R O C E E D I N G S

COURTROOM DEPUTY:  Good afternoon.  This Honorable Court is now in session; the Honorable Amit P. Mehta presiding.

Your Honor, we're now calling for the record Civil Action 21-2265, Smith, et al., versus Trump, et al.

Your Honor, present for the parties, Marc Epstein and William Blechman for the plaintiffs.

And John Hull for Defendant Tarrio.

THE COURT:  Okay.  Good afternoon, everybody.

So there had been a request by Mr. Hull for a short hearing on plaintiffs' motion to compel Mr. Tarrio to respond to his discovery requests; essentially rule on his assertion of the Fifth Amendment.  So that's the purpose of our hearing this afternoon.

So, Mr. Hull, I'll turn it over to you.  And is there anything you'd like to add in addition to what you've already put forward in your papers?

MR. HULL:  Yeah, I would.

And thank you, Your Honor, for doing this. I appreciate it.  I know you've had a busy day.

My argument on Fifth Amendment, both with respect to documents and testimony, is novel, but not rocket science.

Defendant Tarrio was not on -- in Washington, D.C.

on January 6th.  He was in Baltimore.  He was in Baltimore for a couple of days because he was basically banned from Washington, D.C.  And I don't see any reason -- and I'll give you another example in a second -- why he isn't in some jeopardy, perhaps not imminent jeopardy, I'm not sure I need that, from state or federal prosecution with respect to his activities in Baltimore on the 5th and 6th when he was there.  He might have trailed over into the 7th.

I don't see anything preventing a state, or, for that matter, a federal prosecutor from going after Tarrio for things he did in connection with that.

And I've been around the January 6th cases enough to know that, with respect to conspiracy, almost anything can lead to anything else.  And we saw that -- I know that you presided over the Oath Keepers trials.  I spent six really interesting months with Judge Kelly in connection with the criminal trials against Mr. Tarrio and some others. I was representing Joe Biggs at the time, but I was -- I saw what happened.

And I also appreciate what can happen.  As you may know, Judge Kelly entertained and accepted a tool theory that basically allowed any kind of document or any kind of testimony that might link any of the defendants, especially Tarrio, to a conspiracy to be involved with decertifying the election -- the Biden-Harris results on January 6th.

Now, on top of that -- and I think it's important to remember what Tarrio did and did not do in this proceeding.

Tarrio was not -- Tarrio was involved with this proceeding before he was even reduced to custody in the criminal case.  He came into this case on December 23rd with an answer attempting -- December 23rd, 2022, to tell his story with respect to what happened.  No, he doesn't get special credit for that, but he was in a position where he was not incarcerated and would not be for four more months.

After he got into this proceeding, things happened.  Things in the country stayed at a fairly -- in the nation, in terms of public opinion, stayed fairly static with respect to the decibel level of January 6th. That's still true.

And the other point I would make -- so coming into it -- he came into it with the understanding that he would, one, protect his rights; he didn't want default judgments against him; and, additionally, be able to tell his story, or the story of the Proud Boys; however -- and that's -- and we didn't file a motion to dismiss; we didn't join in a motion to dismiss; we just filed an answer.

Now, four months later after he filed that answer, he was arrested in Miami, he was arrested a year later, more than a year later, and the other criminal defendants in the

criminal case, 21-175, before Judge Kelly.

In addition to that -- and I should point out, with respect -- I put on an example of a Maryland statute. And I actually hadn't thought of this, but my opponents gave me the idea. There's something called, I guess, mass violent crimes. They don't really have terroristic -- terrorism in Maryland the way they do in the D.C. criminal code. As you probably know or may not know, I know you're from Maryland, there is no statute of limitations at all on felonies in Maryland. There's nothing to prevent something to come at Tarrio from that direction.

Probably even more importantly, the reason that Tarrio was not in Washington, D.C. either, with a flag burning and another -- and a misdemeanor, which cost him about four months in jail, in the D.C. jail, in the latter part of 2022.

As a result of that -- and that was the AME church case that's now a civil case, somewhat like this one, this proceeding, in the Superior Court.

As a result of that, he's also been asked to produce documents. He has agreed to produce documents, which would go to post-discovery, execution, things like that. But he's pled the Fifth Amendment with respect to everything else for the same reasons.

I see no reason why an AUSA cannot, under one of

the D.C. criminal statutes I can think of, one is terrorism, and you can -- that can expand beyond three years, it can go up to nine years, as I read the statute of limitations in D.C., why he would not be subject to that. So that is basically my argument.

And I think that you need to look at this maybe a little bit more kaleidoscopically. I don't think I have to give you, or anyone, the exact scenario under which a motivated prosecutor from either Maryland, perhaps another state, or D.C. would have to have, besides a theory, be motivated and have a friendly statute of limitations. And those things are true with respect to both Maryland and D.C. in Mr. Tarrio's case.

There's nobody quite like Mr. Tarrio situated this way; I don't think we're opening up any doors. And, you know, I would -- and I will be quiet in a minute. I would like to have had my proportionality arguments be accepted a little bit more by my opponent.

As I think they will agree, I unlocked everything that the Justice Department thought that was interesting about Tarrio when I helped them or joined in freeing the trial exhibits that were used in the criminal trial against Tarrio in Judge Kelly's case. I helped him get those documents. Frankly, there's not a lot of documents to get with respect to Tarrio. But I think that anything that he

produces now or anything he does further in participation of this proceeding puts him in jeopardy.

And, again, I don't think I need to show imminent jeopardy.  I don't think -- I think I can speculate a little bit.  But I don't think it's fanciful to think that he does not have a right to this amendment.  And I think it's the only thing he can do in this case.

Why didn't I do this before?  He came into this proceeding on a little bit different basis than other people, which I think I explained earlier.  And the answer would be, he just -- he changed his mind.  The decibel levels with respect to him, especially in his Superior Court proceeding and nationally, have not changed at all, and I think he's at risk.

So with that, I think you're right, everything else that I needed to say is in my eight-page paper that I filed on the 30th.  Thanks.

THE COURT:  All right.  Thank you, Mr. Hull.

All right.  Mr. Epstein or Mr. Blechman, do you want to be heard?

MR. EPSTEIN:  That would be great, Your Honor.

I'd like to make just three points.

And call your attention, Your Honor, to a few things that opposing counsel just said in the hearing.

First of all, this is a classic case of waiver.

Not just because of Mr. Tarrio's two-year delay in asserting the privilege, but also because there's a robust record of affirmative conduct evidencing waiver, which Mr. Hull just described to you in multiple instances.

Mr. Tarrio has had the opportunity to raise the Fifth Amendment in response to the various discovery requests at issue for over two years, not just in his original discovery responses but even in amended responses to the same requests and then in court hearings as to those same requests.

Rather than assert the Fifth Amendment, Mr. Tarrio asserted other objections, which Mr. Hull just recognized, and affirmatively declared in response to these requests that he wants to participated, wanted to at the time, in this case, which, again, Mr. Hull just mentioned.

To quote from both his June 2024 and May 2025 discovery responses, Mr. Tarrio, "viewed participating in the case as an opportunity to answer the complaint and tell his side of the January 6th story."

And he even went so far as to answer interrogatories, albeit incompletely and without signing them. And it's only after we had a hearing and he agreed to produce his accounts for inspection that he turned to the Fifth Amendment.

And I'll call your attention, Your Honor, to what

Mr. Hull just said.  He "changed his mind," which suggests that he had decided not to assert the Fifth Amendment, and then he decided he should assert it, which is classic waiver.

And Mr. Tarrio does not appear to really dispute any of this, either in the papers or right now.  He relies generally on the presumption against waiver.  And that may be so, but the facts here more than justify his waiver.

My second point is that this is not a case where there has been a change of circumstances, which Mr. Tarrio discusses in his paper, at least not a change that would weigh in favor of a -- weigh against waiver, rather.

There's no new Indictment against Mr. Tarrio.  There's no increased risk of prosecution.  This isn't even a new proceeding or even a different part of the same proceedings.  This is the same exact discovery request that we were dealing with before and have been discussing for over two years.  The only change in circumstances is that Mr. Tarrio has been pardoned for offenses related to January 6th.

And that brings me to my third and final point, which is that, putting aside Mr. Tarrio's waiver, which is an independent basis to find in our favor, Mr. Tarrio also has no basis to invoke the Fifth Amendment.

And as I just mentioned, Mr. Tarrio has been

pardoned, which means not only is he no longer facing a criminal case, but he can't be federally prosecuted in the future for offenses within the scope of the pardon, which courts have held, for this particular pardon, includes "related to events that occurred at or near the United States Capitol on January 6th, 2021." And that's from a D.C. Circuit case, *United States v. Wilson*.

Beyond that, Mr. Hull has discussed several things on this call and in his papers. And I believe his words were, "I think I can speculate a little bit." But it's black-letter law that the danger of prosecution has to be more than remote and speculative, and that's all that Mr. Hull has raised here.

And so for those reasons, we ask you overrule Mr. Tarrio's objections, both because he does not have a basis to invoke the Fifth Amendment, and because, if he did at any point, he's waived it.

Thank you, Your Honor.

THE COURT: All right. Thank you, Counsel.

Okay. Look, I'm prepared to rule. I appreciate the parties' oral and written presentations.

But, you know, as to Mr. Tarrio's invocation to the Fifth, an invocation of the Fifth, I do think there are multiple grounds on which to rule against his invocation. I think he has waived it.

It wasn't exactly clear to me what the standard is in D.C. with respect to waiver of the Fifth, but Mr. Tarrio does cite a Second Circuit case called *Klein versus Harris* for the proposition that the Fifth Amendment waiver should be inferred in only the most compelling circumstances.

And even if I were to use that standard here, and I'll use that standard, the history of case this certainly establishes such compelling circumstances.  The plaintiffs in this case filed their complaint on August 26th of 2021.  Mr. Tarrio answered on December 24th, 2021.  As Mr. Hull has said, he answered with the intention of telling his story.

Then about a couple of years later, Mr. Tarrio did file a response and objections to the first request for production.  This is Exhibit 5 to the motion.  But he nowhere asserted the Fifth Amendment, even though at that time he was awaiting criminal sentencing.  He provided initial disclosures on October the 12th.

Then the following year, he provided, on June 29th of 2024, additional responsive objections to plaintiffs' first set of Interrogatories, the first -- July 28th was the first request for production.  This was the first set of Interrogatories on July 29.  This is Exhibit 7 to the motion, but, again, he did not assert the Fifth, even though at that point, his criminal case was on appeal and still

arguably was in a position to assert Five.

Then the Court, on May 13th of 2025, ordered Mr. Tarrio to respond to outstanding discovery. He did so on May the 19th. He provided an amended response to plaintiffs' first set of interrogatories, which are attached as Exhibit 8 to the motion, and yet again did not assert the Fifth.

Then on June 19th, he responded to plaintiffs' third set of requests for production, and that's Exhibit 9, and once more did not assert the Fifth.

The Court held a hearing on June the 27th to compel Mr. Tarrio to sign interrogatory responses and to provide additional responses to his first set of requests -- to plaintiffs' first set of requests for productions.

And at that point, this is June 27th. So we're now almost four years after the complaint was filed, three and a half years after Mr. Tarrio first appeared in this case and still no mention of the Fifth Amendment.

And so it's only on July 25th of 2025 providing his supplemental responses and first and second set of production and first set of Interrogatories that he makes his invocation of the Fifth Amendment.

I think by any standards, you know, a privilege, whether it's the Fifth or any other, it has to be asserted at a reasonably early time. And, again, I'm not suggesting

that waiver should be lightly inferred, but I simply don't think, under any standard, a litigant can enter an appearance in a civil case when there were very clear basis to assert the Fifth at the start of the case, throughout the case, and has not made that assertion until as of three-plus years later. And I just simply think under any standard, that constitutes a waiver.

In any event, even if there isn't a waiver, it is well-established that the Fifth Amendment privilege protects against real dangers, not remote and speculative possibilities. This is the *Ziccarelli* decision from the Supreme Court.

Mr. Tarrio identifies a host of reasons why he thinks a Fifth Amendment privilege can be invoked at this juncture.

He, for example, cites the federal mid-term elections that are upcoming and says that any change in Congress could be reasonably viewed by Mr. Tarrio as a credible threat with respect to any further steps taken in the January 6th civil cases.

It's not clear to me how a change in control of Congress affects the interests or the ability of the Executive Branch to pursue Mr. Tarrio.

And, of course, there is no presidential election upcoming, and so there won't be any change in the Executive

Branch, in the leadership of the Department of Justice, even if there were to be a change in Congress.

He also references a Superior Court civil suit. But it's not clear to me how that civil suit implicates his Fifth Amendment rights with respect to his actions in and around January 6th.

Finally, he's suggested that he's vulnerable to potential prosecution under D.C. Code offenses. That seems to me to be a reach for two reasons.

One is, there is this issue of double jeopardy, which does apply here because we do have a unitary prosecutor in the District of Columbia.

Just citing a few D.C. Circuit cases.

This is *United States versus Shepard*, 515 F.2d 1324, 1975. Because the D.C. Code is adopted by Congress, "the double jeopardy clause of the Fifth Amendment will bar separate prosecutions under the federal and D.C. statutes for the same offense; i.e., where the offenses are identical or where one offense is a lesser-included offense of the other."

The Circuit has held -- again, in *United States versus Mills*, recognized that -- it's 964 F.2d 1186 -- that successive D.C. and federal prosecutions are subject to the bar on double jeopardy.

And so no one has put forward any analysis that

there could be potential D.C. Code offenses that don't -- are not covered by the double jeopardy bar.

And Mr. Tarrio has suggested that there are terrorism offenses under District of Columbia law that might be still something he could be subject to, and I'll get to that in a moment. But he certainly has not done any sort of *Blockburger* analysis at this point for me to make a determination that somehow those terrorism statutes could still be applicable to Mr. Tarrio, notwithstanding the double jeopardy bar that would be fairly comprehensive -- well, I shouldn't say that -- the double jeopardy bar that would protect him against a whole host of prosecutions under the D.C. Code.

Then even if the double jeopardy bar were not to apply, Mr. Tarrio hasn't identified any prospect whatsoever of future prosecution arising from January 6th conduct. He identifies no investigation or even a hint of one.

Of course, the same Executive Branch headed by the President that pardoned him is the same Executive Branch that could bring any prosecutions against him here in the District of Columbia, either under federal law or under District of Columbia -- in violation of a District of Columbia Code offense.

And so this notion that he faces any real danger, as opposed to something that's remote or speculative,

I think is only underscored by the fact that the same Executive Branch that pardoned him is the same Executive Branch that he's concerned about being prosecuted by under four D.C. Code offenses.

Now, for the first time here today, Mr. Hull has suggested, it wasn't in his papers, that somehow his presence, that is, Mr. Tarrio's presence in Maryland on January 6th, could somehow place him in jeopardy under Maryland law.

Again, I don't -- there hasn't been a showing here of any real danger of that happening. We're now almost not quite five years removed from January the 6th and certainly there hasn't been any effort, to my knowledge, by prosecutors in Maryland to pursue Mr. Tarrio or anyone else in connection with January 6th conduct and pursue prosecutions under Maryland law.

I'll also just note that Mr. Tarrio, it's his burden to invoke the Fifth and he has not identified what potential Maryland laws he could potentially have violated just by his mere presence in the District -- or in Baltimore on January the 6th. And so I don't think he has established any real danger of any real potential for prosecution were he to answer these discovery requests that have been made in this case.

So for all of those reasons, the Court will grant

plaintiffs' motion to compel, which is ECF 434, okay?

So I guess the question, Mr. Hull, is, in light of that ruling, by when can you get supplemental responses to the plaintiffs?

You're on mute, Mr. Hull.

MR. HULL:  I apologize.  Can you hear me?

THE COURT:  That's okay.

MR. HULL:  First, I would -- with all respect, would ask you to reconsider.

I don't think I need to be that specific about any statute that might be wielded against Mr. Tarrio in connection with this.

I also don't think that it's fair to punish Mr. Tarrio for -- not make him -- allow him to avail himself of an important constitutional right because I didn't catch this or he didn't catch this or we went into this proceeding on a different approach than we would have now.

Having said that, three weeks, is that okay with you, Your Honor?

THE COURT:  That's fine with me.

Today is the 20th of October.

All right.  So November 10?

MR. HULL:  Yes, sir.

THE COURT:  Okay.  Terrific.

Okay.

MR. HULL:  Thank you for doing this.

THE COURT:  No.  Of course.  Thank you, Mr. Hull.

And unless there's anything else, we'll see you all soon.  Thank you.

(Proceedings concluded at 4:00 p.m.)

C E R T I F I C A T E

I, William P. Zaremba, RMR, CRR, certify that the foregoing is a correct transcript from the record of proceedings in the above-titled matter.

Date:__October 23, 2025_____ ______________________________

William P. Zaremba, RMR, CRR

COURTROOM DEPUTY: [1] 4/2
MR. EPSTEIN: [1] 9/21
MR. HULL: [5] 4/19 19/6 19/8 19/23 20/1
THE COURT: [7] 4/10 9/18 12/19 19/7 19/20 19/24 20/2

**1**

10 [1] 19/22
1000 [1] 2/11
1100 [1] 2/10
1186 [1] 16/22
12th [1] 13/18
1324 [1] 16/15
13th [1] 14/2
1420 [1] 3/3
1441 [1] 2/9
1500 [1] 2/4
175 [1] 7/1
1975 [1] 16/15
19th [2] 14/4 14/8

**2**

20 [1] 1/5
20001 [1] 3/9
20005 [2] 2/5 3/4
202 [3] 2/5 3/4 3/9
2021 [3] 12/6 13/10 13/10
2022 [2] 6/7 7/16
2024 [2] 10/16 13/20
2025 [5] 1/5 10/16 14/2 14/19 21/7
20th [1] 19/21
21-175 [1] 7/1
21-2265 [2] 1/4 4/6
2265 [2] 1/4 4/6
23 [1] 21/7
23rd [2] 6/6 6/7
24th [1] 13/10
25th [1] 14/19
26th [1] 13/9
27th [2] 14/11 14/15
28th [1] 13/21
29 [1] 13/23
29th [1] 13/19

**3**

305 [1] 2/11
30th [1] 9/17
3249 [1] 3/9
33131 [1] 2/10
333 [1] 3/8
354-3249 [1] 3/9
373-1000 [1] 2/11
3:36 [1] 1/6

**4**

429-6520 [1] 3/4
434 [1] 19/1
4:00 [1] 20/5

**5**

515 [1] 16/14
5th [1] 5/7

**6**

6520 [1] 3/4
662-8318 [1] 2/5
6th [15] 5/1 5/7 5/12 5/25 6/14 10/19 11/20 12/6 15/20 16/6 17/16 18/8 18/12 18/15 18/21

**7**

7th [1] 5/8

**8**

8318 [1] 2/5

**9**

900 [1] 2/4
964 [1] 16/22

**A**

ability [1] 15/22
able [1] 6/19
about [5] 7/15 8/21 13/13 18/3 19/10
above [1] 21/4
above-titled [1] 21/4
accepted [2] 5/21 8/17
accounts [1] 10/23
Action [1] 4/6
actions [1] 16/5
activities [1] 5/7
actually [1] 7/4
add [1] 4/17
addition [2] 4/17 7/2
additional [2] 13/20 14/13
additionally [1] 6/19
adopted [1] 16/15
affects [1] 15/22
affirmative [1] 10/3
affirmatively [1] 10/13
after [6] 5/10 6/11 6/23 10/22 14/16 14/17
afternoon [3] 4/2 4/10 4/15
again [7] 9/3 10/15 13/24 14/6 14/25 16/21 18/10
against [11] 5/17 6/19 8/22 11/7 11/12 11/13 12/24 15/10 17/12 17/20 19/11
agree [1] 8/19
agreed [2] 7/21 10/22
aided [1] 3/11
al [4] 1/3 1/6 4/6 4/6
albeit [1] 10/21
all [11] 7/9 9/13 9/18 9/19 9/25 12/12 12/19 18/25 19/8 19/22 20/4
allow [1] 19/14
allowed [1] 5/22
almost [3] 5/13 14/16 18/11
already [1] 4/18
also [7] 5/20 7/20 10/2 11/23 16/3 18/17 19/13
AME [1] 7/17
amended [2] 10/8 14/4
amendment [18] 4/14 4/22 7/23 9/6 10/6 10/11 10/24 11/2 11/24 12/16 13/4 13/16 14/18 14/22 15/9 15/14 16/5 16/16
AMIT [2] 1/10 4/3
Amit P [1] 4/3
analysis [2] 16/25 17/7
another [3] 5/4 7/14 8/9
answer [7] 6/7 6/22 6/23 9/10 10/18 10/20 18/23
answered [2] 13/10 13/11
any [25]
anyone [2] 8/8 18/14
anything [7] 4/17 5/9 5/13 5/14 8/25 9/1 20/3
apologize [1] 19/6
appeal [1] 13/25
appear [1] 11/5
appearance [1] 15/3
APPEARANCES [2] 1/12 2/12
appeared [1] 14/17
applicable [1] 17/9
apply [2] 16/11 17/15
appreciate [3] 4/21 5/20 12/20
approach [1] 19/17
are [8] 8/12 12/23 14/5 15/17 16/18 16/23 17/2 17/3
arguably [1] 14/1
argument [2] 4/22 8/5
arguments [1] 8/17
arising [1] 17/16
around [2] 5/12 16/6
arrested [2] 6/24
as [16] 5/20 7/8 7/17 7/20 8/3 8/19 10/9 10/18 10/20 11/25 12/22 13/10 14/6 15/5 15/18 17/25
aside [1] 11/22
ask [2] 12/14 19/9
asked [1] 7/20
assert [8] 10/11 11/2 11/3 13/24 14/1 14/6 14/10 15/4
asserted [3] 10/12 13/16 14/24
asserting [1] 10/1
assertion [2] 4/14 15/5
attached [1] 14/5
attempting [1] 6/7
attention [2] 9/23 10/25
August [1] 13/9
AUSA [1] 7/25
avail [1] 19/14
Avenue [2] 2/9 3/8
awaiting [1] 13/17

**B**

Baltimore [4] 5/1 5/1 5/7 18/20
banned [1] 5/2
bar [6] 16/16 16/24 17/2 17/10 17/11 17/14
Barrett [1] 3/8
basically [3] 5/2 5/22 8/5
basis [5] 9/9 11/23 11/24 12/16 15/3
be [28]
be motivated [1] 8/11
because [8] 5/2 10/1 10/2 12/15 12/16 16/11 16/15 19/15
been [10] 4/11 5/12 7/20 11/10 11/17 11/19 11/25 18/10 18/13 18/23
before [5] 1/10 6/5 7/1 9/8 11/17
being [1] 18/3
believe [1] 12/9
besides [1] 8/10
beyond [2] 8/2 12/8
Biden [1] 5/25
Biden-Harris [1] 5/25
Biggs [1] 5/18
bit [5] 8/7 8/18 9/5 9/9 12/10
black [1] 12/11
black-letter [1] 12/11

**B**

**Blechman [3]** 2/8 4/8 9/19
**Blockburger [1]** 17/7
**both [4]** 4/22 8/12 10/16 12/15
**Boys [1]** 6/20
**Branch [6]** 15/23 16/1 17/18 17/19 18/2 18/3
**Brickell [1]** 2/9
**bring [1]** 17/20
**brings [1]** 11/21
**burden [1]** 18/18
**burning [1]** 7/14
**busy [1]** 4/21

**C**

**call [3]** 9/23 10/25 12/9
**called [2]** 7/5 13/3
**calling [1]** 4/5
**came [3]** 6/6 6/17 9/8
**can [13]** 5/14 5/20 8/1 8/2 8/2 8/2 9/4 9/7 12/10 15/2 15/14 19/3 19/6
**can't [1]** 12/2
**cannot [1]** 7/25
**Capitol [1]** 12/6
**case [23]**
**cases [3]** 5/12 15/20 16/13
**Caspar [1]** 2/2
**catch [2]** 19/15 19/16
**certainly [3]** 13/8 17/6 18/12
**Certified [1]** 3/7
**certify [1]** 21/2
**CH [1]** 3/8
**change [7]** 11/10 11/11 11/18 15/17 15/21 15/25 16/2
**changed [3]** 9/11 9/13 11/1
**church [1]** 7/17
**Circuit [4]** 12/7 13/3 16/13 16/21
**circumstances [4]** 11/10 11/18 13/5 13/8
**cite [1]** 13/3
**cites [1]** 15/16
**citing [1]** 16/13
**civil [7]** 2/3 4/6 7/18 15/3 15/20 16/3 16/4
**Civil Action [1]** 4/6
**classic [2]** 9/25 11/3
**clause [1]** 16/16
**clear [4]** 13/1 15/3 15/21 16/4
**code [7]** 7/8 16/8 16/15 17/1 17/13 17/23 18/4
**COLUMBIA [6]** 1/1 16/12 17/4 17/21 17/22 17/23
**come [1]** 7/11
**coming [1]** 6/16
**COMMITTEE [1]** 2/3
**compel [4]** 1/9 4/12 14/12 19/1
**compelling [2]** 13/5 13/8
**complaint [3]** 10/18 13/9 14/16
**comprehensive [1]** 17/10
**computer [1]** 3/11
**computer-aided [1]** 3/11
**concerned [1]** 18/3
**concluded [1]** 20/5
**conduct [3]** 10/3 17/16 18/15
**Congress [4]** 15/18 15/22 16/2 16/15
**connection [4]** 5/11 5/16 18/15 19/12
**CONRAD [1]** 1/3
**conspiracy [2]** 5/13 5/24
**constitutes [1]** 15/7
**Constitution [1]** 3/8
**constitutional [1]** 19/15
**CONTINUED [1]** 3/1
**control [1]** 15/21
**correct [1]** 21/3
**cost [1]** 7/14
**could [7]** 15/18 17/1 17/5 17/8 17/20 18/8 18/19
**counsel [2]** 9/24 12/19
**country [1]** 6/12
**couple [2]** 5/2 13/13
**course [3]** 15/24 17/18 20/2
**court [12]** 1/1 3/6 3/7 4/3 7/19 9/12 10/9 14/2 14/11 15/12 16/3 18/25
**courts [1]** 12/4
**covered [1]** 17/2
**credible [1]** 15/19
**credit [1]** 6/9
**crimes [1]** 7/6
**criminal [10]** 5/17 6/6 6/25 7/1 7/7 8/1 8/22 12/2 13/17 13/25
**CRR [2]** 21/2 21/8
**custody [1]** 6/5
**CV [1]** 1/4

**D**

**D.C [16]** 1/5 2/5 3/4 3/9 4/25 5/3 7/7 7/13 7/15 8/1 8/4 8/10 8/13 13/2 16/17 16/23
**D.C. [7]** 12/7 16/8 16/13 16/15 17/1 17/13 18/4
**D.C. Circuit [2]** 12/7 16/13
**D.C. Code [5]** 16/8 16/15 17/1 17/13 18/4
**danger [4]** 12/11 17/24 18/11 18/22
**dangers [1]** 15/10
**Daniel [1]** 3/2
**Date [1]** 21/7
**day [1]** 4/21
**days [1]** 5/2
**dealing [1]** 11/17
**December [3]** 6/6 6/7 13/10
**decertifying [1]** 5/24
**decibel [2]** 6/14 9/11
**decided [2]** 11/2 11/3
**decision [1]** 15/11
**declared [1]** 10/13
**default [1]** 6/18
**Defendant [3]** 3/2 4/9 4/25
**defendants [3]** 1/7 5/23 6/25
**delay [1]** 10/1
**Department [2]** 8/20 16/1
**described [1]** 10/4
**determination [1]** 17/8
**did [9]** 5/11 6/2 6/2 12/16 13/13 13/24 14/3 14/6 14/10
**didn't [6]** 6/18 6/21 6/21 9/8 19/15 19/16
**different [3]** 9/9 11/15 19/17
**direction [1]** 7/11
**disclosures [1]** 13/18
**discovery [9]** 1/9 4/13 7/22 10/6 10/8 10/17 11/16 14/3 18/23
**discussed [1]** 12/8
**discusses [1]** 11/11
**discussing [1]** 11/17
**dismiss [2]** 6/21 6/22
**dispute [1]** 11/5
**DISTRICT [9]** 1/1 1/1 1/10 16/12 17/4 17/21 17/22 17/23 18/20
**do [7]** 6/2 7/7 9/7 9/8 9/19 12/23 16/11
**document [1]** 5/22
**documents [5]** 4/23 7/21 7/21 8/24 8/24
**does [6]** 9/1 9/5 11/5 12/15 13/3 16/11
**doesn't [1]** 6/8
**doing [2]** 4/20 20/1
**don't [14]** 5/3 5/9 7/6 8/7 8/15 9/3 9/4 9/5 15/1 17/1 18/10 18/21 19/10 19/13
**DONALD [1]** 1/6
**done [1]** 17/6
**doors [1]** 8/15
**double [7]** 16/10 16/16 16/24 17/2 17/10 17/11 17/14

**E**

**earlier [1]** 9/10
**early [1]** 14/25
**ecaspar [1]** 2/7
**ECF [1]** 19/1
**Edward [1]** 2/2
**effort [1]** 18/13
**eight [1]** 9/16
**eight-page [1]** 9/16
**either [4]** 7/13 8/9 11/6 17/21
**election [2]** 5/25 15/24
**elections [1]** 15/17
**else [5]** 5/14 7/24 9/16 18/14 20/3
**Email [4]** 2/6 2/7 2/11 3/5
**enough [1]** 5/12
**Enrique [1]** 3/2
**enter [1]** 15/2
**entertained [1]** 5/21
**Epstein [3]** 2/2 4/7 9/19
**especially [2]** 5/23 9/12
**essentially [1]** 4/13
**established [2]** 15/9 18/21
**establishes [1]** 13/8
**et [4]** 1/3 1/6 4/6 4/6
**et al [1]** 4/6
**even [13]** 6/5 7/12 10/8 10/20 11/14 11/15 13/6 13/16 13/24 15/8 16/2 17/14 17/17
**even if [1]** 16/2
**event [1]** 15/8
**events [1]** 12/5
**everybody [1]** 4/10

**E**

**everything [3]** 7/24 8/19 9/15
**evidencing [1]** 10/3
**exact [2]** 8/8 11/16
**exactly [1]** 13/1
**example [3]** 5/4 7/3 15/16
**execution [1]** 7/22
**Executive [6]** 15/23 15/25 17/18 17/19 18/2 18/2
**Exhibit [4]** 13/15 13/23 14/6 14/9
**exhibits [1]** 8/22
**expand [1]** 8/2
**explained [1]** 9/10

**F**

**F.2d [2]** 16/14 16/22
**faces [1]** 17/24
**facing [1]** 12/1
**fact [1]** 18/1
**facts [1]** 11/8
**fair [1]** 19/13
**fairly [3]** 6/12 6/13 17/10
**fanciful [1]** 9/5
**far [1]** 10/20
**favor [2]** 11/12 11/23
**federal [6]** 5/6 5/10 15/16 16/17 16/23 17/21
**federally [1]** 12/2
**felonies [1]** 7/10
**few [2]** 9/23 16/13
**Fifth [26]**
**Fifth Amendment [11]** 4/14 4/22 7/23 10/6 11/2 11/24 12/16 13/4 14/22 15/14 16/5
**file [2]** 6/21 13/14
**filed [5]** 6/22 6/23 9/17 13/9 14/16
**final [1]** 11/21
**Finally [1]** 16/7
**find [1]** 11/23
**fine [1]** 19/20
**first [14]** 9/25 13/14 13/21 13/21 13/22 13/22 14/5 14/13 14/14 14/17 14/20 14/21 18/5 19/8
**five [2]** 14/1 18/12
**FL [1]** 2/10
**flag [1]** 7/13
**following [1]** 13/19
**foregoing [1]** 21/3
**forward [2]** 4/18 16/25
**four [5]** 6/10 6/23 7/15 14/16 18/4
**Frankly [1]** 8/24
**freeing [1]** 8/21
**friendly [1]** 8/11
**further [2]** 9/1 15/19
**future [2]** 12/3 17/16

**G**

**gave [1]** 7/4
**generally [1]** 11/7
**get [5]** 6/8 8/23 8/24 17/5 19/3
**give [2]** 5/4 8/8
**go [2]** 7/22 8/2
**going [1]** 5/10
**Good [2]** 4/2 4/10
**got [1]** 6/11
**grant [1]** 18/25
**great [1]** 9/21
**grounds [1]** 12/24
**guess [2]** 7/5 19/2

**H**

**had [6]** 4/11 4/21 8/17 10/5 10/22 11/2
**hadn't [1]** 7/4
**half [1]** 14/17
**happen [1]** 5/20
**happened [3]** 5/19 6/8 6/12
**happening [1]** 18/11
**Harris [2]** 5/25 13/3
**has [20]** 7/21 10/5 11/10 11/19 11/24 11/25 12/8 12/11 12/13 12/25 13/11 14/24 15/5 16/21 16/25 17/3 17/6 18/5 18/18 18/21
**hasn't [3]** 17/15 18/10 18/13
**have [16]** 5/8 7/6 8/7 8/10 8/10 8/11 8/17 9/6 9/13 11/17 12/4 12/15 16/11 18/19 18/23 19/17
**Having [1]** 19/18
**he [64]**
**He identifies [1]** 17/17
**he's [7]** 7/20 7/23 9/14 12/17 16/7 16/7 18/3
**headed [1]** 17/18
**hear [1]** 19/6
**heard [1]** 9/20
**hearing [6]** 1/9 4/12 4/15 9/24 10/22 14/11
**hearings [1]** 10/9
**held [3]** 12/4 14/11 16/21
**helped [2]** 8/21 8/23
**here [7]** 11/8 12/13 13/6 16/11 17/20 18/5 18/10
**him [12]** 6/19 7/14 8/23 9/2 9/12 17/12 17/19 17/20 18/2 18/8 19/14 19/14
**himself [1]** 19/14
**hint [1]** 17/17
**his [29]**
**history [1]** 13/7
**Honor [8]** 4/5 4/7 4/20 9/21 9/23 10/25 12/18 19/19
**HONORABLE [3]** 1/10 4/2 4/3
**host [2]** 15/13 17/12
**how [2]** 15/21 16/4
**however [1]** 6/20
**Hull [17]** 3/2 3/3 4/9 4/11 4/16 9/18 10/3 10/12 10/15 11/1 12/8 12/13 13/11 18/5 19/2 19/5 20/2
**hullmcguire.com [1]** 3/5

**I**

**I also [2]** 5/20 19/13
**I apologize [1]** 19/6
**I appreciate [1]** 4/21
**I believe [1]** 12/9
**I can [3]** 8/1 9/4 12/10
**I didn't [1]** 19/15
**I don't [4]** 8/7 9/4 18/21 19/10
**I guess [1]** 19/2
**I have [1]** 8/7
**I just [1]** 11/25
**I know [2]** 5/14 7/8
**I should [1]** 7/2
**I think [13]** 6/1 8/6 8/19 8/25 9/4 9/6 9/10 9/14 9/15 12/10 12/25 14/23 18/1
**I was [2]** 5/18 5/18
**I will [1]** 8/16
**I would [5]** 4/19 6/16 8/16 8/16 19/8
**I'd [1]** 9/22
**I'll [6]** 4/16 5/3 10/25 13/7 17/5 18/17
**I'm [3]** 5/5 12/20 14/25
**I've [1]** 5/12
**i.e [1]** 16/18
**idea [1]** 7/5
**identical [1]** 16/18
**identified [2]** 17/15 18/18
**identifies [2]** 15/13 17/17
**imminent [2]** 5/5 9/3
**implicates [1]** 16/4
**important [2]** 6/1 19/15
**importantly [1]** 7/12
**incarcerated [1]** 6/10
**included [1]** 16/19
**includes [1]** 12/4
**incompletely [1]** 10/21
**increased [1]** 11/14
**independent [1]** 11/23
**Indictment [1]** 11/13
**inferred [2]** 13/5 15/1
**initial [1]** 13/18
**inspection [1]** 10/23
**instances [1]** 10/4
**intention [1]** 13/11
**interesting [2]** 5/16 8/20
**interests [1]** 15/22
**interrogatories [5]** 10/21 13/21 13/23 14/5 14/21
**interrogatory [1]** 14/12
**investigation [1]** 17/17
**invocation [4]** 12/22 12/23 12/24 14/22
**invoke [3]** 11/24 12/16 18/18
**invoked [1]** 15/14
**involved [2]** 5/24 6/4
**is [37]**
**isn't [3]** 5/4 11/14 15/8
**issue [2]** 10/7 16/10
**it [12]** 4/16 4/21 6/17 6/17 8/2 11/3 12/17 12/25 13/1 14/24 15/8 18/6
**it's [12]** 6/1 9/5 9/6 10/22 12/10 14/19 14/24 15/21 16/4 16/22 18/17 19/13
**IV [1]** 3/2

**J**

**jail [2]** 7/15 7/15
**January [14]** 5/1 5/12 5/25 6/14 10/19 11/20 12/6 15/20 16/6 17/16 18/8 18/12 18/15 18/21
**January 6th [11]** 5/1 5/12 5/25 6/14 10/19 11/20 12/6 16/6 17/16 18/8 18/15

**J**

**jdhull [1]** 3/5
**jeopardy [12]** 5/5 5/5 9/2 9/4 16/10 16/16 16/24 17/2 17/10 17/11 17/14 18/8
**Joe [1]** 5/18
**Joe Biggs [1]** 5/18
**John [2]** 3/2 4/9
**join [1]** 6/21
**joined [1]** 8/21
**JUDGE [5]** 1/10 5/16 5/21 7/1 8/23
**Judge Kelly [2]** 5/16 7/1
**Judge Kelly's [1]** 8/23
**judgments [1]** 6/18
**July [3]** 13/21 13/23 14/19
**juncture [1]** 15/15
**June [5]** 10/16 13/19 14/8 14/11 14/15
**just [15]** 6/22 9/11 9/22 9/24 10/1 10/3 10/7 10/12 10/15 11/1 11/25 15/6 16/13 18/17 18/20
**Justice [2]** 8/20 16/1
**justify [1]** 11/8

**K**

**kaleidoscopically [1]** 8/7
**Keepers [1]** 5/15
**Kelly [3]** 5/16 5/21 7/1
**Kelly's [1]** 8/23
**KENNY [1]** 2/9
**kind [2]** 5/22 5/22
**Klein [1]** 13/3
**know [10]** 4/21 5/13 5/14 5/21 7/8 7/8 7/8 8/16 12/22 14/23
**knowledge [1]** 18/13

**L**

**later [5]** 6/23 6/24 6/25 13/13 15/6
**latter [1]** 7/15
**law [6]** 2/3 12/11 17/4 17/21 18/9 18/16
**laws [1]** 18/19
**LAWYERS' [1]** 2/3
**lawyerscommittee.org [2]** 2/6 2/7
**lead [1]** 5/14
**leadership [1]** 16/1
**least [1]** 11/11
**lesser [1]** 16/19
**lesser-included [1]** 16/19
**letter [1]** 12/11
**level [1]** 6/14
**levels [1]** 9/12
**light [1]** 19/2
**lightly [1]** 15/1
**like [6]** 4/17 7/18 7/22 8/14 8/17 9/22
**limitations [3]** 7/9 8/3 8/11
**link [1]** 5/23
**litigant [1]** 15/2
**little [5]** 8/7 8/18 9/4 9/9 12/10
**LLC [1]** 2/9
**longer [1]** 12/1
**look [2]** 8/6 12/20
**lot [1]** 8/24

**M**

**made [2]** 15/5 18/23
**make [4]** 6/16 9/22 17/7 19/14
**makes [1]** 14/21
**Marc [1]** 4/7
**Mark [1]** 2/2
**Maryland [11]** 7/3 7/7 7/9 7/10 8/9 8/12 18/7 18/9 18/14 18/16 18/19
**mass [1]** 7/5
**matter [2]** 5/10 21/4
**may [6]** 5/20 7/8 10/16 11/7 14/2 14/4
**maybe [1]** 8/6
**MCGUIRE [1]** 3/3
**me [9]** 7/5 11/21 13/1 15/21 16/4 16/9 17/7 19/6 19/20
**means [1]** 12/1
**mechanical [1]** 3/10
**MEHTA [2]** 1/10 4/3
**mention [1]** 14/18
**mentioned [2]** 10/15 11/25
**mepstein [1]** 2/6
**mere [1]** 18/20
**Merit [1]** 3/6
**Miami [2]** 2/10 6/24
**mid [1]** 15/16
**mid-term [1]** 15/16
**might [4]** 5/8 5/23 17/4 19/11
**Mills [1]** 16/22
**mind [2]** 9/11 11/1
**minute [1]** 8/16
**misdemeanor [1]** 7/14
**moment [1]** 17/6
**months [4]** 5/16 6/10 6/23 7/15
**more [8]** 6/10 6/24 7/12 8/7 8/18 11/8 12/12 14/10
**most [1]** 13/5
**motion [8]** 1/9 4/12 6/21 6/22 13/15 13/24 14/6 19/1
**motivated [2]** 8/9 8/11
**Mr [1]** 17/15
**Mr. [49]**
**Mr. Blechman [1]** 9/19
**Mr. Epstein [1]** 9/19
**Mr. Hull [14]** 4/11 4/16 9/18 10/3 10/12 10/15 11/1 12/8 12/13 13/11 18/5 19/2 19/5 20/2
**Mr. Tarrio [27]**
**Mr. Tarrio's [6]** 8/13 10/1 11/22 12/15 12/22 18/7
**multiple [2]** 10/4 12/24
**mute [1]** 19/5
**my [9]** 4/22 7/4 8/5 8/17 8/18 9/16 11/9 11/21 18/13

**N**

**NACHWALTER [1]** 2/9
**nation [1]** 6/13
**nationally [1]** 9/13
**near [1]** 12/5
**need [4]** 5/5 8/6 9/3 19/10
**needed [1]** 9/16
**new [2]** 11/13 11/15
**nine [1]** 8/3
**no [13]** 1/4 6/8 7/9 7/25 11/13 11/14 11/24 12/1 14/18 15/24 16/25 17/17 20/2
**nobody [1]** 8/14
**not [36]**
**note [1]** 18/17
**nothing [1]** 7/10
**notion [1]** 17/24
**notwithstanding [1]** 17/9
**novel [1]** 4/23
**November [1]** 19/22
**now [11]** 4/3 4/5 6/1 6/23 7/18 9/1 11/6 14/16 18/5 18/11 19/17
**nowhere [1]** 13/16
**NW [3]** 2/4 3/3 3/8

**O**

**Oath [1]** 5/15
**Oath Keepers [1]** 5/15
**objections [4]** 10/12 12/15 13/14 13/20
**occurred [1]** 12/5
**October [4]** 1/5 13/18 19/21 21/7
**offense [4]** 16/18 16/19 16/19 17/23
**offenses [7]** 11/19 12/3 16/8 16/18 17/1 17/4 18/4
**Official [1]** 3/7
**okay [7]** 4/10 12/20 19/1 19/7 19/18 19/24 19/25
**once [1]** 14/10
**one [8]** 6/18 7/18 7/25 8/1 16/10 16/19 16/25 17/17
**only [7]** 9/7 10/22 11/18 12/1 13/5 14/19 18/1
**opening [1]** 8/15
**opinion [1]** 6/13
**opponent [1]** 8/18
**opponents [1]** 7/4
**opportunity [2]** 10/5 10/18
**opposed [1]** 17/25
**opposing [1]** 9/24
**oral [1]** 12/21
**ordered [1]** 14/2
**original [1]** 10/8
**other [6]** 6/16 6/25 9/9 10/12 14/24 16/20
**others [1]** 5/17
**our [2]** 4/15 11/23
**out [1]** 7/2
**outstanding [1]** 14/3
**over [5]** 4/16 5/8 5/15 10/7 11/18
**overrule [1]** 12/14

**P**

**p.m [2]** 1/6 20/5
**page [1]** 9/16
**paper [2]** 9/16 11/11
**papers [4]** 4/18 11/6 12/9 18/6
**pardon [2]** 12/3 12/4
**pardoned [4]** 11/19 12/1 17/19 18/2
**part [2]** 7/16 11/15
**participated [1]** 10/14
**participating [1]** 10/17
**participation [1]** 9/1
**particular [1]** 12/4
**parties [1]** 4/7
**parties' [1]** 12/21
**PC [1]** 3/3
**people [1]** 9/10
**perhaps [2]** 5/5 8/9
**place [1]** 18/8
**plaintiffs [5]** 1/4 2/2 4/8 13/9 19/4
**plaintiffs' [6]** 4/12 13/20 14/5 14/8 14/14 19/1

**P**

**pled [1]** 7/23
**plus [1]** 15/5
**point [8]** 6/16 7/2 11/9 11/21 12/17 13/25 14/15 17/7
**points [1]** 9/22
**position [2]** 6/9 14/1
**possibilities [1]** 15/11
**post [1]** 7/22
**post-discovery [1]** 7/22
**potential [4]** 16/8 17/1 18/19 18/22
**potentially [1]** 18/19
**prepared [1]** 12/20
**presence [3]** 18/7 18/7 18/20
**present [1]** 4/7
**presentations [1]** 12/21
**presided [1]** 5/15
**President [1]** 17/19
**presidential [1]** 15/24
**presiding [1]** 4/4
**presumption [1]** 11/7
**Prettyman [1]** 3/8
**prevent [1]** 7/10
**preventing [1]** 5/9
**privilege [4]** 10/2 14/23 15/9 15/14
**probably [2]** 7/8 7/12
**proceeding [9]** 6/3 6/5 6/11 7/19 9/2 9/9 9/13 11/15 19/16
**proceedings [5]** 1/9 3/10 11/16 20/5 21/4
**produce [3]** 7/21 7/21 10/23
**produced [1]** 3/11
**produces [1]** 9/1
**production [4]** 13/15 13/22 14/9 14/21
**productions [1]** 14/14
**proportionality [1]** 8/17
**proposition [1]** 13/4
**prosecuted [2]** 12/2 18/3
**prosecution [6]** 5/6 11/14 12/11 16/8 17/16 18/22
**prosecutions [5]** 16/17 16/23 17/12 17/20 18/16
**prosecutor [3]** 5/10 8/9 16/12
**prosecutors [1]** 18/14
**prospect [1]** 17/15
**protect [2]** 6/18 17/12
**protects [1]** 15/9
**Proud [1]** 6/20
**provide [1]** 14/13
**provided [3]** 13/17 13/19 14/4
**providing [1]** 14/19
**public [1]** 6/13
**punish [1]** 19/13
**purpose [1]** 4/14
**pursue [3]** 15/23 18/14 18/15
**put [3]** 4/18 7/3 16/25
**puts [1]** 9/2
**putting [1]** 11/22

**Q**

**question [1]** 19/2
**quiet [1]** 8/16
**quite [2]** 8/14 18/12
**quote [1]** 10/16

**R**

**raise [1]** 10/5
**raised [1]** 12/13
**rather [2]** 10/11 11/12
**reach [1]** 16/9
**read [1]** 8/3
**real [5]** 15/10 17/24 18/11 18/22 18/22
**really [3]** 5/16 7/6 11/5
**Realtime [1]** 3/7
**reason [3]** 5/3 7/12 7/25
**reasonably [2]** 14/25 15/18
**reasons [5]** 7/24 12/14 15/13 16/9 18/25
**recognized [2]** 10/12 16/22
**reconsider [1]** 19/9
**record [3]** 4/5 10/2 21/3
**recorded [1]** 3/10
**reduced [1]** 6/5
**references [1]** 16/3
**Registered [1]** 3/6
**related [2]** 11/19 12/5
**relies [1]** 11/6
**remember [1]** 6/2
**remote [3]** 12/12 15/10 17/25
**removed [1]** 18/12
**Reporter [4]** 3/6 3/6 3/7 3/7
**representing [1]** 5/18
**request [4]** 4/11 11/16 13/14 13/22
**requests [9]** 4/13 10/7 10/9 10/10 10/13 14/9 14/13 14/14 18/23
**respect [14]** 4/22 5/6 5/13 6/8 6/14 7/3 7/23 8/12 8/25 9/12 13/2 15/19 16/5 19/8
**respond [2]** 4/13 14/3
**responded [1]** 14/8
**response [4]** 10/6 10/13 13/14 14/4
**responses [7]** 10/8 10/8 10/17 14/12 14/13 14/20 19/3
**responsive [1]** 13/20
**result [2]** 7/17 7/20
**results [1]** 5/25
**right [8]** 9/6 9/15 9/18 9/19 11/6 12/19 19/15 19/22
**rights [3]** 2/3 6/18 16/5
**risk [2]** 9/14 11/14
**RMR [2]** 21/2 21/8
**robust [1]** 10/2
**rocket [1]** 4/23
**rule [3]** 4/13 12/20 12/24
**ruling [1]** 19/3

**S**

**said [4]** 9/24 11/1 13/11 19/18
**same [10]** 7/24 10/9 10/10 11/15 11/16 16/18 17/18 17/19 18/1 18/2
**saw [2]** 5/14 5/18
**say [2]** 9/16 17/11
**says [1]** 15/17
**scenario [1]** 8/8
**science [1]** 4/24
**scope [1]** 12/3
**second [4]** 5/4 11/9 13/3 14/20
**Second Circuit [1]** 13/3
**see [4]** 5/3 5/9 7/25 20/3
**seems [1]** 16/8
**sentencing [1]** 13/17
**separate [1]** 16/17
**session [1]** 4/3
**set [8]** 13/21 13/22 14/5 14/9 14/13 14/14 14/20 14/21
**several [1]** 12/8
**Shepard [1]** 16/14
**short [1]** 4/12
**should [4]** 7/2 11/3 13/4 15/1
**shouldn't [1]** 17/11
**show [1]** 9/3
**showing [1]** 18/10
**side [1]** 10/19
**sign [1]** 14/12
**signing [1]** 10/21
**simply [2]** 15/1 15/6
**sir [1]** 19/23
**situated [1]** 8/14
**six [1]** 5/15
**SMITH [2]** 1/3 4/6
**so [19]** 4/11 4/14 4/16 6/16 8/4 9/15 10/20 11/8 12/14 14/3 14/15 14/19 15/25 16/25 17/24 18/21 18/25 19/2 19/22
**some [2]** 5/4 5/17
**somehow [3]** 17/8 18/6 18/8
**something [4]** 7/5 7/10 17/5 17/25
**somewhat [1]** 7/18
**soon [1]** 20/4
**sort [1]** 17/6
**special [1]** 6/9
**specific [1]** 19/10
**speculate [2]** 9/4 12/10
**speculative [3]** 12/12 15/10 17/25
**spent [1]** 5/15
**SPERLING [1]** 2/9
**sperlingkenny.com [1]** 2/11
**standard [5]** 13/1 13/6 13/7 15/2 15/6
**standards [1]** 14/23
**start [1]** 15/4
**state [3]** 5/6 5/9 8/10
**STATES [6]** 1/1 1/10 12/6 12/7 16/14 16/21
**static [1]** 6/14
**statute [5]** 7/3 7/9 8/3 8/11 19/11
**statutes [3]** 8/1 16/17 17/8
**stayed [2]** 6/12 6/13
**stenography [1]** 3/10
**steps [1]** 15/19
**still [5]** 6/15 13/25 14/18 17/5 17/9
**story [5]** 6/8 6/19 6/20 10/19 13/12
**Street [2]** 2/4 3/3
**subject [3]** 8/4 16/23 17/5
**successive [1]** 16/23
**such [1]** 13/8
**suggested [3]** 16/7 17/3 18/6
**suggesting [1]** 14/25

Case 1:21-cv-02265-APM Document 453 Filed 10/24/25 Page 27 of 27

**S**

**suggests [1]** 11/1
**suit [2]** 16/3 16/4
**Suite [2]** 2/4 2/10
**Superior [3]** 7/19 9/12 16/3
**supplemental [2]** 14/20 19/3
**Supreme [1]** 15/12
**Supreme Court [1]** 15/12
**sure [1]** 5/5

**T**

**taken [1]** 15/19
**Tarrio [41]**
**Tarrio's [6]** 8/13 10/1 11/22 12/15 12/22 18/7
**tell [3]** 6/7 6/19 10/18
**telling [1]** 13/11
**term [1]** 15/16
**terms [1]** 6/13
**Terrific [1]** 19/24
**terrorism [4]** 7/7 8/1 17/4 17/8
**terroristic [1]** 7/6
**testimony [2]** 4/23 5/23
**than [6]** 6/25 9/9 10/11 11/8 12/12 19/17
**thank [7]** 4/20 9/18 12/18 12/19 20/1 20/2 20/4
**Thank you [5]** 9/18 12/18 20/1 20/2 20/4
**Thanks [1]** 9/17
**that [93]**
**that's [10]** 4/14 6/15 6/20 7/18 12/6 12/12 14/9 17/25 19/7 19/20
**their [1]** 13/9
**them [2]** 8/21 10/22
**then [7]** 10/9 11/3 13/13 13/19 14/2 14/8 17/14
**theory [2]** 5/21 8/10
**there [16]** 4/11 4/17 5/8 7/9 11/10 12/23 15/3 15/8 15/24 15/25 16/2 16/10 17/1 17/3 18/10 18/13
**there's [8]** 7/5 7/10 8/14 8/24 10/2 11/13 11/14 20/3
**these [2]** 10/13 18/23
**they [3]** 7/6 7/7 8/19
**thing [1]** 9/7
**things [7]** 5/11 6/11 6/12 7/22 8/12 9/24 12/8
**think [26]**
**thinks [1]** 15/14
**third [2]** 11/21 14/9
**this [44]**
**those [6]** 8/12 8/23 10/9 12/14 17/8 18/25
**though [2]** 13/16 13/24
**thought [2]** 7/4 8/20
**threat [1]** 15/19
**three [5]** 8/2 9/22 14/16 15/5 19/18
**three-plus [1]** 15/5
**throughout [1]** 15/4
**time [5]** 5/18 10/14 13/17 14/25 18/5
**titled [1]** 21/4
**today [2]** 18/5 19/21
**tool [1]** 5/21
**top [1]** 6/1
**trailed [1]** 5/8
**transcript [3]** 1/9 3/10 21/3
**transcription [1]** 3/11
**trial [2]** 8/22 8/22
**trials [2]** 5/15 5/17
**true [2]** 6/15 8/12
**TRUMP [2]** 1/6 4/6
**turn [1]** 4/16
**turned [1]** 10/23
**two [4]** 10/1 10/7 11/18 16/9
**two-year [1]** 10/1

**U**

**under [14]** 2/3 7/25 8/8 15/2 15/6 16/8 16/17 17/4 17/12 17/21 17/21 18/3 18/8 18/16
**underscored [1]** 18/1
**understanding [1]** 6/17
**unitary [1]** 16/11
**UNITED [6]** 1/1 1/10 12/6 12/7 16/14 16/21
**United States [4]** 12/6 12/7 16/14 16/21
**unless [1]** 20/3
**unlocked [1]** 8/19
**until [1]** 15/5
**up [2]** 8/3 8/15
**upcoming [2]** 15/17 15/25
**use [2]** 13/6 13/7
**used [1]** 8/22

**V**

**various [1]** 10/6
**versus [4]** 4/6 13/3 16/14 16/22
**very [1]** 15/3
**VIA [1]** 1/9
**viewed [2]** 10/17 15/18
**violated [1]** 18/19
**violation [1]** 17/22
**violent [1]** 7/6
**vs [1]** 1/5
**vulnerable [1]** 16/7

**W**

**waived [2]** 12/17 12/25
**waiver [12]** 9/25 10/3 11/4 11/7 11/8 11/12 11/22 13/2 13/4 15/1 15/7 15/8
**want [2]** 6/18 9/20
**wanted [1]** 10/14
**wants [1]** 10/14
**was [23]**
**Washington [7]** 1/5 2/5 3/4 3/9 4/25 5/3 7/13
**wasn't [2]** 13/1 18/6
**way [2]** 7/7 8/15
**we [10]** 5/14 6/21 6/21 6/22 10/22 11/17 12/14 16/11 19/16 19/17
**we didn't [1]** 6/21
**we'll [1]** 20/3
**we're [4]** 4/5 8/15 14/15 18/11
**weeks [1]** 19/18
**weigh [2]** 11/12 11/12
**well [2]** 15/9 17/11
**well-established [1]** 15/9
**went [2]** 10/20 19/16
**were [8]** 8/22 11/17 12/10 13/6 15/3 16/2 17/14 18/22
**what [8]** 4/17 5/19 5/20 6/2 6/8 10/25 13/1 18/18
**whatsoever [1]** 17/15
**when [4]** 5/7 8/21 15/3 19/3
**where [4]** 6/9 11/9 16/18 16/19
**whether [1]** 14/24
**which [18]** 7/14 7/22 8/8 9/10 10/3 10/12 10/15 11/1 11/3 11/10 11/22 11/22 12/1 12/3 12/24 14/5 16/11 19/1
**whole [1]** 17/12
**why [5]** 5/4 7/25 8/4 9/8 15/13
**wielded [1]** 19/11
**will [4]** 8/16 8/19 16/16 18/25
**William [5]** 2/8 3/6 4/8 21/2 21/8
**Wilson [1]** 12/7
**within [1]** 12/3
**without [1]** 10/21
**wjb [1]** 2/11
**won't [1]** 15/25
**words [1]** 12/9
**would [17]** 4/19 6/10 6/16 6/17 7/22 8/4 8/10 8/16 8/16 9/11 9/21 11/11 17/10 17/12 19/8 19/9 19/17
**written [1]** 12/21

**Y**

**Yeah [1]** 4/19
**year [4]** 6/24 6/25 10/1 13/19
**years [9]** 8/2 8/3 10/7 11/18 13/13 14/16 14/17 15/6 18/12
**Yes [1]** 19/23
**yet [1]** 14/6
**you [26]**
**you know [1]** 12/22
**you'd [1]** 4/17
**you're [3]** 7/8 9/15 19/5
**you've [2]** 4/17 4/21
**your [11]** 4/5 4/7 4/18 4/20 9/21 9/23 9/23 10/25 10/25 12/18 19/19
**Your Honor [8]** 4/5 4/7 4/20 9/21 9/23 10/25 12/18 19/19

**Z**

**Zaremba [3]** 3/6 21/2 21/8
**Ziccarelli [1]** 15/11
**ZOOM [1]** 1/9