**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CONRAD SMITH, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> Defendants. | Case No. 1:21-CV-02265-APM |

**<u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
MOTION FOR SANCTIONS (DEFAULT JUDGMENT) AGAINST DEFENDANTS
MARTINEZ, KINNISON, NORDEAN, AND BIGGS FOR FAILURE TO COMPLY
WITH COURT ORDERS</u>**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND .................................................................................................................. 2

    A. Defendants Felipe Antonio "Tony" Martinez and Derek Kinnison ............................ 2

    B. Defendants Joseph R. Biggs and Ethan Nordean ......................................................... 2

III. PROCEDURAL HISTORY ................................................................................................. 2

    A. Discovery Failures Preceding Plaintiffs' Motion to Compel ....................................... 3

        1. Defendant Martinez ................................................................................ 3

        2. Defendant Kinnison ................................................................................ 4

        3. Defendant Nordean ................................................................................ 4

        4. Defendant Biggs ..................................................................................... 5

    B. Defendants' Failure to Comply With the Court's Order Compelling Discovery Reponses and Initial Disclosures ................................................................................ 6

IV. LEGAL STANDARD .......................................................................................................... 8

V. ARGUMENT ....................................................................................................................... 9

    A. Defendants Have Repeatedly Ignored Court Orders. .................................................. 9

    B. Default Judgment is the Appropriate Sanction. ......................................................... 11

VI. THE COURT SHOULD IMPOSE DEFAULT JUDGMENT AND LATER DETERMINE REMEDIES ................................................................................................. 14

VII. CONCLUSION .................................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Bristol Petroleum Corp. v. Harris*,
    901 F.2d 165 (D.C. Cir. 1990) .................................................................................................8

*Carazani v. Zegarra*,
    972 F. Supp. 2d 1 (D.D.C. 2013) ..........................................................8, 9, 10, 11, 12, 14

*Dellums v. Powell*,
    566 F.2d 231 (D.C. Cir. 1977) ...............................................................................................13

*Embassy of Fed. Republic of Nigeria v. Ugwuonye*,
    292 F.R.D. 53 (D.D.C. 2013) .................................................................................................12

*Flynn v. Thibodeaux Masonry, Inc.*,
    311 F. Supp. 2d 30 (D.D.C. 2004) ..........................................................................................9

*Freeman v. Giuliani*,
    691 F. Supp. 3d 32 (D.D.C. 2023) ....................................................................................8, 14

*Guarantee Co. of N. Am. USA v. Lakota Contracting Inc.*,
    2021 WL 2036666 (D.D.C. May 21, 2021) .......................................................11, 12, 13, 14

*Klayman v. Judicial Watch*,
    802 F. Supp. 2d 137 (D.D.C. 2011) .........................................................................................8

*McNair v. D.C.*,
    325 F.R.D. 20 (D.D.C. 2018) ...................................................................................................8

*Perez v. Berhanu*,
    583 F. Supp. 2d 87 (D.D.C. 2008) ..............................................................................9, 13, 14

*United States Sec. & Exch. Comm'n v. China Infrastructure Inv. Corp.*,
    189 F. Supp. 3d 118 (D.D.C. 2016) .........................................................................11, 12, 14

*Webb v. District of Columbia*,
    146 F.3d 964 (D.C. Cir. 1998) ..................................................................................8, 11, 14

### Statute

42 U.S.C. § 1985 ..............................................................................................................................2

### Rule

Fed. R. Civ. P. 37(b)(2)(A) .........................................................................................8, 9, 11, 14

### Regulation

90 Fed. Reg. 8331 (2025) ................................................................................................................5

**I.    INTRODUCTION**

Despite multiple Court orders and warnings, and continued requests from Plaintiffs' counsel, Defendants Felipe Antonio "Tony" Martinez, Derek Kinnison, Ethan Nordean, and Joseph Biggs ("Defendants") have failed to obey this Court's discovery orders and otherwise to fulfill their discovery obligations as parties to this action for the past three years. On July 11, 2025, Plaintiffs raised these unremedied deficiencies to the Court through a motion to compel. On October 16, 2025, the Court granted Plaintiffs' motion and ordered Defendants to serve initial disclosures (save for Biggs, the only Defendant who had done so), respond to all outstanding discovery requests, and supplement deficient responses within 21 days. As with previous discovery deadlines, that deadline came and went without actual compliance from Defendants. Even now, Defendants Martinez, Kinnison, and Nordean have failed to serve their initial disclosures. Document requests and interrogatories that Plaintiffs served as many as three years ago remain substantially unanswered. And each Defendant ultimately ignored Plaintiffs' counsel's attempts to communicate with them about their failure to adequately respond to discovery and comply with the Court's October 2025 Order.

Although Defendants have been given multiple opportunities to change course, they have consistently disregarded the obligations imposed on them by this lawsuit, the discovery process, and this Court's orders. The current record makes clear that Defendants have willfully declined to defend themselves in the present litigation, leaving Plaintiffs with no choice but to seek relief from the Court. Accordingly, Plaintiffs respectfully request that the Court sanction Defendants by entering default judgment against them. Default judgment is necessary both to effectuate the ultimate resolution of this case and deter similarly egregious, litigation-halting behavior in future cases.

## II. BACKGROUND

### A. Defendants Felipe Antonio "Tony" Martinez and Derek Kinnison

Defendants Martinez and Kinnison, members of the Three Percenters, coordinated planning and logistics to travel to and attack the Capitol on January 6, 2021. They joined a Telegram chat, "The California Patriots-DC Brigade," to organize "able bodied individuals that are going to DC on Jan 6" who are "ready and willing to fight." Dkt. 89 ("Am. Compl.") ¶ 99(a). On January 6, 2021, Martinez and Kinnison joined other attackers as they advanced on police at the U.S. Capitol. *See id.* ¶ 134. They were then convicted and sentenced for their actions during and leading up to the January 6, 2021, attack on the Capitol. *See* Dkt. 409 ("MTC") at 2. Defendant Trump later pardoned them. *See id.*

### B. Defendants Joseph R. Biggs and Ethan Nordean

Defendants Biggs and Nordean were leaders of the "Proud Boys." Dkt. 89 ("Am. Compl.") ¶¶ 26, 28, 30–31. After the 2020 election, Defendants Biggs and Nordean called for the use of force in response to Defendant Trump's claims of voter fraud and threats of violence following the election. *Id.* ¶¶ 59, 92–93. Among other actions, Biggs and Nordean led a group of Proud Boys who knocked down a metal barricade separating them and Capitol police and surged toward the building. They were convicted and sentenced for their actions during and leading up to the January 6, 2021, attack on the Capitol and police officers. Dkt. 409 at 3. Defendant Trump later commuted their sentences to time served. *Id.* at 3–4.

## III. PROCEDURAL HISTORY

Plaintiffs filed this action on August 26, 2021, asserting claims for conspiracy to interfere with civil rights under 42 U.S.C. § 1985, among others. Dkt. 1 at 58–71. Plaintiffs filed an amended complaint on December 3, 2021. Dkt. 89. All Defendants were properly served or

2

waived service. Dkts. 10, 26, 38, 65. All Defendants have filed appearances with the Court. Dkts. 22, 33, 55, 77. All Defendants, except Defendant Biggs, moved to dismiss and the Court denied their motions in part, permitting claims to proceed against Defendants. Dkt 179. The Court's first Scheduling Order required the parties to exchange initial disclosures on or before April 17, 2023. Dkt. 213. All Defendants, except Defendant Biggs, failed to provide initial disclosures by that date.[1] On September 20, 2024, the Court warned all Defendants of their obligation to respond to any discovery requests and the potential for sanctions. Dkt. 329. Despite the Court's warnings, Defendants have failed to adequately respond to Plaintiffs' discovery requests as of the date of this filing.

### A.     Discovery Failures Preceding Plaintiffs' Motion to Compel

#### 1.     Defendant Martinez

Defendant Martinez has not responded to a single discovery request. Plaintiffs served requests for production on Defendant Martinez dated April 4, 2023. Dkt. 409-2 (Decl. of Marc P. Epstein in Support of Plaintiffs' Mot. to Compel ("MTC Epstein Decl.")) Ex. 1. Defendant Martinez failed to respond and did not serve initial disclosures, in violation of the Court's order. Blumberg Decl. ¶ 17. Plaintiffs followed up with Defendant Martinez's then-counsel regarding his discovery failures on January 30, 2024, February 23, 2024, and February 26, 2024, and sent emails and letters directly to Martinez (then proceeding *pro se*) dated February 26, 2024, and December 19, 2024. MTC Epstein Decl. Exs. 2–4. Martinez did not respond. *Id.* ¶¶ 3–5. Plaintiffs served an interrogatory on Defendant Martinez dated May 13, 2025, and another letter dated May 12, 2025, regarding Martinez's failure to serve initial disclosures or respond to discovery. *Id.* Exs.

---

[1] Defendant Biggs served his initial disclosures on October 12, 2023, through his then-counsel. *See* Blumberg Decl. ¶ 16

5–6.  Again, Martinez did not respond to either the letter or the interrogatory.  *Id.* ¶¶ 6–7.

        **2.**     **Defendant Kinnison**

Plaintiff served requests for production on Defendant Kinnison dated April 4, 2023.  *Id.* Ex. 12.  On February 6, 2024, Defendant Kinnison, then proceeding *pro se*, emailed Plaintiffs' counsel and said he did not possess any items requested by Plaintiffs, did not have any social media accounts, and that all other possessions containing responsive information had been confiscated. *Id.* Ex. 13.  Plaintiffs then served Defendant Kinnison with a letter dated May 12, 2025, requesting that he serve initial disclosures and confirm whether any of his possessions had been returned, as well as an interrogatory dated May 13, 2025.  *Id.* Exs. 14–15.  Plaintiffs did not receive responses to their letter or interrogatory.  *Id.* ¶¶ 15–16.

        **3.**     **Defendant Nordean**

Defendant Nordean has not responded to a single discovery request.  Plaintiffs served requests for production on counsel for Defendant dated May 11, 2023.  *Id.* Ex. 16.  When Nordean failed to respond, Plaintiffs contacted his counsel, who stated his appearance was limited to filing a motion to dismiss and a motion to stay on Nordean's behalf, and that Nordean was proceeding *pro se*. *Id.* Ex. 2.  However, counsel stated he would pass along to Nordean and his family Plaintiffs' requests for responses to their requests for production and for initial disclosures.  *Id.* Nevertheless, Nordean did not respond to the requests.  *Id.* ¶ 17.  Plaintiffs subsequently sent letters directly to Nordean dated August 2, 2023, and December 19, 2024, regarding Nordean's failure to file an answer, provide initial disclosures, or respond to Plaintiffs' request for production.  *Id.* Exs. 17–18.  Nordean did not respond.  *Id.* ¶¶ 18–19.  Plaintiffs also served an interrogatory on Nordean dated June 24, 2025.  *Id.* Ex. 19.  Nordean's response was due on July 24, 2025, and he did not respond.  *Id.* ¶ 20.

### 4. **Defendant Biggs**

Defendant Biggs provided completely inadequate responses to initial discovery requests and never responded to the latest one. Specifically, Plaintiffs served requests for production on Biggs dated April 4, 2023, March 28, 2024, and April 1, 2025, and interrogatories dated March 28, 2024. *Id.* Exs. 20, 22, 24, 27. Biggs responded to the first two sets of requests for production and interrogatories, but has not responded to the April 1, 2025 requests. *Id.* ¶ 28 & Exs. 21, 23, 25. Biggs also failed to provide account names, social media handles, or phone numbers in response to Plaintiffs' fifth interrogatory. *See id.* Ex. 25 at 13–14. Biggs previously claimed he was unable "to give full, adequate, and useful responses to any requests for production of documents and things in this January 6 civil case" because of his incarceration status. *See id.* However, Biggs received a commutation of his sentence to time served on January 20, 2025, and was subsequently released from prison. *Id.* Ex. 21 at 1; *see* 90 Fed. Reg. 8331 (2025).

Plaintiffs raised these and other deficiencies at a discovery conference on May 13, 2025, and the Court ordered Biggs to either produce records or respond to outstanding discovery by May 19, 2025. *See* May 13, 2025 Minute Order. Biggs's then-counsel served amended responses to Plaintiffs' interrogatories on May 19, 2025, but Biggs failed to provide any of the requested information that Plaintiffs had identified as missing—specifically, account names, social media handles, email addresses, or phone numbers. MTC Epstein Decl. Exs. 15–16, 26. Biggs also failed to sign the responses. *Id.* Ex. 26. Counsel for Biggs subsequently stated in a motion to withdraw his appearance as to Biggs on June 11, 2025, that he had not spoken with Biggs since January 20, 2025. Dkt. 403. Biggs also did not produce any documents, amend or supplement his responses to Plaintiffs' first two sets of requests for production, or respond to Plaintiffs' third set of requests for production. MTC Epstein Decl. ¶ 28. After the Court granted Biggs's counsel's motion to withdraw, Plaintiffs sent Biggs a letter dated June 30, 2025, regarding his discovery deficiencies,

5

via FedEx to two addresses provided by his former counsel. *Id.* Ex. 28; Dkt. 403 at 3. Biggs did not respond. MTC Epstein Decl. ¶ 29.

    **B.**   **Defendants' Failure to Comply With the Court's Order Compelling Discovery Reponses and Initial Disclosures**

With the Court's permission, on July 11, 2025, Plaintiffs filed their motion to compel discovery responses and initial disclosures from several defendants, including Defendants. Dkt. 409. All four *pro se* Defendants failed to oppose or otherwise acknowledge Plaintiffs' motion. On October 16, 2025, the Court granted the motion and ordered each Defendant to respond to their outstanding obligations within 21 days (i.e., November 6, 2025). Dkt. 443 ("MTC Order"). Because all Defendants had appeared in the action, they were on notice of the MTC Order. *See* Dkts. 22, 33, 46, 55. Plaintiffs also included the *pro se* Defendants' addresses in the Local Civil Rule 7(k) appendix to their motion to compel. Dkt. 409-1 at 3.

On November 4, 2025, two days before the discovery production deadline imposed by the Court's MTC Order, Plaintiffs sent each Defendant a courtesy letter reminding him of his pending obligations and the Court's warning that "failure to confer regarding discovery requests may result in sanctions." Blumberg Decl. ¶¶ 2–5 & Exs. 1 at 1–2, 2 at 2, 3 at 1, 4 at 2; Dkt. 329. Plaintiffs also expressly warned Defendants that if they did not comply with the MTC Order, Plaintiffs would seek default judgment. Blumberg Decl. Exs. 1 at 2, 2 at 2, 3 at 1, 4 at 2. The letters were delivered via FedEx priority overnight shipping to Defendants Nordean, Biggs, and Kinnison on November 5, 2025. Blumberg Decl. Exs. 6–8. Defendants Nordean, Biggs, and Kinnison never responded. Blumberg Decl. ¶ 15. The letter sent to Defendant Martinez via FedEx priority overnight shipping was returned with an envelope marking indicating that Defendant Martinez did not reside at the

6

listed address. Blumberg Decl. Ex. 5 at 1–5.[2]

Plaintiffs' counsel also sent an email to Defendant Martinez with his courtesy letter, but Defendant Martinez provided no response. Blumberg Decl. ¶ 13 and Ex. 10.[3] On November 10, 2025, Plaintiffs' counsel proactively reached out to Defendant Martinez at his last known phone number and spoke to him about the discovery generally and the MTC Order and its unmet deadline. Blumberg Decl. ¶ 12 & Ex. 11. He claimed not to know about the MTC Order and asked Plaintiffs' counsel to email him about what Plaintiffs' counsel was calling about, which Plaintiffs' counsel promptly did at the conclusion of their phone call. *See id*. ¶ 12; *id.* Ex. 11. During the phone call with Defendant Martinez, Plaintiffs' counsel confirmed with him that they had his correct email address. *Id.* ¶ 12. Defendant Martinez never responded. *Id.* ¶ 14.

Aside from the November 10, 2025, phone call with Defendant Martinez, which Plaintiffs' counsel initiated, Plaintiffs have received no communication from any Defendant since the MTC Order, despite Plaintiffs' attempts to contact them and despite continuing to serve each with filings, discovery papers, and correspondence regarding case-wide matters such as joint status reports. *Id.* ¶¶ 14–15. At a status conference on December 3, 2025, Plaintiffs requested and received leave of the Court to file the instant motion. *See id.* ¶ 18 & Ex. 12 at 10–11.

---

[2] On January 13, 2026, after identifying a new potential address in Arizona to which Defendant Martinez may have moved without notifying Plaintiffs or the Court, Plaintiffs again sent Defendant Martinez courtesy copies of the MTC Order and related materials, via email and via FedEx priority overnight to his potential new address. *See* Blumberg Decl. ¶¶ 19-21. These materials included a letter requesting that Defendant Martinez contact Plaintiffs' counsel about this litigation on or before January 22, 2026, or Plaintiffs would seek sanctions, including default judgment. *Id.* Exs. 13, 14, 15. The FedEx shipment was delivered on January 14, 2026, signed for by a "T. Tony." *Id.* Ex. 15. Defendant Martinez did not respond. *Id.* ¶ 22.

[3] A similar email was sent to a previously known address for Defendant Kinnison, but it was returned as undeliverable. Blumberg Decl. Ex. 9. Plaintiffs did not have confirmed email addresses for Nordean and Biggs.

7

IV.   **LEGAL STANDARD**

When a party "fails to obey an order to provide or permit discovery," Rule 37(b)(2)(A) authorizes courts to issue sanctions, including default judgment. Fed. R. Civ. P. 37(b)(2)(A) ("Rule 37(b)"). Rule 37(b) requires the moving party to demonstrate that (1) a discovery order was in place and (2) the non-movant violated it. *See Carazani v. Zegarra*, 972 F. Supp. 2d 1, 12 (D.D.C. 2013). Once the movant satisfies this showing, the Court must then determine what *type* of sanction is most appropriate. *See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii); *Carazani*, 972 F. Supp. 2d at 12.

In this Circuit, default judgment is an appropriate discovery sanction in three circumstances: (1) to prevent serious prejudice to the moving party; (2) to prevent delays and burdens on the Court's docket; and/or (3) to punish conduct disrespectful to the court and "deter similar misconduct in the future." *Webb v. District of Columbia*, 146 F.3d 964, 971 (D.C. Cir. 1998). The "central requirement" of any Rule 37 sanction is that it be "just," which contemplates the good and bad faith of both parties. *See McNair v. D.C.*, 325 F.R.D. 20, 21–22 (D.D.C. 2018). Although the Court must also consider the availability of less drastic sanctions, it need not exhaust other sanctions if circumstances merit a default. *Webb*, 146 F.3d at 971.

When litigants engage in a "pattern of noncompliance" with discovery orders, "[c]ourts have not hesitated" to dispense with the case through sanctions of dismissal or default judgment. *Klayman v. Judicial Watch*, 802 F. Supp. 2d 137, 152 (D.D.C. 2011) (citing *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165 (affirming dismissal because appellant disobeyed an order to appear through counsel at a status conference)); *see, e.g.*, *Freeman v. Giuliani*, 691 F. Supp. 3d 32, 61–65 (D.D.C. 2023) (granting default judgment because defendant repeatedly and willfully failed to obey discovery orders to preserve information and furnish or supplement

8

responses to plaintiffs' requests for production); *Perez v. Berhanu*, 583 F. Supp. 2d 87, 90–91 (D.D.C. 2008) (granting default judgment under Rule 37(d)(1)(A) in light of defendants' "wholesale failure to participate in this litigation for the past three months," including their repeated failure to "respond to plaintiffs' written discovery requests" or appear for a deposition); *Flynn v. Thibodeaux Masonry, Inc.*, 311 F. Supp. 2d 30, 37 (D.D.C. 2004) (granting default judgment against corporation that disobeyed order to appear through counsel).

## V.  ARGUMENT

Plaintiffs seek default judgment as a necessary and proportionate sanction under Rule 37(b)(2)(A)(vi) due to Defendants' sustained, willful noncompliance with their discovery obligations and court orders requiring compliance over the past three years.  Since April 2023, Defendants have consistently ignored discovery requests, failed to serve initial disclosures (save for Biggs), largely ignored Plaintiffs' good-faith attempts to resolve these issues, and failed to obey this Court's discovery orders.  Their intransigence has severely prejudiced Plaintiffs' ability to prosecute their claims, imposed a significant and needless burden on the Court, and, if left unchecked, would signal that court orders may be disregarded without consequence.  Given Defendants' persistent disregard of deadlines and directives over a period spanning almost three years, lesser sanctions would be ineffective and futile.  Default judgment against Defendants Martinez, Kinnison, Nordean, and Biggs is therefore the appropriate remedy.

### A.  Defendants Have Repeatedly Ignored Court Orders.

Defendants failed to comply with this Court's orders compelling them to address their repeated discovery failures.  They have done so despite having adequate notice of those orders and the repercussions for failing to comply—including sanctions.  Rule 37(b)(2)(A) authorizes sanctions for these failures. Fed. R. Civ. P. 37(b)(2)(A); *see also Carazani*, 972 F. Supp. 2d at 12

(citing cases in which D.C. courts entered default judgment against defendants who disregarded discovery orders and requests).

Defendants' failures to obey discovery orders began with this Court's April 6, 2023 Order requiring service of initial disclosures, with which all Defendants except Biggs failed to comply. Thereafter, on September 20, 2024, the Court warned Defendants that they "have an obligation to respond to any discovery requests made by Plaintiffs" and that "[a]s the court observed during the status conference held on September 4, 2024, failure to confer with Plaintiffs regarding their discovery requests may result in sanctions for Defendants and defense counsel." Dkt. 329. Despite the Court's clear warning, Defendants (except for Biggs) failed to serve initial disclosures or respond to Plaintiffs' requests for production and interrogatories. Plaintiffs then filed a status report on June 23, 2025, describing Defendants' continuing discovery failures, and the Court allowed Plaintiffs to file a motion to compel. Dkt. 407. The Court granted Plaintiffs' motion and ordered Defendants to rectify their discovery failures on or before November 6, 2025. MTC Order. Despite the Court's clear order, Defendants made no attempt to remedy their delinquent discovery responses and disclosures—even though Plaintiffs made good faith efforts to contact them before the Court's deadline lapsed. *See supra* section III.B.

Aside from *one* conversation between Plaintiffs' counsel and Defendant Martinez on November 10, 2025—initiated by Plaintiffs' counsel and after which Plaintiffs received no further communications—Defendants have been totally unresponsive to the Court's orders and Plaintiffs' good-faith attempts at outreach since at least May 2025. *See* Blumberg Decl. ¶¶ 13–15; MTC Epstein Decl. Exs. 2, 15–16, 26; *Carazani*, 972 F. Supp. 2d at 12. That they each chose to ignore these orders even after receiving courtesy reminders from Plaintiffs demonstrates their "plainly willful" default in this litigation. *Carazani*, 972 F. Supp. 2d at 12. Under the plain language of

10

Rule 37(b)(2)(A), that choice is sanctionable. *Id.*

### B. Default Judgment is the Appropriate Sanction.

Defendants' respective decisions to abandon this case warrant default judgment because their noncompliance (1) has severely prejudiced Plaintiffs in their pursuit of recourse, (2) has placed an "intolerable burden" on the Court to accommodate the delays in discovery, and (3) if left unpunished, would set an untenable example for other litigants that they can ignore the Court's orders without consequence. *Webb*, 146 F.3d at 971.

*First*, the upshot of Defendants' continued refusal to furnish adequate (or, in the case of Defendants Martinez and Nordean, *any*) discovery responses and disclosures is that Plaintiffs have not received the discovery materials to which they are entitled and that would enable them to pursue their claims. In other words, Defendants' "wholesale failure to comply with their discovery obligations and participate in this litigation" has made it "all but impossible" for Plaintiffs to develop their case. *Guarantee Co. of N. Am. USA v. Lakota Contracting Inc.*, 2021 WL 2036666 at *4 (D.D.C. May 21, 2021) ("*Lakota Contracting*").

In *Lakota Contracting*, for example, the court ordered default judgment as the proper sanction because the defendants had violated "virtually every" discovery order directed at them over a period of roughly five months. *Id.* (citing *United States Sec. & Exch. Comm'n v. China Infrastructure Inv. Corp.*, 189 F. Supp. 3d 118, 130 (D.D.C. 2016) (ordering default judgment sanction after defendants violated three Court-ordered deadlines over an eight-month period)). Here, the violations of Defendants Martinez, Kinnison, and Nordean date back almost three years to the Court's initial order to serve initial disclosures, Dkt. 213, and at least fifteen months to when the Court first ordered Defendants to comply with outstanding discovery obligations in its September 20, 2024 Order, Dkt. 329. Defendant Biggs has been in violation of the Court's

11

September 20, 2024 Order since at least June 11, 2025, when his counsel moved to withdraw from the litigation due to Biggs's lack of participation. Dkt. 403. As in *Lakota Contracting*, Defendants' months- and even years-long delay and ignorance of multiple discovery orders has likewise "eviscerated" Plaintiffs' ability to pursue legal redress outside of default judgment. 2021 WL 2036666 at *4. Finally, although not necessary, Plaintiffs have tried to communicate with Defendants through "telephone, . . . mail, or email," including the November 4, 2025 courtesy letters—to no avail. *Carazani*, 972 F. Supp. 2d at 14; *see supra* section III.B. Defendants have been "utterly unresponsive[]" for roughly seven months (Biggs) or longer (the rest), severely prejudicing Plaintiffs. *Carazani*, 972 F. Supp. 2d at 14. Default judgment is in order.

Prior inadequate interrogatory and document request responses from Defendants Biggs and Kinnison do not change the result here, as they defied the Court's October 16, 2025 MTC Order to respond to all outstanding discovery requests, supplement or amend deficient responses to multiple requests, and, in Kinnison's case, to serve initial disclosures. *See* MTC Order; *supra* section III.B; *see also Embassy of Fed. Republic of Nigeria v. Ugwuonye*, 292 F.R.D. 53, 58 (D.D.C. 2013) (ordering default judgment where defendant's inadequate responses to discovery requests "crippled" plaintiff's ability to present their case). Biggs also explicitly violated the Court's May 13, 2025 Minute Order directing him to produce records or respond to outstanding discovery. *See supra* section III.A. There is no reason to believe that Defendants Biggs and Kinnison have any intention of meaningfully participating in this litigation.

*Second*, Defendants' absenteeism and defiance of Court orders have "burdened judicial resources" by "requiring the Court to devote time to managing Defendants' misbehavior." *Lakota Contracting*, 2021 WL 2036666 at *4 (citing *China Infrastructure*, 189 F. Supp. 3d at 130–31 (ordering default judgment after defendants missed three Court-ordered deadlines and "remain[ed]

12

absent without any sign of re-engaging in this lawsuit")). Discovery in this case began in the spring of 2023. It is now January 26, 2026, and Defendants have failed to produce any meaningful discovery. Defendants Martinez and Kinnison have missed four deadlines to serve their initial disclosures and Defendant Nordean has missed at least three. *See* Dkt. 213 at 1; May 4, 2023 Minute Order; Aug. 2, 2023 Minute Order; MTC Order. All Defendants have repeatedly missed deadlines for Plaintiffs' requests for production and interrogatories despite the Court's September 20, 2024 Order admonishing them to participate in discovery. Dkt. 329. Finally, each has completely disregarded the most recent November 6, 2025 compliance deadline imposed by the Court's MTC Order. *See* MTC Order. Repeatedly addressing Defendants' persistent pattern of noncompliance has cost this Court valuable time and resources, which "can never be recovered and applied toward resolving other matters." *Lakota Contracting*, 2021 WL 2036666 at *4. The significant burden of their discovery dereliction warrants a sanction of default judgment.

*Third*, and relatedly, the Court should enter default judgment to deter future litigants, or even other Defendants in this action, from emulating Defendants' disrespect of court orders. *See Perez*, 583 F. Supp. 2d at 91 (granting default judgment because "[a] lesser sanction may also yield similar misconduct by other litigants by indicating that flagrant violations will yield only minor sanctions"). Continuing to countenance the bad faith of Defendants as they defy discovery orders and otherwise ignore their discovery obligations would "embroil" this Court "in day-to-day supervision of discovery, a result directly contrary to the overall scheme of the federal discovery rules." *Dellums v. Powell*, 566 F.2d 231, 236 (D.C. Cir. 1977). Multiple sanctions warnings over the last fifteen months have failed to effect any change in Defendants' noncompliance. Default judgment is now appropriate as the final deterrent to their continued discovery failures.

Finally, less onerous sanctions such as fines or adverse evidentiary determinations would

13

be "ineffective or obviously futile" to compel discovery from Defendants. *Webb*, 146 F.3d at 971. Like the defendants in *Perez*, *Lakota Contracting*, and *China Infrastructure*, Defendants here have repeatedly disregarded Court-ordered discovery deadlines and ignored Plaintiffs' good faith attempts at communication. *See* 583 F. Supp. 2d at 91; 2021 WL 2036666 at *5; 189 F. Supp. 3d at 131–32. Despite warnings from the Court and Plaintiffs that continued delinquency would result in sanctions such as default judgment, Defendants seemingly have no qualms continuing on their current path. *See* Dkt. 329; Blumberg Decl. Exs. 1–4; *supra* sections III.A–B. Because Defendants have paid no heed to the Court's orders or warnings of sanctions, anything less than default judgment would be futile.

Accordingly, the Court should sanction Defendants Martinez, Kinnison, Nordean, and Biggs by entering default judgment against them.

## VI. THE COURT SHOULD IMPOSE DEFAULT JUDGMENT AND LATER DETERMINE REMEDIES

If the Court grants Plaintiffs' motion, it should allow for the determination of damages at a later date. *See, e.g.*, *Giuliani*, 691 F. Supp. 3d at 71 (embracing plaintiffs' proposed order granting default judgment and saving damages determination for later); *Carazani*, 972 F. Supp. 2d at 13–15 (awarding plaintiffs damages "on the papers alone" (citation omitted)). This two-step approach of entering default judgment sanctions followed by the later adjudication of remedies would redress the undue burden and delay caused by Defendants' failure to defend this action while allowing Plaintiffs to collect and present evidence supporting their requested relief.

## VII. CONCLUSION

Pursuant to Rule 37(b)(2)(A)(vi), Plaintiffs respectfully request that the Court grant this motion for sanctions and enter default judgment against Defendants Martinez, Kinnison, Nordean, and Biggs for failing to respond to properly served discovery requests and obey related Court

orders.

| | |
|---|---|
| Dated: January 26, 2026 | Respectfully submitted, |
| SELENDY GAY PLLC<br>Faith E. Gay, *pro hac vice*<br>Joshua S. Margolin, *pro hac vice*<br>Babak Ghafarzade, *pro hac vice*<br>Sarah W. Chase, *pro hac vice*<br>1290 Avenue of the Americas<br>New York, NY 10104<br>Tel: 212-390-9000<br>fgay@selendygay.com<br>jmargolin@selendygay.com<br>bghafarzade@selendygay.com<br>schase@selendygay.com<br><br>SPERLING KENNY NACHWALTER<br>William J. Blechman, *pro hac vice*<br>Elizabeth B. Honkonen, *pro hac vice*<br>Jeffrey T. Foreman, *pro hac vice*<br>Four Seasons Tower, Suite 1100<br>1441 Brickell Avenue<br>Miami, FL 33131<br>Tel: 305-373-1000<br>wblechman@sperlingkenny.com<br>ehonkonen@sperlingkenny.com<br>jtf@sperlingkenny.com | LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW<br><br>By: */s/ Jeffrey Blumberg*<br><br>Edward G. Caspar, D.C. Bar No. 1644168<br>Jeffrey Blumberg, D.C. Bar No. 432928<br>Marc P. Epstein, D.C. Bar No. 90003967<br>1500 K Street N.W., Suite 900<br>Washington, D.C. 20005<br>Tel: 202-662-8326<br>ecaspar@lawyerscommittee.org<br>jblumberg@lawyerscommittee.org<br>mepstein@lawyerscommittee.org |