**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **CONRAD SMITH,** *et al.*, | § | |
| | § | |
| | § | Case No. 1:21-CV-02265-APM |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |
| **DONALD J. TRUMP,** *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

**MOTION TO SET ASIDE (OR, ALTERNATIVELY, ALTER OR AMEND) THE**
**DEFAULT JUDGMENT AGAINST ETHAN NORDEAN AND JOSEPH BIGGS**

Defendants Ethan Nordean and Joseph Biggs, by and through undersigned counsel, respectfully move this Court pursuant to Federal Rules of Civil Procedure 55(c), 59(e), and 60(b), to set aside (or, alternatively, alter or amend) the default judgments entered against them on February 14, 2026 (ECF No. 474). Pursuant to Local Rule 7(m), undersigned counsel states that he conferred with opposing counsel, and Plaintiffs oppose the relief sought herein. In support of this motion, Nordean and Biggs state as follows:

**KEY FACTS AND PROCEDURAL HISTORY**

1. This motion seeks relief from the default judgments that were awarded against Nordean and Biggs as part of the grant of a motion for sanctions under Federal Rule of Civil Procedure 37(b)(2)(A)(vi) (ECF No. 471) for failure to comply with this Court's discovery orders.

2. Nordean has been without counsel in this matter since February 28, 2023. Nicholas D. Smith entered a limited appearance on behalf of Nordean on October 6, 2021 (ECF No. 33), noting specifically that his appearance was limited to a "motion to stay pending [the] related criminal case." Notwithstanding the limited nature of the appearance, Mr. Smith participated

actively in the litigation on Nordean's behalf from that date until the (unopposed) motion to stay was granted approximately seventeen months later (Minute Order 2/28/2023). During that intervening seventeen months, Mr. Smith participated actively in the litigation on Nordean's behalf: he filed a motion to dismiss in November 2021 (ECF No. 74) and then refiled the motion to dismiss in December 2021 after Plaintiffs amended their complaint (ECF No. 95); the Court ultimately granted the motion to dismiss in part and denied it in part in January 2023 (ECF No. 179). Mr. Smith then filed the unopposed motion to stay this matter until the end of Nordean's criminal trial (ECF No. 195), which this Court granted (Minute Order 2/28/2023). At that point, Mr. Smith had discharged the purpose for which he made his limited appearance. Nevertheless, following a May 4, 2023, status hearing (at which neither Nordean nor Mr. Smith was present), this Court lifted the stay as to Nordean, and the matter has apparently proceeded with respect to Nordean despite Nordean's lack of knowledge and lack of counsel. This Court's June 9, 2024, minute order states that "Plaintiffs, after meeting and conferring with Defendants Nordean, Biggs, [and others], shall submit, by June 20, 2024, a proposed briefing schedule for Plaintiffs' Motion for Partial Summary Judgment." That conference did not appear to happen. The status reports do not appear to acknowledge in any way Mr. Smith's limited appearance. Nordean did not know about (and denies having received service of) the subsequent motion to compel (ECF No. 409), order granting motion to compel and directing a response within 21 days thereof (ECF No. 443), or motion for sanctions (default judgment) (ECF No. 474). Nordean learned of these events only on February 26, 2026, when the undersigned (whom Nordean had retained for representation in a matter in D.C. Superior Court) happened to come across the default judgment and told him of it.

3.      Biggs has been without counsel in this matter since June 24, 2025, when this Court granted his previous attorney John Daniel Hull IV's motion to withdraw (ECF No. 403). Prior to

that date, Biggs participated actively in the lawsuit, filing an answer (ECF No. 82), an answer to the amended complaint (ECF No. 99), and various filings intended to demonstrate compliance with Plaintiffs' discovery requests (ECF Nos. 241, 307, 315). Subsequent to the withdrawal of Mr. Hull, Biggs has not been served with anything regarding this matter. For instance, the Rule 7(k) Appendix to Plaintiff's Motion to Compel (ECF No. 409) lists Biggs as needing service, but there is no indication that Biggs actually was served. The same is true for the subsequent status reports (ECF Nos. 424, 438). And the docket indicates that this Court's Order on the motion to compel was returned as undeliverable on December 3, 2025 (ECF No. 459). Moreover, Mr. Hull's motion to withdraw indicates that he had had no contact with Biggs since Biggs's release from prison in January 2025 despite multiple attempts, so it is reasonable to conclude that Biggs in fact had no idea about the subsequent proceedings until the undersigned (retained, as with Nordean, for representation in a matter in D.C. Superior Court) happened to see the default judgment and told Biggs about it on February 26, 2026.

4.      Both Nordean and Biggs are willing and prepared to participate in the litigation, including complying with discovery requests. Biggs has already answered the Amended Complaint (ECF No. 99). Nordean attaches a proposed Answer as an exhibit to this motion, which Nordean asks the Court to direct the Clerk to file as his Answer in the event it grants this motion.

5.      Both Nordean and Biggs apologize for any implication from their lack of response that they were thumbing their nose at or otherwise disregarding this proceeding. While they may dispute vigorously the allegations lodged against them, they mean no disrespect to this Court.

6.      The events that precipitated the default judgment all occurred *after* Nordean and Biggs were no longer represented by counsel. Specifically, the motion to compel was filed July 11, 2025, and the motion for default judgment as a sanction was filed January 26, 2026. But

Nordean had been without counsel since February 28, 2023, and Biggs had been without counsel since June 24, 2025.

7.      There is no prejudice to Plaintiffs, as discovery remains ongoing, and no trial date has been set. *See* 2/9/2026 Status Report (ECF No. 472). Nordean and Biggs stand ready to participate fully in the discovery process and respond promptly to outstanding and future discovery obligations, ensuring no further delay to the litigation.

## ARGUMENT

8.      **Legal Standard.** Under Federal Rule of Civil Procedure 55(c), this Court "may set aside a final default judgment under Rule 60(b)." Rule 60(b)(1), in turn, allows the Court to set aside a default judgment for "mistake, inadvertence, surprise, or excusable neglect." These bases are equitable matters entailing "several relevant factors: the risk of prejudice to the non-movant, the length of delay, the reason for the delay, including whether it was in control of the movant, and whether the movant acted in good faith." *FG Hemisphere Assocs. v. Democratic Republic of Congo*, 447 F.3d 835, 838 (D.C. Cir. 2006). *See also Canales v. A.H.R.E., Inc.*, 254 F.R.D. 1, 7-8 (D.D.C. 2008) ("In considering whether a default judgment should be set aside under Rule 60(b)(1), (3) or (6), a court should consider the following three criteria: (1) whether the default was willful; (2) whether setting aside the default judgment would prejudice the plaintiff; and (3) whether the defendant has alleged a meritorious defense.") (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). The Court should defer to "the federal policy favoring trial over default judgment." *Whelan v. Abell*, 48 F.3d 1247, 1258 (D.C. Cir. 1995). In light of that policy, "all doubts are resolved in favor of the party seeking relief." *Jackson v. Beech*, 636 F.2d 831, 835–36 (D.C. Cir. 1980); *accord Khochinsky v. Republic of Poland*, 1 F.4th 1, 7 (D.C. Cir. 2021).

9. **Timeliness; Alternative Motion to Alter or Amend Under Rule 59(e).** Under Rule 60(c)(1), such a motion must be brought within a reasonable time not to exceed one year. This motion is brought well within that time frame, the default judgment having been entered on February 14, 2026. Nevertheless, to avoid any doubt as to timeliness, Nordean and Biggs move in the alternative (and on the same grounds offered in support of the Rule 60(b) relief) for an order altering or amending the judgment under Rule 59(e), such a motion being timely if brought within 28 days after entry of judgment (that deadline would fall on March 16, 2026, the first business day following 28 days after entry of judgment).

10. The relevant factors favor setting aside the default judgment against Nordean and Biggs. First, the defaults were not willful. Nordean's counsel honestly believed that his obligations ended, in line with the limited appearance, once the motion to stay was granted, and nothing in the record indicates that Nordean himself had reason to know otherwise. Prior to Mr. Smith's withdrawal, Nordean participated actively in the litigation. Likewise, prior to Mr. Hull's withdrawal, Biggs participated actively in the litigation, and the record clearly indicates that the mail sent to Biggs regarding the motion to compel was returned as undeliverable.

11. Second, the risk of prejudice to Plaintiffs is minimal. Plaintiffs may need to send a duplicate batch of outstanding discovery requests, but given the ongoing status of discovery, there is no risk of harm to the overall litigation. Moreover, as the Court noted in setting aside the defaults of two other defendants, Plaintiffs already have ample discovery from the various criminal trials. *See* ECF No. 445 at 3-5 (explaining why there was minimal prejudice from setting aside the defaults against Pezzola and Rhodes notwithstanding counsel's delay of over a year in moving to set them aside).

12. Third, both Nordean and Biggs have alleged meritorious defenses, chiefly that they deny (1) the existence of or their participation in the conspiracy alleged in the Amended Complaint and (2) any allegations of assault or battery. *See* Biggs Answer (ECF No. 99), proposed Nordean Answer (attached hereto).

13. Finally, Nordean and Biggs submit that their prompt retention of the undersigned as counsel following this Court's issuance of the default judgment, together with their stated willingness to participate in the discovery and litigation in this matter, support a finding of good faith. Nordean and Biggs note that this Court excused another defendant, Derek Kinnison, from the default judgment on the basis of a February 9, 2026, letter "indicating he wishes to participate in the litigation." Order (ECF No. 474). Nordean and Biggs respectfully ask the Court to excuse their modest delay in making the same indication.

**CONCLUSION**

For the foregoing reasons, Defendants Nordean and Biggs respectfully ask the Court, under Federal Rule of Civil Procedure 60(b), to set aside the default judgment entered against them. Alternatively, under Federal Rule of Civil Procedure 59(e), Nordean and Biggs ask the Court to alter or amend the judgment so as to set it aside as to both Nordean and Biggs. Nordean further asks the Court to direct the Clerk to file his attached Answer.

**Date:** March 16, 2026

Respectfully submitted,

/s/ Kyle Singhal
Kyle Singhal (D.C. Bar No. 1601108)
Hopwood & Singhal, PLLC
1701 Pennsylvania Ave., N.W.
Suite 200
Washington, D.C. 20006
(202) 769-4080
kyle@hopwoodsinghal.com
*Attorney for Ethan Nordean and Joseph Biggs*