**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CONRAD SMITH, *et al.*,

    Plaintiffs,

  v.

DONALD J. TRUMP, *et al*.,

    Defendants.

Case No. 1:21-CV-02265-APM

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION FOR SANCTIONS (DEFAULT JUDGMENT) AGAINST
DEFENDANT WARNER FOR FAILURE TO COMPLY WITH COURT ORDERS**

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ............................................................................................... 1

II.   BACKGROUND .............................................................................................. 2

III.  PROCEDURAL HISTORY .............................................................................. 2

      A.   Discovery Failures Preceding Plaintiffs' Motion to Compel........................ 3

      B.   Defendant Warner's Failure to Comply With the Court's Order Compelling
      Discovery Reponses and Initial Disclosures........................................................... 4

IV.   LEGAL STANDARD....................................................................................... 6

V.    ARGUMENT.................................................................................................... 7

      A.   Defendant Warner Has Repeatedly Ignored Court Orders. .......................... 8

      B.   Default Judgment is the Appropriate Sanction. ............................................. 9

VI.   THE COURT SHOULD IMPOSE DEFAULT JUDGMENT AND LATER DETERMINE
      REMEDIES ..................................................................................................... 14

VII.  CONCLUSION................................................................................................. 14

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Bristol Petroleum Corp. v. Harris*,
901 F.2d 165 (D.C. Cir. 1990) .................................................................................................7

*Carazani v. Zegarra*,
972 F. Supp. 2d 1 (D.D.C. 2013) ..............................................................6, 8, 9, 10, 11, 14

*Dellums v. Powell*,
566 F.2d 231 (D.C. Cir. 1977) ...............................................................................................13

*Embassy of Fed. Republic of Nigeria v. Ugwuonye*,
292 F.R.D. 53 (D.D.C. 2013) .................................................................................................11

*Flynn v. Thibodeaux Masonry, Inc.*,
311 F. Supp. 2d 30 (D.D.C. 2004) ...........................................................................................7

*Freeman v. Giuliani*,
691 F. Supp. 3d 32 (D.D.C. 2023) .....................................................................................7, 14

*Guarantee Co. of N. Am. USA v. Lakota Contracting Inc.*,
2021 WL 2036666 (D.D.C. May 21, 2021) ...............................................................10, 12, 13

*Klayman v. Judicial Watch*,
802 F. Supp. 2d 137 (D.D.C. 2011) ..........................................................................................7

*McNair v. D.C.*,
325 F.R.D. 20 (D.D.C. 2018)....................................................................................................7

*Perez v. Berhanu*,
583 F. Supp. 2d 87 (D.D.C. 2008) ......................................................................................7, 13

*United States Sec. & Exch. Comm'n v. China Infrastructure Inv. Corp.*,
189 F. Supp. 3d 118 (D.D.C. 2016) ...........................................................................10, 12, 13

*Webb v. District of Columbia*,
146 F.3d 964 (D.C. Cir. 1998) ........................................................................................7, 10, 13

## Statute

42 U.S.C. § 1985....................................................................................................................2

## Rule

Fed. R. Civ. P. 37(b)(2)(A) ............................................................................................6, 7, 8, 9, 14

## I.    __INTRODUCTION__

Since this litigation began, Defendant Warner has failed to satisfy his discovery obligations, disregarded Court orders regarding those obligations, and ignored Plaintiffs' counsel's many attempts to contact him about his discovery failures.  On September 20, 2024, the Court warned Defendant Warner of his obligation to "respond to any discovery requests made by Plaintiffs" and "confer with Plaintiffs."  Dkt. 329.  Warner failed to respond to outstanding discovery requests, and on July 11, 2025, Plaintiffs filed a motion to compel to address his deficiencies.  On October 16, 2025, the Court granted the motion, ordering Warner to serve initial disclosures and respond to all outstanding discovery requests within 21 days.  Dkts. 409, 443.  As with previous deadlines, that deadline came and went without actual compliance from Defendant Warner.

In November 2025, Plaintiffs began preparing a motion for default judgment against several Defendants, including Defendant Warner.  To ensure that Defendants had adequate notice of the coming motion and its serious ramifications, Plaintiffs renewed their outreach efforts including numerous email and phone calls.  In response, Defendant Warner sent a letter to Plaintiffs' counsel on November 17, 2025, that did not include any original records.  To explore whether Defendant Warner would finally engage in this litigation, respond to discovery requests and obviate the need for the sanction of default judgment, Plaintiffs' counsel decided not to include Defendant Warner in the motion seeking default judgment against Defendants Martinez, Nordean, Biggs, and Kinnison (Dkt. 471).  However, Mr. Warner continued to avoid his discovery obligations.  In December 2025, after Plaintiffs' counsel repeatedly tried to contact him about his insufficient November 2025 discovery responses, Defendant Warner left Plaintiffs' counsel one voicemail indicating that he was aware of Plaintiffs' outreach and would call them back.  Other

than that single voicemail, Defendant Warner has been unresponsive despite numerous additional attempts to contact him after his message.

Despite multiple Court orders and warnings, and continued outreach from Plaintiffs' counsel, Defendant Warner has failed to obey this Court's discovery orders and fulfill his discovery obligations for the past three years. The current record makes clear that Defendant Warner has declined to participate in the present litigation, leaving Plaintiffs with no choice but to seek relief from the Court. Default judgment against Defendant Warner is necessary both to effectuate the ultimate resolution of this case and deter similarly egregious, litigation-halting behavior in future cases. Accordingly, Plaintiffs respectfully request that the Court sanction Defendant Warner by entering default judgment against him.

## II.    BACKGROUND

Defendant Warner, who was associated with the Three Percenters, coordinated on planning and logistics to travel to and attack the Capitol on January 6, 2021. He joined a Telegram chat, "The California Patriots-DC Brigade," which was created to organize "able bodied individuals that are going to DC on Jan 6" who are "ready and willing to fight." Dkt. 89 ("Am. Compl.") ¶ 99(a). On January 6, 2021, Warner joined other attackers as they advanced on police and entered the U.S. Capitol. *See id.* ¶ 136. Defendant Warner was then convicted and sentenced on multiple criminal charges for his actions during and leading up to the January 6 attack on the Capitol. *See* Dkt. 409 ("MTC") at 2. Defendant Trump later pardoned him. *See id.*

## III.    PROCEDURAL HISTORY

Plaintiffs filed this action on August 26, 2021, asserting claims for conspiracy to interfere with civil rights under 42 U.S.C. § 1985, among others. Dkt. 1 at 58–71. Plaintiffs filed an amended complaint on December 3, 2021. Dkt. 89. Defendant Warner was properly served on

2

September 25, 2021, and has received prior Court filings by mail.  Dkt. 29; *see* Dkt. 299.  Since then, Defendant Warner has failed to meaningfully defend this litigation.  He has ignored discovery deadlines, Court orders, and Plaintiffs' entreaties concerning his discovery obligations, and has made no effort to change course.

### A.    Discovery Failures Preceding Plaintiffs' Motion to Compel

On April 6, 2023, the Court issued its first Scheduling Order requiring parties to exchange initial disclosures on or before April 17, 2023.  Dkt. 213.  That deadline came and went with no response from Defendant Warner.  Plaintiffs served requests for production on Defendant Warner dated April 4, 2023.  Dkt. 409-2 (Decl. of Marc P. Epstein in Support of Plaintiffs' Mot. to Compel ("MTC Epstein Decl.")) ¶ 8 & Ex. 7.  Defendant Warner failed to respond by the deadline.  *Id*.; (Decl. of Jeffrey Blumberg in Support of Plaintiffs' Mot. for Sanctions (Default Judgment) against Defendant Warner ("Blumberg Warner Decl.")) ¶¶ 6–8 & Exs. 4–6.  Plaintiffs sent letters to Warner regarding his failure to respond to discovery and serve initial disclosures on September 12, 2023, November 19, 2024, and May 12, 2025.  MTC Epstein Decl. Exs. 8–10.  Defendant Warner again failed to respond to any of the three letters.  *Id.*  ¶¶ 9–11.  Plaintiff also served an interrogatory on Warner dated May 13, 2025.  *Id.*  Ex. 11.  Defendant Warner again failed to respond.  *Id.*  ¶ 12.

On September 20, 2024, the Court warned all Defendants of their obligation to "respond to any discovery requests made by Plaintiffs" and "confer with Plaintiffs."  Dkt. 329.  The Court expressly warned that failure to do so "may result in sanctions."  *Id*.  Despite the Court's warning and Plaintiffs' outreach, Defendant Warner failed to adequately respond to Plaintiffs' discovery requests.  To date, Defendant Warner has not served his initial disclosures, responded to Plaintiffs' interrogatories, nor produced a single document.  Blumberg Warner Decl. ¶ 15.  His only attempt

at responding to any of Plaintiffs' discovery requests—his November 17, 2025 letter—was months late and inadequate.  *See* Blumberg Warner Decl. ¶¶ 6–9 & Exs. 4–7.

### B.    Defendant Warner's Failure to Comply With the Court's Order Compelling Discovery Reponses and Initial Disclosures

With the Court's permission, on July 11, 2025, Plaintiffs moved to compel discovery responses and initial disclosures from several defendants, including Defendant Warner.  Dkt. 409. Defendant Warner failed to oppose or otherwise acknowledge Plaintiffs' motion.  On October 16, 2025, the Court granted the motion and ordered each Defendant, including Defendant Warner, to respond to their outstanding obligations within 21 days (i.e., November 6, 2025).  Dkt. 443 ("MTC Order").  Plaintiffs included Defendant Warner's address in the Local Civil Rule 7(k) appendix to their motion to compel to allow the Court to ensure the resulting order would be mailed to Defendant Warner. Dkt. 409-1 at 3.  And Defendant Warner's wife had previously acknowledged that he had received previous notices mailed by the Court.[1]  Dkt. 299 ("[Defendant Warner] received a notice of electronic filling[sic] from the court via mail . . . .").  Accordingly, Defendant Warner was on notice of the MTC Order.

Even so, on November 4, 2025, Plaintiffs sent Defendant Warner a courtesy letter reminding him of his pending obligations and the Court's warning that "failure to confer . . . regarding discovery requests may result in sanctions."  Blumberg Warner Decl. ¶¶ 2–4 & Ex. 2 at 1; Dkt. 329.  Plaintiffs also indicated to Defendant Warner that if he did not comply with the MTC Order, Plaintiffs intended to seek default judgment.  Blumberg Warner Decl. Ex. 2 at 1–2.  The letter was delivered via FedEx priority overnight shipping on November 5, 2025.  *Id.* Ex. 3.

---

[1] Defendant Warner's address has not changed since the start of this litigation.  Dkts. 1, 29; Blumberg Warner Decl. ¶ 6 & Ex. 4.

4

On November 17, 2025, in response to Plaintiffs' November 4, 2025 letter, Defendant emailed his first and only discovery response via a letter attached as a Microsoft Word file ("emailed letter to Plaintiffs"). *Id.* ¶¶ 6–7 & Exs. 4–5. In his letter, Defendant Warner provided inadequate responses to Plaintiffs' requests for production and otherwise failed to comply with the MTC Order by failing to serve his initial disclosures and respond to Plaintiffs' interrogatories. Defendant Warner also mailed a physical version of the letter to the Court on November 17, 2025 ("Chambers letter") and to Plaintiffs' counsel ("mailed letter to Plaintiffs"). *Id.* ¶¶ 8–9 & Exs. 6–7. Notably, the Chambers letter and mailed letter to Plaintiffs are not exact copies of the letter Defendant Warner emailed to Plaintiffs' counsel,[2] which raises concerns about the reliability and adequacy of Defendant Warner's purported response to Plaintiffs' requests for production. *Id.*

Following Defendant Warner's November 17, 2025 correspondence, Plaintiffs' counsel made numerous attempts to contact Defendant Warner to discuss his failure to comply with the MTC Order and to meet and confer. Blumberg Warner Decl. ¶¶ 10–11 & Exs. 8–9. Plaintiffs' counsel sent at least seven emails, attempted five calls, and left four voicemails. *Id.* To rule out any error in miscommunication or inadvertent failed delivery, Plaintiffs contacted Defendant Warner at all known possible email addresses and phone numbers. *Id.* ¶¶ 5–11. On December 23, 2025, Defendant Warner left Plaintiffs' counsel a voicemail indicating that he received Plaintiffs' counsel's message and would attempt to call back "again a little later." *Id.* ¶ 10(e). That call never came. Despite subsequent follow-up emails, calls, and voicemails from Plaintiffs' counsel,

---

[2] There are two inconsistencies. The Chambers letter and mailed letter to Plaintiffs alters Defendant Warner's response to Request No. 14 from "I have never had documentation or communication regarding the arrest of others" to "[a]fter reasonable search, I do not have any documents in my possession, custody, or control that are responsive to this request." Blumberg Warner Decl. ¶¶ 7–9 & Exs. 5–7. The former also excludes a copy of Defendant Warner's indictment and attaches a new Appendix A with his contact information. *Id.*

Defendant Warner has ignored Plaintiffs' counsel since his December 2025 voicemail. *Id.* ¶¶ 10–11 & Exs. 8–9.

On February 4, 2026, Plaintiffs sent Defendant Warner another courtesy letter informing him of his failed discovery obligations and his continuing obligation to confer with counsel as ordered by the Court on September 20, 2024. *Id.* ¶ 12 & Ex. 10 at 2–3; Dkt. 329. Once again, Plaintiffs expressly indicated to Defendant Warner that if he did not meet his obligations, Plaintiffs will seek default judgment. *Id.* The letter was delivered via FedEx priority overnight shipping on February 6, 2026. *Id.* ¶ 13 & Ex. 11. Plaintiffs also emailed Defendant Warner a copy of the letter to the email address from which he sent his November 17, 2025 letter. *Id.* ¶ 10(m).

Aside from the November 17, 2025 letter and December 23, 2025 voicemail, Plaintiffs have received no communication from Defendant Warner since the MTC Order, despite numerous attempts to contact him and despite continuing to serve him with filings, discovery papers, and correspondence regarding case-wide matters such as joint status reports. *Id.* ¶¶ 10–16. At a status conference on February 12, 2026, Plaintiffs requested and received leave of the Court to file this motion. *Id.* ¶ 15 & Ex. 12 at 6:12-15.

## IV.    LEGAL STANDARD

When a party "fails to obey an order to provide or permit discovery," Rule 37(b)(2)(A) authorizes courts to issue sanctions, including default judgment. Fed. R. Civ. P. 37(b)(2)(A) ("Rule 37(b)"). Rule 37(b) requires the moving party to demonstrate that (1) a discovery order was in place and (2) the non-movant violated it. *See Carazani v. Zegarra*, 972 F. Supp. 2d 1, 12 (D.D.C. 2013). Once the movant satisfies this showing, the Court must then determine what *type* of sanction is most appropriate. *See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii); *Carazani*, 972 F. Supp. 2d at 12.

In this Circuit, default judgment is an appropriate discovery sanction in three circumstances: (1) to prevent serious prejudice to the moving party; (2) to prevent delays and burdens on the Court's docket; and/or (3) to punish conduct disrespectful to the court and "deter similar misconduct in the future." *Webb v. District of Columbia*, 146 F.3d 964, 971 (D.C. Cir. 1998). The "central requirement" of any Rule 37 sanction is that it be "just," which contemplates the good and bad faith of both parties. *See McNair v. D.C.*, 325 F.R.D. 20, 21–22 (D.D.C. 2018). Although the Court must also consider the availability of less drastic sanctions, it need not exhaust other sanctions if circumstances merit a default. *Webb*, 146 F.3d at 971.

When litigants engage in a "pattern of noncompliance" with discovery orders, "[c]ourts have not hesitated" to dispense with the case through sanctions of dismissal or default judgment. *Klayman v. Judicial Watch*, 802 F. Supp. 2d 137, 152 (D.D.C. 2011) (in part citing *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165 (D.C. Cir. 1990) (affirming dismissal because appellant disobeyed an order to appear through counsel at a status conference)); *see, e.g.*, *Freeman v. Giuliani*, 691 F. Supp. 3d 32, 61–65 (D.D.C. 2023) (granting default judgment because defendant repeatedly and willfully failed to obey discovery orders to preserve information and furnish or supplement responses to plaintiffs' requests for production); *Perez v. Berhanu*, 583 F. Supp. 2d 87, 90–91 (D.D.C. 2008) (granting default judgment under Rule 37(d)(1)(A) in light of defendants' "wholesale failure to participate in this litigation for the past three months," including their repeated failure to "respond to plaintiffs' written discovery requests" or appear for a deposition); *Flynn v. Thibodeaux Masonry, Inc.*, 311 F. Supp. 2d 30, 37 (D.D.C. 2004) (granting default judgment against corporation that disobeyed order to appear through counsel).

## V.    **ARGUMENT**

Plaintiffs seek default judgment as a necessary and proportionate sanction under Rule

37(b)(2)(A)(vi) due to Defendant Warner's sustained, willful noncompliance with his discovery obligations and court orders over the past three years. Since April 2023, Defendant Warner has consistently ignored discovery requests, failed to serve initial disclosures, ignored Plaintiffs' good faith attempts to resolve these issues, and failed to obey this Court's discovery orders. His refusal to participate in discovery has severely prejudiced Plaintiffs' ability to prosecute their claims, imposed a significant and needless burden on the Court, and, if left unchecked, would signal that court orders may be disregarded without consequence. Given Defendant Warner's persistent disregard of deadlines and court directives over a period spanning almost three years, lesser sanctions would be ineffective and futile. Default judgment against Defendant Warner is therefore the appropriate remedy.

### A.   Defendant Warner Has Repeatedly Ignored Court Orders.

Defendant Warner failed to comply with this Court's orders compelling him to address his repeated discovery failures, despite having adequate notice of those orders and the repercussions for failing to comply—including sanctions. Blumberg Warner Decl. ¶¶ 2–4, 11–12 & Exs. 2 at 1, 9 at 3; Dkt. 329. Rule 37(b)(2)(A) authorizes sanctions for these failures. Fed. R. Civ. P. 37(b)(2)(A); *see also Carazani*, 972 F. Supp. 2d at 12–14 (citing cases in which D.C. courts entered default judgment against defendants who disregarded discovery orders and requests).

Defendant Warner's failures to obey discovery orders began with this Court's April 6, 2023 Order requiring service of initial disclosures. Dkt. 213. On September 20, 2024, the Court warned Defendant Warner that all Defendants "have an obligation to respond to any discovery requests made by Plaintiffs" and that "[a]s the court observed during the status conference held on September 4, 2024, failure to confer with Plaintiffs regarding their discovery requests may result in sanctions for Defendants and defense counsel." Dkt. 329. Despite the Court's clear warning,

Defendant Warner failed to serve initial disclosures or respond to Plaintiffs' requests for production and interrogatory.  Plaintiffs then filed a status report on June 23, 2025, describing Defendants' continuing discovery failures, and the Court allowed Plaintiffs to move to compel. Dkt. 407.  The Court granted Plaintiffs' motion and ordered Defendants to rectify their discovery failures on or before November 6, 2025.  MTC Order.  Despite the Court's clear order, Defendant Warner made no attempt to remedy his delinquent discovery responses and disclosures—even after Plaintiffs made numerous attempts to contact him without seeking intervention from the Court. *See supra* section III.B; Blumberg Warner Decl. ¶ 10–13 & Exs. 8–11.

Aside from his November 17, 2025 letter and December 23, 2025 voicemail—the latter initiated by Plaintiffs' counsel's repeated contact attempts and after which Plaintiffs received no further responses to their continued outreach—Defendant Warner has been unresponsive to the Court's orders and Plaintiffs' good-faith communications.  *See* Blumberg Warner Decl. ¶¶ 10–16. There is no question that Defendant Warner is aware of the Court's MTC Order and Plaintiffs "discovery requests."  Blumberg Warner Decl. ¶ 6 & Ex. 4.  That Defendant Warner has chosen to ignore these orders even after receiving two courtesy letters, seven emails, five attempted calls, and four voicemails from Plaintiffs demonstrates his "plainly willful" default in this litigation.  *Carazani*, 972 F. Supp. 2d at 12 (internal quotation marks omitted).  Under the plain language of Rule 37(b)(2)(A), that choice is sanctionable.  *Id.*

**B.    Default Judgment is the Appropriate Sanction.**

Defendant Warner's decision to withdraw from this case warrants default judgment because his noncompliance (1) has severely prejudiced Plaintiffs in their pursuit of recourse, (2) has placed an "intolerable burden" on the Court to accommodate the delays in discovery, and (3) if left unpunished, would set an untenable example for other litigants that they can ignore the

9

Court's orders without consequence. *Webb*, 146 F.3d at 971.

*First*, Defendant Warner's continued refusal to furnish adequate discovery responses and initial disclosures has deprived Plaintiffs of the discovery materials to which they are entitled and that would enable them to pursue their claims. In other words, his "wholesale failure to comply with their discovery obligations and participate in this litigation" has made it "all but impossible" for Plaintiffs to fully develop their case. *Guarantee Co. of N. Am. USA v. Lakota Contracting Inc.*, 2021 WL 2036666 at *4 (D.D.C. May 21, 2021) ("*Lakota Contracting*").

Defendant Warner's actions mirror those of the defendant in *Lakota Contracting*. There, defendants had violated "virtually every" discovery order directed at them over a period of roughly five months, and the court determined that these failures severely prejudiced the plaintiff. *Id.* (citing *United States Sec. & Exch. Comm'n v. China Infrastructure Inv. Corp.*, 189 F. Supp. 3d 118, 130 (D.D.C. 2016) (ordering default judgment sanction after defendants violated three Court-ordered deadlines over an eight-month period)). As a result, the court ordered default judgment as the proper sanction. *Id.* Here, the violations of Defendant Warner date back almost three years to the Court's initial order to serve initial disclosures, Dkt. 213, and at least eighteen months to when the Court first ordered Defendants to comply with outstanding discovery obligations in its September 20, 2024 Order. Dkt. 329. As in *Lakota Contracting*, Defendant Warner's years-long delay and ignorance of multiple discovery orders has likewise "eviscerated" Plaintiffs' ability to effectively and efficiently pursue legal redress outside of default judgment. 2021 WL 2036666 at *4. Finally, although not necessary, Plaintiffs have tried to communicate with Defendant Warner through "telephone, . . . mail, or email," including the November 4, 2025 and February 4, 2026 courtesy letters—to no avail. *Carazani*, 972 F. Supp. 2d at 14; *see supra* section III.B. Defendant Warner is able to engage in this litigation either by email, letter, or phone

call.  Blumberg Warner Decl. ¶¶ 6–7, 10(e) & Exs. 4–5, 8.  But he has chosen instead to be "utterly unresponsive[]" to this litigation, severely prejudicing Plaintiffs and disregarding this Court's orders.  *Carazani*, 972 F. Supp. 2d at 14.  Accordingly, default judgment is in order.

Defendant Warner's one inadequate response to Plaintiffs' requests for production does not change the result here.  That response contained essentially no information that was relevant to Plaintiffs' requests, and he has refused to confer with Plaintiffs' counsel about these deficiencies.  *See* Blumberg Warner Decl. ¶¶ 9–12, 14–15.  And he remains in violation of the Court's MTC Order to respond to all outstanding discovery requests, serve initial disclosures, and supplement deficient responses.  *See* MTC Order; *supra* section III.B; *see also Embassy of Fed. Republic of Nigeria v. Ugwuonye*, 292 F.R.D. 53, 58 (D.D.C. 2013) (ordering default judgment where defendant's failure to provide key documents "crippled" plaintiff's ability to present their case).  Plaintiffs are still in a position where they cannot litigate this case without Defendant Warner's participation.  Defendant Warner has not produced a single document in this litigation, and his single purported discovery response is also "woefully insufficient."  *Embassy of Fed. Republic of Nigeria*, 292 F.R.D. at 58 (finding defendant's discovery responses insufficient where defendant failed to describe specific communications with his regular contacts).  In his one discovery response, Defendant Warner failed to provide *any* responsive information pertaining to "communications regarding January 6, 2021"—an event at which his presence has been established—and "documents and communications on orders given by three percenters[sic]"—an organization with which he has self-identified as a member.  Blumberg Warner Decl. Exs. 5 at 1, 3; 6–7 at 3, 5.  His failure to provide basic and essential discovery and refusal to engage with Plaintiffs' counsel following his inadequate response evinces his intent not to meaningfully participate in this litigation.  *See supra* section III.B.  Plaintiffs have and will continue to

11

experience severe prejudice from Defendant Warner's discovery failures if default judgment is not entered.

*Second*, Defendant Warner's absenteeism and defiance of Court orders have "burdened judicial resources" by "requiring the Court to devote time to managing Defendants' misbehavior." *Lakota Contracting*, 2021 WL 2036666 at *4 (citing *China Infrastructure*, 189 F. Supp. 3d at 130–31 (ordering default judgment after defendants missed three Court-ordered deadlines and "remain[ed] absent without any sign of re-engaging in this lawsuit")). Discovery in this case began in the spring of 2023. It is now March 24, 2026, and Defendant Warner has failed to produce a single document, serve initial disclosures, and provide adequate responses to Plaintiffs' interrogatories and requests for productions. Defendant Warner has missed three Court-issued deadlines to serve his initial disclosures. *See* Dkt. 213 at 1; May 4, 2023 Minute Order; MTC Order. Defendant Warner has failed to respond to Plaintiffs' discovery requests and confer with Plaintiffs' counsel despite the Court's September 20, 2024 Order admonishing Defendants of such obligations. Dkt. 329. Finally, Defendant Warner has failed to meet the November 6, 2025 compliance deadline imposed by the Court's MTC Order, despite ample opportunity and willingness from Plaintiffs' counsel to confer to address such deficiencies. *See* MTC Order; Blumberg Warner Decl. ¶¶ 10–11 & Exs. 8–9. Repeatedly addressing Defendant Warner's persistent pattern of noncompliance has cost this Court valuable time and resources, which "can never be recovered and applied toward resolving other matters." *Lakota Contracting*, 2021 WL 2036666 at *4. The significant burden of his discovery dereliction warrants a sanction of default judgment.

*Third*, and relatedly, the Court should enter default judgment to deter future litigants, and other Defendants in this action, from emulating Defendant Warner's disregard for court orders and

12

his discovery obligations. *See Perez*, 583 F. Supp. 2d at 91 (granting default judgment because "[a] lesser sanction may also yield similar misconduct by other litigants by indicating that flagrant violations will yield only minor sanctions"). Continuing to countenance the bad faith of Defendant Warner as he knowingly and willfully defies discovery orders and otherwise ignores his discovery obligations would "embroil" this Court "in day-to-day supervision of discovery, a result directly contrary to the overall scheme of the federal discovery rules." *Dellums v. Powell*, 566 F.2d 231, 236 (D.C. Cir. 1977). Further, the interest of deterrence requires the Court to impose default judgment against Defendant Warner, whose discovery misconduct is no less egregious than that of Defendants Martinez, Nordean, and Biggs. *See* Dkt. 474. Like Defendants Martinez and Nordean, Defendant Warner has failed to serve initial disclosures and has not responded to Plaintiffs' interrogatory. *See* Dkt. 471-1 at 3–4; Blumberg Warner Decl. ¶ 15. And like Defendant Biggs, Defendant Warner has refused to respond to discovery requests. *See* Dkt. 471-1 at 5–6; Blumberg Warner Decl. ¶ 15. And like all prior defaulting Defendants, Defendant Warner has essentially withdrawn from communicating with Plaintiffs' counsel as is required by this Court. *See* Dkt. 471 at 9–10; Blumberg Warner Decl. ¶ 16. Multiple warnings from the court over the last eighteen months that sanctions would result have failed to effect any meaningful change in Defendant's noncompliance. Default judgment is warranted to address Defendant's failures and deter other litigants in this action and others from charting a similar course.

Finally, less onerous sanctions such as fines or adverse evidentiary determinations would be "ineffective or obviously futile" to compel discovery from Defendant Warner. *Webb*, 146 F.3d at 971. Like the defendants in *Perez*, *Lakota Contracting*, and *China Infrastructure*, Defendant Warner has repeatedly disregarded Court-ordered discovery deadlines and ignored Plaintiffs' good faith attempts at communication. *See* 583 F. Supp. 2d at 91; 2021 WL 2036666 at *5; 189 F. Supp.

3d at 131–32. Despite warnings from the Court and Plaintiffs that continued delinquency would result in sanctions such as default judgment, Defendant Warner seemingly has no qualms with withdrawing from this litigation. *See* Dkt. 329; *supra* sections III.A–B. Because Defendant Warner has paid no heed to the Court's orders or warnings of sanctions, anything less than default judgment would be futile.

Accordingly, the Court should sanction Defendant Warner by entering default judgment against him.

## VI.    THE COURT SHOULD IMPOSE DEFAULT JUDGMENT AND LATER DETERMINE REMEDIES

As the Court provided in its February 14, 2026 Order imposing default judgment on other Defendants, if the Court grants this motion, it should allow for the determination of damages at a later date, once Plaintiffs have had an opportunity to present evidence and briefing as to appropriate damages. Dkt. 474; *see, e.g.*, *Giuliani*, 691 F. Supp. 3d at 71 (embracing plaintiffs' proposed order granting default judgment and saving damages determination for later); *Carazani*, 972 F. Supp. 2d at 13–15 (awarding plaintiffs damages "on the papers alone") (citation omitted). This two-step approach of entering default judgment sanctions followed by the later adjudication of remedies would redress the undue burden and delay caused by Defendant Warner's failure to defend this action while allowing Plaintiffs to collect and present evidence supporting their requested relief.

## VII.    CONCLUSION

Pursuant to Rule 37(b)(2)(A)(vi), Plaintiffs respectfully request that the Court grant this motion for sanctions and enter default judgment against Defendant Warner for failing to respond to properly served discovery requests and obey related Court orders.

14

Dated: March 25, 2026

SELENDY GAY PLLC
Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Babak Ghafarzade, *pro hac vice*
Sarah W. Chase, *pro hac vice*
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
bghafarzade@selendygay.com
schase@selendygay.com

SPERLING KENNY NACHWALTER
William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
Jeffrey T. Foreman, *pro hac vice*
Four Seasons Tower, Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Tel: 305-373-1000
wblechman@sperlingkenny.com
ehonkonen@sperlingkenny.com
jtf@sperlingkenny.com

Respectfully submitted,

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW

By:  */s/ Jeffrey Blumberg*

Edward G. Caspar, D.C. Bar No. 1644168
Jeffrey Blumberg, D.C. Bar No. 432928
Marc P. Epstein, D.C. Bar No. 90003967
1500 K Street N.W., Suite 900
Washington, D.C. 20005
Tel: 202-662-8326
ecaspar@lawyerscommittee.org
jblumberg@lawyerscommittee.org
mepstein@lawyerscommittee.org

15