**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| CONRAD SMITH, *et al.*,<br><br>     Plaintiffs,<br>  v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>     Defendants. | Civil Action No. 1:21-CV-02265-APM |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT TARRIO TO PRODUCE
CRIMINAL CASE DISCOVERY**

In the three years since Plaintiffs served their discovery requests, Plaintiffs have sought this Court's assistance to obtain discovery from Defendant Tarrio at least eight times.[1] During that time, Tarrio has produced three documents.[2] Now, Plaintiffs have requested that Tarrio search for and produce responsive documents in the possession of attorneys that represent him in a related criminal case—an obligation that Tarrio and his counsel should have fulfilled when they first received Plaintiffs' requests for production three years ago. Yet counsel for Defendant Tarrio states that he cannot—and will not, even if ordered to by the Court—contact criminal defense counsel for those documents. The Court's authority to order counsel to obtain and produce responsive discovery material is indisputable, and the Court should exercise its authority to do so. It should also order Tarrio to show cause under Rule 37(a)(5) why he should not pay Plaintiffs' reasonable expenses, including attorney's fees, incurred in this Motion.

## BACKGROUND

Plaintiffs served three sets of requests for production on Defendant Tarrio dated April 4, 2023, March 28, 2024, and April 1, 2025. On January 23, 2026, at a meet and confer, Plaintiffs requested that Tarrio produce all responsive criminal discovery. At a status conference on February 12, 2026, the Court ordered Plaintiffs to provide Tarrio a short list of discovery that they sought from Tarrio's criminal case and for counsel for Tarrio to inform Plaintiffs whether he would ask criminal defense counsel for those documents. *See* Feb. 12, 2026 Status Conf. Tr. at 29:12-15.

---

[1] *Lee v. Trump*, No. 1:21-cv-00400-APM (D.D.C.), ECF No. 214 at 2–3 (failure to produce criminal case discovery); *id.*, ECF No. 198 at 2 (failure to timely supplement discovery responses); *Smith*, ECF No. 434 (motion to compel); *Lee*, ECF No. 189 at 3–4 (failure to fully answer interrogatory or supplement discovery responses); *Smith*, ECF No. 392 at 3–4 (failure to supplement discovery responses or respond to new discovery requests); *id.*, ECF No. 296 at 2 (failure to provide discovery responses); *id.*, ECF No. 253 at 2 (failure to serve initial disclosures); *id.*, ECF No. 225 at 2–3 (failure to serve initial disclosures).

[2] (One of which was the Proud Boys' 2018 Bylaws. The other two documents were a publicly available document and a trial exhibit in his criminal case.)

Plaintiffs requested (i) all Cellebrite Reports of Tarrio's devices and electronic accounts and (ii) any other communications produced to him in his criminal case (such as text, Signal, or messages from any other messaging platform) from November 3, 2020, to January 20, 2021, excluding trial exhibits. Mr. Tarrio's counsel refused to seek this information from criminal defense counsel, stating that he has no obligation to do so due to the criminal Protective Order. Counsel for Plaintiffs and Tarrio appeared at a hearing on March 20, 2025. Counsel for Tarrio stated he agreed that Tarrio "owe[s] these documents," Mar. 20, 2026 Disc. Conf. Tr. ("Tr.") at 13, that he wants Plaintiffs "to have those documents," *id.* at 6, and that Tarrio's criminal defense counsel "should have" these records, *id.* at 10, but neither he nor his co-counsel would contact criminal defense counsel even if the Court ordered them to do so, *id.* at 9.

## ARGUMENT

### I.      Tarrio Controls Discovery Material In His Attorneys' Possession

Tarrio has an obligation to produce responsive material that he controls, including responsive material that his criminal attorneys possess. The Federal Rules allow parties to seek discovery material within any other party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1); *see also id.* 26(b). Courts universally hold that "control" refers to the "legal right to obtain the documents in question." *United States v. Stein*, 488 F. Supp. 2d 350, 363 (S.D.N.Y. 2007) ("It therefore is not surprising that every circuit to have considered the question has held that 'control' under the federal rules of procedure includes the legal right to obtain the documents in question."); *see also, e.g.*, *Alexander v. FBI*, 194 F.R.D. 299, 301 (D.D.C. 2000) ("[I]t is well established that 'control', which is defined not as possession, but as the legal right to obtain documents on demand, is the test as to whether the production is required."). They also universally hold that a party controls documents in their attorney's possession. *Am. Soc'y for Prevention of Cruelty to Animals*

*v. Ringling Bros. & Barnum & Bailey Circus*, 233 F.R.D. 209, 212 (D.D.C. 2006) ("Because a client has the right, and the ready ability, to obtain copies of documents gathered or created by its attorneys pursuant to their representation of that client, such documents are clearly within the client's control." (collecting cases)).

## II.    The Court Can Order Defense Counsel to Cooperate in Discovery

Tarrio does not appear to contest this. Nevertheless, his counsel argues that the Court cannot order him (*i.e.*, counsel) to contact criminal defense counsel to inquire about the discovery material. He has cited no authority for his refusal to comply. Tr. at 9–11.

The Court can order counsel to contact other attorneys for responsive discovery. Defense counsel is an officer of the court and subject to the Court's authority. "Membership in the bar is a privilege burdened with conditions." *In re Rouss*, 221 N.Y. 81, 84 (1917) (Cardozo, J.). Upon admission to a bar an attorney becomes an "officer of the court itself, an instrument or agency to advance the ends of justice," *Theard v. United States*, 354 U.S. 278, 281 (1957) (cleaned up). "Lawyers have a special professional obligation to ensure compliance with the procedural rules because a lawyer, as a member of the legal profession, is a representative of clients, an officer of the legal system and a public citizen having special responsibility for the quality of justice." *Freeman v. Giuliani*, No. CV 21-3354, 2023 WL 4750552, at *1 (D.D.C. July 13, 2023) (cleaned up). "Lawyers who fail to fulfill their professional obligations to ensure diligent compliance with discovery obligations frustrate the purposes of the procedural rules and therefore may be specially targeted for sanctions, including payment of reasonable attorney's fees and costs caused by the failure." *Id.* (citations omitted).

There are many bases for the Court to prescribe attorney conduct in a civil case. Under Rule 16(f), the Court "may issue any just orders, including those authorized by Rule

37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). And the Court's authority over counsel abounds beyond Rule 16(f), in the Federal Rules, *see, e.g.*, Fed. R. Civ. P. 11; *id.* 37; *id.* 37(a)(5)(A), (b)(2)(C), (d)(3), (f), and in statutes, *see, e.g.*, 28 U.S.C. § 1927. The Court also has inherent power over members of its bar "at least as great as its authority over litigants." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 766 & n.12 (1980) (collecting cases). In matters of discovery, where a court's authority is at its "zenith," *United States ex rel. Folliard v. Gov't Acquisitions, Inc.*, 764 F.3d 19, 26 (D.C. Cir. 2014), the court's authority to order compliance with attorney obligations should be beyond question.

The Federal Rules and Local Rules require counsel's good faith participation in discovery. Rule 26(g) requires that an attorney certify to the best of their knowledge, information, and belief formed after a reasonable inquiry, that discovery responses are consistent with the Federal Rules, warranted by existing law and not interposed for improper purposes. This Court's Local Rules command counsel to confer on nondispositive motions (such as discovery motions). LCvR 7(m). And it is the duty of all those who appear before the Court—including attorneys—to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *id.* advisory committee notes to 1993 amendment ("As officers of the court, attorneys share this responsibility with the judge to whom the case is assigned."). There is no doubt that the Court has authority to compel counsel for Tarrio to contact his client's criminal defense attorneys to seek responsive discovery material.

**III.     The Court Should Order Defense Counsel to Cooperate in Discovery**

The Court should order counsel for Tarrio to cooperate in discovery, contact Tarrio's criminal defense counsel and obtain and produce responsive documents. Plaintiffs' request for documents from Tarrio's criminal case reiterates what Tarrio should have been doing for the past

three years: reviewing and producing material within his control that is responsive to Plaintiffs' requests for production. Per Rule 26(g), defense counsel shares this obligation. *See* Fed. R. Civ. P. 26 advisory committee's notes to 1983 amendment ("[T]he [Rule 26(g)] signature certifies that the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand."). Defense counsel's concessions that Tarrio "owe[s] these documents," Tr. at 13, that he wants Plaintiffs "to have those documents," *id.* at 6, and that Tarrio's criminal defense counsel "should have" these records, *id.* at 10, only makes his client's failure to provide them more unreasonable. Given Tarrio's inexcusable delay, the Court should order defense counsel to contact criminal defense counsel directly, obtain the criminal discovery, and review the criminal discovery for responsive material. Tarrio's civil defense counsel cannot abdicate their responsibility to undertake such review in favor of review by his criminal defense counsel, who do not represent Tarrio in this matter.

IV.     **The Court Should Require Defendant Tarrio to Show Cause Why the Court Should Not Order that He Pay Reasonable Expenses, Including Attorney's Fees**

Rule 37(a)(5) requires a court to order the party, its attorney, or both to pay a movant's reasonable expenses incurred in making a successful motion to compel, including attorney's fees, after an opportunity to be heard. Plaintiffs request the Court issue an order to show cause why the Court should not order Tarrio to pay reasonable expenses in making this Motion and allow an opportunity for Plaintiffs to respond to Tarrio's submission. Each submission should be limited to five pages. *See, e.g.*, *Freeman*, 2023 WL 4750552, at *9 (ordering defendant to show cause why he should not be required to reimburse plaintiffs for attorney's fees and costs associated with filing motion to compel).

Dated: March 27, 2026

SELENDY GAY PLLC
Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Babak Ghafarzade, *pro hac vice*
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
bghafarzade@selendygay.com

SPERLING KENNY NACHWALTER
William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
Four Seasons Tower, Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Tel: 305-373-1000
wblechman@sperlingkenny.com
ehonkonen@sperlingkenny.com
jtf@sperlingkenny.com

Respectfully submitted,

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW

By: */s/ Jeffrey Blumberg*

    Edward G. Caspar, D.C. Bar No. 1644168
    Jeffrey Blumberg, D.C. Bar No. 432928
    Marc P. Epstein, D.C. Bar No. 90003967
    1500 K Street N.W., Suite 900
    Washington, D.C. 20005
    Tel: 202-662-8390
    ecaspar@lawyerscommittee.org
    jblumberg@lawyerscommittee.org
    mepstein@lawyerscommittee.org

<u>**CERTIFICATE OF SERVICE**</u>

Pursuant to Federal Rule of Civil Procedure 5, a copy of the foregoing filing is being served electronically on those parties who have appeared and registered with the Court's ECF system. Plaintiffs are serving remaining defendants via first class mail or other permitted means.

Dated: March 27, 2026                          */s/ Jeffrey Blumberg*
                                                Jeffrey Blumberg