**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CONRAD SMITH, et al.,

      Plaintiffs,

        v.                              **Case No: 1:21-cv-02265 (APM)**

DONALD J. TRUMP, et al.,

      Defendants.

**DEFENDANT TARRIO'S SUPPLEMENT ON RECENT DISCOVERY ISSUES**

As ordered by the Court on March 20, 2026, following a discovery hearing on certain issues raised by Plaintiffs concerning defendant Henry Tarrio, Mr. Tarrio, by undersigned counsel, submits the following points:

**DISCUSSION**

The question of whether counsel for Tarrio in responding to discovery could and should request responsive records, if any, in the possession of Tarrio's criminal defense counsel in *U.S. v. Nordean, et al.* (21cr175-TJK) first arose on January 13, 2026. Shortly after Plaintiffs' counsel Jeffrey Blumberg entered the fray of this case, Mr. Blumberg sent an email of the same date to Tarrio's counsel which in part asked: "1. Have you contacted his [Tarrio's] criminal defense attorney regarding what evidence was produced to Mr. Tarrio by the government before or during his criminal trial?" and "2. Have you requested copies of this material on behalf of Mr. Tarrio?"

Tarrio's counsel responded in effect that he had not and was not likely to do so. In a subsequent email dated January 23, Plaintiffs' counsel offered several decisions (with pinpoint page cites) purporting to support Tarrio's duty to make such a request: *Am. Soc'y For Prevention of Cruelty To Animals v. Ringling Bros. & Barnum & Bailey Circus*, 233 F.R.D. 209, 212 (D.D.C.

1

2006); *Alexander v. F.B.I.*, 194 F.R.D. 299, 301 (D.D.C. 2000); *United States v. Stein*, 488 F. Supp. 2d 350, 363 (S.D.N.Y. 2007); *Tavoulareas v. Piro,* 93 F.R.D. 11, 20 (D.D.C. 1981), and *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 501 (D. Md. 2000). However, *not one* of these cases directly support the contention that defense counsel himself or herself in a civil case has a duty to ask defense counsel in a criminal case for a client's discovery materials. These cases – *Ringling Bros.* is a good example – do establish that counsel has a *right* to make such a request but go no further. *See, Ringling Bros.*, 233 F.R.D. at 212 (citing *Alexander,* 198 F.R.D. at 312).  Counsel for both sides emailed back and forth and spoke on the phone twice about the applicability of these cases and were unable to come to an agreement on resolving this issue.

At the status conference of February 12, 2026, Plaintiffs presented this issue to the Court for the first time but broadened it to cover Tarrio and other defendants. Tarrio's counsel stated, among other things, that Plaintiffs should seek the Tarrio criminal trial documents they seek by going directly: (a) to the Department of Justice or (b) to Tarrio's criminal defense counsel in 21cr175-TJK.  After a lengthy discussion, the Court ordered Plaintiffs to make a detailed request for the documents and ESI. One week later, Plaintiffs, by email dated February 19, 2026, made the following three discovery requests related to Mr. Tarrio's criminal cases:

1. Please produce any and all Cellebrite Reports of your devices and electronic accounts;

2. Please produce any other communications produced to you in your criminal case (such as text, signal, or messages from any other messaging platform) from November 3, 2020, to January 20, 2021, excluding trial exhibits;

3. Please also confirm whether any of your devices seized by the government—cell phone, computer, or any other electronic device or account—has been returned to you.

Counsel then conferred with Tarrio, and made the following response to Plaintiffs a week later:

With respect to requests 1 and 2 below, I'm not in a position to respond fully to either on

behalf of Henry Tarrio. So feel free to contact other sources available to you. That said, Mr. Tarrio does not have any of the reports or communications you seek in those two requests.

With respect to request 3, a grand total of four devices were returned. One was returned damaged and totally inoperable. The other three were destroyed for sound reasons.

Email from Plaintiffs' counsel Marc Epstein to Tarrio counsel Dan Hull dated February 26, 2026. Several emails from both sides followed concerning the responses to requests 1 and 2 for, respectively, the Cellebrite Reports and other communications in Mr. Tarrio's criminal trial. No resolution was reached.

On March 3, 2026, in the runup of Plaintiffs asking the Court to intervene on this issue (culminating in a March 20, 2026, hearing), Tarrio's counsel emailed Plaintiffs' counsel the following:

2. As mentioned yesterday on the phone, if you have any additional case law or other authority that the Committee believes supports a duty on our part to ask Mr. Tarrio's defense lawyers for discovery in *USA v. Nordean (21-cr-175-TJK)*, please pass that along.

3. Once again, the current approach has some problems. Regardless of the outcome of our call to the Court, I (along with my colleague Ron Coleman) cannot make the request you'd like. Moreover, if you independently request any discovery items still in defense counsel's files, Tarrio's criminal defense counsel likely has a strong work product objection. Finally, even if you survive that, what remains in the files could be disappointing. As I tried to point out at the last status conference, if the Court will let you, it might make more sense to approach the owner of the huge January 6 database, the public record, with some tailored requests.

With respect to the Tarrio response above to request 2, no further cases supporting were forwarded by Plaintiffs.

At the subsequent March 20, 2026, hearing on this matter, Tarrio's counsel repeated that there was no federal discovery decision in which a court ordered defense counsel in a civil case

3

to ask defense counsel in a criminal case for a client's discovery materials, and that Plaintiffs could not provide him with one.  He still believes this to be true. He has assiduously looked for such a case himself.  No such cases exist.

Under the federal civil procedure rules, discovery must be formally requested from *a party*—in this case, Tarrio himself—and while counsel must act ethically and competently, they are not required to contact criminal defense counsel and ask for discovery a client might owe to an adversary. The duty is consigned to a party. That distinction is enormously important in this and any other federal civil litigation and in the legal profession generally. In short, there is no absolute legal duty on a civil attorney to request such materials directly from a criminal attorney.

Finally, as the Court well knows, there is not a specific case or binding precedent under the sun for every conceivable legal proposition in procedural or substantive law. While the legal system operates on the principle of *stare decisis*—meaning courts follow precedents from prior decisions to ensure consistency—new situations frequently arise that have not been previously addressed. This may be one of them.

Respectfully submitted,

By: /s / John Daniel Hull
JOHN DANIEL HULL
DC Bar No. 323006
California Bar No. 222862
HULL MCGUIRE PC
1420 N Street, N.W.
Washington, D.C. 20005
619-895-8336
jdhull@hullmcguire.com

*For Defendant Henry Tarrio*

4

**CERTIFICATE OF SERVICE**

The undersigned certifies that on April 3, 2026, he served a true and correct copy of the

foregoing Defendant Tarrio's Supplement on Recent Discovery Issues on all counsel of record by

filing it via the CM/ECF system.


By: /s / John Daniel Hull
JOHN DANIEL HULL
DC Bar No. 323006
California Bar No. 222862
HULL MCGUIRE PC
1420 N Street, N.W.
Washington, D.C. 20005
619-895-8336
jdhull@hullmcguire.com