**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**CONRAD SMITH, et al.,**

    **Plaintiffs,**

      **v.**                    **Case No: 1:21-cv-02265 (APM)**

**DONALD J. TRUMP, et al.,**

    **Defendants.**

### RESPONSE TO MOTION TO COMPEL

Defendant Henry Tarrio, by undersigned counsel John Daniel Hull, respectfully responds to Plaintiffs' Motion to Compel Defendant Tarrio to Produce Criminal Case Discovery dated March 27, 2026 (ECF No. 482) ("Motion"), and states as follows:

### DISCUSSION

Plaintiffs' Motion has four parts. It first argues that Defendant Tarrio has a legal obligation to produce responsive materials that are within his control, including those in the possession of his criminal defense attorneys. Plaintiffs are 100% right. No argument.

Second, Plaintiffs in their Motion argue that the Court has the authority to compel Tarrio's civil defense counsel to contact his criminal defense attorneys to obtain responsive discovery materials. Here, Plaintiffs may or may not be right—but there is no federal case squarely supporting that view. Plaintiffs may be asking the Court to make new procedural law. [1] However, this Court can grant Plaintiffs' Motion and award them the relief they seek by simply by ordering Tarrio himself—but not ordering his undersigned counsel—to request discovery materials from

---

[1] In this Response, Tarrio respectfully refers to and incorporates by reference the entirety of his late-filed April 3, 2026, Tarrio's Supplement on Recent Discovery Issues (ECF No. 485-1) which to date has not been approved for being late-filed with the Court. That said, it does cover most of the points made herein.

1

Tarrio's criminal defense counsel in *United States v. Nordean, et al.* (21-cr-175-TJK) (D.D.C.) Tarrio and his counsel ask the Court to issue such an order.

Third, Plaintiffs request the Court to order Tarrio's counsel to review discovery materials from Tarrio's criminal case related to the events of January 6, 2021. That would include identifying and producing all relevant Cellebrite Reports and communications (e.g., text messages, Signal messages), if any, from November 3, 2020, to January 20, 2021, excluding trial exhibits, and providing a privilege log for any materials claimed as privileged or protected. However, the Court need not order Tarrio's counsel to do that. That is Tarrio's counsel's duty, and an honor and privilege to do.

Finally, Plaintiffs ask the Court to issue an order requiring Tarrio to show cause why he should not be required to pay Plaintiffs' reasonable expenses, including attorney's fees, incurred in filing the motion to compel. Plaintiffs are free to request this. The Court is free to grant it. However, the Court is reminded that the instant Motion is Plaintiffs' idea of "supplemental briefing" ordered by the Court on March 20, 2026, and was not specifically discussed until now.

Accordingly, Defendant Tarrio asks that the Court issue an order to him alone directing Tarrio to ask his criminal defense counsel for the discovery items Plaintiffs seek.

Respectfully submitted,

By: /s / John Daniel Hull
JOHN DANIEL HULL
DC Bar No. 323006
HULL MCGUIRE PC
1420 N Street, N.W.
Washington, D.C. 20005
619-895-8336
jdhull@hullmcguire.com

*For Defendant Henry Tarrio*

2

**CERTIFICATE OF SERVICE**

The undersigned certifies that on April 10, 2026, he served a true and correct copy of the

foregoing Response on all counsel by filing it via the CM/ECF system.


By: /s / John Daniel Hull
JOHN DANIEL HULL
DC Bar No. 323006
California Bar No. 222862
HULL MCGUIRE PC
1420 N Street, N.W.
Washington, D.C. 20005

3