**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **CONRAD SMITH *et al.*** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:21-CV-02265-APM** |
| | ) | |
| **DONALD TRUMP,** *et al.*, | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>DEFENDANT MEGGS' MOTION TO STAY DISCOVERY ORDER AT ECF NO. 491</u>**
**<u>AND JOIN ECF NO. 493</u>**

Comes now the Defendant, KELLY MEGGS, by and through undersigned counsel and hereby moves the Court to stay its Order at ECF No.491 for the reasons set forth below and joins ECF No. 493. The Plaintiffs were previously given notice of this Motion and did not consent.

**INTRODUCTION**

During the February 12, 2026, status conference the Court said the Plaintiffs needed to identify relevant material given the terabytes of material in the criminal cases. Because the undersigned said that as part of defense in the criminal appeal she had received an un-scoped phone extraction, Plaintiffs demanded that product without consent of the government and outside the criminal case's Protective Order, and without identifying what relevant material was sought. Plaintiffs refused to consider that there was third party PII (emails and phone numbers) within 700 pages and just wanted everything. This placed the undersigned in a precarious position since the protective order requires defense team attorneys to not release materials to third parties. Further, as explained in the attached filing, the Protective Order is not just about non-releasability to third parties; it is about what a defendant may see given classifications. The argument all along was that the government gets a vote since the material was provided by the government for the criminal

case. What the Plaintiffs failed to understand is that normally Cellebrite is provided with execute software and a "report" is not the official product but is sometimes an adjunct provided for Mac users. Nonetheless, the undersigned only received an initial unverified product from a former defense team member for the purpose of verifying an appeal issue about alleged phone deletions where none of the criminal trial team have been able to provide anything further.

**ARGUMENT**

Mr. Meggs joins the argument in Case No. 1:21-cv-00400-APM, also filed here at 1:21-cv-02265-APM Document 493 where discovery should be stayed. He also states that discovery should be stayed because he filed a Motion for the Government to File a Motion to Modify (or deny such) the Protective Order at ECF No. 123  that applies to the criminal case. (attached). The United States Government's position on the discovery is controlling as far as what the criminal case attorneys can and should release to the civil case attorneys, where all the defendants were incarcerated and had no physical possession.

The Court's position that just giving the Plaintiffs' attorneys everything will be fine is not justified by past behavior. They previously falsely claimed that Mr. Meggs did not file his initial disclosures even after being corrected. They publicly filed defendants' discovery on the court docket. They have access to every relevant Signal chat from the trial court yet demand 700 pages of family and friends' correspondences from before and after January 6th without identifying any topic or allowing for PII redaction – where they can again allow defendant doxxing.  They never filed any Touhy requests.

Their clients never saw Mr. Meggs on January 6th or anytime yet seek to needlessly intrude in his private life. Mr. Meggs was not charged with violence, with assaulting police, with using tear gas or OC spray, or anything of the sort. And the government admitted at his trial that he had

2

no plan to enter the US Capitol. He requested the US government's position on the criminal case's protective Order because the materials emanate from the US government and the decision as to what can be released to any third-party rests with the government. See attached.

Judge Mehta should consider given the appearance of a conflict of interest of withdrawing from either this case or 1:21-cr-00015-APM.

## CONCLUSION

WHEREFORE, Mr. Meggs respectfully requests that this Court stay discovery until both the issue of the ECF No. 493 and the attached motion for the government position of a modification to the criminal case's Protective Order are resolved.

May 4, 2026

Respectfully Submitted,
/s/ *Carolyn A. Stewart*
Carolyn A. Stewart, D.D.C. Bar No. FL-0098
Defense Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Tel: (813) 659-5178
Email: Carolstewart_esq@protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify on the 4th day of May 2026, a copy of the foregoing was served upon all parties of record as forwarded through the Electronic Case Filing (ECF) System, served on ECF participating parties via ECF, and served on non-ECF participants by mail or other appropriate means.

/s/ *Carolyn A. Stewart*
Carolyn A. Stewart, Esq.

3