**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| CONRAD SMITH, *et al.*,<br><br>　　　　　　　*Plaintiffs*,<br><br>　　　　v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>　　　　　　　*Defendants*. | Case No. 21-cv-02265 (APM) |

**JOINT STATUS REPORT ON THE RETRIEVAL AND PRODUCTION OF**
**CELLEBRITE REPORTS**

Pursuant to the Court's April 22, 2026 Order, Dkt. 491, the undersigned parties have

conferred and jointly prepared the following Joint Status Report.[1]

**I.      Status of the Retrieval and Production of Cellebrite Reports**

The discussion below updates the Court regarding the status of Defendants Tarrio,

Meggs, Rehl, Pezzola, and Rhodes and their respective counsels' efforts to obtain and disclose to

Plaintiffs "any Cellebrite reports of the individual digital devices that their criminal defense

counsel received in discovery or as to which their client otherwise has possession, custody, or

control."  Dkt. 491 at 4.

**A.      Discovery with Defendant Tarrio**

Plaintiffs' counsel received the below update from Counsel for Defendant Tarrio on May

11, 2026.

---

[1] Plaintiffs' counsel sent a draft of this report via email to counsel for Defendants Tarrio, Meggs, Rehl, Pezzola, and Rhodes. Plaintiffs also sent a draft of this report to Defendant Kinnison, who is proceeding *pro se*. Although Mr. Kinnison was not explicitly named in the Court's April 22 Order, as discussed *infra*, the same issue concerns Plaintiffs' discovery requests to Mr. Kinnison.

*From Defendant Tarrio*:

Tarrio and his counsel intend to comply with the Court's April 22, 2026 Order. The two have discussed the Cellebrite Reports issue since late February. On April 22, Tarrio, who lives in Miami, received a copy of the Order and agreed to call his January 6 criminal defense lawyers. A few days later, Tarrio called them to produce the reports (if any) but as of May 10, he has heard nothing back. If Tarrio has still not heard back from them by Friday, May 15, his counsel in this action will call and write to those January 6 criminal defense lawyers to request the discovery by the close of business that day.

## B.    Discovery with Defendant Meggs

Defendant Meggs's request to stay compliance with the Court's Discovery Order at Dkt. 491 has been denied. *See* Minute Order (May 7, 2026).

To update the Court, counsel for Defendant Meggs previously advised Plaintiffs' counsel that she contacted Mr. Meggs's criminal defense counsel regarding the existence of Cellebrite reports relating to Mr. Meggs's devices. Counsel for Defendant Meggs has not clarified whether criminal defense counsel possesses such reports or the substance of any response to her request for the report.

Counsel for Defendant Meggs has further represented that, in mid-March 2026, she obtained a roughly 700-page cellphone extraction report in her capacity as counsel in Mr. Meggs's criminal appeal. She advised Plaintiffs' counsel that she did not intend to produce any responsive materials from that report absent a ruling from the criminal court clarifying whether text messages obtained in the January 6 criminal discovery, subject to a criminal protective order, may be disclosed.  The Court has since clarified that "the criminal case protective orders do not foreclose disclosure of the Cellebrite reports to either civil defense counsel or Plaintiffs." Dkt. 491 at 2.

Plaintiffs respectfully request that the Court order Defendant Meggs to (1) produce all responsive documents from the referenced 700-page cellphone extraction report; and (2) produce any Cellebrite reports from his criminal case or disclose the reasons, if any, why Mr. Meggs's criminal defense counsel will not deliver such Cellebrite reports to Mr. Meggs so that they can be produced.

*From Defendant Meggs*:

On behalf of Mr. Meggs, Ms. Stewart has requested the complete "Cellebrite" from the trial attorneys. Thus far, none of the trial attorneys have been able to find anything. Ms. Stewart corresponded with the government to determine whether they will oppose providing the product. The government said it will try to answer by May 11, 2026. Normally, the Cellebrite product is not of the size compatible with transmission via email and has previously required links to a shared folder or exchange of external drives. And when the government provided external discovery drives, they were labelled with return instructions, which may explain why the trial counsel cannot locate the product requested.

The Plaintiffs continue to misunderstand what the undersigned has attempted to explain multiple times. A Cellebrite extraction usually includes the execute software and the extraction that will have text, video, pictures and links, with many separate, multiple sections. In one case, Ms. Stewart noted that the extraction was labeled something like a 1B1 report. It was delivered via excruciatingly time exacting delivery on USAfx. The DOJ may create a "report" whose provenance should be agreed as verified by counsel who possess and can examine the complete, unadulterated extraction (the true extraction). What the DOJ presents in a "report" may be a converted visual format; may be a scoped or un-scoped graphic format; and may be presented without full content and context, perhaps not actually matching the extraction. For example, was

3

the product selectively organized by text exchange parties for DOJ presentation purposes rather than by chronological date times as texts were sent and received? In the case of the document Ms. Stewart received, the messages are not by chronological date/time and are instead organized by the recipient (not Mr. Meggs).

What the undersigned received from a former case attorney who left the case well before trial came with no provenance and was requested foremost for the criminal appeal at a time when she required something to counter charges by the government of deletions on the phone. The criminal case discovery letters as of April 9, 2021, (1:21-cr-00028-APM Document 148) did not indicate Cellebrite for Mr. Meggs had been completed as far as what can be seen from what was posted on the record. The document Ms. Stewart received shows that it was created on 4/6/21 by examiner "JK Kart." No other metadata is available to confirm anything about the document, or whether it was edited. It is dubious in that it lists dates that are not representative of the contents:

Start Time: 11/14/2020 12:12:22 AM(UTC+0)

Last Activity: 11/14/2020 3:46:11 PM(UTC+0)

The Court previously stated there may be relevance in Signal chats. There do not appear to be any Signal chats in the questionable report that contains Mr. Meggs' emails in text chat to friends and family. Plaintiffs have provided no specificity as to relevance of anything they seek. They are fishing. Given that there are third parties whose PII is involved, if the Court believes this questionable document must be provided before the government responds, then Defendant Meggs requests that there be a special Protective Order issued where the document must be treated as highly sensitive, the Plaintiffs themselves may not be given a copy or allowed to

4

download it, and they may only view it under attorney supervision, and any violation especially where release outside of trial occurs will result in sanctions.

### C.      Discovery with Defendant Rehl

Counsel for Defendant Rehl has advised that Mr. Rehl's criminal defense counsel intends to provide the Cellebrite report to Mr. Rehl on May 13, 2026.

### D.      Discovery with Defendants Pezzola and Rhodes

Counsel for Defendants Pezzola and Rhodes has advised that no phone was seized from Mr. Pezzola and, accordingly, that no Cellebrite reports exist for him. With respect to Mr. Rhodes, counsel has made requests to Mr. Rhodes's criminal defense counsel for Cellebrite reports, including by email and voicemail. Plaintiffs understand that no response has been received to date.  Plaintiffs also submit that, depending on the circumstances, unanswered emails and voicemails may not constitute reasonable efforts to obtain discovery materials that Defendant Rhodes and his civil counsel are obligated to produce. Plaintiffs propose that meaningful efforts to obtain the reports include more than leaving unanswered messages with the defendants' criminal defense counsel. Defendants should take reasonable steps to communicate with criminal defense counsel so that the criminal defense counsel can either provide the materials or explain why they cannot be produced.[2]

*From Defendants Pezzola and Rhodes:*

On behalf of Rhodes and Pezzola, we object to the language,  "Meaningful efforts to obtain the reports may require actual communication with criminal defense counsel so that counsel can either pro-vide the materials or explain why they cannot be produced. Such efforts may

---

[2] Plaintiffs' Counsel has modified this language regarding "meaningful efforts" from that referred to by counsel for Defendants Pezzola and Rhodes below.

require additional steps, including, if necessary, an in-person visit to criminal defense counsel's office." We understand that Rhodes' criminal defense team reside in Texas and Louisiana. We live in Montana and winter in Arizona. An in-person visit to Texas would be overly burdensome, costing hundreds of dollars. All we can realistically do is what we have done. We have called and emailed them, with no response.

### E.        Discovery with Defendant Kinnison

Although Defendant Kinnison is not presently subject to the Court's Cellebrite Discovery Order, he is similarly situated to other defendants with respect to Cellebrite reports. Plaintiffs have requested that Mr. Kinnison contact his criminal defense counsel to obtain any Cellebrite reports produced in discovery during his criminal trial. To date, Mr. Kinnison has not responded to that request. Plaintiffs will continue their attempts to secure Defendant Kinnison's participation in discovery and will report on their progress at the next status conference.

Dated: May 11, 2026

/s/    Jeffrey Blumberg
Edward G. Caspar, D.C. Bar No. 1644168
Marc P. Epstein, D.C. Bar No. 90003967
Jeffrey Blumberg, D.C. Bar No. 432928
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street N.W. Suite 900
Washington, DC 20005
Tel: 202-662-8390
ecaspar@lawyerscommittee.org
mepstein@lawyerscommittee.org
jblumberg@lawyerscommittee.org

/s/    Joshua S. Margolin
Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Babak Ghafarzade, *pro hac vice*
Sarah W. Chase, *pro hac vice*
SELENDY GAY PLLC
1290 Avenue of the Americas

Respectfully submitted,

/s/    John Daniel Hull
John Daniel Hull, IV, DC Bar No. 323006
HULL MCGUIRE PC
1420 N Street, NW
Washington, DC 20005
Tel: 202-439-6520
jdhull@hullmcguire.com

Ronald Coleman,
COLEMAN LAW FIRM
50 Park Place, Suite 1105
Newark, NJ 07102
Tel: 973-264-9611
rcoleman@colemanlaw-pc.com

*Attorneys for Defendant Enrique Tarrio*

/s/    Carolyn A. Stewart
Carolyn A. Stewart, D.D.C. Bar No. FL-0098
Defense Attorney
Stewart Country Law PA

New York, NY  10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
bghafarzade@selendygay.com
schase@selendygay.com


 /s/     William J. Blechman
William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
SPERLING KENNY NACHWALTER
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Tel: 305-373-1000
wblechman@sperlingkenny.com
ebh@sperlingkenny.com

*Attorneys for Plaintiffs Conrad Smith, et al.*

1204 Swilley Rd.
Plant City, FL 33567
Tel: 813-659-5178
Carolstewart_esq@protonmail.com

*Attorney for Defendant Kelly Meggs*

Patrick Trainor, Esq., *pro hac vice*
LAW OFFICE OF PATRICK TRAINOR
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
Tel: 201-777-3327
Fax: 201-896-7815
pt@ptesq.com

*Attorney for Defendant Zachary Rehl*


Roger I. Roots

*Attorney for Defendants Stewart Rhodes and Dominic J. Pezzola*


Derek Kinnison
*Pro Se*

## CERTIFICATE OF SERVICE

I certify that on May 11, 2026, I served a copy of the foregoing filing on all parties of record by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice to all attorneys of record. Plaintiffs are serving the remaining Defendants via first class mail or other permitted means.

Dated: May 11, 2026                    By:           _/s/   Jeffrey Blumberg_____
                                                              Jeffrey Blumberg

8