**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| CONRAD SMITH, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendants*. | Case No. 21-cv-02265 (APM) |

**JOINT STATUS REPORT ON THE RETRIEVAL AND PRODUCTION OF
CELLEBRITE REPORTS**

Pursuant to the May 21, 2026, status conference, the undersigned parties have

conferred and jointly prepared the following Joint Status Report.[1]

**I.     Status of the Meet and Confers regarding the production of Cellebrite reports and a
supplemental Protective Order to cover the disclosures.**

The discussion below updates the Court regarding the status of the meet and confers be-

tween Plaintiffs' counsel and Defendants Meggs' and Rehl's respective counsels regarding the

production of Cellebrite reports and a potential Protective Order that will apply to these disclo-

sures.

**A.     Discovery with Defendant Meggs**

*From Plaintiffs*:

On May 27, 2026, Plaintiffs' counsel met with counsel for Defendant Meggs, who again

indicated she is in possession of a 700-page phone extraction report referenced at the May 21,

---

[1] Plaintiffs' counsel sent a draft of this report via email to counsel for Defendants Zachary Rehl
and Kelly Meggs. Plaintiffs will serve the filed version of the Status Report on these and other
Defendants per the Certificate of Service.

2026 status conference.[2]  Plaintiffs' counsel request that Mr. Meggs produce this report (without redactions) subject to the protective order proposed below. Redacting the report will unnecessarily delay the production, and the protective order will sufficiently cover any privacy concerns.  Therefore, Plaintiffs' counsel respectfully request the Court to order Mr. Meggs to produce the unredacted 700-page extraction report.

Counsel for Mr. Meggs and Plaintiffs' counsel agree that an appropriate supplemental protective order governing this production could consist of the following terms: (1)  all produced materials will be designated Attorneys' Eyes Only (AEO) in accordance with the existing Protective Order in this matter, ECF No. 294; and (2) Plaintiffs' counsel will return all materials to Defendant's counsel following review and delete any copies, except for materials Plaintiffs' counsel determines are responsive to discovery requests.  Plaintiffs' counsel will coordinate with Defendants' counsel on a draft supplemental protective order for the Court's consideration.  Plaintiffs' counsel also propose limiting their request for this 700-page phone extraction and Cellebrite reports of Mr. Meggs's devices or accounts to a relevant time period of September 29, 2020 (date of Trump statement, ("stand back and stand by")) through January 20, 2021 (Inauguration Day).

*From Defendant Meggs*:

Counsel explained yet again to Plaintiffs that the provenance of the 700-page document is unsubstantiated and may be  a manipulation (imprecise). Further, it remains unclear as to whether the document is a phone extraction or from the "cloud" – which may have included cloud access from a family member whose devices were also seized. Counsel explained to Plaintiff that she is

---

[2] Counsel indicated that one former criminal defense counsel (Juli Haller) continues to search for the complete Cellebrite report, and counsel for Mr. Meggs also intends to file a motion with the government seeking the complete report.

awaiting a government recontact to determine whether the government will provide the "official" Cellebrite report. None of the trial defense counsel have located that.

The Plaintiffs failed to note that they expect no limitation on timeframe, and care nothing for invading Mr. Meggs' privacy. Their anticipated voyeurism has not excuse.

The provision of the document with redactions causes no delay. Plaintiffs did not submit a Touhy request for over 3 years of this suit and now insist there is some sort of urgency – after having been advised that there is nothing of relevance that was not already in the trial exhibits they have access to – whether they ever took the time to obtain those. Redaction of times outdie the dates – where Mr. Meggs proposed dates from December 12, 2020 to January 20, 202. The Oath-Keepers never discussed going to D.C. for January 6th before December 12, 2020.

Further, Plaintiffs have proven untrustworthy in the past with following this Court's protective order (i.e. publishing multiple defendants' discovery on the public docket). They have not demonstrated that they would protect the third party PII contained in the document. There is no prejudice to Plaintiffs in awaiting government provision of the "official" Cellebrite. Nor is there prejudice in a week delay for redactions and addition of watermarks to the entire document.

**B.    Discovery with Defendant Rehl**

*From Plaintiffs*:

On May 26, 2026, Plaintiffs' counsel met with counsel for Defendant Rehl. Counsel for Mr. Rehl has repeatedly asserted that the requested Cellebrite reports are identical to the materials Plaintiffs produced in discovery from Mr. Rehl's criminal trial. Plaintiffs' counsel renewed their request that Mr. Rehl produce the requested documents so that Plaintiffs' counsel could assess whether Mr. Trainor possessed the complete Cellebrite extraction report or, alternatively, only portions of the Cellebrite data that were compiled into criminal trial exhibits. Counsel for Mr. Rehl

3

declined this request for the report, asserting there is "no distinction" between the produced trial exhibits and the Cellebrite reports. Accordingly, Plaintiffs' counsel remain unable to determine whether Mr. Rehl's counsel in fact possesses the complete Cellebrite report. In addition, when Plaintiffs' counsel requested Mr. Rehl's counsel to ask the criminal defense attorney whether she possesses Cellebrite reports beyond the criminal trial exhibits, he declined that request as well.

Plaintiffs respectfully request that the Court order Defendant Rehl to produce, without redactions, all Cellebrite report materials, subject to the proposed protective order. If as counsel represents there is no distinction between what he possesses and the trial exhibits, then there should be no need for redactions. And if they are in fact different, then Plaintiffs' counsel needs an opportunity to review the complete, unredacted materials subject to the proposed protective order. Plaintiffs further request that the Court order Mr. Rehl's counsel to inquire of criminal defense counsel whether she possesses a full or partial Cellebrite extraction report, or only the criminal trial exhibits derived from the report

Regarding a potential protective order, should the Court order production of the Cellebrite reports, Mr. Rehl's counsel indicated he is amenable to one consistent with the parameters proposed by the Court at the status conference as discussed above. As noted above, Plaintiffs' counsel will draft a proposed supplemental protective order in coordination with defense counsel and submit it for the Court's consideration. Plaintiffs' counsel also proposes a relevant time period of September 29, 2020 through January 20, 2021 for Mr. Rehl's Cellebrite production.

*From Defendant Rehl*: Plaintiff's are demanding an inappropriate invasion that exceeds any reasonable scope of discovery. Rather than explain the documents they demand as the Court encouraged, Plaintiff ignored the Court's encouragement and simply demands full access without

4

regard for spousal, attorney-client, and work product privileges based on a promise they will ignore

same.  Plaintiffs make these demands while withholding discovery.


Dated:  May 28, 2026

 /s/     Jeffrey Blumberg
Edward G. Caspar, D.C. Bar No. 1644168
Marc P. Epstein, D.C. Bar No. 90003967
Jeffrey Blumberg, D.C. Bar No. 432928
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street N.W. Suite 900
Washington, DC 20005
Tel: 202-662-8390
ecaspar@lawyerscommittee.org
mepstein@lawyerscommittee.org
jblumberg@lawyerscommittee.org

Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Babak Ghafarzade, *pro hac vice*
Sarah W. Chase, *pro hac vice*
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
bghafarzade@selendygay.com
schase@selendygay.com

William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
SPERLING KENNY NACHWALTER
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Tel: 305-373-1000
wblechman@sperlingkenny.com
ebh@sperlingkenny.com

*Attorneys for Plaintiffs Conrad Smith, et al.*

Respectfully submitted,

 /s/ Carolyn Stewart
Carolyn A. Stewart, D.D.C. Bar No. FL-0098
Defense Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Tel: 813-659-5178
Carolstewart_esq@protonmail.com

*Attorney for Defendant Kelly Meggs*

 /s/  Patrick Trainor
Patrick Trainor, Esq., *pro hac vice*
LAW OFFICE OF PATRICK TRAINOR
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
Tel: 201-777-3327
Fax: 201-896-7815
pt@ptesq.com

*Attorney for Defendant Zachary Rehl*

5

## CERTIFICATE OF SERVICE

I certify that on May 28, 2026, I served a copy of the foregoing filing on all parties of record by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice to all attorneys of record. Plaintiffs are serving the remaining Defendants via first class mail or other permitted means.

Dated: May 28, 2026                    By:           _/s/   Jeffrey Blumberg_____
                                                                    Jeffrey Blumberg

6