UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CONRAD SMITH, *et al.*,<br><br>     Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>     Defendants. | Civil Action No. 1:21-cv-02265-APM |

**PLAINTIFFS' MOTION FOR ISSUANCE OF A LETTER OF
REQUEST UNDER THE HAGUE CONVENTION ON THE TAKING
OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

Based on this Court's express permission to file this motion, *see* Apr. 1, 2026 Hr'g Tr. at 4:24-5:10, and pursuant to the Hague Evidence Convention and 28 U.S.C. § 1781, Plaintiffs respectfully request the issuance of a Letter of Request for International Judicial Assistance ("Letter of Request")[1], Exhibit 1, directed to the competent judicial authorities of the Swiss Confederation for the production of documents in the custody or control of Proton Mail, a company that is headquartered in Switzerland. The documents relate to non-party Roger Stone, who has identified Proton Mail as among the email and electronic communications accounts that he maintained from April 1, 2020 through January 31, 2021.

The Court is aware of the lengthy history of Plaintiffs' efforts to obtain written discovery from Mr. Stone, whom Plaintiffs served with a subpoena.

---

[1] The Swiss authorities require two original copies of the Letter of Request bearing the Court's original signature.

United States and Switzerland are parties to the Hague Evidence Convention. 28 U.S.C. § 1781. Because the documents requested in the Letter of Request are located in Switzerland and Proton Mail is outside this Court's ordinary domestic subpoena power, a Letter of Request is the appropriate procedural mechanism. *See, e.g.*, *McCarthy v. Johnson*, 640 F. Supp. 3d 69, 77 (D.D.C. 2022); Restatement (Third) of Foreign Relations Law of the United States § 474(2).

## I.    Background

Plaintiffs issued a subpoena to non-party Roger Stone seeking documents reflecting (and we paraphrase) his communications with other people who have information relevant to this case concerning the events leading up to and concerning the attack on the U.S. Capitol on January 6, 2021 and documents or information sufficient to identify his email and social media accounts during the period of April 1, 2020 through January 31, 2021. Among the accounts that Mr. Stone identified in response to the subpoena is an account hosted by Proton Mail and associated with his email address. The records sought from Proton Mail are relevant and necessary to the prosecution of this civil case because they will confirm Mr. Stone's ownership of the account, and reflect when and with whom he communicated regarding events related to the January 6, 2021 attack on the U.S. Capitol, including his communications with one or more defendants and co-conspirators in this case.

## II.    Plaintiffs' Proposed Letter of Request

The proposed Letter of Request, attached to this Motion as Exhibit 1, is narrowly tailored to seek: (1) account registration and subscriber information; (2) email metadata (to/from, dates, times, message identifiers); and (3) other non-content records maintained by Proton Mail in the ordinary course of business that are responsive to Plaintiffs' subpoena. The Letter of Request does not seek the contents of end-to-end encrypted communications or any decryption of such contents.

The detailed categories of documents requested from Proton Mail are set forth in Exhibit A to the proposed Letter of Request.

### III.    This Court Already Approved Plaintiffs Seeking This Letter of Request

At a hearing on April 1, 2026, this Court approved Plaintiffs seeking the Letter of Request. *See* Hr'g Tr. at 4:24-5:10.

> **MR. CASPAR**: Your Honor, this is Ed Caspar for the Smith Plaintiffs. There's just one matter that maybe I would not categorize as a dispute. We would like Your Honor's permission to move for a letter rogatory to the Swiss authorities. So I could speak for, like, ten seconds to that, but that's the only other thing.
>
> **THE COURT**: Yeah, no, I've read that. And if that's a request you want to make, by all means, go ahead and submit that and we'll get that taken care of.
>
> **MR. CASPAR**: Thank you, Your Honor.

In granting this permission, the Court had already been briefed by Plaintiffs on the relevance and need for the records to be sought in the Letter of Request. This includes a pre-motion conference with counsel for Plaintiffs and Mr. Stone to discuss Mr. Stone's objections to Plaintiffs' subpoena for documents. (Mr. Stone had consented to this Court addressing and ruling on objections and motions with respect to the subpoena.) The Court urged Mr. Stone to confer further with Plaintiffs concerning his objections, and the subsequent meet and confer yielded an agreement by Mr. Stone to produce documents responsive to six categories of requests. Mr. Stone's subsequent response identified, among other information, a Proton Mail account associated with his specifically identified email address. Proton Mail is in Switzerland, and thus to obtain the relevant documents from Mr. Stone's email address associated with his Proton Mail account, Plaintiffs must serve Proton Mail through the Hague Convention. Hence, Plaintiffs' Letter of Request.

Because Proton Mail is a Swiss entity headquartered in Switzerland and is not subject to this Court's subpoena power, the requested information cannot be obtained through ordinary domestic subpoena procedures.  A Letter of Request under the Hague Evidence Convention is therefore necessary and appropriate to obtain the requested records.

The Request is further limited in scope to avoid undue burden and to respect applicable privacy and data protection considerations. Plaintiffs do not seek the content of end-to-end encrypted communications or any decryption of such content but instead seek only non-content transactional data and metadata maintained by Proton Mail in the ordinary course of its business.

Accordingly, the requested discovery is both necessary and relevant to this case, and issuance of the proposed Letter of Request is warranted in the interests of justice.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court grant this Motion and issue the proposed Letter of Request under the Hague Evidence Convention to the Swiss Confederation.  *See* Exhibit 1.  Such relief is necessary for Plaintiffs to obtain relevant and material evidence that is otherwise unavailable.

Dated: May 29, 2026                                              Respectfully submitted,

William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
Jeffrey T. Foreman, *pro hac vice*
SPERLING KENNY NACHWALTER, LLC
1441 Brickell Avenue
Suite 1100
Miami, Florida  33131
Tel:  (305) 373-1000
Email:  wjb@sperlingkenny.com
            ebh@sperlingkenny.com
            jtf@sperlingkenny.com

4

Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Babak Ghafarzade, *pro hac vice*
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, N.Y.  10104
Tel:  (212) 390-9000
Email:  fgay@selendygay.com
         jmargolin@selendygay.com
         bghafarzade@selendygay.com

Edward G. Caspar, D.C. Bar No. 1644168
Marc P. Epstein, D.C. Bar No. 90003967
Jeffrey Blumberg, D.C. Bar No. 432928
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
 UNDER LAW
1500 K Street, N.W.
Suite 900
Washington, D.C.  20005
Tel:  (202) 662-8390
Email:  ecaspar@lawyerscommittee.org
         mepstein@lawyerscommittee.org
         jblumberg@lawyerscommittee.org

*Counsel for Plaintiffs*

695286.1

5