IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| |
|---|
| CONRAD SMITH *et al.*, <br><br>     *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP *et al.*, <br><br>     *Defendants*. |

Civil Action No. 21-cv-02265 (APM)

## JOINT CASE STATUS REPORT

Pursuant to the Court's June 18, 2026, Minute Order, the undersigned parties have conferred and jointly prepared the following Joint Status Report.[1]

The discussion below provides updates regarding (1) President Trump's emergency motion for a stay pending appeal and an immediate administrative stay, and (2) the status of discovery in the *Smith* action since May 18, 2026. The Joint Status Report filed on May 18, 2026 (the "May 18 Status Report," *Lee* ECF No. 238; *Smith* ECF No. 501) sets forth the status of discovery as of that date. The discussion below also updates the Court on the status of discovery regarding the Cellebrite reports since the filing of the Joint Status Report on May 28, 2026. *Smith* ECF No. 501.

### I.      Emergency Stay Motion

On June 18, 2026, the D.C. Circuit Court of Appeals ordered plaintiffs-appellees to file a response to the President's emergency motion for a stay pending appeal by June 26, 2026. Any

---

[1] Plaintiffs sent a draft of this report, via email, to Defendants Donald J. Trump, Donald J. Trump for President Inc., Make America Great Again PAC, Joseph Biggs, Derek Kinnison, Felipe Antonio Martinez, Kelly Meggs, Ethan Nordean, Dominic Pezzola, Zachary Rehl, Elmer "Stewart" Rhodes III, and Enrique Tarrio. Plaintiffs also sent a draft of this report to The United States of America, which has requested to substitute itself in the place of Defendant Donald J. Trump as to certain claims. Defendants Biggs, Kinnison, Martinez, Nordean, Pezzola, and Rhodes did not contribute to this report. Plaintiffs will serve the filed version of the Status Report on these and other Defendants per the Certificate of Service.

reply is due by July 6, 2026. *See Lee v. Trump, et al.*, Nos. 26-7123, 26-7049, 26-7052 (D.C. Cir. June 18, 2026).

## II.    Plaintiffs' Discovery Requests

### A.    Discovery with the Campaign Entity Defendants

As indicated in the May 18 Status Report, Defendants Donald J. Trump for President, Inc. and Make America Great Again PAC's (the "Campaign Entity Defendants") submitted documents subject to their October 27, 2025 Motion to Sustain Asserted Privileges for *in camera* review on November 18, 2025.

### B.    Discovery with Defendant Tarrio

From the *Smith* Plaintiffs: Counsel for Mr. Tarrio indicated that in May, 2026, he talked with criminal defense counsel by phone and sent several emails regarding the Cellebrite reports. He indicated that he has not received a response but will call again prior to the July 1 status conference.

From Defendant Tarrio: Two Miami law firms jointly represented Henry Tarrio in *USA v. Nordean, et. al.*, starting with Tarrio's arrest in March 2022. For the next ten months, these two lawyers fielded the DOJ's near-daily pretrial discovery production to Tarrio, and then represented Tarrio at the five-defendant criminal trial that ran from December 2022 until May 7, 2023. The two lawyers also represented Tarrio during the sentencing and appeal stages in 2023 and 2024, continuing until Tarrio's release on January 21, 2025.

Regarding the Cellebrite discovery production issue in this case, Tarrio's undersigned counsel reported the following to two of the Committee's lawyers representing the Plaintiffs. On May 19, 2026, Tarrio's counsel in this case telephoned one of Tarrio's *Nordean* defense counsel and asked for Cellebrite records. The following day, the two spoke again. Moreover, as promised, undersigned counsel also sent a follow-up letter that afternoon requesting the records from both

2

Miami criminal defense attorneys. The letter attached a complete copy of the Court's April 22, 2026 order on the Cellebrite matter, and asked the lawyers to respond within a couple of weeks, if possible. However, as of mid-last week (June 24), the undersigned had not received any written or telephoned response from either lawyer. Nothing. Nada. Accordingly, on June 26, counsel telephoned the first *Nordean* lawyer mentioned above and left him a voicemail asking him to call back. As of today's date, there has been no response.

### C.     Defendant Rehl

From the *Smith* Plaintiffs: On May 6, 2026, Defendant Rehl filed a motion for leave to file a Second Amended Answer, asserting counterclaims against the Lawyers' Committee for Civil Rights Under Law. *Smith* ECF No. 495. The *Smith* Plaintiffs have opposed this motion. *Smith* ECF No. 500.

### D.     Discovery with Defendant Rehl

From the *Smith* Plaintiffs: Regarding the Cellebrite reports, counsel for Defendant Rehl has advised that his office obtained the Cellebrite reports produced during Mr. Rehl's criminal trial from his criminal defense attorney. Other than a dispute regarding the date range, *Smith* Plaintiffs and Mr. Rehl's counsel have agreed upon the parameters of a Protective Order to cover this production. Plaintiffs are requesting a date range of September 29, 2020, through January 20, 2021, as previously noted in the May 28, 2026 Joint Cellebrite Status Report. *Smith* ECF No. 501 at 2, 4. Plaintiffs request this date range because it was on September 29, 2020, that the leader of the Proud Boys announced their commitment to "stand by" for President Trump's direction, Dkt. 89, Complaint, ¶ 59, and January 20, 2021, was the date on which President Trump left office and the Defendants could no longer effectuate the goals of the alleged conspiracies. Defendant Rehl is requesting a date range of November 1, 2020, to January 6, 2021 and the parties have reached impasse on this issue. Plaintiffs respectfully request that the Court order Defendant Rehl and his

counsel to produce the referenced Cellebrite report with a date range of September 29, 2020 through January 20, 2021, subject to an agreed upon Protective Order.

From Defendant Rehl: This Court has repeatedly affirmed, including during the discovery conference on June 18, 2026, that the relevant period for Rehl's Cellebrite reports is November 1, 2020, through January 6, 2021 ("relevant period"). On June 22, 2026, consistent with this Court's instructions, Rehl's counsel expended great sums of time and effort to generate Rehl's Cellebrite reports for the relevant period.

On June 24, 2026, Plaintiff's counsel circulated a draft of a proposed protective order that did not include the relevant period for Rehl's Cellebrite reports.  Counsel for Rehl added a statement to the draft proposed protective order that affirmed the relevant period for Rehl's Cellebrite reports was November 1, 2020, through January 6, 2021. In response to that statement, Plaintiffs' counsel attempted to extend the relevant period from September 29, 2020, to January 20, 2021. Counsel for Rehl responded and informed Plaintiffs' counsel that he had already generated Rehl's Cellebrite reports as ordered by this Court, and but for counsel for Plaintiffs attempt to move the goal posts to expand the relevant period, Rehl's Cellebrite reports would have been turned over to Plaintiffs' counsel on June 24, 2026, with the protective order. Plaintiffs counsel's attempts to override relevant period that this Court established is inappropriate and uncommon, however, because Rehl is a White Working-Class Christian, who in the eyes of the Federal judiciary is a class of unprotected persons, Plaintiffs' counsel expects this Court to approve its untoward efforts and foist an excessive burden upon Rehl's counsel, who has already generated Rehl's Cellebrite reports for the relevant period as this Court instructed. Rehl's counsel objects.

### E.    Discovery with Defendant Meggs

From the *Smith* Plaintiffs: Counsel for the *Smith* Plaintiffs have shared a draft Protective Order with Defendant Meggs to facilitate the production of Cellebrite and phone-extraction reports

in Counsel's possession. Counsel for Defendant Meggs has proposed a date range of November 3, 2020, to January 20, 2021. Plaintiffs respectfully request that the Court order Defendant Meggs and his counsel to produce the referenced 700-page phone extraction report currently in counsel's possession in addition to any Cellebrite reports obtained from criminal defense counsel, with a date range of September 29, 2020, through January 20, 2021, subject to an agreed upon Protective Order. Although Defendant Meggs was not a member of the Proud Boys, Plaintiffs suggest the same date range as with Defendant Rehl for the sake of simplicity and to avoid confusion.

From Defendant Meggs: At the recent status conference Judge Mehta said the date range should be November 3, 2020, to January 20, 2021. Plaintiffs unreasonably insist on overriding the Judge.  Ms. Stewart will review the remainder of the Plaintiffs' proposed Protective Order that was provided on June 24, 2026, over the weekend of June 27-28 given her other pressing scheduled work through June 26th when the draft report was received. There is no need for any Court order at this time since the document will be provided once an agreed upon protective order is in place.

### F.     Discovery with Defendant Kinnison

Plaintiffs are still assessing the discovery responses provided by Defendant Kinnison but have identified at least one issue regarding Cellebrite reports. *See Smith* ECF No. 496 at 6. Although Defendant Kinnison is not presently subject to the Court's Cellebrite Discovery Order, he is similarly situated to other defendants with respect to Cellebrite reports. Plaintiffs have requested that Mr. Kinnison contact his criminal defense counsel to obtain any Cellebrite reports produced

in discovery during his criminal trial. Plaintiffs have also issued a Request for Production for the Cellebrite reports.

### III. Defendants Nordean and Biggs's Motion to Set Aside (or, Alternatively, Alter or Amend) the Default Judgment

On February 14, 2026, the Court granted Plaintiffs default judgment against Defendants Nordean and Biggs. *Smith* ECF No. 474. Defendants Nordean and Biggs subsequently filed a "Motion to Set Aside (or, Alternatively, Alter or Amend) the Default Judgment" against them. *Smith* ECF No. 479. Plaintiffs filed their opposition on April 13, 2026. *Smith* ECF No. 488.

### IV. Third-Party Discovery

#### A. Enforcement Actions

The *Smith* Plaintiffs have commenced proceedings to compel productions from Rudolph Giuliani, Caroline Wren, and Kylie and Amy Kremer (together, the "Kremers"). *See Smith, et al. v. Giuliani*, 1:24-mc-00351 (S.D.N.Y.); *Smith, et al. v. Wren*, 9:24-mc-81074 (S.D. Fla.); *Smith et al. v. Kremer et. al*, 1:21-cv-02265 (N.D. Ga.).

In the *Giuliani* matter, the *Smith* Plaintiffs sought relief from the U.S. District Court for the Southern District of New York after reaching impasse with Mr. Giuliani concerning the court order granting Plaintiffs' motion to compel. *Giuliani* ECF No. 36. The parties participated in a conference before the court on April 14, 2026, and are continuing to confer with counsel for Mr. Giuliani concerning compliance with the subpoena. Counsel for Mr. Giuliani has indicated that he has obtained access to the documents in question. The *Smith* Plaintiffs will update the Court as to any developments.

In the Wren matter, after the Smith Plaintiffs' last Status Report, the Smith Plaintiffs deposed Ms. Wren on March 30, 2026, for two hours concerning her search and production of documents in response to the Smith Plaintiffs' non-party subpoena duces tecum. Counsel for the Smith

Plaintiffs is still working with Ms. Wren's counsel regarding potential additional searches and production in response to the subpoena.

In the *Kremer* matter, since the *Smtih* Plaintiffs' last status report, the Kremers have still failed to respond to Plaintiffs' motion seeking to compel Amy and Kylie Kremer to produce unredacted versions of certain documents and provide a privilege log justifying any privilege assertions over information that remains redacted. *Kremer* ECF No. 1. As indicated in the May 18 Status Report, the *Smith* Plaintiffs submitted a request for a status conference concerning the pending motion to compel on May 4, 2026. *Kremer* ECF No. 8. To date, no status conference has been scheduled. The *Smith* Plaintiffs will update the Court as to any developments.

The *Smith* Plaintiffs previously served non-party Roger Stone with subpoenas for documents and a deposition. Following a pre-motion conference concerning an anticipated motion to compel by Plaintiffs, Mr. Stone agreed to produce documents and information responsive to six categories in the document subpoena. Since then, Mr. Stone has provided information but no documents. The information that he produced has enabled Plaintiffs to subpoena non-party telephone and social media companies for records concerning Mr. Stone's accounts. In one instance, at the Plaintiffs' request, the Court issued a Letter of Request to Swiss authorities for production of designated records from Mr. Stone's account at Proton Mail. The effort to obtain documents from all of these non-parties is underway and is time consuming. On a parallel path, Mr. Stone agreed months ago to search "the cloud" where his records would be stored for documents responsive to any of the agreed upon 6 categories in the subpoena. This process has taken uncomfortably long for Plaintiffs, and Plaintiffs continue to try to work with Mr. Stone to conclude this aspect of his compliance with the subpoena rather than file another motion to compel. As of this writing, Mr. Stone still has not produced a single document. As noted, Plaintiffs previously served Mr. Stone

with a deposition subpoena as well, and Plaintiffs are evaluating when to take his deposition while reserving all rights. The *Smith* Plaintiffs will update the Court as to any developments.

## B.    National Archives and Records Administration

Since the January 13, 2026, status conference between the *Smith* Plaintiffs and counsel for the National Archives and Records Administration ("NARA"), NARA has produced three privilege logs it said it intended to produce by April 13, 2026. *See* February 9 Status Report. On March 18, 2026, NARA produced a privilege log containing privilege assertions for 324 documents reflecting external White House communications, and on April 13, 2026, NARA produced a privilege log containing 121 documents reflecting communications between the White House and other executive agencies. On May 20, 2026, NARA produced its third privilege log containing privilege assertions for 1,838 documents reflecting internal White House communications. Also on May 20, 2026, NARA advised that it was continuing to review a set of documents between internal Whtie House components. NARA advised that it anticipated completing review of those materials within 30 days. Plaintiffs are reviewing the privilege logs, assessing potential challenges, and will update the Court as to any developments.

Dated:  June 29, 2026                                Respectfully submitted,

 /s/ *Joshua S. Margolin*                            /s/    *Jason C. Greaves*
Faith E. Gay, *pro hac vice*                         Jesse R. Binnall, VA022
Joshua S. Margolin, *pro hac vice*                   Jason C. Greaves, DC Bar No. 1033617
Sarah W. Chase, *pro hac vice*                       Gerald A. Urbanek, Jr. VA191

SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
schase@selendygay.com

 /s/    Edward G. Caspar
Edward G. Caspar, D.C. Bar No. 1644168
Marc P. Epstein, D.C. Bar No. 90003967
Jeffrey Blumberg, D.C. Bar No. 432928
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street N.W. Suite 900
Washington, DC 20005
Tel: 202-662-8390
ecaspar@lawyerscommittee.org
mepstein@lawyerscommittee.org
jblumberg@lawyerscommittee.org

 /s/   William J. Blechman
William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
Jeffrey T. Foreman, *pro hac vice*
SPERLING KENNY NACHWALTER
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Tel: 305-373-1000
wblechman@sperlingkenny.com
ebh@sperlingkenny.com
jtf@sperlingkenny.com

*Attorneys for Plaintiffs Conrad Smith, et al.*

Jared J. Roberts, FL00153
BINNALL LAW GROUP
717 King Street Suite 200
Alexandria, VA 22314
Tel: 703-888-1943
jesse@binnall.com
jason@binnall.com
gerald@binnall.com
jared@binnall.com

*Attorneys for Defendants Donald J. Trump, Donald J. Trump for President, Inc., and Make America Great Again PAC*

 /s/    Carolyn A. Stewart
Carolyn A. Stewart, D.D.C. Bar No. FL-0098
Defense Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Tel: 813-659-5178
Carolstewart_esq@protonmail.com

*Attorney for Defendant Kelly Meggs*

 /s/    Patrick Trainor
Patrick Trainor, Esq., *pro hac vice*
LAW OFFICE OF PATRICK TRAINOR
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
Tel: 201-777-3327
Fax: 201-896-7815
pt@ptesq.com

*Attorney for Defendant Zachary Rehl*

 /s/    John Daniel Hull, IV
John Daniel Hull, IV, DC Bar No. 323006
HULL MCGUIRE PC
1420 N Street, NW
Washington, DC 20005
Tel: 202-439-6520
jdhull@hullmcguire.com

Ronald Coleman
COLEMAN LAW FIRM
50 Park Place, Suite 1105
Newark, NJ 07102
Tel: 973-264-9611
rcoleman@colemanlaw-pc.com

*Attorneys for Defendant Enrique Tarrio*

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

PAUL E. WERNER
Assistant Director
Torts Branch, Civil Division

REGINALD M. SKINNER
Senior Trial Counsel

/s/ *Jonathan R. Myers*
JONATHAN R. MYERS
DC Bar No. 1601183
JOHN B. F. MARTIN
NY Bar No. 4682928
CONNOR HACKERT
DC Bar No. 1601183
Trial Attorneys
U.S. Department of Justice
Civil Division, Torts Branch
175 N Street NE
Washington, DC 20002
Tel: 202-305-8049
Fax: 202-616-4314
jonathan.r.myers@usdoj.gov

*Attorneys for United States of America*

10

## CERTIFICATE OF SERVICE

I certify that on June 29, 2026, I served a copy of the foregoing filing on all parties of record by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice to all attorneys of record. Plaintiffs are serving the remaining Defendants via first class mail or other permitted means.

Dated:  June 29, 2026                          By:                */s/   Joshua S. Margolin*
                                                                                Joshua S. Margolin